UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: OHIO EXECUTION
PROTOCOL LITIGATION

Case No. 2:11-cv-1016
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

This document relates to:
**Abdul Awkal and John Eley.**

## OPINION AND ORDER

This Court has dealt with inmate challenges to the constitutionality of Ohio's execution protocol for close to eight years.[1]  During that time, the litigation has morphed from focusing primarily on allegations of cruel and unusual punishment to allegations of equal protection violations.  These latter allegations arose from Ohio's pattern of failing to follow through on its own execution protocol.  The problem has not been with the latest version of the protocol, as this Court has repeatedly recognized that the protocol is constitutional as written and that executions are lawful.  The problem has been Ohio's repeated inability to do what it says it will do.

In April 2012, Ohio executed Mark Wiles.  This Court had cautiously permitted that execution to proceed after conducting an over week-long hearing and concluding that Ohio had apparently at last set in place practices that would enable the State to carry out an execution in a constitutional manner.  The Court had also concluded that the state actors involved demonstrated a commitment to actually doing what they said they were going to do.  There is no evidence before this Court that Ohio failed to meet all of its constitutional obligations in regard to the

---

[1] The original execution protocol case dates back to 2004.  Over the years, various inmates filed additional cases.  By agreement of the parties, the Court ultimately consolidated all the execution protocol cases under case number 2:11-cv-1016 and closed the four original cases on the docket so that the parties would be able to proceed under only one case number.  *See* ECF No. 11.

Wiles execution.

Plaintiffs Abdul Awkal and John Eley are the next inmates set to be executed in Ohio. Given this Court's prior decisions and absent evidence that the Wiles execution did not proceed within constitutional guidelines, Awkal and Eley cannot avoid their executions under the same equal protections theories that have delayed executions previously in this litigation. Instead, Awkal and Eley now invoke other theories as to why this Court should stay their executions. In so doing, Awkal and Eley demonstrate a fundamental misunderstanding of this case and the process of litigation. As a result, this Court denies their requests to stay their executions.

**I. Background**

This litigation is a 42 U.S.C. § 1983 civil rights action brought by multiple inmates who challenge various facets of the execution protocol used by the State of Ohio. Most recently, various plaintiffs have sought to obtain stays of their execution dates based on claims that Ohio's execution protocol and practices violate the Equal Protection Clause of the United States Constitution. *See, e.g., In re Ohio Execution Protocol Litig. (Wiles)*, No. 2:11-cv-1016, 2012 WL 1132607 (S.D. Ohio Apr. 4, 2012); *In re Ohio Execution Protocol Litig. (Lorraine)*, No. 2:11-cv-1016, 2012 WL 84548 (S.D. Ohio Jan. 11, 2012); *Cooey (Brooks) v. Kasich*, Nos. 2:04-cv-1156, 2:09-cv-242, 2:09-cv-823, & 2:10-cv-27, 2011 WL 5326141 (S.D. Ohio Nov. 4, 2011); *Cooey (Smith) v. Kasich*, Nos. 2:04-cv-1156, 2:09-cv-242, 2:09-cv-823, & 2:10-cv-27, 2011 WL 2681193 (S.D. Ohio July 8, 2011).

Against this backdrop, the captioned case is before the Court for consideration of the motion for a stay of execution, a temporary restraining order, and a preliminary injunction filed by Abdul Awkal and John Eley. (ECF No. 111.) Awkal seeks a stay of his scheduled June 6,

2012 execution, while Eley seeks a stay of his scheduled July 26, 2012 execution. They filed their motion on May 18, 2012. Pursuant to S. D. Ohio Civ. R. 65.1(a), the Court therefore held an informal preliminary conference with the parties on May 21, 2012, at which time this Court set a briefing schedule and a hearing date. (ECF No. 113.) The substance of the motion leads only to one conclusion, however, regardless of whatever merits arguments or testimony the parties present. Accordingly, the Court has elected to dispose of the motion in advance of the hearing date.

## II. Analysis

### A. Standard Involved

In considering whether injunctive relief staying the executions of Awkal and Eley is warranted, this Court must consider (1) whether either plaintiff has demonstrated a strong likelihood of success on the merits; (2) whether either plaintiff will suffer irreparable injury in the absence of equitable relief; (3) whether a stay would cause substantial harm to others; and (4) whether the public interest is best served by granting a stay. *Cooey v. Strickland*, 589 F.3d 210, 218 (6th Cir. 2009) (citing *Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007); *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). The Sixth Circuit has explained that " '[t]hese factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together.' " *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

### B. Likelihood of Success

If you cannot win the game, change the rules. That saying appears to summarize the

3

litigation strategy that Awkal and Eley pursue in their joint motion for injunctive relief. They purport to assert arguments falling under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, in order to prevail on their respective § 1983 claims, Awkal and Eley must show that, while acting under color of state law, Defendants deprived or will deprive them of a right secured by the Federal Constitution or laws of the United States. *See Alkire v. Irving*, 330 F.3d 802, 813 (6th Cir. 2003). The problem with meeting this standard is that Awkal and Eley are relying on claims that they have not asserted in this litigation.

Awkal and Eley make three core arguments in their motion. They argue that Ohio's protocol is constitutionally deficient because it fails to ensure that Ohio will not execute an incompetent or insane inmate. They then argue that the protocol fails to ensure that Ohio will not execute an inmate who is mentally retarded. And they argue that the protocol fails to ensure that Ohio will not execute an inmate who was under eighteen at the time he or she committed the underlying capital crime involved.

But this litigation is not about incompetence, mental retardation, or underage capital inmates. Rather, this case is about only what Awkal and Eley have told this Court it is about as detailed in the Omnibus Complaint that they filed. That pleading presents six claims, none of which present the arguments upon which Awkal and Eley now curiously rely.

In Claim One, Awkal and Eley assert a claim under the Eighth and Fourteenth Amendments. Their pleading targets a purported propensity on the part of Defendants to depart

4

from the protocol. It does not even mention incompetence, mental retardation, or underage capital inmates.

In Claim Two, Awkal and Eley then assert a claim under the Fourteenth Amendment for asserted Due Process violations. The language of this claim targets Ohio Revised Code § 2949.22(A) and Defendants' alleged inability to provide a quick and painless death to capital inmates. Their pleading again fails even to mention incompetence, mental retardation, or underage capital inmates.

In Claim Three, Awkal and Eley assert a claim under the First, Sixth, Eight, and Fourteenth Amendments. They target Defendants' claimed failure to provide inmates with meaningful access to counsel during the execution, which they argue in turn amounts to a denial of the right of access to the court system. Again, Awkal and Eley do not mention incompetence, mental retardation, or underage capital inmates.

In Claim Four, Awkal and Eley assert a claim under the Equal Protection Clause of the Fourteenth Amendment. Once again, the pleading targets deviations from the protocol. And once again, Awkal and Eley do not mention incompetence, mental retardation, or underage capital inmates.

In Claim Five, Awkal and Eley assert a claim under the Ninth Amendment. The pleading posits that Defendants' "haphazard and faulty administration" of the protocol and the execution drugs used will violate fundamental rights such as the "right to privacy, . . . right to personal dignity, . . . right to bodily integrity, and others inherent in the concepts of liberty and/or natural law." (ECF NO. 4 ¶¶ 1116, 1118, 1119.) This portion of the pleading also does not mention incompetence, mental retardation, or underage capital inmates.

5

In Claim Six, Awkal and Eley last assert violations of the First Amendment right to free speech. They target protocol restrictions on the content and length of an inmate's last words. Awkal and Eley again fail to mention incompetence, mental retardation, or underage capital inmates.

These are the only six claims before the Court. Nowhere in these claims is there even a hint of the incompetence, mental retardation, or underage capital inmate arguments upon which Awkal and Eley now purport to rely. Similarly, nowhere in the entire Omnibus Complaint is there such content. That pleading runs 161 pages, with over 1,131 numbered paragraphs, plus an additional twenty-four lettered paragraphs constituting a prayer for relief that does not even ask for relief involving incompetence, mental retardation, or underage capital inmates. Awkal and Eley have ignored that content in favor of attempting a backdoor virtual amendment of their case by way of an injunctive relief motion.

This inexplicable attempt to obtain stays based on the merits of claims that are not before this Court is impermissible. A party pursuing injunctive relief is confined to arguing the merits of his or her complaint. *See, e.g., Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (explaining that a plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint"); *Martin v. Keitel*, 205 F. App'x 925, 928-29 (3d Cir. 2006) (holding that injunctive relief motion was "legally deficient" because it targeted conduct that bore no relation to a plaintiff's underlying claim); *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005) (stating that "to obtain a permanent injunction, a party must show . . . that he has prevailed in establishing the violation of the right asserted in his complaint"); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997), *cert.*

*denied*, 523 U.S. 1138 (1998) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (rejecting injunctive relief motion that raised new assertions that were entirely different from the claim raised in the complaint because "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

District courts routinely apply this unremarkable proposition of law to deny conduct of the sort attempted here. *See, e.g., Peace and Freedom Party v. Bowen*, No. 2:12-cv-00853-GEB-EFB, 2012 WL 1455248, at *7 (E.D. Cal. Apr. 26, 2012) ("Since Plaintiffs' complaint does not include a procedural due process claim that Defendant acted pursuant to unconstitutionally vague authority, such an argument cannot support an award of injunctive relief. Therefore, the merits of this argument need not be addressed."); *Shannon v. Williams*, No. 11-3404 (JRT/FLN), 2012 WL 1657526, at *1 (D. Minn. Apr. 20, 2012) (denying injunctive relief motion based on assertions different from those in the complaint); *Carrea v. Iserman*, No. 1:08-CV-00762-BLW-LMB, 2011 WL 4527407, at *2-3 (E.D. Cal. Sept. 27, 2011) (rejecting claims unrelated to complaint as grounds for injunctive relief); *Guinther v. Banks*, No. 5:10CV00139 JMM/JTR, 2010 WL 5173691, at *2 (E.D. Ark. Dec. 1, 2010) (denying injunctive relief motion because "[t]he alleged constitutional violations Plaintiff has raised in his Motion for a Preliminary Injunction have no relationship, whatsoever, to the claim he has raised in this lawsuit"); *Cincoski v. Richard*, No. 1:09-cv-00038 SWW-JJV, 2010 WL 31726, at *3 (E.D. Ark. Jan. 4, 2010) ("As in *Devose*, Plaintiff's grounds for seeking a preliminary injunction have no nexus to the

underlying conduct giving rise to the claims asserted in his Complaint. Therefore, Plaintiff's requests for preliminary injunctive relief should be denied."); *Chamberlain v. Erskine*, No. 08-40 JMR/AJB, 2009 WL 2568657, at *2 (D. Minn. Aug. 18, 2009) ("There is a divergence in this case between the claims for relief as stated in the complaint, and the underlying double-bunking issue which is the subject of the injunction motion now being considered. In light of this divergence, as well as the number and scope of the claims that are expressly alleged in the complaint, the court cannot conclude that any success that the plaintiff may obtain on the merits would necessarily entitle him to the particular relief he now seeks by motion for preliminary injunction."); *Guillen v. Thompson*, No. CV 08-1279-PHX-MHM (LOA), 2009 WL 2513501, at *6-7 (D. Ariz. Aug. 14, 2009) (denying preliminary injunction based on claims not raised in the complaint); *Pamer v. California Dep't of Corr.*, No. C 04-3252 SI (pr), 2007 WL 2778913, 11 (N.D. Cal. Sept. 21, 2007) (explaining that "[i]njunctive relief is improper because the proposed TRO/preliminary injunction does not pertain to the issues as framed by the second amended complaint").

Litigation is not a game and a plaintiff cannot simply change the rules of litigation whenever he or she has pursued a failing argument. Neither Awkal and Eley can demonstrate a strong likelihood of success on the merits when the content of their arguments is based on claims that they simply have not asserted. They have therefore failed to satisfy the first prong of the requisite injunctive relief analysis.

### C. Irreparable Injury, Substantial Harm to Others, and the Public Interest

The Sixth Circuit has explained that in regard to the issue of whether injunctive relief should stay an execution date, "the absence of any meaningful chance of success on the merits

8

suffices to resolve this matter." *Workman*, 486 F.3d at 911. Because this Court has concluded that the first factor weighs against injunctive relief, the Court need not and does not discuss the remaining factors.

### III. Conclusion

This Court **DENIES** the motion for a stay of execution, a temporary restraining order, and a preliminary injunction filed by Abdul Awkal and John Eley. (ECF No. 111.) The Court therefore **VACATES** the May 31, 2012 hearing.

**IT IS SO ORDERED.**

                                                   /s/ Gregory L. Frost
                                                 GREGORY L. FROST
                                                 UNITED STATES DISTRICT JUDGE