UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: OHIO EXECUTION
PROTOCOL LITIGATION

Case No. 2:11-cv-1016
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

**This document relates to: All Plaintiffs.**

## ORDER

This matter is before the Court for consideration of the March 28, 2013 joint motion to modify the case schedule and the pleading. (ECF No. 250.) In this motion, the parties ask this Court to accept their agreement that those plaintiffs who are not part of the amended omnibus complaint be permitted to join that pleading, that the Court deny as moot the motions for judgment on the pleadings on these plaintiff's complaints, that this Court permit these plaintiffs to file individualized supplemental complaints, and that the Court extend the briefing schedule on all Rule 12 motions culminating in a June 14, 2013 non-oral hearing on all the motions.

Concerned with the various problems that the parties' unusual request presented, the Court held a telephone status conference on March 29, 2013, with Plaintiffs' liaison counsel and Defendants' lead counsel. The parties' responses to this Court's inquiries did little to alleviate the Court's five most fundamental concerns over the parties' requests.

First, if the Court were to accept the parties' proposed plan, it would be engaging in a legal fiction that the amended omnibus complaint contained requisite predicate facts that are necessary for the non-omnibus plaintiffs to proceed on their claims. For example, Plaintiff Kenneth Smith's seventh amended complaint pleads factual allegations that target his standing to be a part of this litigation (*e.g.*, that he is a prisoner sentenced to death and subject to Ohio's

execution protocol).  *See* ECF No. 12 ¶¶ 36-42.  The amended omnibus complaint's similar allegations for eighty-three other plaintiffs does not include these necessary factual allegations as to Smith, as well as the other non-omnibus plaintiffs.  *See* ECF No. 158 ¶¶ 22-416.  What this scenario means, as the parties conceded during the telephone conference, is that the parties' request would require the Court to import factual allegations from the non-omnibus complaints into the amended omnibus complaint.  This would be an unnecessary complication.

Second, the parties' proposed plan does little to accomplish its stated purposes of simplification and avoiding redundant motions practice.  In addition to the complication presented in the first point, mooting out the pending motions for judgment on the pleadings in favor of permitting the subsequent filing of one or more motions to dismiss based on the same grounds would constitute nothing more than engaging in the appearance of work without actually approaching the merits of any issue any sooner.  If anything, this could lead to a scenario in which Defendants would then have to file an answer to the non-omnibus plaintiffs' claims when Defendants have already answered those claims.  This course of action would be an unproductive exercise in redundancy.

Third, the parties' proposed plan would permit the non-omnibus plaintiffs to file individual supplemental complaints in April 2013, which constitutes an end run around a case schedule upon which the parties agreed.  Previously, this Court set a deadline of January 7, 2013 for the filing of individual supplemental complaints and presented the option for some plaintiffs to file a motion to obtain leave to engage in such filing.  (ECF No. 117, at PAGEID # 5819.)  The parties' proposed plan would enable non-omnibus plaintiffs who failed to pursue such filing to now obtain that which they abandoned.  This would be an unpalatable acceptance that the case

schedule in this litigation is meaningless.

Fourth, the parties' proposed plan seeks to implement a litigation course that the non-omnibus plaintiffs previously ignored.  In its May 24, 2013 Order, the Court set out the pleading options that the non-omnibus plaintiffs could pursue.  (ECF No. 117.)  That Order indicated that "[t]hose plaintiffs who have filed complaints to which answers have already been filed cannot join in an amended omnibus complaint unless Defendants agree to such an unusual pleadings procedure and the parties agree whether such plaintiffs would be subjecting themselves to motions to dismiss any specific claims that have already survived such motions previously in this litigation."  (ECF No. 117, at PAGEID # 5819-20.)  It is odd that it took the parties ten months to address this option, well after the option expired with the filing of the amended omnibus complaint and the supplemental complaints deadline.  This is an unpromising litigation strategy.

Fifth, the parties' proposed plan would only serve to prolong this litigation unnecessarily.  The Court is currently set to consider all pending motions beginning on May 10, 2013, the date the parties previously requested and the date this Court reluctantly accepted as part of the prior motion to modify the case schedule.  *See* ECF No. 249.  The parties' latest proposal would push back such consideration to June 14, 2013.  This is an unacceptable delay.

The requested May to June deadline adjustment may not seem like much of a delay until it is placed in the context of other similar extensions that have occurred in this litigation for years. The execution protocol litigation has existed in one permutation or another for nine years and looks well on its way to obtaining a dubious ten-year anniversary.  Rather than proceeding with all possible diligence to what would unquestionably present a clear conclusion–a trial–Defendants have continued to pursue a strategy of attempting again and again to dispose of

3

this litigation by resort to every other potentially case-dispositive mechanism available, such as motions for judgment on the pleadings, motions to dismiss, and motions for summary judgment. This Court expresses no opinion on that strategy and whether it comports with Defendants' regular expressions of wanting to bring this litigation to a prompt conclusion.  What this Court will express is that it disagrees with the parties' justification for the proposals set forth in the March 28, 2013 joint motion.  These proposals do not promote judicial efficiency and if accepted would only introduce unnecessary complications and additional delay into litigation that has already endured enough unnecessary delay and redundant pleading and motions practice.

There is no good cause for modification of the case schedule or the pleading here.  The Court therefore **DENIES** the March 28, 2013 joint motion.  (ECF No. 250.)

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE