# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**IN RE: OHIO EXECUTION**
**PROTOCOL LITIGATION**                    Case No. 2:11-cv-1016
                                           JUDGE GREGORY L. FROST
                                           Magistrate Judge Mark R. Abel

**This document relates to: All Parties.**

## ORDER

On August 8, 2013, this matter came on for a telephone status conference at the request of Defendants. During this conference, Defendants' counsel informed both this Court and Plaintiffs' liaison counsel, as well as other counsel for various plaintiffs, that the State of Ohio would likely adopt an amended execution protocol no later than October 4, 2014. Defendants indicated that this new protocol will therefore not apply to the September 25, 2013 scheduled execution of Harry D. Mitts, Jr., who is not a party to this litigation.[1] Defendants stated that the new protocol would apply to the November 14, 2013 scheduled execution of Ronald Phillips, who is a plaintiff in this litigation. The Court commends Defendants for their candor.

---

[1] Mitts was a named plaintiff in the original omnibus complaint. (ECF No. 4 ¶¶ 322-28.) The amended omnibus complaint, however, dropped Mitts as a named plaintiff in this litigation. (ECF No. 158.) Despite his lack of inclusion in the operative omnibus complaint, Defendants included him in their motion to dismiss the amended omnibus complaint. (ECF No. 194, at Page ID # 7200.) This apparent scrivener's error unfortunately matches the Court's electronic docket, which has failed to reflect that Mitts is longer a party to this action. The Clerk shall correct the docket and designate Mitts as no longer a party to this action as of the date of the filing of the amended omnibus complaint, January 7, 2013.

The Court notes that the Clerk has also incorrectly retained the designation of Stephen Gray as the lead attorney for Defendants on the docket, despite the May 8, 2013 Notice of Substitution of Lead and Trial Counsel and Termination of Counsel. (ECF No. 295.) The Clerk shall correct the docket to reflect the changes effectuated by the notice of substitution.

This information raises the issue of what is to be done, if anything, with the pending motions to dismiss and motions for judgment on the pleadings.  (ECF Nos. 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 225, 226, 227, 228, 229, 230, 233, 234, 235, 236, 237, 239, 240, 241, 243, 244, 246.)  All of these motions target complaints that relate to the current protocol.  Previously, Plaintiffs sought to obtain a stay of consideration of these motions on the grounds that "there is indisputably a substantial likelihood that Ohio will need to adopt [a new protocol] . . . [a]nd that, in turn, will ultimately require amendment of Plaintiffs' complaints in this action, making it unnecessary of the Court to devote valuable judicial time and resources to considering and adjudicating Defendants' pending dispositive motions at this time."  (ECF No. 296, at Page ID # 8879-80.)  Although this Court suspected that Plaintiffs were correct, the Court was not inclined to delay consideration of the motions absent something more concrete than a probability, however likely, that a new protocol would be adopted.  The Court therefore denied Plaintiffs' motion for a stay.  (ECF No. 307.)

Plaintiffs have now filed a renewed motion to stay consideration of Defendants' motions, arguing that Defendants' statements regarding a new protocol present changed circumstances that warrant revisiting the stay decision.  (ECF No. 315.)  It appears that Defendants take no position on this request.  (*Id.* at Page ID # 9080.)

Time and again throughout the various permutations of this protocol litigation, each new protocol has given rise to new allegations and often new pleading, generally followed by new motions seeking the dismissal of or judgment on the new pleading.  In the four main predecessor cases to the captioned case, for example, the adoption of a new protocol rendered moot various

motions for summary judgment. (ECF No. 970 in Case No. 2:04-1156, at Page ID # 26356.) Consequently, the Court recognized the motions as moot, declined to address them, and permitted new motions practice following adoption of that new protocol. (*Id.* at 26356-57.)

This same rationale informs the current situation. Rather than continuing to work on the pending motions, the Court elects to stay consideration of Defendants' motions. To do otherwise in the face of an upcoming protocol change would be a waste of time and resources given the likelihood of new pleading and new motions practice; filing decisions on the motions now would essentially provide Plaintiffs with advisory opinions on how to plead their next round of amended complaints. Accordingly, the Court **GRANTS** the renewed motion for a stay of consideration. (ECF No. 315.) With one exception, the Clerk shall therefore designate Defendants' pending motions under Federal Rule of Civil Procedure 12 as terminated on the docket at this time. (ECF Nos. 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 225, 226, 227, 228, 229, 230, 233, 235, 236, 237, 239, 240, 241, 243, 244, 246.)

Following the adoption of the new protocol, the parties shall request a status conference with this Court. At that conference, the Court will address with the parties whether new pleading is necessary (likely leading to new motions) or whether the Court can simply reactivate the terminated motions and proceed to dispose of them on their merits.

The one motion by Defendants not included in the list of terminated motions is the motion targeting the pleading of Plaintiff Billy Slagle. (ECF No. 234.) In addition to discussing the adoption of a new protocol during the August 8, 2013 telephone conference, the Court and the parties also addressed the circumstances related to Slagle. Counsel for Defendants made an

oral motion to withdraw their pending motion for judgment on the pleadings (ECF No. 234) that targets Slagle's seventh amended complaint (ECF No. 13).  The Court **GRANTS** the oral motion and **DIRECTS** the Clerk to designate the motion for judgment on the pleadings as withdrawn. (ECF No. 234.)  Counsel for Slagle indicated during the conference that they would be filing a notice of death to memorialize Slagle's recent demise, and they have since filed such a suggestion of death.  (ECF No. 313.)  The filing indicates that Slagle passed away on August 4, 2013.  Because this extinguishes his claims, the Clerk shall terminate Slagle as a party to this litigation.

Counsel has also filed a suggestion of death for Brett Hartman.  (ECF No. 314.)  This filing indicates that Hartman passed away on November 13, 2012, which extinguishes Hartman's claims.  The Clerk shall therefore also terminate Hartman as a party to this litigation.

In light of the foregoing, one motion remains pending on the docket, the April 26, 2013 motion to intervene filed by Gregory Lott.  (ECF No. 291.)  Lott's proffered complaint targets the current protocol, which leads to at least two possibilities.  First, the motion may essentially be moot given the forthcoming new protocol, which would mean that Lott would need to file a new motion targeting the new protocol after its adoption if he is not permitted to intervene beforehand.  Second, even if Lott's proffered complaint would remain viable, Defendants' opposition to his intervention, largely predicated on a statute of limitations argument, may have no application to the new protocol depending on the content of that protocol.  In light of Lott's March 19, 2014 scheduled execution date, the Court is reluctant to decide the merits of intervention at this time or to terminate the motion, but this Court also recognizes that time is of the essence to Lott.  The Court reschedules the motion to intervene for a non-oral hearing on

October 7, 2013, and encourages the parties to discuss and then advise the Court whether it can proceed to address the motion before that date or whether it would be a waste of resources given the forthcoming new protocol.

    **IT IS SO ORDERED.**

                                          /s/   Gregory L. Frost
                                        GREGORY L. FROST
                                        UNITED STATES DISTRICT JUDGE