UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


IN RE: OHIO EXECUTION
PROTOCOL LITIGATION                    Case No. 2:11-cv-1016
                                       JUDGE GREGORY L. FROST
                                       Magistrate Judge Mark R. Abel

This document relates to:
All Plaintiffs Except Dennis McGuire.


## ORDER

On January 14, 2014, this matter came on for a telephone discovery conference.

Plaintiffs, except for Dennis McGuire, asserted an oral motion seeking an order from this Court

that Defendants not only photograph the execution paraphernalia as previously ordered, but also

preserve the materials themselves.  Because the movants made a sufficient showing regarding

the relevance of the medication vials, the boxes in which they were packaged, and the syringes

used, this Court granted the oral motion and ordered Defendants to preserve the medication vials,

the boxes in which they were packaged, and the syringes used in the administration of the

protocol drugs at the January 16, 2014 execution.  (ECF No. 392.)

Later that same day, Defendants filed a motion for reconsideration and clarification of the

discovery order.  (ECF No. 393.)  Given that the execution of Dennis McGuire is scheduled for

January 16, 2014, the Court scheduled yet another expedited hearing for the afternoon of January

15, 2014.  Plaintiff then filed a memorandum in opposition.  (ECF No. 395.)  At the hearing,

Defendants presented testimony from Denise Dean, the state pharmacist who is involved in the

handling of the protocol drugs.  The parties also presented oral argument in regard to the motion.

Having considered the filings, the hearing testimony and exhibits, and the oral arguments

of the parties, this Court concludes that Defendants have failed to present sufficient cause for

reconsideration of this Court's January 14, 2014 discovery order.  (ECF No. 392.)  Defendants

first argue that because preservation of the materials as ordered will put unwarranted strain on

those involved in carrying out the McGuire execution, this Court should vacate its prior order.

This is a conclusory argument unsupported by evidence.  Despite being afforded an evidentiary

hearing, Defendants have offered no substantive evidence that the preservation of materials as

ordered will constitute even a moderate inconvenience to the execution personnel, much less the

overwhelming burden that Defendants assert.  For example, Defendants attacked the preservation

of needles, but they offered no evidence as to why this would be risky or too difficult.

Defendants also asserted that there would be blood on preserved needles (which do not include

the needles used to establish intravenous access), but they presented no evidence as to why there

would be blood on needles used only to draw drugs from bottles.  And Defendants argued that

preservation would interfere with their "ability to carry out their statutory responsibilities to

conduct lawful executions" without presenting any evidence establishing why.  (ECF No. 393, at

Page ID # 11740.)  Saying something is not enough.  Show the Court.

      If Ohio is going to be in the business of executing individuals and if Defendants are

interested in defending themselves in this lawsuit, then the state actors involved must accept the

consequent burdens that this at time entails.  Any minimal inconvenience to Defendants does not

outweigh Plaintiffs' right to discovery.

      The foregoing point also defeats Defendants' argument that they should not have to

preserve the materials at issue because they have already turned over thousands of pages of

documents in discovery during the course of this litigation.  There is no rule that a party's fatigue

cuts off the right to relevant discovery or that a sufficient amount of poundage produced means that a party's discovery obligations suddenly cease.

Defendants next argue that preservation is unnecessary because they will not be utilizing compounded drugs in the January 16, 2014 execution.  Much of the evidence and argument that Defendants presented at the hearing inexplicably focused on this argument, despite Plaintiffs' offer to stipulate that Ohio would not be using compounded drugs on January 16, 2014. Defendants' reasoning misses the point.  Testing of the materials will provide a baseline against which Plaintiffs may seek to contrast future executions in which compounded drugs are used. Testing will also measure the amount of drugs and concentration of drugs administered on January 16, 2014, regardless of whether the drugs are the result of compounding.  Neither justification offered by Plaintiffs relies upon the use of compounded drugs on January 16, 2014. It is unclear to this Court why or how Defendants have so misconstrued the argument that Plaintiffs have made.

In their third argument for reconsideration, Defendants argue that this Court's preservation order cannot stand because it contradicts the written protocol procedures.  This argument is illogical.  Ohio's protocol indeed provides for the disposal of the materials that this Court ordered preserved and provides only for either photographing or retaining the drug packaging.  But the protocol does not trump this Court's orders, it does not alter the Federal Rules of Civil Procedure, and it does not preclude Plaintiffs from exercising their discovery rights.

Defendants argue that they are afraid that compliance with the preservation order will lead them into impermissible deviation from the protocol that will present an equal protection

issue.  Simple compliance with this Court's preservation order will not constitute an

impermissible deviation.  To the extent that Defendants fear that one permitted departure from

the standard protocol procedures will place them on a slippery slope to impermissible departures,

this Court finds that scenario unlikely.  Moreover, it is Defendants' execution schedule.  If they

cannot perform as required, Defendant Kasich has the ability to alter the schedule.

Defendants also argue that the preservation order requires them to treat the execution

chamber as if it were a crime scene and that they "have no confidence in any non-disclosed

testing facilities randomly chosen by the plaintiffs."  (ECF No. 393, at Page ID # 11743.)  The

former point is hyperbole that adds nothing to consideration of the discovery issues before this

Court.

The latter contention ignores the facts and this Court's order that "the parties shall confer

and agree in the procedure that Plaintiffs will employ to transport and then test the preserved

materials." (ECF No. 392, at Page ID # 11737.)  Plaintiffs' counsel represented during the

January 14, 2014 telephone conference, in the memorandum in opposition, and again at the

January 15, 2014 hearing that Plaintiffs simply seek preservation and would have to look into the

transportation and testing aspects.  Plaintiffs have apparently not yet chosen a testing facility,

which undercuts Defendants' non-disclosure argument, and there is no evidence suggesting that

the selection of a testing facility will be random as Defendants contend.  The Court ordered the

parties to confer and come to an agreement on the transport and testing issues, and this Court

concedes that perhaps that part of its discovery order overreached given that Plaintiffs would

otherwise be under no obligation to involve Defendants in these aspects of how Plaintiffs are

attempting to build their case.  Nonetheless, the Court will let its cooperation order stand unless

4

and until Defendants supply this Court with authority demonstrating that the discovery rules applicable in every federal civil case afford defendants veto authority over how or where plaintiffs can test relevant evidence.

Finally, Defendants argued at the hearing that by ordering preservation, this Court has exceeded the power afforded an Article III judge.  They posit that the Court has in fact turned into a best practices board or a board of inquiry.  Both contentions are incorrect.  Preserving the evidence as requested in no way micromanages the execution.  Rather than directing Defendants on what drugs they should use or how to execute anyone, the preservation order simply retains relevant evidence and enables Plaintiffs to test the preserved materials.  The evidence informs the claims of unconstitutional conduct that rest at the heart of this litigation.  Permitting parties to obtain relevant evidence, considering that evidence, and determining whether the evidence presents successful claims of violations of 42 U.S.C. § 1983 are fundamental duties of an Article III judge.

The Court understands that Defendants would much prefer that Plaintiffs and this Court left them alone to conduct executions without the burdens of litigation.  Few defendants welcome litigation of any sort, and there can be no one involved in this litigation in any capacity that finds this case enjoyable in any way.  But annoyance does not trump the right to relevant evidence, and inconvenience does not outweigh constitutional rights.

One final point is warranted.  By pursuing meritless and often illogical arguments for reconsideration, as well as wholly failing to present actual relevant evidence on the points that might have afforded them some partial relief, Defendants have wasted this Court's time.  This is not a new occurrence in this litigation.  Both sides routinely accuse the other side of

sandbagging.  Both sides routinely fight over issues of little consequence for often imperceptible reasons: perhaps fighting for the simple sake of fighting, perhaps posturing for supervisors, clients, or the media, or perhaps simply because they lack experience in civil litigation.  Both sides have been guilty of consuming hours of hearings presenting irrelevant evidence.  And both sides routinely come to this Court with assertions of how hard they are working and how nearly every action by the opposing side and every order from this Court is inconvenient.  Stop whining.  This is the business that all of the state actors and all counsel involved have chosen. This litigation is part of that business.  And this litigation should not necessitate unfocused emergency hearing after unfocused emergency hearing on the eve of an execution.

The Court **DENIES** Defendants' motion for reconsideration and clarification of the discovery order.  (ECF No. 393.)

**IT IS SO ORDERED**.

          /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE