1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE SOUTHERN DISTRICT OF OHIO

 3                          EASTERN DIVISION

 4

 5    . . . . . . . . . . . . . . . .
                                     .      CASE NO. 2:11-CV-1016
 6    IN RE:  OHIO EXECUTION          .     COLUMBUS, OHIO
                                     .      MARCH 29, 2012
 7         PROTOCOL LITIGATION        .
      . . . . . . . . . . . . . . . .
 8

 9

10                            VOLUME VI
         TRANSCRIPT OF EXHIBITS ADMISSION ON PLAINTIFF MARK WILES'
11         MOTION FOR STAY OF EXECUTION AND INJUNCTIVE RELIEF
                BEFORE THE HONORABLE GREGORY L. FROST
12                  UNITED STATES DISTRICT JUDGE

13

14

15   APPEARANCES OF COUNSEL:

16   FOR THE PLAINTIFF:           ALLEN L. BOHNERT, AFPD
                                  CAROL ANN WRIGHT, AFPD
17                                RANDALL L. PORTER, AFPD

18

19   FOR THE DEFENDANTS:          CHARLES L. WILLE, AAG
                                  THOMAS E. MADDEN, AAG
20                                DAVID M. HENRY, AAG
                                  STEPHEN C. GRAY, AAG
21

22                               - - -

23

24        GEORGINA L. WELLS, OFFICIAL FEDERAL COURT REPORTER
                           (614)719-3225
25
```

1              Thursday Morning Session,

2              March 29, 2012.

3                    - - -

4          THE COURT:  I received an email from Carol Wright --
5  yeah -- an email from Carol Wright indicating that much of what
6  has been identified in the trial has been agreed upon.  And
7  let's begin, I guess, with the plaintiff.

8          Plaintiff, it is my understanding that you are moving
9  to admit the following exhibits, and these exhibits are being
10 admitted without objection:  This would be Plaintiff's Exhibits
11 1, 5, 8, 10, 15, 16, 18, 19, 20, 21, 22 through 27, 29 through
12 35, 37 through 41, 44, 45, 47, 50 through 60, 63 through 69,
13 76, 77, 80, 85 through 94 and 97 through 100.

14         Ms. Wright; is that correct?

15         MS. WRIGHT:  That's correct.

16         THE COURT:  And Mr. Gray and Mr. Wille, is it my
17 understanding that there is no objection to the admission of
18 those exhibits?

19         MR. GRAY:  That is correct, Your Honor.  This is
20 Mr. Gray.

21         MR. WILLE:  That's right.  Chuck Wille.

22         THE COURT:  I also understand that the defendants are
23 moving to admit all of the Exhibits 1 through 92 of the
24 Defendant's Exhibits and that the plaintiff has no objection to
25 those exhibits; is that correct?  Mr. Gray and Mr. Wille?

1          MR. GRAY: Yes, sir, it is.

2          MR. WILLE: Yes.

3          THE COURT: And Ms. Wright or Mr. Bonhert, do you
4    have any objection?

5          MS. WRIGHT: No objection, Your Honor.

6          THE COURT: Defendant's Exhibits 1 through 92 will be
7    admitted, then, without objection.

8          There are some objections, as I understand it, to the
9    admission of Plaintiff's Exhibits 7, 9 and 95, to which
10   defendant has some objections.

11         First of all, Ms. Wright, are you asking for the
12   admission of those three exhibits?

13         MS. WRIGHT: Yes, Your Honor.

14         THE COURT: And Mr. Gray or Mr. Wille, what
15   objections do you have to 7, 9 and/or 95?

16         MR. GRAY: Your Honor, this is Mr. Gray. I will
17   speak first to Number 95. The only objection that I have, I
18   don't believe that it was offered at trial. But if you have in
19   the record that it was, we would have no objection. And I
20   don't believe that it was identified at the hearing.

21         THE COURT: It was identified in part as the March
22   19, 2012 Master Checklist, which I believe is my identification
23   of Exhibit 95, Pages 12 through 16 were identified by Erdos.
24   Goodman testified to certain portions of it, but he was not
25   clear in his testimony as to whether he was identifying it or

1  not.  I can only tell you that it appears to me, specifically

2  from my notes and Mr. Miller's notes, that Erdos specifically

3  identified Pages 12 through 16.

4              MR. GRAY:  Your Honor, then, we would have no

5  objection to admitting those Pages of 97, 12 through 16.

6              THE COURT:  You mean 95?

7              MR. GRAY:  Excuse me, 95, yes, sir.

8              THE COURT:  And Ms. Wright?

9              MS. WRIGHT:  My understanding, Judge, is we removed

10 the timeline portion of Exhibit 95 because it had not been

11 identified.  So, we would request admission of 95, Pages 12 to

12 16.

13             THE COURT:  Okay.

14             MR. BONHERT:  But although there is more than 12 to

15 16, it was a series of checklists that were created for the

16 Wiles' rehearsal on the 19th, I believe, and Mr. Goodman or

17 Mr. Erdos -- I mean, they identified them by saying that they

18 hadn't actually reviewed them and that was the point, that

19 those were all documents that they were supposed to have

20 reviewed.

21             THE COURT:  Well, first of all, Mr. Bonhert.

22             MR. BONHERT:  Yes, Your Honor.

23             THE COURT:  I agree that on certain pages, other than

24 12 through 16, they were shown the document and asked, did they

25 review them?  They were not asked whether they could identify

Case: 2:11-cv-01016-EAS-MRM Doc #: 486 Filed: 06/26/14 Page: 5 of 18 PAGEID #: 13930
5

1 them.

2 MR. BONHERT: Okay.

3 THE COURT: And there is where the problem comes in.

4 MR. BONHERT: Okay.

5 THE COURT: All right? Plaintiff's request to admit
6 document -- or Exhibit 95 of the plaintiff's documents will be
7 granted to the extent that Pages 12 through 16 will be
8 admitted. The rest of the exhibit will not be admitted.

9 Okay. Then we have --

10 MR. GRAY: Exhibit 7 and 9, I will speak to that,
11 Your Honor. Plaintiff's Exhibit 7, my review of it, it is a
12 five-page document. We had this discussion at sidebar, if you
13 recall, about whether this was complete or not. And this
14 document, Pages 1 through 3, have the capital letter "A"
15 written at the top, Pages 1 and 3 have an inmate number in the
16 box, Pages 2, 4 and 5 do not have the inmate number, and then
17 Page 4 has a capital letter "B" on it.

18 My objection is that this document clearly is not
19 complete. It is an incomplete document. Since we do already
20 have the complete document, and it has been admitted, I see no
21 reason -- I object to the admission of this document, Number 7.

22 Similarly, with Plaintiff's Exhibit 9, there are only
23 four pages in that exhibit. 1 of 4, 2 of 4 -- or excuse me --
24 1 of 5, 2 of 5, 3 of 5. There is no fifth page, and I note,
25 also, Pages 1 and 2 have an inmate number at the top. Page 3

1    and 4 have no inmate number in the box.  So, we have a similar

2    objection to Exhibit 9 in that the complete document has been

3    offered and admitted into evidence already.

4              THE COURT:  Ms. Wright?

5              MS. WRIGHT:  And I am going to let Mr. Bonhert deal

6    with it because he knows that exhibit, but I think the point is

7    that these are the exhibits that were collected and provided to

8    us.  These were the exhibits that they had.

9              THE COURT:  Mr. Bonhert?

10             MR. BONHERT:  Yes.  There is that point as well the

11   fact that at least on Exhibit 7, the last page of that, Page 5

12   of 5 is the page that was a photocopy of the signed and dated

13   form, signed and dated by Mr. Goodman, but yet, Box 102 has

14   somehow been checked, while the one -- you know, the one that

15   was originally signed and dated was not, and yet, that still is

16   somehow a record that has been created.

17             Furthermore, I don't see any basis on which the

18   defendants can reasonably claim that exhibits or documents that

19   they produced to us can be kept out because they, you know,

20   failed to organize them or keep them in an organized fashion.

21   I mean, as Ms. Wright said, that's part of the whole argument

22   here.

23             THE COURT:  Thank you, Mr. Bonhert.  The objections

24   by the defendant to the admission of Plaintiff's Exhibit 7 and

25   9 are overruled.  Or those objections are overruled.  7 and 9

1   will be admitted over objection.

2           And I recognize all of the arguments, but they were

3   identified properly by both Erdos and Goodman, and they will be

4   admitted.

5           Okay.  Then, we have a paragraph in the email in

6   which the plaintiff indicates that he would like to have some

7   relevant evidence from the Smith and Brooks' hearing.

8           Ms. Wright or Mr. Bonhert, what issues do you have

9   there?

10          MR. BONHERT:  Your Honor, I guess that's kind of in

11  an effort to abide or comply with Your Honor's instructions --

12  I believe it was in the Brooks' opinion where you suggest that

13  rather than incorporating by reference everything that was

14  previously entered into the record, that we at least identify

15  physically what parts of that record we would also like to have

16  incorporated into the instant proceedings.  And so, that list

17  that I believe Ms. Wright provided to Your Honor this morning

18  and then has been provided to the defendants is simply a

19  compilation of the exhibits and the evidence that is our

20  position that's already in the record for this case.

21          Specifically, it is Ms. Wright's identification of

22  the exhibits that Your Honor cited, or you know, discussed in

23  the previous opinions that have been issued in this case.

24          THE COURT:  Mr. Bonhert, I have an email dated

25  3-29-12 at 10:40 a.m. from Ms. Wright.  It does not

1   specifically identify any exhibits.

2           MS. WRIGHT:  Your Honor, I have a list, and I am

3   correcting Allen, he wasn't here when I did this.

4           THE COURT:  Okay.

5           MS. WRIGHT:  The list has not been provided to the

6   Court, but it has been provided to the defendants.  I was

7   waiting for your ruling, basically.

8           THE COURT:  Well, I can't rule on that which I don't

9   know.  So, tell me what it is that you are asking to be

10  admitted.

11          MS. WRIGHT:  Sure.  From the Smith hearing, there is

12  certain pages from Team Member 10's testimony.  I can list

13  that.  Do you want me to go through the page numbers?

14          THE COURT:  Yes.

15          MS. WRIGHT:  It is Page 50 to 75, Page 124 to 132,

16  Page 136 to 139, Page 145 to 153, Page 160 to 174.

17          Mr. Voorhies testimony, Page 272, 274 to 283, 289 to

18  290, 294 to 298.

19          THE COURT:  Slow down a second.  I have got 274

20  through 283.  289 through what?

21          MS. WRIGHT:  290.

22          THE COURT:  Thank you.

23          MS. WRIGHT:  294 to 298, 311 to 325.

24          Joint Exhibit 1.

25          Smith Exhibit 66, which is the order for execution

1 medications for Bedford.

2 Smith Exhibit 65, same order for Biros.

3 Smith Exhibit 64, same order for Carter.

4 Smith 63, same order for Smith.

5 Smith Exhibit 53, same order for Spisak.

6 Smith Exhibit 35, which is the inventory for drugs,

7 including Clark's.

8 Smith Exhibit 34, Clark execution timeline.

9 Smith Exhibit 185, inventory drug record for

10 potassium chloride and pancuronium bromide and sodium

11 thiopental.

12 Smith Exhibit 186, inventory drug record.

13 Smith Exhibit 189, the collection of order for

14 execution medications from April of 2007 to October of 2010.

15 Smith Exhibit 1, the policy in effect at the time of

16 hearing, April 11 of 2011.

17 Morgan testimony, Pages 194 to 216, Pages 227 to 230.

18 Voorhies testimony -- I'm sorry, I already have that.

19 And then the Lorraine hearing evidence -- the agreed

20 Lorraine hearing stipulations.

21 Lorraine Exhibit 38, which is the October 31st of

22 2011 testimony of Director Mohr at the Brooks' TRO hearing.

23 Lorraine Exhibit 39, which is the November 1st, 2011

24 testimony of Dr. Escobar at Brooks' TRO hearing.

25 Lorraine Exhibit 41, December 22nd, 2011, testimony

1  of Mary Helen Lapushansky, deposition.

2              Lorraine Exhibit 42, the December 22nd of 2011

3  deposition transcript of Dr. Escobar.

4              Warden Morgan's testimony from Pages 75 through Pages

5  78.

6              Lorraine Exhibit 3, the after-action review meeting

7  minutes.

8              Lorraine Exhibit 5 -- which actually is already in --

9  Brooks' special assistant report. I think that's in Exhibit 98

10 in the Wiles hearing.

11             MR. WILLE: And so is the previous exhibit, the

12 after-action review minutes, that has already been admitted

13 specifically as a numbered exhibit for Wiles.

14             MS. WRIGHT: And Lorraine Exhibit 6 is the same as

15 Wiles Exhibit 99. So, that is already in. That's the

16 implementation of recommendations.

17             Additionally, Director Mohr's testimony, Pages 204 to

18 Pages 206.

19             Lorraine Exhibit 7, the Brooks' Master Checklist.

20             That would be it.

21             THE COURT: All right. Counsel for defendant, your

22 response to including those exhibits?

23             MR. GRAY: Yes, Your Honor. Steve Gray. I will just

24 state for the record that I have, I hope, have forwarded to by

25 email the copy of -- excuse me -- the list that Ms. Wright just

1    read, I tried to forward that so you would have a copy of it, I

2    sent that to Mr. Miller.

3           But, Your Honor, here is our objections. I will

4    start first, the prior testimony of Number 10 and Mr. Voorhies,

5    those individuals were on plaintiff's witness list. They had

6    an opportunity to call them at the hearing, and they chose not

7    to.

8           I will be brief. Number 10 was at the hearing, and

9    they could have asked him similar lines of questions that they

10   did previously and impeached him with inconsistent responses,

11   you know, from using his prior testimony. Similarly, with

12   Warden Morgan. They had an opportunity to ask him questions at

13   the hearing. And now they are asking that you go back and take

14   selected portions of his testimony from prior hearings and

15   admit that as evidence in this hearing.

16          Similarly, with Mr. Voorhies, he was on their witness

17   list. They failed to call him. I don't think this is a proper

18   use of prior testimony to now just submit after the fact. They

19   had an opportunity to do so, and they chose not to.

20          Similarly, with Director Mohr's testimony, he also

21   testified, obviously, and now they are asking that his

22   testimony or selected portions from the Lorraine hearing be

23   admitted as evidence.

24          With respect to exhibits, I just note for the record

25   that the plaintiff did not offer any evidence prior to the

1  hearing. They had the opportunity to submit their evidence
2  with their motion for TRO and for Preliminary Injunction. They
3  chose not to, they chose to go forward with an evidentiary
4  hearing. They did not offer any of this evidence at the
5  hearing itself. So, on that basis, we would have an objection,
6  given that this information was never presented to His Honor
7  and now they are attempting to do so after the close of the
8  evidence.
9           We would have no objection, Your Honor, to the -- I
10 believe there were three items that were listed from the
11 Lorraine hearing, three exhibits, which I believe have been
12 offered.
13          Mr. Wille, do you want to add anything to that?
14          MR. WILLE: Yes, sir. Chuck Wille, Your Honor. Just
15 very briefly.
16          Also, Your Honor, we would note that during the
17 course of the hearing, that we had proposed that
18 Dr. Dershowitz' previous testimony be considered admitted by
19 way of stipulation, and we would just note that opposing
20 counsel opposed that proposal.
21          THE COURT: Do you wish to respond, counsel for
22 plaintiffs?
23          MR. BONHERT: Yes, Your Honor. The Civil Rules of
24 the Federal Rules of Civil Procedure, as I read them, say that
25 when evidence is offered on a preliminary injunction context,

1   that evidence -- not necessarily the findings of fact from that
2   proceeding -- but that evidence need not be represented again
3   later on in that case.  And so, that is, you know, certainly
4   something that in this case already, you know, Your Honor has
5   already taken notice of the fact that there was evidence in the
6   record, even if it was not specifically presented at the
7   hearing for any one particular inmate.  It is all part of the
8   same record.
9           I would also just point, Your Honor, to a couple of
10  different cases -- Laredo Rd. Co. v. Maverick Cnty, Texas.  The
11  cite for that is 389 F.Supp.2d 749(W.D. Tex 2005) as well as
12  Henderson v. Wells Fargo Home Mortg.  The cite for that -- I
13  apologize -- I have a Lexis cite for that, but it is 2012 U.S.
14  Dist. Lexis 28401(S.D. Tex 2012).  The Case Number on that one
15  is 11-4274.  That one was issued March 5, 2012 as well as Leary
16  v. Daeschner, D-A-E-S-C-H-N-E-R.  The cite for that is 349 F.3d
17  999(6th Cir. 2003).
18          And, you know, these cases include the proposition
19  that evidence that is entered in one injunctive relief
20  proceedings is a part of the record and can be considered
21  without having been represented in later proceedings.  So, it
22  is our position, Your Honor, that everything that has been a
23  part of the record is all fair game to be considered now, that
24  the rules need not require that it be represented.  And, in
25  fact, all we are doing is pointing out to Your Honor

1   specifically parts of that overwhelmingly large record that we
2   would, you know, contend for relevance here.
3           I would note for the record that we did provide this
4   list to the defendants previously, and so this should not have
5   been -- or is not a surprise to them.  And so, for those
6   reasons, we ask that this stuff should also be considered.
7           MR. GRAY:  Your Honor, if I may briefly respond?
8           THE COURT:  Yes, Mr. Gray.
9           MR. GRAY:  Thank you.  Yes, we were presented with
10  this list actually before the hearing started.  They asked if
11  we would agree to it, and we did not agree.  I would just point
12  out that if -- today is the first time that I have gotten these
13  case cites.  So, I would submit that if His Honor is intending
14  to -- or if your ruling were to allow this evidence, I would
15  ask that we would be permitted the same opportunity to
16  present -- to go back and look at this extensive record and
17  point the Court to other areas that we would like potentially
18  to be added to the record.  I would ask for a legal amount of
19  time to do that.
20          If Your Honor is prepared to rule on plaintiff's
21  request right now, I would ask that you give us one business
22  day, to the close of business tomorrow or Monday, for us to
23  give you a written response and opportunity to review these
24  three cases that stand for the proposition that Mr. Bonhert is
25  saying.

1        THE COURT: Here is my ruling. With regard to the
2   Smith evidence, that is evidence admitted into the Smith
3   hearing, all of the transcript of the testimony of Team Member
4   10, all of the transcript of the testimony of Voorhies and all
5   of the transcript of the Morgan testimony in the Smith hearing
6   will be admitted.
7        Joint Exhibit 1, Smith Exhibit 66, 65, 64, 63, 53,
8   35, 34, 185, 186, 189 and 1 will all be admitted. All of this,
9   apparently, over the objection of the defendant.
10       With regard to the Lorraine hearing exhibits, the
11  Morgan testimony -- not the specific parts of it -- but all of
12  the Morgan testimony, the transcript from the testimony in
13  Lorraine of Warden Morgan will be admitted. All of the
14  testimony of Director Mohr in the Lorraine hearing will be
15  admitted.
16       The stipulation -- Number 38 and Number 39 -- these
17  numbers are all Lorraine exhibits -- Number 38, 39, 41, 42 and
18  7 will be admitted without objection -- or over objection.
19       3, 5 and 6 will not be admitted because they have
20  already been admitted as 97, 98 and 99 -- that would be
21  Plaintiff's Exhibit 97, 98 and 99 in the Wiles hearing.
22       The request for more time to submit either briefing
23  and/or request for exhibits from the State, that is the
24  defendant, is denied. This case has got to have an ending, and
25  today is the day that we were going to do exhibits. I am not

1  going any further with this.

2  Is there anything further?

3  MS. WRIGHT: One additional thing, Your Honor, and it
4  is really just a convenience thing. We have identified the
5  common exhibits between plaintiff and defendant, and we can
6  provide that list to your Law Clerks by email.

7  THE COURT: The common exhibits meaning in the Wiles'
8  case?

9  MS. WRIGHT: Yes.

10  THE COURT: I understand that you have prepared
11  something that shows that, for example, Plaintiff's Exhibit --
12  let's say 7 might be the same as Defendant's Exhibit 27 or
13  something like that, right?

14  MS. WRIGHT: Correct.

15  THE COURT: Well, that would be helpful, I suppose,
16  to a reviewing court. It will be helpful to us, but we know --
17  I think we know what are common. If you wish to submit that to
18  us, I may very well place it on record as a submission of what
19  are supposed to be common exhibits, but I won't do that unless
20  you first submit it to counsel for the defendant for their
21  review.

22  MR. GRAY: Your Honor, this is Mr. Gray. I initially
23  created a list and gave it to Ms. Wright. She has responded to
24  me, but we will take a look at it today and between the two of
25  us, we will try to get that list to you and your staff by close

17

1  of business tomorrow, and we will just call it a stipulated
2  cross-reference list for Wiles hearing or something like that.
3              THE COURT:  Identify it as something like that, but I
4  am going to need it by noon tomorrow.
5              MR. GRAY:  I can do that, Your Honor.
6              THE COURT:  All right.
7              MR. GRAY:  Ms. Wright?  Carol, can you do that?
8              MS. WRIGHT:  You have got it.  It is in your hands
9  now, but I am here, and we can talk about it, yes.
10             THE COURT:  Okay.  Thank you, ladies and gentlemen.
11             MR. GRAY:  Nothing further from the defendant,
12 Your Honor.
13             THE COURT:  And nothing from the plaintiffs, right?
14             MS. WRIGHT:  Correct.
15             MR. BONHERT:  Nothing further, Your Honor.
16             THE COURT:  We are adjourned.  Thank you.
17                            - - -
18
19
20
21
22
23
24
25

C E R T I F I C A T E

United States of America

Southern District of Ohio

I, Georgina L. Wells, Official Court Reporter of the United States District Court for the Southern District of Ohio, do hereby certify that the foregoing 17 pages constitute a true and correct transcription of my stenographic notes taken of the said requested proceedings, held in the City of Columbus, Ohio, in the matter therein stated on the 29th day of March, 2012.

In testimony whereof, I hereunto set my hand on the 24th day of June, 2014.

/s/Georgina L. Wells
_____
Georgina L. Wells, RMR
Official Court Reporter
Southern District of Ohio