UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: OHIO EXECUTION
PROTOCOL LITIGATION                    Case No. 2:11-cv-1016
                                       JUDGE GREGORY L. FROST
                                       Magistrate Judge Michael R. Merz

This document relates to: All Plaintiffs.


ORDER

On October 30, 2015, Plaintiffs filed a motion to modify (ECF No. 630) the protective

order set forth in this Court's October 26, 2015 Opinion and Order (ECF No. 629).  In that

motion, Plaintiffs ask this Court to modify the stayed protective order to permit drug-source

discovery.  Plaintiffs propose that the Court employ a "RESTRICTED" category of discovery

that would theoretically preclude disclosure of the protected information to the public and

thereby avoid the public-pressure concerns addressed by the protective order.

The motion to modify is not well taken.  Without questioning the character or

professionalism of *any* of the counsel who have appeared in this litigation, the Court remains

cognizant of the leaks that have nonetheless occurred in this litigation in the past where

confidential information has appeared in the media, despite this Court establishing protections to

preclude such disclosure.  Additionally, in asserting that their qualified-disclosure proposal

addresses all of the concerns underlying the protective order, Plaintiffs either misread or

strategically mischaracterize this Court's October 26, 2015 Opinion and Order.  Part of the

harassment, harm, or similar undesirable consequences implicitly animating the protective order

decision is that disclosure of identities subjects the disclosed persons or entities to suit.  A

reasonable inference to be culled from the applications for anonymity noted in the privilege log

is that the entities making application do not want to subject themselves to such litigation.  This is one reason why the Court noted the burden and prejudice on Defendants that disclosure would present: "a loss of the ability to pursue, much less fulfill, a lawful duty," which is the ability to conduct executions by lethal injection.  (ECF No. 629, at Page ID # 19406-19407.)  It is also why this Court expressly recognized, in certifying the decision for interlocutory appeal, the issue that "granting the motion for a protective order means that this Court has essentially and summarily immunized the unnamed pharmacy defendants and others from the claims asserted against them in this case."  (*Id.* at Page ID # 19411.)

Plaintiffs' requested modification of the protective order does nothing to mitigate, much less eradicate, the foregoing concerns.  To the contrary, the modification would lead to one of the consequences necessitating the protective order.  The Court therefore **DENIES** the motion to modify the protective order.  (ECF No. 630.)

**IT IS SO ORDERED.**

    /s/  Gregory L. Frost           
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE