UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: OHIO EXECUTION
PROTOCOL LITIGATION

Case No. 2:11-cv-1016
JUDGE GREGORY L. FROST
Magistrate Judge Michael R. Merz

This document relates to:
Frederick Mundt and Mark Pickens.

## ORDER

This matter is before the Court for consideration of a motion to voluntary dismiss without prejudice filed by Plaintiff Frederick Mundt (ECF No. 552), a motion to voluntary dismiss without prejudice filed by Plaintiff Mark Pickens (ECF No. 587), and a memorandum in opposition filed by Defendants (ECF No. 633).  In each of their respective motions, the movants ask this Court to dismiss their claims without prejudice.

Federal Rule of Civil Procedure 41(a)(2) provides for a court-ordered voluntary dismissal of an action at a plaintiff's request and "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  The rule also provides that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.*

The Court has discretion to impose conditions upon a voluntary dismissal without prejudice.  *Duffy v. Ford Motor Co.*, 218 F.3d 623, 629 (6th Cir. 2000).   If a court decides to impose conditions on the dismissal, a notice to the moving party of the court's intent to do so is required.  A plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) "'must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion' but with additional terms." *August Storck KG v. Nabisco, Inc.*, No. 95 C 1446, 1996 WL 634116, at *5 (N.D. Ill. Oct. 30, 1996) (quoting *Marlow v. Winston & Strawn*, 19 F.3d 300,

305 (7th Cir. 1994)); *see also Duffy*, 218 F.3d at 634 (holding that the district court abused its discretion by not giving plaintiffs notice and opportunity to withdraw motion before imposing conditions on dismissal); *U.S. v. One Tract of Real Prop.*, 95 F.3d 422, 425-26 (6th Cir. 1996) (holding that the district court abused its discretion when the court did not give plaintiff an opportunity to withdraw the motion before the court dismissed with prejudice, rather than without prejudice).  *But see Broad. Music, Inc. v. Samuel Abdalla*, No. C-2-81-847, 1984 WL 2130, at *1 (S.D. Ohio June 27, 1984) (stating that a conditional dismissal should not be contingent upon the acceptance by plaintiff of certain terms and conditions).

Whether the Court should permit Mundt and Pickens to dismiss their claims without prejudice involves determining whether any such "without prejudice" dismissal would cause Defendants to suffer plain legal prejudice.  *Perkins v. MBNA Am.*, 43 F. App'x 901, 902 (6th Cir. 2002); *Jones v. Lemke*, 178 F.3d 1294, 1999 WL 107984, at *2 (6th Cir. 1999) (unpublished table decision); *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).  In order to determine whether Defendants will suffer plain legal prejudice, the Court should consider four factors: (1) Defendants' effort and expense of preparation of trial; (2) excessive delay and lack of diligence on the part of Mundt or Pickens in prosecuting their respective claims; (3) the sufficiency of the explanations offered by Mundt and Pickens for the need for the dismissals; and (4) whether Defendants have filed motions for summary judgment.  *Maldonado v. Thomas M. Cooley Law Sch.*, 65 F. App'x 955, 956 (6th Cir. 2003) (citing *Grover*, 33 F.3d at 718).  This Court does not need to resolve every factor in the movants' favor to find that dismissals without prejudice are warranted.  *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980).  The factors are more of a guide and discretion ultimately rests with the Court.  *Id.*

Defendants oppose the voluntary dismissals on the grounds that such dismissal would prejudice Defendants. They note that this litigation has been pending for over a decade and that they have expended considerable time and effort in litigating this action. Defendants also note that both Mundt and Pickens were previously part of the omnibus complaint that was involved in this litigation; Defendants posit that voluntary dismissals for these movants might encourage other plaintiffs to act accordingly, which would render superfluous Defendants' investment in mounting a defense to these plaintiffs' claims.

There is no doubt that Defendants have invested considerable time, effort, and expense in litigating this case. Both sides have. But this does necessarily mean that dismissals without prejudice would present plain legal prejudice to Defendants. Courts have held that such expenditures may prove insufficient to defeat a plaintiff's motion. *See B & J Mfg. Co. v. D.A. Frost Indus., Inc.*, 106 F.R.D. 351, 353 (" '[T]he advanced state of the litigation and the legal and other expenses incurred . . . do not mandate a denial of plaintiff's motion . . . .' " (quoting *Louis v. Bache Group, Inc.*, 92 F.R.D. 459, 461 (S.D.N.Y. 1981))). Thus, although the Court is cognizant of Defendants' interests, there is no apparent "expenditure" justification for this Court to deny the Rule 41(a)(2) motions or to dismiss the claims only with prejudice. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) ("When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected. Nevertheless, in most cases a dismissal should be granted unless the defendant will suffer some legal harm" (citation omitted)).

The fact that Defendants might prevail on pending claims in the future does not constitute sufficient legal harm, especially in light of the fact that any re-filing will return Mundt and

Pickens to this same litigation under the related case rule established in this District.  *See* S.D. Ohio Civ. R. 41.1.  Courts have consistently held that plain legal prejudice does not result merely from the prospect of a second lawsuit on identical issues.  *Lones v. S. Cent. Power Co.*, No. Civ. A. 204CV883, 2005 WL 1309088, at *1 (S.D. Ohio May 31, 2005);  *B & J Mfg.*, 106 F.R.D. at 352; *See Grover*, 33 F.3d at 718; *Puerto Rico Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981); *Tyco*, 627 F.2d at 56; *Broad. Music, Inc.*, 1984 WL 2130, at *1.

The second factor also favors the movants.  Given the circumstances of this litigation and its repeated re-starts, there can hardly be said to be dispositive discovery delay or a lack of diligence on the movants' part in prosecuting the action.  As this Court has previously noted, *both* sides in this litigation have continually and often inexplicably contributed to the overall delays that have long plagued this action.

The sufficiency of the movants' explanations of the need for the dismissal, the third factor in today's inquiry, does not favor Mundt and Pickens.  Neither has offered much in the way of a substantive explanation for the requested dismissals beyond the fact that they do not presently intend to file amended complaints or join in the latest amended omnibus pleading; perhaps Mundt and Pickens simply do not want to assert claims requiring them to plead an alternative drug protocol.  It is true that a plaintiff need not explain what motivates a voluntary dismissal, but it is equally true that a plaintiff cannot expect to have a lack of a substantive explanation weigh in his favor.

The fourth factor favors Mundt and Pickens because Defendants have not filed relevant motions for summary judgment.  In fact, given the current stay of this litigation and the fact that no pleading deadlines exist, neither operative complaints (given the likely event of a future

4

protocol amendment) nor dispositive motions are anticipated until the Sixth Circuit disposes of the anonymity appeal.

The foregoing factual scenario contrasts with cases evincing consequent plain legal prejudice, such as in *Maldonado*, 65 F. App'x 955. In that case, the Sixth Circuit held that the district court did not abuse its discretion in denying a plaintiff's motion for voluntary dismissal because discovery was closed, the plaintiff waited until after defendants moved for judgment on the pleadings to file his Rule 41(a)(2) motion, and plaintiff's explanation of his need for the dismissal was convoluted. *Id.* at 957. Furthermore, the plaintiff acted in bad faith during the discovery process. *Id.* In applying the four factors, the district court found that granting plaintiff's voluntary dismissal was not warranted. Unlike the plaintiff in *Moldonado*–but like previously dismissed plaintiffs Grady Brinkley, Timothy Coleman, and Clarence Mack–Mundt and Pickens have apparently acted in good faith in pursuing their claims against Defendants, discovery remains incomplete, and no dispositive motions are pending.

Accordingly, this Court concludes that it should grant the motions to dismiss without prejudice. Defendants have not asked that if such dismissals occur, they involve the payment of attorneys' fees and costs. To the extent that such a request would be an issue an issue here, the Court finds that the analysis and discussion set forth in this Court's September 24, 2015 Order applies here, and the Court adopts and incorporates the same. *See* ECF No. 545, at Page ID # 14712-14714.

The Court **GRANTS** the Rule 41(a)(2) motions and **DISMISSES WITHOUT PREJUDICE** the claims of Mundt and Pickens. (ECF Nos. 552, 587.) Pursuant to S.D. Ohio Civ. R. 41.1, any future action or actions brought by Mundt or Pickens that allege a claim or

claims against any of the defendants that are predicated upon or involving to any degree the same events giving rise to the instant litigation and filed in the United States District Court for the Southern District of Ohio, shall be assigned or transferred to the undersigned judge or to the judicial officer who is handling this litigation at that time.  Counsel or any *pro se* party are responsible for bringing to the attention of the Court any relationship between a subsequent new case and these dismissed claims.

    **IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE