# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

: Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to All Plaintiffs

## DECISION AND ORDER ON PLAINTIFFS' MOTION TO COMPEL

This case is before the Court on Plaintiffs' Motion to Compel Discovery which seeks an order compelling Defendants Bradley, Gray, Jenkins, Kasich, LaRose, Mohr, Morgan, Theodore, Voorhies, and Anonymous Execution Team Members 1-50 (hereinafter "State Defendants"[1]) to resume producing supplementation to previous discovery responses (ECF No. 660). The State Defendants oppose the Motion (ECF No. 671) and Plaintiffs have filed a Reply in Support (ECF No. 678).

Plaintiffs note that Judge Frost, to whom this case was previously assigned, had several times confirmed the obligation of the parties to continue to supplement discovery previously provided. (Motion, ECF No. 660, PageID 19739, citing Order, ECF No. 392, PageID

---

[1] In their Memorandum in Opposition, these Defendants refer to themselves as the "State Actor Defendants." (ECF No. 671, PageID 19851). The Court understands that Plaintiffs in this § 1983 case assert that other as-yet-unserved Defendants are also "state actors" within the meaning of that term in § 1983 jurisprudence. Wishing to imply no position as yet on that question, the Court chooses the completely neutral abbreviation.

1

11736;Order, ECF No. 396, PageID 11900–02; Order, ECF No. 507, PageID 14112; *Cooey v. Strickland,* No. 2:04-cv-1156, Order, ECF No. 700, 2–3 (S.D. Ohio Mar. 19, 2010); *Cooey*, Order, ECF No. 746, PageID 16309 (S.D. Ohio Apr. 29, 2010).  Furthermore, he had ordered as to any "specific requests [that] are not the subject of active Court orders upholding claims of privilege or granting a protective order, this Court has ordered that Defendants must produce to Plaintiffs any supplemental discovery materials 'within 7 calendar days of the creation of any such materials.'" (*Id.* at PageID 19740, citing Order, ECF No. 507, PageID 14112.)).

Plaintiffs concede that "Judge Frost entered an order on October 26, 2015 that stayed 'all further proceedings before this Court.'" (*Id.* at PageID 19740, citing Opinion and Order of Oct. 26, 2015, ECF No. 629, PageID 19411.(the "Stay Order," reported at *In re: Ohio Execution Protocol Litigation*, 2015 U.S. Dist. LEXIS 144926 (S.D. Ohio Oct. 26, 2015))  However they argue that because the Stay Order did not explicitly stay discovery, the State Defendants' obligation to supplement was unaffected. *Id.*  In any event, they claim the Stay Order "is [not] currently operative" because Judge Frost stayed its operation. *Id.* at PageID 19743, citing Stay Order at PageID 19411.

The State Defendants responded that, because the Stay Order has been vacated as to Plaintiffs Phillips, Tibbetts, and Otte, they would supplement as to those Plaintiffs by October 14, 2006 (Memo in Opp., ECF No. 671, PageID 19851).  Beyond that, they made formal the argument they had made in correspondence with Plaintiffs' counsel:  our duty to supplement was interrupted by the Stay Order.

In their Reply in Support, Plaintiffs asserted the October 14, 2016, supplemental production was incomplete in a number of ways: (1) no privilege log was provided; (2) "no supplemental responses to various interrogatories, requests for admissions or requests for

2

production of documents" were provided; (3) relevant information was not provided about execution drugs obtained before the Protocol was amended October 7, 2016; and (4) changes in personnel on the Execution Team are not accounted for (Reply in Support, ECF No. 678, PageID 19931-34.)

The Court cannot find any response to the first, second, and fourth of these points in the more than fifty filings since ECF No. 678.  The State Defendants shall forthwith file responses to those points, labeling their filing "Response re October 14, 2016, Supplementation."

Regarding Plaintiffs' argument that the Stay Order did not apply to discovery, but only proceedings involving a judicial officer or otherwise "before the Court," the Court rejects that reading of the Stay Order and finds that it stayed discovery as to all Plaintiffs from the date it was entered until October 4, 2016, and thereafter as to all Plaintiffs except Phillips, Tibbetts, and Otte.

Regarding the failure to provide information about execution drugs sought and/or acquired between the date the Stay Order was entered and the date the amended protocol was promulgated (October 7, 2016), the Court declines to render an opinion, as the scope of the Stay Order is or may be an issue addressed by the Sixth Circuit in its impending decision in *Fears v. Kasich*, Case No. 16-3149 (oral argument November 18, 2016).  At oral argument, Appellants' counsel argued that the Stay Order only applied to drugs that were in the Execution Protocol in October 15, 2015 (pentobarbital and thiopental sodium) and therefore the sources of execution drugs now obtained by and in the possession of the Ohio Department of Rehabilitation and Corrections ("ODRC") for use in the scheduled executions of Plaintiffs Phillips, Tibbetts, and Otte are not protected from disclosure.  As the parties were advised when the Court partially vacated the Stay Order, Judge Frost's certification under 28 U.S.C. § 1292(b) and the Sixth

3

Circuit's acceptance of the interlocutory appeal caution us to wait for the decision of that appeal (Order, ECF No. 658, PageID 19734).

Accordingly, the Motion to Compel is GRANTED as to items one, two, and four in Plaintiffs' Reply in Support (ECF No. 678, PageID 19931-34) and otherwise DENIED. The denial regarding execution drugs obtained by ODRC between October 26, 2015, and October 7, 2016, is without prejudice to renewal after *Fear v. Kasich* is decided.

November 28, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge