**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

In re:  OHIO EXECUTION
 PROTOCOL LITIGATION,

:          Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to Plaintiffs Phillips,
  Tibbetts, and Otte.

---

**DECISION AND ORDER GRANTING LEAVE TO DEPOSE
DEFENDANT GARY MOHR**

---

The above-named Plaintiffs have moved the Court for leave to Depose Defendant Gary

Mohr, Director of the Ohio Department of Rehabilitation and Corrections (ECF No. 802).

The Plaintiffs had previously on December 7, 2016, at 3:21 p.m. filed a Notice to Take

the Deposition of Defendant Gary Mohr on December 12, 2016, at 1:30 p.m. at the Offices of the

Federal Public Defender (ECF No. 772).  On December 9, 2016, the Court quashed that Notice

for several reasons (ECF No. 800).  During a conference call with counsel on December 9, 2016,

Director Mohr's deposition was discussed and Plaintiffs have now formalized their showing of

good cause in the instant Motion.  Furthermore, they have agreed to a date and place which

obviate two of the objections raised in Defendants' Motion to Quash the Notice (ECF No. 789).

Defendants raised other objections in their Motion to Quash which are dealt with herein.

1

Defendants have a general objection to this and the other presently noticed depositions that taking them will cause the number of depositions in the case to exceed ten and Director Mohr to have been deposed more than once.  They have consistently raised this objection since the Scheduling Conference of November 17, 2016.  They rely on Fed. R. Civ. P. 30(a)(2)(A)(i) and (ii).

Those limitations in Rule 30 were adopted to curb discovery abuse and reduce the costs of discovery.  See Advisory Committee Comments on 1993 Amendments.  Those limits make good policy sense, particularly in litigation which focuses on one past incident or a pattern of past business practices.

However, to repeat the mantra, death is different.  Section 1983 litigation in this Court to enjoin upcoming scheduled executions began virtually as soon as the Supreme Court approved litigating these claims in § 1983 actions.  See *Nelson v. Campbell,* 541 U.S. 637 (2004).  The cases were consolidated in 2011, but cases consolidated under Fed. R. Civ. P. 42(a) retain their separate identity.  *Patton v. Aeroject Ordnance Co*., 765 F.2d 604 (6th Cir. 1985);  9 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE:  CIVIL 2D § 2382. "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co*., 289 U.S. 479 (1933).  The pattern since consolidation is that litigation has centered on the pending execution of one or more inmates and adjudication of a request for temporary injunctive relief as to that inmate. Individual cases have become final, at least apparently, only when a plaintiff has died, either by execution or of natural causes, or when their sentence has been commuted to or the inmate has been resentenced to a sentence other than death.  Each time a preliminary injunction motion is litigated, the parties are looking

primarily to a future event – an execution – rather than a past event, although past events obviously bear heavily on whether a future execution should be enjoined.  Of necessity as Ohio's method of execution has changed, Plaintiffs have needed to amend or supplement their pleadings, raising new issues on which discovery may be pertinent.

Fed. R. Civ. P. 30 itself imposes the ten-deposition limit absent a showing of good cause. The Court's Scheduling Order of December 6, 2016 (ECF No. 767) should not be read as obviating this part of Rule 30, which this Court is without authority to do.  Instead, as stated in the Order, the Court believed the most expeditious way to resolve Defendants' objections, including the ten-deposition limit, was to have those matters raised by motion to quash.

In general in this case, the need to discover new information pertinent to the particular plaintiff whose execution is sought to be enjoined and to discover new information which has arisen since the last time a deponent such as Director Mohr has been deposed will create good cause for taking the deposition.  Plaintiff has shown good cause to re-depose Director Mohr on the topics listed in their Motion.

Both because of the short time available for discovery and the limit on re-deposing prior deponents, Director Mohr's deposition may not consume more than four hours without his consent.  Plaintiffs may not re-examine him on information which would have been available to him when he was last deposed but which he was not asked for.  This limitation will be to some extent self-enforcing because of the time limit, but must also depend on Defendants' counsel to have command of the record of prior depositions.  The Court appreciates the fact that Defendants' counsel have provided record references to prior testimony (ECF No. 789, PageID 23870).  There is simply not enough time available for the Court to review those references and draft limits on new depositions based on what appears there.

Defendants object that any information possible to be obtained from Director Mohr would be irrelevant (ECF No. 789, PageID 23871-72). In part that objection is based on the assertion that "the United States Supreme Court has affirmed a lethal injection protocol which is substantially similar to Ohio's. *Glossip v. Gross,* ___ U.S. ___, 135 S. Ct. 2726 (2015)." (ECF No. 789, PageID 23872).[1] That misstates the holding in *Glossip*. In reaching its conclusion in *Glossip*, the Court reiterated the long-standing rule that the Supreme Court reviews District Court factual findings for clear error. 135 S. Ct. at 2739, citing *Anderson* v. *Bessemer City*, 470 U.S. 564, 573(1985). The Supreme Court's review is even more deferential when the factual findings have been reviewed and affirmed by an intermediate appellate court. *Id.* at 2740, citing *Easley v. Cromartie,* 532 U.S. 234 (2001). The Supreme Court does not "affirm" protocols. What it did in *Glossip* was to affirm a circuit court decision which affirmed a district court decision that plaintiffs had not proven an Eighth Amendment violation. It did not hold that a State cannot violate the Eighth Amendment if it uses a lethal injection protocol similar or even identical to that used by Oklahoma. Perhaps Plaintiffs here can make a better case against midazolam than the plaintiffs in *Glossip,* but they have not yet had that opportunity since no lethal injection preliminary injunction motion has been heard in this case since *Glossip* was decided.

Defendants also object that this Court "lacks jurisdiction to entertain Plaintiffs' state-law based claims so any discovery on that matter would be irrelevant." (ECF No. 789, PageID 23872). Although Defendants have consistently taken this position since the amended and supplemental complaints were filed in this case on October 26, 2016, they have never presented the issue in a form in which the Court could decide it until they filed their Motion to Dismiss

---

[1] Defendants' counsel provide no citation to the page on which this supposed holding is reported in *Glossip*. *Glossip* occupies more than seventy pages of the West version of Supreme Court reports.

(ECF No. 804) on December 9, 2016.  That said and without deciding the issue until the Motion to Dismiss is ripe, their position appears to be well taken.  See *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).  However, the Court declines to bar inquiry on this matter during the Director's deposition on the relevance grounds raised by Defendants.

Within the time parameters set forth above, the Court likewise declines to limit the deposition of Director Mohr on the grounds that the Notice is overbroad and would create an undue burden on Mr. Mohr.  Unlike a subpoena, the Notice does not require the production of documents (nor could a subpoena to a party properly do so).  The time limit imposed on the deposition should be sufficient to confine Plaintiffs to matter pertinent to the upcoming preliminary injunction hearing.

Defendants also object that the Court "must quash or modify a subpoena that requires disclosure of privileged matter."  (ECF No. 789, PageID 23874-77).  The proper method of raising privilege objections is to place the objection of record when a question calling for disclosure of privileged information is asked. This method will be sufficient to protect Defendants' claims of attorney-client privilege and common interest or common defense privilege.[2] That said, the Court agrees with Defendants that Judge Frost's protective order (ECF No. 629) remains in effect pending a decision by the Sixth Circuit in the interlocutory appeal in this case, *Fears v. Kasich*, Case No. 16-3149.

Defendants seek to prevent discovery of material covered by Ohio Revised Code § 2949.221 (ECF No. 789, PageID 23875), relying on *Phillips v. DeWine,* 841 F.3d 405, 410 (6th Cir. 2016).  The place where the language quoted by Defendants appears in the opinion in *Phillips* is in Judge Siler's quotation from H.B. 663 and is not part of the holding of the Sixth Circuit.  Strictly speaking, the appellate court held that, although Phillips had standing to assert a

---

[2] These latter claims are made in sufficiently sparse detail that the Court is unable to adjudicate them at this point.

First Amendment access to governmental proceedings claim, his complaint did not state a claim

on that basis. It further held that Judge Frost properly dismissed Phillips' equal protection, due

process, and right of court access constitutional claims because

> no constitutional right exists to discover grievances or to litigate
> effectively once in court. *Lewis v. Casey*, 518 U.S. 343, 354, 116
> S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Hill v. Dailey*, 557 F.3d 437,
> 439 (6th Cir. 2009). The Plaintiffs have not pointed to any decision
> recognizing claims similar to the ones they propose. In fact, federal
> courts have repeatedly rejected such theories. *See Zink*, 783 F.3d at
> 1108–09; *Wellons*, 754 F.3d at 1267; *Sepulvado v. Jindal*, 729 F.3d
> 413, 420 (5th Cir. 2013); *Williams v. Hobbs*, 658 F.3d 842, 852
> (8th Cir. 2011); *Giarratano v. Johnson*, 521 F.3d 298, 306 (4th
> Cir. 2008); *see also Jones v. Comm'r, Georgia Dep't of Corr.*, 812
> F.3d 923 (11th Cir. 2016) (Marcus, J., concurring in the denial of
> rehearing en banc) (rejecting an "abstract and inchoate due process
> right to discover the identity of the source of the drugs and the
> name of the executioner so that [an inmate] may challenge [a
> state's] execution protocol"). Therefore, the district court did not
> err in dismissing these claims.

841 F. 3d at 420.  This is not the same as holding that a state statute can validly create a privilege

to withhold relevant information in a federal proceeding.  To put the matter bluntly, the

Supremacy Clause may have something to say about whether H.B. 663's provision that certain

information "is not subject to disclosure during judicial proceedings" has any application to

proceedings under 42 U.S.C. § 1983 in federal court.  That issue, like the issue of whether the

*Glossip* Court "affirmed" a lethal injection protocol, has not been decided by this Court.

 With the parameters set forth herein, Plaintiffs' Motion to Depose Gary Mohr (ECF No.

802) is GRANTED and Defendants' Motion to Quash the deposition (ECF No. 789) is DENIED.

December 12, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge
