## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

In re:  OHIO EXECUTION
  PROTOCOL LITIGATION,

                                     :       Case No. 2:11-cv-1016

                                         Chief Judge Edmund A. Sargus, Jr.
                                         Magistrate Judge Michael R. Merz

This Order relates to Plaintiffs
  Tibbetts, and Otte.

---

## DECISION AND ORDER ON DEFENDANTS' MOTIONS IN LIMINE

---

    This § 1983 capital case is before the Court on Defendants' Motions in Limine to Exclude Irrelevant Testimony consisting of the testimony of lay witnesses to the execution of Dennis McGuire (ECF No. 864) and of Arizona Assistant Federal Public Defender Dale Baich as a witness to the execution of Joseph Wood in Arizona (ECF No. 865).  Plaintiffs have filed a Combined Response in Opposition (ECF No. 901).

    In addition to Mr. Baich, Plaintiffs had listed as lay witnesses Amber McGuire, Dennis R. McGuire,[1] and Alan Johnson, a reporter for the Columbus Dispatch, all of whom witnessed Ohio's last execution of Dennis B. McGuire on January 16, 2014.[2]  Defendants' argue that

---

[1] This witness was identified as Dennis McGuire, Jr.  When filing suit relating to his father's execution, Mr. McGuire identified himself as Dennis R. McGuire.

[2] Plaintiffs had also listed Father Lawrence Hummer, Mr. McGuire's spiritual adviser, but withdrew his name during a recent status conference.  In their Response in Opposition, Plaintiffs list both Amber McGuire and Father Hummer

testimony from these witnesses would be "patently irrelevant" because the combinations of drugs used for the McGuire and Wood executions "differ[s] materially from the combination of drugs to be used in" the Phillips, Tibbetts' and Otte executions (ECF No. 864, PageID 27910, ECF No. 865, PageID 27915.  Defendants also claim that the current three-drug protocol to be used in the Phillips, Tibbetts, and Otte executions is a "dosage scheme analogous to that found in Florida's [execution] protocol" which was effectively presented to this Court as an acceptable alternative to the two-drug combination used to execute Dennis McGuire. (ECF No. 864, PageID 27911; ECF No. 865, PageID 27915-16.)

Acknowledging the differences in the execution protocols, Plaintiffs say they intend to show that any use of midazolam in executions is unconstitutional because "midazolam will not cause an inmate to become unaware and insensate to the pain and suffering associated with the drugs in Ohio's execution protocol and the process of dying following injection of those drugs, and therefore he will suffer an excruciating and torturous execution." (Response, ECF No. 901, PageID 30159).  The McGuire siblings may also be offered to show "the biased nature of the McGuire investigation" conducted by the State of Ohio. *Id.*  at PageID 30160.  Plaintiffs also offer an extended argument about why whatever was said on Dennis McGuire's behalf about the Florida protocol is not binding on them as separate parties and does not amount to an endorsement of Florida's protocol.

# Analysis

For a general standard, the Court relies on a decision of District Judge Gregory Frost, a judicial officer with whose jurisprudence all parties to this case are familiar:

as possible witnesses "if for some reason, Plaintiffs for some reason, Plaintiffs to call them as witnesses." (ECF No. 901, PageID 30160, n. 1.)

Motions in limine are generally used to ensure expeditious and evenhanded management of trials by eliminating evidence that is clearly inadmissible for any purpose. See *Jonasson v. Lutheran Child and Family Serv.*, 115 F.3d 436, 440 (7th Cir.1997). The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. *Cf. Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. (citations omitted). Denial of a motion in limine does not necessarily mean that all evidence contemplated by motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir.1989) (citing *Luce*, 469 U.S. at 41) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400-01 (N.D.Ill.1993).

*Weimer v. Honda of America Mfg.*, 2008 WL 4332525, *1 (S.D. Ohio, Sept. 17, 2008)(Frost, J.),

*quoting  Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846-47 (N .D. Ohio 2004)(Katz,

J.).

Motions in limine are very useful in managing evidence admission or exclusion in jury

trials because they obviate the need to keep a jury sitting idle while a court resolves what can be

complex evidentiary questions.  See, e.g., Decisions and Orders deciding motions in limine in

*Wells Fargo v. LaSalle Bank,* Case No 3:07-cv-449, ECF Nos. 217, 219, 242, 243, 244, 245,

260, 261, 262, 263, 264, 267, 268, 269, 270, 271, 274, 275, 276, 277, 278, 279, 280, 282, 284,

284, 285, 296, 297, and 298.  Deciding the admissibility of designated deposition testimony in

advance of trial reduced what would have been a least a six-week trial to a manageable three weeks.

There is here no particular judicial economy in deciding admissibility questions before hand.  Because there will be no jury involved in the preliminary injunction hearing, it will not be necessary to interrupt jry attention to testimony with rulings on admissibility.

Secondly, as Judge Frost notes in *Weimer, supra*, unless evidence is clearly inadmissible, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."

Finally, in limine rulings on relevance questions are unnecessary where a matter is being tried to the bench.  Inadmissible evidence is presumed to be ignored by a judge in a bench trial. *Harris v. Rivera*, 454 U.S. 339, 346 (1981)(per curiam); *Wickline v. Mitchell*, 319 F.3d 813, 823-24 (6th Cir. 2003).  Hence there can be no prejudice to Defendants if irrelevant evidence is admitted but then ignored by the Court.

Accordingly, the Motions in Limine are DENIED.  All questions of admissibility of evidence will be decided during the hearing or in evaluating the evidence after the hearing.


January 3, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

4