# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

:     Case No. 2:11-cv-1016

     Chief Judge Edmund A. Sargus, Jr.
     Magistrate Judge Michael R. Merz

This Order relates to Plaintiffs Phillips,
 Tibbetts, and Otte.

## DECISION AND ORDER DISSOLVING PRELIMINARY INJUNCTION *PENDENTE LITE*

This § 1983 capital case is before the Court upon notice from the Sixth Circuit Court of Appeals of its decision in *Fears v. Kasich*, ___ F.3d ___, 2016 U.S. App. LEXIS 23424 (6th Cir. Dec. 30, 2016).

On December 19, 2016, in light of the impending preliminary injunction proceeding in this case, this Court stayed the executions of Plaintiffs Phillips, Tibbetts, and Otte *pendente lite* (ECF No. 834). It found that the interpretation of Judge Frost's October 2015 Protective Order (ECF No. 629) was properly before the Sixth Circuit on interlocutory appeal under 28 U.S.C. § 1292(b) and that proper respect for that court's decisional process required a stay. The Court, hopefully, evinced its respect for the execution dates set by the Ohio Supreme Court (and re-set by reprieve by Governor Kasich), and stated its "sole intention is to stay the execution of Phillips

1

beyond January 12, 2017, if, but only if, the decision in *Fears v. Kasich* is not handed down in time to apply it to this case. . .. If a decision is issued in *Fears* in time to apply it before the preliminary injunction hearing set for January 3, 2017 [footnote omitted], this Court will immediately dissolve the stay, apply *Fears*, and render any interlocutory appeal moot." (ECF No. 834, PageID 24751).

The State Defendants did file an interlocutory appeal as permitted under 28 U.S.C. § 1291 (ECF No. 841; assigned 6th Cir. Case No. 16-4737). After the *Fears* decision, Defendants advised of their intention to move to lift the stay and dismiss the appeal voluntarily.[1] Plaintiffs agree to that dismissal, while reserving their right to seek further review of the *Fears* decision itself.[2] On January 4, 2017, the Sixth Circuit dismissed the appeal.

Accordingly, the Preliminary Injunction *Pendente Lite* (ECF No. 834) is DISSOLVED.

This Court had anticipated that the Sixth Circuit might offer interpretations of Judge Frost's Protective order or Ohio Revised Code § 2949.221-222 which, whether formally holding or dictum, would cabin this Court's further action on privilege or protective order questions. That did not happen. In *Fears* the Court upheld Judge Frost's Order, but did so narrowly. For example, Judge Siler wrote for the majority:

> The parties do not brief the implications of this new protocol on the protective order. We assume without deciding that the new protocol falls within the scope of the protective order. This assumption is not binding on the district court, and the district court maintains discretion to modify the protective order as circumstances dictate.

2016 U.S. App. LEXIS at *5, n.2.

---

[1] 4:36 P.M. 12/30/2016 email from Associate Assistant Attorney General Jocelyn Lowe.
[2] 5:52 P.M. 12/30/2016 email from Assistant Federal Public Defender Erin Gallagher Barnhart.

In dissent, Judge Stranch noted there were a number of unresolved disputes about the scope and application of the Protective Order but also wrote:

> The parties have also presented a number of disputes about the scope and application of certain provisions of the order. Application issues include matters such as discovery that is now withheld but was previously routinely available to Plaintiffs. Disputes on scope include matters such as Plaintiffs' objection that Defendants have expansively interpreted their rights under the order to refuse to provide information during the time frame *before* the drug protocol was amended on October 7, 2016. Simply put, a number of difficult disputes remain. Our remand entrusts the court below with interpreting the provisions and scope of the order and resolving those disputes.

*Id.* at *31. Thus although the panel was divided on the merits of the appeal, it unanimously agreed further interpretation of the Protective Order and related issues was properly a matter for this Court.

While the appeal in *Fears* was pending, this Court concluded on December 20, 2016, it could no longer wait to make privilege rulings until a decision was handed down and therefore made "the following rulings on questions of privilege which have been raised in this case, subject to a revision in the event of an inconsistent ruling in *Fears*." (ECF No. 838, PageID 24913). Upon review, the Court finds none of those rulings on claims of privilege to be inconsistent with the majority opinion in *Fears*. Thus those rulings will stand unless revised on motion of a party.

January 5, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge