IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

In re:  OHIO EXECUTION
 PROTOCOL LITIGATION,

                                    :         Case No. 2:11-cv-1016

                                              Chief Judge Edmund A. Sargus, Jr.
                                              Magistrate Judge Michael R. Merz

This Order relates to all Plaintiffs.

## ORDER VACATING STAY PENDING INTERLOCUTORY APPEAL

This case is before the Court on Motion to Vacate Stay by Plaintiff Robert Van Hook (ECF No. 929).  Mr. Van Hook notes that, based on information provided by the State (ECF No. 919), he is the Plaintiff in this case with the next scheduled execution after Alva Campbell, to wit, on July 26, 2017.[1]  Therefore, he says, "it appears equally important for him to begin to prepare for motions for injunctive relief. . . ." (ECF No. 929, PageID 31533).

In a responsive email of January 24, 2017, Assistant Attorney General Madden on behalf of Defendants writes "[b]ecause the Sixth Circuit has resolved the interlocutory appeal, Defendants respectfully request this Court, *sua sponte*, issue an order lifting the stay, and allow Inmate Plaintiffs to file an Amended Omnibus Complaint."

During the telephone scheduling conference on January 25, 2017, Plaintiffs responded that this would impose a heavy work burden on them at a time when, *inter alia*, they must renew

---

[1] The filing notes that the execution of William Montgomery is scheduled for June 13, 2017, but that Montgomery is not a plaintiff in this case (ECF No. 929, PageID 31533).

1

motions to amend in many pending capital habeas corpus cases in light of the January 23, 2017, issuance of the mandate in *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016).[2] Plaintiffs' counsel also noted that appellants in *Fears v. Kasich*, ___ F.3d ___, 2016 U.S. App. LEXIS 23424 (6th Cir. Dec. 30, 2016), may seek rehearing *en banc* and review on certiorari, which counsel against treating the panel decision as final.

The Court finds Plaintiffs' reasons for extending the stay outrun the rationale for granting the stay in the first place and impose an unwarranted pleading burden on Defendants. To the extent Plaintiffs' counsel have valid concerns about timing burdens, the Court has found Defendants' counsel very reasonable in accommodating those concerns and the Court is willing to recognize them even in the event of disagreement. The stay was entered to protect the issues in the interlocutory appeal for decision by the circuit court and maintain the status quo while that was happening. The interlocutory appeal is now completed and therefore the stay (ECF No. 629, PageID 19142) is VACATED. What this means in terms of additional scheduling will be discussed in the next status conference in this case which is set for 9:30 A.M. on Monday, February 6, 2017.

January 25, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[2] Motions to Amend are due thirty days after the *Adams* mandate in the following cases pending on the undersigned's docket: Raglin v. Mitchell, Case No. 1:00-cv-767; Turner v. Hudson, Case No. 2:07-cv-595; Bays v. Warden, Case No. 3:08-cv-076; Chinn v. Warden, Case No. 3:02-cv-512; Smith v. Pineda, Case No. 1:12-cv-196; Sheppard v. Bagley, Case No. 1:12-cv-198; Tibbetts v. Warden, Case No. 1:14-cv-60; Campbell v. Jenkins, Case No. 2:15-cv-1702; parallel cases with the same deadline are pending before a number of other judges of this Court.