# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re:  OHIO EXECUTION
 PROTOCOL LITIGATION,

:        Case No. 2:11-cv-1016

       Chief Judge Edmund A. Sargus, Jr.
       Magistrate Judge Michael R. Merz

This Order relates to Plaintiffs Tibbetts and Otte.

## DECISION AND ORDER NOTICE OR MOTION TO AMEND

This case is before the Court on the "Notice of by [sic] Plaintiffs Tibbetts and Otte of Amending their Fourth Amended Complaints with an OCPA [Ohio Corrupt Practices Act] Cause of Action Against Individual Defendants or Alternatively, Motion for Leave to Amend (ECF No. 876).  The amendment seeks to add individual capacity claims against Defendants Richard Theodore and Execution Team Members 17, 21, 31, and 32, already sued in their official capacities.

In its initial ruling on the Motion, the Court found that "adding these individual capacity claims at this point in the litigation is the functional equivalent of joining new parties, a process which, under Fed. R. Civ. P. 21, requires court permission."  (Order, ECF No. 908, PageID 30411.)  The Court therefore elected to treat the instant Motion as a motion to amend and provided for further briefing.  *Id.*

1

Having determined that the Ohio Attorney General could properly represent these persons in their individual capacities, the Attorney General opposed the motion to amend (ECF No. 933). Plaintiffs then filed a Reply in support (ECF No. 947).

Plaintiffs first argue the Court was in error in ruling that Fed. R. Civ. P. 21 trumps Fed. R. Civ. P. 15 under these circumstances. *Id.* at PageID 32110, citing *Broyles v. Corr. Med. Servs.*, No. 08-1638, 2009 U.S. App. LEXIS 5494 (6th Cir. Jan. 23, 2009); and *Peguese v. PNC Bank, N.A.*, 306 F.R.D. 540, 546 (E.D. Mich. 2015).

This authority persuades the Court that its prior ruling was in error. In *Broyles* the Sixth Circuit concluded a district court had abused its discretion in striking an amended pro se complaint, filed within the time allowed by Fed. R. Civ. P. 15(a), because it added a new party without court permission under Fed. R. Civ. P. 21. Although *Broyles* is not a published opinion, it was a unanimous decision by three active circuit judges who remain on the court today. While noting that there was no published authority, the court cited its own precedent that interpreted Fed. R. Civ. P. 15 to provide an "absolute right" to amend.

Judge Lawson in *Peguese* gives an even more detailed analysis. Noting *Broyles*, he also cites the trend in other circuits in the same direction. 340 F.R.D. at 545-46. He also cites the leading civil procedure treatise for the proposition that an amendment of right may properly add parties. *Id.* at 544, citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, § 1474 (1990).

Accordingly, the Court's prior Order (ECF No. 908) is VACATED. Plaintiff Tibbetts and Otte's Joint OCPA Supplement is deemed filed December 30, 2016. Plaintiffs shall file the Joint OCPA Supplement separately so that it acquires its own docket number. This ruling is without prejudice to Defendants' position that this Court lacks jurisdiction to adjudicate the

OCPA claims against the added parties and any other matter which might properly be raised on a motion under Fed. R. Civ. P. 12(b). Defendants' time to file such a motion is *sua sponte* extended to and including February 6, 2017. This Order terminates ECF No. 876.

January 27, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge
