# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
  PROTOCOL LITIGATION,          :        Case No. 2:11-cv-1016

                         Chief Judge Edmund A. Sargus, Jr.
                         Magistrate Judge Michael R. Merz

This Order relates to Plaintiffs
  Phillips, Tibbetts, and Otte

---

## ORDER

---

     This case is before the Court on Defendants' Motion for Protective Order to Require the Partial Redaction of the December 2016 Depositions of Defendants Stephen Gray, Richard Theodore, and Anonymous Execution Team Members No. 9, 17, 21, 31, and 32 (ECF No. 975). Plaintiffs opposed the Motion (ECF No. 1006) and Defendants have filed a Reply in support (ECF No. 1008).

     Although this Motion has been ripe for decision since March 3, 2017, the Court had not reached it because of the pendency of other capital litigation matters, principally motions to add claims under *Hurst v. Florida*, 577 U.S. ___, 136 S.Ct. 616 (2016), and the most recent decision of the Sixth Circuit in the Stanley Adams habeas corpus litigation in the Northern District of Ohio, *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), *cert. den. sub. nom. Adams v. Jenkins*, 137 S.Ct. 814, 106 L. Ed. 2d 602 (2017). Based on the request of Plaintiffs during the telephone scheduling conference on May 23, 2017, the Court is treating some of the proposed

redactions to the Stephen Gray deposition on an expedited basis in connection with the parties' briefing for rehearing en banc in Sixth Circuit case No. 17-3076.

The Gray deposition was filed under seal (ECF No. 905-1). The portions of the Gray deposition at issue in this expedited decision are PageID 30226-27 and 30255.

As both parties note, the depositions taken during the contracted discovery period preceding the January 2017 preliminary injunction hearing were permitted to be filed under seal provisionally without prejudice to eventual full consideration of whether they should be maintained under seal. Although the Court indicated it would entertain a motion from Plaintiffs to unseal (ECF No. 851 granting ECF No. 849), ultimately the Defendants became the moving party and sought to maintain the deposition under seal (ECF No. 975).

In opposing that Motion, Plaintiffs argue first that the Court relied on Mr. Gray's deposition testimony in granting preliminary injunctive relief (AmMemoOpp, ECF No. 1006, PageID 38753, citing Decision and Order, ECF No. 948, PageID 32229). The relevant passage reads:

> There remains the possibility that Ohio can obtain the active pharmaceutical ingredient of pentobarbital and have it made into injectable form by a compounding pharmacy. Deposition testimony established that, to do so, Ohio requires an import license from the federal Drug Enforcement Administration and that it has an application for such a license pending, but that it has no indication when a decision on that application might be made.

*Id.* The Court plainly relied on some deposition testimony in granting preliminary injunctive relief, although no record reference is given in the Decision and Order.

At the request of Defendants and with the consent of Plaintiffs, the Magistrate Judge presided at Mr. Gray's deposition so that prompt rulings could be made on confidentiality and

attorney-client privilege questions; Mr. Gray is in-house counsel for the Ohio Department of Rehabilitation and Corrections. (ECF No. 905-1, PageID 30178.) At the time of the deposition, District Judge Frost's decision upholding Ohio's lethal injection secrecy statute was still on appeal; *In re: Ohio Execution Protocol Litig.,(Fears v. Kasich)*, 845 F.3d 231 (6th Cir. 2016), was not decided until December 30, 2016, several weeks after the Gray deposition.

At pages PageID 30226, 30227, and 30255 of the deposition, Defendants' counsel Mr. Madden, made repeated objections which the Magistrate Judge understood were based on the secrecy statute and which were overruled because the Magistrate Judge concluded that truthful answers would not violate the statute. (ECF No. 905-1.) Technically, those rulings were made with the Magistrate Judge presiding as the officer before whom the deposition was being taken. Although the deposition took place in a courtroom in the Joseph P. Kinneary United States Courthouse in Columbus, Ohio, that was merely as a matter of convenience to the litigants. The deposition was not an open court proceeding to which the public has a presumptive right of access. In fact, although the courtroom was not locked, no person who was not associated with litigating the case and bound by the confidentiality order was present at any time.

While those rulings were technically made in the course of discovery, the Court finds no reason to depart from them in considering whether these three pages of deposition testimony should be made available to the public. Ohio Revised Code § 2949.221(B) protects "any information or record in the possession of any public office that identifies or reasonably leads to the identification of the person" who engages in certain activities described in that statute. The information disclosed by Mr. Gray on those three pages does not meet that description.

Plaintiffs rightly note the importance of making public matter relied on by a court in reaching a decision, whether it is open court testimony or deposition testimony. (AmMemoOpp,

3

ECF No. 1006, PageID 38753, citing *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1180 (6th Cir. 1983), and *Charvat v. EchoState Satellite, LLC*, 269 F.R.D. 654, 656 (S.D. Ohio 2010)(Abel, M.J.). The unsealing of these three pages meets that requirement without compromising the anonymity of person who have requested that protection under Ohio Revised Code § 2949.221.

Accordingly, PageID 30226-27 and 30255 from the deposition of Stephen Gray are ordered unsealed. Plaintiffs shall promptly file those pages separately from ECF No. 905-1.

May 24, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge