IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
  PROTOCOL LITIGATION,      :      Case No. 2:11-cv-1016

                                                    Chief Judge Edmund A. Sargus, Jr.
                                                    Magistrate Judge Michael R. Merz

This Order relates to Plaintiffs
  Phillips, Tibbetts, and Otte

---

# DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL REDACTION OF DEPOSITIONS

---

This case is before the Court on Defendants' Motion for Protective Order to Require the Partial Redaction of the December 2016 Depositions of Defendants Stephen Gray, Richard Theodore, and Anonymous Execution Team Members No. 9, 17, 21, 31, and 32 (ECF Nos. 975 & 1003). Plaintiffs opposed the Motion (ECF No. 1006) and Defendants have filed a Reply in support (ECF No. 1008).

Although this Motion has been ripe for decision since March 3, 2017, the Court had not reached it because of the pendency of other capital litigation matters. Based on Plaintiffs' request during the telephone scheduling conference on May 23, 2017, the Court has ordered the unsealing of PageID 30226-27 and 30255 from the Stephen Gray deposition. The remaining redaction issues are dealt with in this Order.

**Agreed Redactions and Related Matters**

The Court approves the redactions agreed to by the parties and set forth in Plaintiffs' Amended Memorandum in Opposition ("AmMemoOpp," ECF No. 100, PageID 38742-44).

**Team Member 9** ECF No. 975-3, SEALED PageID 35461; 35495; 35500.

**Team Member 17** ECF No. 975-4, SEALED PageID 35563; 35564; 35565; 35566; 35627; 35628.

**Team Member 21** ECF No. 975-5, SEALED PageID 35716; 35717.

**Stephen Gray** ECF No. 905-1, PageID 30292, line 19, through PageID 30298, line 23; PageID 30183, line 18, through PageID 30184, line 16, and the portions of lines 19, 20, and 21 highlighted in yellow at PageID 38378; the portions of lines 9, 10, 11, 14, and 16 highlighted in yellow on PageID 38380; the portions of lines 16 and 17 highlighted in yellow on PageID 30188; PageID 30310, lines 22, 23, and 24; and PageID 30312, from line 15 beginning with the "since" and ending on line 16 with the word "was."

**Richard Theodore** ECF No. 881-1, PageID 29166, line 19 beginning with the word "that's" through line 20; line 22, beginning with the word "for" and ending on line 23 with the word after "called."

On agreement of the parties, the deposition of Team Member 10 shall be unsealed.

With respect to each deposition, the condensed versions of the transcript filed with the full-sized pages (8.5" by 11") shall be removed when the redacted versions of the transcripts are re-filed.

**Contested Redactions**

Plaintiffs oppose all other redactions sought by Defendants.

Plaintiffs first note that Defendants' Motion is cursory and ask that it be denied on that basis (AmMemoOpp, ECF No. 1006, PageID 38744-46). As Defendants explain in their Reply, these issues have been raised and debated numerous times in this case (Reply, ECF No. 1008, PageID 38801-03).

Plaintiffs criticize Defendants' reliance on Fed. R. Civ. P. 5.2(e), asserting it does not provide a substantive basis for redaction (AmMemoOpp, ECF No. 1006, PageID 38746-48). The Court agrees that Rule 5.2(e) merely provides a mechanism for effecting a protective order justified on substantive grounds.

In opposing a protective order which would support additional redactions, Plaintiffs rely on the presumptive right of public access to court proceedings. *Id.* at 38748, citing *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1 (1966)(*Press-Enterprise I*), and *Detroit Free Press v. Ashcroft*, 303 F.3d 681 (6th Cir. 2002).

The public right of access is both constitutional *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980), and a traditional common law right, *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978). The presumptive common law right of access to judicial records extends to all material filed in connection with non-discovery pretrial motions, whether dispositive or not, but not to discovery motions and supporting documents. *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157 (3rd Cir. 1993).

The depositions in question were all discovery depositions. Fed. R. Civ. P. 5(d)(1) provides that deposition transcripts are not to be filed "until they are used in the proceeding or

the court orders filing. . . ."[1]  In the Scheduling Order of November 17, 2016, the Court ordered that, notwithstanding Rule 5, all notices of deposition and transcripts would be filed (ECF No. 729, PageID 23048-49).  This was not, however, intended to somehow convert these depositions to admitted evidence, but merely to facilitate the Court's management of discovery and resolution of any discovery disputes.[2]

During the course of the preliminary injunction hearing, Plaintiffs adverted to Fed. R. Civ. P. 32(a)(3) which permits the deposition of a party opponent to be used for any purpose.  In their Amended Proposed Findings of Fact and Conclusions of Law (ECF No. 895-1) Plaintiffs made numerous references to deposition testimony, taken both before and after October 7, 2016.  However, in the Decision and Order Granting in Part and Denying in Part the Plaintiffs' Motions for Preliminary Injunction (ECF No. 948), the only reference to deposition testimony is at PageID 32229 and there is no citation to the record.  Therefore, the question of whether to require unsealing because the very voluminous deposition testimony formed part of the basis for the Court's decision, as Plaintiffs argue (ECF No. 1006, PageID 38753) cannot be resolved at this point in time, except for the three pages of the Gray deposition separately unsealed (See ECF No. 1050).

Plaintiffs next argue that Defendants have waived any confidentiality interest they may have had in deposition testimony which they have themselves revealed to the public by including it in their Merit Brief on appeal (AmMemoOpp, ECF No. 1006, PageID 38753-55).  Defendants' Reply makes no mention of their Merit Brief.

---

[1] Prior to December 1, 2001, Fed. R. Civ. P. 5 required the filing of discovery documents.  The Rule was amended to eliminate filing because of the substantial cost imposed on the courts of storing voluminous discovery materials.  This cure for excessive rent payments to the General Services Administration was adopted before electronic filing became ubiquitous and mass storage of electronic documents became inexpensive.

[2] The docket in this case grew from ECF No. 658 when the stay of proceedings was partially vacated on October 3, 2016, to ECF No. 948 when the preliminary injunction was entered.

The Court finds Plaintiffs' argument well taken: Defendants cannot any longer have a valid and protectable confidentiality interest in what they themselves have revealed to the public. In their Merit Brief on appeal, Defendants cite to the Gray Deposition (ECF No. 905-1) at PageID 30224-266, 30311-12 and 30257 and the Theodore Deposition (ECF No. 881-1) at PageID 29111 and 29174 (See Merit Brief, 6th Cir. Case No. 17-3076, ECF No. 28, PageID 49-51).[3] Plaintiffs may file unsealed the deposition pages referenced in this paragraph.

Plaintiffs argue further that Defendants cannot reveal selective portions of deposition testimony that support Defendants' litigation position without forfeiting any objection to disclosure of the testimony on the same subject which supports Plaintiffs' position (AmMemoOpp, ECF No. 1006, PageID 38754). However, Plaintiffs offer only one example of this, to wit, Gray Depo. PageID 38451. Because Defendants offer no opposition on this point in their Reply, Plaintiffs may file an unredacted copy of PageID 38451. Further unsealing on this basis must await Plaintiffs' additional argument.

Defendants propose substantial additional redactions to the Gray Deposition on the basis of Ohio Revised Code § 2949.221 and 2949.222 (Reply, ECF No. 1008, PageID 38808-11). The State's interest in the confidentiality of that information was recognized and protected by Judge Frost. *In re: Ohio Execution Protocol Litig.*, 2015 U.S. Dist. LEXIS 144926 (S.D. Ohio Oct. 26, 2015). That decision, including express recognition of those interests, has been affirmed by the Sixth Circuit. *In re: Ohio Execution Protocol Litig. (Fears v. Kasich)*, 845 F.3d 231 (6th Cir. 2016). This Court affirms that in reaching its decision to grant a preliminary injunction, it neither adverted to nor relied on any of the Gray Deposition testimony referenced at PageID

---

[3] The page references are to the PageID numbers supplied by the CM/ECF system, rather than to the page numbers supplied by the filing party.

38808-11.  In effect, although filed with the Court for the purpose noted above, those portions of the deposition remain discovery material and not a "judicial record."

Plaintiffs' argument that some of this information is already in the public domain (ECF No. 1008, PageID 38758) is unavailing:  the existence vel non of stories on BuzzFeed News about ODRC payments to certain lawyers or firms does not constitute a basis for releasing that information from the deposition of ODRC's attorney.  For comparison sake, there may be many people who know all or part of the classified information provided by Chelsea (fka Bradley) Manning to Julian Assange and by him published on Wikileaks, but that would not exonerate those other persons from releasing that information.

Therefore the redactions proposed on those four pages shall be made.

Plaintiffs' argument regarding proposed redactions of descriptors of Team Members 31 and 32 by category of qualification (e.g., "paramedic" or "EMS" personnel) is well taken.  Because of the size of those categories in the general population, revelation of the categories is unlikely to compromise the anonymity of these particular execution team members.

Defendants propose removal of the deposition indices because "they would permit a third-party to reconstruct the wording of the redacted portions" of the depositions (Motion, ECF No. 975, PageID 35081).  Plaintiffs justify retaining the indices because they will assist "those unfamiliar with the case to navigate the voluminous record." (AmMemoOpp, ECF No. 1006, PageID 38760.)

Unlike the testimony itself or, say, the court reporter's certificate, the index to a deposition is not required by Fed. R. Civ. P. 30 and is certainly not a "part" of the deposition relied on by the Court in making its decision.  Presumably a person wishing to use an index to one of these depositions could run the document through a scanner and then have the result run

through an optical character reader to create his or her own index. Whether or not the index already created would be useful to others, the Court is under no duty to provide that resource nor, conversely, to expend time trying to reconstruct redacted portions of the transcript to test Defendants' hypothesis. The indices will accordingly be removed from the re-filed depositions.

**Procedure**

Fed. R. Civ. P. 5.2(d) provides that the court may "order the person who made the filing to file a redacted version for the public record." It is accordingly ORDERED that Plaintiffs prepare and file versions of the depositions referenced herein with the redactions ordered herein not later than July 1, 2017.

May 24, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge