# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re:  OHIO EXECUTION
  PROTOCOL LITIGATION,   :   Case No. 2:11-cv-1016

                         Chief Judge Edmund A. Sargus, Jr.
                         Magistrate Judge Michael R. Merz

This Order relates to Plaintiffs
  Tibbetts and Otte

---

# DECISION AND ORDER ON RECONSIDERATION OF DECISION ON MOTION TO DISMISS AS TO FORTY-NINTH CAUSE OF ACTION

---

On Defendants' Motion (ECF No. 954), this Court dismissed, without prejudice to its assertion in the Ohio Courts of Claims, the Forty-Ninth Cause of Action pleaded in the Joint OCPA Supplement (ECF No. 954(to the Fourth Amended Complaints of Plaintiffs Raymond Tibbetts and Gary Otte (ECF No. 1088, reported at *In re: Ohio Execution Protocol Litigation (Tibbetts & Otte)*, 2017 U.S. Dist. LEXIS 107468 (S.D. Ohio Jul 12, 2017)(the "Decision"). Plaintiffs Tibbetts and Otte have moved the Court to reconsider that decision (ECF No. 1090).

Because the Decision is interlocutory, the Court has authority to reconsider it, even though it constitutes the law of the case unless modified. Prejudgment orders remain interlocutory and can be reconsidered at any time. Moore's Federal Practice at ¶0.404.

In the Joint Supplement Plaintiffs seek injunctive and declaratory relief under the Ohio Corrupt Practices Act as to Defendants Richard Theodore and Execution Team Members 17, 21,

1

31, and 32 in their individual capacities (ECF No. 954, ¶ 2135, PageID 32343). These Defendants are referred to in the Decision and hereinafter as the "OCPA Defendants."

In their Joint Supplement, Plaintiffs allege that, in carrying out their assigned duties under Ohio's Execution Protocol, 01-COM-11, the OCPA Defendants will violate the federal Controlled Substances Act (ECF No. 954, PageID 32344, ¶ 2138). In doing so, Plaintiffs allege the OCPA Defendants will violate the Ohio Corrupt Practices Act, Ohio Revised Code § 2923.31, et seq., which they claim provides them with a private cause of action to enjoin such violations. *Id.* This Court is asserted to have jurisdiction under 28 U.S.C. § 1367, supplemental to its jurisdiction over Plaintiffs' original claims under 42 U.S.C. § 1983. *Id.* at ¶ 2139.

The State Actor Defendants[1] sought dismissal of the Forty-Ninth Cause of Action on the grounds that (1) "pendent state law claims cannot be maintained against state actors unless and until the Ohio Court of Claims determines that the state actor's conduct was manifestly outside the scope of their employment"; (2) the OCPA Defendants are entitled to qualified immunity; (3) the Eleventh Amendment precludes assertion of this claim; and (4) the OCPA Defendants are entitled to quasi-judicial immunity for the duties they are assigned in the Execution Protocol (ECF No. 981, PageID 37073-78).

In dismissing the Forty-Ninth Cause of Action, the Court relied on the Moving Defendants' first argument (Decision, ECF No. 1088, PageID 42382-85, citing principally *Haynes v. Marshall*, 887 F.3d 700 (6th Cir. 1989). The other arguments were not discussed.

---

[1] Referred to sometimes in the Decision as Moving Defendants because they are the only Defendants thus far served with process in this case

**Cognizability and the Ohio Court of Claims**

Plaintiffs' request for reconsideration is largely based on their claim that Execution Team Members 21, 31, and 32 are not state employees, but rather contractors with the State to perform the work required of them under the Execution Protocol (Motion ECF No. 1090, PageID 42398-99). Plaintiffs rely on *Cameron v. Children's Hosp. Med. Center,* 131 F.3d 1167 (6th Cir. 1997), in which the court held that a district court has authority, in deciding whether it has subject matter jurisdiction, to consider the threshold question of whether defendants are state employees for purposes of Ohio Revised Code § 2743.02(F). "If the defendants are state 'employees' for purposes of this case, then the plaintiffs must present their claim to the Ohio Court of Claims before proceeding in a court of general jurisdiction." *Id.* at 1170.

The *Cameron* court, however, noted that contractors can also be employees within the meaning of the Ohio Court of Claims statute. Ohio Revised Code § 109.36, cited by the *Cameron* court, provides that the term "employee" includes

> (b) A person that, at the time a cause of action against the person, partnership, or corporation arises, is rendering medical, nursing, dental, podiatric, optometric, physical therapeutic, psychiatric, or psychological services pursuant to a personal services contract or purchased service contract with a department, agency, or institution of the state.

The Court presently has no evidence before it from which it could determine whether Execution Team Member 21, 31, or 32 has a contract with the State of Ohio which fits or arguably fits that definition.

This Court had relied on *Haynes, supra.,* to insist that Plaintiffs must first obtain a ruling from the Ohio Court of Claims before proceeding here. The Court had distinguished *Davet v.*

3

*City of Cleveland*, 456 F.3d 549 (6th Cir. 2006), and *Williams v. Duke Energy Int', Inc.,* 681 F.3d 788 (6th Cir. 2012), relied on by Plaintiffs, on the grounds that defendants in those cases "although state actors for purposes of direct liability under 42 U.S.C. § 1983, were not arguably entitled to immunity under Ohio Revised Code § 9.86." (Decision, ECF No. 1088, PageID 42384.)

In their Motion for Reconsideration, Plaintiffs again argue *Davet* and *Williams* are pertinent, but they miss the point of the distinction the Decisions makes. The defendants in *Davet* were the City of Cleveland, its Building & Housing Department, and a city employee. These were all "state actors" – i.e., persons acting under color of state law for § 1983 purposes, but plainly they were not even arguably employees of the State of Ohio. Similarly, none of the parties in *Williams* was allegedly an employee of the State.

*Haynes* remains controlling law and was expressly followed in *McCormick v. Miami Univ.*, 693 F.3d 654 (6th Cir. 2012).

> Ohio law requires that, as a condition precedent to asserting a cause of action against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Revised Code section 9.86. Prior to that condition being satisfied, then, there is no claim under Ohio law upon which relief may be granted against state employees in their individual capacities.

693 F.3d at 665, quoting *Haynes*, 887 F.2d at 705. Reading Cameron and Haynes together, this Court may determine, when appropriate evidence is offered, whether Team Members 21, 31, and 32 are state employees for purposes of the Ohio immunity statute. If they are so situated, the Plaintiffs must first obtain a decision from the Ohio Court of Claims before proceeding. As it is undisputed that Defendant Theodore is a state employee, Plaintiffs must certainly proceed agains him in the Court of Claims. This seems likely to be a futile gesture, since the acts the OCPA

4

Defendants are expected to perform in carrying out executions under 01-COM-11 are commanded by the Protocol.

Plaintiffs also claim filing in the Court of Claims would be futile because that court cannot grant injunctive relief. *Haynes* contemplates that once a plaintiff has obtained a decision by the Court of Claims that a state employee's acts are outside the scope of employment, the plaintiff can pursue individual liability claims in a court of general jurisdiction.

In support of their claims, Plaintiffs cite Wright & Miller, 17A Fed. Prac. & Proc. Jurisdiction § 4211 for the proposition that "If a state closes its door to a particular class of litigants or claims, a federal court, *exercising diversity jurisdiction*, cannot entertain as suit by such a litigant or such a claim." (Motion, ECF No. 1090, PageID 42401). But when a federal court exercises supplemental jurisdiction under 28 U.S.C. § 1367, it must apply state law just as if its original jurisdiction were in diversity. And Ohio law provides a cause of action under the Corrupt Practices Act against state employees only if the Court of Claims has held they are not immune.

**The Eleventh Amendment**

There is, however, a deeper problem with the Forty-Ninth Cause of Action, not discussed in the Decision and that is the bar of the Eleventh Amendment to the United States Constitution which provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

5

It was adopted to overrule the very unpopular decision in *Chisholm v. Georgia*, 2 Dall. 419 (1793). It has been construed to bar suits against a State by its own citizens. *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982). The Amendment also bars actions against state agencies where the State is the real party in interest. *Estate of Ritter v. University of Michigan,* 851 F.2d 846, 848 (6th Cir. 1988); *Ford Motor Company v. Dep't. of Treasury of State of Indiana*, 323 U.S. 459 (1945); *Quern v. Jordan*, 440 U.S. 332 (1979).

The Eleventh Amendment does not bar an action for injunctive relief against a state officer for violations of the United States Constitution. *Ex parte Young,* 209 U.S. 123 (1908); *Cory v. White*, 457 U.S. 85 (1982); *Thomson v. Harmony*, 65 F.3d 1314, 1320 (6th Cir. 1995). However, the Amendment does bar an action to enjoin state officials from violating state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).

Plaintiffs do not avoid the Eleventh Amendment bar by suing the Moving Defendants in their individual capacities because in carrying out their duties under 01-COM-11, they will not be acting in their individual capacities, but rather as agents of the State.

> When suit is commenced against state officials, even if they are named and served as individuals, the State itself will have a continuing interest in the litigation whenever state policies or procedures are at stake. This commonsense observation of the State's real interest when its officers are named as individuals has not escaped notice or comment from this Court, either before or after *Young*. See, *e.g., Osborn* v. *Bank of United States,* 22 U.S. 738, 6 L. Ed. 204, 9 Wheat. 738, 846-847 (1824) (stating that the State's interest in the suit was so "direct" that "perhaps no decree ought to have been pronounced in the cause, until the State was before the court") (Marshall, C. J.); *Pennhurst State School and Hospital* v. *Halderman,* 465 U.S. 89, 114, n. 25, 79 L. Ed.

2d 67, 104 S. Ct. 900 (1984) (noting that *Young* rests on a fictional distinction between the official and the State).

*Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997).

Because the Forty-Ninth Cause of Action seeks to enjoin the Moving Defendants, on the basis of state law, from carrying out executions, this Court is barred by the Eleventh Amendment from exercising jurisdiction over it.

Because the Eleventh Amendment bar prevents this Court from exercising jurisdiction over the Forty-Ninth Cause of Action, the Court will not discuss the Moving Defendants qualified immunity and quasi-judicial immunity defenses to the Forty-Ninth Cause of Action.

Having reconsidered the Decision as to the Forty-Ninth Cause of Action, the order dismissing that claim without prejudice to its reassertion in the Ohio Court of Claims is WITHDRAWN. In place of that portion of the Decision, the Court now orders that the Forty-Ninth Cause of Action be dismissed without prejudice for lack of subject matter jurisdiction by virtue of the Eleventh Amendment.

In the Motion for Reconsideration, Plaintiffs Tibbetts and Otte ask the Court to certify the relevant portion of its Order on the Forty-Ninth Cause of Action for an interlocutory appeal. 28 U.S.C. § 1292(b) provides that a district judge who is of the opinion that an order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation may state that opinion in the order and the circuit court may then allow an appeal. The undersigned assumes this authority extends to a Magistrate Judge exercising plenary jurisdiction under 28 U.S.C. § 636(c).

The Court does not have the opinion required by § 1292(b), but is prepared to enter a judgment on the Forty-Ninth Cause of Action under Fed. R. Civ. P. 54 if requested by a party.

July 17, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge