IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

In re:  OHIO EXECUTION
  PROTOCOL LITIGATION,                :         Case No. 2:11-cv-1016

                                                Chief Judge Edmund A. Sargus, Jr.
                                                Magistrate Judge Michael R. Merz

This Order relates to Plaintiffs
  Tibbetts and Otte

---

# DECISION AND ORDER ON PLAINTIFFS' RENEWED MOTION TO PRESERVE AND PRODUCE EXECUTION MATERIALS

This case is before the Court on Renewed Motion of Plaintiffs Gary Otte and Raymond Tibbetts for an Order to Preserve and Produce Execution Materials (ECF No. 737).  Essentially they seek a continuation of Judge Frost's prior Order in this regard (ECF No. 392) with the modification that the Court not compel them to obtain agreement from the State Actor Defendants on transportation and testing.

Defendants' Memorandum in Partial Opposition reminds the Court of the enactment of Sub. H.B. 663 regarding the confidentiality of execution drug source information and of Judge Frost's Protective Order of October 26, 2015 (ECF No. 629).  Plaintiffs' reply with arguments about the scope and constitutionality of the statute and the validity of the Protective Order (Reply, ECF No. 761).

Briefing on this Motion was complete December 5, 2016.  At the time briefing was done, the Sixth Circuit had already decided *Phillips v. DeWine*, 841 F.3d 405 (6th Cir. Nov. 2, 2016),

1

and it subsequently upheld Judge Frost's Protective Order. *In re: Ohio Execution Protocol Litig. (Fears v. Kasich)*, 845 F.3d 231 (6th Cir. Dec. 30, 2016). However, both cases are, as of this writing, pending on petitions for writ of certiorari (See ECF Nos. 1038, 1103).

To preserve the status quo pending resolution of those certiorari petitions, it is hereby ORDERED:

(1) Defendants shall adhere to this Court's prior discovery orders regarding the photographing of the medication vials, the boxes in which they were packaged, and the syringes used in the administration of the protocol drugs during the execution of Ronald Phillips on July 26, 2017, or at such later date as that execution may occur. To the extent Defendants have a good faith belief that producing unredacted photographs to Plaintiffs will violate H.B. 663, they shall produce unredacted photographs to the Court for in camera inspection.

(2) Defendants shall preserve without alteration the medication vials, the boxes in which they were packaged, the intravenous tubing, and the syringes used in the administration of the protocol drugs at the Phillips execution.

(3) The parties shall confer on the procedure Plaintiffs will employ to transport and then test the preserved execution materials. In the event the parties are unable to agree, they shall submit the dispute to the Court.

July 18, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge
