# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
  PROTOCOL LITIGATION,  :  Case No. 2:11-cv-1016

                                         Chief Judge Edmund A. Sargus, Jr.
                                         Magistrate Judge Michael R. Merz

This Decision relates to Plaintiff
  Alva Campbell

---

# DECISION AND ORDER DISMISSING THE FORTY-SIXTH CAUSE OF ACTION IN THE FOURTH AMENDED COMPLAINT OF PLAINTIFF ALVA CAMPBELL

---

This capital § 1983 case is before the Court on Motion of Defendants to Dismiss the Fourth Amended Complaint of Plaintiff Alva Campbell (ECF No. 998). Plaintiff opposes the Motion (ECF No. 1021) and Defendants have filed a Reply in Support (ECF No. 1043).

A motion to dismiss is a so-called "dispositive" motion, ordinarily excluded from Magistrate Judge decisional authority by 28 U.S.C. § 636(b)(1)(A). However, Plaintiff Campbell and the Defendants as it relates to him have unanimously consented to Magistrate Judge plenary authority under 28 U.S.C. § 636(c) and Chief Judge Sargus has referred Mr. Campbell's portion of this consolidated case on that basis (ECF Nos. 935, 943).

Among the claims pleaded in the Fourth Amended Complaint is **Cause of Action Forty-Six: Ohio Corrupt Practices Act ("OCPA") Claims against individual Defendants in their Individual Capacity**. The Defendants named in the Forty-Sixth Cause are pharmacist Richard

Theodore and Execution Team Members 17, 21, 31, and 32 (ECF No. 978, PageID 36841, ¶ 2038)(hereinafter the "OCPA Defendants"). Plaintiff avers that Theodore will release to Team Members 17, 21, 31, and 32 the drugs which will be used to execute him and those Team Members will then prepare the syringes, label them, and administer them to Plaintiff. *Id.* at ¶¶ 2039-40. The theory of the OCPA claims is that Plaintiff will be injured in his person by the acts the OCPA Defendants perform in carrying out their roles under the Ohio Execution Protocol, 01-COM-11, and those acts are violations of the federal Controlled Substances Act. Plaintiff seeks declaratory, injunctive, and damages relief. *Id.* at PageID 36856-57, ¶¶ 2097-2101. It is undisputed that the OCPA creates a private cause of action. Campbell asserts this Court has supplemental jurisdiction over that claim under 28 U.S.C. § 1367.

Defendants seek dismissal of the Forty-Sixth Cause of Action because this claim has not previously been submitted to the Ohio Court of Claims for a determination of whether the acts of the OCPA Defendants will be manifestly outside the scope of their employment (Motion, ECF No. 998, PageID 38315-16). The OCPA Defendants also assert that they are entitled to qualified immunity. *Id.* at PageID 38316-18. They further assert the Eleventh Amendment precludes federal court jurisdiction over this claim. *Id.* at PageID 38318-19. Finally, they assert they are entitled to quasi-judicial immunity for their acts in carrying out executions. *Id.* at PageID 38319-20.

Plaintiff opposes dismissal of Cause of Action Forty-Six (Memo in Opp., ECF No. 1021, PageID 40036, et seq.). He asserts that the supplemental jurisdiction statute takes precedence over the Ohio Court of Claims statute by virtue of the Supremacy Clause. *Id.* at PageID 40036-40. Plaintiff claims that the state immunity statute applies only to employees and Team Members 21, 31, and 32 are independent contractors, not officers or employees for purposes of

the immunity statute. *Id.* at PageID 40040-42. He disclaims any request for damages against any of the OCPA Defendants found to be employees, seeking only injunctive relief against them. *Id.* at PageID 40042. He asserts that qualified immunity and quasi-judicial immunity defenses are not available to the OCPA Defendants on this state law claim. *Id.* at PageID 40043-46. Finally, Plaintiff asserts that the Eleventh Amendment does not bar claims against persons in their individual capacities, which is the mode in which he has sued the OCPA Defendants. *Id.* at PageID 40046-49.

# Analysis

Plaintiffs Raymond Tibbetts and Gary Otte also brought claims under the Ohio Corrupt Practices Act against the OCPA Defendants (ECF No. 954, embodying their Forty-Ninth Cause of Action). Defendants sought to dismiss the Forty-Ninth Cause of Action on the same bases they raise here. In a Decision filed July 12, 2017, the Court ordered that the Forty-Ninth Cause of Action be dismissed without prejudice subject to its assertion in the Ohio Court of Claims (ECF No. 1088), reported at *In re: Ohio Execution Protocol Litigation (Tibbetts and Otte)*, 2017 U.S. Dist. LEXIS 107468 *89-93 (S.D. Ohio July 12, 2017). Tibbetts and Otte moved twice for reconsideration. On the second Motion, the Court entered a decision on July 25, 2017 (ECF No. 1120), reported at *In re: Ohio Execution Protocol Litig. (Tibbetts and Otte)*, 2017 U.S. Dist. LEXIS 115583 (S.D. Ohio July 25, 2017). In these two decisions taken together, the Court decided that Tibbetts and Otte's Forty-Ninth Cause of Action did not state a claim for relief under the OCPA without a prior ruling by the Ohio Court of Claims on the scope of the OCPA Defendants' employment. This holding applies to all five of the OCPA Defendants without

3

regard to whether they are employed by the State of Ohio or contract with Ohio to perform functions in executions. The Court further concluded that the Eleventh Amendment to the United States Constitution bars this Cause of Action to enjoin state officials from violating the OCPA. Because of the Eleventh Amendment bar, which is jurisdictional in nature, the Court refrained from considering the OCPA Defendants' qualified immunity and quasi-judicial immunity defenses. At Tibbetts and Otte's request and over Defendants' objection, the Court entered judgment on the Forty-Ninth Cause of Action and those Plaintiffs, as expected, have already appealed that judgment (ECF No. 1131; assigned Sixth Circuit Case No. 17-3800).

Plaintiff Campbell's Forty-Sixth Cause of Action parallels that of Tibbetts and Otte in all significant respects, so much so that Campbell has asked the Court to refrain from deciding the instant Motion as to the Forty-Sixth Cause of Action until the Sixth Circuit has decided Tibbetts and Otte's appeal (ECF No. 1132). As grounds for abeyance, Campbell states:

> A decision from the Sixth Circuit on the issues raised in that appeal would be instructive for this Court as to Campbell's OCPA claims. (See ECF No. 1120, PageID 43255.) There is a substantial likelihood that the Sixth Circuit will issue a decision before Campbell's scheduled execution in November due to Otte and Tibbetts having scheduled executions on September 13, 2017 and October 18, 2017, respectively.

*Id.* at PageID 43312.

Death penalty cases, particularly those that reach a court of appeals shortly before an execution, obviously tax those courts' resources. Nonetheless, the Sixth Circuit has been responsive to the need to decide cases in a way that respects Ohio's timelines for execution embodied in 01-COM-11. Of note are the decisions upholding Judge Frost's protective order, *In re: Ohio Execution Protocol Litig. (Fears v. Kasich)*, 845 F.3d 231 (6th Cir. 2016), and the en

4

banc decision overturning this Court's preliminary injunction, *Fears v. Morgan (In re Ohio Execution Protocol)*, 860 F.3d 881 (6th Cir. 2017).

But this Court believes it is unwise to presume on that responsiveness. Otte's execution is scheduled for September 13, 2017, six weeks from the date of this Order. To expect the circuit court to hear and decide Tibbetts and Otte's appeal, then have this Court apply that decision to Campbell's Forty-Sixth Cause of Action in time for Campbell to appeal and receive a decision before his November 15, 2017, scheduled execution is to presume too much. The better course in the service of judicial economy is to decide the Motion to Dismiss as to the Forty-Sixth Cause of Action, enter judgment on that decision, and allow Campbell to appeal immediately.

Campbell has presented no argument in favor of his Forty-Sixth Cause of Action that was not considered and rejected by the Court in dismissing Tibbetts and Otte's Forty-Ninth Cause of Action. As a simple matter of stare decisis, it is proper to follow that decision.

Accordingly, it is hereby ORDERED;

1. The OCPA Defendants' Motion to Dismiss the Forty-Sixth Cause of Action is GRANTED on the same basis as the dismissal of Tibbetts and Otte's Forty-Ninth Cause of Action, to wit, that it fails to state a claim upon which relief can be granted without a prior decision of the Ohio Court of Claims and for lack of subject matter jurisdiction because of the Eleventh Amendment;

2. The Clerk shall enter judgment dismissing the Forty-Sixth Cause of Action without prejudice. The Court expressly determines that there is no just reason to delay that judgment and the consequent expected appeal; and

3. Campbell's Motion to hold in abeyance (ECF No. 1132) is DENIED.

August 2, 2017.

                                                                                        s/ *Michael R. Merz*
                                                                   United States Magistrate Judge