# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
  PROTOCOL LITIGATION,          :      Case No. 2:11-cv-1016

                                    Chief Judge Edmund A. Sargus, Jr.
                                    Magistrate Judge Michael R. Merz

This Order relates to Plaintiff
  Alva Campbell, Jr.

---

# DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF CAMPBELL'S FOURTH AMENDED COMPLAINT

This case is before the Court on Motion of Defendants (ECF No. 998) to Dismiss the Fourth Amended Complaint of Plaintiff Alva Campbell (ECF No. 978). Plaintiff Campbell opposes the Motion (ECF No. 1021) and Defendants have filed a Reply in Support (ECF No. 1043).

A motion to dismiss involuntarily is a dispositive motion ordinarily excluded from Magistrate Judge decisional authority by 28 U.S.C. § 636(b)(1)(A). However, Plaintiff Campbell and the Defendants as it relates to this Plaintiff have unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) and the case has been referred by Chief Judge Sargus on that basis (ECF Nos. 935, 943).

The Motion is made on behalf of Defendants other than the Unknown Pharmacies, Unknown Pharmacists, Unknown Drug Suppliers, and John Does who are not represented by counsel from the Ohio Attorney General's Office.

By separate order the Court has already dismissed Campbell's Forty-Sixth Cause of Action and certified that Order for final judgment so that appellate consideration of Campbell's claims under the Ohio Corrupt Practices Act can be coordinated with the appeal of Plaintiffs Tibbetts and Otte on their parallel claims (ECF No. 1138, 1139).

The Motion is made pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**Subject Matter Jurisdiction**

Because federal courts are courts of limited jurisdiction, they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America*, 4 U.S. 8 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot*, 3 U.S. 382 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte.*

*Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F.3d 653 (6th Cir. 2014).

The burden of persuasion on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442 (1942); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266 (6th Cir. 1990); 5A Wright and Miller, *Federal Practice and Procedure, Civil 2d* §1350 (1990).

A facial attack is proper under rule 12(b)(1) and requires the Court to assume the truth of all allegations made by a plaintiff. *DLX, Inc., v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004), *citing RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1133-35 (6th Cir. 1996); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); and *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990).

"Because at issue in a factual [as opposed to facial] 12(b)(1) motion is the trial court's jurisdiction -- its very power to hear the case -- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 890 (3rd Cir. 1977), quoted in *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125 (6th Cir. 1996); *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913 (6th Cir. 1986).

The Court reads the Motion to Dismiss as raising a facial as opposed to a factual objection to subject matter jurisdiction. Moving Defendants argue that Plaintiff's claims are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy." (Motion, ECF No. 998, PageID 38226-27, quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998), quoting in

turn *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974).) Plaintiff does not respond to Defendants' Fed. R. Civ. P. 12(b)(1) argument.

In *Steel Co.*, the Court rejected the practice of some lower courts of assuming jurisdiction and deciding a case's merits as violating the jurisdictional limits of Article III. Although they lacked Article III standing, the Citizens Association had pleaded a sufficiently substantial claim to satisfy that jurisdictional requirement. The Court held

> It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case. See generally 5A C. Wright & A. Miller, Federal Practice and Procedure § 1350, p. 196, n. 8 and cases cited (2d ed. 1990). As we stated in *Bell* v. *Hood,* 327 U.S. 678, 682, 90 L. Ed. 939, 66 S. Ct. 773 (1946), "jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." Rather, the District Court has jurisdiction if "the right of petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another," *id.*, at 685, unless the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.*, at 682-683; see also *Bray* v. *Alexandria Women's Health Clinic,* 506 U.S. 263, 285, 122 L. Ed. 2d 34, 113 S. Ct. 753 (1993); *The Fair* v. *Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 57 L. Ed. 716, 33 S. Ct. 410 (1913). Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Oneida Indian Nation of N. Y.* v. *County of Oneida,* 414 U.S. 661, 666, 39 L. Ed. 2d 73, 94 S. Ct. 772 (1974); see also *Romero* v. *International Terminal Operating Co.,* 358 U.S. 354, 359, 3 L. Ed. 2d 368, 79 S. Ct. 468 (1959).

523 U.S. at 89. Certainly some if not all of Plaintiff's claims are arguable under the Constitution: a claim, for example, that a method of execution violates the Eighth Amendment is plainly cognizable in a proceeding under 42 U.S.C. § 1983. *See Nelson v. Campbell*, 541 U.S. 637 (2004), and *Hill v. McDonough*, 547 U.S. 573 (2006). There is thus federal question jurisdiction over this case. Defendants' general subject-matter jurisdiction defense is rejected (Motion, ECF No. 998, PageID 38226-27). Their Eleventh Amendment immunity defense *id.* at PageID 38227-30, is considered below with the relevant Causes of Action.

**Cognizability**

Moving Defendants seek dismissal under Fed. R. Civ. P. 12(b)(6) on the ground that many of Plaintiff's Causes of Action do not state a claim upon which relief can be granted. "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1356 at 294 (1990); *see also Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), *citing Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987); *Gex v. Toys "R" Us*, 2007 U.S. Dist. LEXIS 73495, *3-5 (S.D. Ohio, Oct. 2, 2007). Stated differently, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is designed to test the sufficiency of the complaint. *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal

Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627, 161 L. Ed. 2d 577; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F. Supp. 2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 558 (2007),(*overruling Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and specifically disapproving of the proposition from *Conley* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief");

*see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545 (6th Cir. 2007).  In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court made it clear that

*Twombly* applies in all areas of federal law and not just in the antitrust context in which it was announced.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.").

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*], at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*,

at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678; *see also Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), *citing League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(stating allegations in a complaint "must do more than create speculative or suspicion of a legally cognizable cause of action; they must show entitlement to relief"); *see further Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*, 583 F.3d 896, 903 (6th Cir. 2009); *New Albany Tractor v. Louisville Tractor*, 650 F.3d 1046 (6th Cir. 2011) (holding a plaintiff is not entitled to discovery to obtain the necessary plausible facts to plead.)

Under *Iqbal*, a civil complaint will only survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.... Exactly how implausible is "implausible" remains to be seen, as such a malleable standard will have to be worked out in practice." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-630 (6th Cir. 2009).

For purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101 (6th Cir. 1995). The Court "need not accept as true legal conclusions or unwarranted factual inferences*." Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Bare assertions of legal conclusions are not sufficient. *Rondigo L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 684 (6th Cir. 2011); *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir. 2009); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Sogevalor, S.A. v. Penn Central Corp.*, 771 F. Supp. 890, 893 (S.D. Ohio 1991). It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss. *Id.*, *citing Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); see also Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1357 at 311-318 (1990).

A court "need not accept as true legal conclusions or unwarranted factual inferences and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010). "[A] formulaic recitation of the elements of a cause of action will not do." *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 246-47 (6th Cir. 2012)(*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

# Analysis

**First Cause of Action[1]**

       Withdrawn at Fourth Amended Complaint ("4AC")(ECF No. 978. PageID 36592).

**Second Cause of Action**

       Campbell's Second Cause of Action alleges that he has constitutionally protected liberty, life, and property interests arising from Ohio Revised Code § 2949.22(A) and the Execution Protocol 01-COM011 which are protected by the Due Process Clause of the Fourteenth Amendment and of which he will be deprived if the DRC Defendants execute him under the Protocol and their "overarching execution policy." (4AC, ECF No. 978, PageID 36594, ¶ 1003.) Plaintiffs Tibbetts and Otte made a parallel claim in their Fourth Amended Complaints which this Court dismissed. *In re: Ohio Execution Protocol Litigation (Tibbetts & Otte)*, 2017 U.S. Dist. LEXIS 107468 (S.D. Ohio, July 12, 2017)(hereinafter "Tibbetts/Otte 4AC Decision"), relying on *Cooey (Biros) v. Strickland*, 589 F. 3d 210 (6th Cir. 2009). Plaintiff Campbell's Second Cause of Action in the 4AC is dismissed for failure to state a claim upon which relief can be granted on the authority of *Cooey (Biros)* and *stare decisis*.

---

[1] As to Plaintiff's use of the phrase "cause of action" to describe their claims for relief, *see In re: Ohio Execution Protocol Litigation*, 2017 U.S. Dist. LEXIS 107468 *27, n. 2 (S.D. Ohio July 12, 2017).

**Third Cause of Action**

Withdrawn in the Third Amended Complaint (ECF No. 978, PageID 36598, ¶ 1021).

**Fourth Cause of Action**

Campbell's Fourth Cause of Action pleads claims under the Equal Protection Clause of the Fourteenth Amendment (4AC, ECF No. 978, PageID 36598-36640). It is parallel to the Fourth Causes of Action pleaded by Plaintiffs Tibbetts and Otte. Defendants' Motion to Dismiss the Fourth Cause of Action is denied as a matter of *stare decisis*. *Tibbetts/Otte 4AC Decision*, 2017 U.S. Dist. LEXIS at *37.

**Fifth Cause of Action**

Campbell's Fifth Cause of Action seeks to redress violations of fundamental rights arising under "the principles of liberty and/or natural law which are protected by the Ninth Amendment" to the United States Constitution (4AC, ECF No. 978, PageID 36640-44). Plaintiffs Otte and Tibbetts made parallel claims in their Fourth Amended Complaints. The Court dismissed those claims on the authority of *Gibson v. Mathews*, 926 F.2d 532 (6th Cir. 1991). *Tibbetts/Otte 4AC Decision, supra,* at *37-39. Campbell's Fifth Cause of Action is dismissed for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983 on the same authority and as a matter of *stare decisis.*

**Sixth Cause of Action**

In his Sixth Cause of Action, Campbell claims the limits placed by the Execution Protocol on his last statement violated his rights under the First Amendment to the United States Constitution (4AC, ECF No. 978, PageID 36644-46). Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints. The Court dismissed those claims in part on the authority of *In re: Ohio Execution Protocol Litig. (Wiles)*, 868 F. Supp. 2d 625 (S.D. Ohio 2012)(Frost, J.) and in part upon its own determination that "the evidence [Tibbetts and Otte] cite of likely restrictions that might be imposed by Warden Erdos (ECF No. 1018, PageID 39719) are not unreasonable regulations in this context." *Tibbetts/Otte 4AC Decision, supra,* at *39-42.

Campbell's Sixth Cause of Action is dismissed for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983 upon the same authority and as a matter of *stare decisis*.

**Seventh Cause of Action**

In his Seventh Cause of Action, Campbell pleads a "notice and opportunity to be heard" Due Process claim (4AC, ECF No. 978, PageID 36646-50). Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints. The Court dismissed those claims on the authority of *Fears v. Kasich (In re: Ohio Execution Protocol Litig.)*, 845 F.3d 231 (6th Cir. 2016). *Tibbetts/Otte 4AC Decision, supra,* at *42-49. Although a petition for certiorari is pending in the United States Supreme Court in this case, the Sixth Circuit decision remains good

law.  Campbell's Seventh Cause of Action is dismissed for failure to state a claim upon which relief can be granted and as a matter of *stare decisis*.

**Eighth Cause of Action**

In his Eighth Cause of Action, Campbell claims that executing him under the execution Protocol will constitute unlawful experimentation on his body without his consent (4AC, PageID 36651-56).  Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints.  The Court dismissed those claims by deciding that what the DRC Defendants intend to do in executing persons under the Execution Protocol does not constitute medical experimentation and therefore does not violate the substantive branch of the Fourteenth Amendment's Due Process Clause.  *Tibbetts/Otte 4AC Decision, supra,* at *49-57.  Campbell's Eighth Cause of Action is dismissed for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983 as a matter of *stare decisis*.

**Ninth Cause of Action**

In his Ninth Cause of Action, Campbell asserts that executing him under the Execution Protocol will violate his rights under the Privileges or Immunities Clause of the Fourteenth Amendment (4AC, ECF No. 978, PageID 36657-60).  Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints.  The Court dismissed those claims on the authority of the *Slaughter-House Cases,* 83 U.S. 36 (1873), as reaffirmed in *McDonald v. Chicago*, 561 U.S. 742 (2010).  *Tibbetts/Otte 4AC Decision, supra,* at *57-62.  The *Slaughter-House Cases*

have not been overruled since July 12, 2017. Therefore Campbell's Ninth Cause of Action is dismissed for failure to state a claim upon which relief can be granted on the same authority and as a matter of *stare decisis*.


**Tenth Cause of Action**


In his Tenth Cause of Action, Campbell asserts the current Execution Protocol (adopted October 7, 2016) violates his rights under the Ex Post Facto Clause of the United States Constitution (4AC, ECF No. 978, PageID 36661-65). Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints. The Court dismissed those claims on the authority of *Fears v. Morgan (In re Ohio Execution Protocol Litig.)*, 860 F.3d 881 (6th Cir. June 28, 2017)(en banc); cert den. sub nom. *Otte v. Morgan*, ___ U.S. ___, 2017 U.S. LEXIS 4327, 2017 WL 3160287 (July 25, 2017). *Tibbetts/Otte 4AC Decision, supra,* at *62-63. Campbell's Tenth Cause of Action is dismissed for failure to state a claim upon which relief can be granted on the basis of the same authority and as a matter of *stare decisis*.


**Eleventh Cause of Action**


In his Eleventh Cause of Action, Campbell claims the current Execution Protocol violates the Bill of Attainder Clause of the United States Constitution (4AC, ECF No. 978, PageID 36665-66). Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints. The Court dismissed those claims on the authority of *Selective Service System v. Minnesota Public Interest Research Group*, 468 U.S. 841 (1984). *Tibbetts/Otte 4AC Decision,*

*supra,* at \*63-64.  Campbell's Eleventh Cause of Action is dismissed for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983 and as a matter of *stare decisis*.


**Twelfth and Thirteenth Causes of Action**


In his Twelfth and Thirteenth Causes of Action, Campbell claims his execution under the current Execution Protocol will involve deliberate indifference to, and reckless disregard of, his serious medical needs in violation of the Eighth Amendment (4AC, ECF No. 978, PageID 36666-72).  Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints.  The Court denied dismissal of those claims, finding they were not implausible on their face.  *Tibbetts/Otte 4AC Decision, supra,* at \*64-66.  Defendants' Motion to Dismiss Campbell's Twelfth and Thirteen Causes of Action is denied on the basis of *stare decisis*.


**Fourteenth Cause of Action**


In his Fourteenth Cause of Action, Campbell claims that his right under the substantive prong of the Due Process Clause to be free of government actions that shock the conscience will be violated if his execution is carried out under the current Execution Protocol (4AC, PageID 36673-76).  Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints.  The Court dismissed those claims, concluding that using new drugs to replace older unavailable drugs for purposes of execution did not shock the conscience in a legal sense. *Tibbetts/Otte 4AC Decision, supra,* at \*66-69.  Campbell's Fourteenth Cause of Action is dismissed on the basis of *stare decisis*.

**Fifteenth through Nineteenth Causes of Action**

In his Fifteenth through Nineteenth Causes of Action, Campbell pleads claims solely against the Drug Source Defendants (except for a claim for declaratory relief against all Defendants in the Seventeenth Cause of Action) (4AC, PageID 978, PageID 36676-714). For the reasons given in *Tibbetts/Otte 4AC Decision, supra,* at *69, the Court declines to adjudicate the Motion to Dismiss as to these claims at this time. The Drug Source Defendants are as yet unidentified and unserved.

**Twentieth Cause of Action**

In his Twentieth Cause of Action, Campbell pleads an impending Eighth Amendment violation if he is executed according to the current Protocol because it will subject him to a substantial risk of serious harm in the form of severe, needless physical pain and suffering due to the identity of the drugs to be used (4AC, ECF No. 978, PageID 36714-17).

Defendants assert the Twentieth Cause of Action fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 because it does not plead a known alternative method of execution as required by *Glossip v. Gross,* 135 S. Ct. 2726 (2015), in pleading such an Eighth Amendment claim (Motion, ECF No. 998, PageID 38288). Campbell responds by referring the Court to PageID 36790-98 (Memo Opp. ECF No. 1021, PageID 39963). Defendants respond by arguing that the proposed alternatives do not satisfy *Glossip* in part because they depend on drugs Campbell admits the Defendants cannot obtain (Reply, ECF No. 1043, PageID 40529). In

the Court's opinion, this argument confuses pleading and proof requirements. *Glossip* requires both pleading and proving an alternative. In reversing this Court's grant of a preliminary injunction, the Sixth Circuit criticized the state of proof at that stage on available alternatives. But for pleading purposes under *Twombly* and *Iqbal*, the Twentieth Cause of Action is adequate. The Motion to Dismiss the Twentieth Cause of Action is denied.

**Twenty-First Cause of Action**

In his Twenty-First Cause of Action, Campbell pleads that his execution under the current Protocol will violate the Eighth Amendment because it will subject him to a substantial risk of serious harm in the form of severe, needless physical pain and suffering due to the source of the drugs to be used (4AC, ECF No. 978, PageID 36718-22). Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints. The Court denied dismissal of those claims. *Tibbetts/Otte 4AC Decision, supra,* at *69-70. Dismissal of Campbell's Twenty-First Cause of Action is denied on the basis of *stare decisis.*

**Twenty-Second Cause of Action**

In his Twenty-Second Cause of Action, Campbell pleads that his execution under the current Protocol will, in violation of the Eighth Amendment, subject him to a substantial risk of serious harm in the form of severe mental or psychological pain, suffering, and torturous agony due to the identity of the drugs to be used (4AC, ECF No. 978, PageID 36722-25). Although the Sixth Circuit reversed this Court's grant of preliminary injunctive relief based on the identity of

the drugs to be used, it did not hold the Plaintiffs there had failed to state a claim upon which relief could be granted. The Motion to Dismiss as to the Twenty-Second Cause of Action is denied.

**Twenty-Third Cause of Action**

In his Twenty-Third Case of Action, Campbell pleads that his execution under the current Protocol will, in violation of the Eighth Amendment, subject him to a substantial risk of serious harm in the form of severe mental or psychological pain, suffering, and torturous agony due to the source of the drugs to be used (4AC, ECF No. 978, PageID 36725-27). Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints. The Court denied dismissal of those claims. *Tibbetts/Otte 4AC Decision, supra,* at *69-70. Dismissal of Campbell's Twenty-Third Cause of Action is denied on the basis of *stare decisis*.

**Twenty-Fourth Cause of Action**

In his Twenty-Fourth Cause of Action, Campbell pleads that his execution under the current Protocol will violate his Eighth Amendment rights by subjecting him to a substantial risk of serious harm in the form of a lingering death (4AC, ECF No. 978, PageID 36727-33). Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints. The Court denied dismissal of those claims. *Tibbetts/Otte 4AC Decision, supra,* at *70-71. Dismissal of Campbell's Twenty-Fourth Cause of Action is denied on the basis of *stare decisis*.

**Twenty-Fifth Cause of Action**

In his Twenty-Fifth Cause of Action, Campbell pleads that his execution under the current Protocol will violate his Eighth Amendment rights because it will entail a substantial risk of serious harm in the form of being subjected to an undignified, spectacle execution or attempted execution (4AC, ECF No. 978, PageID 36733-37). Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints. The Court denied dismissal of those claims. *Tibbetts/Otte 4AC Decision, supra,* at *70-71. Dismissal of Campbell's Twenty-Fifth Cause of Action is denied on the basis of *stare decisis*.

**Twenty-Sixth Cause of Action**

In his Twenty-Sixth Cause of Action, Campbell pleads that his execution under the current Protocol will violate his Eighth Amendment rights by subjecting him to a substantial risk of serious harm in the form of being subjected to an unwanted, non-consensual human experimentation of an execution (4AC, ECF No. 978, PageID 36737-40). Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints. The Court dismissed those claims on the same basis as its dismissal of the human experimentation claim under the Fourteenth Amendment. *Tibbetts/Otte 4AC Decision, supra,* at *71. Campbell's Twenty-Sixth Cause of Action is dismissed on the basis of *stare decisis*.

**Twenty-Seventh Cause of Action**

In his Twenty-Seventh Cause of Action, Campbell pleads that his execution under the current Protocol will violate his Eighth Amendment rights by subjecting him to a substantial risk of serious harm in the form of maladministration or arbitrary administration of the Protocol (4AC, ECF No. 978, PageID 36740-48). Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints. The Court dismissed those claims on the authority of *Cooey (Biros) supra*. *Tibbetts/Otte 4AC Decision, supra,* at *71-72. Dismissal of Campbell's Twenty-Seventh Cause of Action is dismissed on the same authority and on the basis of *stare decisis*.

**Twenty-Eighth Cause of Action**

In his Twenty-Eighth Cause of Action, Campbell pleads that his execution under the current Protocol will violate his Eighth Amendment rights by subjecting him to a substantial risk of serious harm in the form of being subjected to an execution protocol that is facially unconstitutional because it does not preclude the execution of an inmate that [sic] is categorically exempt from execution (4AC, ECF No. 978, PageID 36748-50). Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints which the Court dismissed because they had not pleaded they were exempt from execution by virtue of being intellectually disabled or mentally incompetent. *Tibbetts/Otte 4AC Decision, supra,* at *72-73. Campbell's Fourth Amended Complaint also lacks any such allegation. His Twenty-Eighth Cause of Action is therefore dismissed for failure to state a claim upon which relief can be granted on the basis of *stare decisis*.

**Twenty-Ninth Cause of Action**

In his Twenty-Ninth Cause of Action, pleads that anticipation of his execution under the current protocol presently violates his Eighth Amendment rights (4AC, ECF No. 978, PageID 36751-57). Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints which the Court dismissed because no authority was presented for the proposition that "any present compensable or enjoinable harm . . . flows from the existence of an execution protocol that is separate from the future harm cognizable under *Baze" v. Reese*, 553 U.S. 35(2008). *Tibbetts/Otte 4AC Decision, supra,* at *73. Campbell's Twenty-Ninth Cause of Action is therefore dismissed for failure to state a claim upon which relief can be granted on the basis of *stare decisis*.

**Thirtieth Cause of Action**

In his Thirtieth Cause of Action, Campbell asserts that his execution under the current protocol will violate the Due Process Clause of the Fourteenth Amendment because, in adopting it and then executing him under it, the DRC Defendants will deprive him of a life interest protected by the federal regulation of "new drugs." (4AC, ECF No. 978, PageID 36757-65.) Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints which the Court dismissed because "there is no constitutional right to have the procedures that are a part of a state or federal statute enforced through a § 1983 action." *Tibbetts/Otte 4AC Decision, supra,* at *74-75, citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993). Campbell's Thirtieth

Cause of Action is dismissed for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983 on the same authority and on the basis of *stare decisis*.

**Thirty-First Cause of Action**

In his Thirty-First Cause of Action, Campbell asserts the Defendants' failures to comply with the same "new drug" laws referenced in the Thirtieth Cause of Action violate his rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (4AC, ECF No. 978, PageID 36765-66). Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints which the Court dismissed on the same basis as it dismissed their Due Process claims regarding these "new drug" laws. *Tibbetts/Otte 4AC Decision, supra,* at *75-76. Campbell's Thirty-First Cause of Action is dismissed on that same basis and on the basis of *stare decisis*.

**Thirty-Second Cause of Action**

In his Thirty-Second Cause of Action, Campbell asserts that the Execution Protocol's restrictions on "last words" violates his Free Exercise rights under the First Amendment and his statutory rights under the Religious Land Use And Institutionalized Persons Act, 42 U.S.C. §§ 2000cc et seq. (4AC, ECF No. 978, PageID 36766-67.) Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints which the Court dismissed on the basis of Judge Frost's prior decision in this case, *In re Ohio Execution Protocol Litig. (Wiles),* 868 F.

Supp. 2d 625 (S.D. Ohio 2012).  *Tibbetts/Otte 4AC Decision, supra,* at *76-81.  Campbell's Thirty-First Cause of Action is dismissed on that same basis and on the basis of *stare decisis*.


**Thirty-Third Cause of Action**


In his Thirty-Third Cause of Action, Campbell pleads that his execution under the current Execution Protocol will violate his Eighth Amendment rights to be free from a "substantial risk of serious harm in the form of severe, needless physical or mental/psychological pain and suffering due to Plaintiff's unique, individual characteristics. . ."  (4AC, ECF No. 978, PageID 36767-70).  Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints which the Court dismissed because those Plaintiffs had not pleaded with sufficient particularity unique individual characteristics that were relevant. *Tibbetts/Otte 4AC Decision, supra,* at *81-84.  Campbell's Fourth Amended Complaint suffers from the same deficiency. Compare, for example, ECF No. 691, ¶¶ 1755-57 with ECF No. 978, ¶¶ 1753-55.  Campbell's Thirty-Third Cause of Action is therefore dismissed for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983 on the basis of *stare decisis*.

In *Tibbetts/Otte 4AC Decision,* the Court expressly made the dismissal of Tibbetts and Otte's Thirty-Third and Thirty-Fourth Causes of Action "without prejudice."  This language assumed there might be particular mental or physical characteristics of those Plaintiffs that could be pleaded by amendment so as to satisfy Fed. R. Civ. P. 12(b)(6).  The same is true of Plaintiff Campbell.  However, the absence of the "without prejudice" language in the dismissals of other claims by Tibbetts or Otte should not be read as precluding motions to amend if the law or facts

change with respect to other claims. A dismissal under Fed. R. Civ. P. 12(b)(6) is not finally with prejudice until it is embedded in a judgment.

**Thirty-Fourth Cause of Action**

In his Thirty-Fourth Cause of Action, Campbell pleads that the same unique individual characteristics referenced in the Thirty-Third Cause of Action implies that the DRC Defendants "will apply the Execution Protocol and Ohio Revised Code § 2949.22(a)[sic] disparately in a way that burdens his fundamental right to be free from cruel and unusual punishment" in violation of the Equal Protection Clause of the Fourteenth Amendment (4AC, ECF No. 978, PageID 36770-73 and quoting ¶ 1760). Plaintiffs Tibbetts and Otte made parallel claims in their Fourth Amended Complaints which the Court dismissed because those Plaintiffs had not pleaded with sufficient particularity unique individual characteristics that were relevant. *Tibbetts/Otte 4AC Decision, supra,* at *81-84. As noted above, Campbell's Fourth Amended Complaint is not pleaded with any more particularity than Tibetts' or Otte's. Campbell's Thirty-Fourth Cause of Action is therefore dismissed on the basis of *stare decisis*.

**Thirty-Fifth through Thirty-Seventh Causes of Action**

In his Thirty-Fifth Cause of Action, Campbell asserts that the DRC Defendants have violated his Eighth Amendment rights by adopting a lethal injection protocol that, in its three-drug alternative, uses midazolam as the first drug because use of that protocol will cause "severe physical pain and torturous mental anguish and suffering." (4AC, ECF No. 978, PageID 36774-

76.)  In his Thirty-Sixth Cause of Action, Campbell makes the same claim but limited to the use of midazolam.  *Id.* at PageID 36776-77.  In his Thirty-Seventh Cause of Action, Campbell asserts that returning to a three-drug method of execution previously abandoned, the DRC Defendants violate his Eighth Amendment rights by intentionally or at least knowingly choosing a method of execution that inflicts pain over and above inflicting death.  Defendants assert and Campbell confirms these claims are based on *Farmer v. Brennan*, 511 U.S. 825, 836–40 (1994); *Wilkerson v. Utah*, 99 U.S. 130, 136 (1879); and *In re Kemmler*, 136 U.S. 436, 447 (1890)(Memo in Opp., ECF No. 1021, PageID 39996).

Defendants seek dismissal of these claims on the basis of this Court's decision on the preliminary injunction motion of Plaintiffs Phillips, Tibbetts, and Otte.  *In re:  Ohio Execution Protocol (Phillips, Tibbetts, & Otte)*, 2017 U.S. Dist. LEXIS 11019 (S.D. Ohio Jan. 26, 2017).  In that decision, the Court denied preliminary injunctive relief on the parallel *Wilkerson/Kemmler* claims of the three Plaintiffs involved.  *Id.* at *30-31.

Campbell argues that decision is distinguishable or the Court was in error in that the Court was only discussing intentional infliction of pain and ignored the broader standard in *Farmer, supra,* prohibiting under the Eighth Amendment the knowing infliction of pain as well as the intentional infliction (Memo in Opp., ECF No. 1021, PageID 40000).

Campbell is correct that this Court in the preliminary injunction decision did conclude that "Plaintiffs did not prove at the preliminary injunction hearing that an execution under the current protocol would be so likely to inflict serious pain that anyone using it would have to know that fact **and** intend the result."  *Phillips, Tibbetts, & Otte, supra*, at *31.  As written, that implies a conjunctive standard under *Farmer*.  However, that standard, if wrong, was applied only in the alternative.  The Court first wrote it "is not persuaded that Supreme Court jurisprudence recognizes these three disparate theories."  *Id.* at *30.

The Court now makes explicit what was implicit in the prior decision: Campbell's Thirty-Fifth, Thirty-Sixth, and Thirty-Seventh Causes of Action do not state a claim under the Eighth Amendment upon which relief can be granted under 42 U.S.C. § 1983 and are dismissed on that basis.

**Thirty-Eighth Cause of Action**

In his Thirty-Eighth Cause of Action, Campbell asserts an Eighth Amendment claim "based on devolving [sic] standards of decency." (4AC, ECF No. 978, PageID 36784-87). In the preliminary injunction decision, the Court rejected the evolving standards of decency argument as a basis for invalidating Ohio's current execution protocol. *Phillips, Tibbetts, & Otte, supra*, at *31-36. In that decision, the Court only held that Plaintiffs were unlikely to prevail on that claim because "this Court believes neither the Sixth Circuit nor the Supreme Court is prepared to recognize an 'evolving standards of decency' claim . . . ." *Id.* at *36. The subsequent decisions of the Sixth Circuit on appeal from the grant of preliminary injunctive relief and the Supreme Court's denial of certiorari confirm that belief.[2]

As with the Thirty-Fifth, Thirty-Sixth, and Thirty-Seventh Causes of Action, the Court now makes explicit what was implicit in the prior decision: Campbell's Thirty-Eighth Cause of Action fails to state a claim for relief under the Eighth Amendment on which relief can be granted under 42 U.S.C. § 1983 and is dismissed on that basis.

---

[2] Phillips, Tibbetts, and Otte did not cross-appeal the denial of relief on their evolving standards of decency claim, so there is no opinion directly in point from either the Sixth Circuit or the Supreme Court.

**Thirty-Ninth Cause of Action**

In his Thirty-Ninth Cause of Action, Campbell asserts his execution by use of a three-drug method will violate the Eighth Amendment regardless of the identity of the first drug used (4AC, ECF No. 978, PageID 36787-98). This claim is precluded by the Sixth Circuit's decision on appeal from the preliminary injunction. *In re: Ohio Execution Protocol (Phillips, Tibbetts, & Otte)*, 860 F.3d 881 (6th Cir. June 28, 2017)(en banc); *cert den. sub nom. Otte v. Morgan*, ___ U.S. ___, 2017 WL 3160287 (July 25, 2017). On the basis of that authority, Campbell's Thirty-Ninth Cause of Action is dismissed for failure to state a claim upon which relief can be granted.

**Fortieth Cause of Action**

In his Fortieth Cause of Action, Campbell asserts use of a three-drug execution method with midazolam as the first drug violates his Eighth Amendment rights (4AC, ECF No. 978, PageID 36798-804. This claim is precluded by the Sixth Circuit's decision on appeal from the preliminary injunction. *In re: Ohio Execution Protocol (Phillips, Tibbetts, & Otte)*, 860 F.3d 881 (6th Cir. June 28, 2017)(en banc); *cert den. sub nom. Otte v. Morgan*, ___ U.S. ___, 2017 WL 3160287 (July 25, 2017). On the basis of that authority, Campbell's Fortieth Cause of Action is dismissed for failure to state a claim upon which relief can be granted.

**Forty-First Cause of Action**

In his Forty-First Cause of Action, Campbell alleges any use of midazolam in executing him will violate the Eighth Amendment (4AC, ECF No. 978, PageID 36804-05). This claim is

precluded by the Sixth Circuit's decision on appeal from the preliminary injunction. *In re: Ohio Execution Protocol (Phillips, Tibbetts, & Otte)*, 860 F.3d 881 (6th Cir. June 28, 2017)(en banc); *cert den. sub nom. Otte v. Morgan*, ___ U.S. ___, 2017 WL 3160287 (July 25, 2017). On the basis of that authority, Campbell's Forty-First Cause of Action is dismissed for failure to state a claim upon which relief can be granted.


**Forty-Second Cause of Action**


In his Forty-Second Cause of Action, Campbell asserts that amendment of the Execution Protocol, 01-COM-11, to remove any required concentrations of the execution drugs violates his Eighth Amendment rights because it removes a safeguard and thereby creates a substantial risk that Campbell will experience severe pain and suffering when being executed under the Protocol (4AC, ECF No. 978, PageID 36805-08).

Defendants assert this Cause of Action does not state a cognizable claim for relief, relying on *Baze, supra,* and *Lousiana. ex rel Willie Francis, v. Resweber,* 329 U.S. 459 (1947)(Motion, ECF No. 998, PageID 38309-10).

Based on Judge Frost's prior decisions in the case, cited in Campbell's Memorandum in Opposition (ECF No. 1021, PageID 40010-15) dealing with the elimination of safeguards in the Execution Protocol, the Court finds the Forty-Second Cause of Action states a claim upon which relief may be granted. Defendants' Motion to Dismiss the Forty-Second Cause of Action is therefore denied.

**Forty-Third Cause of Action**

In his Forty-Third Cause of Action, Campbell asserts the DRC Defendants are precluded from use of the current Execution Protocol by the doctrines of judicial estoppel and/or judicial admission (4AC, ECF No. 978, PageID 36808-12).  This claim is precluded by the Sixth Circuit's decision on appeal from the preliminary injunction.  *In re:  Ohio Execution Protocol (Phillips, Tibbetts, & Otte)*, 860 F.3d 881 (6th Cir. June 28, 2017)(en banc); *cert den. sub nom. Otte v. Morgan*, ___ U.S. ___, 2017 WL 3160287 (July 25, 2017).  On the basis of that authority, Campbell's Forty-Third Cause of Action is dismissed for failure to state a claim upon which relief can be granted.

**Forty-Fourth Cause of Action**

In his Forty-Fourth Cause of Action, Campbell alleges the DRC Defendants failed to follow ODRC policy and Ohio law in adopting the current Execution Protocol (4AC, ECF No. 978, PageID 36813-30).  Campbell has withdrawn this Cause of Action (Memo Opp. ECF No. 1021, PageID 4003132).  With his consent,*id.*, the Forty-Fourth Cause of Action is dismissed without prejudice.

**Forty-Fifth Cause of Action**

In his Forty-Fifth Cause of Action, Campbell alleges that a three-drug method of execution using midazolam no longer comports with prevailing standards of decency and thus must be categorically barred (4AC, ECF No. 978, PageID 36830-41).  This claim is precluded by

the Sixth Circuit's decision on appeal from the preliminary injunction. *In re: Ohio Execution Protocol (Phillips, Tibbetts, & Otte)*, 860 F.3d 881 (6th Cir. June 28, 2017)(en banc); *cert den. sub nom. Otte v. Morgan*, ___ U.S. ___, 2017 WL 3160287 (July 25, 2017). On the basis of that authority, Campbell's Forty-Fifth Cause of Action is dismissed for failure to state a claim upon which relief can be granted.

**Forty-Sixth Cause of Action**

In his Forty-Sixth Cause of Action, Campbell seeks relief under the Ohio Corrupt Practices Act against Defendants Richard Theodore and Execution Team Members 17, 21, 31, and 32 (4AC, ECF No. 978, PageID 36841-57). This Cause of Action has been dismissed by separate order (ECF No. 1138).

**Forty-Seventh Cause of Action**

In his Forty-Seventh Cause of Action, Campbell asserts the DRC Defendants violated his Equal Protection rights by "[a]dopting a new execution protocol in an arbitrary manner that violates Ohio state law . . ." (4AC, ECF No. 978, PageID 36857-78). As to this Cause of Action, Campbell seeks both declaratory and injunctive relief.

Defendants seek dismissal of the Forty-Seventh Cause of Action on the ground that "mere violation of a state statute does not infringe the federal constitution." (Motion, ECF No. 998, PageID 38320, citing *Snowden v. Hughes*, 321 U.S. 1 (1944). To the same effect is *Embody v. Ward*, 695 F.3d 577 (6th Cir. 2012). Campbell opposes dismissal on the basis of a law-of-the-case argument, citing, inter alia, Judge Frost's decision in *Phillips (In re Ohio Execution*

*Protocol Litig.)*, 2013 U.S. Dist. LEXIS 159680 (S.D. Ohio 2013). While Judge Frost was indeed open to equal protection arguments, it stretches the logic of his decisions well beyond the breaking point to claim they embrace treating violations of the Ohio Administrative Procedure Act as Equal Protection violations.

Based on the authority cited by Defendants, the Court finds that Campbell's Forty-Seventh Cause of Action fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 and it is dismissed on that basis.


August 14, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge