# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
  PROTOCOL LITIGATION,

Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to All Plaintiffs

# DECISION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR AN ORDER REGARDING DISCOVERY

This § 1983 capital case is before the Court on Plaintiffs' Motion for Discovery Order (ECF No. 1145), Defendants' Memorandum in Opposition (ECF No. 1162) and Plaintiffs' Reply in Support (ECF No. 1172). Counsel made additional argument about the Motion during th4e telephonic status conference on August 29, 2017.

**Material Released to the Media**

Plaintiffs seek first to have the Court reduce to writing an oral order made by District Judge Gregory Frost on April 29, 2010, while this case was assigned to him which required Defendants to produce to Plaintiffs' counsel materials related to any particular execution no later than the time when those materials were provided to any members of the media. Defendants note that there is no record evidence of this order, but do not deny that Judge Frost made it.

1

Independent of record proof of the content of any such oral order, Plaintiffs have shown good cause for expedited discovery of "materials related to any particular execution which are provided to the media," to wit, that the schedule of executions set over the next several years does not allow enough time between executions for discovery to proceed on the schedule ordinarily involved in civil litigation. To the extent that each completed execution provides or may provide evidence relevant to the claims of the next person scheduled for execution, the usual thirty-day response period is too long.

Defendants' counterargument is that there is insufficient personnel in the Attorney General's Capital Crimes Unit to perform the required review of documents to release them on the schedule Plaintiffs request, to wit, four trial attorneys and one paralegal "to ensure that [responsive materials] are properly redacted or withheld and identified on a privilege log." (ECF No. 1162, PageID 43566).

The short answer to this counterargument is that all of the concerns which would caution against release to Plaintiffs' counsel ("inadvertent production of material that is sensitive, privileged, or protected") apply also to release to the media. If material is released to the media, any privilege relating to that material would be waived by that release, so no further review by counsel would be needed before providing the same material to Plaintiffs' counsel.

The longer or deeper answer is that the Defendants cannot escape discovery obligations in this case by pleading lack of resources. Capital punishment is a very expensive government program and most of the expense is litigation-related. The litigation is specialized and therefore managed on both sides by specialists. Counsel make very few concessions to the demands of the other side.[1] As Judge Frost earlier put it, "[i]f Ohio is going to be in the business of executing

---

[1] Counsel in this case, however, are to be commended for their frequent generous responses to opposing counsels' requests for extensions of time.

individuals and if Defendants are interested in defending themselves in this lawsuit, then the state actors involved must accept the consequent burdens that this at time entails." (ECF No. 396, PageID 11901). The Court appreciates that the particular Defendants in this case are under orders from various state judges to execute those whose death sentences have survived appellate and habeas review. But death sentences cannot be unfunded mandates. If Ohio wishes to proceed with executions at the currently scheduled rate, it must adequately fund defense of this litigation. So far as this Court is aware, there is no shortage of employable attorneys or paralegals.

Conversely, the media are not legally entitled to any consideration greater than that afforded the litigants. Assuming that materials furnished to the media are "public records" within the meaning of the Ohio Public Records Act (Ohio Revised Code § 149.43), Defendants would be required to produce them, but not instantaneously ("promptly prepared and made available"). Defendants may produce materials to the media faster than the Public Records Act would require in the interest of governmental transparency, but they have no less responsibility to be transparent to Plaintiffs' counsel. During the telephone conference on August 29, 2017, Defendants confirmed their willingness to provide these materials to those of Plaintiffs' counsel who are present at the Southern Ohio Correctional facility for any execution at the same time they are provided to the press and Defendants are hereby ORDERED to do so. The same materials shall be furnished to counsel for any Plaintiff who is not present for the execution within twenty-four hours after they are furnished to the press.

**Supplemental Production**

Plaintiffs' second request is for "a new order reflecting the same expedited discovery production deadlines in Judge Frost's order issued December 23, 2014 (ECF No. 507), namely that Defendants must produce any existing supplemental discovery materials within [fourteen] calendar days of the [entry of] the new order and must produce any supplemental discovery materials created on or after the date of the order within [seven] calendar days of the creation of such materials." (Motion, ECF No. 1145, PageID 43398; Reply, ECF No. 1172, PageID 44309).

Although no explicit reference is made to the Rule, the Court confirmed during the August 29, 2017, telephone conference that the parties in this section of their argument discussing supplementation are referring to the obligation imposed by Fed. R. Civ. P. 26(e) on a party responding to a discovery request to supplement a response to a discovery request discovered to be incomplete or incorrect "in a timely manner." That is, the Court does not understand Plaintiffs to be seeking shortened response times on new discovery requests made in the case. As to any such new requests, Defendants are entitled to the response times provided in the Federal Rules of Civil Procedure absent a court order shortening the time with a showing of good cause as to any such new request.

However, as to supplemental production as defined in Fed. R. Civ. P. 26(e), Plaintiffs' request is quite reasonable. That is to say, given the existing execution schedule, production of all now-existing supplemental material within fourteen days of this Order and production of such material hereafter created within seven days of its creation is found to be "timely."

The Court has not been asked to find that any particular discovery request already made in the case is objectionable under the Federal Rules of Civil Procedure on the basis of burden or irrelevance. In particular, the Court has not been asked to decide whether particular discovery requests are as narrowly tailored as Defendants believe is appropriate (See Memo. in Opp., ECF No. 1162, PageID 43568).

There is no need to rush, Defendants argue, because "the remaining executions are anticipated to occur using the same execution protocol that was already litigated before this Court and for which a full round of appeals has been completed." *Id.* at PageID 43568. That observation is probably dependent on Ohio's having an adequate supply of midazolam at 1000 mg per execution for the "remaining executions," but the Court has never been advised that that is the case. The existing execution protocol provides the State options to that method that have not been subject to complete litigation, e.g., the use of compounded execution drugs.

Defendants conclude, in essence, that going too fast will lead to mistakes, that "a rushed process creates only more problems." *Id.* at PageID 43569. Having been chastised by the Sixth Circuit for not writing enough, despite the time limitations, in deciding the last preliminary injunction motion (*Fears v. Morgan (In Re Ohio Execution Protocol)*, 853 F.3d 822, 849 (6th Cir. 2017); *Fears v. Morgan (In Re Ohio Execution Protocol),* 860 F.3d 881, 886 (6th Cir. 2017)), the Court is well aware that going too fast creates problems. But it is the State of Ohio which has set the pace by choosing the execution schedule it has and the State must supply the Attorney General with the resources needed to meet that schedule.[2]

Accordingly, it is FURTHER ORDERED that Defendants (1) produce any existing supplemental (as defined above) discovery materials within fourteen calendar days of the entry

---

[2] Incidentally, the Court has no funds available to employ additional law clerks devoted to capital cases. Those clerk positions are allocated and funded nationally pursuant to a formula, and not a case-by-case evaluation of the caseload.

5

of this Order and (2) produce any supplemental discovery materials created on or after the entry of this Order within seven calendar days of the creation of such materials.

August 29, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge
