# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
  PROTOCOL LITIGATION,

Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to Plaintiff
  Gary Otte.

# DECISION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE

This § 1983 capital case is before the Court on Plaintiff Gary Otte's Motion for Stay of Execution, temporary restraining order, and preliminary injunction (ECF No. 1168).

Mr. Otte, and the Defendants with respect to Mr. Otte's case, have unanimously consented to plenary magistrate judge jurisdiction under 28 U.,S.C.§ 636(c) and Chief Judge Sargus has referred that portion of the case on a full-consent basis (ECF No. 734). Thus the Magistrate Judge has authority to decide the instant motion.

The purpose of a temporary restraining order is to preserve the status quo pending a preliminary injunction hearing. Traditional equity practice and Fed. R. Civ. P. 65(b) permit such an order to be issued, even without notice to opposing parties, when necessary to prevent irreparable harm to a party before the preliminary injunction motion can be heard.

There is no need for a temporary restraining order in this case. Indeed, in requesting preliminary injunctive relief, Plaintiff Otte makes no distinction between a TRO and a preliminary injunction. (Compare the distinction made by Plaintiff between a stay of execution and a preliminary injunction (Motion, ECF No. 1168, PageID 44130, relying on *Nken v. Holder*, 556 U.S. 418,[1] 129 S. Ct. 1749, 1757-58 (2009)(distinguishing between the power of a federal appellate court to stay a lower court judgment pending review from the power of such a couirt to enjoin a depotation). The purpose of a temporary restraining order is to preserve the status quo pending a preliminary injunction hearing. Wright, Miller, & Kane, Federal Practice and Procedure: Civil § 2951, citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423 (1974); *First Technology Safety Systems, Inc., v. Depinet*, 11 F.3d 641 (6th Cir. 1993). The act Plaintiff seeks to enjoin is Defendants' attempt to execute him on September 13, 2017, without an adequate means of determining whether he has been rendered unconscious by the first drug to be used in the three-drug execution protocol presently in place, midazolam in a 500 milligram dose. There is time to conduct preliminary injunction proceedings before Defendants do any act which is alleged to be unconstitutional and the Court has set a hearing on the preliminary injunction motion for 9:30 A.M.. on Wednesday, September 6, 2017.

Accordingly, that portion of the Motion which seeks a temporary restraining order is DENIED without prejudice to the other portions of the Motion.

---

[1] Plaintiff gives the Supreme Court Reporter citation of 129 S. Ct. 1749 with the pinpoint citation of pages 1757-58. Counsel are reminded of S.D. Ohio Civ. R. 7.2(b)(3) which requires citing to the official reports of the United States Supreme Court when they have been published.

The Clerk will leave ECF No. 1168 shown as pending on the docket.

August 29, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge