IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
PROTOCOL LITIGATION,

Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to Plaintiffs
Otte, Tibbetts, and Campbell

# DECISION AND ORDER DENYING PLAINTIFFS TIBBETTS AND CAMPBELL LEAVE TO JOIN PLAINTIFF OTTE'S PRELIMINARY INJUNCTION MOTIION

This § 1983 capital case is before the Court on Plaintiffs Tibbets and Campbell's Notice of Joining Plaintiff Otte's Preliminary Injunction Motion (ECF No. 1190). In that document, Tibbetts and Campbell tell the Court first that they "will jointly present evidence in support of that motion at the hearing this Court has scheduled for September 6, 2017," and then announce that by joining Otte's motion, "they do not waive their right to assert other arguments in favor of a preliminary injunction, including those already raised (see Campbell's Preliminary Injunction Motion, ECF No. 1163).

Tibbetts has already had a hearing on a prior motion for preliminary injunction. When asked at the telephone scheduling conference of August 29, 2017, whether he was going to file another such motion, his counsel essentially said he had not yet made up his mind. He certainly

did not seek leave of court to join in Otte's motion or to reserve for himself some part of the one day set aside for this hearing to present evidence on how own behalf.

From the way the Notice of Joining is written, the Court infers that Tibbetts is seeking, by joining Otte's Motion to obtain injunctive relief for himself. This the Court will not permit. Tibbetts has not filed a second motion for preliminary injunction nor has he sought a hearing date for such a motion. He cannot by "notice" commandeer part of a one-day hearing set for another inmate on less than a week's notice. Nor can he, by joining in Otte's motion, thereby acquire some leverage to extend the hearing or present evidence of his own. The Court, of course, has no objection to Tibbetts' saying that he supports Otte's request for relief, but he is simply too late to just "join in" on his own behalf. Because the Governor reprieved Tibbets' execution date from October 2017 to February 2018, he will have an opportunity to file his own second preliminary injunction motion, the deadline for which the Court will set shortly.

Part of the Court's concern relates to time. Assuming the Otte hearing concludes as planned at 5:00 p.m. on Wednesday, September 6, 2017 (the earliest date requested by Otte's counsel), there will be only 161 hours left until Otte's scheduled execution. The entire judicial decision process – district court decision plus appellate process plus application fo certiorari – must be compressed into that time. Adding additional parties, evidence, and claims to that process is completely unworkable with that time frame. The fact that Otte's co-counsel, Ms. Werneke, has signed the Notice of Joining has no impact on this time compression issue.

Alva Campbell was not a party to the preliminary injunction proceeding in January 2017. Although he has filed his own separate Motion for Preliminary Injunction (ECF No. 1163) in anticipation of his scheduled execution date of November 15, 2017, he has not yet sought or been given a hearing date on that Motion. In joining Otte's Motion, he has expressly said he wants to

2

be heard further on his own arguments (ECF No. 1190, PageID 44465). He is not entitled to two preliminary injunction hearings. He also may not commandeer a part of Otte's short hearing by presenting evidence on his own behalf.

Tibbetts and Campbell are free to support Otte's bid for injunctive relief. Because Otte's claims are directed to the Execution Protocol in a way that would impact Tibbetts and Campbell as well, so a victory for him would redounded to their benefit. But they may not piggyback on Otte's hearing to seek relief for themselves.

September 3, 2017.

s/ *Michael R. Merz*
Michael R. Merz
United States Magistrate Judge
