# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to All Plaintiffs

# DECISION AND ORDER REGARDING OTTE AUTOPSY RESULTS

During a scheduling conference on September 21, 2017, Plaintiffs' counsel confirmed that the autopsy of former Plaintiff Gary Otte which they had requested be done by Dr. Russell Uptegrove was in fact done. Defendants requested that Dr. Uptegrove's report of the autopsy be provided to them.

Plaintiffs responded in writing on September 25, 2017 (ECF No. 1254). Plaintiffs again confirmed that Dr. Uptegrove performed an autopsy on Mr. Otte's body on September 13, 2017, the date of his execution. *Id.* at PageID 45892. Assuming Defendants request was construed as made under Fed. R. Civ. P. 34, Plaintiffs objected that "no report from the doctor exists and Plaintiffs cannot be compelled to create a document where none exists." *Id.* at PageID 45893. Specifically, they claim "[t]here is no report, or findings otherwise reduced to writing, by Dr. Uptegrove." *Id.* They admit that Dr. Uptegrove took photographs, but claim they do not convey the "results" of the autopsy, "but merely document discrete pieces of information gathered

during the course of the autopsy" at counsels' direction and their disclosure "would reveal litigation theories and strategy." *Id.*

Plaintiffs assert the information gathered by Dr. Uptegrove is fact work product protected from disclosure by Fed. R. Civ. P. 26(b(3). They claim their counsel consulted with Dr. Uptegrove on strategy and "made specific requests as to the information to be gathered, tests to be performed, and samples to be collected according to litigation strategy that they had developed." *Id.* at PageID 45897.

Plaintiffs concede that fact work product can be obtained upon a showing of exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." *Id.* at PageID 45898, quoting Fed. R. Civ. P. 26(b)(4)(D). Because by Plaintiffs' interpretation of ODRC Policy No. 66-ILL-02 (eff. 07/28/2014), Defendants could themselves have had an autopsy performed and did not, they thereby demonstrated "their lack of need for the information". *Id.* at PageID 45899.

Plaintiffs have now confirmed that they do not intend to call Dr. Uptegrove as a witness, either in their case in chief or in rebuttal, as the preliminary injunction hearing set for October 23, 2017 (ECF No. 1266, PageID 46345). Plaintiffs are under a duty to disclose to the Court and Defendants if that intention changes.

Plaintiffs further state that they do not intend "for any of their testifying experts to rely on any of [Dr. Uptegrove's] work in forming their opinions." *Id.* at PageID 46344. However, if any data gathered or opinions formed by Dr. Uptegrove has been furnished to any of the Plaintiffs' testifying expert witnesses or is in the future furnished to any such expert, it must be disclosed to Defendants. *Innovative Sonic, Ltd v. Research in Motion, Ltd,* 2013 U.S. Dist.

LEXIS 28238 (N.D. Texas March 1, 2013)(Stickney, M.J.). Plaintiffs' work product objection is otherwise SUSTAINED.

Plaintiffs' objection that Defendants have no need for the information or are precluded by their failure to conduct their own autopsy is OVERRULED . The Court does not accept Plaintiffs interpretation of ODRC Policy No. 66-ILL-02 (eff. 07/28/2014). It strikes the Court as possibly contrary to the best interests of Plaintiffs' counsels' still living clients for counsel to insist that, having executed a plaintiff, Defendants should subject his body to an autopsy on pain of not learning the results of any autopsy conducted at the decedent's request. In any event, whatever information Defendants could have obtained by ordering an autopsy had they done so on September 13, 2017, that information is not now obtainable by them, at least insofar as the Court understands the conduct of autopsies.

September 29, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge