# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
  PROTOCOL LITIGATION,

Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to Plaintiffs
  Campbell, Tibbetts, and Gapen

---

## DECISION AND ORDER SUSTAINING DEFENDANTS' OBJECTIONS TO INTERROGATORIES

---

This method-of-execution case, brought pursuant to 42 U.S.C. § 1983, is before the Court on the State Defendants' responses to Interrogatories, Requests for production of Documents, and Requests for Admissions (ECF No. 1285).

Plaintiffs propounded written discovery requests pursuant to this Court's Scheduling Order on Motions for Stay and Preliminary Injunction (ECF No. 1245), issued September 21, 2017, as a result of the scheduling conference held that day in anticipation of motions for preliminary injunction from Plaintiffs Alva Campbell and Raymond Tibbetts, the next two Plaintiffs with scheduled execution dates. The Order provides at ¶ 5

> **Written Discovery**. Each party shall serve and file1 any request for written discovery (interrogatories, requests for admission) related to the Hearing by 5:00 p.m. on September 29, 2017. The party on whom such requests are served shall file and serve written responses not later than 5:00 p.m. on October 6, 2017.

*Id.* at PageID 45390. The parties referred to in this Order are Raymond Tibbetts and Alava Campbell, Jr., and the hearing referred to is the preliminary injunction hearing for those two Plaintiffs set in ¶ 4 for October 23, 2017. Nothing in the Order refers to Plaintiff Larry Gapen who is not a party to the preliminary injunction proceeding. In fact, Mr. Gapen does not have an execution date scheduled because, inter alia, his habeas corpus case is stayed in this Court and pending before the Montgomery County Common Pleas Court on a motion for leave to file a delayed motion for new trial. Nothing in the Scheduling Order should have been interpreted as permitting Gapen's counsel to propound interrogatories as this time in the litigation, much less to obtain expedited responses.

Defendants have objected to the September 29, 2017, interrogatories in part because they exceed the limit of twenty-five interrogatories, counting discrete subparts, imposed by Fed. R. Civ. P. 33(a)(1) without leave of Court. That limitation was part of the practice of this Court by local rule long before the national rules were amended to imposed that limit. That objection is well taken and is hereby SUSTAINED.

October 10, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge