IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
  PROTOCOL LITIGATION,

Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to Plaintiffs
  Smith, Lorraine, and Webb

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION TO DISSOLVE PRELIMINARY INJUNCTIONS

Plaintiffs Kenneth Smith, Charles Lorraine, and Michael Webb object[1] ("Objections," ECF No. 1276) to the Magistrate Judge's recommendation that the temporary injunctions they previously obtained be dissolved ("Report," ECF No. 1136). Chief Judge Sargus has recommitted the matter for reconsideration in light of the Objections (ECF No. 1281) and Defendants have timely responded to the Objections (ECF No. 1297).

In their briefing of the Motion to Dissolve (ECF Nos. 1046, 1102, 1129), the parties agreed the controlling authority on dissolving temporary injunctive relief is *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402 (6th Cir. 2012), quoted at Report, ECF No. 1136, PageID 43350.

---

[1] The objections were docketed by Plaintiffs' counsel as "Appeal of Magistrate Judge's Decision." The issue of whether or not to dissolve a preliminary injunction is, as Plaintiffs recognize at PageID 46680, a dispositive motion on which the Magistrate Judge entered a Report and Recommendations. The "Appeal" is therefore properly treated as a set of objections under Fed. R. Civ. P. 72(b)(2). The standard of review is *de novo*.

1

The Magistrate Judge's recommendation was based on the changed circumstances in this case since these three temporary restraining orders were entered. The Objections fault the Report for "fail[ing] to specify on which 'significant changes in circumstances [the Magistrate Judge] relied . . .'" (ECF No. 1276, PageID 46680). But Judge Frost himself found significant enough changes in Ohio execution practice to refuse injunctive relief when it came to the Wiles and Hartman executions.

Plaintiffs concede that some of the circumstances have changed since Judge Frost granted relief, but they argue all those changes, which they then describe at length over fourteen pages of briefing all count in favor of maintaining the existing temporary injunctions. *Id*. at 46681-95.

The Magistrate Judge disagrees. Ohio's Execution Protocol has been changed many times since Judge Frost granted these Plaintiffs temporary relief. Smith, Webb, and Lorraine are not threatened with execution pursuant to the same protocol that was in place when the TRO's were issued. If they are to have preliminary injunctive relief, it should be on the same basis as other Plaintiffs in this case – by proving their entitlement under the facts and circumstances that prevail when their execution dates are imminent.

In their Objections, Plaintiffs argue that they proved to Judge Frost they were "substantially likely to prevail at trial" and are thus entitled to continued injunctive relief. The Report does not suggest these Plaintiffs were not entitled to preliminary injunctive relief when it was granted.[2] However, the Sixth Circuit held in June 2017 that their co-plaintiffs Phillips, Otte, and Campbell were not likely to prevail at trial on their claims under the current Protocol. *In re: Ohio Execution Protocol Litig.(Phillips, Tibbetts, & Otte)*, 860 F.3d 881 (6th Cir. June 28, 2017)(en banc); *cert den. sub nom. Otte v. Morgan*, ___ U.S. ___, 2017 WL 3160287 (July 25,

---

[2] Importantly, there was no request from Defendants or any hint in the Report about vacating the **decisions** granting these preliminary injunction (i.e. vacatur). Rather, the recommendation is to dissolve the injunctions because the factual premises on which they were granted no longer exist.

2

2017).  The Sixth Circuit's decision is not a final decision on the merits on appeal after trial, nor is it even the final decision on whether Plaintiffs with imminent execution dates are entitled to injunctive relief pending trial.  Indeed, Raymond Tibbetts, a Plaintiff who lost in the last appeal, has a new preliminary injunction hearing set for October 23, 2017.  But Tibbetts must obtain that relief on the basis of the current set of circumstances, not on the basis that Smith, Lorraine, and Webb received relief.

Plaintiffs Phillips, Tibbetts, and Otte litigated four Equal Protection claims based on asserted deviations from the current Protocol in the January 2017 proceedings.  After testimony and argument, the Court denied preliminary injunctive relief because Plaintiffs were unlikely to prevail on their Equal Protection claims as trial (Decision and Order, ECF No. 948, PageID 32234.)  Because this was a denial of preliminary injunctive relief, Plaintiffs Phillips, Tibbetts, and Otte could have cross-appealed, but did not, thereby avoiding an appellate test of their Equal Protection theories.

Plaintiffs Smith, Lorraine, and Webb complain that the purpose for which Judge Frost granted the temporary relief – to maintain the status quo pending trial on the merits – has not yet been fulfilled and that they have as yet "never [been] able to litigate their claims properly in the context of a full merits trial." (Objections, ECF No. 1276, PageID 46697.)  Plaintiffs are crying crocodile tears in this claim.  On January 25, 2017, the Court vacated the stay of proceedings[3] Judge Frost had entered pending appeal of his protective order.  The purpose of the vacation of stay was to allow Plaintiffs to file an Amended Omnibus Complaint directed to the October 7, 2016, amended Execution Protocol (ECF No. 44, PageID 32100).  Yet four months later they still had not done so.  Defendants then moved to have the Court set a schedule (ECF No. 1047).

---

[3] Except as to Plaintiffs Phillips, Tibbetts, Otte, and Campbell, as to whom the stay had already been lifted because of their imminent pending execution dates.

Opposing that Motion, Plaintiffs accused the Defendants of "want[ing] to jump-start the litigation." (ECF No. 1058, PageID 40675.) This case and its predecessors have been pending for over thirteen years. Given their conduct of the litigation thus far, the desire of Plaintiffs to obtain a swift trial is doubtful.

The Magistrate Judge is not suggesting Smith, Webb, and Lorraine are not entitled to a preliminary injunction, but only that they should be required to prove their entitlement in the context of the existing Protocol and factual circumstances.

It is therefore again respectfully recommended that the temporary injunctive relief granted to Plaintiffs Smith, Webb, and Lorraine be DISSOLVED without prejudice to renewed consideration of such relief if their executions become imminent.

October 17, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).