IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
  PROTOCOL LITIGATION,

Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to Plaintiffs
 Alva Campbell
  and Raymond Tibbetts

Execution Scheduled 11/15/2017
Execution Scheduled 02/13/2018

## DECISION AND ORDER ON MOTION TO COMPEL

This method-of-execution case, brought pursuant to 42 U.S.C. § 1983, is before the Court on Plaintiff Tibbetts and Campbell's Motion to Compel Discovery (ECF No. 1309), filed at 11:19 p.m. on October 18, 2017. At the conclusion of the deposition of Carol Wright on October 19, 2017, the Court heard oral argument from counsel for all parties.[1] At 12:57 p.m. on October 20, 2017, Plaintiffs filed their Reply Memorandum in Support (ECF No. 1316).

The Motion seeks to compel the production of statements made by nine different ODRC employees to ODRC Counsel Stephen Gray regarding their observations at the execution of Gary Otte on September 13, 2017, the existence of which was disclosed in a privilege log furnished by Defendants to Plaintiffs at 3:53 p.m. on Wednesday, October 18, 2017. At the Court's request, the documents were provided to the Court for *in camera* inspection on the afternoon of October 20, 2017.

---

[1] That argument has not yet been transcribed.

1

Among the documents is a statement prepared by Larry Greene which the Court previously found to be attorney work product. On October 12, 2017, the Court sustained the privilege objection on the basis that the Plaintiffs had been able to depose Mr. Greene. (ECF No. 1292, PageID 47212-13, citing Fed. R. Civ. P. 26(b)(3)(A)(ii)). That statement continued to be protected by the prior ruling and the Motion to Compel as to Mr. Greene's statement is denied on that basis.

Plaintiffs do not in their instant Motion dispute the correctness of that prior ruling. That is to say, they at least implicitly concede that these documents are attorney fact work product, Instead they assert that the privilege has been waived Defendant's failure to disclose the existence of the documents and make a timely assertion of privilege. They note that their document request was made, as the Court's Scheduling Order required, on September 29, 2017 (ECF No. 1245, PageID 45390, ¶ 5). The same order required responses to be made and filed by 5:00 p.m. on October 6, 2017. *Id.*

Plaintiffs claim prejudice from being unable to depose some of these witnesses and that they were "crippled in their ability to fully question those witnesses who were deposed because Plaintiffs were not made aware that other witnesses had given statements – protected or otherwise." (Reply, ECF No. 1309, PageID 47478-79).

In orally opposing the Motion, Defendants' counsel Joselyn Lowe acknowledged that neither the witnesses nor the statements had been disclosed prior to production of the privilege log on October 18, 2017. She claimed this was due to inadvertence and the pressure of the workload in this case.

# Analysis

Fed. R. Civ. P. 37 authorizes a district court to sanction a party for violation of his or her discovery obligations. However, Fed. R. Civ. P. 37(a)(2) expressly requires that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiffs' Motion to Compel contains no such certification and in fact affirmatively represents that "Plaintiffs have not further conferred with Defendants concerning their position on the motion." (Motion, ECF No. 1309, PageID 47476, n. 1.) This Court, long before it became a national rule, has insisted on attorney conferral before a motion to compel is filed. Local Rule 17(a), effective September 1, 1969, provided that no motion under Rule 37 would be considered until the matter had been explored with opposing counsel "in an effort to informally handle the matter . . ." On that basis the Motion to Compel is DENIED.

As an additional basis for denial, the Court finds any prejudice to Plaintiffs is minimal or non-existent. Messrs. Cool, Green, and Woods have all been deposed. In addition to them, the identity of the other ODRC personnel who gave statements was, according to her deposition testimony, known to Ms. Wright[2] as person who were present at SOCF at the time of the Otte execution who observed or were in a position to observe the matters about which she was cross-examined at her deposition.

Finally, having examined the statements in camera, the Court finds that none of them contain information favorable to Plaintiffs' position(s) regarding what happened at the Otte execution, assuming that the Court understands that position adequately from the filings and Ms.

---

[2] Mike Davis was not known to her by name, but was known by description as an ODRC employee who was present.

Wright's deposition. Put another way, had it been asked to authorize these depositions on the basis of the content of the statements, it would not have done so. That said, the Court will have the statements available at the time of the hearing and will be able to reconsider this ruling if the contents of the statements become material, directly or for impeachment.

The Motion to Compel is DENIED.

October 20, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge