IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: OHIO EXECUTION : | | |
| PROTOCOL LITIGATION : | Case No. 2:11-cv-1016 | |
| : | | |
| : | Chief Judge Edmund A. Sargus, Jr. | |
| : | | |
| This document relates to: : | Magistrate Judge Michael R. Merz | |
| Plaintiffs Campbell and Tibbetts : | | |

**STATE ACTOR DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS" MOTION TO EXCLUDE TESTIMONY OF DR. DANIEL BUFFINGTON**

Respectfully submitted,

**MICHAEL DeWINE**
Ohio Attorney General

*s/ Jocelyn K. Lowe*
**JOCELYN K. LOWE (0083646)**
    *Lead Trial Attorney*
**CHARLES L. WILLE (0056444)**
**ZOE A. SAADEY (0089181)**
**THOMAS E. MADDEN (0077069)**
Assistant Attorneys General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
T: (6l4) 728-7055;  F: (614) 728-9327
Jocelyn.Lowe@ohioattorneygeneral.gov
Charles.Wille@ohioattorneygeneral.gov
Zoe.Saadey@ohioattorneygeneral.gov
Thomas.Madden@ohioattorneygeneral.gov
**COUNSEL FOR DEFENDANTS**

I.  Introduction

The Court has scheduled a hearing, commencing on October 23, 2017, concerning motions by Plaintiffs Campbell and Tibbetts to preliminary enjoin the carrying out of lawfully imposed sentences of death.  State Actor Defendants have notified Plaintiffs and the Court of Defendants' intention to present during the hearing the testimony of Dr. Daniel Buffington, an expert in pharmacy who has testified previously before this Court.  Now, one business day prior to Monday's scheduled hearing, Plaintiffs move to exclude Dr. Buffington's testimony.  Defendants oppose Plaintiffs' motion.  The Supreme Court has explicitly recognized that doctors of pharmacy such as Dr. Buffington possess the training and experience required to render expert opinions concerning the risk of pain presented by the administration of the high dosages of anesthetic and other drugs when used for the specific purpose of causing the death of a condemned inmate during a lawful execution.  Moreover, Plaintiffs' attacks on Dr. Buffington's professionalism and integrity are scurrilous and wholly irrelevant.

Accordingly, and as more fully explained below, Plaintiffs' motion should be denied.

II.  **Dr. Buffington's training and experience as a Doctor of Pharmacy amply qualify him to render expert opinions relevant to the core question presented here.**

Fed. R. Evid. 702. Testimony by Expert Witness:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Sixth Circuit has recognized that with respect to expert testimony, the question is not whether an expert witness is qualified in general, but whether his "qualifications provide a foundation for [him] to answer a specific question." *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994).

The core question here is the risk of pain presented by the administration of the high dosages of anesthetic and other drugs when used for the specific purpose of causing the death of a condemned inmate during a lawful execution. In *Glossip v. Gross*, __ U.S. __, 135 S. Ct. 2726 (2015), the Supreme Court of the United States considered a prisoner's challenge to a three-drug lethal injection protocol which utilized the drugs at issue here. In addition to that of an anesthesiologist, the prisoner presented the testimony of Dr. Larry Sasich, a doctor of pharmacy. Dr. Roswell Evans, also a doctor of pharmacy, provided expert testimony for respondents. *Glossip*, 135 S. Ct. at 2735. The district court denied relief, and the Supreme Court ultimately held that the District Court did not commit clear error when it found that midazolam is highly likely to render a person unable to feel pain during an execution. *Id.* at 2739.

The Supreme Court at the outset reviewed the district court's rejection of the prisoner's challenge under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to the testimony of Dr. Evans. Notably, the Supreme Court reiterated the District Court's conclusion that that Dr. Evans, the Dean of Auburn University's School

of Pharmacy, "was well qualified to testify about midazolam's properties and that he offered reliable testimony." *Id.* at 2736.  The Supreme Court then rejected the prisoner's renewed attacks on Dr. Evan's opinions.  It reasoned that "because a 500-milligram dose is never administered for a therapeutic purpose," the opinions of Dr. Evans as well as those of the prisoner's experts necessarily were based on "extrapolations and assumptions." *Id.* at 2741.

In challenging Dr. Buffington's testimony, Plaintiffs offer no reasoned argument relating Dr. Buffington's training and experience to the core issue here.  Rather, citing cases in which the proffered testimony of pharmacists has been rejected, Plaintiffs essentially contend that Dr. Buffington as a Doctor of Pharmacy (PharmD) is categorically barred from rendering expert opinions on the effects of midazolam when used as an execution drug.  But in light of Dr. Evan's testimony in *Glossip*, "that dog don't hunt."  *U.S. v. W.R. Grace, et al.*, 434 F. Supp. 2d 879, 887 (U.S. Dist. Ct. for the District of Montana, Missouri Div. 2006).

In fact, Dr. Buffington's training and experience are comparable to the training and experience of Dr. Evans.  *See* Curriculum Vitae of Dr. Lee Evans, available at www.auburn.edu/academic/pharmacy/director/pdy/lee-evans.pdf.  Both are doctors of Pharmacy (PharmD) and are licensed pharmacists; have completed postgraduate training; have experience teaching pharmacology; and have served as scientific and health care expert consultants.

As with Dr. Antognini, Plaintiffs complain that Dr. Buffington cannot testify because he supposedly lacks sufficient experience in research.  As Defendants have

pointed out, the specific research concerning midazolam conducted by Drs. Stevens and Sinha apparently is limited to a single study by each. Plaintiffs' complaints echo the criticism leveled against Dr. Evans for his "extrapolation" and "assumptions." As recognized by the Supreme Court, direct research on the question at issue is impossible, and therefore every expert opinion is necessarily dependent on extrapolations and assumptions.

In sum, Dr. Buffington's training and experience as a Doctor of Pharmacy amply qualify him to render expert opinions relevant to the core question presented here.

### III. Plaintiffs' attacks on Dr. Buffington's professionalism and integrity are scurrilous, unfounded and wholly irrelevant.

Plaintiffs' remaining arguments amount to little more than scurrilous, unfounded and irrelevant attacks on Dr. Buffington's integrity and professionalism.

### IV. Conclusion

Plaintiffs' motion should be denied.

Respectfully submitted,

MICHAEL DeWINE
Ohio Attorney General


*s/ Jocelyn K. Lowe*
**JOCELYN K. LOWE (0083646)**
    *Lead Trial Counsel*
**CHARLES L. WILLE (0056444)**
**ZOE A. SAADEY (0089181)**
**THOMAS E. MADDEN (0077069)**
Assistant Attorneys General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor

Columbus, Ohio 43215  
T: (6l4) 728-7055;  F: (614) 728-9327  
Jocelyn.Lowe@ohioattorneygeneral.gov  
Charles.Wille@ohioattorneygeneral.gov  
Zoe.Saadey@ohioattorneygeneral.gov  
Thomas.Madden@ohioattorneygeneral.gov  
**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of *Defendants' Memorandum in Opposition* was filed electronically this 20th day of October, 2017. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/Jocelyn K. Lowe*  
**JOCELYN K. LOWE (0083646)**  
Assistant Attorney General