# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
  PROTOCOL LITIGATION,

Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to Plaintiffs
  Alva Campbell
  and Raymond Tibbetts

Execution Scheduled 11/15/2017
Execution Scheduled 02/13/2018

## DECISION AND ORDER DENYING MOTION *IN LIMINE* AS TO LAURA DEPAS WITHOUT PREJUDICE

This case is before the Court on the State Defendants' Motion to Limit the Preliminary Injunction Testimony of Laura Depas, a certified registered nurse anesthetist who was an eyewitness to the executions of Ronald Phillips and Gary Otte, the two most-recently executed Ohio death row inmates. Defendants object not to her fact testimony but to some of what she is expected to testify to as an expert.

Time is of the essence in deciding the Motion. Ms. Depas was identified as an expert and her report filed October 12, 2017 (ECF No. 1293). Defendants' Motion in Limine was filed October 19, 2017, and Plaintiffs' Opposition October 20, 2017; Ms. Depas's testimony is scheduled to be heard sometime in the week of October 23, 2017.

Federal Rule of Evidence 702 sets forth the requirements for the admissibility of expert testimony as follows:

1

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Sixth Circuit explicated the application of a case involving mitochondrial DNA analysis:

> The wording of the rule reflects the now-standard inquiry set out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). *Daubert* . . . set[s] forth a non-exclusive checklist of factors for trial courts to use in assessing the reliability of scientific expert testimony. These include 1) whether the expert's scientific technique or theory can be, or has been, tested; 2) whether the technique or theory has been subject to peer review and publication; 3) the known or potential rate of error of the technique or theory when applied; 4) the existence and maintenance of standards and controls; and 5) whether the technique or theory has been generally accepted in the scientific community. *Daubert*, 509 U.S. at 592-95; *Hardyman v. Norfolk & W. Ry.*, 243 F.3d 255, 260 (6th Cir. 2001). If the evidence is deemed to be reliable and relevant, the judge must then determine if the probative value of the evidence is outweighed by its prejudicial effect. *Daubert*, 509 U.S. at 595.

*United States v. Beverly,* 369 F.3d 516 (6th Cir. 2004)(Boggs, J.).

Expert testimony based on scientific research done solely for litigation and neither subjected to peer review nor published in scientific journals and not accompanied by showing of methodology on which it is based is not admissible under 702. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311 (9th Cir. 1995)(on remand from the Supreme Court); *accord, Johnson v. Manitowoc Boom Trucks, Inc.,* 484 F.3d 426 (6th Cir. 2007). Numerous

courts have held *Daubert* applies to medical evidence, including psychological evidence. *See United States v. Hall*, 93 F.3d 1337, 1342-43 (7th Cir. 1996).

Evidence Rule 702 requires the federal courts "to be sure that the person possesses genuine expertise in a field and that her court testimony 'adheres to the same standards of intellectual rigor that are demanded in [her] professional work.'" *Tyus v. Urban Search Mgmt.*, 102 F.3d 256, 263 (7th Cir. 1996). The ideal way to perform this gatekeeping task is to hold a *Daubert* hearing – an evidentiary hearing to elicit facts relevant to the *Daubert* inquiry.

However, district courts are not obliged to hold an actual hearing to make a Rule 702 determination. *Greenwell v. Boatwright*, 184 F.3d 490 (6th Cir. 1999). Whether to do so is committed to the trial court's discretion. *Kumho Tire Co. v. Carmichael*, 526 U.S.137, 152 (1999); *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244 (6th Cir. 2001).

A trial judge has broad discretion in admitting or excluding expert evidence which is to be sustained unless manifestly erroneous. *United States v. Demjanjuk*, 367 F.3d 623 (6th Cir. 2004), *citing United States v. Jones*, 107 F.3d 1147, 1151 (6th Cir. 1997). This discretion is particularly broad in a bench trial or similar evidentiary proceeding, such as a preliminary injunction hearing. *Can-Am Eng'g Co. v. Henderson Glass, Inc.*, 814 F.2d 253, 255 (6th Cir. 1987). In part this is occasioned by concern that labeling a witness as an "expert" may give that witness unwarranted credibility with a jury; a judge sitting alone as the trier of fact is presumed to avoid that unwarranted deference.

However, a trial judge is entitled to a high degree of deference only if the district court properly understood the pertinent law. *Best v. Lowe's Home Centers, Inc.,* 563 F.3d 171 (6th Cir. 2009), *citing United States v. 2903 Bent Oak Highway,* 204 F.3d 658, 665 (6th Cir. 2000). Hopefully, now instructed by the Sixth Circuit's *en banc* opinion in *Fears*, the undersigned now

understands the law applicable to determining whether a particular method of lethal injection execution presents a certain or very likely risk of causing severe pain or needless suffering.

Red flags that caution against certifying an expert include reliance on anecdotal evidence, improper extrapolation, failure to consider other possible causes, lack of testing, and subjectivity. *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 527 (6th Cir. 2012).

The gatekeeper language of *Daubert* is applicable to all expert testimony, regardless of whether it is "scientific" or not. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999); *United States v. Jones*, 107 F.3d 1147, 1156 (6th Cir. 1997); *see also United States v. Thomas*, 74 F.3d 676, 681 (6th Cir. 1996), and *Berry v. Detroit*, 25 F.3d 1342, 1350 (6th Cir. 1994).

During the evidentiary hearing, Plaintiffs will need to lay a proper foundation for any expert opinions they intend to elicit from Nurse Depas. It seems very unlikely that they will be able to show she has the necessary qualifications to opine on the validity of the opinions of Dr. Craig Stevens or Dr. Sergio Bergese, two potential opinions which Defendants seek to exclude (Motion, ECF No. 1311, PageID 47542). Defendants are also correct that Nurse Depas will have to "show her work" if she attempts to draw admissible opinions about the timing of the effects drugs or their pharmacological or pharmacokinetic effects." The Court need not consider "opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997).

However, the appropriate time to apply these limitations is when/if Defendants make objections to particular testimony of Nurse Depas during the hearing, rather than hypothetically before the hearing and based only on her expert report. Expert reports are required under Fed. R. Civ. P. 26 as a matter of pre-trial/hearing disclosure. While conducting a *Daubert* hearing and deciding Fed. R. Evid. 702 issues on that basis is useful and particularly appropriate to avoid

waste of time and confusion in the midst of a jury trial, it is too hypothetical a presentation of the evidence issues to be useful here.

Accordingly, the Motion in Limine as to CRNA Depas is DENIED without prejudice to appropriate objection under Fed. R. Evid. 702 when particular opinions are offered during the hearing.

October 21, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge