# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
  PROTOCOL LITIGATION,

Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to Plaintiff
  Alva Campbell

Execution Scheduled 11/15/2017

## DECISION AND ORDER DENYING MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL

This method-of-execution case, brought pursuant to 42 U.S.C. § 1983, is before the Court on Plaintiff Campbell's Motion to Certify for Interlocutory Appeal (ECF No. 1365). Campbell and the State Defendants have consented to plenary magistrate judge jurisdiction over Campbell's case and Chief Judge Sargus has referred that portion of this consolidated case on a consent basis (ECF Nos. 938, 942, 943).

Campbell seeks a certificate under 28 U.S.C. § 1292(a)[sic; should be 1292(b)] to allow him to appeal this Court's decision to deny him leave to amend and supplement his Fourth Amended Complaint (ECF No. 1356).[1] The Motion was filed at 4:16 P.M. on Thursday, October 26, 2017, after the Court recessed the fourth day of a hearing on Campbell's Motion for Preliminary Injunction. In denying the Motion, the Court emphasized how untimely it was in relation to when Campbell and his counsel knew of his various physical conditions which might

---

[1] § 1292(b) grants authority to certify a matter for interlocutory appeal to a "district" judge. The Magistrate Judge presumes this includes magistrate judges acting with plenary authority under 28 U.S.C. § 636(c).

1

impede his execution.  Campbell had admittedly acquired some new evidence to confirm those physical conditions in the form of a pre-execution medical assessment.  But newly discovered evidence does not of itself create a newly arising claim.  In fact, Campbell's individual characteristics claims had been dismissed without prejudice on August 14, 2017, for being too conclusory at the very time when Campbell was preparing to make his Motion to Remand in the Sixth Circuit on his second-in-time habeas petition, based on these detailed long-standing medical complaints.

Campbell complains that denial of the amendment creates an "irrebuttable presumption of constitutionality as to Ohio's method of execution applied to him."  Not so.  Campbell could have and did plead a § 1983 claim about how his individual characteristics made it unconstitutional to execute him under the current Execution Protocol.  The difficulty is that he did not plead that claim with the kind of particularity available to him long before October 26, 2017.  The Federal Rules of Civil Procedure do not require that all claims be always available to plead.  Otherwise the courts would not be able to consider timeliness in deciding motions to amend.

To apply the statute directly, the Court finds that there is not a controlling question of law involved – the Motion to Amend was rejected on the factual basis that it was untimely, with additional observations about futility because of the present unavailability of the firing squad for executions in Ohio.  The Magistrate Judge also does not believe there would be a substantial difference of opinion on finding the motion to amend untimely.  Finally, certifying an interlocutory appeal would not materially advance termination of the litigation.  Mr. Campbell is set to be executed in eight days time.  Certifying an interlocutory appeal on this question would therefore commandeer appellate time to decide whether to accept the appeal and then decide it if

accepted.  Unless the Court of Appeals stayed the execution pendente lite, Mr. Campbell's execution would render the appeal moot.

Mr. Campbell has been a party to this case since November 14, 2011 (ECF No. 4).  He has had ample opportunity in that time to plead claims related to his individual characteristics, including his vein access issues which have been known to him for many years.  He failed to plead those claims appropriately and failed to timely correct his pleading when the Court notified him of the deficiencies.  His Motion to Certify is therefore DENIED.

November 7, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge
