# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  OHIO EXECUTION | : | |
| PROTOCOL LITIGATION | : | **Case No. 2:11-cv-1016** |
| | : | |
| | : | **Chief Judge Edmund A. Sargus, Jr.** |
| **This document relates to** | : | |
| **Plaintiff Campbell** | : | **Magistrate Judge Michael R. Merz** |

---

## DEFENDANTS' MOTION TO DISMISS THE FIFTH AMENDED COMPLAINT OF PLAINTIFF CAMPBELL [ECF NO. 1407]

---

Defendants John Kasich, Governor of the State of Ohio; Gary C. Mohr, Director of the Ohio Department of Rehabilitation and Correction (ODRC); Ronald Erdos, Donald Morgan, Stephen Gray, Edwin Voorhies, Richard Theodore, Timothy Shoop, and John Coleman, employees of the ODRC; and un-named and anonymous "execution team members," move this Court for dismissal of all Claims for Relief in the Fifth Amended Complaint of Plaintiff Alva Campbell [ECF No. 1407] pursuant to Fed.R.Civ.P. Rule 12(b)(6) for failure to state claims upon which relief can be granted, pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction, based on the doctrine of laches, the Defendants' Eleventh Amendment immunity, and based on Campbell's failure to comply with  the requirements of the Prison Litigation Reform Act (PLRA). The bases for Defendants' motion are more fully set forth in the attached memorandum of law.

As previously noted, the undersigned counsel do not represent the remaining defendants – Unknown Pharmacies, Unknown Pharmacists, Unknown Drug Suppliers,

and John Does - who are unidentified at this time and are referred to by the Plaintiffs as the "Drug Source Defendants" and/or "John Doe Defendants." Accordingly, any references to "Defendants" throughout this motion shall not and do not include the "Drug Source Defendants" or the "John Doe Defendants." And any defenses or motions that the Drug Source Defendants may wish to assert should not be deemed waived or forfeited since the undersigned counsel cannot and do not act on their behalf.

Respectfully submitted,

MICHAEL DEWINE
Ohio Attorney General

*s/ Jocelyn K. Lowe*
**JOCELYN K. LOWE (0083646)**
    *\*Lead Trial Attorney*
**CHARLES L. WILLE (0056444)**
**ZOE A. SAADEY (0089181)**
**THOMAS E. MADDEN (0077069)**
Assistant Attorneys General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
T: (614) 728-7055; F: (614) 728-9327
Jocelyn.Lowe@ohioattorneygeneral.gov
Charles.Wille@ohioattorneygeneral.gov
Zoe.Saadey@ohioattorneygeneral.gov
Thomas.Madden@ohioattorneygeneral.gov
**COUNSEL FOR DEFENDANTS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... iv

MEMORANDUM IN SUPPORT ................................................................................ 1

I.  Introduction and Procedural Background ....................................................... 1

II. Standard of Review ........................................................................................ 2

    A.  Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) ................... 2

III. Campbell's Fifth Amended Complaint should be dismissed. ........................ 7

    A.  The First and Third Claims for Relief were previously withdrawn and therefore should be dismissed. ........................................................ 7

    B.  The Second Claim for Relief was previously dismissed. ....................... 7

    C.  The Fourth Claim for Relief was previously dismissed. ........................ 8

    D.  The Fifth Claim for Relief was previously dismissed. ........................... 8

    E.  The Sixth Claim for Relief was previously dismissed. .......................... 8

    F.  The Seventh Claim for Relief was previously dismissed. ...................... 9

    G.  The Eighth Claim for Relief was previously dismissed. ........................ 9

    H.  The Ninth Claim for Relief was previously dismissed. .......................... 9

    I.  The Tenth Claim for Relief was previously dismissed. ........................ 10

    J.  The Eleventh Claim for Relief was previously dismissed. ................... 10

    K.  The Twelfth and Thirteenth Claims for Relief should be dismissed because they are facially implausible. ............................................... 10

    L.  The Fourteenth Claim for Relief was previously dismissed. ............... 14

    M.  The Fifteenth through Nineteenth Claims for Relief were not previously adjudicated. ..................................................................... 14

    N.  The Twentieth through Twenty-Ninth Claims for Relief are subject to the standards set forth in *Glossip*. .............................................. 14

i

O.    The Twentieth and Twenty-Second Claims for Relief should be dismissed for failure to state a plausible claim for relief. ............................17

P.    The Twenty-First and Twenty-Third Claims for Relief should be dismissed because the averments are speculative and insubstantial..........21

Q.    The Twenty-Fourth Claim for Relief should be dismissed because it fails to state a claim upon which relief may be granted................................22

R.    The Twenty-Fifth Claim for Relief should be dismissed because it fails to set forth grounds upon which relief may be granted. ......................23

S.    The Twenty-Sixth Claim for Relief was previously dismissed. ..................24

T.    The Twenty-Seventh Claim for Relief was previously dismissed. ..............24

U.    The Twenty-Eighth Claim for Relief was previously dismissed. ...............24

V.    The Twenty-Ninth Claim for Relief was previously dismissed..................25

W.    The Thirtieth Claim for Relief was previously dismissed............................25

X.    The Thirty-First Claim for Relief was previously dismissed.......................25

Y.    The Thirty-Second Claim for Relief was previously dismissed. ..................26

Z.    The Thirty-Third Claim for Relief should be dismissed because Campbell's threadbare recitations do not raise a plausible claim for relief ...........................................................................................................26

AA.   The Thirty-Fourth Claim for Relief should be dismissed because the Equal Protection clause does not afford any more protection than the Eighth Amendment claim and, therefore, does not create a separate Claim for Relief..........................................................................27

BB.   The Thirty-Fifth through Thirty-Seventh Claims for Relief were previously dismissed........................................................................................28

CC.   The Thirty-Eighth Claim for Relief was previously dismissed....................28

DD.   The Thirty-Ninth Claim for Relief was previously dismissed. ...................29

EE.   The Fortieth and Forty-First Claims for Relief were previously dismissed.....................................................................................................29

FF.     The Forty-Second Claim for Relief should be dismissed because it fails to state a claim upon which relief may be granted ...............................29

GG.     The Forty-Third Claim for Relief was previously dismissed. .....................30

HH.     The Forty-Fourth Claim for Relief was previously withdrawn and dismissed. ..........................................................................................................31

II.      The Forty-Fifth Claim for Relief was previously dismissed. ........................31

JJ.      The Forty-Sixth Claim for Relief was previously dismissed. ......................31

KK.     The Forty-Seventh Claim for Relief was previously dismissed. .................31

LL.      The Forty-Eighth and Forty-Ninth Claims for Relief should be dismissed. ..........................................................................................................32

IV.     This Court Should Not Exercise Supplemental Jurisdiction over Claims Not Based in Constitutional Law ...............................................................................33

A.      The Court Should Not Exercise Supplemental Jurisdiction over the Fifteenth through Nineteenth Claims for Relief. .............................................34

B.      Campbell's Claims are based on Novel Interpretations of State Law, and so this Court should exercise *Pullman* Abstention. ...............................36

V.      The Prison Litigation Reform Act Precludes Preliminary Injunctive Relief for Many of Campbell's Claims. ..........................................................................38

VI.     Conclusion and Request for Relief ...........................................................................41

CERTIFICATE OF SERVICE ........................................................................................42

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. Sandoval,*
  532 U.S. 275 (2001) ................................................................................................6

*American Mfrs. Mut. Ins. Co. v. Sullivan,*
  526 U.S. 40 (1999) ................................................................................33, 35, 36

*Anderson v. Charter Tp. Of Ypsilanti,*
  266 F.3d 487 (6th Cir. 2001) ..............................................................................37

*Armstrong v. Exceptional Child Center, Inc.,*
  __ U.S. __, 135 S.Ct. 1378 (2015) ......................................................................6

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ..........................................................................................2, 3

*Baze v. Rees,*
  553 U.S. 35 (2008) ........................................................................................23, 30

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ..............................................................................................2

*Best v. Kelly,*
  39 F.3d 328 (D.C. Cir. 1994) ...............................................................................4

*Blum v. Yaretsky,*
  457 U.S. 991 (1982) ............................................................................................36

*Bowling v. Haas,*
  2010 WL 3825467 (E.D. Ky, Sept. 23, 2010) .....................................................5

*Boyd v. Warden, Holman Corr. Facility,*
  856 F.3d 853 (11th Cir. 2017) ............................................................................20

*Brewer v. Landrigan,*
  562 U.S. 986 (2010) ............................................................................................22

*Campbell v. Bradshaw,*
  674 F.3d 578 (2012) ............................................................................................16

*Carnegie-Mellon Univ. v. Cohill,*
  484 U.S. 343 (1988) ............................................................................................34

*Cooey v. Strickland*,
    589 F.3d 210 (6th Cir. 2009) ............................................................15, 19, 20, 22

*Cook v. Providence Hosp.*,
    820 F.2d 176 (6th Cir. 1987) ...............................................................................3

*Doe v. United States*,
    487 U.S. 201 (1988).............................................................................................16

*Durr v. Strickland*,
    602 F.3d 788 (6th Cir. 2010) .............................................................................6

*Emmett v. Johson*,
    532 F.3d 291 (4th Cir. 2008) ...........................................................................12

*Farmer v. Brennan*,
    511 U.S. 825 (1994)...........................................................................................13

*Fears v. Morgan (In re Ohio Execution Protocol)*,
    860 F.3d 881 (6th Cir. 2017) ...........................................................................18

*Fisher v. United States*,
    425 U.S. 391 (1976)...........................................................................................16

*Louisiana ex rel. Francis v. Resweber*,
    329 U.S. 459 (1947)...........................................................................................30

*Gamel v. City of Cincinnati*,
    625 F.3d 949 (6th Cir. 2010) ...........................................................................34

*Gardner v. Panama Rail Co.*,
    342 U.S. 29 (1951).............................................................................................19

*Gissendaner v. Commissioner, Georgia Dept. of Corrections*,
    803 F.3d 565 (11th Cir. 2015) .........................................................................22

*Glossip v. Gross*,
    __ U.S. __, 135 S. Ct. 2726 (2015) ...................................................11, 12, 13, 15

*Golden State Transit Corp. v. Los Angeles*,
    493 U.S. 103 (1989)...........................................................................................6

*Gomez v. U.S. Dist. Ct., N. Dist. Of Cal.*,
    503 U.S. 653 (1992)...........................................................................................40

*Gonzaga Univ. v. Doe,*
   536 U.S. 273 (2002) ..................................................................................6

*Great Lakes Dredge & Dock Co. v. City of Chicago,*
   1996 WL 210115 (N.D. Ill. April 26, 1996) ..............................................33

*Handberry v. Thompson,*
   446 F.3d 335 (2nd Cir. 2006) ....................................................................39

*Heckler v. Chaney,*
   470 U.S. 821 (1985) ..................................................................................6

*Hill v. McDonough,*
   547 U.S. 573 (2006) ................................................................................40

*Jackson v. Danberg,*
   594 F.3d 210 (3rd Cir. 2010) ....................................................................12

*Jackson v. Metropolitan Edison Co.,*
   419 U.S. 345 (1974) ................................................................................36

*Jones v. Hobbs,*
   2010 WL 2985502 (E.D. Ark, July 26, 2010) ..........................................6

*Jones v. Hobbs,*
   745 F.Supp.2d 886 (E.D. Ark. 2010) ........................................................6

*Kelley v. Johnson,*
   2016 Ark. 268, 496 S.W.3d 346, 2016 Ark. LEXIS 228 ......................21

*Ku v. Tennessee,*
   322 F.3d 431 (6th Cir. 2003) ......................................................................4

*Lugar v. Edmondson Oil Co.,*
   457 U.S. 922 (1982) ................................................................................35

*Maness v. Meyers,*
   419 U.S. 449 (1975) ................................................................................16

*McNutt v. General Motors Acceptance Corp. of Indiana,*
   298 U.S. 178 (1936) ..................................................................................3

*Mich. Corr. Org. v. Mich Dept. of Corr.,*
   774 F.3d 895 (6th Cir. 2014) ......................................................................5

*Middlesex County Sewerage Authority v. National Sea Clammers Ass'n,*
  453 U.S. 1 (1981) ........................................................................................5

*Miller v. Calhoun Cnty.,*
  408 F.3d 803 (6th Cir. 2005) ......................................................................13

*Miller v. French,*
  530 U.S. 327 (2000) ...................................................................................40

*Nartron Corp. v. STMicroelectronics, Inc.*
  305 F.3d 397 (6th Cir. 2002) ......................................................................19

*Nelson v. Campbell,*
  541 U.S. 637 (2004) ............................................................................38, 40

*Newburyport Water Co. v. Newburyport,*
  193 U.S. 561 (1904) .....................................................................................4

*Ohio Nat. Life Ins. Co. v. United States,*
  922 F.2d 320 (6th Cir. 1990) ........................................................................3

*Oneida Indian Nation of N.Y. v. County of Oneida,*
  414 U.S. 661 (1974) .....................................................................................3

*Pennhurst State School & Hosp. v. Halderman,*
  465 U.S. 89 (1984) ...................................................................................4, 6

*Powell v. Morris,*
  184 F.R.D. 591 (S.D. Ohio 1998) .................................................................4

*Primax Recoveries, Inc. v. Gunter,*
  433 F.3d 515 (6th Cir. 2006) ........................................................................4

*Railroad Comm. Of Tex. v. Pullman Co.,*
  312 U.S. 496 (1941) ..............................................................................36, 37

*Rendell-Baker v. Kohn,*
  457 U.S. 830 (1982) ...................................................................................36

*Serras v. First Tennessee Bank Nat. Ass'n,*
  875 F.2d 1212 (6th Cir. 1989) ......................................................................3

*Sidebotham v. Robison,*
  216 F.2d 816 (9th Cir. 1954) ........................................................................2

*State v. Campbell,*
    95 Ohio St.3d 48 (2002) ...........................................................................16

*Steel Co. v. Citizens for a Better Environment,*
    523 U.S. 83 (1998).....................................................................................3

*Turker v. Ohio Dept. of Rehabilitation and Corrections,*
    157 F.3d 453 (6th Cir. 1998) .....................................................................4

*United Mine Workers of Am. v. Gibbs,*
    383 U.S. 715 (1966)..................................................................................33

*Warner v. Gross,*
    776 F.3d 721 (10th Cir. 2015) ..........................................................12, 15

*Wood v. Collier,*
    836 F.3d 534 (5th Cir. 2016) ...................................................................27

*Workman v. Bredesen,*
    486 F.3d 896 (6th Cir. 2007) ...................................................................23

**Statutes**

18 U.S.C. § 3626(a)(1) ....................................................................................39, 40

18 U.S.C. § 3626(a)(1)(A) ....................................................................................40

28 U.S.C. 1367(a).................................................................................................33

**MEMORANDUM IN SUPPORT**

## I.    Introduction and Procedural Background

The Plaintiff is a prisoner in the custody of the Ohio Department of Rehabilitation and Correction ("DRC") who has been sentenced to death.  The lawfulness of Campbell's sentence is not in question here.  At issue are Campbell's "method-of-execution claims," which challenge Defendants' procedures for carrying out his execution.  That challenge is longstanding.  By agreement of the parties and the Court, this case before now has included claims "common" to all plaintiffs, as well as claims supposedly based upon Campbell's "individual physical or psychological characteristics." [Case No. 2:04-cv-1156; ECF No. 1067, PageID 31060-61].

Plaintiff Campbell filed a Fourth Amended Complaint on February 3, 2017. ["4AC," ECF No. 978]. Defendants moved to dismiss the Complaint [ECF No. 998], Plaintiffs opposed the motion [ECF No. 1021], and Defendants filed a reply in support. [ECF No. 1043]. On August 14, 2017, this Court issued a Decision and Order, granting in part and denying in part Defendants' Motion to Dismiss. [ECF No. 1148].

On December 27, 2017, Plaintiff Campbell was granted leave to file a Fifth Amended and Supplemental Complaint to "includ[e] all claims the Court has allowed to proceed." [Decision and Order, ECF No. 1405, PageID 52298-299]. Plaintiff was granted leave to amend/supplement only the following claims for relief with the language as proposed in Campbell's motion: Twenty, Twenty-Two, Twenty-Four, Twenty-Five, Thirty-Three, Thirty-Four, Forty-Eight, Forty-Nine. [*Id.*, PageID 52296-298]. In this Motion to Dismiss, Defendants have noted all claims for relief in the Fourth

1

Amended Complaint that were previously dismissed by this Court and for which Campbell was not granted leave to amend or supplement in his Fifth Amended Complaint.

Defendants, as officials and employees of the State of Ohio tasked with carrying out Campbell's lawfully imposed sentence, now respectfully move to dismiss Campbell's Fifth Amended Complaint for the reasons set forth herein. [Fifth Amended Complaint of Alva Campbell (Fifth Amended Complaint), ECF No. 1407].

## II.  Standard of Review

### A.  Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6)

This Court should dismiss the majority of Campbell's Claims for Relief pursuant to Fed. R.Civ.P. Rule 12(b)(1) and/or Rule 12(b)(6). Defendants' motion is timely because Campbell filed an amended complaint on January 4, 2018. When a complaint is amended, the defendants are free to challenge the entire new complaint. *Sidebotham v. Robison*, 216 F.2d 816, 823 (9th Cir. 1954).

When ruling on a Rule 12(b)(6) motion to dismiss, the court accepts all the factual allegations in the complaint as true, but does not have to accept legal conclusions as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a Claim for Relief, supported by mere conclusory statements, do not suffice." *Id.* Campbell's complaint contains nothing more than lengthy recitals of the elements of Campbell's various Claims for Relief, and a multitude of conclusory statements. They do not add up to any actionable claims for relief. And, even where more than legal conclusions are averred,

Campbell's convoluted complaints fall woefully short of presenting *plausible* grounds for relief from this Court. *Id*. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed.R.Civ.P. 8(a)(2)). Because the complaint does not contain "sufficient factual matter" that, if accepted as true, would "'state a claim to relief that is plausible on its face,'" they should be dismissed pursuant to Rule 12(b)(6) for failure to state a plausible claim for relief. *See id.*

Unlike a 12(b)(6) motion, when ruling on a 12(b)(1) motion, the court is not required to presume the truthfulness of any of the factual allegations in the pleading. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 182 (1936). The court can consider matters beyond the pleadings and can hold a hearing, but need not do so if the law is not complex and the facts are relatively simple and straightforward. *Cook v. Providence Hosp.*, 820 F.2d 176, 178 (6th Cir. 1987). "However the court handles the motion, the plaintiff always bears the burden of establishing that jurisdiction exists." *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). The court lacks subject-matter jurisdiction where a claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974). A claim is so insubstantial as to lack jurisdiction if there is no "legal substance" to the

plaintiff's position. *Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515, 519 (6th Cir. 2006); *and see Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (a claim that presents "no federal question suitable for decision" is "patently insubstantial"). And a claim that is "so attenuated and insubstantial as to be absolutely devoid of merit" should be dismissed. *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904). Campbell's claims have no legal substance. His contentions have been so clearly rejected that there is no federal question suitable for decision and no merit to them. As set forth below, most of Campbell's Fifth Amended Complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction.

Additionally, a court lacks jurisdiction if Eleventh Amendment immunity prohibits the court from considering the claim. *See Ku v. Tennessee*, 322 F.3d 431, 433-35 (6th Cir. 2003). The Eleventh Amendment immunity defense erects a "jurisdictional bar." *Id.* The Defendants' Eleventh Amendment immunity prohibits Campbell's claims that are based on state law. *Turker v. Ohio Dept. of Rehabilitation and Corrections*, 157 F.3d 453, 456-57 (6th Cir. 1998); *Powell v. Morris*, 184 F.R.D. 591, 597 (S.D. Ohio 1998) ("The Eleventh Amendment precludes the assertion of pendent [now supplemental] state law claims against state actors in federal courts."); Furthermore, an alleged violation of state law cannot form the basis of a federal injunctive relief under Eleventh Amendment Immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result

conflicts directly with the principles of federalism that underlie the Eleventh Amendment.")

Eleventh Amendment immunity also bars suits brought under the Federal Food, Drug, and Cosmetic Act (FDCA) and the Controlled Substances Act (CSA) because Congress created a remedial scheme that only allows the Department of Justice to enforce these statutes. *See Mich. Corr. Org. v. Mich Dept. of Corr.*, 774 F.3d 895, 905-06 (6th Cir. 2014) (explaining that *Young* does not permit private suits to enforce a federal statute when the statute does not contain a private Claim for Relief). While Congress does not have to expressly prevent private enforcement, preclusion can be inferred from the fact that Congress implemented a comprehensive enforcement mechanism within the statutory framework. *Middlesex County Sewerage Authority v. National Sea Clammers Ass'n*, 453 U.S. 1, 20-21 (1981). The FDCA prescribes a comprehensive remedial scheme designed to protect the public from dangerous foods and drugs. That act specifically provides the Food and Drug Administration with the authority to obtain several different kinds of relief: 21 U.S.C. § 331 (injunctions), § 332(a), (criminal penalties and seizures), § 334 (seizure). Likewise, the CSA provides the FDA with several different forms of relief: 21 U.S.C. § 844 (criminal penalties), § 844a (civil penalties), § 853 (forfeitures). As such, "a Claim for Relief brought by private parties seeking a declaration that the FDCA or the CSA has been violated would, in effect, evade the intent of Congress not to create private rights of action under those statutes and would circumvent the discretion entrusted to the executive branch in deciding how and when to enforce those statutes." *Bowling v. Haas*, 2010 WL 3825467, * 5 (E.D. Ky, Sept. 23,

2010)(citing *Jones v. Hobbs*, 2010 WL 2985502, *4-5 (E.D. Ark, July 26, 2010)); *See also,* *Heckler v. Chaney*, 470 U.S. 821, 835 (1985) (describing FDCA's comprehensive enforcement scheme).

Throughout his complaint, Campbell re-alleges violations of federal statutes, federal regulations, state statutes, state regulations, and policies, despite this Court's previous dismissal of these claims. Campbell did not seek, and was not granted, permission to amend or supplement these claims for relief. And it is well established that it is contrary to federal law for private individuals to privately enforce the FDCA or CSA to prevent their lawful execution by State authorities. *Durr v. Strickland,* 602 F.3d 788 (6th Cir. 2010); *See also, Jones v. Hobbs*, 745 F.Supp.2d 886, 888-94 (E.D. Ark. 2010) (holding that it would flout the intent of Congress to allow a declaratory judgment suit by inmates challenging execution procedures under the CSA and the FDCA). Furthermore, privately enforceable rights cannot be created by federal regulations, only federal statutes. *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001); *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002). Moreover, it is "black letter law" that the Supremacy Clause itself is "not a source of any federal rights." *Armstrong v. Exceptional Child Center, Inc.*, __ U.S. __, 135 S.Ct. 1378, 1383 (2015), quoting *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 107 (1989). Additionally, any alleged violation of state law cannot form the basis of a federal injunctive relief under Eleventh Amendment Immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ([I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how

to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.")

Because the Defendants have not waived their Eleventh Amendment immunity, the claims alleging state law violations or alleged violations of the FDCA or CSA cannot be brought in this Court.  Each of these grounds for dismissal is more fully detailed below.  For the reasons set forth herein, Defendants' motion to dismiss should be granted.

**III.    Campbell's Fifth Amended Complaint should be dismissed.**

**A.    The First and Third Claims for Relief were previously withdrawn and therefore should be dismissed.**

Campbell previously withdrew his First and Third Claims for Relief.  [4AC, ECF No. 978, PageID 36592, 36598]. Campbell was not granted leave to amend or supplement these claims. [*See* Decision and Order, ECF No. 1405].

**B.    The Second Claim for Relief was previously dismissed.**

Campbell's Second Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43418]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38230-232; Reply in Support, ECF No. 1043, PageID 40514-515]. Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**C.** **The Fourth Claim for Relief was previously dismissed.**

Campbell's Fourth Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43419]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38232-244; Reply in Support, ECF No. 1043, PageID 40515-518]. Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**D.** **The Fifth Claim for Relief was previously dismissed.**

Campbell's Fifth Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43419]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38245; Reply in Support, ECF No. 1043, PageID 40518-519]. Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**E.** **The Sixth Claim for Relief was previously dismissed.**

Campbell's Sixth Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43420]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38245-247; Reply in Support, ECF No. 1043, PageID 40519-521]. Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**F.**      **The Seventh Claim for Relief was previously dismissed.**

Campbell's Seventh Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43421]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38247-250; Reply in Support, ECF No. 1043, PageID 40521]. Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**G.**      **The Eighth Claim for Relief was previously dismissed.**

Campbell's Eighth Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43421]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38250-254; Reply in Support, ECF No. 1043, PageID 40522-523].  Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**H.**      **The Ninth Claim for Relief was previously dismissed.**

Campbell's Ninth Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43421-422]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38254-255; Reply in Support, ECF No. 1043, PageID 40523-524]. Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

I.    **The Tenth Claim for Relief was previously dismissed.**

Campbell's Tenth Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43422]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38255-256; Reply in Support, ECF No. 1043, PageID 40524-525]. Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

J.    **The Eleventh Claim for Relief was previously dismissed.**

Campbell's Eleventh Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43422-423]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38256; Reply in Support, ECF No. 1043, PageID 40525-526].  Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

K.    **The Twelfth and Thirteenth Claims for Relief should be dismissed because they are facially implausible.**

In his Twelfth and Thirteenth Claims for Relief, Campbell claims that Defendants' alleged "deliberate indifference" and "recklessness" will result in violation of plaintiffs' rights under the Eighth Amendment.  [Fifth Amended Fifth Amended Complaint, ECF No. 1407, PageID 52796-802]. Campbell alleges specifically that Defendants' indifferent and reckless conduct consists of declaring a condemned inmate dead "whose sentence of death has been carried out, but who remains clinically and

statutorily alive;" failing to resuscitate a condemned inmate who has been declared dead but who remains clinically and statutorily alive;  obtaining and using drugs that will cause a condemned inmate's death by suffocation or a painful heart attack;  and procuring execution drugs via an order that is "not a valid order under federal and state law."  [*Id*. at PageID 52797-802].

Defendants recognize that this Court previously denied dismissal of these claims, finding that they were not implausible on their face. [Decision and Order, ECF No. 1148, PageID 43423].  Defendants re-assert their arguments in order to ensure that those arguments are properly preserved.

This claim, like all Eighth Amendment challenges to a method of execution, requires the inmate to "establish that the method presents a risk that is sure or very likely to cause serious illness and needless suffering, and give rise to sufficiently imminent dangers." *Glossip*, 135 S.Ct. at 2737 (citations omitted).  The inmate must also present an alternative method "that is feasible, readily implemented, and in fact significantly reduce[s] a substantial risk of severe pain." *Id.* (citations omitted). There is one standard for a method-of-execution claim based on the Eighth Amendment, which is set forth in *Glossip* and the cases that precede it.  "*Baze* outlined what a prisoner must establish to succeed on an Eighth Amendment method-of-execution claim." *Glossip*, 135 S.Ct. at 2737.

Campbell attempts to avoid this standard by reframing it as a medical "deliberate indifference claim," but he cannot avoid that he is raising an Eighth Amendment challenge to the method of execution.  The "presumption" that the

11

"deliberate indifference" standard is implicated in a lethal injection challenge has been found to be "misguided." *Jackson v. Danberg*, 594 F.3d 210, 228 (3rd Cir. 2010). In that case, the Third Circuit opined "While *Baze* captured some language in *Helling* and *Farmer*… it did not import the 'deliberate indifference' language used in those cases… [and] those cases do not govern Eighth Amendment method-of-execution challenges." *Id*. at 223, fn. 16; *Cf, Emmett v. Johson*, 532 F.3d 291, 298, fn. 5 (4th Cir. 2008) (deliberate indifferent standard incorporated into the *Baze* standard.)

Claims challenging a method of execution are governed by the *Baze* standard. *Warner v. Gross*, 776 F.3d 721, 727, 736 (10th Cir. 2015) ("[W]e reject plaintiffs' assertion that [his lethal injection challenge] is not subject to the principles or mode of analysis outlined in *Baze*."); *Glossip*, *supra* at 2731 (A prisoner's obligation to "identify a known and available alternative method of execution" is a necessary "requirement of **_all_** Eighth Amendment method-of-execution claims." (emphasis added)). Both the Twelfth and Thirteenth Claims for Relief fail to meet these standards.

Defendants are not obligated to resuscitate a prisoner who has been administered all three execution drugs in accordance with this protocol. Even if Campbell could somehow avoid the requirements of *Glossip* through a claim like those set forth in the Twelfth and Thirteenth Claims for Relief, these claims would fail. The lawfully-imposed sentence to be carried out is death, therefore, the intended result of the Defendants' execution procedures is death. Defendants cannot be held to have violated the Campbell's constitutional rights by causing his death when that is the intended purpose of lethal injection. Providing medical or resuscitative care would

directly contravene the court-ordered death sentence. As noted previously, Campbell has no private right of action to enforce the laws and regulations governing the procurement of drugs. Nor is there any basis for finding that the Eighth Amendment incorporates a clinical or statutory definition of death. Furthermore, the Supreme Court has twice rejected the claim that the Eighth Amendment requires the use of an electrocardiogram or other medical equipment during executions. *Glossip*, *supra* p. 2742 (*citing*, *Baze*, *supra*, p. 60).

Additionally, Defendants cannot be found liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to Campbell's health or safety. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) (*citing Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Knowledge of the asserted serious needs, or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Id.* "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* The method of execution adopted by the Defendants has been used in other states and was sanctioned in *Glossip* as being constitutional. Campbell's allegation that the Defendants knew of an excessive risk to his health and safety fails because it is impossible for Campbell to substantiate a claim of knowledge against Defendants for denying him care given *Glossip*'s holding.

Campbell's Twelfth and Thirteenth Claims for Relief do not present plausible grounds for relief and should be dismissed.

**L.    The Fourteenth Claim for Relief was previously dismissed.**

Campbell's Fourteenth Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43423]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38260-261; Reply in Support, ECF No. 1043, PageID 40527]. Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**M.    The Fifteenth through Nineteenth Claims for Relief were not previously adjudicated.**

The Court previously declined to adjudicate the Fifteenth through Nineteenth Claims for Relief as the Drug Source Defendants were unidentified and unserved. [Decision and Order, ECF No. 1148, PageID 43424].  The Drug Source Defendants remain unidentified and unserved.  Defendants incorporate by reference all prior arguments regarding these claims. [Motion to Dismiss, ECF No. 998, PageID 38261-287; Reply in Support, ECF No. 1043, PageID 40527-528]. Campbell was not granted leave to amend or supplement these claims. [*See* Decision and Order, ECF No. 1405].

**N.    The Twentieth through Twenty-Ninth Claims for Relief are subject to the standards set forth in *Glossip*.**

In the Twentieth through Twenty-Ninth Claims for Relief, Campbell sets forth multiple Eighth Amendment Claims for Relief based on various interpretations of that amendment.  [Fifth Amended Fifth Amended Complaint, ECF No. 1407, PageID 52844-888]. There is one standard for a method-of-execution claim based on the Eighth Amendment, which is set forth in *Glossip* and the cases that precede it. "*Baze* outlined

what a prisoner must establish to succeed on an Eighth Amendment method-of-execution claim." *Glossip*, 135 S.Ct. at 2737. "To prevail on such a claim, there must be a substantial risk of serious harm, an objectively intolerable risk of harm that prevents prison officials from pleading that they were subjectively blameless for purposes of the Eighth Amendment." *Id.* (citations omitted). Campbell attempts to avoid this standard by reframing his claim as ten separate ones, each phrasing the alleged harm or the source of that harm slightly differently, but each rises or falls under the same facts and by the same standard.

Claims challenging a method of execution are governed by the *Baze* standard. *Warner v. Gross*, 776 F.3d 721, 727, 736 (10th Cir. 2015) ("[W]e reject plaintiffs' assertion that [his lethal injection challenge] is not subject to the principles or mode of analysis outlined in *Baze*."); *Glossip, supra* at 2731 (A prisoner's obligation to "identify a known alternative method of execution" is a necessary "requirement of **_all_** Eighth Amendment method-of-execution claims." (emphasis added)). Here Campbell avers no facts upon which it can be found to present a substantial risk of severe pain prohibited by the Eighth Amendment. Even more notably, Campbell fails to "plead or prove" an alternative method of execution, in contravention of *Baze*, *Glossip*, and *Cooey*. *See*, *Glossip, supra* at 2739 ("*Baze*… made clear that the Eighth Amendment requires a prisoner to plead and prove a known and available alternative."); *see also, Cooey (Biros)*, 589 F.3d 210, 221 (6th Cir. 2009) ("[A]n inmate cannot question a state's execution protocol without providing [a] 'feasible, readily implemented' alternative[].")

15

Campbell argues that *Glossip*'s *constitutional* interpretation of the Eighth Amendment requiring challengers to show an available alternative method of execution violates his Fifth Amendment privilege against self-incrimination. Campbell does not even attempt to explain how this could be the case. [Fifth Amended Complaint, ECF No. 1407, PageID 52720]. This is likely because "the privilege protects a person only against being incriminated by his own compelled testimonial communications." *Doe v. United States*, 487 U.S. 201, 207 (1988)(citing *Fisher v. United States*, 425 U.S. 391, 409 (1976)). The privilege is concerned with evidence that could be used against a declarant *in a criminal prosecution*. *See Maness v. Meyers*, 419 U.S. 449, 461 (1975). It is unclear how the Court's requirement to plead an alternative form of execution could lead to evidence used against Campbell in a criminal prosecution as Campbell has already been prosecuted. Campbell's argument lacks merit.

Campbell also claims that he cannot plead an alternative-method because he is "insufficiently competent." [Fifth Amended Complaint, ECF No. 1407, PageID 52720-721]. Campbell fails to provide any evidence to support this allegation. The procedural history of Campbell's case also belies this argument as Campbell has not raised this issue during his extensive litigation. *See Campbell v. Bradshaw*, 674 F.3d 578 (2012); *State v. Campbell*, 95 Ohio St.3d 48 (2002). Campbell also claims that he cannot plead an alternative because he has "insufficient medical training and knowledge to be able to identify such an alternative." [Fifth Amended Complaint, ECF No. 1407, PageID 52720-721]. Campbell's personal lack of training is clearly not a detriment because he apparently has access to "trained persons" who can critically evaluate Ohio's execution

procedures. [Mt. to Witness Executions, ECF No. 953, PageID 32333-35]. Interestingly, the lack of training also did not prevent Campbell from suggesting three different alternatives in his Fifth Amended Complaint. [Fifth Amended Complaint, ECF No. 1407, PageID 52923-931]. Campbell's argument lacks merit and he must satisfy his pleading burden under the Eighth Amendment.

Campbell's Twentieth through Twenty-Ninth Claims for Relief, therefore, afford no relief. They are foreclosed by the controlling precedent of *Glossip*, which establishes that Ohio's three-drug protocol using midazolam is constitutional.

**O.   The Twentieth and Twenty-Second Claims for Relief should be dismissed for failure to state a plausible claim for relief.**

In furtherance of his Twentieth and Twenty-Second Claims for Relief, Campbell avers that his rights under the Eighth Amendment will be violated by the "sure or very likely risk" of "severe, needless physical pain and suffering" and "severe mental or psychological pain, suffering and torturous agony due to the identity of the drugs in the execution protocol." Campbell alleges specifically that the drugs provided for in Defendants' execution protocol create a risk of "severe physical pain and suffering from suffocation, a heart attack, and/or from the searing physical pain upon injection of the drugs;" and that due to his "individual physical and psychological characteristics and conditions," including physical conditions rendering IV access "difficult if not impossible," and "allergic or paradoxical reaction to the execution drug(s)," Defendants execution protocol results in prohibited risks of physical and psychological pain. [Fifth Amended Fifth Amended Complaint, ECF No. 1407, PageID 52844-848, 52853-856].

Campbell's claims are foreclosed as a matter of law.   Defendants respectfully submit that Campbell's conclusory allegations of "individual" characteristics and "allergic or paradoxical" reactions do not set forth sufficient factual bases upon which it may be plausibly found that Defendants' execution procedures are "sure or very likely" to cause him serious pain.  *Fears v. Morgan (In re Ohio Execution Protocol)*, 860 F.3d 881, 890 (6th Cir. 2017), citing *Glossip v. Gross*, __ U.S. __, 135 S. Ct. 2726, 2737, 2745 (2015). Nor has Campbell alleged sufficient facts from which it may plausibly be found that an alternative method of execution, e.g., an  alternative which will remedy the unconstitutional risks which Defendants' procedures allegedly pose, is "available," "feasible," and can be  "readily implemented."  *Id.*

In an apparent attempt to overcome these deficiencies, Campbell avers that Defendants actually caused him to suffer constitutionally prohibited cruel and unusual punishment by declining to carry out his execution on November 15, 2017.  Defendants postponed Campbell's execution after they could not establish an IV sufficient to administer the execution drugs.   But, as Defendants noted in opposing Campbell's recent motion to amend, the facts relative to the postponement of Campbell's execution cannot give rise to a plausible claim that his constitutional rights were violated. The pain or discomfort produced by the insertion of an IV catheter is a necessary component of execution by lethal injection. The Constitution does not guarantee "a pain-free execution[.]"  *Fears v. Morgan (In re Ohio Execution Protocol)*, 860 F.3d at 890, quoting *Cooey v. Strickland*, 589 F.3d 210, 220 (6th Cir. 2009). It cannot be plausibly found that

four insertions (albeit temporary and largely unsuccessful) over a 30 minute time period could have resulted in a degree of pain prohibited by the Eighth Amendment.

And prior precedent forecloses this claim. In *Cooey*, the Sixth Circuit rejected the prisoner's contention that the Eighth Amendment required a sixty-minute limit on the amount of time allowed to search for veins for IV injection. *Id.* at 227-28. Following that decision, this Court dismissed similar claims from multiple complaints. It explained that the Sixth Circuit "did not speak in terms of a likelihood of success" of such a claim, "but instead elected to employ language targeting the sufficiency of the claim." [Opinion & Order, Case No. 2:04-cv-1156, ECF No. 801, PageID 17504]. "To ignore the words the *Biros* panel used and the reasoning it employed would be to attribute to the panel a fundamental and wholly unlikely lack of understanding that would be unfounded. [*Id.* at PageID 17508]. This claim should be dismissed.

The Defendants further contend that any such claim would be barred by the defense of laches. "[T]he existence of laches is a question primarily addressed to the discretion of the trial court." *Gardner v. Panama Rail Co.*, 342 U.S. 29, 30 (1951). "A party asserting laches must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it." *Nartron Corp. v. STMicroelectronics, Inc.* 305 F.3d 397, 408 (6th Cir. 2002). The period of delay is measured from the time when the plaintiff has actual or constructive knowledge of the claim. *Id.*

In 2009, then-plaintiff Kenneth Biros argued that Ohio's protocol was unconstitutional because it "lacks any limitations as to how long the team is permitted to poke and stick in an effort to obtain IV access." [Motion, Case No. 2:04-cv-1156, ECF

No. 610, PageID 13317-318]. At an evidentiary hearing in March 2009, the testimony established that the Defendants' position was, "that they can take until midnight to complete the execution process." [Opinion & Order, Case No. 2:04-cv-1156, ECF No. 621, PageID 13653]. Biros relied heavily on the attempt to establish IV access on plaintiff Broom, but his claims were rejected and Biros was executed. The Sixth Circuit found that "the training and qualifications of the medical personnel required by the protocol ensure that they can make this determination [of when to cease searching for accessible veins] competently." *Cooey (Biros)*, 589 F.3d at 227. It took 30 minutes and nine attempts to establish IV access in order to execute Biros. [Transcript of Dec. 9, 2009, Case No. 2:04-cv-1156, ECF No. 639, PageID 14255]. Additionally, Campbell had prior notice that his own veins were difficult to access because medical staff had previously used alternative methods, including a central line, to obtain access.

Campbell has not been diligent in pursuing this claim and the Defendants have been prejudiced by his failure to raise this claim because they have litigated this case for nearly a decade without any knowledge or warning that Campbell intended to challenge the Sixth Circuit's decisive holding in *Biros*.

Campbell also pleads as an alternative that Defendants execute him with a firing squad. Campbell's proposed firing squad alternative is a non-starter, because, as the Court has recognized, it is not a method authorized by Ohio law. [Decision & Order, ECF No. 1356, PageID 50499]. *See Boyd v. Warden, Holman Corr. Facility,* 856 F.3d 853 (11th Cir. 2017) (affirming district court's finding that prisoner failed to state a claim under the Eighth Amendment because prisoner's proposed alternative methods of

execution -- firing squad and hanging -- are not authorized methods of execution under Alabama law and, therefore, are neither feasible nor readily implementable by that state); *Kelley v. Johnson*, 2016 Ark. 268, 496 S.W.3d 346, 2016 Ark. LEXIS 228 (holding that firing squad not a readily available alternative because "the General Assembly has never seen fit to authorize this form of execution").

Campbell's Twentieth and Twenty-Second Claims should be dismissed.

**P.      The Twenty-First and Twenty-Third Claims for Relief should be dismissed because the averments are speculative and insubstantial.**

Campbell claims that the sources of Defendants' execution drugs present substantial risks of severe physical, mental and psychological harm, in violation of Campbell's constitutional rights.   In furtherance of this claim, Campbell avers in conclusory fashion that Defendants have used or will use drugs for conducting executions which are improperly compounded or illegally imported or otherwise illegally sourced; and that Defendants have used or will use insufficient procedural protections related to the suitability and effectiveness of execution drugs.   [Fifth Amended Complaint, ECF No. 1407, PageID 52849-853, 52857-859].

Defendants recognize that this Court previously denied dismissal of these claims. [Decision and Order, ECF No. 1148, PageID 43425, 43426].   Defendants re-assert their arguments in order to ensure that those arguments are properly preserved.

Campbell has failed to set forth plausible claims for relief.   Campbell avers no facts from which it may be found that Defendants have obtained or will obtain execution drugs from other than properly licensed sources, e.g., properly licensed

manufacturers, distributors, or compounding pharmacists. And he has not presented any valid link between the source of the drugs and presentation of a substantial risk of pain. *See Brewer v. Landrigan*, 562 U.S. 986 (2010) (vacating stay of execution, based on the possibility that obtaining non-FDA approved drug could cause pain and suffering, because speculation cannot substitute for evidence that the use of the drug is "sure or very likely to cause serious illness and needless suffering.") (internal quotation marks omitted); *Gissendaner v. Commissioner, Georgia Dept. of Corrections*, 803 F.3d 565, 566, 575-76 (11th Cir. 2015) (affirming district court's dismissal of complaint for failing to state a plausible Eighth Amendment claim by alleging that defective execution drug was obtained in the past). Accordingly, Campbell's averments are speculative and thereby fail to present plausible claims for relief. "Permitting constitutional challenges to lethal injection protocols based on speculative injuries and the possibility of negligent administration is not only unsupported by Supreme Court precedent but is also beyond the scope of our judicial authority." *Cooey (Biros)* at 225.

These Claims for Relief should be dismissed.

**Q.    The Twenty-Fourth Claim for Relief should be dismissed because it fails to state a claim upon which relief may be granted.**

In furtherance of his Twenty-Fourth Claim, Campbell avers that his execution by Defendants' procedures will result in a "lingering death" in violation of his rights under the Eighth Amendment. [Fifth Amended Fifth Amended Complaint, ECF No. 1407, PageID 52859-863]. For the reasons stated with respect to Campbell's Twentieth and Twenty-Second Claims, Campbell's conclusory "lingering death" allegations, and his

proposed firing squad alternative, fail to allege plausible factual bases upon which relief may be granted.

The Twenty-Fourth Claim should be dismissed.

**R.      The Twenty-Fifth Claim for Relief should be dismissed because it fails to set forth grounds upon which relief may be granted.**

In furtherance of his Twenty-Fifth Claim, Campbell avers that his execution by Defendants' procedures will result in an "undignified spectacle execution or attempted execution" in violation of his rights under the Eighth Amendment.  [Fifth Amended Fifth Amended Complaint, ECF No. 1407, PageID 52863-867].  For the reasons stated with respect to Campbell's Twentieth and Twenty-Second Claims, Campbell's conclusory "spectacle execution" allegations, and his proposed firing squad alternative, fail to allege plausible factual bases upon which relief may be granted.

Moreover, Campbell's claim is beyond the borders of common sense.   It would seem indisputable that a firing squad produces greater observable effects on the inmate than lethal injection.  If that method of execution passes Campbell's "constitutional dignity" standard, then lethal injection surely must as well.  Of course, the Supreme Court has never held that the Eighth Amendment sets a standard on the external appearance of the inmate as the execution is conducted.  The standard is based on the experience of pain.  Furthermore, Ohio uses a paralytic agent in its protocol, which, as explained in *Baze*, helps "preserv[e] the dignity of the procedure."  *Baze v. Rees*, 553 U.S. 35, (2008); *Workman v. Bredesen*, 486 F.3d 896, 909 (6th Cir. 2007) (State of Tennessee had an important interest utilizing paralytic, because without it "[l]ethal injection 'would

typically result in involuntary movement which might be misinterpreted as a seizure or indication of consciousness.'").

The Twenty-Fifth Claim should be dismissed.

**S.     The Twenty-Sixth Claim for Relief was previously dismissed.**

Campbell's Twenty-Sixth Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43427]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38295; Reply in Support, ECF No. 1043, PageID 40531-532]. Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**T.     The Twenty-Seventh Claim for Relief was previously dismissed.**

Campbell's Twenty-Seventh Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43428]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38295-296; Reply in Support, ECF No. 1043, PageID 40533-534]. Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**U.     The Twenty-Eighth Claim for Relief was previously dismissed.**

Campbell's Twenty-Eighth Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43428]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38296-299; Reply in Support, ECF No. 1043, PageID 40534-535]. Campbell

was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**V.      The Twenty-Ninth Claim for Relief was previously dismissed.**

Campbell's Twenty-Ninth Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43429]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38299; Reply in Support, ECF No. 1043, PageID 40536]. Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**W.      The Thirtieth Claim for Relief was previously dismissed.**

Campbell's Thirtieth Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43429-430]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38299-300; Reply in Support, ECF No. 1043, PageID 40537]. Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**X.      The Thirty-First Claim for Relief was previously dismissed.**

Campbell's Thirty-First Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43430]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38300; Reply in Support, ECF No. 1043, PageID 40537-538]. Campbell was not granted

leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**Y. The Thirty-Second Claim for Relief was previously dismissed.**

Campbell's Thirty-Second Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43430-431]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38300-301; Reply in Support, ECF No. 1043, PageID 40538-540]. Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**Z. The Thirty-Third Claim for Relief should be dismissed because Campbell's threadbare recitations do not raise a plausible claim for relief**

In furtherance of his Thirty-Third Claim, Campbell avers that his Eighth Amendment rights will be violated because he has "individual characteristics" that will "increase the risks…that he will also suffer serious harm in the form of severe, needless physical and/or mental/psychological pain and suffering" if subjected to his scheduled execution. [Fifth Amended Fifth Amended Complaint, ECF No. 1407, PageID 52897-904]. For the reasons stated with respect to Campbell's Twentieth and Twenty-Second Claims, Campbell's conclusory "individual characteristics" allegations and his proposed firing squad alternative, fail to allege plausible factual bases upon which relief may be granted.

The Thirty-Third Claim should be dismissed.

**AA. The Thirty-Fourth Claim for Relief should be dismissed because the Equal Protection clause does not afford any more protection than the Eighth Amendment claim and, therefore, does not create a separate Claim for Relief**

In furtherance of his Thirty-Fourth Claim, Campbell avers that due to his "individual characteristics," his execution by Defendants' execution procedures will also violate his rights to equal protection of the law. [Fifth Amended Fifth Amended Complaint, ECF No. 1407, PageID 52904-907]. For the reasons stated with respect to Campbell's Twentieth and Twenty-Second Claims, Campbell's conclusory "individual characteristics" allegations and his proposed firing squad alternative, fail to allege plausible factual bases upon which relief may be granted. Moreover, as the Fifth Circuit persuasively explained, if Campbell cannot show a risk of pain prohibited by the Eighth Amendment, then any effort to draw upon the "equal protection language, while creative, brings an argument that is ultimately no more than word play." *Wood v. Collier*, 836 F.3d 534, 540 (5th Cir. 2016). In other words, "[t]he effort to draw upon equal protection works no change in the reach of the Eighth Amendment." *Id*.

Finally, Defendants at bottom argue that Campbell avers no facts from which it can be plausibly found that Defendants will intentionally "deviate" from procedures in a manner which will increase the risk that Campbell will suffer constitutionally prohibited pain. As this Court recently found, to prove an Equal Protection violation, Plaintiffs must show an intentional state action which treats one death row inmate disparately from others and burdens that inmate's Eighth Amendment right by increasing the risk he will suffer severe pain and needless suffering; and that Plaintiffs

must show unconstitutional policy, not just past unconstitutional acts. [Decision and Order, ECF No. 1362, PageID 51366-367]. Campbell fails to aver any facts from which these essential requirements may be plausibly found.

The Thirty-Fourth Claim should be dismissed.

**BB.    The Thirty-Fifth through Thirty-Seventh Claims for Relief were previously dismissed.**

Campbell's Thirty-Fifth through Thirty-Seventh Claims for Relief were previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43432-434]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38304-305; Reply in Support, ECF No. 1043, PageID 40541-542]. Campbell was not granted leave to amend or supplement these claims [*see* Decision and Order, ECF No. 1405] and the prior dismissals should therefore stand.

**CC.    The Thirty-Eighth Claim for Relief was previously dismissed.**

Campbell's Thirty-Eighth Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43434]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38305-308; Reply in Support, ECF No. 1043, PageID 40542]. Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**DD.  The Thirty-Ninth Claim for Relief was previously dismissed.**

Campbell's Thirty-Ninth Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43435]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 35308; Reply in Support, ECF No. 1043, PageID 40543]. Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**EE.  The Fortieth and Forty-First Claims for Relief were previously dismissed.**

Campbell's Fortieth and Forty-First Claims for Relief were previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43435-436]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 3; Reply in Support, ECF No. 1043, PageID 40543-544]. Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**FF.  The Forty-Second Claim for Relief should be dismissed because it fails to state a claim upon which relief may be granted**

This claim is based on Campbell's allegation that the decision to remove references to concentrations in 01-COM-11 increases the risk of maladministration. [Fifth Amended Fifth Amended Complaint, ECF No. 1407, PageID 52938]. "Every nuanced human endeavor presents a risk of error, and as the *Baze* plurality recognized, this can result in what has been rather innocuously described as an 'innocent misadventure.'" [Opinion & Order, Case No. 2:04-cv-1156, ECF No. 621, PageID 13665,

quoting *Baze*, 128 S. Ct. at 1531 (citing *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 471 (1947) (plurality decision))]. As this Court explained, "the inquiry is not whether there are risks of errors that could result in pain; any rational person would have to concede that there are. Rather, the standard is whether the protocol presents risks that are sure or very likely to cause needless suffering." [*Id.* at PageID 13666].

Defendants recognize that this Court previously denied dismissal of this claim. [Decision and Order, ECF No. 1148, PageID 43436]. Defendants re-assert their arguments in order to ensure that those arguments are properly preserved.

A similar argument to Campbell's was already rejected by the Supreme Court in *Baze*. 553 U.S. at 54-55 (plurality opinion). "Simply because an execution method may result in pain, either by accident or as an inescapable consequence of death, does not establish the sort of 'objectively intolerable risk of harm' that qualifies as cruel and unusual." *Id.* at 49. "Accidents happen for which no man is to blame." *Resweber,* 329 U.S. at 462. "[A]n accident, with no suggestion of malevolence," does amount to an Eighth Amendment claim. *Id.* at 463-64.

Campbell relies simply on the risk of an accident and, therefore, fails to state a viable Eighth Amendment claim.

**GG. The Forty-Third Claim for Relief was previously dismissed.**

Campbell's Forty-Third Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43437]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38310-312; Reply in Support, ECF No. 1043, PageID 40546-547]. Campbell was not

granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**HH.    The Forty-Fourth Claim for Relief was previously withdrawn and dismissed.**

Campbell's Forty-Fourth Claim for Relief was previously withdrawn by and dismissed by this Court. [*See* Decision and Order, ECF No. 1148, PageID 43437].

**II.    The Forty-Fifth Claim for Relief was previously dismissed.**

Campbell's Forty-Fifth Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43437-438]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38313-315; Reply in Support, ECF No. 1043, PageID 40547-548]. Campbell was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

**JJ.    The Forty-Sixth Claim for Relief was previously dismissed.**

Campbell's Forty-Sixth Claim for Relief was previously dismissed by this Court. [Decision and Order, ECF No. 1148, PageID 43438, citing ECF No. 1138].

**KK.    The Forty-Seventh Claim for Relief was previously dismissed.**

Campbell's Forty-Seventh Claim for Relief was previously dismissed by this Court [Decision and Order, ECF No. 1148, PageID 43439]. Defendants incorporate by reference all prior arguments for dismissal of this claim. [Motion to Dismiss, ECF No. 998, PageID 38320-322; Reply in Support, ECF No. 1043, PageID 40549-550]. Campbell

was not granted leave to amend or supplement this claim [*see* Decision and Order, ECF No. 1405] and the prior dismissal should therefore stand.

### LL.  The Forty-Eighth and Forty-Ninth Claims for Relief should be dismissed.

In furtherance of his Forty-Eighth and Forty-Ninth Claims, Campbell avers essentially that the recent postponement of his execution violated his rights under the Eighth Amendment.   Campbell alleges specifically that Defendants' unsuccessful attempts to insert IV catheters "establish that an execution under the current protocol will inflict serious physical and mental pain and suffering on Plaintiff."   Campbell further avers that "any efforts to again try to execute Plaintiff using 01-COM-11's lethal injection method will inflict unnecessary and severe physical and mental pain and suffering; and that " DRC Defendants are presently subjectively aware that achieving and maintaining IV access on Plaintiff when they attempt to execute him again is sure or very likely to be unsuccessful and will cause Plaintiff severe physical and mental pain and needless suffering."   [Fifth Amended Fifth Amended Complaint, ECF No. 1407, PageID 52987, 52989, 53001]

For the reasons previously stated with respect to the Twentieth and Twenty-Second Claims, the facts relative to the postponement of Campbell's execution cannot give rise to a plausible claim that his constitutional rights were violated.  Campbell's lengthy arguments notwithstanding, the pain or discomfort produced by the insertion of an IV catheter is a necessary component of execution by lethal injection.   Campbell avers no facts upon which it can be plausibly found that Defendants subjectively

intended or believed that Campbell would be subjected to pain and discomfort of a degree so in excess of such inherent pain and discomfort as to constitute constitutionally prohibited cruel and unusual punishment.  Indeed, the relatively limited number of insertions and Defendants' decision to postpone the execution are consistent with a subjective intent to act humanely.  And these claims, like the Twentieth and Twenty-Second Claims, are barred by the doctrine of laches for the same reasons set forth in response to the Twentieth and Twenty-Second Claims, *supra*.

The Forty-Eighth and Forty-Ninth Claims should be dismissed.

## IV.   This Court Should Not Exercise Supplemental Jurisdiction over Claims Not Based in Constitutional Law

As the Court is well aware, this lawsuit began, and has proceeded for years, as a § 1983 lawsuit, alleging that state actors violated Campbell's civil rights.  "To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  Where a federal court has original jurisdiction in a civil action, it may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Claims are so related when they "derive from a common nucleus of operative fact," *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966), and do not "simply arise out of the same event," *Great Lakes Dredge & Dock*

*Co. v. City of Chicago*, 1996 WL 210115, at *4 (N.D. Ill. April 26, 1996).  The decision to exercise supplemental jurisdiction requires this Court to weigh "several factors, including the 'values of judicial economy, convenience, fairness, and comity.'"  *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010), citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

This Court should decline to exercise supplemental jurisdiction over the Fifteenth through Nineteenth Claims for Relief because the claims fail the balancing test, as explained in further detail below.  Additionally, this Court should exercise *Pullman* abstention and decline jurisdiction over these claims because they are based on novel interpretations of state law.

### A.    The Court Should Not Exercise Supplemental Jurisdiction over the Fifteenth through Nineteenth Claims for Relief.

The Fifteenth through Nineteenth Claims for Relief do not set forth allegations that Campbell was deprived of his Constitutional rights under color of state law; they contain claims that cannot be brought against the moving Defendants.  To include those claims in this lawsuit, this Court would have to exercise its supplemental jurisdiction. This Court should not do so because the claims do not derive from a common nucleus of operative fact shared with the other Claims for Relief.  Additionally, the principles of judicial economy, convenience, fairness, and comity weigh against exercising supplemental jurisdiction over these claims.  As alleged, the claims are all based on actions by, primarily, the "Drug Source Defendants" and are only remotely related to the § 1983 claims.  Additionally, because the "Drug Source Defendants" have not yet

been served, litigation of these claims will not be able to proceed until service is affected and those defendants have had an opportunity to respond to the allegations raised against them. Such litigation would unnecessarily extend this already-lengthy lawsuit to allow for pleadings and discovery on issues and parties unrelated to the § 1983 Claims for Relief.

Campbell makes only a bare-bones allegation that the "Drug Source Defendants" and/or "John Doe Defendants" are acting under color of law, which would potentially permit the claims against them to also be brought in this lawsuit, but the allegations set forth against the "Drug Source Defendants," particularly those set forth in the Fifteenth through Nineteenth Claims for Relief, are not brought pursuant to § 1983, but pursuant to state laws and the federal RICO law. And Campbell's bare-bones allegations fail to state facts sufficient to justify including the claims against those defendants in the same lawsuit as the moving Defendants.

Conduct that is "merely private" does not meet the under-color-of-state law requirement, "no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co.*, 526 U.S. at 50 (internal quotation marks omitted). To demonstrate state action, the plaintiffs must show:

> *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'

*Id.*, quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Even if the private party is extensively regulated by the state, it will not be considered a state actor unless

"there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974).  The state must have "exercised coercive power" or provided "such significant encouragement, either overt or covert, that the choice must in law be deemed that of the state." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *American Mfr.*, 526 U.S. at 52.

Not only does Campbell fail to demonstrate how the "Drug Source Defendants" have acted so closely with the moving Defendants that they should be considered "state actors," his allegations undermine the contention that there was any sort of concerted action – as noted above, Campbell asserts that the "Drug Source Defendants" have misrepresented their actions to the "State Actor Defendants" by lying about their compliance with Ohio and federal laws.  An entity or individual does *not* become a state actor, or act under color of law, merely by being a supplier to or contractor with a government entity.  *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982).  The moving Defendants request that this Court decline to exercise supplemental jurisdiction over the Fifteenth through Nineteenth Claims for Relief and, instead, dismiss them.

### B.    Campbell's Claims are based on Novel Interpretations of State Law, and so this Court should exercise *Pullman* Abstention.

The power to definitively interpret state statutes belongs to the state's highest court.  *See Railroad Comm. Of Tex. v. Pullman Co.*, 312 U.S. 496, 499-500 (1941).  Where it is unclear how the state high court would interpret state law, federal courts would be

36

issuing "a tentative answer" by which "[t]he reign of law is hardly promoted. . . ."  *Id.* at 500.  When there may be means for resolution of a state issue to be pursued through state courts, "the district court should exercise its wise discretion by staying its hands." *Id.* at 501.  This case presents "the classic reason to apply the *Pullman* abstention doctrine" because the state-law questions are "independent and unsettled issue[s] best decided by state courts."  *Anderson v. Charter Tp. Of Ypsilanti*, 266 F.3d 487, 491 (6th Cir. 2001).

Campbell's Sixteenth through Nineteenth Claims for Relief seek to establish, as predicate offenses, conduct that has never before been found to be criminal. Given the novelty of the asserted claims, conclusory pleadings as to the illegality of the alleged underlying conduct is wholly insufficient to state a claim upon which relief can be granted. Tellingly, Campbell does not have a pending state-court action regarding these claims. Nor does Campbell point to a successful prosecution of conduct analogous to that which they allege to be criminal. Moreover, despite almost eighteen years having elapsed since executions resumed in 1999, Campbell fails to cite a single instance of an Ohio professional licensing board prohibiting EMTs, paramedics, or pharmacists from participating in executions. Instead, Campbell seeks to have this court declare conduct that has never before been found to be illegal as satisfying the predicate offense element upon which their entire Sixteenth through Nineteenth Claims for Relief rest.  And although Campbell does not have a pending state-court action regarding these claims, they concern matters particularly within the province of the local courts because the state law claims have no constitutional component and do not implicate any part of the

Constitution. This Court should decline to hear these claims based on the *Pullman* abstention doctrine.

## V.    The Prison Litigation Reform Act Precludes Preliminary Injunctive Relief for Many of Campbell's Claims.

Injunctive relief for these claims is also barred by the Prison Litigation Reform Act (PLRA). With the passage of the PLRA, Congress chose to preclude and restrict inmates from obtaining equitable relief for prison conditions, based on alleged violations of state and federal law, which includes executions. With the exception of a direct constitutional challenge under the Eighth Amendment, the PLRA prescribes any injunctive relief that has "an adverse impact on public safety or the operation of the criminal justice…" Based on the foregoing, and the State of Ohio's strong interest in the timely enforcement of judgments, alleged violations for federal and state statutes cannot result in stay of lawful execution under the PLRA.

The PLRA applies in this case. *Nelson v. Campbell*, 541 U.S. 637 (2004). In *Nelson,* the Supreme Court held that the inmate's challenge to Alabama's lethal injection protocol qualified as challenge to conditions of confinement case, as opposed to an attack on his conviction, and thus allowed to the challenge to proceed under § 1983. *Id.* The PLRA "imposes limits on the scope and duration of preliminary and permanent injunctive relief, including a requirement that, before issuing such relief, '[a] court shall give substantial weight to any adverse impact on … the operation of a criminal justice system caused by the relief.'" *Id.* at 650, *citing* 18 U.S.C. § 3626(a)(1); accord, §3626(a)(2). When ordering prospective relief in a PLRA case, the relief, "shall extend no further

than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1). The PLRA "thus limits the district court's power to order prospective relief for violations 'solely of state law.'" *Handberry v. Thompson*, 446 F.3d 335, 344 (2nd Cir. 2006).

Campbell asserts a number of claims that are based solely on state law. Even if this Court chooses to exercise jurisdiction over those claims, it cannot grant injunctive relief on the basis of those claims. This includes the Second, Sixteenth, Seventeenth, Eighteenth, and Nineteenth Claims for Relief. Each of these Claims for Relief sets forth claims based on novel applications of Ohio law, as more fully explained in the subsections addressing them individually. Because they are based on state law, they cannot serve as the basis of injunctive relief in a PLRA case. Campbell seeks only injunctive relief, so these claims fail to set forth a claim upon which relief may be granted and should be dismissed.

Likewise, Campbell claims based on alleged violations of federal laws fail to set forth a claim upon which a relief may be granted where the statutes cited do not create a "federal right." This includes the Fifteenth, Thirtieth, and Thirty-First Claims for Relief. As explained in more detail in the sub-sections regarding those specific claims, each of these Claims for Relief is based on a federal law, but not a federal right and so the PLRA prevents injunctive relief from being granted. Campbell seeks only injunctive relief, so these claims fail to set forth a claim upon which relief may be granted and should be dismissed.

"A stay is an equitable remedy, and 'equity must take into consideration the State's strong interest in proceeding with its judgment[.]" *Nelson*, 541 U.S. at at 650, citing *Gomez v. U.S. Dist. Ct., N. Dist. Of Cal.*, 503 U.S. 653 (1992). This "equity must be sensitive to the State's strong interest in enforcing its criminal judgment without undue interference with federal courts." *Hill v. McDonough*, 547 U.S. 573, 584 (2006). To preserve that strong interest, Congress passed the PLRA, which imposes restrictions on a federal court's ability to grant a preliminary injunction "in any civil action with respect to prison conditions." 18 U.S.C. § 3626(a)(1).   The PLRA provides that "prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1)(A).   In other words, "[t]he PLRA has restricted courts' authority to issue and enforce prospective relief concerning prison conditions, requiring such relief be supported by findings and precisely tailored to what is needed to remedy the violation of a federal right."  *Miller v. French*, 530 U.S. 327, 340, 347 (2000) ("[C]urbing the equitable discretion of the district courts was one of the PLRA's principal objectives[.]").   Moreover, the PLRA instructs this Court, before entering a preliminary injunction, to "give substantial weight any adverse impact on public safety or the operation of the criminal justice caused by the relief." 18 U.S.C. § 3626(a)(1)(A), *cited by*, *Nelson*, 541 U.S. at 650.   With the PLRA as a backdrop, this Court must be mindful that "[b]oth the State and victims of crime have an important interest in the timely enforcement of a sentence." *Hill*, 547 U.S. at 584.

Under the PLRA, by Congressional directive, this Court is precluded from granting any form of injunctive relief based on allegations of state law violations. Accordingly, the Second, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Forty-Fourth, Forty-Sixth, and Forty-Seventh Claims for Relief should be dismissed.

## VI.    Conclusion and Request for Relief

For the reasons set forth above, Campbell has failed to state claims against the moving Defendants upon which relief may be granted.   The moving Defendants therefore respectfully request that this Court dismiss all Claims for Relief in Campbell's Fifth Amended Complaint.

Respectfully submitted,

MICHAEL DEWINE
Ohio Attorney General

*s/ Jocelyn K. Lowe*
**JOCELYN K. LOWE (0083646)**
    *\*Lead Trial Attorney*
**CHARLES L. WILLE (0056444)**
**ZOE A. SAADEY (0089181)**
**THOMAS E. MADDEN (0077069)**
Assistant Attorneys General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
T: (614) 728-7055;  F: (614) 728-9327
Jocelyn.Lowe@ohioattorneygeneral.gov
Charles.Wille@ohioattorneygeneral.gov
Zoe.Saadey@ohioattorneygeneral.gov
Thomas.Madden@ohioattorneygeneral.gov
**COUNSEL FOR DEFENDANTS**

41

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing *Defendants' Motion to Dismiss the Fifth Amended Complaint of Plaintiff Alva Campbell* was filed electronically and under seal this 18th day of January, 2018.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/ Jocelyn K. Lowe*
**JOCELYN K. LOWE (0083646)**
Assistant Attorney General

42