**In The United States District Court
For The Southern District Of Ohio
Eastern Division**

| | |
|---|---|
| **IN RE OHIO EXECUTION PROTOCOL LITIGATION** | : Case No. 2:11-cv-1016 |
| | : **CHIEF JUDGE EDMUND A. SARGUS, JR.** |
| **This document relates to: PLAINTIFF ANTHONY SOWELL** | : Magistrate Judge Michael R. Merz |
| | : **DEATH PENALTY CASE** |

## ANTHONY SOWELL'S RENEWED MOTION TO INTERVENE AS PLAINTIFF-INTERVENOR

Anthony Sowell moves this Court under Fed. R. Civ. P. 24(a)(2) for leave to intervene as of right in this action. In the alternative, Sowell requests permissive intervention under Fed. R. Civ. P. 24(b)(2). As a death-sentenced individual, Sowell has a significant interest in the subject matter of this case and the existing parties may not adequately represent that interest. Further, Sowell's intervention will not prejudice the parties to these proceedings.

Mr. Sowell's prior Motion to Intervene (Dkt # 1419, filed 2/7/18) was denied "for failure to comply with S.D. Ohio Civ.R. 7.3, without prejudice to its renewal after compliance." Counsel for Mr. Sowell has now consulted with counsel for defendants who have responded only that they are "reviewing" his motion to intervene.

The reasons in support of this motion are more fully set forth in the attached Memorandum of law, which Sowell incorporates herein.

Respectfully submitted,

/s/ Jeffrey M. Gamso
JEFFREY M. GAMSO (0043869)


/s/ Erika Cunliffe
ERIKA CUNLIFFE (0074480)
Assistant Cuyahoga County Public
    Defenders
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113
Phone: (216) 443-7583
Fax: (216-443-6911
Jeff.gamso@gmail.com
Peachliffe1@yahoo.com

COUNSEL FOR ANTHONY SOWELL


# MEMORANDUM OF LAW

Plaintiffs, all Ohio death-row inmates, filed this action under 42 U.S.C. § 1983 for violations of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution. Like every other plaintiff, proposed intervenor Anthony Sowell is an Ohio death-row inmate. Sowell is a true party in interest because he is similarly situated and asserts the same causes of action as the other plaintiffs. (*See* Fourth Amended Omnibus Complaint, Dkt. #1252, filed 9/22/17, attached hereto.) Further, Sowell's intervention will not substantially impair the rights of the original parties to the pending action.

**A.    Sowell satisfies the requirements for intervention as of right as set forth in Fed. R. Civ. P. 24(a)(2).**

2

Rule 24(a) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> Upon timely application anyone shall be permitted to intervene in an action…when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). The purpose of this provision is to avoid a rash of lawsuits on related questions "by involving as many apparently concerned persons as is compatible with efficiency and due process." *Coal. of Arizona/New Mexico Counties for Stable Econ. Growth v. DOI*, 100 F.3d 837, 841 (10th Cir. 1996) (internal citations omitted). Therefore, "[t]he need to settle claims among a disparate group of affected persons militates in favor of intervention." *Jansen v. Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).

In light of the Rule and its goals, courts have granted motions to intervene as of right when the following criteria are met: (1) the motion is timely; (2) the applicant has a significant legal interest in the subject matter of the pending litigation; (3) the disposition of the action may impair or impede the applicant's ability to protect his interest; and (4) the existing parties cannot adequately protect the applicant's interests. *Id.* Sowell meets those requirements.

**1.      This application is timely.**

The Fourth Amended Omnibus Complaint, on behalf of all plaintiffs, was filed on September 22, 2017. To date, no action has been taken on that

3

Complaint in the above-captioned case. Therefore, the proposed intervention will not impair the progress of the proceedings or affect the interests of the original parties. *See, e.g., Baker v. Detroit*, 504 F. Supp. 841, 848 (E.D. Mich. 1980), *aff'd sub nom., Bratton v. Detroit*, 704 F.2d 878 (6th Cir. 1983), *cert. denied*, 464 U.S. 1040 (case filed in November and December 1975; trial undertaken in August 1978; motion to intervene filed in May 1978; motion granted).

**2.    Sowell has a "significant legal interest" in this case.**

Sowell's shared and individual interests are far more urgent, direct, and addressable than the Rule requires. Courts have not delineated the precise contours of an interest sufficient to support intervention as of right. *See Purnell v. Akron*, 925 F.2d 941, 947 (6th Cir. 1991); *Arizona/New Mexico*, 100 F.3d at 840. The interest requirement, however, "is to be construed liberally." *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987). *See also Michigan State v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (overruling the District Court's denial of intervention and noting the "rather expansive notion of the interest sufficient to invoke intervention of right" in the Sixth Circuit).

Indeed, failure to satisfy the interest prong of the test has rarely barred prospective intervenors from participating. The range of interests deemed sufficient is broad, and their character is often general. *See, e.g., Linton v. Comm'r of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir. 1992) (economic interest sufficient for intervention); *Herdman v. Town of Angelica*, 163 F.R.D. 180, 183 (W.D.N.Y. 1995) (purity and integrity of local air and water and in

residential and rural character of a town); *Arizona/New Mexico*, 100 F.3d at 841-44 (interest of a naturalist photographer in the protection of an owl species).

Sowell's interest in preventing his execution by a method violative of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments is the same legal and equitable interest as the original Plaintiffs and is sufficient to permit intervention.

3. **Sowell's ability to protect his interests will be impaired if he is not permitted to intervene.**

The impairment prong of the test requires only a hypothetical showing: applicants need show neither "substantial impairment" of their interests nor that "impairment will inevitably ensue from an unfavorable disposition." *Purnell*, 925 F.2d at 947. Rather, as stated in Rule 24, they need show only that the disposition may harm their ability to protect their interests. *Id.* For that reason, the *stare decisis* effect of a potential adverse holding is sufficient to show impairment. *Jansen*, 904 F.2d at 342; *Linton*, 973 F.2d at 1319. If Reynolds does not prevail, it would impair, if not completely destroy, Sowell's' ability to advance his arguments and put forth evidence in a separate action in this Court.

4. **Reynolds cannot adequately protect the applicant's interests, which are wholly dependent on the timeline of the applicant's case.**

The test's inadequate representation prong, like the impairment prong, requires only a minimal and hypothetical showing:

5

> The requirement of the Rule is satisfied if the applicant shows that representation of his interest "may be" inadequate; and the burden of making that showing should be treated as minimal.

*Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). Therefore, applicants "should be allowed to intervene unless it is clear that [the other plaintiffs] will provide representation." 7C Wright, Miller, and Kane, Federal Practice and Procedure at 319 (2d ed. 1986). The nature of Sowell's' claims makes intervention necessary to protect his interests.

**B.  In the alternative, Sowell satisfies the requirements for permissive intervention as set forth in Fed. R. Civ. P. 24(b)(2).**

The decision of whether to allow permissive intervention is within the sound discretion of the trial court. *Meyer Goldberg, Inc. v. Goldberg*, 717 F.2d 290, 294 (6th Cir. 1983). This rule is to be construed liberally and excludes many of the requirements of intervention of right. *Id.* For example, the Rule 24(a)(2) requirement that a proposed intervenor establish inadequate representation by existing parties is not a consideration for purposes of Rule 24(b).

Sowell has a direct and substantial interest in the outcome of this matter. Sowell's's' interests and the interests of the other Plaintiffs already a part of the above litigation share the same questions of law and fact. No substantive action has been taken in this case to date. The proposed intervention will not prejudice or delay the rights of any of the original parties. Sowell therefore requests that the Court grant permissive intervention under Civil Rule 24(b), should the Court decide not to grant intervention as of right.

6

## **CONCLUSION**

For the foregoing reasons, proposed intervenor Anthony Sowell respectfully requests that his motion be granted and that he be permitted to intervene in the instant action.

Respectfully submitted,

/s/ Jeffrey M. Gamso
JEFFREY M. GAMSO (0043869)


/s/ Erika Cunliffe
ERIKA CUNLIFFE (0074480)

Assistant Cuyahoga County Public
    Defenders
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113
Phone: (216) 443-7583
Fax: (216-443-6911
Jeff.gamso@gmail.com
Peachliffe1@yahoo.com

COUNSEL FOR ANTHONY SOWELL


## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion to Intervene is being filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties.  I further certify that I also served this Motion to Intervene via the U.S. mail on the Ohio Attorney General, 30 East Broad Street, 17th Floor, Columbus, Ohio 43215 on this 9th day of February, 2018.

/s/Jeffrey M. Gamso

7

JEFFREY M. GAMSO (0043869)
COUNSEL FOR ANTHONY SOWELL