# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: OHIO EXECUTION : | |
| PROTOCOL LITIGATION : | Case No. 2:11-cv-1016 |
| : | |
| : | Chief Judge Edmund A. Sargus, Jr. |
| **This document relates to** : | |
| **ALL PLAINTIFFS** : | Magistrate Judge Michael R. Merz |

## DEFENDANTS' MEMORANDUM IN RESPONSE TO MOTIONS TO INTERVENE BY MOVANTS CARON MONTGOMERY, ASHFORD THOMPSON, AND ANTHONY SOWELL [ECF NOS. 1416, 1417, AND 1423].

Movants Caron Montgomery, Ashford Thompson, and Anthony Sowell have all filed Motions to Intervene in this action. [ECF Nos. 1416, 1417, 1423]. Defendants' Response to these motions is set forth with particularity in the attached memorandum.

Respectfully submitted,

MICHAEL DEWINE
Ohio Attorney General

*s/ Jocelyn K. Lowe*
**JOCELYN K. LOWE (0083646)**
 *Lead Trial Counsel*
**CHARLES L. WILLE (0056444)**
**ZOE A. SAADEY (0089181)**
**THOMAS E. MADDEN (0077069)**
Assistant Attorneys General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
T: (614) 728-7055; F: (614) 728-9327
Jocelyn.Lowe@ohioattorneygeneral.gov
Charles.Wille@ohioattorneygeneral.gov
Zoe.Saadey@ohioattorneygeneral.gov
Thomas.Madden@ohioattorneygeneral.gov
**COUNSEL FOR DEFENDANTS**

I.  **Statement of the Case and Facts**

This case concerns suits by condemned prisoners challenging Ohio's execution procedures. In 2011, the Court consolidated the suits upon agreement of the parties "[g]iven the sheer number of plaintiffs that were either going to attempt intervention or file a new case," and the "common factual allegations and claims." [Order, ECF No. 11, PageID 479]. In November of 2011, Plaintiffs filed an "omnibus complaint" which ostensibly set forth all claims having common bases in law or fact. [Omnibus Complaint, ECF No. 4]. Plaintiffs subsequently filed four amended omnibus complaints: Amended Omnibus Complaint [ECF No. 158]; Second Amended Omnibus Complaint [ECF No. 378]; Third Omnibus Complaint [ECF No. 546]; and Fourth Amended Omnibus Complaint [ECF No. 695].

On January 30, 2018, Defendants' attorneys, Ms. Lowe and Ms. Saadey, received an e-mail from attorney Randall Porter stating that "OPD has either one or two individuals on whose behalf they are going to move to intervene in the lethal injection litigation" and asked for Defendants' position on the motion. On February 1, 2018, attorney Wille responded to attorney Porter by e-mail that ODRC would oppose future motions to intervene. On February 6, 2018, attorney Rigby, filed on behalf of condemned prisoners Caron Montgomery and Ashford Thompson, motions to intervene in the case. [Motions, ECF Nos. 1416 and 1417]. On February 7, 2018, the Court issued an order in which it found *prima facie* that intervention and further consolidation are appropriate, and directed Defendants to file any opposition to the motions to intervene not later than Friday, February 9, 2018. [Order, ECF No. 1418].

2

Earlier this afternoon, attorney Jeffrey Gamso filed a renewed motion to intervene on behalf of condemned prisoner Anthony Sowell. [ECF No. 1423].  Although the Court's February 7, 2018 Order does not address movant Sowell's motion due to the timing of the filing, Defendants' response is applicable to his motion as well.

After further consideration, the Defendants withdraw their opposition to the motions to intervene, and respectfully request that the Court issue an order directing the plaintiffs to explain the basis for pursuing some claims as individual rather than in an omnibus fashion.  Such order will ensure that this long-standing litigation proceeds efficiently towards resolution, even if the number of plaintiffs increases.

**II.        Defendants do not oppose intervention and further consolidation, and ask that the Court consider issuing an additional order for the purpose of avoiding unnecessary delay in the final resolution of all suits.**

Rule 42(a) of the Federal Rules of Civil Procedure provides that,

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The decision whether to consolidate cases is a matter within the sound discretion of the trial court. *See United States v. Vasi*, 1991 U.S. Dist. LEXIS 21436, 1991 WL 557609, at *4 (N.D. Ohio May 6, 1991).   In exercising its discretion, a court should weigh "the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause." *Id.*  Intervention and consolidation depend upon a finding that the claims should proceed jointly and be tried together, primarily in order to avoid undue prejudice to the parties or to foster judicial efficiency.  *Capitol Specialty*

3

*Ins. Corp. v. Splash Dogs, LLC*, 801 F.Supp.2d 657, 2011 U.S. Dist. LEXIS 76309 (S.D.Ohio 2011). The Defendants' initial objection to consolidation was based on their concern that the addition of new parties would likely further complicate efficient judicial administration of this case, because all of the plaintiffs arbitrarily choose whether their common questions will be "omnibus" or "individual," indefinitely extending the conclusion of this case.

In consolidating this case, the Court and the parties agreed that the claims of current and future Plaintiffs share common bases in law and fact, and that therefore consolidation would promote the interests of efficiency and justice. The end goal, shared by the parties and the Court, was to streamline the litigation. [Call Tr., ECF No. 91, PageID 4600-01]. Instead, the Fourth Amended Omnibus Complaint consists largely of claims that are substantially similar, if not identical, to claims previously dismissed by this Court. [See Motion to Dismiss, ECF No. 1379]. In the Fourth Amended Omnibus Complaint, the Plaintiffs indicated that many claims will be set forth in individual complaints, including the facial Eighth Amendment challenge to the use of midazolam that has been the focus of three evidentiary hearings presented to this Court and two appeals to the Sixth Circuit. [Fourth Amended Omnibus Complaint, ECF No. 1252].

The decision to divide out these claims means that the Court is repeatedly presented with arguments and evidence on the same issues and by the same group of attorneys. [E.g., Deposition of Carol A. Wright, ECF No. 1345, PageID 49752-760, noting the representation of many plaintiffs in this litigation]. And Plaintiffs' counsel have informed the Defendants' counsel that the individual Plaintiffs have only "general

4

familiarity with the factual record" in the case. [Plaintiffs' Response to Defendants' Discovery Requests, December 27, 2016, ECF No. 1047-1, PageID 40623, ¶ 4].  Likewise, in an early deposition, Defendants' counsel were informed by Mr. Porter that Plaintiff Phillips "has not had reviewed with him the actual complaints . . . He has given us [his counsel, Mr. Porter] the facts and that's the only thing he's in a position to answer, if that makes sense." [Deposition of Phillips, ECF No. 360, PageID 10372].  Given that their clients have only a limited familiarity with the allegations in the complaints, Plaintiffs' counsel are necessarily making the determinations about what arguments and facts to present to the Court.  And, as this Court has noted, Plaintiffs' counsel are well-coordinated.  [*Chinn v. Warden*, S.D. Ohio Case No. 3:02-cv-00512, ECF No. 160, PageID 10092 (Merz, M.J.)].  In light of this coordination among attorneys, the Defendants respectfully request that, if this Court permits new parties to intervene in the litigation, the Court also order that the intervening plaintiffs must demonstrate why their individual claims should not be construed by the Court to be "common questions of fact or law" that should instead be raised and resolved through the omnibus complaint.

The "underlying objective [of consolidation] is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex, Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992) (internal quotation marks and citation omitted). The portions of this case that are <u>not</u> consolidated should be limited to those claims that are dependent on the individual's characteristics, e.g., Plaintiff Campbell's allegations of difficulty obtaining intravenous access.  Instead, the plaintiffs have indicated that they will confine the most litigated portions of this case – the facial constitutionality of

5

the protocol, for example – to the individual complaints, which means that a trial in the omnibus complaint in this case (were it to survive dispositive motions) would not resolve the litigation. While consolidation generally permits plaintiffs to pursue separate claims, it should not permit any of the Plaintiffs in this case to repeatedly litigate the same claim based on the same set of facts, particularly given the commonality of and coordination between the attorneys.  By dividing their case in this manner, the Plaintiffs in this action have turned a method-of-execution challenge into a decades-long ad hoc "board of inquiry" regarding Ohio's execution process, despite the Supreme Court's strong cautions to avoid just that.  *Baze v. Rees*, 553 U.S. 35, 51 (2008) (plurality opinion).  Their pleadings, if adopted at face-value, afford no finality.

An order directing the plaintiffs to explain the basis for pursuing some claims as individual rather than in an omnibus faction will help simplify this litigation and will promote efficiency and fairness.  The Defendants reserve the right to request additional orders regarding consolidation after individual, supplemental complaints are filed.

    Respectfully submitted,

    MICHAEL DEWINE
    Ohio Attorney General

    *s/ Jocelyn K. Lowe*
    **JOCELYN K. LOWE (0083646)**
       *Lead Trial Attorney*
    **CHARLES L. WILLE (0056444)**
    **ZOE A. SAADEY (0089181)**
    **THOMAS E. MADDEN (0077069)**
    Assistant Attorneys General
    Criminal Justice Section, Capital Crimes Unit
    150 East Gay Street, 16th Floor
    Columbus, Ohio 43215

                T: (614) 728-7055; F: (614) 728-9327
                Jocelyn.Lowe@ohioattorneygeneral.gov
                Charles.Wille@ohioattorneygeneral.gov
                Zoe.Saadey@ohioattorneygeneral.gov
                Thomas.Madden@ohioattorneygeneral.gov
                **COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically this 9th day of February, 2018. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

              *s/ Jocelyn K. Lowe*
              **JOCELYN K. LOWE (0083646)**
              Assistant Attorney General