IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: OHIO EXECUTION PROTOCOL LITIGATION**<br><br>**This document relates to:**<br>**ALL PLAINTIFFS AND MOVANTS MONTGOMERY, THOMPSON, AND SOWELL** | Case No. 2:11-cv-1016<br><br>**CHIEF JUDGE EDMUND A. SARGUS, JR.**<br>**Magistrate Judge Michael R. Merz**<br><br>**DEATH PENALTY CASE** |

**Plaintiffs' Reply to Defendants' Response (ECF No. 1424) to Motions to Intervene By Movants Montgomery, Thompson, and Sowell (ECF Nos. 1416, 1417, and 1423)**

## I. Background

Movants Caron Montgomery, Ashford Thompson, and Anthony Sowell filed Motions to Intervene in this case. (ECF Nos. 1416, 1417, 1423, respectively.) The Court ordered Defendants to file any opposition to the motions (ECF No. 1416 & 1417) by February 9, 2018. (Order, ECF No. 1418, PageID 54134.) The Court also noted that unless any Plaintiffs filed an opposition by that same deadline, their consent was to be presumed. (*Id.*)

When initially consulted, Defendants opposed Movants' intervention, but withdrew that opposition in their written Response. (ECF No. 1424, PageID 55147.) Rather than oppose the motions, Defendants in their Response instead seek an order from this Court to be directed, apparently, to other potential interveners, or, somehow, to Plaintiffs already in this case. The Court ordered "that Plaintiffs reply in writing to the Response, raising any objections

to Defendants' proposals" by 5:00 p.m. February 12, 2018.  (ECF No. 1425, PageID 55152.)

Because Defendants' Response, and the proposals raised therein, states that it "relates to ALL PLAINTIFFS," and this Court's Orders state likewise (*see* ECF No. 1418, PageID 54133; 1425, PageID 55152), Plaintiffs object to the extent they (rather than Movants) have been ordered to respond.  To the extent that Movants are required to respond, notwithstanding that they are not yet Plaintiffs, Movants object similarly.  For simplicity's sake, however, Movants and Plaintiffs will be collectively referred to hereinafter as "Plaintiffs" unless otherwise specifically stated.

## II.   Discussion and Argument

Plaintiffs will assume for the sake of timely responding to the Court's order that Defendants are proposing:  (1) that the Court issue an "order directing the plaintiffs [sic][1] to explain the basis for pursuing some claims as individual rather than in an omnibus faction [sic]" (ECF No. 1424, PageID 55150); and (2) that this Court "order that the intervening plaintiffs [sic] must demonstrate why their individual claims should not be construed by the Court to be 'common questions of fact or law' that should instead be raised and resolved through the omnibus complaint" (*id.* at PageID 55149).  Though Defendants appear to raise these as two separate proposals, the difference between these two requests is unclear, as is the actual substance of what

---

[1] It is unclear whether Defendants mean "Plaintiffs" or "Movants" or both.

2

Defendants seek. Nevertheless, Plaintiffs offer the following responses and objections to Defendants' proposals and other statements.

The crux of Defendants' confusion appears to stem, at least in part, from the fact that Plaintiffs have moved their Eighth Amendment claims (and other individualized claims) into their forthcoming Amended Individual Supplemental Complaints, rather than asserting such claims in the Fourth Amended Omnibus Complaint. Defendants assert that "[t]he portions of this case that are <u>not</u> consolidated should be limited to those claims that are dependent on the individual's characteristics, e.g., Plaintiff Campbell's allegations of difficulty obtaining intravenous access." (ECF No. 1424, PageID 55149.)

As a threshold matter, Defendants fail to acknowledge that circumstances have changed significantly since the omnibus complaint approach was first employed upon agreement of all parties and the Court in November 2011. (*See* Order, ECF No. 11, PageID 479 (recounting that the parties and the Court agreed that "the majority of the new plaintiffs would file one omnibus complaint that sets forth all common factual allegations and claims and individualized supplemental complaints that set forth individualized factual allegations and individualized claims"). Principally, in June 2015, the Supreme Court decided *Glossip v. Gross*, 135 S. Ct. 2726 (2015), clarifying that a Plaintiff raising at least certain types of Eighth Amendment method-of-execution claims must plead and prove, *as an element of such a claim,* an alternative execution method. *Id.* at 2739.

3

Whether and what to plead as an alternative execution method is an intensely individualized decision that each Plaintiff must make for himself. Accordingly, in addition to individualized physical and mental health characteristics and claims that are predicated on such characteristics, matters related to each Plaintiff's alleged alternative execution method(s) and their Eighth Amendment claims are "individualized claims." That is, individualized factual matters and corresponding legal claims must be pleaded in an Individual Supplemental Complaint. And, therefore, such claims are appropriately moved from an omnibus pleading applicable to all signatories to that document to each Plaintiff's Individual Supplemental Complaint, in accordance with the Court's earlier consolidation order.

Consequently, there is an easy answer to Defendants' uncertainty about "the basis for pursuing some claims as individual rather than in an omnibus faction [sic]" and why this Court should not construe Plaintiffs' individual claims to be "raised and resolved through the omnibus complaint." Specifically, the Courts require Plaintiffs to plead their Eighth Amendment claims in such individualized and particularized fashion that an Individual Supplemental Complaint is the appropriate vehicle.

Similarly, to the extent any Plaintiff raises any other claim that involves any individualized allegations (such as claims for violations of the Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which are unique to that Plaintiff based on his own sincerely held

4

religious beliefs), it is similarly axiomatic that those claims must also be raised in their Individual Supplemental Complaints.

Defendants' discussion about intervention and consolidation (ECF No. 1424, PageID 55147–50) is unclear.  If Defendants are suggesting that rather than intervening in this case, Movants should file their own individual cases, such a proposal runs counter to basic principles of judicial economy.  Notably, each of these Movants is well within his two-year statute of limitations period after conclusion of his direct appeal (and after Defendants changed their execution protocol on October 7, 2016), so that would be an avenue available to them.  *See Cooey v. Strickland ("Cooey II")*, 479 F.3d 412, 421–22 (6th Cir. 2007); *Cooey (Beuke) v. Strickland*, 604 F.3d 939, 942 (6th Cir. 2010) (noting Ohio's change in execution protocol, and explaining "[g]iven the change of policy, the statute of limitations to challenge the new procedure began to run anew").  It is unclear to Plaintiffs how Defendants would seek to force Movants (or any subsequent parties who seek to intervene when their claims become ripe) to "raise and resolve[]" their individual claims "through the omnibus complaint" (ECF No. 1424, PageID 55149), when they could conceivably file their own individual suits.  Forcing Movants to proceed in such a fashion would only add further to the case's complexity, as those individually filed suits would inevitably be consolidated with this one. (*See, e.g.*, Order, ECF No. 1418, PageID 54133.)

Defendants also assert that Plaintiffs must litigate all their individual claims as part of the Fourth Amended Omnibus Complaint because "Plaintiffs'

5

counsel are necessarily making the determinations about what arguments and facts to present to the Court," and "Plaintiffs' counsel are well-coordinated." (ECF No. 1424, PageID 55149.) But neither of those arguments has any relevance to determining the procedural vehicle—the omnibus pleading or an individualized supplemental complaint—in which Plaintiffs and/or Movants litigate their claims in this case. As to the first of Defendants' assertions, Plaintiffs will not engage here in a discussion about this litigation that might breach attorney-client confidentiality. Rather, Plaintiffs merely note that Defendants seem to be complaining that Plaintiffs' counsel are performing their manifest function as lawyers who represent clients. *See* Ohio Rules of Prof. Conduct, Rule 1.2(a) and Comment thereto; Rule 1.3 and Comment thereto; and Rule 1.4(a)–(b) and Comment thereto. Defendants suggest that such a state of things somehow means that Movants must include all their claims in the Fourth Amended Omnibus Complaint. But Defendants offer no legal authority for this proposition, and no such authority exists.

      Furthermore, as to the second of those assertions, the undersigned appreciates that the Court and Defendants' counsel believe "Plaintiffs' counsel" are well-coordinated. But the position of each counsel in this case is ultimately guided by the goals and interests of his or her client, and it should go without saying that each Plaintiff's interests are uniquely his own.

      Finally, Defendants take issue with many unrelated points of the litigation in their Response, including the longevity of the proceedings. But they overlook why this case has, to this point, been primarily litigated as a

6

series of preliminary injunction proceedings. That reality is due to the fact that Defendants have continued to carry out executions throughout this litigation, often with new and different execution protocols, necessitating new rounds of amendments and related filings, *see, e.g.*, *Cooey v. Strickland (Biros)*, 588 F.3d 921, 923 (6th Cir. 2009) (requiring amended pleadings after Defendants change their execution protocol), with some executions being enjoined based on Defendants' actions, *see, e.g.*, *In re Ohio Execution Protocol (Lorraine)*, 671 F.3d 601, 602 (6th Cir. 2012). The many changes to the protocol have not only prompted several injunctive relief proceedings for the inmate(s) imminently scheduled for execution, but also often produced additional or new evidence supporting Plaintiffs' claims. Again, those developments are due entirely to Defendants' actions, not Plaintiffs'.

### III.  Conclusion

Plaintiffs are unsure what, precisely, Defendants are proposing in their Response to the Motions to Intervene (ECF No. 1424).

As noted above, it is unclear how Plaintiffs (rather than Movants) are involved in the Motions or the decision whether to grant them, but Defendants' Response appears aimed at Plaintiffs, not Movants. On the assumption that they must respond, Plaintiffs offer the foregoing responses and objections to what they understand to be Defendants' proposals and "arguments." And Movants offer the foregoing responses and objections as well. If Plaintiffs and Movants have misunderstood what this Court desires them to do, they request

an opportunity to respond after further clarification of what Defendants are proposing and what this Court seeks from them.

                              Respectfully submitted,

                              **Deborah L. Williams**
                              Federal Public Defender

                              by

| */s/ Kimberly S. Rigby* | */s/ Allen L. Bohnert* |
|---|---|
| **Kimberly S. Rigby (OH 0078245)** | **Allen L. Bohnert (OH 0081544)** |
| Assistant State Public Defender | Assistant Federal Public Defender |
| | |
| Office of the Ohio Public Defender | Office of the Federal Public Defender |
| 250 E. Broad Street | for the Southern District of Ohio |
| Suite 1400 | Capital Habeas Unit |
| Columbus, Ohio 43215 | 10 West Broad Street, Suite 1020 |
| 614-466-5394 | Columbus, Ohio 43215 |
| 614-728-3670 (fax) | 614-469-2999 |
| Email: Kim.Rigby@opd.ohio.gov | 614-469-5999 (fax) |
| | Email: Allen_Bohnert@fd.org |
| **Trial Counsel for Movants** | |
| **Montgomery and Thompson** | **Trial Counsel for certain Plaintiffs and Plaintiffs' Liaison Counsel** |

*/s/ Jeffrey M. Gamso*
**Jeffrey M. Gamso (OH 0043869)**
*/s/ Erika Cunliffe*
**Erika Cunliffe (0074480)**
Assistant Cuyahoga County Public Defenders
310 Lakeside Ave., Suite 200
Cleveland, OH 44113
216-443-7583
216-443-6911 (fax)
Email: Jeff.gamso@gmail.com
Peachliffe1@yahoo.com

**Counsel for Movant Sowell**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2018, I electronically filed the foregoing **Plaintiffs' Reply to Defendants' Response (ECF No. 1424) to Motions to Intervene By Movants Montgomery, Thompson, and Sowell (ECF Nos. 1416, 1417, and 1423)** with the Clerk of the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to the e-mail addresses of opposing counsel that are on file with the Court.

                                    */s/ Allen L. Bohnert*
                                    Assistant Federal Public Defender
                                    Plaintiffs' Liaison Counsel