IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

In re:  OHIO EXECUTION
 PROTOCOL LITIGATION,

:           Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

## ORDER ON MOTIONS TO INTERVENE

This consolidated capital case under 42 U.S.C. § 1983 is before the Court on Motions to Intervene of Ohio death row inmates Caron Montgomery (ECF No. 1416), Ashford Thompson (ECF No. 1417), and Anthony Sowell (ECF No. 1423).  A motion to intervene is a non-dispositive pre-trial motion committed to the decisional authority of an assigned Magistrate Judge in the first instance.

Movant Montgomery asserts he is a "true party in interest because he is similarly situated [to] and asserts the same causes of action as the Plaintiffs," referencing the extant Fourth Amended Omnibus Complaint (ECF No. 1416, PageID 53148, attaching a copy of ECF No. 1252).  He asserts he meets the criteria for intervention enunciated in *Jansen v. Cincinnati*, 904 F.2d 336 (6th Cir. 1990), to wit, that the application is timely, that the applicant has a significant legal interest in the subject matter of the pending litigation, that disposition of that litigation in the applicant's absence may impair or impede the movant's ability to protect his interests, and

1

that the existing parties cannot adequately protect the movant's interest. *Id.* at 340. Movants Thompson's and Sowell's Motions closely parallel Montgomery's.

In compliance with S. D. Ohio Civ. R. 7.3, counsel for Montgomery and Thompson sought consent from Defendants' counsel which was declined. Accordingly the Court ordered Defendants to respond by February 9, 2018,[1] and said it would presume consent by Plaintiffs if they did not object by the same date (ECF No. 1418). Plaintiffs have made no objection.

Defendants withdrew their opposition but "request that the Court issue an order directing the plaintiffs to explain the basis for pursuing some claims as individual rather than in an omnibus fashion." (Response, ECF No. 1424, PageID 55147.) They note that the Fourth Amended Omnibus Complaint reserves for separate pleading in individual supplemental complaints "many claims . . . including the facial Eighth Amendment challenge to the use of midazolam that has been the focus of three evidentiary hearings presented to this Court and two appeals to the Sixth Circuit." *Id.* at PageID 55148. Defendants conclude that "[t]he portions of this case that are <u>not</u> consolidated should be limited to those claims that are dependent on the individual's characteristics, e.g., Plaintiff Campbell's allegations of difficulty obtaining intravenous access." *Id.* at PageID 55149. Defendants' concern is that by allowing the Plaintiffs to separate out the most litigated portions of the case, this method of supplemental pleading allows Plaintiffs to "repeatedly litigate the same claim based on the same set of facts," thereby turning "a method-of-execution challenge into a decades-long ad hoc 'board of inquiry.'"

Movants and Plaintiffs responded jointly (ECF No. 1426). They assert that the Supreme Court's decision in *Glossip v. Gross*, 135 S.Ct. 2726 (2015), which requires § 1983 challengers of methods of execution to plead an alternative execution method requires an "intensely

---

[1] The Court apologizes for the short deadline which was occasioned by the fact that when the Motions were filed, the parties were expecting the execution of Raymond Tibbetts to proceed as then scheduled on February 13, 2018.

individualized decision" by each Plaintiff.  In addition, individualized physical and mental health characteristics give rise to "individualized claims," as Defendants concede is appropriate. Finally, they note that particular Plaintiffs may have individualized claims regarding religious issues.

Defendants concerns are not appropriately addressed in deciding the instant Motions. Clearly the Movants meet the criteria for intervention enunciated in *Jansen, supra*.  Just as clearly, each of the Movants could file a separate § 1983 action in this Court which would then be appropriately consolidated with this case.  The question of which issues to try separately for each Plaintiff or indeed to try only tentatively on preliminary injunction is a separate issue on which the Court is prepared to entertain proposals from the parties and has already once addressed by insisting that the 2016 preliminary injunction motions of Plaintiffs Phillips, Otte, and Tibbetts be heard together in January 2017.  Case management proposals are welcome, but the Court will not attempt to prescribe them on Motions to Intervene.  While not proposing to be or become a board of inquiry, this Court is charged by 28 U.S.C. §§ 1331 and 1391 to be the court that decides constitutional challenges to Ohio's method of execution.

The Motions to Intervene are GRANTED.  Counsel for Plaintiff Sowell will take note of Mr. Bohnert's role as Liaison Counsel for all Plaintiffs.

February 20, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge
