IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
PROTOCOL LITIGATION,

Case No. 2:11-cv-1016

-vs-

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to:
Plaintiffs Kenneth Smith,
Charles Lorraine, and
Michael Webb.

**<u>OPINION AND ORDER DISSOLVING INJUNCTIVE RELIEF</u>**

This consolidated § 1983 case raising multiple Constitutional challenges to the manner in which Ohio carries out executions is before the Court on the following:

▶ Defendants' Motion to Dissolve Previously Issued Temporary Restraining Orders, Preliminary Injunctions and Stays of Execution for Kenneth Smith, Michael Webb and Charles Lorraine (ECF No. 1046);

▶ Plaintiffs' Response in Opposition to Defendants' Motion to Dissolve Previously Issued Temporary Restraining Orders, Preliminary Injunctions and Stays of Execution (ECF No. 1102);

▶ Defendants' Memorandum in Reply to Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dissolve Previously Issued Temporary Restraining Orders, Preliminary Injunctions and Stays of Execution for Kenneth Smith, Michael Webb and Charles Lorraine (ECF No. 1129);

▶ Report and Recommendations on Motion to Dissolve Temporary Injunctive Relief (ECF No. 1136);

▶ Recommittal Order (ECF No. 1281);

▶ Supplemental Report and Recommendations on Motion to Dissolve Preliminary Injunctions (ECF No. 1305);

1

- ▶ Plaintiffs' Objections to the Magistrate Judge's Supplemental Report and Recommendations on Motion to Dissolve Preliminary Injunctions (ECF No. 1377); and

- ▶ The Defendants' Memorandum in Response to Plaintiffs' Objections [ECF NO. 1377] to the Magistrate Judge's Supplemental Recommendations [ECF NO. 1305] to Dissolve Previously Issued Preliminary Injunctions (ECF No. 1391).

State Actor Defendants ask for the dissolution of temporary restraining orders, preliminary injunctions, and stays of execution issued to Plaintiffs Kenneth Smith on July 8, 2011; Charles Lorraine on January 11, 2012; and Michael Webb on January 26, 2012. (ECF No. 1046, at PageID 40600.) Defendants assert that "the significant change in circumstances over the past six years has severely weakened the rationale supporting those stays and now warrants their dissolution." (*Id.*)

On August 2, 2017, the Magistrate Judge issued a Report and Recommendations agreeing with Defendants' assertion and recommending that their Motion to Dissolve be GRANTED. (ECF No. 1136, at PageID 43352.) The central reason the Magistrate Judge recommended dissolving the injunctions at issue was that those injunctions were issued in the context of prior execution protocols that the Ohio Department of Rehabilitation and Correction ("ODRC") has long since replaced multiple times over. The Magistrate Judge concluded that these three Plaintiff-Inmates are not entitled to what essentially amounts to an indefinite stay of execution on the basis of facts that no longer exist.

Following Objections filed by Plaintiffs on September 29, 2017 (ECF No. 1276), this Court on October 6, 2017, recommitted the matter to the Magistrate Judge for further consideration. On October 17, 2017, the Magistrate Judge issued a Supplemental Report and Recommendations again recommending that the temporary injunctive relief granted to Plaintiffs

Smith, Lorraine, and Webb be dissolved without prejudice to renewed consideration of such relief if their executions become imminent. (ECF No. 1305.) The Court agrees.

When a Magistrate Judge issues a Report and Recommendations on a dispositive matter, the District Judge reviews the Report and Recommendations *de novo*. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674 (1980); *United States v. Curtis*, 237 F.3d 596, 602-03 (6th Cir. 2001).

The Magistrate Judge applied the correct legal standard--*Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 414 (6th Cir. 2012)--noting that where significant changes in the law or circumstances threaten to convert a previously proper injunction into an instrument of wrong, judicial intervention may be necessary to prevent inequities. (ECF No. 1136, at PageID 43350.) The Court agrees with the central reasons upon which the Magistrate Judge relied in recommending dissolution of the injunctive relief, to wit: significant changes in the circumstances that warranted those previous injunctions and the unintended, unwarranted benefit these three Plaintiffs have reaped since. The Court further agrees that the injunctions were warranted at the time they were issued, that the decisions accompanying those injunctions remain intact, and that the ability of this Court to continue to enforce the Constitution and the decisions that accompanied previously issued injunctions has not changed and will not change. The Court finds nothing in Plaintiffs' Objections (ECF Nos. 1276 and 1377) to persuade the Court that the Magistrate Judge's recommendations were in error.

Plaintiffs fault the Magistrate Judge's limited findings as to changed circumstances warranting dissolution of the injunctive relief previously issued to Smith, Lorraine, and Webb. (ECF No. 1276, at PageID 46680.) But as the Magistrate Judge explained, and this Court agrees,

3

"Judge Frost himself found significant enough changes in Ohio execution practice to refuse injunctive relief when it came to the Wiles and Hartman executions." (ECF No. 1305, at PageID 47463.) Plaintiffs' objection is OVERRULED.

The Magistrate Judge provided a good explanation for why, despite consolidation in this case, each inmate's case has been treated separately on motion for preliminary injunction as his scheduled execution date approached. (ECF No. 1136, at PageID 43350-43351.) Plaintiffs' suggestion that the factual landscape of this case justifies their continued position that Defendants will continue to deviate from their execution protocol (ECF No. 1276, at PageID 46681-46695) does not undermine the Magistrate Judge's rationale or otherwise persuade this Court to veer from the conclusion that if these Plaintiffs are to have injunctive relief going forward, they should have to prove entitlement based on the prevailing facts and circumstances at the time their execution dates become imminent. The Magistrate Judge's and Court's conclusion in this regard likewise addresses Plaintiffs' objection that the Supplemental Report and Recommendations failed to address their "extensive discussion" of why the factual landscape of this case supports their continued position that Defendants still deviate from the mandates of their execution protocol. That objection (ECF No. 1377, at PageID 51894) is accordingly OVERRULED.

The inescapable fact is that Plaintiffs' probability of success on the merits has changed, at least as to claimed Equal Protection violations, because, as Judge Frost found, Defendants changed their practices for conducting executions in a manner that satisfies the Constitution. (ECF No. 1136, at PageID 43351.) Moreover, the Sixth Circuit's June 2017 decision holding that co-plaintiffs Phillips, Otte, and Campbell were not likely to prevail at trial on their claims

further undercuts any argument that continued injunctive relief is warranted. (ECF No. 1305, at PageID 47463-47464.) Plaintiffs' objections do not demonstrate otherwise. The Court OVERRULES this objection.

As to the Supplemental Report and Recommendations, Plaintiffs' objections to the Magistrate Judge's finding fault with decisions made by other plaintiffs in this litigation and then imputing that fault to the Plaintiffs in the instant proceeding (ECF No. 1377, at PageID 51896-51898), and to the Magistrate Judge's accusations of delay (*Id.* at PageID 51899-51903) are OVERRULED. Whether or to what extent the Magistrate Judge did as Plaintiffs allege does not, in this Court's view, undermine the central reasons for dissolving the injunctions, to wit: significant changes in circumstances and the unintended, unwarranted benefit these three Plaintiffs have reaped.

Plaintiffs argue at length that the Magistrate Judge's reliance on the imminence of execution dates runs afoul of the Sixth Circuit's holding in *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007). (ECF No. 1377, at PageID 51903-51906.) The issue in that case was when the statute of limitations for a § 1983 claim begins to run in a method-of-execution lawsuit. The Sixth Circuit rejected Judge Frost's conclusion that a death row inmate's § 1983 claim did not accrue until his or her execution was imminent. Plaintiffs seize upon that reasoning in support of their objection that the imminence of an inmate's execution is irrelevant to the procedures and timing of the inmate's challenges to Ohio's execution methods. The Court rejects Plaintiffs' invitation to extend *Cooey* in that manner. *Cooey* addresses only statute of limitations issues, and contains nothing holding that imminence of execution is irrelevant to procedures and timing of challenges. Plaintiffs' leap from "imminence does not mark accrual" to "imminence is not

5

relevant" relies on an unsupported, overgeneralized reading of *Cooey*.

Even if *Cooey* stood for the proposition advanced by Plaintiffs, it would not support maintaining the injunctions issued to Plaintiffs Smith, Lorraine, and Webb. The fact that these Plaintiffs were successful in challenging their then-imminent executions does not in any way justify keeping those injunctions in place when the facts giving rise to the injunctions—stemming from long since superseded execution protocols—have disappeared. The Court agrees with and adopts the Magistrate Judge's conclusion that if these Plaintiffs are to have injunctive relief going forward, they should have to prove entitlement based on the prevailing facts and circumstances at the time their execution dates become imminent. To this point, one observation in particular by the Magistrate Judge bears emphasizing:

> [P]laintiffs' claims of "immediate harm" if the injunctive relief is dissolved is hollow. In fact, these three Plaintiffs have received an unwarranted benefit from the place they formerly held in the execution schedule. Set for executions in mid-2011 to early 2012, they now have no execution dates at all. Ohio[] has currently scheduled twenty-seven executions through September 2020. If the preliminary injunctions were dissolved, these three inmates would probably, if history is any guide, be inserted at the end. This means that they would have effectively added almost ten years to their lives merely by being at the "right" place in the schedule at the right time. They are no more entitled to further stays on the basis of stale claims than were inmates Wiles and Hartman [who sought and were denied stays shortly after Smith, Lorraine, and Webb; and were subsequently executed].

(ECF No. 1136, at PageID 43352.) The only thing this Court would add is that as of the time of the writing of this decision, the twenty-seven execution dates that Ohio has scheduled run through *August 2022*. (www.drc.ohio.gov/execution-schedule.) Plaintiffs' objections (ECF No. 1276, at PageID 46695-46698; ECF No. 1377, at PageID 51894-51895) do not demonstrate error in this observation or resultant finding of "unwarranted benefit." The possibility that Defendants *might not* insert these Plaintiffs' execution dates at the end of the line (ECF No. 1276, at PageID

6

46697-46698) does not justify maintaining indefinitely injunctive relief that is no longer warranted. This objection is OVERRULED.

For the foregoing reasons, the Court **OVERRULES** Plaintiffs' Objections (ECF Nos. 1276 and 1377), **AGREES WITH** and **ADOPTS** the Magistrate Judge's Report and Recommendations (ECF No. 1136) and Supplemental Report and Recommendations (ECF No. 1305), and **GRANTS** Defendant's Motion to Dissolve (ECF No. 1046). The Court **ORDERS** that the temporary injunctive relief granted to Plaintiffs Smith, Lorraine, and Webb be **DISSOLVED** without prejudice to renewed consideration of such relief if their executions become imminent.

**IT IS SO ORDERED.**

3-9-2018

**EDMUND A. SARGUS, JR.**
**Chief United States District Judge**