# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

:        Case No. 2:11-cv-1016

       Chief Judge Edmund A. Sargus, Jr.
       Magistrate Judge Michael R. Merz

This Order relates to All Plaintiffs

---

# DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR STATUS CONFERENCE AND TO RECONSIDER ORDER EXTENDING TIME TO ANSWER FOURTH AMENDED OMNIBUS COMPLAINT AS TO PLAINTIFF VAN HOOK

---

This case is before the Court upon Plaintiffs' Motion for Status Conference and to Reconsider Order Extending Time to Answer Fourth Amended Complaint as to Plaintiff Van Hook (ECF No. 1462).

Plaintiffs' Motion for Status Conference is GRANTED as to all Plaintiffs, including Raymond Tibbetts. The Magistrate Judge's Courtroom Deputy has scheduled the conference for Wednesday, April 11, 2018, at 9:30 A.M.

The balance of Plaintiffs' Motion is DENIED. Plaintiff Van Hook calculates the date on which Defendants' should have filed an answer to the Fourth Amended Omnibus Complaint as to him to have been March 20, 2018, fourteen days after the Magistrate Judge's Decision and

Order granting in part and denying in part Defendants' Motion to Dismiss as it relates to Plaintiff Van Hook. In a case with one plaintiff or with multiple plaintiffs as to only one of which a motion to dismiss was made, that calculation would be accurate. But it is unclear whether that is correct in a multi-plaintiff case where only one of the plaintiffs to whom a motion to dismiss is addressed has consented to Magistrate Judge jurisdiction.[1] Hence Defendants' Motion for Clarification (ECF No. 1460). Rather than offer general observations on what the deadline might be, the Magistrate Judge saw fit to eliminate any possible confusion by exercising the authority granted by Fed. R. Civ. P. 6(b) to extend the time.

Plaintiffs posit that because under their interpretation an answer was due on March 20, 2018, and not filed, Defendants were in default and Plaintiff would have been entitled to a permanent injunction prohibiting his execution. But Plaintiffs never moved for default or default judgment, and the notion the Court would grant such an injunction rather than setting aside the default and allowing litigation of the merits assumes the Magistrate Judge enjoys being swiftly reversed by the Court of Appeals.

Plaintiffs note a number of impending deadlines set by the Court's notation order of December 5, 2017. Critically, that Order adopted the parties' Joint Agreed Motion for Modification of Scheduling Orders (ECF No. 1395). Historically, the Court has almost always accepted such joint proposals on deadlines and has not changed its mind as to their desirability. That said, Van Hook's execution has been set for July 18, 2018, for some time, but there is not as yet a pending motion for preliminary injunction. If counsel cannot shortly agree on dates for litigation of such a motion, the Court will be obliged to do the scheduling itself.

Plaintiffs are correct that the deadline for Defendants' response to Plaintiffs' Objections (ECF No. 1459) to the pending Report and Recommendations (ECF No. 1429) is April 16, 2018,

---

[1] Plaintiff Raymond Tibbetts has also consented, but is not a party to the Fourth Amended Omnibus Complaint.

not April 18, 2018, as written at ECF No. 1462, PageID 55541. The Court treats the Recommittal Order (ECF No. 1452) as applying to all objections to the referenced Report and Recommendations. To confirm that interpretation, parties are invited to re-read the text of the Recommittal Order.

April 5, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge