# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

:       Case No. 2:11-cv-1016

      Chief Judge Edmund A. Sargus, Jr.
      Magistrate Judge Michael R. Merz

This Order relates to All Plaintiffs

## DECISION AND ORDER GRANTING MOTION OF VON CLARK DAVIS TO INTERVENE

This capital § 1983 case is before the Court on Motion of Von Clark Davis to Intervene as a Plaintiff-Intervenor (ECF No. 1465). Counsel for Davis represents that counsel for Defendants do not oppose the Motion. *Id.* at PageID 55555[1].

The Motion is made pursuant to Fed. R. Civ. P. 24(a)(2) and the decision in *Jansen v. Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). Applying that authority, the Magistrate Judge finds the Motion is timely because Davis does not presently have an execution date set, and his federal *habeas corpus* proceedings just passed the pleading stage in December 2017. Case No. 2:16-cv-495-SJD-MRM (S.D. Ohio). Importantly, he has agreed to "sign on" to the Fourth Amended Omnibus Complaint (ECF No. 1252), to be subject to the pending Report and Recommendations

---

[1] While perhaps it was not necessary to give this citation, it would have been a shame to pass by without mentioning so euphonious a PageID number.

regarding that pleading (ECF No. 1429), and to join in the pending Plaintiffs' Objections to that Report (ECF No. 1459). Therefore, the Magistrate Judge agrees with Davis that "the proposed intervention will not impair the progress of the proceedings or [adversely] affect the interests of the original parties." (Motion, ECF No. 1465, PageID 55558).

Davis clearly has an interest sufficient to support intervention in that he alleges, pursuant to his adoption of the Fourth Amended Omnibus Complaint, that his execution pursuant to the extant Ohio Lethal Injection Protocol will deprive him of his constitutional rights.

It is not completely clear that his interests will be impaired if he is not permitted to intervene, because he is represented by attorneys from the Capital Habeas Unit of the Federal Public Defender's Office for this District, an office which has zealously represented other death row inmates in this litigation since 2004. He is correct, however, in asserting that the *stare decisis* effects of adverse rulings with respect to the claims of other death row inmates would apply to him and thus support intervention under this prong of the *Jansen* test (Motion, ECF No. 1465, Page ID 55560). While other Plaintiffs may provide adequate representation, it may also be that Davis's as yet unpleaded individual characteristics will be sufficiently different from other Plaintiffs to require separate presentation. Whether or not the pattern will continue, it has been the pattern in this case to litigate preliminary injunction issues separately as to Plaintiffs whose executions are imminent.

Finally, as Davis points out, the Court has recently granted motions to intervene on behalf of three similarly situated death row inmates (Motion, ECF No. 1465, Page ID 55559 (citing ECF No. 1428)). Law of the case considerations support treating Davis' Motion in the same manner.

Accordingly, Davis's Motion to Intervene as of right is GRANTED.

April 10, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge