# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

:  Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to Plaintiff
 Siddique Abdullah Hasan, fka
 Carlos Sanders

## DECISION AND ORDER DENYING MOTION TO DISMISS VOLUNTARILY WITHOUT PREJUDICE

This capital § 1983 case is before the Court on Motion of Plaintiff Siddique Abdullah Hasan for Voluntary Dismissal Without Prejudice pursuant to Fed. R. Civ. P. 41(a)(2)(ECF No. 1470). Consulted pursuant to S. D. Ohio Civ. R. 7.3, Defendants' counsel "takes no position and commends the request to the sound discretion of this Court." *Id.* at PageID 56059.

Hasan argues dismissal without prejudice is appropriate unless the defendant would suffer plain legal prejudice, citing *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). *Id.* The Sixth Circuit has elaborated on the factors to be considered in determining whether a defendant would suffer plain legal prejudice from dismissal without prejudice:

> In determining whether a defendant will suffer "plain legal prejudice," a court should consider such factors as "the defendant's effort and expense of preparation for trial, excessive delay and lack

1

> of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant."

*Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. App'x 498, 502 (6th Cir. 2007), quoting *Grover, supra.* The *Rosenthal* court confirmed that whether to grant dismissal under Rule 41(a)(2) is within the sound discretion of the district court. *Id.* at 500, also citing *Grover*.

Litigation under 42 U.S.C. § 1983 to challenge Ohio's method of execution has been pending in this District since shortly after the Supreme Court recognized the cognizability of such claims under § 1983 in *Nelson v. Campbell,* 541 U.S. 637 (2004). See *Cooey v. Kasich,*[1] Case No. 2:04-cv-1156(filed December 8, 2004, and consolidated with this case when it was filed in 2011, ECF No. 2). Hasan has been a plaintiff in this consolidated case since its inception (ECF No. 4). These cases were assigned to District Judge Gregory Frost from their initial filing until his retirement in May 2016 when they were randomly reassigned to Chief Judge Edmund A. Sargus, Jr. They have been referred to the undersigned Magistrate Judge since September 15, 2015 (see Notation Order of that date). Consolidation of § 1983 method-of-execution litigation in this case was part of Judge Frost's case management plan.

There has never been a trial in either case. The *Cooey* case was scheduled for summary judgment practice in 2009, but the schedule was interrupted by repeated preliminary injunction proceedings related to imminent executions. Already in 2009 the delay in bringing the case to judgment caused Judge Frost considerable frustration (Case No. 2:04-cv-1156, ECF No. 616, PageID 13431). Of course, the changes Ohio has made to both the text and administration of its execution protocol have properly occasioned amendments to the Complaint.

---

[1] Originally captioned *Cooey v. Taft.* The caption has been amended as first Ted Strickland and then John Kasich succeeded Robert Taft as Governor of Ohio.

On July 31, 2017, the Court entered a scheduling order designed to deal comprehensively with the case, including setting dates for filing of a fourth amended omnibus complaint and for summary judgment practice (ECF No. 1128). The Fourth Amended Omnibus Complaint, consisting of forty-seven claims for relief and 485 pages, was then filed on September 22, 2017 (ECF No. 1252). That pleading is the subject of a sixty-page Report and Recommendations filed February 22, 2018 (ECF No. 1429) and pending on objections by both parties and recommittal by Chief Judge Sargus (ECF Nos. 1450, 1452, 1457, 1459). The Court has also set a summary judgment deadline of May 31, 2018 (ECF No. 1267).

Plaintiff Hasan is one of five inmates at the Southern Ohio Correctional Facility sentenced to death as a result of murders that occurred during a riot at that prison in April 1993, twenty-five years ago this month. Hasan filed his Petition for habeas corpus relief from that conviction and sentence on April 22, 2003 (Case No. 1:03-cv-288). As with all capital habeas actions filed in the Western Division of this Court, it was referred to the undersigned upon filing. Dispositive Reports and Recommendations in that case were filed in 2010, but ripeness for final judgment has been delayed by extensive discovery. Attorney Nolan, who filed the instant Motion to Dismiss, notes that he has come late to the Hasan habeas litigation, having been substituted for Attorney Laurence Komp only on September 6, 2017. As grounds for the Motion to Dismiss, however, he avers that his "efforts are better spent in support of the pending habeas petition." (ECF No. 1470, PageID 56059.)

The effect of allowing Hasan to dismiss voluntarily at this point in time would be that, having been in the case since 2011, he would escape any preclusive effect from decision on the pending Defendants' Motion to Dismiss and from having to litigate the summary judgment

motion or motions which will be filed within the next sixty days.[2] The parties and the Court have already spent considerable time on the Motion to Dismiss and it will be ripe on recommittal on April 16, 2018. At least as to this one Plaintiff, Defendants would lose the benefit of that work and he would be in a position to reassert later claims which are now ripe for decision.

Moreover, although Attorney Nolan is new to representing Hasan and to this case, Plaintiffs generally have been vigorously represented throughout this case by experienced Ohio capital litigators with the Ohio Public Defender's Office and the Capital Habeas Units of both the Northern and Southern District Federal Defenders Offices. The interests of the Plaintiffs are not identical, but they have almost all their interests in common.

Based on the circumstances recited, the Court finds the Defendants would be prejudiced by allowing Hassan to dismiss without prejudice. Accordingly, the Motion is DENIED.

April 12, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[2] Assuming the parties adhere to the currently extant schedule.