**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

:        Case No. 2:11-cv-1016

       Chief Judge Edmund A. Sargus, Jr.
       Magistrate Judge Michael R. Merz

This Notice relates to All Plaintiffs

---

## ORDER TO CLARIFY STATUS OF COUNSEL

---

This capital § 1983 case is before the Court *sua sponte*. The case came on for scheduling conference by telephone on April 17, 2018, in the wake of the filing on April 12, 2018, of individual supplemental complaints on behalf of many but not all Plaintiffs named in the Fourth Amended Omnibus Complaint.

**Elwood Jones and Siddique Hasan**

Elwood Jones is listed on the docket as a Plaintiff with Allen Bohnert as his Lead Attorney and with Carol Wright and Erin Barnhart as co-counsel. The last mention of Mr. Jones on the docket is as a party receiving a gubernatorial reprieve (ECF No. 1193; September 1, 2017). During the conference, Ms. Barnhart spoke for Mr. Jones, saying:

1

> This is Erin Barnhart. And so Elwood Jones has never been on either a supplemental individual complaint or an amended omnibus complaint, but I think his inclusion in certain docket entries was just inadvertent, but his intention is not to be part of this lawsuit.

(Transcript, PageID _____). So far as the Court is able to determine, Elwood Jones has never been dismissed as a party. Ms. Barnhart should either move to dismiss Jones or direct the Court's attention to some prior entry which dismissed him.

Siddique Hasan is Plaintiff who has been represented by attorney Larry Komp. Mr. Komp has been replaced by Shawn Nolan and Stuart Lev of the Capital Habeas Unit of the Eastern District of Pennsylvania. Their recent Motion to Voluntarily Dismiss Hasan from this case without prejudice (ECF No. 1470) was denied (ECF No. 1557). In light of the possible re-scheduling of summary judgment practice in the case, the Magistrate Judge *sua sponte* reconsiders that decision and GRANTS Hasan's Motion to Dismiss.

**Plaintiffs Not Accounted For**

Plaintiff Stanley Adams has been represented in this case by attorney Spiros Cocoves who signed the Fourth Amended Omnibus Complaint on his behalf (ECF No. 1252, PageID 45883). Mr. Cocoves previously filed individual complaints on behalf of Adams (ECF Nos. 191 and 625). However Mr. Cocoves did not file a new individual supplemental complaint on behalf of Adams after the Fourth Amended Omnibus Complaint, did not participate in the scheduling conference, and has not otherwise responded to the Notice to Counsel of Record (ECF No. 1560), which provides: "All counsel of record in the case are ORDERED to examine the list of omitted individual supplemental complaints set forth above and advise the Court and Mr. Bohnert forthwith of the status of their representation of any of those parties." (*Id.* at PageID 69431).

Plaintiffs Jeronique Cunningham, Archie Dixon, and Edward Lang have been represented by attorney Michael Benza who signed the Fourth Amended Omnibus Complaint on their behalf (ECF No. 1252, PageID 45884).  However, Mr. Benza did not file an individual supplemental complaint on behalf of any of these Plaintiffs, did not participate in the scheduling conference, and has not otherwise responded to the Notice to Counsel of Record.

Plaintiff David Allen has been represented in this case by attorneys John J. Ricotta and Henry Hilow who signed the Fourth Amended Omnibus Complaint on his behalf (ECF No. 1252, PageID 45885-86).  However, they did not file an individual supplemental complaint on behalf of Allen, did not participate in the scheduling conference, and have not otherwise responded to the Notice to Counsel of Record.

Plaintiff Cleveland Jackson has been represented by attorney John B. Gibbons who signed the Fourth Amended Omnibus Complaint on his behalf (ECF No. 1252, PageID 45882).  However, Mr. Gibbons did not file an individual supplemental complaint on behalf of Cleveland Jackson, did not participate in the scheduling conference, and has not otherwise responded to the Notice to Counsel of Record.

Plaintiff Michael Scott has been represented in this case by attorneys David Doughten and John Parker who signed the Fourth Amended Omnibus Complaint on his behalf (ECF No. 1252, PageID 45881 & 45884).  However, they did not file an individual supplemental complaint on his behalf, did not participate in the scheduling conference, and have not otherwise responded to the Notice to Counsel of Record.

Messrs. Cocoves, Benza, Ricotta, Hilow, Gibbons, Doughten, and Parker shall forthwith advise the Court of the status of their representation of the clients on whose behalf they signed the Fourth Amended Omnibus Complaint.  Failure to respond forthwith may result in sanctions.

**Consistent Usage Regarding Attorney Designation**

The local rules of this Court provide two different, mutually exclusive designations for attorneys who enter appearances in a case.

S. D. Ohio Civ. R. 83.4 (a) provides each case shall have one "trial attorney":

> **Designation and Responsibilities [of the Trial Attorney].** Unless otherwise ordered, in all actions filed in, transferred to, or removed to this Court, all parties other than pro se parties must be represented at all times by a "trial attorney" who is a permanent member in good standing of the bar of this Court. Each filing made on behalf of such parties shall identify and be signed by the trial attorney. The trial attorney shall attend all hearings, conferences, and the trial itself unless excused by the Court from doing so. Admission pro hac vice does not entitle an attorney to appear as a party's trial attorney, but the Court may, in its discretion and upon motion that shows good cause, permit an attorney who has been so admitted to act as a trial attorney.

S. D. Ohio Civ. R. 83.4 (d) provides the other designation:

> **(d) Co-Counsel.** Any attorney who has appeared in a case in any capacity other than as trial attorney is considered to be co-counsel for the party or parties on whose behalf the appearance has been entered. Co-counsel may withdraw by way of a notice of withdrawal signed by the withdrawing attorney and by the trial attorney for the party on whose behalf co-counsel has appeared. By signing such a notice, the trial attorney represents that the client has authorized the withdrawal. If the trial attorney is unwilling or unable to sign such a notice, co-counsel who wish to withdraw shall file a motion that complies with subsection (c)(2) of this Rule.

Usage by counsel in filings in this case has not been consistent with this Rule. For example, examination of the Fourth Amended Omnibus Complaint reveals counsel designating themselves

in the signature line as "counsel" or "co-counsel."[1] In several, more than one attorney signed as "counsel" for the same Plaintiff, where S. D. Ohio Civ. R. 83.4(a) contemplates there will be only one "trial attorney" for each party. In another recent filing, an attorney referred to herself as "trial counsel" in both the body of a Motion and in the signature line, but the caption reads "Notice of Substitution of Trial Attorney."

None of this is written in any way to impugn the professionalism of any attorney appearing in the case. But in order to avoid confusion of the Magistrate Judge's aging judicial mind and to be certain that the allocation of responsibility is clear for clients whose lives are at stake, the Court ORDERS that the local rules be strictly complied with in all future filings. To accomplish this goal, each attorney who has entered an appearance in the case for any Plaintiff will forthwith file with the Court a list of those clients for whom she or he is the trial attorney and those clients for whom she or he is co-counsel. All future filings shall be signed by the trial attorney. In the event that attorneys file conflicting lists, the Court reserves the authority to designate one attorney as the trial attorney for each Plaintiff.

**Liaison Counsel**

On December 5, 2011, in the Order creating this consolidated case, Judge Frost provided:

---

[1] Attorney Stephen Kissinger designates himself as "trial counsel" for Plaintiffs Hoffner and Lott (ECF No. 1252, PageID 45887).

5

> **Appointment of lead or liaison counsel.** Part of the proposal to this Court was the appointment of lead counsel for Plaintiffs. In light of the informal discussions had with counsel, the Court hereby accepts the proposal insofar as it recognizes counsel Allen Bohnert of the Office of the Federal Public Defender as lead or liaison co-counsel in this litigation. This simply means that Bohnert shall serve as the point-of-contact for all interactions with the Court or Defendants' counsel related to his clients, with Bohnert solely acting as spokesperson for Plaintiffs' counsel in matters of joint or common action before the Court. This absolutely does not limit the right of other counsel to be heard on matters not susceptible to joint or common action or when genuine and truly substantial divergence of opinion exists among counsel.

(ECF No. 11, PageID 483). Mr. Bohnert has performed admirably in this role, but this paragraph is the role's only delimitation. As he has pointed out, that Order in itself does not make him trial attorney for any of the Plaintiffs or responsible for any particular filing on behalf of a Plaintiff. If Mr. Bohnert believes clarification or amplification of that role would be useful, he is invited to submit a proposed order.

April 18, 2018.

s/ *Michael R. Merz*<br>
United States Magistrate Judge