# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: OHIO EXECUTION | : | |
| PROTOCOL LITIGATION | : | Case No. 2:11-cv-1016 |
| | : | |
| | : | Chief Judge Edmund A. Sargus, Jr. |
| | : | |
| This document relates to: | : | Magistrate Judge Michael R. Merz |
| PLAINTIFF WARREN K. HENNESS | : | |

---

## DEFENDANTS' ANSWER TO PLAINTIFF WARREN KEITH HENNESS'S SECOND AMENDED INDIVIDUAL SUPPLEMENTAL COMPLAINT [ECF NO 1494]

---

Respectfully submitted,

**MICHAEL DEWINE**
Ohio Attorney General

*s/ Charles L. Wille*
**CHARLES L. WILLE (0056444)\***
    *\*Interim Co-Lead Trial Attorney*
*s/ Zoe A. Saadey*
**ZOE A. SAADEY (0089181)\***
    *\*Interim Co-Lead Trial Attorney*
**JOCELYN K. LOWE (0083646)**
**THOMAS E. MADDEN (0077069)**
Assistant Attorneys General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
T: (614) 728-7055; F: (614) 728-9327
Charles.Wille@ohioattorneygeneral.gov
Jocelyn.Lowe@ohioattorneygeneral.gov
Zoe.Saadey@ohioattorneygeneral.gov
Thomas.Madden@ohioattorneygeneral.gov

**COUNSEL FOR DEFENDANTS**

## TABLE OF CONTENTS

INCORPORATION OF ALLEGATIONS IN THE FOURTH AMENDED OMNIBUS COMPLAINT BY REFERENCE .......................................................................................... 1

ADDITIONAL RELEVANT FACTS ........................................................................................ 1

I.     Allegations related to Plaintiff's individual characteristics. ............................................. 1

II.    Allegations related to requirement to plead alternative execution methods or manners. ............................................................................................................................... 2

       A.    The alternative-method requirement violates Plaintiff's Fifth Amendment rights. ....................................................................................................................... 2

       B.    The alternative execution method requirement, if defined to be limited to just different methods of lethal injection, creates an impermissible irrebuttable presumption that ORC § 2949.22, and DRC Policy 01-COM-11 which amplifies it, are constitutional. ............................................................... 2

       C.    Plaintiff is insufficiently competent to be able to constitutionally satisfy the alternative-method requirement. ......................................................................... 3

III.   Allegations of Alternative Execution Method(s) or Manner. ............................................ 3

       A.    Execution by Firing Squad .................................................................................... 3

       B.    Execution by One-Drug, Barbiturate-Only Method ............................................. 4

       C.    Execution by Bolus Injection and Continuous Infusions of Carfentanil ............. 4

       D.    Execution by Bolus Injection and Continuous Infusions of Midazolam and Sufentanil .......................................................................................................... 4

       E.    Execution by Bolus Injection and Continuous Infusion of Midazolam ................ 5

       F.    Execution by Oral Injection of Secobarbital in Sweet Liquid ............................... 5

       G.    Execution by Oral Injection of Midazolam, Digoxin, Morphine Sulfate, and Propranolol ...................................................................................................... 5

FEDERAL LAW CLAIMS FOR RELIEF AGAINST DRC DEFENDANTS IN THEIR OFFICIAL CAPACITIES AND DRUG SOURCE DEFENDANTS ................................. 5

       First Cause of Action: Eighth and Fourteenth Amendment Violations .............................. 5

       Second Cause of Action: Fourteenth Amendment Due Process Violations. ....................... 5

Third Cause of Action: Violations of First, Sixth, Eighth and Fourteenth Amendment Rights of Access to Counsel, Access to Courts, Ability to Petition for Redress of Grievances, Due Process, and Privileges or Immunities of United States Citizenship. ..................................................................5

Fourth Cause of Action: Fourteenth Amendment Equal Protection Violations .................6

Fifth Cause of Action: Violations of Fundamental Rights Arising Under the Principles of Liberty and/or Natural Law Which Are Protected By the Ninth Amendment...................................................................................................6

Sixth Cause of Action: First Amendment Free Speech Clause Violations.........................6

Seventh Cause of Action: Fourteenth Amendment Due Process Violation .......................6

Eighth Cause of Action: Fourteenth Amendment Due Process Clause Violations For Experimenting On Non-Consenting Prisoners ...................................................6

Ninth Cause of Action: Fourteenth Amendment Privileges or Immunities Clause Violations for Experimenting on Non-Consenting Prisoners. ...............................6

Tenth Cause of Action: Ex Post Facto Violation...............................................................6

Eleventh Cause of Action: Bill of Attainders Violation ....................................................6

Twelfth Cause of Action: Eighth Amendment Violation— Deliberately Indifferent and/or Reckless Denial of Resuscitative Health Care after the Execution Is To Be Completed. .................................................................................6

Thirteenth Cause of Action: Eighth Amendment Violation— Deliberate Indifference and/or Reckless Disregard Of Serious Medical Needs. .....................8

Fourteenth Cause of Action: Fourteenth Amendment Due Process Clause Violation. ................................................................................................................8

Fifteenth Cause of Action: Violation of Racketeer Influenced and Corrupt Organizations Act (RICO) alleged against Drug Source Defendants only.............8

Sixteenth Cause of Action: Ohio Civil RICO claim against Drug Source Defendants .............................................................................................................8

Seventeenth Cause of Action: Claims for Declaratory Judgment under Ohio Law against All Defendants, and for Injunctive Relief under Ohio Law against Drug Source Defendants for Violations of Ohio Law. ...........................................9

Eighteenth Cause of Action: Violation of Ohio Product Liability Act (Ohio Revised Code § 2307.71 et seq.)...........................................................................9

Nineteenth Cause of Action: Violation of Ohio Consumer Sales Practices Act (Ohio Revised Code § 1345.01 et seq.) Against Drug Source Defendants ............9

ADDITIONAL CAUSES OF ACTION AGAINST ALL DEFENDANTS..................................9

Twentieth Cause of Action: Eighth Amendment Violation Based On Exposure To Sure Or Very Likely Serious Harm In The Form Of Severe, Needless Physical Pain And Suffering Due To The Identity Of The Drugs In The Execution Protocol...............................................................................................9

Twenty-First Cause of Action: Eighth Amendment Violation Based On Exposure To Sure Or Very Likely Serious Harm In The Form Of Severe, Needless Physical Pain And Suffering Due To The Source Of The Drugs In The Execution Protocol.............................................................................................10

Twenty-Second Cause of Action: Eighth Amendment Violation Based On Sure Or Very Likely Exposure To Serious Harm In The Form Of Severe Mental Or Psychological Pain, Suffering And Agony Due To The Identity Of The Drugs In The Execution Protocol. .......................................................10

Twenty-Third Cause of Action: Eighth Amendment Violation Based On Sure Or Very Likely Exposure To Serious Harm In The Form Of Severe Mental Or Psychological Pain, Suffering And Torturous Agony Due To The Source Of The Drugs In The Execution Protocol. ...........................................11

Twenty-Fourth Cause of Action: Eighth Amendment Violation Based On Sure or Very Likely Exposure to Serious Harm in the Form of a Lingering Death...........12

Twenty-Fifth Cause of Action: Eighth Amendment Violation Based On Sure Or Very Likely Exposure To Serious Harm In The Form Of Being The Subject Of An Undignified, Spectacle Execution Or Attempted Execution. ........12

Twenty-Sixth Cause of Action: Eighth Amendment Violation Based On Sure or Very Likely Exposure to Serious Harm in the Form of Being Subjected to an Unwanted, Non-Consensual Human Experimentation of an Execution...........13

Twenty-Seventh Cause of Action: Eighth Amendment Violation Based On Sure or Very Likely Exposure to Serious Harm in the Form of Maladministration or Arbitrary Administration of the Execution Protocol...........14

Twenty-Eighth Cause of Action: Eighth Amendment Violation Based On Sure Or Very Likely Exposure To Serious Harm In The Form Of Being Subjected To An Execution Protocol That Is Unconstitutional Because It Does Not Preclude The Execution Of An Inmate That Is Categorically Exempt From Execution. ...........................................................................................14

Twenty-Ninth Cause of Action: Eighth Amendment Violation Based on Deliberate Indifference or Reckless Disregard of Substantial Risk of Harm to Plaintiff. ...........................................................................................15

Thirtieth Cause of Action: Fourteenth Amendment Due Process Violation For Failure To Comply With Federal Investigational New Drug Application Regulations With Respect To The Method And Choice Of Drug To Be Used In Plaintiff's Execution. ..............................................................................16

Thirty-First Cause of Action: Equal Protection Violations Related To Defendants' Failures To Comply With The IND Application Laws. ........................................16

Thirty-Second Cause of Action: Religious Freedom Violation under RLUIPA. ..............16

Thirty-Third Cause of Action: Eighth Amendment Violations Based on Sure or Very Likely Exposure to Severe Needless Physical or Mental/Psychological Pain and Suffering due to Plaintiff's Unique, Individual Characteristics and Application of the Execution Protocol..................17

Thirty-Fourth Cause of Action: Equal Protection Violations Related to Plaintiff's Unique, Individual Characteristics and Application of the Law, Including DRC Defendants' Execution Protocol and Ohio's Execution Statute. ..................18

Thirty-Fifth Cause of Action: Eighth Amendment Violation Based On Purposeful or Knowing Adoption of a Lethal Injection Protocol Using A Three-Drug Method With Midazolam As The First Drug That Will Cause Severe Physical Pain and Mental Anguish and Suffering. .................................................19

Thirty-Sixth Cause of Action: Eighth Amendment Violation Based On Purposeful or Knowing Adoption of a Lethal Injection Protocol Using Midazolam That Will Cause Severe Physical Pain and Torturous Mental Anguish and Suffering. ........................................................................................................19

Thirty-Seventh Cause of Action: Eighth Amendment Violations Based on DRC Defendants Resurrecting Their Abandoned Three- Drug Method Even Though They Know It Causes Needless Pain and Suffering, and Had Abandoned It, At Least In Part, For That Reason...................................................20

Thirty-Eighth Cause of Action: Eighth Amendment Violation Based On Devolving Standards of Decency............................................................................20

Thirty-Ninth Cause of Action: Eighth Amendment Violation Based On DRC Defendants' Use Of A Three-Drug Execution Method, Regardless Of The Identity Of The First Drug. ...................................................................................21

Fortieth Cause of Action: Eighth Amendment Violation Based On DRC Defendants' Use of a Three-Drug Execution Method with Midazolam as the First of the Three Drugs. ..................................................................................21

Forty-First Cause of Action: Eighth Amendment Violation Based On DRC Defendants' Use of Midazolam in the Execution Protocol. ..................................21

Forty-Second Cause of Action: Eighth Amendment Violation Based On DRC Defendants Removal Of Any Required Concentration Of The Execution Drugs Which Is Removal Of A Safeguard That Makes It Sure Or Very Likely That Plaintiff Will Experience Severe Pain And Suffering......................22

Forty-Third Cause of Action: The Doctrines of Judicial Estoppel and/or Judicial Admission Bar DRC Defendants from Using the Three-Drug Method against Plaintiff. ...............................................................................22

Forty-Fourth Cause of Action: Administrative Procedures Act Claims...........................23

Forty-Fifth Cause of Action: Eighth and Fourteenth Amendment Violations—A three-drug midazolam method of execution violates the Eighth Amendment's prohibition against cruel and usual punishment because it no longer comports with prevailing standards of decency, and thus its use as a method of execution must be categorically barred. .......................................23

Forty-Sixth Cause of Action: Ohio Corrupt Practices Act Claims against Individual Defendants in Their Individual Capacity ...............................................24

Forty-Seventh Cause of Action: Equal Protection Clause Violation based on violations of Administrative Procedures Act.........................................................24

AFFIRMATIVE DEFENSES ...............................................................................................24

PRAYER FOR RELIEF ........................................................................................................25

DEMAND FOR JURY TRIAL .............................................................................................25

CERTIFICATE OF SERVICE .............................................................................................26

Defendants Anonymous Execution Team Members #1-50, Charles Bradley, John Coleman, Ronald Erdos, Stephen Gray, John Kasich, Christopher LaRose, Gary Mohr, Donald Morgan, Timothy Shoop, Richard Theodore, and Edwin Voorhies (herein after "Defendants"), hereby submit their Answer to Plaintiff Henness's Complaint [ECF No. 1494]. The Defendants deny each and every allegation of the Complaint not specifically and expressly admitted herein.

### INCORPORATION OF ALLEGATIONS IN THE FOURTH AMENDED OMNIBUS COMPLAINT BY REFERENCE

Defendants incorporate by reference their pleadings regarding the Fourth Amended Omnibus Complaint as if fully rewritten herein.

### ADDITIONAL RELEVANT FACTS

Defendants can neither admit nor deny the averments set forth in this Section, because those averments set forth Plaintiff's opinions concerning the meaning and effect of Plaintiff's claims, which are not subject to admission or denial. Defendants otherwise deny the averments set forth in this Section.

**I.  Allegations related to Plaintiff's individual characteristics.**

As to this Section: Defendants admit that Plaintiff has received medical and/or mental health care for conditions or complaints while in the custody of ODRC, to the extent such conditions/complaints/care are known by ODRC and reflected in the medical and/or mental health records in ODRC's custody and control. Defendants can neither admit nor deny any allegations regarding medical or mental health complaints or conditions of Plaintiff that are not documented in the records in ODRC's custody and control, due to lack of knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny those allegations. Defendants otherwise deny any and all allegations contained in this Section not addressed above. Defendants reserve the right to supplement this response.

II. **Allegations related to requirement to plead alternative execution methods or manners.**

The allegations in this Section contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny those allegations.

A. **The alternative-method requirement violates Plaintiff's Fifth Amendment rights.**

The allegations in this Section contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny those allegations.

B. **The alternative execution method requirement, if defined to be limited to just different methods of lethal injection, creates an impermissible irrebuttable presumption that ORC § 2949.22, and DRC Policy 01-COM-11 which amplifies it, are constitutional.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein.

The allegations in this Section contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny those allegations.

The Defendants further deny the allegations set forth regarding this Section except those specifically admitted below.

As to the allegation:

> "Ohio exclusively carries out executions by lethal injection. Ohio Rev. Code § 2949.22(A) provides, in relevant part, that 'a death sentence shall be executed by causing the application to the person, upon whom the sentence was imposed, of a lethal injection of a drug or combination of drugs of sufficient dosage to quickly and painlessly cause death.'"

Defendants admit.

**C.** **Plaintiff is insufficiently competent to be able to constitutionally satisfy the alternative-method requirement.**

The allegations in this Section contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny those allegations.

**III.** **Allegations of Alternative Execution Method(s) or Manner.**

The allegations in this Section contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny those allegations.

**A.** **Execution by Firing Squad**

As to all allegations regarding this alternative, Defendants admit that they possess, or have within their control, or could obtain with ordinary transactional effort, some types of firearms and some types of ammunition. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the Defendants possess, or have within their control, or could obtain with ordinary transactional effort, the personnel and facilities necessary to conduct an "execution by firing squad" as alleged by the Plaintiff. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations

3

regarding the manner of death if such an execution is conducted.  Defendants admit that a superseded military regulation permitted execution by firing squad.  Defendants admit that legislation in some other jurisdictions authorizes execution by firing squad in some situations. Defendants admit that some jurisdictions in the United States have conducted executions by firing squad.  Defendants otherwise deny.

> ### B.     Execution by One-Drug, Barbiturate-Only Method

As to all allegations regarding this alternative, Defendants deny that they possess, or have within their control, or could obtain with ordinary transactional effort, either sodium thiopental or pentobarbital.  Defendants admit that they possess, have within their control, or could obtain with ordinary transactional effort midazolam, rocuronium bromide, and potassium chloride. Defendants admit that Ohio previously conducted executions using a single-drug barbiturate method. Defendants admit that they possess, have within their control, or could obtain with ordinary transactional effort, a wedge-shaped cushion.  Defendants admit that an enclosure to conduct such executions exits at SOCF.  The Defendants otherwise deny.

> ### C.     Execution by Bolus Injection and Continuous Infusions of Carfentanil

As to all allegations regarding this alternative, Defendants admit that they possess, or have within their control, or could obtain with ordinary transactional effort, a wedge-shaped cushion.  Defendants otherwise deny.

> ### D.     Execution by Bolus Injection and Continuous Infusions of Midazolam and Sufentanil

As to all allegations regarding this alternative, Defendants admit that they possess, or have within their control, or could obtain with ordinary transactional effort, a wedge-shaped cushion.  Defendants admit that they possess, or have within their control, or could obtain with ordinary transactional effort, midazolam. Defendants otherwise deny.

### E. Execution by Bolus Injection and Continuous Infusion of Midazolam

As to all allegations regarding this alternative, Defendants admit that they possess, or have within their control, or could obtain with ordinary transactional effort, a wedge-shaped cushion. Defendants admit that they possess, or have within their control, or could obtain with ordinary transactional effort, midazolam. Defendants otherwise deny.

### F. Execution by Oral Injection of Secobarbital in Sweet Liquid

As to all allegations regarding this alternative, Defendants admit that they possess, or have within their control, or could obtain with ordinary transactional effort, a wedge-shaped cushion. Defendants otherwise deny.

### G. Execution by Oral Injection of Midazolam, Digoxin, Morphine Sulfate, and Propranolol

As to all allegations regarding this alternative, Defendants admit that they possess, or have within their control, or could obtain with ordinary transactional effort, a wedge-shaped cushion. Defendants admit that they possess, or have within their control, or could obtain with ordinary transactional effort, midazolam. Defendants otherwise deny.

## FEDERAL LAW CLAIMS FOR RELIEF AGAINST DRC DEFENDANTS IN THEIR OFFICIAL CAPACITIES AND DRUG SOURCE DEFENDANTS

**First Cause of Action: Eighth and Fourteenth Amendment Violations**

This paragraph contains no allegations and no response is required or appropriate.

**Second Cause of Action: Fourteenth Amendment Due Process Violations.**

This paragraph contains no allegations and no response is required or appropriate.

**Third Cause of Action: Violations of First, Sixth, Eighth and Fourteenth Amendment Rights of Access to Counsel, Access to Courts, Ability to Petition for Redress of Grievances, Due Process, and Privileges or Immunities of United States Citizenship.**

This paragraph contains no allegations and no response is required or appropriate.

**Fourth Cause of Action: Fourteenth Amendment Equal Protection Violations**

This paragraph contains no allegations and no response is required or appropriate.

**Fifth Cause of Action: Violations of Fundamental Rights Arising Under the Principles of Liberty and/or Natural Law Which Are Protected By the Ninth Amendment.**

This paragraph contains no allegations and no response is required or appropriate.

**Sixth Cause of Action: First Amendment Free Speech Clause Violations**

This paragraph contains no allegations and no response is required or appropriate.

**Seventh Cause of Action: Fourteenth Amendment Due Process Violation**

This paragraph contains no allegations and no response is required or appropriate.

**Eighth Cause of Action: Fourteenth Amendment Due Process Clause Violations For Experimenting On Non-Consenting Prisoners**

This paragraph contains no allegations and no response is required or appropriate.

**Ninth Cause of Action: Fourteenth Amendment Privileges or Immunities Clause Violations for Experimenting on Non-Consenting Prisoners.**

This paragraph contains no allegations and no response is required or appropriate.

**Tenth Cause of Action: Ex Post Facto Violation**

This paragraph contains no allegations and no response is required or appropriate.

**Eleventh Cause of Action: Bill of Attainders Violation**

This paragraph contains no allegations and no response is required or appropriate.

**Twelfth Cause of Action: Eighth Amendment Violation— Deliberately Indifferent and/or Reckless Denial of Resuscitative Health Care after the Execution Is To Be Completed.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of execution**.**

As to all paragraphs in this Section: The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny those allegations. Defendants further deny the allegations set forth regarding this Cause of Action except those specifically admitted below.

As to the allegation:

"Under Defendants' Execution Protocol, Defendants will announce the point at which they believe the execution has been completed, *i.e.*, when Defendant Warden declares Plaintiff dead by announcing a time of death. But Ohio Revised Code § 2108.40 provides the governing definition of when death has legally occurred in Ohio, and it depends on an examination using "accepted medical standards" to "observe" *and* "conduct [] a test to determine that the irreversible cessation of all functions of the brain has occurred." Ohio Rev. Code § 2108.40. Defendants do not, have not, and will not conduct any such test using "accepted medical standards," because such a standard would require using technological means that neither Defendants nor the "appropriate medical professional" identified in 01-COM-11 actually use during the execution process. Section 2108.40 is found within the section of Ohio's Revised Code that comprises the Revised Uniform Anatomical Gift Act, and it thus appears to have been adopted for, among other reasons, to protect a variety of persons, including protecting one who is thought to be dead from the ultimate indignity of being treated as if he is dead while he remains yet still alive."

Defendants admit that 01-COM-11, effective October 7, 2016, sets forth current policies and procedures for the conduct of court-ordered executions and includes an announcement of the time of death. Defendants admit that they will not provide resuscitative care to an executed inmate after an announcement of time of death. The remaining allegations contain Plaintiff's recitation of, or conclusions or opinions concerning legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny those allegations.

**Thirteenth Cause of Action: Eighth Amendment Violation— Deliberate Indifference and/or Reckless Disregard Of Serious Medical Needs.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of execution**.**

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. Defendants further deny the allegations set forth regarding this Cause of Action except those specifically admitted below.

As to the allegation: "Under Defendants' Execution Protocol, controlled substances will be used to carry out a lethal-injection execution, namely pentobarbital and/or thiopental sodium, and/or midazolam," Defendants admit.

As to the allegation: "Upon information and belief, one or more Defendants will issue an order to procure or dispense or distribute or administer execution drugs," Defendants admit.

**Fourteenth Cause of Action: Fourteenth Amendment Due Process Clause Violation.**

This paragraph contains no allegations and no response is required or appropriate.

**Fifteenth Cause of Action: Violation of Racketeer Influenced and Corrupt Organizations Act (RICO) alleged against Drug Source Defendants only**

This paragraph contains no allegations and no response is required or appropriate.

**Sixteenth Cause of Action: Ohio Civil RICO claim against Drug Source Defendants**

This paragraph contains no allegations and no response is required or appropriate.

**Seventeenth Cause of Action: Claims for Declaratory Judgment under Ohio Law against All Defendants, and for Injunctive Relief under Ohio Law against Drug Source Defendants for Violations of Ohio Law.**

This paragraph contains no allegations and no response is required or appropriate.

**Eighteenth Cause of Action: Violation of Ohio Product Liability Act (Ohio Revised Code § 2307.71 et seq.)**

This paragraph contains no allegations and no response is required or appropriate.

**Nineteenth Cause of Action: Violation of Ohio Consumer Sales Practices Act (Ohio Revised Code § 1345.01 et seq.) Against Drug Source Defendants**

This paragraph contains no allegations and no response is required or appropriate.

## ADDITIONAL CAUSES OF ACTION AGAINST ALL DEFENDANTS

**Twentieth Cause of Action: Eighth Amendment Violation Based On Exposure To Sure Or Very Likely Serious Harm In The Form Of Severe, Needless Physical Pain And Suffering Due To The Identity Of The Drugs In The Execution Protocol.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. The Defendants further deny the allegations set forth regarding this Cause of Action except those specifically admitted below.

As to the allegation: "DRC Defendants typically and historically inject only a single 5-gram dose of the barbiturate execution drug required under the Execution Protocol Plan 1 or Plan 2," Defendants admit that a single dose of a barbiturate execution drug has previously been used to conduct executions in Ohio. Defendants otherwise deny.

As to the allegation: "Upon information and belief, DRC Defendants will only inject a single 500 mg dose of midazolam required under the Execution Protocol Plan 3," Defendants admit that 01-COM-11, effective October 7, 2016, sets forth current policies and procedures for the conduct of court-ordered executions. Defendants otherwise deny.

**Twenty-First Cause of Action: Eighth Amendment Violation Based On Exposure To Sure Or Very Likely Serious Harm In The Form Of Severe, Needless Physical Pain And Suffering Due To The Source Of The Drugs In The Execution Protocol.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. Defendants further deny the allegations set forth regarding this Cause of Action except those specifically admitted in this Answer.

**Twenty-Second Cause of Action: Eighth Amendment Violation Based On Sure Or Very Likely Exposure To Serious Harm In The Form Of Severe Mental Or Psychological Pain, Suffering And Agony Due To The Identity Of The Drugs In The Execution Protocol.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the

Defendants deny. Defendants further deny the allegations set forth regarding this Cause of Action except those specifically admitted below.

Defendants admit that Plaintiff has received medical and/or mental health care for conditions or complaints while in the custody of ODRC, to the extent such conditions/complaints/care are known by ODRC and reflected in the medical and/or mental health records in ODRC's custody and control. Defendants can neither admit or deny any allegations regarding medical or mental health complaints or conditions of Plaintiff that are not documented in the records in ODRC's custody and control, due to lack of knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them. Defendants otherwise deny any and all allegations contained in this Section not addressed above, unless specifically admitted elsewhere. Defendants reserve the right to supplement this response.

**Twenty-Third Cause of Action: Eighth Amendment Violation Based On Sure Or Very Likely Exposure To Serious Harm In The Form Of Severe Mental Or Psychological Pain, Suffering And Torturous Agony Due To The Source Of The Drugs In The Execution Protocol.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. Defendants further deny the allegations set forth regarding this Cause of Action.

**Twenty-Fourth Cause of Action: Eighth Amendment Violation Based On Sure or Very Likely Exposure to Serious Harm in the Form of a Lingering Death.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required.  To the extent that a response is required, the Defendants deny.  Defendants further deny the allegations set forth regarding this Cause of Action.

**Twenty-Fifth Cause of Action: Eighth Amendment Violation Based On Sure Or Very Likely Exposure To Serious Harm In The Form Of Being The Subject Of An Undignified, Spectacle Execution Or Attempted Execution.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required.  To the extent that a response is required, the Defendants deny.  Defendants further deny the allegations set forth regarding this Cause of Action except those specifically admitted below.

As to the allegation regarding use of a wedge-shaped cushion: Defendants admit that they possess, or have within their control, or could obtain with ordinary transactional effort, a wedge-shaped cushion.  Defendants incorporate by reference their previous responses regarding the Plaintiff's alleged alternative methods of executions.  Defendants otherwise deny.

As to the allegation: "According to Defendants' Execution Protocol, should Defendants pronounce Plaintiff "deceased" by announcing a time of death, Plaintiff will be removed from the "execution bed" and his body will be disposed of," Defendants admit.

As to the allegation:

> "Likewise, upon information and belief, DRC Defendants could, with ordinary transactional effort, ensure the presence of a means to prepare and transport an inmate to an emergency health-care provider facility; such plans are made as to the possibility of injury to any member of the Execution Team, as part of DRC Defendants' ICS planning, so the same could easily and with ordinary transactional effort be applied to Plaintiff as well."

Defendants admit that the means to prepare and transport an inmate to an emergency health-care provider facility are available in the event urgent medical care would be deemed necessary.

**Twenty-Sixth Cause of Action: Eighth Amendment Violation Based On Sure or Very Likely Exposure to Serious Harm in the Form of Being Subjected to an Unwanted, Non-Consensual Human Experimentation of an Execution.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. Defendants further deny the allegations set forth regarding this Cause of Action.

**Twenty-Seventh Cause of Action: Eighth Amendment Violation Based On Sure or Very Likely Exposure to Serious Harm in the Form of Maladministration or Arbitrary Administration of the Execution Protocol.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. Defendants further deny the allegations set forth regarding this Cause of Action.

**Twenty-Eighth Cause of Action: Eighth Amendment Violation Based On Sure Or Very Likely Exposure To Serious Harm In The Form Of Being Subjected To An Execution Protocol That Is Unconstitutional Because It Does Not Preclude The Execution Of An Inmate That Is Categorically Exempt From Execution.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. Defendants further deny the allegations set forth regarding this Cause of Action.

**A.** **Plaintiff will be subjected to execution with a facially unconstitutional execution protocol.**

The allegations in this Section contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. Defendants further deny the allegations set forth in this Section.

**B.** **No alternative method required or, in the alternative, Plaintiff's alleged alternative.**

The allegations in this Section contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. The Defendants further deny the allegations set forth in this Section.

**Twenty-Ninth Cause of Action: Eighth Amendment Violation Based on Deliberate Indifference or Reckless Disregard of Substantial Risk of Harm to Plaintiff.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. The Defendants further deny the allegations set forth regarding this Cause of Action.

As to the allegation regarding Plaintiff's knowledge or beliefs regarding the execution protocol, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny.

**Thirtieth Cause of Action: Fourteenth Amendment Due Process Violation For Failure To Comply With Federal Investigational New Drug Application Regulations With Respect To The Method And Choice Of Drug To Be Used In Plaintiff's Execution.**

This paragraph contains no allegations and no response is required or appropriate.

**Thirty-First Cause of Action: Equal Protection Violations Related To Defendants' Failures To Comply With The IND Application Laws.**

This paragraph contains no allegations and no response is required or appropriate.

**Thirty-Second Cause of Action: Religious Freedom Violation under RLUIPA.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. Defendants further deny the allegations set forth regarding this Cause of Action except those specifically admitted below.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's religious beliefs or practices and therefore deny them.

As to the allegation that institutional agencies associated with the Defendants, specifically ODRC and SOCF, receive federal funds, the Defendants admit that ODRC receives some very limited federal funding regarding its management of alien offenders, and deny the remaining allegations.

As to the allegation: "With respect to Plaintiff's last words, the Execution Protocol contemplates that the Warden may 'terminate a statement that he or she believes is intentionally offensive to the witnesses.' There is no further limitation on the Warden's discretion and power

to terminate Plaintiff's last words," Defendants aver that 01-COM-11 contains stated limitations regarding termination and deny the remaining allegations.

**Thirty-Third Cause of Action: Eighth Amendment Violations Based on Sure or Very Likely Exposure to Severe Needless Physical or Mental/Psychological Pain and Suffering due to Plaintiff's Unique, Individual Characteristics and Application of the Execution Protocol.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. Defendants further deny the allegations set forth regarding this Cause of Action except those specifically admitted below.

Defendants admit that Plaintiff has received medical and/or mental health care for conditions or complaints while in the custody of ODRC, to the extent such conditions/complaints/care are known to ODRC and reflected in the medical and/or mental health records in ODRC's custody and control. Defendants can neither admit or deny any allegations regarding medical or mental health complaints or conditions of Plaintiff that are not documented in the records in ODRC's custody and control, due to lack of knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them. Defendants otherwise deny.

**Thirty-Fourth Cause of Action: Equal Protection Violations Related to Plaintiff's Unique, Individual Characteristics and Application of the Law, Including DRC Defendants' Execution Protocol and Ohio's Execution Statute.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions**.**

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required.  To the extent that a response is required, the Defendants deny.  The Defendants further deny the allegations set forth regarding this Cause of Action except those specifically admitted below.

As to the allegation:

"The Execution Protocol provides only for injection of 5 grams of the execution drug under Plans 1 and 2, and perhaps for one additional dose of 5 grams under those plans. The Execution Protocol also provides only for injection of 500 mg of midazolam under Plan 3, and perhaps for one additional dose of 500 mg of midazolam under that plan. Nowhere in the Execution Protocol are additional doses of execution drug permitted to be injected."

Defendants admit that 01-COM-11 provides for the injections of 5 grams of the execution drug under Plans 1 and 2, and provides for the possible administration of additional injections of 5 grams of the execution drug under those plans.  Defendants admit that 01-COM-11 provides for the injection of 500 mg of midazolam under Plan 3, and provides for the possible administration of additional injections of 500 mg of midazolam.  Defendants otherwise deny.

As to the allegation: "Core Element # 4 of the Execution Protocol requires that all functions to be performed by Execution Team Members must be performed by appropriately trained and qualified members of the Execution Team," Defendants admit.

18

**Thirty-Fifth Cause of Action: Eighth Amendment Violation Based On Purposeful or Knowing Adoption of a Lethal Injection Protocol Using A Three-Drug Method With Midazolam As The First Drug That Will Cause Severe Physical Pain and Mental Anguish and Suffering.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. Defendants further deny the allegations set forth regarding this Cause of Action.

**Thirty-Sixth Cause of Action: Eighth Amendment Violation Based On Purposeful or Knowing Adoption of a Lethal Injection Protocol Using Midazolam That Will Cause Severe Physical Pain and Torturous Mental Anguish and Suffering.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. The Defendants further deny the allegations set forth regarding this Cause of Action.

**Thirty-Seventh Cause of Action: Eighth Amendment Violations Based on DRC Defendants Resurrecting Their Abandoned Three- Drug Method Even Though They Know It Causes Needless Pain and Suffering, and Had Abandoned It, At Least In Part, For That Reason.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. The Defendants further deny the allegations set forth regarding this Cause of Action.

**Thirty-Eighth Cause of Action: Eighth Amendment Violation Based On Devolving Standards of Decency**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. Defendants further deny the allegations set forth regarding this Cause of Action.

**Thirty-Ninth Cause of Action: Eighth Amendment Violation Based On DRC Defendants' Use Of A Three-Drug Execution Method, Regardless Of The Identity Of The First Drug.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. Defendants further deny the allegations set forth regarding this Cause of Action.

**Fortieth Cause of Action: Eighth Amendment Violation Based On DRC Defendants' Use of a Three-Drug Execution Method with Midazolam as the First of the Three Drugs.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. Defendants further deny the allegations set forth regarding this Cause of Action.

**Forty-First Cause of Action: Eighth Amendment Violation Based On DRC Defendants' Use of Midazolam in the Execution Protocol.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. Defendants further deny the allegations set forth regarding this Cause of Action.

**Forty-Second Cause of Action: Eighth Amendment Violation Based On DRC Defendants Removal Of Any Required Concentration Of The Execution Drugs Which Is Removal Of A Safeguard That Makes It Sure Or Very Likely That Plaintiff Will Experience Severe Pain And Suffering.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions.

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required. To the extent that a response is required, the Defendants deny. Defendants further deny the allegations set forth regarding this Cause of Action except those specifically admitted below.

As to the allegations regarding the specifications of concentrations in 01-COM-11: Defendants admit that previous iterations of 01-COM-11 specified concentrations for execution drugs. Defendants admit that the current version of 01-COM-11, adopted on October 7, 2016, does not specify the concentrations of execution drugs. Defendants otherwise deny.

**Forty-Third Cause of Action: The Doctrines of Judicial Estoppel and/or Judicial Admission Bar DRC Defendants from Using the Three-Drug Method against Plaintiff.**

This paragraph contains no allegations and no response is required or appropriate.

**Forty-Fourth Cause of Action: Administrative Procedures Act Claims**

This paragraph contains no allegations and no response is required or appropriate.

**Forty-Fifth Cause of Action: Eighth and Fourteenth Amendment Violations—A three-drug midazolam method of execution violates the Eighth Amendment's prohibition against cruel and usual punishment because it no longer comports with prevailing standards of decency, and thus its use as a method of execution must be categorically barred.**

Defendants incorporate by reference their responses to the allegations set forth in this Answer as if fully rewritten herein, including their responses regarding the Plaintiff's alleged alternative methods of executions**.**

The allegations in this Cause of Action contain Plaintiff's recitation of, or conclusions or opinions concerning, legal authority, which present questions of law to be determined by the Court, and to which no answer is required.  To the extent that a response is required, the Defendants deny.  Defendants further deny the allegations set forth regarding this Cause of Action except those specifically admitted below.

As to the allegation:

"Of those 31 states that still formally retain the death penalty, 12 states have not executed an inmate in almost ten years or longer:  Kentucky (2008); California (2006); Montana (2006); Nevada (2006); North Carolina (2006); Pennsylvania (1999); Colorado (1997); Nebraska (1997); Oregon (1997); Wyoming (1992); Kansas (no executions since the death penalty was reinstated in 1976); and New Hampshire (no executions since the death penalty was reinstated in 1976)."

Defendants admit.

As to the allegation:  "Only 10 states—Alabama, Arizona, Arkansas, Florida, Georgia, Missouri, Ohio, Oklahoma, Texas, and Virginia—have carried out an execution in the last five years," Defendants admit.

**Forty-Sixth Cause of Action: Ohio Corrupt Practices Act Claims against Individual Defendants in Their Individual Capacity**

This paragraph contains no allegations and no response is required or appropriate.

**Forty-Seventh Cause of Action: Equal Protection Clause Violation based on violations of Administrative Procedures Act**

This paragraph contains no allegations and no response is required or appropriate.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state claims for which relief may be granted, specifically stated, but not limited to, failure to allege with plausibility a substantial risk of severe pain and failure to plead an available alternative method of execution.

2. Plaintiffs' claims fail to state the deprivation of a constitutional right.

3. Plaintiff's claims are barred, in whole or in part, by supervening, intervening acts and/or omissions not under the control of any Defendant, to include, but not limited to, Plaintiff's own actions or failures to act, in either whole or in part.

4. All named Defendants are entitled to immunity, to include but not limited to Eleventh Amendment Immunity, sovereign immunity, quasi-judicial immunity and qualified immunities.

5. Defendants deny any and all allegations that may be contained in any exhibits attached to Plaintiff's Complaint for lack of proper authentication, hearsay, and other evidentiary bases.

6. Plaintiff is barred from any equitable relief due to application of the clean hands doctrine.

7. Plaintiff has failed to exhaust administrative remedies.

8. Plaintiff's claims are barred by the doctrine of equitable estoppel

9. Plaintiff's claims are barred by the statute of limitations

10.     Plaintiff's claims are barred by the doctrine of laches.

11.     This Court lacks jurisdiction to consider any state law claims alleged within Plaintiff's Complaint.

12.     The federal and state statutes cited by the Complaint do not create any express or implied causes of action.

13.     Defendants further reserve the right to later assert affirmative defenses as may become appropriate upon prior notice to Plaintiff.

<strong>PRAYER FOR RELIEF</strong>

Having completely and fully provided their Answer to the Individual Supplemental Complaint of Warren Keith Henness, the Defendants therefore also deny Plaintiff's prayer for relief and further aver that Plaintiff is not entitled to any relief in this action.

Defendants deny each and every allegation of the Complaint not specifically and expressly admitted herein.

WHEREFORE, the Defendants pray for relief as follows:

1.     That the Complaint against Defendants be dismissed with prejudice.

2.     That judgment be entered in favor of Defendants.

<strong>DEMAND FOR JURY TRIAL</strong>

Plaintiff seeks only equitable relief from these Defendants and is not entitled to a jury trial. *Naturalite v. Hood*, 98 Fed. App'x 401, 403 (6th Cir. 2004) (citing *Golden v. Kelsey–Hayes Co.*, 73 F.3d 648, 659 (6th Cir.1996)).

Respectfully submitted,

**MICHAEL DEWINE**
Ohio Attorney General

*s/ Charles L. Wille*
**CHARLES L. WILLE (0056444)***
        **Interim Co-Lead Trial Attorney*
*s/ Zoe A. Saadey*
**ZOE A. SAADEY (0089181)***
        **Interim Co-Lead Trial Attorney*
**JOCELYN K. LOWE (0083646)**
**THOMAS E. MADDEN (0077069)**
Assistant Attorneys General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
T: (614) 728-7055;  F: (614) 728-9327
Charles.Wille@ohioattorneygeneral.gov
Jocelyn.Lowe@ohioattorneygeneral.gov
Zoe.Saadey@ohioattorneygeneral.gov
Thomas.Madden@ohioattorneygeneral.gov

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of *Defendants' Answer to Warren Keith Henness's Second Amended Individual Supplemental Complaint* was filed electronically this 9th day of May, 2018.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/ Charles L. Wille*
**CHARLES L. WILLE (0056444)**
Assistant Attorney General

26