IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: OHIO EXECUTION PROTOCOL LITIGATION**<br><br>**This document relates to: ALL PLAINTIFFS** | Case No. 2:11-cv-1016<br><br>**CHIEF JUDGE EDMUND A. SARGUS, JR.**<br>Magistrate Judge Michael R. Merz<br><br>**DEATH PENALTY CASE** |

**Plaintiffs' Objections to Report and Recommendations (ECF No. 1798)**

The Magistrate Judge issued a Report and Recommendations recommending dismissal without prejudice of certain unidentified and unserved Defendants, including Unknown Pharmacies #1–100, Unknown Pharmacists #1–100, Unknown Drug Suppliers #1–15, and John Does #1–25 (collectively, the "Drug Source Defendants"), for lack of service. (ECF No. 1798.) Plaintiffs object to the Magistrate Judge's findings and ultimate recommendation as follows.[1]

## Objections

### I. The Magistrate Judge employed the wrong analytical framework, resulting in a flawed conclusion.

First, and most importantly, Plaintiffs object to the Magistrate Judge's ultimate conclusion that the Drug Source Defendants should be dismissed

---

[1] Although not necessarily an objection, Plaintiffs note a scrivener's error for the Court's convenience and to allay any confusion, specifically that Defendants' filing related to this matter is docketed at ECF No. 1768, not No. 1767 as indicated in the R&R at PageID 73342.

because there is "not, at present, reasonable prospect of identification and service" of them.  (*See* ECF No. 1798, PageID 73349.)  That conclusion does not speak to the finding required under Rule 4(m).  Plaintiffs object to both the Magistrate Judge's conclusion and his operating analytical framework.

With regard to the Magistrate Judge's analysis, Rule 4(m) first asks whether there is "good cause" for Plaintiffs' failure to effect timely service.  If so, the time for service "must" be extended.  *See* Fed. R. Civ. P. 4(m).  The Magistrate Judge committed legal error in failing to begin with this determination.

To be sure, the R&R concludes that Plaintiffs have been diligent in their efforts to identify the Drug Source Defendants via discovery from DRC Defendants, (*see* ECF No. 1798, PageID 73347), and Plaintiffs do not object to that conclusion.  But diligence is typically only one aspect considered in determining "good cause."  *See Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994); *Electrical Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 312 (9th Cir. 1992).  Further, the Magistrate Judge subsequently described the evidence of *other* means by which Plaintiffs have attempted to learn the identities of the unknown Defendants as, at worst, "equivocal" (*see* ECF No. 1789, PageID 73347), implying that the Magistrate Judge found at least some evidence in Plaintiffs' favor.  Plaintiffs do not object to this implicit finding that at least some evidence weighs in their favor.  But they do object in part to that characterization because, as discussed further in section II below, the evidence, rather than being equivocal, weighs in favor of Plaintiffs.

2

Nevertheless, despite the paucity of the Magistrate Judge's conclusions respecting good cause, there is no other finding that would otherwise undermine at least the implicit finding of good cause arising from the finding that Plaintiffs have been diligent in their efforts.  As such, Rule 4(m) commands that the court "must extend the time for service for an appropriate period." That mandate cannot be squared with the Magistrate Judge's recommendation to dismiss the claims against the Drug Source Defendants now.

Furthermore, even if the Magistrate Judge did not find good cause, Rule 4(m) still permits the Court to give Plaintiffs a chance to serve the complaint "within a specified time." *See Henderson v. United States*, 517 U.S. 654, 662–63 (1996).  Plaintiffs object to the extent the R&R does not provide that opportunity, or make any explicit finding as to the exercise of the Court's discretion, in the absence of a good-cause finding.

Turning to the Magistrate Judge's conclusion itself—that there is no present, reasonable prospect of identifying and serving the Drug Source Defendants, and thus the claim against them should be dismissed—Plaintiffs also object.  While identifying and serving Drug Source Defendants might, at present, involve serving an overinclusive and large group of persons or entities, that does not mean there is no prospect that it can be done if Plaintiffs are given a "specified time" within which to effect service.  For this reason, Plaintiffs suggested deferring any decision until the Supreme Court of Ohio rules in *State ex rel Hogan Lovells US LLP v. ODRC*, Case No. 2016-1776, a ruling which is likely to narrow the list of possible Drug Source Defendants, as

3

well as Plaintiffs' alternative request to be given 90 days in which to serve them.  Moreover, Plaintiffs intend to file a motion for modification of the protective orders in this case, which, if granted, would also allow the simplest resolution to this dilemma, by enabling Plaintiffs to serve Drug Source Defendants and proceed against them pseudonymously, akin to the approach used by all parties thus far to protect the identities of the Anonymous Execution Team Members.  (*See, e.g.*, Joint Agreed Entry, ECF No. 417.)

    **II.**    **The evidence of Plaintiffs' diligent efforts to identify and serve Drug Source Defendants using non-party discovery tools is more than equivocal, and that evidence further demonstrates good cause.**

Second, Plaintiffs object to the Magistrate Judge's finding that the evidence of diligence, and further, good cause, arising from Plaintiffs' efforts other than discovery from DRC Plaintiffs is "equivocal." (*See* R&R, ECF No. 1798, PageID 73347–49.)  Plaintiffs also object to the extent the Magistrate Judge implicitly concluded that "equivocal" evidence negated in any way a finding good cause.  Relatedly, Plaintiffs object to the extent the Magistrate Judge's analysis suggests that Plaintiffs must demonstrate full, exhaustive and comprehensive efforts above and beyond party discovery in order to demonstrate good cause.

For example, the Magistrate Judge recounts that Plaintiffs served Rule 45 third-party subpoenas on several entities, and then seemed to suggest that there was no evidence of that or that Plaintiffs' efforts were "extrajudicial" and thus somehow improper.  (*Id.* at PageID 73347–48.)  Plaintiffs object to the implication that they were less than diligent by not filing the Returns of Service

4

for third-party subpoenas. (*See id.*) Rule 45 subpoenas are expressly exempted from the service requirements of Rule 4.1(a), which includes compulsory filing of proof of service under Rule 4(l). And Rule 45(b)(4) requires filing proof of service of a Rule 45 subpoena only "when necessary." It was not "necessary" for Plaintiffs to file the Proof of Service for their Rule 45 subpoenas, because there have been typically no motions to quash and thus no court proceedings related to enforcing the subpoenas at which proof of service might be a threshold issue. Out of an abundance of caution, however Plaintiffs have filed the relevant proofs of service now, including proof of subpoenas served on third parties beyond just compounders and pharmacies. (*See* ECF Nos. 1813-1 through 1813-27.) The evidence of those efforts is not, therefore, equivocal.

Plaintiffs similarly object to the extent the Magistrate Judge's characterization of their Rule 45 third-party subpoenas as "extrajudicial" suggests or implies that Plaintiffs improperly issued Rule 45 third-party subpoenas by not having the clerk for the Southern District of Ohio issue the subpoenas. As an alternative to having the court clerk issue a third-party subpoena, Rule 45(a)(3) permits "[an] attorney [who] is authorized to practice in the issuing court" to issue and sign such a subpoena, without involving the court clerk. *See also*, Fed. R. Civ. P. 4.1(a) (expressly exempting a subpoena under Rule 45 from requirements of service by certain official personnel). The Rule 45 subpoenas in question were issued from the Southern District of Ohio and, in accordance with the Rules, issued and signed by Assistant Federal Public Defender Allen L. Bohnert, who is an attorney authorized to practice in

5

this Court. (*See* ECF Nos. 1813-1 through 1813-27.) The evidence of those facts is not equivocal either.

Plaintiffs also object to the extent the Magistrate Judge characterizes their subpoena to the Ohio State Board of Pharmacy as less than diligent because it was not "fruitful." (R&R, ECF No. 1798, PageID 73348.) Whether Plaintiffs' efforts were successful is not the measure by which to assess whether their efforts were diligent. *C.f., McCluskey v. Belford High School*, No. 2:09-cv-14345, 2010 WL 2696599, at *2 (E.D. Mich. June 24, 2010) (finding good cause to conduct discovery in advance of Rule 26(f) conference because "Plaintiffs have made diligent attempts to identify and locate each Defendant, but . . . the circumstances under which this case has arisen have prevented Plaintiffs from obtaining the information they need to proceed with the case"). Indeed, sorting, processing, and narrowing the lists provided by the Ohio State Board of Pharmacy—to "only" 1,600 entries for one of those lists, for example— took significant time and effort, which further demonstrates Plaintiffs' diligence and good cause.

In sum, the Magistrate Judge found convincing evidence to support a finding of good cause, even if he did not specifically make such a finding. Plaintiffs' diligent efforts in the face of multiple impediments to identifying and serving the Drug Source Defendants demonstrates good cause in this matter, and as such Rule 4(m) mandates that Plaintiffs be afforded additional time to identify and serve the appropriate entities and persons, contrary to the Magistrate Judge's recommendation.

6

> **III.   The pending decision in *Hogan Lovells* will identify at least some number of drug manufacturers or distributors who might be within the definition of Drug Source Defendants.**

Third, Plaintiffs object to the finding that they failed to demonstrate how a decision by the Supreme Court of Ohio in *State ex rel Hogan Lovells US LLP v. ODRC*, Case No. 2016-1776, "would solve their dilemma." (ECF No. 1798, PageID 73348.)  As Plaintiffs explained in their initial response to the Show-Cause Order (*see* ECF No. 1575, PageID 69521; ECF No. 1783, PageID 72275), the result of that decision may well be the disclosure of the identities of Drug Source Defendants if they did not expressly follow the statutory requirements to invoke anonymity protection under Ohio's now-expired execution secrecy law, Ohio Rev. Code § 2949.221.  If any Drug Source Defendants are identified as a result of the Supreme Court's decision, that would at least partially solve Plaintiffs' service dilemma.  Thus, contrary to the Magistrate Judge's finding, Plaintiffs have indeed demonstrated why a decision from the Supreme Court in *Hogen Lovell* could help them—and why it would be prudent for this Court to defer any dismissal decision here until after that decision issues.  (*See* ECF No. 1783, PageID 72275.)

> **IV.   Plaintiffs would be greatly prejudiced by dismissal, while there is little to no prejudice to DRC Defendants from providing additional time to identify and serve Drug Source Defendants.**

Fourth, Plaintiffs object because they would be greatly prejudiced by dismissal, whereas the DRC Defendants are not prejudiced at all by permitting the Drug Source Defendants to remain, affording Plaintiffs additional appropriate time to identify and serve them, or by permitting Plaintiffs to

7

proceed against the Drug Source Defendants pseudonymously as suggested in Plaintiffs' earlier responses.  (*See* ECF No. 1576, PageID 69519–20, n.2.) Plaintiffs would be significantly prejudiced by the route the Magistrate Judge seems to suggest, namely dismissing the Drug Source Defendants and permitting Plaintiffs to bring a different suit against them later.  (*See* R&R, ECF No. 1798, PageID 73349.)  While filing a separate suit later, upon firm identification of the Drug Source Defendants' identities, might be a logical solution in an ordinary civil litigation context, this case is different.  Critically, there are significant procedural hurdles or practical impediments imposed by the Prison Litigation Reform Act that Plaintiffs have already satisfied in this case but which would be resurrected in a new case, including matters such as full payment of filing fees for a new case even with *in forma pauperis* status.

On the other hand, affording Plaintiffs additional time imposes virtually no prejudice on the DRC Defendants.  They have alleged—and the Magistrate Judge accepted—prejudice in the form of inability to obtain a final judgment in this case so long as the Drug Source Defendants' status remains unresolved. (*See* R&R, ECF No. 1789, PageID 73349.)  But that is incorrect.

For example, even if this Court were to eventually grant summary judgment in DRC Defendants' favor on the claims alleged against them while the Drug Source Defendants remained unserved, such a judgment would be considered a final judgment, because the Drug Source Defendants would not be formally considered parties at that time.  *See Smith v. Bd. of Cty. Comm'rs*, No. 97-3107, 1998 U.S. App. LEXIS 11766, at *5 (6th Cir. June 2, 1998)

8

(finding persuasive and applying published caselaw from the Fifth Circuit that reasoned a judgment dismissing a suit against all the served defendants was sufficiently final for purposes of 28 U.S.C. § 1291, and that subsequent dismissal of unserved defendant does not prevent a judgment as to all served defendants from being final without Rule 54(b) certification); *see also Cambridge Holdings Grp., Inc. v. Fed. Ins. Co.*, 489 F.3d 1356, 1360 and nn.1&2 (2007) (citing 15A Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure § 3914.7 (2d ed. 1992), and listing the Sixth Circuit as among the circuits that have treated unserved or improperly served defendants as never have been before the court for purposes of Rule 54(b)); *see also* Wright & Miller, 10 Fed. Practice and Procedure. § 2656 (3d ed. 2018) ("If multiple defendants are involved . . . but only one has been served with process, and the claims against that defendant are finally adjudicated, there will be no need to seek a Rule 54(b) certification in order to appeal because the other defendants will not be deemed parties and thus all claims have been finally determined.")

Alternatively, this Court could enter a final judgment as to all claims against the DRC Defendants by complying with Rule 54(b) of the Federal Rules of Civil Procedure—that is, by entering an "express determination that there is no just reason for delay" and making "an express direction for the entry of judgment." But regardless of the legal reasoning or procedural approach, the truth of the matter remains that there is no "final judgment" prejudice to Defendants as the Magistrate Judge accepted, and Plaintiffs object accordingly.

9

**Conclusion**

For all of the foregoing reasons, and all the reasons articulated in Plaintiffs' earlier filings in response to the Magistrate Judge's Show Cause Order (*see* ECF Nos. 1576 & 1791), this Court should sustain Plaintiffs' Objections, reconfirm that Plaintiffs have shown good cause for not yet identifying and serving Drug Source Defendants, and afford them additional time for service.  In the alternative, even if this Court finds good cause lacking, it should still use its discretion to permit Plaintiffs an additional 90 days to effect service on the Drug Source Defendants.  And this Court should also defer making any decision on this matter until the Supreme Court of Ohio rules in *Ex. rel Hogan Lovells*.

Respectfully submitted,

**Deborah L. Williams**
Federal Public Defender

by

*/s/ Allen L. Bohnert*
**Allen L. Bohnert (OH 0081544)**
Assistant Federal Public Defender

Office of the Federal Public Defender
for the Southern District of Ohio
Capital Habeas Unit
10 West Broad Street, Suite 1020
Columbus, Ohio 43215
614-469-2999
614-469-5999 (fax)
Email: Allen_Bohnert@fd.org

**Plaintiffs' Liaison Counsel and
Trial Counsel for Plaintiff Van Hook
and Other Multiple Plaintiffs**

**Also filed on behalf of all other
Plaintiffs, per authorization from the
Trial Attorney for each Plaintiff.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2018, I electronically filed the foregoing **Plaintiffs' Objections to Report and Recommendations (ECF No. 1798)** with the Clerk of the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to the e-mail addresses of opposing counsel that are on file with the Court.

*/s/ Allen L. Bohnert*
Assistant Federal Public Defender
Plaintiffs' Liaison Counsel and
Trial Counsel for Plaintiff Van Hook
and Other Multiple Plaintiffs