**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

:     Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to All Plaintiffs

# DECISION AND ORDER DENYING MOTION FOR STAY WITHOUT PREJUDICE

This capital § 1983 case is before the Court on Plaintiffs' Motion to Stay Pleading, Briefing, Consideration and Adjudication "of pending and forthcoming dispositive motions in this litigation" pending a decision of the United States Supreme Court in *Bucklew v. Precythe*, Case No. 17-8151. Certiorari was granted in that case on April 30, 2018, for the October 2018 term. The instant Motion was then filed May 31, 2018; and is now opposed by Defendants (Memo in Opp., ECF No. 1807). The Magistrate Judge heard oral argument during the status conference of June 26, 2018, making the matter ripe for decision.

The Motion was filed on behalf of all Plaintiffs (ECF No. 1774, PageID 72258).

The Motion is a nondispositive matter which the Magistrate Judge is authorized to decide in the first instance, subject to appeal to the District Court.

Plaintiffs do not list what motions they consider to be covered by their Motion, but currently pending for consideration by Chief Judge Sargus are the Magistrate Judge's Report and Recommendations (ECF No. 1429) and Supplemental Report and Recommendations (ECF No. 1620) on Defendants' Motion to Dismiss the Fourth Amended Omnibus Complaint (ECF No. 1379). Both Plaintiffs and Defendants have objected (ECF Nos. 1767, 1795) and those Objections are, or soon will be, ripe for consideration. Also pending is the Magistrate Judge's Report and Recommendations to Dismiss the unserved Drug Source Defendants (ECF No. 1798) to which objections will be due on June 28, 2018. Finally, the Magistrate Judge has scheduled the filing of summary judgment motions in the case for sixty days after Chief Judge Sargus decides the Motion to Dismiss.

The term "dispositive" ordinarily means an order dismissing a claim or terminating a party's participation in the case. See Fed. R. Civ. P. 54(b). "Dispositive" has a specialized meaning in describing motions on which a Magistrate Judge must render a report and recommendations, rather than a decision. These are the motions listed by name in 28 U.S.C. § 636(b)(1)(A) and other matters the Sixth Circuit has decided are functionally equivalent, e.g., a motion to remand a removed case. Plaintiffs made clear in oral argument that they are referring to the currently pending Reports and Recommendations on dismissal of the drug source Defendants and dismissal in part of the Fourth Amended Omnibus Complaint, and to the impending motions for summary judgment.

As grounds for the stay, Plaintiffs say it will "avoid the possibility that this case may be adjudicated under what the Supreme Court may soon clarify to be the incorrect standards of proof." (ECF No. 1774, PageID 72251.)

The issues on which the Supreme Court granted certiorari in *Bucklew* are:

> Should a court evaluating an as-applied challenge to a state's method of execution based on an inmate's rare and severe medical condition assume that medical personnel are competent to manage his condition and that the procedure will go as intended?
>
> Must evidence comparing a state's proposed method of execution with an alternative proposed by an inmate be offered via a single witness, or should a court at summary judgment look to the record as a whole to determine whether a factfinder could conclude that the two methods significantly differ in the risks they pose to the inmate?
>
> Does the Eighth Amendment require an inmate to prove an adequate alternative method of execution when raising an as-applied challenge to the state's proposed method of execution based on his rare and severe medical condition?

Petition for a Writ of Certiorari, Case No. 17-8151, page i.

In addition to these three questions, the Court directed the parties to brief and argue the following question:

> Whether petitioner met his burden under *Glossip v. Gross,* 576 U.S. \_\_\_, 135 S.Ct. 2726, 192 L.Ed.2d 761 (2015), to prove what procedures would be used to administer his proposed alternative method of execution, the severity and duration of pain likely to be produced, and how they compare to the State's method of execution.

*Bucklew v. Precythe,* 138 S.Ct. 1706 (Apr. 30, 2018).

Plaintiffs argue that the Supreme Court's decision in *Bucklew* will resolve whether a comparison of an alternative method of execution with the State's chosen method must be done by a single witness, as the Eighth Circuit had held.[1] As the Petition for Certiorari points out, no such requirement is found in the Supreme Court's capital § 1983 jurisprudence and the rule is

---

[1] Defendants assert that the Eighth Circuit did not adopt such a rule, but instead only ruled on the summary judgment motion pending before it.

3

contrary to what other circuits require on summary judgment.² Certainly neither this Court nor the Sixth Circuit has ever imposed such a single-witness rule. It seems very unlikely the Supreme Court will adopt the Eighth Circuit's approach and this Court does not need to await a final decision in *Bucklew* to eschew that approach should it even be suggested here.

The first and third questions on which certiorari was granted, and the question added by the Court, however, may have substantial impact on this case. Should the Supreme Court hold that a death row inmate raising an as-applied claim need not plead and prove an alternative method of execution meeting the *Glossip* standard, it could impact many of the claims now pending. This Court has understood the alternative method pleading requirement applies regardless of whether the challenge is facial or as-applied and *Bucklew* argues the Sixth Circuit has "suggested" the same result. (Petition for Certiorari, page 29, presumably referring to *Fears v. Morgan (In re: Ohio Execution Protocol),* 860 F.3d 881 (6th Cir. Jun 28, 2017)(en banc).)

In part that may depend on what significance the Supreme Court gives to Bucklew's claimed "rare and severe medical condition." He describes his diagnosis of cavernous hemangioma and documents its rarity. But he also mentions difficulty with vein access which is much more common and occasioned abandonment of the execution of Alva Campbell in November 2017.

However, there are not currently pending or impending any dispositive motions in this case dealing with the alternative method question. *Glossip v. Gross,* 576 U.S. ___, 135 S.Ct. 2726, 192 L.Ed.2d 761 (2015), was an Eighth Amendment case. Although Plaintiffs here have made many Eighth Amendment claims, they have chosen to plead them in separate individual supplemental complaints. In turn Defendants have answered those individual complaints, rather

---

² *Bucklew* was decided in the district court on summary judgment.

4

than filed motions to dismiss. Thus there are no pending dispositive motions dealing with alternative method questions and no scheduled impending motions of that sort.

None of the questions accepted in *Bucklew* deal with the service of process issues addressed in the pending recommendation to dismiss the unserved drug source Defendants (See ECF No. 1798). There is therefore no reason to withhold judgment on that question pending the *Bucklew* decision.

In oral argument Plaintiffs clarified that they did not intend to preclude themselves from filing motions for preliminary injunctive relief as to impending executions. Although such motions would be "dispositive" in the sense of requiring a report and recommendations from an assigned Magistrate Judge[3], they are not dispositive in the sense of finally adjudicating the claims presented. Indeed, Judge Frost was always careful to insert in orders granting preliminary injunctive relief the limited nature of the findings made in those orders and the undersigned has followed the same practice. *In re: Ohio Execution Protocol Litig.*, 235 F. Supp. 3d 892, 894 (S.D. Ohio, 2017)(Merz, M.J.), rev'd, *Fears v. Morgan,* 860 F.3d 881 (6th Cir. 2017)(en banc); *cert den. sub nom. Otte v. Morgan*, ___ U.S. ___, 137 S.Ct. 2238, 198 L.Ed. 2d 761(2017). Note also that dismissal of the drug source Defendants is recommended to be without prejudice.

The Motion could be read as *sub silentio* seeking stays of execution for all those Plaintiffs whose execution dates are set before the end of June 2019 (currently Plaintiffs Robert Van Hook (7/18/2018), Cleveland Jackson (09/03/2018), Raymond Tibbetts (10/17/2018), Warren Henness (2/13/2019), and Jeffrey Wogenstahl (4/17/2019)). Plaintiffs made it clear at oral argument that they are not seeking such relief in the instant Motion.

---

[3] Except for the Plaintiffs who have or who may hereafter consent to plenary Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

5

Also in oral argument, Plaintiffs listed prior occasions when the Court has stayed briefing on matters pending a decision in another court. Most notably that occurred when Judge Frost granted a protective order on October 26, 2015, certified the order under 28 U.S.C. § 1292(b) for interlocutory appeal, and stayed all further proceedings pending a Sixth Circuit decision (ECF No. 629, PageID 19411). Plaintiffs also adverted to prior occasions when that was done in this case.

The Magistrate Judge has no doubt of the authority of the Court to grant such a stay or of the propriety of Judge Frost's having done so in October 2015. However, Ohio at that time had abandoned the protocol used to execute Dennis McGuire in January 2014 and had not yet adopted a new protocol, which did not occur until October 7, 2016. Moreover, Judge Frost certified that the question involved in the appeal satisfied the interlocutory appeal standard, i.e., that a decision on the interlocutory appeal could have a determinative effect on the case. The Magistrate Judge is unable to conclude that the decision in *Bucklew* is likely to impact the pending dispositive matters listed above in anything like the same way.

Plaintiffs have cited no other instance in which a court has stayed a case such as this because of the pendency of *Bucklew*.

That a stay is not warranted as to the pending dispositive motions does not imply that such a stay might not be warranted as to motions as yet unfiled or presently unexpected.

Accordingly, the Motion to Stay is DENIED without prejudice to its renewal in the event circumstances change such that a question is presented in a "dispositive" motion that is likely to be affected by the decision in *Bucklew*.

June 28, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge