1

| | |
|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT |
| 2 | FOR THE SOUTHERN DISTRICT OF OHIO |
| 3 | WESTERN DIVISION |
| 4 | _____ |
| 5 | IN RE:   PROTOCOL LITIGATION |
| 6 | CASE NO:  2:11CV1016 |
| 7 | _____ |
| 8 | |
| 9 | Telephonic conference hearing at |
| 10 | the U.S. District Court, 200 West Second Street, |
| 11 | Dayton, Ohio at 9:02 a.m., on Tuesday, June 26th, |
| 12 | 2018, before Jamie S. Hurley, Court Reporter and |
| 13 | Notary Public within and for the State of Ohio. |
| 14 | |
| 15 | PRESENT: |
| 16 | Honorable Magistrate Judge Michael Merz |
| 17 | Ms. Janice R. Konya-Grabill |
| 18 | Mr. Jim Smerbeck |
| 19 | Ms. Kelly Kopf |
| 20 | Mr. Adam Rusnak, via telephone |
| 21 | Mr. Allen Bohnert, via telephone |
| 22 | Ms. Vicki Werneke, via telephone |
| 23 | Mr. Randall Porter, via telephone |
| 24 | Mr. David Stebbins, via telephone |
| 25 | Mr. Stephen Gray, via telephone |

```
 1            Ms. Jocelyn Lowe, via telephone

 2            Mr. Charles Wille, via telephone

 3            Mr. Larry Komp, via telephone

 4            Ms. Zoe Saadey, via telephone

 5            Ms. Kate McGarry, via telephone

 6            Ms. Adrienne Larimer, via telephone

 7            Mr. Steven Kissinger, via telephone

 8            Ms. Erica Lahote, via telephone

 9            Mr. David Doughten, via telephone

10            Mr. Michael Benza, via telephone

11            Ms. Rachel Troutman, via telephone

12            Mr. Richard Cline, via telephone

13            Ms. Kimberly Rigby, via telephone

14            Ms. Kandra Roberts, via telephone

15            Ms. Kim Hoffman, via telephone

16                 *    *    *    *    *

17

18

19

20

21

22

23

24

25
```

1                    JUDGE MERZ:  Good morning, ladies

2      and gentlemen.  This is Case Number 2:11CV1016 In

3      Re: Ohio Execution Protocol Litigation set for

4      telephone status conference this morning.  As

5      usual, I'll begin by calling the role.  Present

6      here in Dayton are myself, Michael Merz, death

7      penalty law clerks, Jan Konya-Grabill and Jim

8      Smerbeck.  And Lisa Lagos, are you there?

9                    MR. RUSNAK:  Ms. Lagos won't be

10     joining us this morning, Your Honor.  This is Adam

11     Rusnak.

12                    JUDGE MERZ:  Thank you, Adam.  So

13     I know you're there.  That's, R-U-S-N-A-K.  We have

14     a new reporter this morning, so be particularly

15     good about stating your names when you speak.  Jim

16     King?  No.  Not present.  Allen Bohnert?

17                    MR. BOHNERT:  Good morning, Your

18     Honor.  I'm here.

19                    JUDGE MERZ:  Good morning, Allen.

20     Vicki Werneke?

21                    MS. WERNEKE:  Good morning, Your

22     Honor.

23                    JUDGE MERZ:  Good morning.  Erin

24     Barnhart?

25                    MR. BOHNERT:  Ms. Barnhart, also,

1    won't be joining us this morning, Your Honor.  This

2    is Adam again.

3                JUDGE MERZ:  Randall Porter?

4                MR. PORTER:  Present, Your Honor.

5    And I, Kathy Sanford, who is trial attorney for

6    Ralph Lance and James Trimble, has another

7    commitment this morning.  I'll be filling in for

8    her, and I'm co-counsel on both cases.

9                JUDGE MERZ:  Thank you, sir.

10   David Stebbins?

11               MR. STEBBINS:  Present, Your

12   Honor.

13               JUDGE MERZ:  Good morning.

14   Stephen Gray?

15               MR. GRAY:  Good morning, Your

16   Honor.  With me is Jocelyn Lowe, as well.

17               JUDGE MERZ:  Great.  Good morning,

18   Jocelyn.

19               MS. LOWE:  Good morning, Your

20   Honor.

21               JUDGE MERZ:  Other folks on the

22   call don't know about this, but Steve helped me

23   resolve a habeas case involving somebody whose

24   post-release control was going to be imposed either

25   in person or by electronically, and Steve helped

1      expedite that, and I thank you for that.  And it's

2      not an ex parte communication about this case, but

3      I want to be thorough about that.

4                      MR. GRAY:  Thank you, Your Honor.

5                      JUDGE MERZ:  Adele Shank?  Adele

6      Shank?  Not present.  Charles Wille?

7                      MR. WILLE:  Here, Your Honor.

8                      JUDGE MERZ:  Good morning.  David

9      Picken?

10                     MS. SAADEY:  Mr. Picken will not

11     be joining us, Your Honor.  This is Zoe Saadey.

12                     JUDGE MERZ:  Thank you, Zoe.  I've

13     marked you present.  Carol Wright?  Carol?

14                     MR. RUSNAK:  Your Honor, this is

15     Mr. Rusnak.  I don't think Ms. Wright will be

16     joining us either this time.

17                     JUDGE MERZ:  All right.  Thomas

18     Madden?

19                     MS. SAADEY:  Your Honor,

20     Mr. Madden will not be joining us.

21                     JUDGE MERZ:  Steven Kissinger?

22     Not present.  David Doughten?

23                     MR. DOUGHTEN:  Present, Your

24     Honor.

25                     JUDGE MERZ:  Thank you.  Steven

1    Ferrell?  Not present.  Richard Cline?

2                    MR. CLINE:  Here, Your Honor.

3                    JUDGE MERZ:  Thank you.  Kandra

4    Roberts?

5                    MS. ROBERTS:  Here, Your Honor.

6                    JUDGE MERZ:  Kim Hoffman?

7                    MS. HOFFMAN:  Here, Your Honor.

8                    JUDGE MERZ:  Kim, when we're done

9    with this call, if you'll call me back, I have some

10   news from Washington.  I was told there were 18

11   people on the call by AT&T.  Whose name have I not

12   called?

13                   MS. TROUTMAN:  Rachel Troutman,

14   Your Honor.

15                   JUDGE MERZ:  Rachel?

16                   MS. TROUTMAN:  Troutman.

17                   JUDGE MERZ:  Rachel Troutman,

18   T-R-O-U-T-M-A-N.  Thank you, Rachel.  Good morning.

19   Anybody else?

20                   MS. RIGBY:  Kimberly Rigby, Your

21   Honor.

22                   JUDGE MERZ:  Anybody else?

23                   MS. RIGBY:  Kimberly Rigby, Your

24   Honor.

25                   JUDGE MERZ:  Still don't have it.

```
 1                        MS. RIGBY:  Kimberly Rigby, Your
 2     Honor.
 3                        JUDGE MERZ:  Kim, good morning.
 4     R-I-G-B-Y, for the reporter.  Anybody else?
 5                        MR. BENZA:  Michael Benza, Your
 6     Honor.
 7                        JUDGE MERZ:  Michael Benza.  Mr.
 8     Benza, good morning.
 9                        MS. LAHOTE:  Erica Lahote, Your
10     Honor.  L-A-H-O-T-E.
11                        JUDGE MERZ:  Good morning.
12                        MS. LAHOTE:  Good morning.
13                        MS. LARIMER:  Adrienne Larimer,
14     Your Honor.  L-A-R-I-M-E-R.
15                        JUDGE MERZ:  L-A-R-I-M-E-R.  Okay.
16     Anybody else?
17                        MS. MCGARRY:  Kate McGarry.
18                        JUDGE MERZ:  Kate, good morning.
19                        MS. MCGARRY:  Good morning.
20                        JUDGE MERZ:  Anyone else?
21                        MR. KOMP:  Your Honor, Larry Komp,
22     K-O-M-P.
23                        JUDGE MERZ:  Good morning, Larry.
24                        MR. KOMP:  Good morning.
25                        JUDGE MERZ:  All right.  I think
```

1    that's complete.  Anybody else?  All right.  I

2    have, and I assume everybody else has the agenda

3    that Allen sent.  And the first item he has are

4    compliance with the Court order to clarify status.

5    Are there issues there, Allen, that you want to

6    bring to our attention?

7                    MR. BOHNERT:  Not that I'm aware

8    of, Your Honor, just wanting to make sure that Your

9    Honor had everything that you need regarding

10   Mr. Jackson's representation.  I didn't know if

11   anybody else on the call needed to speak to that at

12   all.

13                   JUDGE MERZ:  Does anyone else on

14   the call need to speak to Cleveland Jackson's

15   representation?

16                   MR. PORTER:  He's currently only

17   represented by Mr. Porter.

18                   JUDGE MERZ:  Right, Randall.

19   Thank you.  And we'll get back to Cleveland Jackson

20   in a little bit.  That's an agenda item of mine.

21   So the next thing in Allen's agenda is discovery

22   matters.  Apparently the Plaintiffs have requested

23   documents with respect to Plaintiff Dunlap, and

24   there's some question about the protective order

25   that was entered by Judge Frost in the prior case,

1    and there's an agreed entry before my time

2    extending that to this case.  I'm wondering if

3    anybody needs to do anything other than having me

4    enter that order as a protective order for

5    governing this case whether it's agreed to or not?

6              MR. BOHNERT:  Your Honor, this is

7    Allen Bohnert.  Just to be clear, it was the

8    Defendants have requested production of documents

9    from Plaintiff Dunlap.

10              JUDGE MERZ:  Thank you.  I beg

11    your pardon.  The record should be corrected.  It

12    is the Defendants who have asked for production of

13    documents from the Plaintiff.

14              MR. BOHNERT:  I raise this, Your

15    Honor, just for the sake of wanting to make sure

16    that Your Honor was aware of the issue that came to

17    light as we were trying to make sure that we were

18    doing everything procedurally correct.  And as I

19    pointed out to you, there are some agreed entries

20    in which specific counsel are listed in conjunction

21    with specific clients.  Perhaps it's not entirely

22    clear whether the order expanding the protective

23    order runs to the clients regardless of his or her,

24    in most case, his counsel happens to be at any

25    given time or whether it runs to the attorney

1          regardless of who his or her clients happen to be.

2                         There's an argument, I think, that

3          could be made in both directions, and so I didn't

4          know if Your Honor wanted to take this opportunity

5          to kind of clarify that particular issue as well as

6          making sure that if it is an attorney-specific

7          focus thing, wanted to know how Your Honor wanted

8          to handle that, whether you wanted to identify

9          specific names or whether broad blanket, you know,

10         by virtue of entering an appearance, counsel also

11         agrees to be bound by the expansion of this

12         protective order, that kind of thing.

13                         JUDGE MERZ:  Well, my intention

14         would be, and I rather stated it in rather cursory

15         fashion, let me state it again.  My intention would

16         be to pull the agreed entry in 04CV1156 and to

17         enter it as a protective order in this case binding

18         all parties and all attorneys whether or not

19         anybody has agreed to it in the past.  And I think

20         probably the most expeditious way to deal with that

21         is to put that order on and give everyone, you

22         know, a short turnaround time to file any

23         objections that they may want to file.  Any

24         objection to that procedure?

25                         MS. SAADEY:  Your Honor, this is

| | |
|---|---|
| 1 | Zoe Saadey, not on behalf of the Defendants. |
| 2 | JUDGE MERZ:  Thank you, ma'am. |
| 3 | MR. BOHNERT:  Your Honor, this is |
| 4 | Allen Bohnert.  I don't believe so on behalf of the |
| 5 | Plaintiffs, although, we can certainly consult with |
| 6 | each other, confer, and let Your Honor know rather |
| 7 | expeditiously if there, in fact, are any concerns |
| 8 | about that. |
| 9 | JUDGE MERZ:  Good.  All right. |
| 10 | Good.  And as the agenda points out, the motion to |
| 11 | stay relating to Plaintiff Awkal, A-W-K-A-L, is |
| 12 | briefed and ready for a decision.  The agenda |
| 13 | accurately notes the pendency of the report |
| 14 | recommendations responding, relative to the |
| 15 | show-cause order on the unserved drug source |
| 16 | defendants and the date of objections being the due |
| 17 | date for objections being the 28th which is |
| 18 | Thursday of this week. |
| 19 | The objections on the motion to |
| 20 | dismiss the fourth amended omnibus complaint are |
| 21 | ripe.  And whether judge, the chief judge is going |
| 22 | to decide that himself or recommit it, I do not yet |
| 23 | know, but everybody will know virtually as soon as |
| 24 | I do.  The motion to stay regarding the pendency of |
| 25 | the Bucklew, B-U-C-K-L-E-W, versus Precythe case, |

1          P-R-E-C-Y-T-H-E, in the United States Supreme

2          Court, we're going to get back to that in just a

3          bit.

4                     I appreciate the information about

5          Mr. Tibbetts and Mr. Van Hook's clemency

6          recommendations.  The next item on the agenda would

7          be 4(C) procedure with respect to court

8          availability during the Van Hook execution which I

9          do, I don't have any problem proceeding in the same

10         way we did with Mr. Otte and Mr. Campbell.  Is

11         there any objection on the part of the State to

12         that?

13                     MS. SAADEY:  Thank you, Your

14         Honor.  This is Zoe Saadey.  Your Honor, for the

15         reasons that we previously articulated, Defendants

16         do not or would object to that procedure.  The fact

17         that it does take away counsel for the DRC Unit and

18         counsel from the AG's Office on behalf of DRC away

19         from their, you know, main focus during the

20         execution as well as involving members of, at the

21         DRC who are involved in execution such as Donald

22         Morgan who was with us the last time; however, if

23         the Court does deem it appropriate to have this

24         procedure in place again, the Defendants would just

25         ask that the call be, again, very narrowly limited

1    to the purpose for which it would be designed, that

2    being, you know, in the event that counsel for

3    Plaintiffs would need to contact their counterpart

4    in the attorney/witness room and thus, you know,

5    contact the Court, but it just be specifically for

6    that purpose as opposed to, you know, using the one

7    to get updates on the process, if that makes sense,

8    as upon the last time.  So that is Defendant's

9    position, Your Honor.

10    JUDGE MERZ:  Thank you.  I don't

11    recall whether we put on an order either with

12    Mr. Campbell or with Mr. Otte describing that

13    process.  I don't think that we did.

14    MS. SAADEY:  I do not believe so,

15    Your Honor.

16    JUDGE MERZ:  All right.  So as of

17    right now, it is the Court's oral order that we

18    proceed in the same way that we did with

19    Mr. Campbell's execution or attempted execution and

20    the, either party would have time from now to

21    object the file objections to get the chief judge

22    to rule on those objections, and we're going to,

23    because it's already the 26th of June, we're going

24    to shorten that objection period to next Monday.

25    So any, if nobody objects by next Monday, we'll

1 proceed as we have intended.  I believe someone has

2 joined the conference.  Who would that be?

3      MR. KISSINGER:  Your Honor, this

4 is Steven Kissinger, the Defendant down in

5 Knoxville.  We had a little confusion here as to

6 whether myself or Mr. Ferrell was covering this

7 conference today, and Ms. Werneke very kindly sent

8 me an e-mail and informed me that no one was on the

9 call, so I wanted to get on even though I know

10 we're close to the end.

11      JUDGE MERZ:  Did you get the

12 agenda, Steve?

13      MR. KISSINGER:  I did get the

14 agenda from Mr. Bohnert.

15      JUDGE MERZ:  All right.  We're on

16 4(C), and you've, I think you've heard what I said

17 about that.  And --

18      MR. KISSINGER:  I did.

19      JUDGE MERZ:  And, all right.  The

20 next item on the agenda is discussion re: expert

21 witness for the Van Hook execution, and tell me

22 what that's about.

23      MR. BOHNERT:  Thank you, Your

24 Honor.  This is Allen Bohnert.  Basically that is

25 to make sure that the Court is perhaps

1    preemptively, maybe prematurely aware of what we

2    might need to do in terms of an expert witness to

3    the Van Hook execution as a discovery matter.  If

4    Your Honor recalls, there was a motion, oh, I

5    believe it was for the Phillips' execution to allow

6    Ms. Depas to witness, the person who ended up being

7    a, Ms. Depas, Nurse Depas to witness that execution

8    as an expert healthcare provider.

9               And, ultimately, Your Honor, ended

10   up denying that motion reasoning that Mr. Phillips

11   could choose Ms. Depas as one of his witnesses if

12   he so desired if he wanted that expert witness

13   present.  We are at a situation where we may end up

14   needing to, if folks other than Mr. Van Hook in the

15   interest of needing, wanting to obtain discovery

16   evidence from the execution of Mr. Van Hook, if it

17   should go forward that we believe is best obtained

18   or coming from somebody who is medically trained

19   and able to know and give an objective analysis of

20   what was observed.

21              If we are in a position where

22   Mr. Van Hook has chosen to use all of his expert,

23   or all of his witness spots, then we may end up

24   being in a situation of needing to file a motion

25   particularly, again, on behalf of other clients

1           seeking to have a court order to allow one

2           additional witness if that person can be

3           identified.  Like I said, there's a lot of moving

4           parts still at this point, and so I don't have

5           anything more definitive yet on that, Your Honor,

6           but I wanted to raise the issue and explain what

7           our reasoning would be so that Your Honor doesn't

8           get, I don't want to say blind-sided, but so that

9           Your Honor doesn't get caught off guard by any such

10          motion if we were to file a motion on that here in

11          the coming days or weeks.

12                      That is, that is essentially the

13          purposes, wanting to make sure that particularly as

14          we have seen having somebody who is there who has

15          medical training has, has proven to be fairly

16          significant in terms of identifying what is

17          happening with the individual in a way that lay

18          witness, even a lay witness such as Mr. Porter or

19          myself or Ms. Wright or anybody else who is to this

20          point fairly familiar with the testimony of what

21          has happened in other executions, we believe that

22          it still, particularly with the State's arguments

23          in the past that testimony about what was observed

24          from people who are not medically trained is

25          somehow less than credible.

1          We still believe that it would be

2     important as a matter of best evidence to be able

3     to have somebody there as an objective witness who

4     could be able to document and testify about what

5     happened.  So just to give Your Honor a heads-up, I

6     guess, on that that that may be coming down the

7     pipe.

8          JUDGE MERZ:  I appreciate the

9     heads-up, Allen.  And I do not plan any vacations

10    or medical emergencies between now and the 18th of

11    July, so I expect to be here if that motion gets

12    filed, and there's no sense trying to deal with the

13    motion before it gets filed.  So, Zoe, you and

14    Chuck are both alerted that that may be coming and

15    alerted from my prior ruling about what my initial

16    thought about that is, but always pleased to

17    revisit something.

18          All right.  So the next thing is a

19    report of the filing of a motion to stay the Van

20    Hook execution arising in the Ohio Supreme Court or

21    as I am advised by my clerks, I should say, the

22    Supreme Court of Ohio that based on the pendency of

23    the O'Neal decision, or mitigation in the Franklin

24    County Common Pleas Court, I have read the decision

25    denying the motion to dismiss in that case.  Can

1    you give us any update about how far along that is,

2    Allen?

3                MR. BOHNERT:  On this one, Your

4    Honor, I'm going to defer to Mr. Porter.

5                JUDGE MERZ:  Right.  Randall?

6                MR. PORTER:  I believe that the,

7    or the last thing that was filed was the Court's

8    order on the motion to dismiss.  About four or five

9    days prior to that, they granted Mr. Van Hook leave

10    to intervene in the lawsuit.  At that point when

11    the Court granted the order, it suggested that

12    Mr. Van Hook might do well to try to bifurcate his

13    litigation from the other two Plaintiffs.  On June

14    19th that Defendant filed answers, separate

15    answers, excuse me, Your Honor, to Tibbetts and

16    O'Neal and Van Hook, and that's where it currently

17    stands, Your Honor.

18                JUDGE MERZ:  All right.  So

19    answers filed, no scheduling order about further

20    process in the case, right?

21                MR. PORTER:  The Court, I don't

22    have the standing order in front of me, but when

23    the litigation was initially entered, the Court had

24    entered a standing order for purposes of scheduling

25    of, I'll file that with the Court today.

1               JUDGE MERZ:  That is most

2    appreciated.  All right.  So then the one thing

3    that's on the agenda that we haven't yet done is to

4    hear what Plaintiffs may have to say in reply to

5    Defendant's opposition for the motion to stay

6    briefing pending Bucklew.

7               We'll get back to that in a

8    minute.  I, even though it's not on the agenda,

9    it's on my mind, and that is the question of

10   whether Mr. Jackson intends to file for preliminary

11   injunctive relief, and, if so, setting a deadline

12   for that.  Randall?

13              MR. PORTER:  I believe he will,

14   Your Honor.  A lot of it will be dependent upon

15   what proceeds in the Van Hook execution, if that,

16   in fact, goes forward.  We'd ask the Court if it's

17   going to set a date to file such a motion that it

18   be after the July 18th date.

19              JUDGE MERZ:  Right.  And that

20   makes all the sense in the world.  And, Zoe, I'll

21   turn to you.  Do you have a request about a

22   deadline for filing the motion for preliminary

23   injunction with respect to Mr. Cleveland Jackson?

24              MS. SAADEY:  Your Honor, if the,

25   with the Court's permission, I would like to

1  consult with my colleagues and with our clients and

2  get back to the Court and Plaintiffs' counsel on

3  that request.  I can't speak to that right off the

4  top of my head.

5              JUDGE MERZ:  Right.  Good.  So the

6  best way to do that would be an e-mail both to the

7  Court and to the Plaintiffs' counsel.  No.  I take

8  that back.  Make it a motion, if you want a, if you

9  have a date that you would prefer, put it in a

10  motion, talk with Randall about it before you file

11  it under Local Rule 7.3 to see if he's amenable,

12  and let's make sure we queue it up formally.  All

13  right.  I'm ready, if no one has anything else, I'm

14  ready to hear the --

15              MR. PORTER:  Judge?

16              JUDGE MERZ:  Yes.

17              MR. PORTER:  This is Randall

18  Porter again.  I was belatedly filed with this file

19  with the Court today in Mr. Jackson's case a copy

20  of the pleading filed with the Ohio Supreme Court

21  late on Friday asking for a stay of execution based

22  on the fact that he has newly-appointed counsel.

23              JUDGE MERZ:  Oh, okay.  So I saw

24  the, I saw the docket entry.  I did not look at the

25  text behind it.  So it's a newly-appointed counsel

1    motion.  It's not based on the pendency of your

2    case in, on the administrative procedure act, and

3    he's not presently a Plaintiff in that case.  The

4    Plaintiffs in that case are Tibbetts, O'Neal, and

5    Van Hook, right?  Do I got all that right?

6                    MR. PORTER:  That is correct.  The

7    basis for the motion is that new habeas counsel

8    needs more time to prepare for clemency

9    proceedings.

10                   JUDGE MERZ:  Right.  Okay.  Good.

11   The, I hesitate to ask, but does the Ohio, does the

12   Supreme Court of Ohio have an expedited docket for

13   things like that or do we know?

14                   MR. PORTER:  I think the Court

15   will decide it when they want to decide it.

16                   JUDGE MERZ:  Right.  Just like

17   both of us judges who decide what we want when we

18   want.  Okay.  Then I am ready to hear oral argument

19   in reply in support of the motion to stay briefing.

20   Who is going to handle that?

21                   MR. BOHNERT:  Your Honor, this is

22   Allen Bohnert.  I would welcome the opportunity to

23   discuss with Your Honor the arguments raised both

24   in our motion as well as the arguments that were

25   raised in the reply, in the memorandum in

1      opposition.  I guess I should say, first, that it's

2      our, it was our intent by this motion to seek to

3      stay the pleadings consideration in adjudication

4      briefing, etcetera on, on what we consider to be

5      fairly well understood to be dispositive matters,

6      dispositive motions, that is the pending motions to

7      dismiss.

8                      One could also say the, although

9      it's not necessarily a motion, it is a dispositive

10     matter, the dismissal of the unserved Defendants

11     but also forthcoming dispositive motions by which

12     we intended to mean motions for summary judgment or

13     motions for judgment on the pleadings.  It was not

14     our understanding that a motion for preliminary

15     injunction is a dispositive matter.

16                     And, try as I might, I have not

17     been able to find case law that says that a

18     preliminary injunction is, in fact, a dispositive

19     motion or is a dispositive matter.  The closest I

20     could get was a case out of the Ninth Circuit that

21     I saw and I remiss that I did not write the name of

22     the case down, but it said, at best, only on

23     certain occasions might a preliminary injunction be

24     considered a dispositive matter.  And that is if,

25     in fact, the effect of the preliminary injunction

1          ruling was to dispose of the entire case.

2                          JUDGE MERZ:  Let me interrupt you,

3          Allen.  At this point on exactly that point.  As I

4          have thought about this, there, of course, is the

5          possible differential use of the word dispositive.

6          Although the statute doesn't include the word

7          dispositive, the Magistrate's Act treats as

8          dispositive.  As you know, a certain number of

9          things that a magistrate judge cannot rule on, and

10         we have an expansion of that statutory list by case

11         law in the Sixth Circuit.

12                         So, for example, a motion to

13         remand the state court is treated as dispositive in

14         the sense that a magistrate judge may not decide

15         it.  They only recommend a decision, and then if

16         you look at the language of Rule 54(B), it says

17         that an order that disposes of fewer than all of

18         the claims or all the parties, it is not a final

19         order.  And I was understanding your use of the

20         word dispositive, I should say Plaintiff's use of

21         the word dispositive, in the motion as referring to

22         more in the nature of the 54(B) matters as opposed

23         to matters excluded from magistrate judge

24         jurisdiction.

25                         And I think that's consistent with

1    what you've just said.  There might be situations

2    that, I think there is an authority either in the

3    rules or the judicial code for a judge to

4    accelerate the trial on the merits to the trial on

5    preliminary injunction.  We have not done that in

6    this case, don't expect that we ever would do that

7    in this case, can't do that given the divergence of

8    some Plaintiffs consenting and some not, but I

9    needed to make sure about what you meant by

10   dispositive, and I think you've now made that

11   clear.  Go ahead.

12              MR. BOHNERT:  Yes, Your Honor.

13   And I guess to that point, what we were asking for

14   in this motion is essentially very consistent, if

15   not simply analogous to what has happened in other

16   junctures in this long and winding case.  There is

17   certainly precedent in this case to stay, you know,

18   in particular proceedings including to stay

19   pleading deadlines, to stay consideration of

20   motions to dismiss, to stay consideration of

21   summary judgment motion in light of the fact that

22   further developments were expected in the

23   relatively near term, a relative near term.

24              And at times that near term has

25   been a year, year and a half, certainly longer than

1      would be expected in this particular situation when

2      Defendant's position, notwithstanding, it certainly

3      is the case that we would have a decision from the

4      Supreme Court in Bucklew, one would think no later

5      than next June, certainly June of 2019, I think, by

6      the conclusion of the October 2018 terms.

7                          It's not clear yet from the docket

8      at the Supreme Court when the Court intends to hear

9      oral arguments in the case, but one can think that

10     certainly this would be a case, as all cases are,

11     would be from the October '18 term that that will

12     be decided no later than June 2019.  And so I would

13     point Your Honor to, for instance, ECF Number 56

14     which was a motion to stay the amended pleading

15     deadline granted by ECF Number 62 over the

16     Defendant's objections, similar to the objections

17     they raised here about delay and time limit.

18                          A similar type of order was

19     granted at ECF Number 69, 73, 74, seeing also

20     number 77 and 94.  The motions, you know, and to

21     the concern about not being able to have a motion

22     for preliminary injunction filed while other

23     matters are stayed, that should not be a concern.

24     I point Your Honor, for instance, to the fact that

25     during that pendency that I just referred to of a

1    stay, there was a motion for preliminary injunction

2    and TRO file on behalf of Mr. Wiles which was filed

3    on February 15th, 2012 even after the stays of the

4    amended pleading deadlines was granted back in

5    January of 2012, that Wiles' motion was ultimately

6    adjudicated after a 7-day hearing and decided on

7    April 4, 2012 and, again, while there was a stay of

8    amended pleadings that remained applicable.

9                    ECF Number 117 entered May 24,

10   2012, in that one the Court continues to stay all

11   pleading deadlines and all briefing deadlines

12   regarding the pending motions to dismiss, similar

13   to what we had proposed here.  And I will note

14   even, you know, if it's a matter of Your Honor's

15   concern about Biden's list or anything.

16                    JUDGE MERZ:  No.  No.  No.  No.

17   No.

18                    MR. BOHNERT:  We're supposed to

19   use, if there's concern about that, I know that in

20   the past Judge Frost had ordered those motions to

21   dismiss to be terminated administratively.  I am

22   presuming that that has something to do with the

23   list of pending motions with the express

24   understanding that those motions could be

25   reinstated or reactivated at a later point in time

1    should the Defendants choose to want that to

2    happen.  So even if the motion to dismiss remain

3    operative, consideration of them would stay until,

4    in that situation, the motion, there was discussion

5    on or about May 24th, 2012.

6                   Consideration of any of those

7    motions to dismiss was delayed until at least

8    January 7 of 2013, so there was approximately 7

9    months from the order and almost 12 months from the

10   earlier order which, again, was issued on January

11   19th of 2012.  Ultimately it looks like the

12   Defendants did withdraw those motions to dismiss

13   officially and still stayed until January 27th,

14   2013.

15                   I'll also note that on May 18th,

16   2012, again, during that pendency period when

17   certain matters were stayed, there was a motion for

18   preliminary injunction, stay of execution filed on

19   behalf of Mr. Awkal and Mr. Eley.  That's ECF

20   Number 111 that was adjudicated and decided several

21   days later, ECF Number 116 as well as a motion to

22   amend or modification or reconsideration that was

23   denied three or four days later at ECF Number 120.

24                   There was also a motion for

25   preliminary injunction, stay of execution filed on

1    behalf of Mr. Hartman on October 5th, 2012 at ECF

2    Number 130.  A hearing was held for that motion on

3    November 1st, 2012.  The motion was denied on

4    November 5th, 2012, ECF Number 136.  And, again,

5    another example of a motion for preliminary

6    injunction stay that occurred during pendency

7    period, pleading deadlines were stayed.  There was

8    a motion for preliminary injunction and stay of

9    execution filed on behalf of Plaintiff Post that

10   was filed on November 19, 2012 at ECF Number 139.

11                    There was a hearing scheduled for

12   that motion scheduled for December 17, 2012.

13   Discovery was taken.  The hearing was prepared by

14   all parties.  We gathered at the Court for the

15   start of that hearing on the morning of December

16   17, 2012.  At that point we were advised that there

17   were matters in the works with the governor's

18   office, and the hearing was continued until later

19   that afternoon.  Ultimately, the hearing was

20   cancelled because the governor decided to commute

21   Mr. Post's sentence, but you can see that in ECF

22   Number 149.

23                    So I bring all these up, Your

24   Honor, just simply as a way to point out to Your

25   Honor that the framework within which the

1    Defendants are trying put this request is not

2    actually accurate, that it is, in fact, possible,

3    and it has, indeed, happened before, and that we

4    can, in fact, stay consideration, activity

5    pleadings, adjudication on the matters that we were

6    referring to, pending motions to dismiss, perhaps

7    the dismissal of the unserved Defendants, and any

8    forthcoming for summary judgment or motion for

9    judgment on the pleadings.

10                    Until and unless we do have

11   direct, one would hope, direct guidance from the

12   Supreme Court in the form of whatever it is that

13   they do with the Bucklew decision, as we pointed

14   out in our motion, we believe that the Bucklew case

15   does, indeed, present several different aspects

16   that we don't believe, well, we disagree with the

17   Defendants' position that the Bucklew matter is a

18   very, very narrow specific individual, specific

19   issue, and obviously it's going to be much broader

20   than that by the time that one considers the

21   Court's analysis and reasoning as well as the

22   specific ultimate end result in that case.

23                    I would also offer that the State

24   doesn't actually, in their memo in opposition,

25   offer a rebuttal to that point that it is prudent

1     to wait for the decision in analysis in Bucklew.

2     Their only argument is to simply say at the bottom

3     of page 3 of their reply memorandum as the

4     magistrate judge has also noted, the standard

5     governing of request for preliminary injunction

6     stay includes the requirement that the Plaintiff

7     demonstrate a substantial likelihood of success on

8     the merits.  It follows that any guidance provided

9     by the Supreme Court would also be relevant to that

10    threshold question.

11                     And on those points, we are in

12    agreement that the guidance provided by the Supreme

13    Court would be relevant to that threshold question

14    of whether the alternative execution methods and

15    whatnot must be part of the Plaintiff's claims if

16    then they say, therefore, are awaiting such

17    guidance which might be forthcoming in Bucklew does

18    not justify the resultant lengthy unknown delay in

19    the final adjudication of the Plaintiff's claims.

20                     To us that, I'm not sure I

21    understand the logical connection there, but, in

22    any event, we believe that the issues, even as the

23    Defendants have laid them out, recognize that

24    Bucklew will have effect on the claims that are at

25    issue before the Court.  And, therefore, again,

1   prudence and, frankly, judicial efficiency, counsel

2   in favor of pausing consideration on these matters

3   until we have that guidance from the Court.

4               JUDGE MERZ:  Thank you, Allen.

5   Zoe, or Chuck, any response?

6               MR. WILLE:  Yes, Your Honor.  This

7   is Chuck Wille.  First, Your Honor, as the Court is

8   aware, the Court has, we understand the Court has

9   discretion in these areas but that, of course, that

10  discretion is not unlimited.  We would submit, Your

11  Honor, that in exercising that discretion what is

12  important is the current status of the case versus

13  what the status of the case was in the past, where

14  any such stays of adjudication or pleadings were

15  issued.

16              We would submit, Your Honor, that

17  it's the current status of the case that is

18  appropriate and that under the current status, no

19  good cause has been shown for the broad request for

20  a stay that has been, has been made.  Your Honor,

21  first, again, we would point out as Your Honor

22  noted that in a certain sense is the Plaintiffs are

23  saying that this would not apply to any preliminary

24  injunction motions, but as Your Honor has pointed

25  out, one of the components or an essential

1       component of showing the need for preliminary

2       injunction is to show a substantial likelihood of

3       success on the merits as we pointed out in our

4       opposition and as the Court, again, I think, has

5       seen the logic here that obviously if there's any

6       guidance issued by the Supreme Court in Bucklew,

7       Bucklew, that guidance would pertain to the

8       question of the substantial likelihood of success.

9                    Now, in essence, it seems to us

10      that what the Plaintiffs propose here is that no

11      preliminary injunction proceeding should be

12      delayed.  In other words, Plaintiffs proposed that

13      they could, indeed, seek preliminary relief without

14      waiting for guidance from the Supreme Court whereas

15      they seem to want to have the cake and eat it, too,

16      is the saying.  But, on the other hand, we would

17      like to have the Court delay any final adjudication

18      in order to wait for Supreme Court guidance.

19                    So we would submit that is

20      inconsistent to do that, that court system is the

21      first point that we made.  Secondly, Your Honor, I

22      would point out that in this case apparently the

23      request also extends to, for example, the Court's

24      adjudication as to Defendant's motion to dismiss

25      the fourth part of this complaint.  We would note,

1      Your Honor, that in that complaint the Plaintiffs

2      have withdrawn their 8th amended complaint.

3                    The Defendant has moved to dismiss

4      numerous other claims on grounds we do not

5      anticipate that the Supreme Court's decision in

6      Bucklew would have anything to say about.  For

7      example, Your Honor, we do not anticipate that the

8      Supreme Court will address the question of whether

9      a violation of state and federal law would be a,

10     first, a violation of the protection clause.  We do

11     not believe the Supreme Court's going to give any

12     guidance on the, relevant to the Plaintiffs'

13     numerous equal protection claims which have been

14     the subject of Defendant's motion dismiss the, on

15     this complaint.

16                    Thirdly, Your Honor, we would ask

17     the Court to take a look at the questions

18     presented, and those questions presented, indeed,

19     concerned what has been described by the prisoner

20     in that case as a rare and severe medical

21     condition.  Now, we would note, Your Honor, that

22     certainly the Supreme Court takes cases because

23     they intend to take cases that have greater

24     importance than the facts as true, but by the same

25     token, as Your Honor is aware, sometimes the

1    Supreme Court decides to take a little narrower

2    approach to giving cases.

3            So it is certainly possible that

4    this Bucklew case could turn on the precise

5    questions presented in the context of what has been

6    described as a severe and rare medical condition.

7    So it could be that Bucklew will not provide the

8    general greater guidance that it possibly could,

9    could be otherwise.  We would also note, Your

10    Honor, that in the question that was presented to

11    the parties by the Court, that question seems to

12    assume that the Plaintiffs have a high burden to

13    show, to present and to validate their claims under

14    the 8th Amendment.

15            So in a certain sense, the Court

16    seemingly has presumed already the existence of the

17    standard under Glossip versus Gross which, of

18    course, the Defendants have urged and have argued

19    is a very severe and very difficult standard to

20    meet.  And thus far, it seems, Your Honor, that

21    that argument has carried today with respect to the

22    Sixth Circuit Court of Appeals.  I guess I'm

23    saying, Your Honor, that perhaps the Bucklew case,

24    the way the Court has presented the question to the

25    parties, we would not anticipate any change if that

1          particular standard being forthcoming.

2                          So for these reasons, Your Honor,

3          again, we would ask that, we would ask the Court to

4          deny the motion.  We would only say one other

5          thing, Your Honor, and that is that counsel has

6          noted, this is in the past or the case has been

7          delayed, but, again, Your Honor, we think it,

8          again, what counts here is the current status of

9          the case.  But we would also note, Your Honor, that

10         the Court certainly can consider that this case has

11         been going on for many years, and one could go back

12         to 2004.

13                         You could say this case has been

14         going on for 14 years.  That's certainly a relevant

15         consideration.  And as the case proceeds further,

16         it is legitimate for the Defendants to say, to

17         point out that, indeed, as the case continues to go

18         forward, continues delay, it is legitimate for the

19         Defendants to put that, point to that as a factor

20         in expediting the Court's discretion.

21                         JUDGE MERZ:  Thank you, Chuck.

22         One point that I will ask about is my reading of

23         things that the Eighth Circuit's ruling in this

24         case that a single witness must do the comparison

25         between the State's method of execution and any

1      alternative.  That's an, as I read the briefs in

2      Bucklew, that's an outlier.  No other circuit has

3      held that, have they?

4                     MR. WILLE:  Your Honor, I think

5      the question was presented in the context of what

6      was really presented in that case.  In other words,

7      I don't think, I don't think the Eighth Circuit

8      held that, oh, yes, you must produce only one

9      witness.  I think the question was framed in terms

10     of what was actually presented in the case.  I

11     think the overall question is, again, to what is

12     the, to what extent did the Court of Appeals error

13     in finding that there was, in affirming the

14     summary, affirming judgment for the State.

15                     JUDGE MERZ:  Right.

16                     MR. WILLE:  So I don't think it

17     was a particular, I don't believe the Eighth

18     Circuit held that, yes, you must produce one

19     witness.  I don't think that's really the holding

20     of the Court that's at issue.

21                     JUDGE MERZ:  All right.  Allen?

22                     MR. BOHNERT:  Your Honor, I don't

23     know that I can speak that particular specific

24     facet.  I, yeah.  I don't know at the moment off

25     the top of my head without having a chance to look

1    at it, it's specific.  I will say that, I guess, in

2    kind of rejoinder to the points that Mr. Wille was

3    making, I'm finding it hard to understand the, what

4    I hear to be the basic argument is that the motion

5    is simultaneously too broad and should be denied

6    because it is simultaneously too broad, but it's

7    also not broad enough because it doesn't include

8    preliminary injunction stay motions, and so,

9    therefore, it should be denied for that reason.

10                   So we're being faulted for somehow

11   being overbroad without ever having that actually

12   defined.  I don't think we are being too broad.  I

13   think we've been very specific about what it is

14   that we're asking for.  And if it's a motion to

15   deny, because we're not asking for a preliminary

16   injunction and stay of execution by way of it, to

17   me is, it doesn't make a whole lot of sense, Your

18   Honor.

19                   JUDGE MERZ:  All right.  Thank

20   you.  Thank you.

21                   MR. BOHNERT:  The, yes.

22                   JUDGE MERZ:  Thank you.  That's

23   adequate.

24                   MR. BOHNERT:  Okay.

25                   JUDGE MERZ:  So the, I don't know

1          whether anything else has come up in anybody's mind

2          that needs to be added to the agenda or if we are

3          at an end except we need to schedule the --

4                         MR. BOHNERT:  Give me one second,

5          Your Honor.  I'm trying to determine here the

6          answer to your question.  According to the third

7          petition, the panel refused to accept the expert's

8          evidence in the Bucklew case comparing two methods

9          because no single witness said that one method

10         would be better than the other.  And so, you know,

11         the panel in that case believed Glossip not only

12         requires an as-applied challenge to present

13         evidence comparing the State's method with an

14         alternative, but that the evidence must come in the

15         form of a single witness who believes one method is

16         significantly better than the other.  They made the

17         point --

18                         JUDGE MERZ:  My --

19                         MR. BOHNERT:  Go ahead.  I'm

20         sorry.

21                         JUDGE MERZ:  My reading of the

22         precedent is that's an outlier, that there's no

23         other circuit that has held anything like that.

24         Certainly the Sixth Circuit has not.  I don't find

25         that implication from Glossip at all.  This would,

1     in my mind, if I were sitting on the United States

2     Supreme Court, be a good, which they obviously

3     haven't done, would be a good situation for grant,

4     vacate, and reverse on that particular item.

5                 I can't believe that the Supreme

6     Court is willing to accept that as a general rule.

7     Certainly the Sixth Circuit has not.  So, but there

8     are, as you say, there are broader issues before

9     the Court in Bucklew, and it appears to want to do

10    something more.  Anyway, we need to set a next

11    date, and I'm prepared to hear suggestions.  Allen?

12               MR. BOHNERT:  Yes, Your Honor.  I

13    had looked at this earlier but have not had a

14    chance to consult with my co-counsel.  I was going

15    to suggest two weeks from now, which would be July

16    10.  But, like I said, I had not had a chance to do

17    anything regarding consultation with other counsel,

18    so I did not want to affirmatively put that on the

19    agenda as, with Plaintiff's proposal.

20               JUDGE MERZ:  Any objection to that

21    date from other Plaintiff's counsel?  Any Defense

22    objection?

23               MS. SAADEY:  I do not believe so,

24    Your Honor.

25            (Phone interruption.)

1                     JUDGE MERZ:  All right.  Good.

2     Hold on a second while I get rid of this call about

3     my student loans.  Thank you.  All right.  We'll

4     set the next conference for 9 o'clock a.m. on the

5     morning of July the 10th, and I'll be getting

6     sometime relatively soon from the Defendants a

7     motion to set a deadline for filing a motion for

8     preliminary injunction in Mr. Jackson's case.  The

9     Awkal motion is now ripe, and the motion to stay is

10    now ripe, and I will do something, as I said

11    before, about the entry on the protective order

12    entry once we have a chance to get a transcript.

13    Anything else --

14                     MR. GRAY:  Excuse me, Your Honor?

15                     JUDGE MERZ:  Yes.

16                     MR. GRAY:  This is Steve Gray,

17    chief counsel, DRC.  That date of July 10th Jocelyn

18    and I have a status briefing for the Van Hook

19    scheduled execution that morning at 8:30.  Could we

20    do our conference with Your Honor at 9:30 on July

21    10th, please?

22                     JUDGE MERZ:  That's fine.  Any

23    objection to that, Allen?

24                     MR. BOHNERT:  No, Your Honor.

25    None as far as I know.

1                     JUDGE MERZ:  9:30 it will be.  All

2     right.

3                     MR. GRAY:  Thank you, Your Honor.

4                     JUDGE MERZ:  Thank you all very

5     much.

6                     (WHEREUPON, telephonic conference

7     hearing concluded at 9:57 a.m.)

8                     *    *    *    *    *

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2

3                I, Jamie S. Hurley, a Court Reporter

4       and Notary Public do hereby certify that the

5       foregoing is a full, true and correct transcript of

6       my notes taken in the above-styled case and

7       thereafter transcribed by me.

8

9

10

11                         Jamie S. Hurley

12

13

14

15

16

17

18

19

20

21

22

23

24

25