# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
  PROTOCOL LITIGATION,

:    Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to Plaintiff
   Abdul Awkal

---

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF AWKAL'S MOTION TO STAY

---

This capital § 1983 case is before the Court on Plaintiff Abdul Awkal's Motion to Take Judicial Notice and Stay Adjudication of his consolidated case (ECF No. 1574). Defendants oppose the Motion (ECF No. 1615) and Plaintiff Awkal has filed a Reply in Support (ECF No. 1766).

**Procedural History**

Plaintiff Abdul Awkal was convicted of aggravated murder and sentenced to death in the Cuyahoga County Court of Common Pleas in 1992. His conviction and capital sentence were affirmed on direct appeal. *State v. Awkal*, 76 Ohio St. 3d 324, 667 N.E.2d 960 (1996). He unsuccessfully sought habeas corpus relief in the Northern District of Ohio; those proceedings

1

became final when the Supreme Court denied certiorari. *Awkal v. Mitchell*, 562 U.S. 1183, 131 S.Ct. 1002 (Mem), 178 L.Ed.2d 834 (2011).

Awkal became a plaintiff here when the case was filed in November 2011 (ECF No. 4). He filed an Individual Supplemental Complaint in January 2013 (ECF No. 161). He is a party to the Fourth Amended Omnibus Complaint (ECF No. 1252), but has not filed a subsequent individual supplemental complaint.

Plaintiff Awkal's Motion represents that he was found incompetent to be executed by the Cuyahoga County Court of Common Pleas on June 15, 2012. *State v. Awkal*, Memorandum of Opinion and Order, Case No. CR-276801 (Jun. 15, 2012) (unreported; copy at ECF No. 1574-1, PageID 69496-508). On June 18, 2012, two days before Awkal's then-scheduled execution, the Ohio Supreme Court granted a stay. *State v. Awkal,* 132 Ohio St. 3d 1419, 2012-Ohio-2724, 969 N.E.2d 267 (Table). The State had appealed from the trial court's incompetency determination, but the Eighth District dismissed the appeal, finding that the trial court's decision did not constitute a final appealable order, as Awkal might be restored to competency by appropriate treatment. *State v. Awkal*, 2012-Ohio-3970, 974 N.E. 2d 300 (8th Dist. Aug. 30, 2012), appellate jurisdiction declined, 141 Ohio St.3d 1421, 2014-Ohio-5567, 21 N.E.3d 1114 (Table) (2014). Plaintiff's counsel reports that the Supreme Court of Ohio has not set a new execution date and the Magistrate Judge has confirmed that his name is not listed on the State's current execution schedule[1].

---

[1] Found at www.drc.ohio.gov/execution-scheduled, visited June 26, 2018

**The Instant Motion**

Plaintiff Awkal asks this Court to take judicial notice of his incompetency adjudication and to stay litigation of his claims in this case "until such time that his incompetent status has legally changed." (ECF No. 1574, PageID 69491).

Defendants oppose the Motion on two grounds.

First, they claim that other Plaintiffs whose executions have been stayed continue to litigate their claims in this case. (ECF No. 1615, PageID 69582, citing Lamont Hunter, whose execution was stayed by the Supreme Court of Ohio on March 8, 2012, pending exhaustion of state court proceedings).

Second, they assert that the pendency of Awkal's claims would prevent entry of final judgment, arguing that the Court would be unlikely to use its authority to declare finality on other claims and parties until Awkal's claims are adjudicated (ECF No. 1615, PageID 69583; citing Fed. R. Civ. P. 54(b)).

Plaintiff Awkal replies that his Motion is made at the present time because of the change in the law between when he filed his Individual Supplemental Complaint in January 2013 and now, to wit, the Supreme Court decision in *Glossip v. Gross,* 576 U.S. ___, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015), requiring death row inmates who challenge a State's method of execution under the Eighth Amendment to plead and prove the availability, by ordinary transactional processes, of an alternative method of execution which would be less painful. Because that requirement is both a pleading and a proof burden, Plaintiffs generally have pleaded their Eighth Amendment claims in new individual supplemental complaints. Plaintiff Awkal's counsel assert that the decision "whether to plead an alternative and, if so, which alternative to plead[,] are unique, individualized

Plaintiff-specific and deliberative decisions that require a competent decision-maker." (ECF No. 1766, PageID 72212 (alterations removed)). Plaintiff notes that he cannot voluntarily dismiss without prejudice and then re-file if restored to competency, because the statute of limitations for § 1983 method of execution claims is two years from the conclusion of direct appeal or the date of adoption of changes in the Execution Protocol. *Cooey v. Strickland*, 479 F.3d 412, 422 (6th Cir. 2007).

## Analysis

Defendants make no objection to this Court's taking judicial notice of the Ohio court's adjudication of incompetency. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *United States ex rel Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). The Court therefore takes judicial notice that Plaintiff Awkal was adjudicated incompetent to be executed by the Cuyahoga County Court of Common Pleas in 2012.

The Constitution prohibits execution of those who are "unaware of their punishment and why they must suffer from it." *Penry v. Lynaugh*, 492 U.S. 302, 305, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), *citing Ford v. Wainwright,* 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986), *abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). Applying the standards adopted by the Supreme Court in *Ford* and *Panetti v. Quarterman,* 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), Judge Stuart A. Friedman found that Awkal was incompetent to be executed because he "presently lacks the capacity to form a rational understanding as to the reasons the state intends to execute him on June 20, 2012." *State v. Awkal*,

Memorandum of Opinion and Order, Case No. CR-276801 (June 15, 2012) (unreported; copy at ECF No. 1574-1, PageID 69508). Essentially, Judge Friedman found that Awkal understood he had been convicted and sentenced to death for murdering his wife and brother-in-law, but believed he would have been spared from execution by some post-judgment process but for interference of the Central Intelligence Agency which wanted him executed because he knew too much. This delusional belief was caused by his severe mental illness, diagnosed as schizoaffective disorder, depressive type. *Id.* at PageID 69506. Judge Friedman conveyed Awkal to the Ohio Department of Rehabilitation and Corrections for treatment to restore him to competency, but no report has been made to this Court about any change of Awkal's mental status. *Id*. at PageID 69508. The Court presumes, therefore, that he continues to be incompetent to executed, as the State would likely have presented any evidence of restoration to the Common Pleas Court.

Incompetency to be executed is a mixed question of law and fact. Here, Judge Friedman applied the correct legal standard to the facts as he found them to be. The State Defendants do not contest Plaintiff Awkal's claim that this Court should defer to the Court of Common Pleas decision.

The standard for competency to stand trial is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (*per curiam*). This standard requires significantly more mental acuity than the standard of competency to be executed. *A fortiori*, a person incompetent to be executed is also incompetent to stand trial and also to properly consult with his attorney about pleading an alternative method of execution.

5

Defendants' concerns about finality do not preclude a stay as to Plaintiff Awkal. This is a consolidated case. Cases consolidated under Fed. R. Civ. P. 42(a) retain their separate identity. *Patton v. Aeroject Ordnance Co.*, 765 F.2d 604, 606 (6th Cir. 1985); accord: 9 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2382. "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496, 53 S.Ct. 721, 77 L.Ed. 1331 (1933); *Lewis v. ACB Business Servs., Inc.,* 135 F.3d 389 (6th Cir. 1998). Should the case reach a point where the Court is prepared to enter judgment on claims of other parties, Awkal's case can be readily severed.

Plaintiff has sought a stay of all his claims in this case, but has justified it only on the basis of his incompetence to litigate his Eighth Amendment *Baze/Glossip* claims. Further litigation of those claims (and any related claims which would be raised in an individual supplemental complaint are STAYED pending Awkal's restoration to competence. The Motion for Stay is DENIED as to claims pleaded on behalf of Awkal in the Fourth Amended Omnibus Complaint for the reasons already given for denying a more general stay (ECF No. 1815).

June 29, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge