UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  OHIO EXECUTION | : | Case No. 2:11-cv-1016 |
| PROTOCOL LITIGATION | : | |
| | : | Chief Judge Edmund A. Sargus, Jr. |
| **This document relates to:** | : | |
| **Plaintiff Van Hook** | : | Magistrate Judge Michael R. Merz |

**DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S
ORAL ORDER OF JUNE 26, 2018**

On June 26, 2018, a telephone status conference was held with Magistrate Judge Merz and counsel for Defendants and Plaintiffs. [Minute Entry, June 26, 2018]. At the request of counsel for Plaintiff Van Hook and over Defendants' objection, the Court issued an oral order establishing the procedure for an open phone line with the Court and counsel during the execution of Plaintiff Van Hook, scheduled for July 18, 2018. The Court indicated that the Defendants would be permitted to file written objections to that order.  For all of the reasons set forth below, Defendants respectfully request that the Court reconsider its prior oral order and deny Plaintiff's motion, or in the alternative, order limitations as described below.

  **A.**  **Introduction**

The Defendants understand this Court's oral order is to establish a procedure identical to the one that was utilized for the scheduled execution of Alva Campbell on November 15, 2017, where the Magistrate Judge, a court reporter, Defendants' counsel, and Plaintiff Campbell's counsel were present on a telephone conference line beginning

at approximately 10:00 a.m. and continuing until there was notification that a reprieve would be issued. This "open line" access to the Court was proposed by Plaintiff Campbell's counsel before the Campbell execution in an attempt to establish more immediate access to the Court in the event Plaintiff's counsel chose to seek a motion for a temporary restraining order during the execution of Plaintiff Campbell, and to permit the Defendants' counsel to participate in a hearing on such a motion. On June 26, Plaintiff Van Hook's attorney requested an "open line" to the Court be made available on the day of his execution, and Defendants again objected. The Court entered an oral order granting the motion, but gave the Defendants an opportunity to file written objections. The Defendants respectfully request that this Court reconsider and deny Plaintiff's motion because the "open line" practice imposes an undue burden on the Defendants and is likely futile, as explained below. If the Court grants Plaintiff's motion, the Defendants respectfully request that the Court order that all parties remain "mute" on the line unless and until a motion is made.

      **B.**     **The Open Phone Line is Unduly Burdensome**

On the date of a court-ordered execution, counsel from the Ohio Attorney General's Office are present, in person and by phone, to advise their clients. Requiring Assistant Attorneys General to remain on an open line with the Court disrupts their ability to effectively advise and represent their clients during this important and sensitive process. Prior to the use of the open phone line, any Assistant Attorneys General who were present at Southern Ohio Correctional Facility remained in the Command Center from at least the time the inmate was escorted into the execution

2

chamber until the process was complete. Because it is important that the Command Center and the Death House are able to quickly and readily communicate with one another, the noise in that area must remain minimal. The open phone line order therefore necessitated that at least one Assistant Attorney General leave their position in the Command Center, making it more difficult for that attorney to provide timely advice or participate in any discussions with his or her various clients.

In addition, in the event that Plaintiffs would move for a stay or TRO during the course of carrying out the execution, an Assistant Attorney General may be placed in the difficult position of becoming a fact witness in order to rebut allegations made by Plaintiffs. This could create a conflict of interest that would require the recusal of one or more attorneys. Ohio Rules of Professional Conduct, Rule 3.7. Given the limited number of Assistant Attorneys General who are familiar with this case, such a recusal would undoubtedly create delay or prejudice in the ongoing litigation. In an attempt to avoid this quandary during the Campbell event, Assistant Attorney General Saadey left the Command Center to participate on the open line with the Court, and she was accompanied by Deputy Director Donald Morgan to ensure the availability of a fact witness for ODRC, should such witness testimony be requested or ordered by the Court. This meant that Mr. Morgan, who served as the Planning Chief during the execution, was removed from his place in the Command Center, which impacted his participation during the execution process. The Assistant Attorneys General, ODRC attorneys, and all ODRC employees present during an execution event have very specific and important roles that are disrupted and diverted by participation in the

3

open phone line procedure. Defendants believe that the telephone access from the Death House is sufficient for Plaintiffs' counsel to contact their counterpart in the attorney waiting room and to contact the Court, if necessary, as was done during the execution of Gary Otte on September 13, 2017. [Memorandum, Order and Decision re: *Ex Parte* Motion for TRO (Otte), ECF No. 1238]. An Assistant Attorney General can, and will be, readily available to the Court if an emergency hearing is commenced via telephone.

### C.  The Open Phone Line's Purpose is Likely Futile

The Defendants also note the potential futility of the ostensible purpose of the open phone line. Plaintiffs have requested this line based on their past *ex parte* request for a temporary restraining order from the Court during the Otte event. In that motion, as the Court knows, Mr. Otte's counsel requested that the Court order the Defendants to stop administering drugs after administration of the first drug had already begun. [*Id.*, ECF No. 1238, PageID 45368]. There is no evidence about how the cessation of an execution protocol after the beginning of the drug administration would impact the inmate.

> "Even experienced physicians presented with this scenario likely would be unable to opine as to the immediate or lingering effects on the inmate, or prognosis of an inmate in that circumstance. The result of an interference by a court would, in all likelihood, be cruel and unusual, a fumbling error invited by counsel and, in the end, uncivilized. This court cannot imagine a scenario in which any such interference should be undertaken."

*Arthur v. Comm'r Ala. Dept. of Corr.*, 680 F. App'x 894, 904 (11th Cir. 2017). The only expert testimony heard on this topic came from Plaintiffs' expert Dr. Sergio Bergese.

4

Dr. Bergese noted that the question of whether the effects of a massive overdose of midazolam could be reversed was "experimental pharmacology" and that he would not want it to be attempted on him if he were placed in that situation.  [Decision and Order (Phillips, Tibbetts, Otte), ECF No. 948, PageID 32206-207, citing Evid. Hrg. Tr., ECF No. 940, PageID 31618-619].  Should the Plaintiff's counsel choose to move for the Court to hear a temporary restraining order motion *before* the administration of drugs has begun, an Assistant Attorney General could be quickly notified and that attorney could readily communicate to the Death House that the administration of drugs should be delayed. But once administration of drugs has begun, Plaintiff's motion would be a request for this Court to "create a situation ripe for error," because of the "lack of expertise, combined with the confusion of a contemporaneous analysis conducted while the protocol is actually being administered." *Arthur* at 912.

        **D.**       **The Defendants Request that All Parties Remain "Mute" on the Line**

If the Court determines an open line with both parties is still appropriate, Defendants request that all parties remain on "mute" on the line unless or until the Plaintiffs make a motion.  As the Court may recall, during the Campbell event, Plaintiff's counsel asked multiple questions of the Defendants during the execution process, essentially seeking updates on what was occurring beyond those available to counsel as a part of the normal execution day procedures. [Transcript, ECF No. 1398, PageID 52233-237].  As the Court recognized, this was tantamount to an attempt to conduct a discovery deposition during the call and promptly stopped the questioning:

5

> The purpose of setting up this conference call was not to facilitate an ongoing discovery deposition by plaintiffs' counsel of defendants' counsel. We are on the line so that plaintiffs' counsel may have immediate access to the Court, and not to be conducting a deposition of Mr. Picken or of anybody else from the Attorney General's Office.

[*Id.*, PageID 52237]. Defendants request that this Court order the phone lines "muted" so that the line would be available only for the purpose for which it was proposed – to facilitate the conducting of an emergency hearing if necessary.

### E. Conclusion

For all of the reasons set forth above, Defendants respectfully request that the Court reconsider its prior oral order and deny Plaintiff's motion, or in the alternative, order the limitations on the open phone line described above.

        Respectfully submitted,

        MICHAEL DEWINE
        Ohio Attorney General

        *s/ Charles L. Wille*
        **CHARLES L. WILLE (0056444)\***
            *\*Co- Trial Attorney*
        *s/ Zoe A. Saadey*
        **ZOE A. SAADEY (0089181)\***
            *\*Co-Trial Attorney*
        **THOMAS E. MADDEN (0077069)**
        Assistant Attorneys General
        Criminal Justice Section, Capital Crimes Unit
        150 East Gay Street, 16th Floor
        Columbus, Ohio 43215
        T: (614) 728-7055;  F: (614) 728-9327
        Charles.Wille@ohioattorneygeneral.gov
        Zoe.Saadey@ohioattorneygeneral.gov
        Thomas.Madden@ohioattorneygeneral.gov
        **COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Defendants' Objections to the Magistrate Judge's Oral Order of June 26, 2018,* was filed electronically this 2nd day of July, 2018.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/ Charles L. Wille*
**CHARLES L. WILLE (0056444)**
Assistant Attorney General
