# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: OHIO EXECUTION PROTOCOL LITIGATION**<br><br>**This document relates to:**<br>**PLAINTIFF**<br>**CLEVELAND JACKSON** | Case No. 2:11-cv-1016<br><br>**CHIEF JUDGE EDMUND A. SARGUS, JR.**<br>Magistrate Judge Michael R. Merz<br><br>**DEATH PENALTY CASE** |

**Plaintiff Cleveland Jackson's Response to Defendants' Motion for a Scheduling Order (ECF No. 1816) and Submission of his own Proposed Scheduling Order**

## I.   Introduction

On June 26, 2018, the Defendants submitted to this Court a proposed scheduling order for Cleveland Jackson's lethal injection litigation and asked this Court to consider its motion on an expedited basis. (ECF 1816). In that motion, Defendants propose a schedule that contemplates a hard deadline for Mr. Jackson to file any motion for preliminary injunctive relief, setting that date six days from the filing of this response.  Further deadlines unwind from there, all on an extremely aggressive timeframe.

Defendants know that Mr. Porter only recently took on Jackson's representation and thus he has had limited time to familiarize himself with Jackson's lethal injection case. They are also aware Mr. Porter is representing Van Hook who is currently scheduled to be executed in ongoing, active state court litigation alleging Administrative Procedures Act violations related to Ohio's

execution protocol. They likewise know that, upon the Court's inquiry of Mr. Porter during the June 26, 2018 telephonic status conference, Mr. Porter said any injunctive relief motion for Jackson would need to be filed after Van Hook's execution—a sentiment with which this Court agreed.

Mr. Jackson in this pleading will initially respond to Defendants' arguments that this Court should establish a proposed scheduling order "that may seem shorter than usual" (*Id.* at Page ID 74165). He will then suggest a scheduling deadline that permits the orderly litigation of any challenges that Mr. Jackson may bring to Defendants' efforts to execute him.

## II. The Defendant's Proposed Scheduling Order Is Not Feasible Given Counsel's Other Commitments.

Defendants initially propose that by July 9, 2018, Mr. Cleveland complete the following:

> Cleveland Jackson Motion for Preliminary Injunction/Stay of execution due, based on available evidence for claims he has plead, including a request for evidentiary hearing, if any, and identification and disclosure of lay and/ or expert witnesses, with a brief description of expected testimony, and identification of any supporting documentary evidence.

(*Id.* at Page ID 74166).

Under normal conditions (six days), this limited period would not be feasible given the time it takes to locate, retain experts, provide them with the requisite materials, for them to review those materials, and render an opinion. This suggested date becomes even more unreasonable given that this limited six-day period occurs during a holiday week.

In addition, Mr. Porter represents Robert Van Hook who is scheduled to be executed on July 18, 2018. Mr. Porter must be available for any litigation that may arise (he is the only member of the Van Hook team that can pursue state court litigation). In addition, he is scheduled to be a witness for the execution. Mr. Porter's time, energy, and emotional resources—along with those of Van Hook's other clemency counsel—will (and, from an ethical and human perspective, must) be spent exclusively over the next two weeks on the difficult task that lies ahead; to shepherd a client who suffers from pernicious mental illnesses through his final days before his execution. Mr. Porter should not be placed in a position where he abdicates his duties to Mr. Van Hook in the final days and hours before his execution and turns instead to matters for a different client.

In addition, Undersigned counsel represents twelve other individuals who have been sentenced to death. Three of those individuals have filing dates that cannot be modified in the Supreme Court of Ohio in the next thirty-four days, Nathaniel Jackson, Kareem Jackson, and Juan Kinley.

## II. The Defendant's Proposed Scheduling Order Is Unduly Cumbersome.

Defendants recognize that their proposed scheduling order will "create additional filings." (*Id.* at Page ID 74166). That concession is an understatement. Defendants' proposed schedule unnecessarily complicates matters by creating multiple litigation tracks. These types of proceedings have proven complex enough; there is no compelling reason to multiply that complexity by creating a schedule with overlapping deadlines for various claims. At a minimum, the

Defendants' proposed scheduling order fails to account for two significant events (not including counsel's conflict with the Van Hook execution).

First, the Sixth Circuit recently appointed substitute clemency counsel for Mr. Jackson because his habeas counsel abandoned him. (ECF 1806, Exhibit 1). Newly appointed clemency counsel promptly moved the Supreme Court of Ohio to stay his execution until they were able to adequately investigate, prepare, and present his clemency application to the Ohio Parole Board. (ECF 1812, Exhibit A). That motion is still pending. If the Supreme Court of Ohio stays or resets his execution date, it will obviate the need for this Court to conduct an evidentiary hearing in August 2018 concerning Defendants' current efforts to execute him.

Second, while Defendants ask this Court to require that Mr. Jackson file his initial motion for preliminary injunction/stay of execution by July 9, 2018, they also recognize that he may need to file a supplemental motion based on the events that transpire during Mr. Van Hook's execution. They suggest a date of July 30, 2018, for the filing of that supplemental motion. (ECF 1816, Page ID 74167). This will cause Mr. Jackson to conduct a second search for experts by that date, which could affect his initial search for experts. This could possibly require him to completely redraft his initial motion for preliminary hearing/stay of execution that he previously filed. Defendants suggest a procedure that defies logic for the filing of this supplemental motion. They propose the following dates and events: (a) July 20, 2018, Defendants provide the initial discovery from the Van Hook execution, (b) July 23, 2018, Mr. Jackson announce whether he

intends to file a supplemental motion for preliminary injunction/stay of execution, (c) July 24, 2018, Defendants file the remainder of the discovery from the Van Hook execution, and (d) July 30, 2018, Mr. Jackson file his Supplemental Motion for Preliminary Injunction/Stay of Execution. Mr. Jackson will not be able to intelligently determine if he needs to file a supplemental motion by July 23, 2018, if Defendants have not provided him all the discovery from the Van Hook execution by that date.

**IV. Mr. Jackson's Proposed Alternative Schedule.**

Nevertheless, Mr. Jackson understands the Court's preference for a proposed schedule by which the parties may litigate a motion for preliminary injunctive relief in advance of his execution. The better course is to identify one schedule for litigating any grounds on which Jackson may seek injunctive relief. Time is necessary following the Van Hook scheduled execution for Jackson to assess the most appropriate litigation avenue in consideration of his circumstances at that point. Thus, he proposes a preliminary schedule as follows:

- **July 18, 2018**: Van Hook execution scheduled to occur.

- **July 20, 2018**: Defendants to provide initial discovery of documents re: Van Hook execution, including completed forms DRC 2001 (order for execution medications), DRC 4083 (medical team checklist), 4084 (death house checklist), and 4085 (master checklist).

- **July 24, 2018**: Defendants provide remainder of discovery documents from the July 18th scheduled Van Hook execution.

5

- **July 27, 2018**: Mr. Jackson to file motion for preliminary injunction/stay of execution and request for evidentiary hearing.

- **August 3, 2018**: Defendants' Response in Opposition to motion for preliminary injunction/stay of execution due.

- **August 10, 2018**: Mr. Jackson to file Reply in support of motion for preliminary injunction/stay of execution.

- **August 14, 2018**: Mr. Jackson to identify and make disclosures of expected lay and/or expert witnesses, with a brief description of expected testimony, and identification of expected supporting documentary evidence.

- **August 16, 2018**: Defendants to identify and make disclosures of expected lay and/or expert witnesses, with a brief description of expected testimony, and identification of expected supporting documentary evidence.

- **August 22, 2018**: Mr. Jackson's disclosure of expert witnesses' CVs and reports.

- **August 24, 2018**: Defendants' disclosure of expert witnesses' CVs and reports.

- **August 27, 2018**: Exchange and filing of exhibits for hearing.

- **August 28, 2018**: Motions in limine to be filed.

- **August 30–31, 2018**: Oral arguments, presentation of witnesses, and closing arguments at evidentiary hearing on Mr. Jackson's motion for preliminary injunction/stay of execution.

When comparing Defendants' and Mr. Jackson's proposed scheduling orders, the most obvious difference is that the latter does not involve many starts and restarts. Mr. Jackson's proposed schedule does not involve the potential of the filing of multiple motions for preliminary injunctions/stays of execution. This in turn permits the proposed litigation schedule to be more concentrated which

6

in turn permits undersigned counsel to complete his representation of Mr. Van Hook prior to concentrating his efforts on Mr. Jackson.

**V. Conclusion**

For the reasons set forth above, Plaintiff Jackson respectfully requests that this Court adopt his proposed schedule.

Respectfully submitted,

Office of the Ohio Public Defender

*/s/ Randall L. Porter*
Randall L. Porter (0005835)
Assistant State Public Defender
Randall.Porter@opd.ohio.gov

250 E. Broad Street - Suite 1400
Columbus, Ohio 43215-9308
(614) 466-5394
(614) 644-0708 (Fax)

**Trial Attorney for Cleveland Jackson**

**Certificate of Service**

I hereby certify that on July 3, 2018, I electronically filed the foregoing *Plaintiff Cleveland Jackson's Response to Defendants' Motion for a Scheduling Order (ECF No. 1816) and Submission of his own Proposed Scheduling Order* with the Clerk of the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to the e-mail addresses of opposing counsel that are on file with the Court.

*/s/ Randall L. Porter*
Randall L. Porter (0005835)
Assistant State Public Defender
**Trial Attorney for Cleveland Jackson**