## LAWRENCE J. GREGER

### ATTORNEY AT LAW

**SUITE 1100, 120 WEST SECOND STREET**
**DAYTON, OHIO 45402**

———

**TELEPHONE: 937/223-3153**
**FAX: 937/223-3008**

LAWRENCE J. GREGER

July 3, 2018

Ms. Maria DiPaolo Jones
INTEGRITY REPORTING GROUP
2381 Ziner Circle North
Grove City, Ohio 43123

Re:　　In Re: Ohio Execution Protocol Litigation
　　　　2:11cv1016
　　　　Federal District Court Dayton, Ohio

Dear Ms. DiPaolo Jones:

You took the deposition of Director Gary Mohr, in the presence of United States Magistrate Judge Michael R. Merz on December 22, 2016. At the conclusion of the deposition, signature was not waived (See enclosed) and I cannot find that either an errata sheet was signed and filed by Director Mohr, or that a certification by you that the time for signature had passed, had been filed. Per the attached Scheduling Order, at 5(2), the deponent had five days to complete the errata sheet.

I intend to use the deposition in litigation and I want to make sure that the deposition conforms in all respects with the legal requirements. Thus, was an errata sheet signed by Director Mohr and then filed (if so can you supply a copy to me), or in the absence of the errata sheet signed and filed, would you be so kind to file a certification that the time for signature had run that I can then obtain from the PACER system.

Thank you for your courtesies. If you have any questions, please feel free to call my office.

Very truly yours,

Lawrence J. Greger
Attorney at Law

LJG/afb

Cc:　　Magistrate Judge Michael R. Merz
　　　　S. Adele Shank

Gary Mohr

Page 157

1        (Whereupon, at 1:03 p.m., the deposition

2   was concluded and signature was not waived.)

3                    --|--

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Gary Mohr

Page 158

1                         AFFIDAVIT

2    State of Ohio              )
                                ) SS:
3    County of _____  )

4         I, GARY MOHR, do hereby certify that I have
     read the foregoing transcript of my deposition given
5    on Thursday, December 22, 2016; that together with
     the correction page attached hereto noting changes in
6    form or substance, if any, it is true and correct.

7

8                     _____
                      GARY MOHR
9

10        I do hereby certify that the foregoing
     transcript of the deposition of GARY MOHR was
11   submitted to the witness for reading and signing;
     that after he had stated to the undersigned Notary
12   Public that he had read and examined his deposition,
     he signed the same in my presence on the _____ day
13   of _____, 201__.

14

15                    _____
                      Notary Public
16

17   My commission expires _____, _____.

18                         -- | --

19

20

21

22

23

24

25

Gary Mohr

Page 159

1                         CERTIFICATE

2    State of Ohio              )
                                )   SS:
3    County of Franklin         )

4         I, Maria DiPaolo Jones, RDR and CRR, the
     undersigned, a duly's qualified and commissioned
5    notary public within and for the State of Ohio, do
     certify that, before giving his deposition, GARY MOHR
6    was first duly sworn to testify to the truth, the
     whole truth, and nothing but the truth; that the
7    foregoing is the deposition given at said time and
     place by GARY MOHR; that I am neither a relative of
8    nor employee of any of the parties or their counsel
     and have no interest whatever in the result of the
9    action.

10        IN WITNESS WHEREOF, I hereunto set my hand and
     official seal of office on this 26th day of December,
11   2016.

12
                    Maria DiPaoloJones
13                  Maria DiPaolo Jones, RDR, CRR,
                    and Notary Public in and for the
14                  State of Ohio.

15   My commission expires June 19, 2021.

16   (1875-MDJ-1)

17                       -- | --

18

19

20

21

22

23

24

25

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
   PROTOCOL LITIGATION,

                                :       Case No. 2:11-cv-1016

                                     Chief Judge Edmund A. Sargus, Jr.
                                     Magistrate Judge Michael R. Merz

This Order relates to Plaintiffs
   Phillips, Tibbetts, and Otte

---

## SCHEDULING ORDER

---

       This case came on for scheduling conference in person in Courtroom No. 3 at 9:30 A.M. on Thursday, November 17, 2016. Present were attorneys Timothy Sweeney, Lisa Lagos, Nadia Wood, and Jim King (Plaintiff Phillips); Allen Bohnert (Liaison Counsel and Plaintiff Phillips); Vicki Werneke (Plaintiff Otte); Assistant Attorneys General Jocelyn Lowe, Thomas Madden, Stephen Gray, and Charles Wille (State Defendants); and additional persons who participated in the conferences presided over by Judge Frost in the summer of 2014. All personnel present were reminded of the confidentiality obligation imposed on them by Judge Frost and understood it was still in place. No one else except court personnel was present in the courtroom. The transcript of these proceedings shall be filed under seal, subject to possible motion to unseal.

       Matters from the Joint Proposed Agenda (ECF No. 726) were dealt with as follows:

1

1.      The parties are not in agreement that the issues raised in Plaintiffs' Supplemental Complaints (ECF Nos. 693, 694, 696) should be bifurcated from issues raised in the Fourth Amended Complaints.

2.      State Defendants' counsel will consult with their clients and advise the Court not later than November 23, 2016, whether they will consent to a preliminary injunction staying the execution of Mr. Phillips pending adjudication of his motion for preliminary injunctive relief on the merits.[1]

3.      Defendants propose that "the litigation should first proceed with a hearing on the alternative methods of execution proposed by Plaintiffs, . . .." (Jt. Agenda, ECF No. 726, PageID 23031.) While not agreeing with that proposal, Plaintiffs did agree that the major change to the execution protocol as promulgated October 7, 2016, was the return of a three-drug method, which is the method the State intends to use on these three Plaintiffs.

4.      Regarding expert witnesses identification and production of expert reports, Plaintiffs oppose setting such a deadline until it is known how and when the preliminary injunction hearing will be conducted, but nonetheless propose simultaneous disclosure of identities and reports and do not believe a *Daubert* hearing is needed. Defendants propose a staged disclosure schedule with a decision on a *Daubert* hearing postponed until experts are identified. No decision was reached.

5.      Regarding new discovery

        1.      All notices of deposition must be filed with the Court, Fed. R. Civ. P. 5 to the contrary notwithstanding. All depositions shall be taken where the deponent resides in the absence of agreement or order.

---

[1] Mr. Madden may have indicated that it had been determined there would be no such agreement. If that is the case, he must file a notice to that effect forthwith.

2.      The party taking a deposition will be responsible for the court reporter's fee. All depositions shall be transcribed and filed. As Plaintiffs suggest, a deponent will have five days to review a transcript and submit an errata sheet. A party producing an expert witness shall pay the witness' fees for attending and any travel expenses.

3.      There is no agreement about how the presumptive limit of ten depositions per cases applies to this consolidated case. Since more than ten depositions have already occurred in the case, further depositions will be on motion with good cause shown. The parties are invited to provide the Court with authority on application of the presumptive limit in a consolidated case.

6.      Regarding continuing discovery, Plaintiffs request the Court to "reaffirmthe Court's previous order that Defendants are required to produce to Plaintiffs supplemental discovery within no later than 7 days after it is created [and] affirm/reaffirm that Defendants must produce post-execution discovery immediately as available and no later than within 7 days following an execution. This includes the execution timeline log that must be produced to Plaintiffs before it is produced to any members of the media, and no later than simultaneously with production to the media." (Jt. Agenda, ECF No. 726, PageID 23033). This request illustrates the "law of the case" issue the Court added to the agenda. Plaintiff may move for this relief with citation to the prior entries recognizing these obligations.

7.      The parties do not seek any change for this case in the motion practice deadlines set by S. D. Ohio Civ. R. 7.2, except as may be made on a motion-by-motion basis. The parties were reminded of the impending change to Fed. R. Civ. P. 6 affecting motion practice times. They are here reminded of the obligation to seek opposing counsel consent imposed by S. D. Ohio Civ. R. 7.3.

3

8.    No agreement was reached on deadlines for lay witnesses or exchange of exhibits for a preliminary injunction hearing.

9.    The Court has already set a deadline of Monday, November 21, 2016, for the parties to respond to the Notice Regarding Magistrate Judge Jurisdiction (ECF No. 727).

10.    Regarding the law of the case issue raised on November 16, 2016 (Notice, ECF No. 728), Plaintiffs believe the most practical solution is to require the parties to provide a record reference each time they rely on a prior decision which they regard as part of the law of the case. IT IS SO ORDERED. In addition, the State Defendants agreed to file a memorandum accumulating prior law of the case which shall be filed not later than November 30, 2016.[2]

11.    Other matters raised in the Joint Proposed Agenda but not dealt with herein require a motion from any party seeking particular relief. The case is set for a next status conference by telephone at 9:30 A.M. on Monday, November 28, 2016. Counsel shall call 1-888-684-8852; Access code: 1931515; Security code: 123456, and wait for the Court to join the conference.

November 17, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[2] The Court appreciates Plaintiff's counsel's concession that finding the prior law of the case is a herculean task. If it is so for a lawyer who has been in the case from the beginning, it is herculean for a judge new to the case. No comparison was intended, I am certain, between the material involved in the original Herculean task and the many prior filings in this case.

4