# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

                          :    Case No. 2:11-cv-1016

                            Chief Judge Edmund A. Sargus, Jr.
                            Magistrate Judge Michael R. Merz

This Order relates to Plaintiff
   Robert Van Hook and all Defendants

## ORDER REGARDING OPEN PHONE LINE DURING EXECUTION OF PLAINTIFF ROBERT VAN HOOK

During a June 26, 2018, telephonic status conference, counsel for Plaintiff Robert Van Hook moved this Court to issue an order setting forth a procedure for an open phone line among the Court, counsel for Plaintiff Van Hook, and counsel for Defendants during the execution of Plaintiff Van Hook, currently scheduled for July 18, 2018. The Court orally granted Van Hook's motion and allowed Defendants to file Objections, which they did on July 2, 2018, asking the Court to "deny Plaintiff's motion, or in the alternative, order limitations . . . " (ECF No. 1820); Van Hook filed a Response to Defendants' Objections on July 6, 2018 (ECF No. 1831).

As Defendants correctly note in their Objections, the effect of this Court's June 26, 2018, Order "is to establish a procedure identical to the one that was utilized for the scheduled execution of Alva Campbell on November 15, 2017, where the Magistrate Judge, a court reporter, Defendants' counsel, and Plaintiff Campbell's counsel were present on a telephone conference

1

line beginning at approximately 10:00 a.m. and continuing until there was notification that a reprieve would be issued." (ECF No. 1820, Page ID 74241-42). Defendants argue that the open phone line requirement is unduly burdensome because, during the Campbell execution, the order "necessitated that at least one Assistant Attorney General leave [his or her] position in the Command Center, making it more difficult for that attorney to provide timely advice or participate in any discussions with his or her various clients." (*Id*. at Page ID 74243). Yet, the challenge faced by Defendants could be rectified by having an additional Assistant Attorneys General present at the execution; even accepting Defendants' assertion that there exist a "limited number of Assistant Attorneys General who are familiar with the case," (*id*.), the Court is not persuaded that such a limitation creates an undue burden upon Defendants.

Nor is the Court persuaded that Rule 3.7 of the Ohio Rules of Professional Conduct necessitates the recusal of Zoe Saadey or any other Assistant Attorney General (ECF No. 1820, Page ID 74243). Rule 3.7 provides that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless . . . the disqualification of the lawyer would work *substantial* hardship on the client." (Ohio R. Prof. Cond. 3.7(a)(3) (emphasis in original)). "[D]ivision (a)(3) recognizes that a balancing is required between the interests of the client and those of the tribunal and the opposing party." (*Id*. at cmt. 4). The risk of confusion to the Court by an Assistant Attorney General offering factual assertions in the record is much less acute than if an attorney were performing a dual advocate-witness role in a jury trial, and, at any rate, such risk is far outweighed by the substantial hardship that would be suffered by Defendants if the Court were to rule that an Assistant Attorney General with intimate knowledge of the case and who had observed the execution was not allowed to offer testimony. Moreover, if Defendants' preferences are: (a) to have an Assistant Attorney General, rather Ohio Department of Rehabilitation and

2

Corrections ("ODRC") Deputy Director Donald Morgan, serve as the available fact witness; and/or (b) not to have an Assistant Attorney General serving simultaneously as witness and advocate, than Defendants can address both those preferences by an additional Assistant Attorney General present at the execution.

Nor is the Court convinced by Defendants' argument that the purpose of the open phone line is likely futile. Defendants are correct that Dr. Sergio Bergese repeatedly testified any attempt to reverse the effects of a midazolam overdose would be "experimental pharmacology," and that he would not want a reversal to be attempted on him if he had already received such an overdose. (ECF No. 1820, Page ID 74244-45 (citing ECF No. 940, Page ID 31618-19; ECF No. 948, Page ID 32206-07). The Court acknowledges its obligation to "weigh[] the interests of the prison as an institution . . . with the constitutional rights retained by the inmates[,]" *Thaddeus-X v. Blatter*, 175 F.3d 378, 390 (6th Cir. 1999), and concerns over "lawyers and judges, non-medically-trained laypeople, attempting to deduce what drugs have been given and in what amounts, the cause of any unusual physical reaction, and the short- and long-term medical effects on the inmate, if any, of stopping an execution midstream." *Arthur v. Comm'r, Ala. Dep't of Corr.*, No. 17-11879-P, 680 F. App'x 894, 912 (11th Cir. 2017). Nonetheless, the Court is mindful that Dr. Bergese did not testify that it would be impossible to reverse the effects of midazolam, meaning that any post-injection motion for injunctive relief would not necessarily be futile (ECF No. 1831, Page ID 74396-97, citing ECF No. 940, Page ID 31616-21). More importantly, Van Hook, as he notes in his response, "has a right to challenge his execution as cruel and unusual[,]" (*Id*. at Page ID 74396), and he does not lose that right once the injection begins, even if, as Defendants argue, "Plaintiff will regret his decision." (*Id*. at Page ID 74397, citing ECF No. 1820, Page ID 74245).

Finally, Defendants' "request that all parties remain on 'mute' on the line unless or until [Van Hook] make[s] a motion[,]" (ECF No. 1820, Page ID 74245), is well-taken. Thus, the Court's Order is modified to impose such a requirement on the parties.

For the foregoing reasons, the Court OVERRULES Defendants' Objections (ECF No. 1820) to the Court's June 26, 2018, Order. An open phone line shall be maintained among counsel for Van Hook, counsel for Defendants, and the Court during Van Hook's execution. All parties shall remain on "mute" unless or until counsel for Van Hook moves for a temporary restraining order.

July 11, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge