IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
PROTOCOL LITIGATION,

:     Case No. 2:11-cv-1016

    Chief Judge Edmund A. Sargus, Jr.
    Magistrate Judge Michael R. Merz

This Order relates to All Plaintiffs

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This capital § 1983 litigation is before the Court on Plaintiffs' Objections (ECF No. 1814) to the Magistrate Judge's Report and Recommendations of June 14, 2018 (the "Report," ECF No. 1798) recommending that the unidentified and unserved Drug Source[1] Defendants be dismissed without prejudice. The State[2] Defendants have responded to Plaintiffs' Objections (ECF No. 1858), and Chief Judge Sargus has recommitted the matter for further analysis in light of these filings (ECF No. 1821).

The Third Amended Complaint, the first pleading in this case to include the Drug Source Defendants, was filed September 24, 2015 (ECF No. 546). Two and one-half years later, when

---

[1] The Defendants other than Ohio State officers and agents are differentiated by function in the Third Amended Complaint and subsequent complaints as UNKNOWN PHARMACIES #1-100, UNKNOWN PHARMACISTS #1-100, UNKNOWN DRUG SUPPLIERS #1-25; and JOHN DOES #1-25. They are referred to collectively herein and in the Report as "Drug Source Defendants."

[2] The term "State Defendants" refers collectively to Ohio Governor John Kasich, Ohio Department of Rehabilitation and Corrections Director Gary Mohr, and Mr. Mohr's subordinates in the ODRC who are listed by name in the Fourth Amended Omnibus Complaint or referred to therein and elsewhere in these proceedings as "Anonymous Execution Team Member."

1

none of the Drug Source Defendants had been identified or served with process, the Magistrate Judge issued an Order to Plaintiffs to Show Cause why the Drug Source Defendants should not be dismissed without prejudice under Fed. R. Civ. P. 4(m) for lack of service of process (ECF No. 1561).

Plaintiffs responded by claiming they had named the Drug Source Defendants "on the reasonable belief that discovery would allow for ultimate identification, and service, of those parties." (Response, ECF No. 1576, PageID 69513-14.) However, formal discovery has not produced that identification because of Ohio H.B. 663 (sometimes referred to as the "Secrecy Bill") and the two Protective Orders entered by this Court, all of which were upheld by the Sixth Circuit well over a year ago. *Phillips v. Dewine,* 92 F. Supp. 3d 702 (S.D. Ohio 2015)(Frost, J.), aff'd. 841 F.3d 405 (6th Cir. 2016); *Fears v. Kasich*, 845 F.3d 231 (6th Cir. 2016). Third-party subpoenas have also not identified the Drug Source Defendants.[3]

Fed. R. Civ. P. 4(m) provides in pertinent part:

> (m) TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Report concluded that, although Plaintiffs had made some efforts to identify and serve the Drug Source Defendants, they had not shown good cause for their failure actually to do so. The Magistrate Judge accordingly recommended the Drug Source Defendants be dismissed without prejudice.

---

[3] This discovery has been outside the Court's management. Fed. R. Civ. P. 45 authorizes attorneys to issue subpoenas without court permission and does not require filing returns. No subpoenaed party has sought the Court's protection from responding.

**Plaintiffs' Objections**

Plaintiffs object that the Report employs the "wrong analytical framework" and provides a "paucity . . . of conclusions regarding good cause." They argue that "Rule 4(m) first asks whether there is 'good cause' for Plaintiffs' failure to effect timely service." With respect, it is Plaintiffs who have the analytical framework wrong. Actually, the first finding Rule 4(m) requires is whether service has been made within ninety days of filing the complaint. If not, the Court "must dismiss the action without prejudice" against the unserved defendant. The Report makes that finding – that the case has been pending two and one-half years – without service on any one of the Drug Source Defendants. That amounts to precisely 935 days, or more than ten times the presumptive limit in Rule 4(m).

On December 1, 2015, shortly after the Drug Source Defendants were added, the Supreme Court shortened the presumptive time limit in Rule 4(m) from 120 to 90 days. The Advisory Note expresses the hope that this will "reduce delay at the beginning of litigation." (2015 Advisory Committee Comment.) That and the permission to raise the service issue *sua sponte* speaks to the obligation of district courts to actively manage cases. These provisions dovetail with Fed. R. Civ. P. 16(a)(2) which speaks of "establishing early and continuing control so that the case will not be protracted because of lack of management."

Once a court finds the ninety-day limit has been exceeded, it must give a plaintiff an opportunity to show good cause. Given that opportunity, Plaintiffs failed to show good cause. In two and one-half years, they have not identified a single one of the Drug Source Defendants. They have issued subpoenas attempting to discover names of compounding pharmacies, even though all

executions scheduled, attempted, or complete since October 7, 2016, have used manufactured drugs. They resisted the suggestion of the Court that they sue entities named in the FDA Orange Book as manufacturing the drugs Ohio has been using with the excuse that the Orange Book changes every year and only includes manufacturers. They have, without any explanation, failed to name the two prominent manufacturers of drugs used in Ohio executions who are *amici curiae* in the mandamus case[4] in the Supreme Court of Ohio seeking to learn whether they are manufacturers of execution drugs presently in possession of the ODRC.

Plaintiffs characterize the Report as having made "at least the implicit finding of good cause arising from the finding that Plaintiffs have been diligent in their efforts." (Objections, ECF No. 1814, PageID 74148). There is no such implicit finding. What the Report concluded was that Plaintiffs had been diligent in their efforts to have the Secrecy Bill and the Court's Protective Orders set aside. But that finding was followed by a description of the insufficient efforts to learn Drug Source Defendant identity by means other than discovery from the State.

Plaintiffs object to the characterization of their subpoena efforts as "extrajudicial and thus somehow improper." No such implication was made. Plaintiffs are correct that they are authorized by Fed. R. Civ. P. 45 to issue subpoenas without involving the Court and to hold returns for filing until necessary. But Plaintiffs' efforts have not been fruitful in producing a single defendant who can litigate the claims made against the Drug Source Defendants despite repeated reports in the media of drug manufacturers who wish to prevent use of their products in executions and are willing to litigate that issue.

---

[4] Fresenius Kabi USA LLC, and Sandoz, Inc., are *amici curiae* in *State of Ohio ex rel Hogan Lovells US LLP v. ODRC*, Ohio Supreme Court Case No. 2016-1776.

Plaintiffs' suggest that they could proceed pseudonymously against the Drug Source Defendants in the same manner as they have proceeded against execution team members anonymously. The situations are completely different. The execution team members are known identified people who have either been served with or waived process and who are vigorously litigating this case. No Drug Source Defendant fits any of those criteria.

The Report recommended dismissal without prejudice and noted the statute of limitations will not run against unidentified defendants. Plaintiffs do not object to that conclusion, but claim "great prejudice" from that approach because of hurdles to re-filing imposed by the Prison Litigation Reform Act. The only such hurdle suggested is "full payment of filing fees." (Objections, ECF No. 1814, PageID 74153). The current filing fee is $400; no separate fee is charged intervenors. And of course if this case were still pending when Plaintiffs identified one or more Drug Source Defendants, there would be no filing fee at all for an amended complaint adding a party.

Plaintiffs object that final judgment can be entered permitting appeal even when there are unidentified and unserved defendants in a case (Objections, ECF No. 1814, PageID 74153-54). Defendants note that the Sixth Circuit authority relied on by Plaintiffs for finality without dismissal of the Drug Source Defendants, *Smith v. Bd. Of Cty. Comm'rs*, No. 97-3107, 1998 U.S. App. LEXIS 11766 (6th Cir. 1998) – is an unpublished decision and therefore not binding on later panels, and is also contrary to the position taken on this issue by the Seventh, Ninth, and Tenth Circuits (Response, ECF No. 1858, PageID 74584-86 (citations omitted)). It cannot therefore be said with any certainty that a judgment not including the unserved Drug Source Defendants would be treated by the circuit court as final and appealable.

**Conclusion**

Fed. R. Civ. P. 1 instructs us to interpret the Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." The Court has certainly proceeded expeditiously with this litigation, both before and since the Drug Source Defendants were added and despite nearly two thousand docket entries. To interpret Rule 4(m) to require the Court to allow more than two and one-half years to identify and serve Defendants would undermine proper interpretation of the Rule. The issues pleaded by Plaintiffs against the Drug Source Defendants cannot be litigated until at least one such Defendant has been identified and served. Allowing the claims made against the Drug Source Defendants to continue to pend with no possibility of actually litigating those claims is inconsistent with the very purpose of the Civil Rules – **determination** of actions. Plaintiffs' Objections should be OVERRULED and the Drug Source Defendants dismissed without prejudice.

August 15, 2018.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it

as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).