# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

IN RE: OHIO EXECUTION : Case No. 2:11-cv-1016
PROTOCOL LITIGATION

    - vs -                           Chief Judge Edmund A. Sargus, Jr.
: Magistrate Judge Michael R. Merz

This document relates to:
    Plaintiff Warren Henness          :

## DECISION AND ORDER DENYING MOTION FOR DISCOVERY WITHOUT PREJUDICE

This capital § 1983 case is before the Court on Motion of Plaintiff Warren Henness for Discovery (ECF No. 1930).

Henness' execution is presently set for February 13, 2019. To accommodate his intention to seek preliminary injunctive relief, the Court has adopted, with the collaboration of counsel, a schedule which commenced with Henness' filing his Motion for Preliminary Injunction on September 28, 2018 (ECF No. 1929) and concludes with an evidentiary hearing, if a hearing is granted, on December 11, 2018. The relevant Scheduling Order (ECF No. 1914) was filed August 30, 2018, and has been clarified or modified several times. At the Court's suggestion, the parties negotiated and filed a Joint Agreed Motion for Scheduling Order on August 24, 2018 (ECF No. 1910). Nothing in that Joint Agreed Motion, or any discussion of it in status conferences, mentioned a desire on the part of any party to engage in additional discovery, and no discovery deadlines were set. Indeed, the most recent scheduled telephone status conference was cancelled because there was nothing to discuss.

1

Plaintiff's instant Motion was filed October 9, 2018, forty-six days after the Joint Agreed Motion. In it he seeks leave to propound interrogatories and requests for admission to eight identified Defendants and any other Defendants "identified as having the requested information." (ECF No. 1930, PageID 74989.) Henness also proposes to take an Fed. R. Civ. P. 30(b)(6) deposition of the Ohio Department of Rehabilitation and Corrections and Fed. R. Civ. P. 30(b)(1) depositions of all eight of the Defendants to whom interrogatories and requests for admission would be propounded. *Id.* at PageID 74989-90. Plaintiffs do not attach any proposed interrogatories of requests for admission. Plaintiffs' counsel has not discussed the discovery motion with Defendants' counsel, believing it is not covered by S. D. Ohio Civ. R. 7.3(b). *Id.*

In his Second Amended Individual Supplemental Complaint, filed April 12, 2018, Plaintiff Henness, lists alternatives to the State of Ohio's current three-drug protocol which he claims would, if used in his execution, "subject[] him to substantially less risk of experiencing severe pain and needless suffering than the risk posed by the current execution method Plaintiff challenges." (ECF No. 1494, ¶ 1966, PageID 60180), The pleaded alternatives are execution (A) by firing squad; (B) by use of a one-drug barbiturate-only; (C) by bolus injection and continuous infusion of carfntanil; (D) by bolus injection and continuous infusions of midazolam and sufentanil; (E) by bolus injection and continuous infusion of midazolam; (F) by oral injection of secobarbital in a sweet liquid; or (G) by oral injection of midazolam, digoxin, morphine sulfate, and propranolol. *Id.* at PageID 60181-208. However, in his Motion for Preliminary Injunction, Henness proposes to proceed only on the last two alternatives.

In response to these proposed alternatives, Defendants admit ready access to a wedge-shaped pillow, which is one of the conditions for each of these methods. As to Alternative G, they

admit they can obtain midazolam. Otherwise they deny Henness' allegations (Answer to Henness's Second Amended Individual Supplemental Complaint, ECF No. 1657, PageID 70524.)

Henness seeks discovery "related to Defendants' contentions and the factual bases thereof related to whether those alternative execution methods are available, feasible, and readily implemented in all respects and whether those alternatives significantly reduce a substantial risk of severe harm posed by the current three-drug midazolam protocol . . " (Motion, ECF No. 1930, PageID 74991).

The Court finds that the discovery sought is relevant to the claims and defenses made in the case. However, the timetable proposed by Plaintiff with respect to this discovery is unacceptable. The Motion for Discovery was filed October 9, 2018, **five months** after Defendants' Answer. Then Plaintiff requests the Court shorten Defendants' memorandum contra time from twenty-one days as provided in S. D. Ohio Civ. R. 7.2 to forty-eight hours, a period which would expire at 5:47 p.m. today, October 11, 2018 (Motion, ECF No. 1930, PageID 74998). Having taken twenty-four hours to reply, Plaintiff then proposes a "a rapid decision by this Court" which would "permit Henness to propound his discovery requests by October 15 or 16, 2018, . . ." *Id.* Defendants would be ordered to respond to the discovery within "5 calendar days," a period which would expire either on Saturday, October 20, 2018, or Sunday, October 21, 2018.

Henness offers as excuses for his delay in filing that "core members of Henness's lethal injection representation team face an October 11, 2018 statute-of-limitations deadline[1] to file a first habeas petition in the capital habeas corpus case entitled *Hale v. Shoop*, N.D. Ohio Case no. 1:18-cv-504, which has demanded their full time and attention for several months." (Motion, ECF

---

[1] Lisa Lagos filed a Notice of Intent to File Petition for Writ of Habeas Corpus in the Northern District on March 5, 2018. The Petition was filed October 10, 2018, the day before the statute would have run. Pleading by attorneys with the Capital Habeas Unit closely resembles Japanese "just-in-time" inventory practices.

No. 1930, PageID 74998). Who are those "core members"? Henness' attorneys in this case are Allen Bohnert, David Stebbins, Justin Thompson, and Randall Porter; Mr. Hale's attorneys as listed on the docket in his case are Jordan Berman and Lisa Lagos. Henness also represents that his trial attorney in this case, Allen Bohnert, "was out of the office for a week [after September 28, 2018] due to some unexpected family commitments." The parties are advised that the Magistrate Judge will be out-of-state from October 12, 2018, through October 19, 2018, to celebrate his fiftieth wedding anniversary with his spouse, two children, and four grandchildren. Thus Plaintiff's proposed schedule[2] would have the Magistrate Judge interrupt a long-planned family event in order to write a "rapid decision" and then would have Defendants' counsel answering interrogatories and requests for admission on the weekend.

The Motion for Discovery is DENIED without prejudice to its renewal no later than 4:00 p.m. on October 15, 2018, including as attachments any proposed interrogatories, and proposed requests for admission, and any proposed topics for Fed. R. Civ. P. 30(b)(6) deposition(s). Upon receipt of the renewed motion, Defendants' counsel shall confer with Plaintiff's counsel in an attempt to reach agreement on the proposed discovery. The results of that conference shall be embodied in a written report filed not later than noon, October 17, 2018.

October 11, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[2] The Court appreciates that counsel did not know of this planned absence when preparing the Motion, But neither did counsel make any inquiry about the Court's availability. And even if the Magistrate Judge were not intending to be out-of-state, Plaintiff's proposal would have had the Magistrate Judge spending weekend time preparing the "rapid decision."