# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  OHIO EXECUTION PROTOCOL LITIGATION | : | Case No. 2:11-cv-1016 |
| - vs - | : | Chief Judge Edmund A. Sargus, Jr. Magistrate Judge Michael R. Merz |
| This document relates to:      Plaintiff Warren Henness | : | |

# ORDER GRANTING EVIDENTIARY HEARING ON MOTION FOR PRELIMINARY INJUNCTION

This method-of-execution case, brought pursuant to 42 U.S.C. § 1983, is before the Court on Plaintiff Warren Henness's Motion for an Evidentiary Hearing on his pending Motion for Preliminary Injunction (both Motions are combined in ECF No. 1929).   The State Actor Defendants oppose a hearing (ECF No. 1934) and Henness has filed a Reply in support (ECF No. 1942).

Defendants' principal objection to a hearing is that the Motion for Preliminary Hearing was not supported by evidence as it was filed:  "Henness fails to adequately disclose the evidence which he maintains warrants a hearing an preliminary injunction/stay of execution."  (Memo in Opp., ECF No. 1934, PageID 75019).  That is an accurate characterization of the Motion.

In suggesting this failure is sufficient to warrant denial of a hearing, Defendants rely on Judge Frost's earlier decision in this case, *In re Ohio Execution Protocol Litig. (Hartmann)*, 906 F. Supp. 2d 759 (S.D. Ohio 2012).  There also, Hartmann's counsel filed a motion for preliminary injunction without accompanying evidence:  "*Hartmann never tells this Court what that new*

*evidence is*.  Instead, he repeatedly teases reliance on evidence that he does not elect to disclose in his briefing. . . . .[C]ounsel hopes to gain a strategic advantage by playing hide the ball." *Id.* at 773(emphasis in original).  Defendants' principal concern as Judge Frost understood it was that Hartmann failed to give them fair notice so that they could defend. *Id.* Judge Frost threatened to deny future preliminary injunction motions without a hearing if similar tactics were employed by others facing execution. *Id.*

In Hartmann's situation, execution was set for November 13, 2012. *Id.* at 761.  Hartmann did not file his opaque preliminary injunction motion until October 25, 2012 (ECF No. 130).  To prevent repetition of that rushed presentation of argument, this Court has attempted since assuming management of this case in October 2016 to set schedules for litigating upcoming executions that would permit fair presentation by both sides and also allow the Court adequate writing time.  As respects Mr. Henness, the Court adopted a schedule which required him to file his motion for preliminary injunction by September 28, 2018, more than four months before his scheduled execution (ECF No. 1914).  While the Court did not specify the form that motion was to take, it did provide dates by which both parties were to disclose lay and expert witnesses (ECF Nos. 1914, 1918).

As Defendants concede, Fed. R. Civ. P. 65 implies that a preliminary injunction will issue only after a hearing in which defendant is given a fair opportunity to respond (Memo in Opp., ECF No. 1934, citing *Hunter v. Hamilton County Bd. of Elections,* 635 F.3d 219, 246 (6th Cir. 2011), and *Granny Goose Foods, Inc., v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70 of Alameda Cnty.,* 415 U.S. 423, 432, n.7 (1974)).  In *Hunter* the Sixth Circuit clarified that Fed. R. Civ. P. 65(a)(1) requires a hearing "when there are disputed factual issues" material to the preliminary injunction."  635 F.3d at 246, citing *Certified Restoration Dry Cleaning Network,*

*L.L.C. v. Tenke Corp.*, 511 F.3d 535 (6th Cir. 2007).

Based on the cited precedent, the Court GRANTS Plaintiff Henness's request for a preliminary injunction hearing. The Scheduling Order requirements to disclose lay and expert witnesses adequately protect Defendants' right to meet whatever evidence Plaintiff has to present. Furthermore, the express scheduling of motion *in limine* practice hopefully ensures that neither party will present evidence not useful in deciding the Motion for Preliminary Injunction.

In their Joint Agreed Motion for Scheduling Order (ECF No. 1910), the parties chose December 11, 2018, as the date on which to commence a hearing if one were to be scheduled. *Id.* at PageID 74776. Plaintiff requested that the Court reserve four days for the hearing; Defendants reserved the right to object to any hearing and "do not agree that a 4-day hearing will be warranted." The Court hereby ORDERS that the hearing commence on December 11, 2018, and continue for not more than four days. The Court reserves the authority to limit the time for the hearing after considering motions *in limine*.

October 30, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

3