IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  OHIO EXECUTION PROTOCOL LITIGATION | : : : : : | Case No. 2:11-cv-1016<br><br>Chief Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Michael R. Merz |
| **This document relates to:**<br>**Plaintiff Warren Henness** | : : | |

**DEFENDANTS' AMENDED IDENTIFICATION OF HEARING WITNESSES
AND PRECIS OF EXPECTED LAY WITNESS TESTIMONY**

In accordance with this Court's orders (ECF Nos. 1914, 1918, and 1954), Defendants hereby submit the following hearing witness list, including identification of expert and lay witnesses and a precis of expected lay witness testimony.

**Expert Witnesses**

Defendants intend to call the following expert witnesses for live testimony, as necessary, at the hearing scheduled to begin on December 11, 2018.  A curriculum vitae of each expert is attached.

- Dr. Joseph Antognini
- Dr. Daniel Buffington[1]
- Dr. Robert Davis

---

[1] The correct updated version of Dr. Buffington's curriculum vitae is attached.

**Lay Witnesses**

The Defendants reserve the right to call the following witnesses for live testimony, as necessary, at the hearing scheduled to begin on December 11, 2018. A precis of anticipated testimony for each witness is included below.

**Team Member #10:**

Team Member #10 will testify regarding his personal observations of Ohio's executions using a midazolam 3-drug protocol, including that of Robert Van Hook, from his location inside the execution chamber, and, as necessary, the steps taken pursuant to DRC Policy 01-COM-11 during the execution process. Specifically regarding the Van Hook execution, he will testify that shortly after Van Hook began singing, he could tell the drugs were taking effect and Van Hook soon stopped singing. Van Hook took a few deeper breaths, exhaled, snored lightly a few times, exhaled again and he could see Van Hook's shirt on his stomach flutter and then there was no further movement.

**Team Member #17:**

Team Member #17 will testify briefly regarding TM #17's training and experience, both in the field as an E.M.T. and in the context of prior executions using a midazolam 3-drug protocol, including his involvement in and observations of the Van Hook execution. He will also testify about his professional knowledge, training and experience as it relates to Plaintiff's alleged alternative methods of execution by oral administration of drugs. Part of this potential testimony would include TM #17's specific knowledge, training and experience with orogastric or nasogastric tubes, the mixing of drugs and/or medications, and/or the oral administration of drugs and/or medications.

**Team Member #21:**

Team Member #21 will testify briefly regarding TM #21's training and experience, both in the field as an E.M.T. and in the context of prior executions using a midazolam 3-drug protocol, including his involvement in and observations of the Van Hook execution. He will also testify about his professional knowledge, training and experience as it relates to Plaintiff's alleged alternative methods of execution by oral administration of drugs. Part of this potential testimony would include TM #21's specific knowledge, training and experience with orogastric or nasogastric tubes, the

mixing of drugs and/or medications, and/or the oral administration of drugs and/or medications.

**Team Member #31:**

Team Member #31 will testify briefly regarding TM #31's training and experience, both in the field as an E.M.T. and in the context of prior executions using a midazolam 3-drug protocol, including his involvement in and observations of the Van Hook execution. He will also testify about his professional knowledge, training and experience as it relates to Plaintiff's alleged alternative methods of execution by oral administration of drugs. Part of this potential testimony would include TM #31's specific knowledge, training and experience with orogastric or nasogastric tubes, the mixing of drugs and/or medications, and/or the oral administration of drugs and/or medications.

**Team Member #32:**

Team Member #32 will testify briefly regarding TM #32's training and experience, both in the field as an E.M.T. and in the context of prior executions using a midazolam 3-drug protocol, including his involvement in and observations of the Van Hook execution. He will also testify about his professional knowledge, training and experience as it relates to Plaintiff's alleged alternative methods of execution by oral administration of drugs. Part of this potential testimony would include TM #32's specific knowledge, training and experience with orogastric or nasogastric tubes, the mixing of drugs and/or medication, and/or the oral administration of drugs and/or medications.

**Warden Ron Erdos:**

Warden Erdos will testify about ODRC's ability to implement Plaintiff's proposed alternative methods of execution, his personal observations of Ohio's executions using a midazolam 3-drug protocol, including that of Robert Van Hook, from his location inside the execution chamber in the Death House, and as necessary, the steps taken pursuant to DRC Policy 01-COM-11 during the execution process. Specifically as to the Van Hook execution, he will testify that after Van Hook finished his statement, he nodded to Warden Erdos to indicate he was done speaking and he began to sing a hymn. Van Hook sang for approximately 10-15 seconds before he fell asleep. After he went to sleep, his breaths became shortened, he snored lightly a few times, his stomach quivered briefly and then he was motionless.

**Managing Director Ed Voorhies:**

Managing Director Voorhies will testify as to Plaintiff Henness's proposed alternative methods of execution and their related impact on the planning process and implementation of the current 01-COM-11 execution protocol. Mr. Voorhies may also testify regarding his observations into the death chamber during the Van Hook execution, from his location in the equipment room in the Death House, which room is immediately adjacent to the execution chamber and has a large window overlooking the chamber. Specifically, Mr. Voorhies will testify that the process was without incident. After the drugs began to take effect and Van Hook stopped singing, he observed no physical movements of significance. Mr. Voorhies had asked Warden Erdos afterwards if Van Hook had snored at all because he did not hear any snoring from his position in the equipment room.

**JoEllen Smith:**

JoEllen Smith will testify regarding her observations into the death chamber when visible to her during the Van Hook execution, from her location in the back of the inmate witness room in the Death House. Specifically, she will testify that she observed no notable physical movements or manifestations by Van Hook during the process.

**Chrystal Alexander:**

Chrystal Alexander will testify regarding her observations into the death chamber when visible to her during the Van Hook execution, from her location in the victim witness room in the Death House. Specifically, she will testify that she observed nothing about Van Hook's movements or breathing that appeared to be concerning or problematic.

**Richard Theodore**

Richard Theodore will testify briefly as to his education and training as a pharmacist and his role as responsible pharmacist for SOCF.  He will testify regarding ODRC procedures for procurement, licensing, handling, transfer, transportation, delivery, storage and maintenance of drugs used in executions.  He will testify about his professional knowledge and experience regarding the general practice of pharmacy or pharmacy care, including dispensing, mixing, and compounding drugs. Richard Theodore will testify regarding Plaintiff Henness's alleged alternative methods of execution. Specifically, he will testify about his understanding of the proposed alternative methods, specifically the proposed process for the dispensing, preparation, mixing and/or execution of the proposed execution drugs.

4

Defendants reserve the right to call and elicit testimony from any of the lay witnesses identified by Plaintiff Henness in his witness disclosure. [Plaintiff Henness's Corrected Witness List, ECF No. 1953, PageID 82451-82462]. Defendants further reserve the right to call any of Defendants' identified lay witnesses for rebuttal testimony regarding any topics testified to by Plaintiff's witnesses, in addition to those areas explicitly set forth above.

Respectfully submitted,

MICHAEL DEWINE
Ohio Attorney General

*s/ Charles L. Wille*
**CHARLES L. WILLE (0056444)***
    *Co- Trial Attorney*
*s/ Zoe A. Saadey*
**ZOE A. SAADEY (0089181)***
    ***Co-Trial Attorney***
**THOMAS E. MADDEN (0077069)**
Assistant Attorneys General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
T: (614) 728-7055;  F: (614) 728-9327
Charles.Wille@ohioattorneygeneral.gov
Zoe.Saadey@ohioattorneygeneral.gov
Thomas.Madden@ohioattorneygeneral.gov
**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of *Defendants' Amended Identification of Hearing Witnesses and Precis of Expected Lay Witness Testimony* was filed electronically this 7th day of November, 2018. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Charles L. Wille*
**CHARLES L. WILLE (0056444)**
Assistant Attorney General