## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: OHIO EXECUTION** | : | **Case No. 2:11-cv-1016** |
| **PROTOCOL LITIGATION** | : | |
| | : | **Chief Judge Edmund A. Sargus, Jr.** |
| **This document relates to:** | : | |
| **Plaintiff Warren Henness** | : | **Magistrate Judge Michael R. Merz** |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF HENNESS'S MOTION TO STRIKE [ECF NO. 1997]

On November 16, 2018, Plaintiff Henness filed a Motion to Strike the Expert Report and Testimony of Defendants' Expert Witness Daniel E. Buffington (ECF No. 1985). [ECF No. 1997]. Defendants oppose Henness's motion and for the reasons set forth in the accompanying memorandum in opposition, respectfully request the Court deny the motion.

Respectfully submitted,

MICHAEL DEWINE
Ohio Attorney General

*s/ Charles L. Wille*
**CHARLES L. WILLE (0056444)\***
    *\*Co- Trial Attorney*
*s/ Zoe A. Saadey*
**ZOE A. SAADEY (0089181)\***
    *\*Co-Trial Attorney*
**THOMAS E. MADDEN (0077069)**
Assistant Attorneys General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
T: (614) 728-7055; F: (614) 728-9327
Charles.Wille@ohioattorneygeneral.gov

Zoe.Saadey@ohioattorneygeneral.gov
Thomas.Madden@ohioattorneygeneral.gov
**COUNSEL FOR DEFENDANTS**

## MEMORANDUM

### I.      Introduction

During the telephonic status conference between the parties and the Court on November 14, 2018, Plaintiff's counsel raised the issue of Dr. Buffington's compliance with Fed. R. Civ. P. 26(a)(2)(B), specifically regarding his disclosure of prior cases in which, during the previous four years, he has provided expert testimony at trial or by deposition.   The Court instructed Plaintiff to file a motion to compel by Friday, November 16, 2018, and ordered Defendants to file a response by Tuesday, November 20, 2018. On November 16, 2018, instead of a motion to compel, Plaintiff Henness filed a Motion to Strike the Expert Report and Testimony of Defendants' Expert Witness Daniel E. Buffington (ECF No. 1985). ["Motion to Strike," ECF No. 1997]. Henness stated he elected not to file a motion to compel because he believed that a motion to strike was more appropriate. [1] [*Id.,* PageID 94139, footnote 2].

Plaintiff alleges that Defendants and Dr. Buffington have failed to comply with Fed. R. Civ. P. 26(a)(2)(B)(v), and that exclusion of Dr. Buffington's report and testimony is therefore the only appropriate remedy.   Plaintiff's request is unreasonable because the application of Fed. R. Civ. P. 26(a)(2)(B) is flexible. The Rule requires any

---

[1] The Court subsequently ordered the Defendants to respond to the Motion to Strike no later than 12:00pm on Wednesday, November 21, 2018. [Order Regarding Motion to Strike and Motion to Quash, ECF No. 2011].

expert witness's report to include a list of all previous cases they have testified in during the last four years "[u]nless otherwise stipulated or ordered by the court." *Id.* Seeking exclusion of Dr. Buffington's testimony at this point is therefore both an extreme and premature step.  It is true that no such stipulation has occurred, however, this Court has not yet had the opportunity to rule on a motion to compel and to allow Defendants time to comply with any respective order if the current disclosures are deemed insufficient.

**II.    The Court should decline to strike Dr. Buffington's report and testimony.**

   **A.    Sanctions are not warranted in this case, since the error was substantially justified.**

In order to provide disclosure of relevant prior testimony, Defendants have previously provided in this consolidated litigation both a comprehensive list of all cases for which Dr. Buffington has provided forensic review and testimony over the last four years [DX20 - Dr. Buffington CV, ECF No.1317-20, PageID 48364-376] and an updated list of cases he has testified in specifically regarding lethal injection matters. [Dr. Buffington Prior LIP Testimony, ECF No. 1985-2]. Even if this Court finds that this disclosure does not strictly comply with Fed. R. Civ. P. 26(a)(2)(B)(v), sanctions are not warranted in this case since the error was substantially justified. Fed. R. Civ. P. 37(c)(1).

"A noncompliant party may avoid sanction if 'there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless.'" *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015), quoting *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010).  Harmlessness generally "involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of

the other party." *Borg v. Chase Manhattan Bank USA, N.A.*, 247 F.App'x 627, 637 (6th Cir. 2007), citing *Vance v. United States,* 6th Cir. No. 98-5488, 1999 U.S. App. LEXIS 14943, at *16-17 (June 25, 1999) (unpublished).  See also *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 783 (6th Cir. 2003). In *Howe*, supra, the Sixth Circuit Court of Appeals adopted the Fourth Circuit's test for determining whether a party's omitted or late disclosure under Rule 26(a) is "substantially justified" or "harmless."

> In order to assess whether a party's omitted or late disclosure is "substantially justified" or "harmless," the Fourth Circuit considers five factors, which we now also adopt:
>
> "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence."

*Howe*, 801 F.3d at 747-48, quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014), quoting *S. States Rack & Fixture, Inc. v. Sherwin – Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). *See also Abrams v. Nucor Steel Marion, Inc.*, 694 F.App'x 974, 982 (6th Cir.2017) (listing the five factors for "harmlessness").

In this case, Defendants have provided a reasonable explanation and substantial justification for why they believe they have substantially complied with Rule 26(a)(2)(b).  When recently contacted by Plaintiff's counsel regarding Dr. Buffington's disclosure, counsel for Defendants followed up on the issue. As Defendants have previously explained, Dr. Buffington does not maintain separate records which specifically delineate the cases in which he actually testifies in from all of the cases for which he provides forensic review and consultation services.  In the past four years, Dr.

Buffington has consulted and provided services on roughly 440 cases, some of which required deposition or hearing testimony and many of which did not. Again, he does not separately keep records that track these latter cases in which in fact he provided testimony. With a very conservative assumption that it would take Dr. Buffington fifteen minutes to locate records on each case, review those records and determine, to the best of his recollection, whether or not he had testified in that case, it would require a total of 110 hours, or four and a half days of continuous work to complete this review. Furthermore, it is reasonably possible that after his review of his records, Dr. Buffington may not be able to affirmatively state whether he provided sworn testimony on a particular matter.[2]

Based on the prior proceedings in which Dr. Buffington has testified in this case after he provided a specific list of lethal injection-related testimony, and Plaintiff's counsel's familiarity with and knowledge of Dr. Buffington's credentials and relevant expert opinions, Defendants submit that substantial justification and harmless has been demonstrated. Further, Defendants and Dr. Buffington have proceeded in good faith with the disclosures, in large part due to the past acceptance of the specific list.  While Dr. Buffington's disclosure has been challenged previously in this consolidated litigation, he was ultimately permitted to testify after providing the list of lethal injection-specific cases. It is also worth noting that although Dr. Buffington has

---

[2] For example, in many of his engagements, Dr. Buffington prepares for deposition and/or hearings/trials, but his scheduled appearance is postponed or canceled.  In those instances, a calendar date for such appearances may still appear in his calendar if it was not removed.  Further, he does not maintain copies of transcripts when he has in fact testified.

previously served as an expert witness in other federal civil cases and to Defendants'
knowledge, a substantially similar (depending on the applicable timeframe)
comprehensive list of prior forensic review and testimony has not been found to be
insufficient for Rule 26 purposes.[3]  In these instances, if so requested or required, the
same format of list as previously provided in this case, would have been used by Dr.
Buffington.

Dr. Buffington's training and experience is in pharmacy and covers a wide
variety of medications.  His litigation involvement is therefore extensive and includes
many cases unrelated to midazolam, benzodiazepines, or other lethal injections drugs
and therefore has little, if any, relevance the upcoming evidentiary hearing in this case.
Defendants and Dr. Buffington have done their utmost to comply with Rule 26 by
providing the list of all cases Dr. Buffington has been involved in over the last four
years, and more narrowly, all lethal injection cases he has provided testimony in over
the last four years. The latter list specifically provides Plaintiff with the information on
Dr. Buffington's proffered opinions on midazolam, analgesic drugs, and lethal injection

---

[3] Defendants would also note that Dr. Buffington has provided expert witness services
for multiple Federal Public Defender's Offices in criminal cases: e.g., *US v. Beumel*,
M.D.Fla. No. 3:11-cr-00115; *US v. Broombaugh*, Dist.Kan. No. 5:14-cr-40005; *US v.
Williams*, W.D.Mo. No. 4:13-cr-00236; *US v. Thomas*, M.D.Fla No. 3:16-cr-00063; *US v.
Hardy*, E.D.La. No. 2:16-cr-00026; *US v. Nelson*, M.D.Fla. No. 8:17-cr-00259; *US v.
Achey*, M.D.Fla. No. 6:17-cr-00165; *US v. Hicks*, M.D.Fla. No. 3:18-cr-00031. For
example, Dr. Buffington was disclosed as a "Pharmacology/Toxicology"expert
witness by Assistant Federal Defender Maria Guzman, counsel for Defendant
Jeremy Achey, in Case No. 6:17-CR-165-ORL-40KRS, ECF No. 37, in the United
States District Court for the Middle District of Florida. Dr. Buffington testified in the
Achey case on 01/24/2018. Dr. Buffington also provided expert testimony on
02/06/2017 for Defendant Dontrell Thomas in Case No. 3:16-CR-00063 in the United
States District Court for the Middle District of Florida.

generally.  This should satisfy the purpose of Fed. R. Civ. P. 26 by providing Plaintiff with the opportunity to cross-examine Dr. Buffington on the relevant matters at hand "should the opinions he expresses here be inconsistent with views he has taken in other cases."  [Motion to Strike, ECF No. 1997, Page ID 94146]. These are the cases which would be relevant to the expert opinions he has previously testified to in this case and would offer for the Court's consideration during the December 2018 hearing. Dr. Buffington's list of lethal injection testimony is therefore sufficient to avoid any "ambush" at the hearing of opinions that may arise during his testimony.

Plaintiff relies extensively on *Ater v. Follrod*, S.D.Ohio No. 2:00-cv-934, 2004 U.S. Dist. LEXIS 31587 (Nov. 10, 2004) for the proposition that Dr. Buffington's reasons for omission are not sufficient to satisfy the "substantial justification" standard.  However, *Ater* is not binding on this Court and Plaintiff ignores the initial procedural posture of that case; a motion to strike was contemplated only after the magistrate judge had issued an order for the defendants to supplement the deficient expert reports by a certain date. *Id.*, *3-4. This is not the case here.

 Further, Plaintiff has not demonstrated that he has been harmed by the notice he has received of all of Dr. Buffington's prior testimony relevant to the present case. Plaintiff asserts that he would have obtained every transcript of all testimony that Dr. Buffington has done but the focus here must be on the purpose of the rule: for Plaintiff to reasonably prepare for cross-examination of Dr. Buffington.   The sanction sought is therefore not appropriate under Fed. R. Civ. P. 37.

7

**B.**     **Exclusion of Dr. Buffington's testimony is not mandated by the rules; this Court has broad discretion to fashion an appropriate remedy.**

Even if this Court determines that Defendants and Dr. Buffington failed to comply with Rule 26, the exclusion of his report and testimony is not mandated. Instead, this Court has broad discretion to fashion an appropriate remedy if it is determined that Dr. Buffington's disclosures are insufficient.  "'We review a district court's decision to impose sanctions for any such noncompliance [with Fed. R. Civ. P. 26] under an abuse-of-discretion standard.'"  *Howe*, 801 F.3d at 747, citing *Jordan v. City of Cleveland*, 464 F.3d 584, 600 (6th Cir. 2006). "Because the district court is in the best position to determine whether a party has complied with discovery orders, its discretion is especially broad." *Smith v. Botsford Gen. Hosp.*, 419 F.3d 513, 517 (6th Cir. 2005), quoting *Ames v. Van Dyne*, 100 F.3d 956 (Table), 6th Cir. No. 95-3376, 1996 WL 662899, at *4 (Nov. 13, 1996).

While Fed. R. Civ. P. 37(c)(1) "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified,"  *United States ex rel. TVA v. 1.72 Acres of Land*, 821 F.3d 742, 752 (6th Cir. 2016), quoting *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003), quoting *Vance ex rel. Hammons v. United States*, 182 F.3d 920, at *3 (6th Cir. 1999) (table), the Rule does not mandate that the sanction be exclusion.

Fed. Civ. Pro. R. 37(c)(1) provides possible sanctions beyond merely exclusion:

> Roberts intimates in her brief that the only appropriate sanction for Galen's alleged violations is the total exclusion of Charash's testimony. Rule 37(c)(1), however, provides several remedies to a district judge who is faced with violations of the mandatory-  disclosure provisions of Rule

26. The provision on sanctions explicitly states in pertinent part that "in lieu of this sanction [of total exclusion], the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) does not compel the district judge to exclude testimony in its entirety.

*Roberts,* 325 F.3d at 783-84. See also *Howe*, 801 F.3d at 747; *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 272 (6th Cir. 2010); *Smith* , 419 F.3d at 517 ("[ ]Rule 37 also allows the district court to impose less stringent sanctions than mandatory preclusion…."); *United States v. Rapanos*, 376 F.3d 629, 644 (6th Cir. 2004), overruled on other grounds in *Rapanos v. United States*, 547 U.S. 715 (2006)("Even if we assume that the United States was required to disclose the supplemental results, exclusion of the report and testimony was not the only remedy available to the district court.").

While exclusion is sometimes the remedy, that is not always the case since Fed. R. Civ. P. 37(c)(1) "provides the Court 'with the option to order alternative sanctions 'instead of' exclusion of the late or undisclosed evidence 'on motion and after giving an opportunity to be heard' as well. Under the plain language of Rule 37, then, an order of automatic exclusion is inappropriate." (Internal citations omitted.) *Ceres Protein, LLC v. Thompson Mechanical & Design*, W.D.Ky. No. 3:14-CV-00491-TBR-LLK, 2017 U.S. Dist. LEXIS 66989, at *5 (May 2, 2017).

Defendants submit that this Court should take into consideration the very unique posture and circumstances of this litigation in its determination of what is appropriate here. And, as noted before, the Court has not yet issued any order on a motion to compel. "The purpose of the disclosure requirement is to allow the adverse party to effectively prepare for cross-examination of the expert and 'to locate other

testimony given by the expert witness which might be relevant to his proposed testimony in the pending case.'" *In re Regions Morgan Keegan Secs*, W.D.Tenn No. 09-md-2009MaV, 2012 U.S. Dist. LEXIS 192672, *16-17 (Jan. 4, 2012), citing *Nguyen v. IBP*, 162 F.R.D. 675, 682 (D. Kansas 1995); *see also* Fed. R. Civ. P. 26(b) Committee note 1993 Amendment (the rule imposes a duty to disclose information regarding expert testimony sufficiently in advance of trial to give opposing parties a reasonable opportunity to prepare for "effective cross-examination" of an expert witness). The crucial point here is that, as Plaintiff has pointed out, Dr. Buffington has testified in numerous cases regarding lethal injection. And from the disclosures provided and other plaintiffs' prior experience with Dr. Buffington in this case, Plaintiff Henness is surely well-prepared to conduct his cross-examination. It is also worth noting, that though Plaintiff points to Dr. Buffington's numerous appearances in other similar lethal injection litigation, which includes testimony in other federal courts, he does not cite to any other court that has previously found Dr. Buffington's disclosure insufficient and disallowed his testimony.

### III.    Conclusion

Defendants have attempted to fulfill Plaintiff's requests regarding Dr. Buffington's expert report on five separate occasions. [ECF No. 1997, PageID 94138] Defendants have provided Plaintiff with a list of the roughly 440 cases Dr. Buffington has provided forensic review and testimony in during the last four years, as well as a list of all lethal injection cases he has provided testimony in over the last four years.  To generate a list of all cases Dr. Buffington has provided testimony in over the last four

years would be an onerous burden, particularly when compared to the, at best, marginal relevance this additional information might have to Dr. Buffington's testimony in the instant case. If this Court were to find that Defendants have not fully complied with Rule 26, Defendants submit that they have demonstrated substantial justification for such failure and the sanctions sought by Plaintiff are not warranted.

However, even if this Court determined sanctions were appropriate, exclusion of Dr. Buffington's report and his testimony is a severe step which would deprive Defendants of essential witness testimony, and the opportunity to fully defend against Henness's claims in this litigation. This Court has broad discretion to determine any further actions that need to be taken by Defendants in order to be satisfy their obligations or to rule that the disclosures made to this point, particularly taking into consideration Dr. Buffington's prior testimony in this litigation, are sufficient to put Plaintiff on notice and that there is substantial justification in this unique case.

This Court has broad discretion to craft other remedies, and Defendants respectfully request that this Court find that the extreme step of exclusion is not warranted and deny Plaintiff's motion to strike.

Respectfully submitted,

MICHAEL DEWINE
Ohio Attorney General

*s/ Charles L. Wille*
**CHARLES L. WILLE (0056444)***
    *\*Co- Trial Attorney*
*s/ Zoe A. Saadey*
**ZOE A. SAADEY (0089181)***
    *\*Co-Trial Attorney*
**THOMAS E. MADDEN (0077069)**
Assistant Attorneys General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
T: (614) 728-7055; F: (614) 728-9327
Charles.Wille@ohioattorneygeneral.gov
Zoe.Saadey@ohioattorneygeneral.gov
Thomas.Madden@ohioattorneygeneral.gov
**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Defendants' Memorandum in Opposition to Plaintiff Henness's Motion to Strike* was filed electronically this 21st day of November, 2018. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Charles L. Wille*
**CHARLES L. WILLE (0056444)**
**Assistant Attorney General**

12