IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: OHIO EXECUTION PROTOCOL LITIGATION**<br><br>**This document relates to: PLAINTIFF HENNESS** | Case No. 2:11-cv-1016<br><br>**CHIEF JUDGE EDMUND A. SARGUS, JR.**<br>Magistrate Judge Michael R. Merz<br><br>**DEATH PENALTY CASE:**<br>Execution scheduled February 13, 2019 |

**Plaintiff Warren K. Henness's Reply In Support of His Motion (ECF No. 1997) to Strike the Expert Report and Testimony of Defendants' Expert Witness Daniel E. Buffington (ECF No. 1985)**

## INTRODUCTION

Defendants have now had a *sixth* chance to cure their non-compliance with Federal Rule of Civil Procedure 26(a)(2)(B)(iv). Once again, they have failed to comply with that mandatory Rule: the provided list of cases *still* does not allow Henness to obtain Dr. Buffington's prior testimony because it does not contain the docket numbers, the forum, or the attorneys' names that would allow Henness to contact them in search of transcripts. Instead of curing the defect, Defendants claimed for themselves the power to decide which cases were relevant and only identified those. (Defs.' Response in Opp. to Mot. to Strike, ECF No. 2018, PageID 94996 ("These are the cases which would be relevant . . . ").) They also insist that Henness "has not demonstrated that he has been harmed," even though the burden is on *Defendants* to prove that Henness was *not* harmed, as Henness set out in his motion to strike.

Moreover, Defendants miss the point. *All* of Dr. Buffington's prior testimony is relevant because his credibility and reputation for truthfulness is at issue in this case. As demonstrated at the October 2017 hearing in this consolidated case, Dr. Buffington's disclosures and expert testimony are unreliable. He reports outdated information on his CV, uses titles inconsistent with actual job descriptions, and changes descriptions of his activities. Therefore, *every* case where Dr. Buffington provided an expert disclosure or testified about his education and experience is relevant to Henness.

For these reasons, Henness respectfully requests this Court grant Henness's motion for sanctions, and strike Dr. Buffington's expert report and preclude any associated testimony.

## BACKGROUND

Plaintiff Henness previously moved to strike the Expert Report (ECF No. 1985) and any hearing testimony of Defendants' Expert Witness Daniel E. Buffington. (ECF No. 1997.) This Court ordered Defendants to file a response to the motion no later than 12:00 p.m. on Wednesday, November 21, 2018. (*See* ECF No. 2011.) Under regular operation of the Southern District of Ohio's Local Rule 7.2(a)(2), Henness has 14 days from receipt of service to file a reply in support of his motion. This Court's Order did not set a deadline for Henness to file a reply in support of his motion, nor did the Order expressly prohibit filing one. Accordingly, Henness submits this timely reply memorandum in support of his motion. To the extent that this Court's Order (ECF No. 2011) is construed to not contemplate a reply, he respectfully requests that this Court

2

treat this filing as a motion for leave to file this reply *instanter* and that the Court grant that motion.

### ARGUMENT

**I.  Defendants' disclosures are still deficient.**

It strains credulity to believe that an expert who has submitted a disclosure indicating he has testified by trial or testimony dozens of times in the last four years would not keep billing records and client files from which he could gather accurate case numbers and presiding courts. (*See* Defs.' Notice of Providing Supplemental Disclosures for Dr. Buffington, Ex. 1, ECF No. 2020-1.) It also strains credulity to believe that an expert would not have case names and enough information about cases to separate those involving trial testimony from those where the expert was merely deposed. (*Id.*)

And yet, even though the "Deposition and Trial Testimony List" (ECF No. 2020-1) Defendants disclosed now purports to include cases in which Dr. Buffington provided testimony beyond just lethal injection cases, the list is still non-compliant as to be "essentially worthless." *See Ater v. Follrod*, 2004 U.S. Dist. LEXIS 31587, *13, 2004 WL 6042439 (S.D. Ohio, Nov. 10, 2004); *see also Hicks v. Dairyland Ins. Co.*, No. 2:08-CV-01687BESPAL, 2009 WL 2243794, at *7 (D. Nev. July 24, 2009). Defendants' disclosure still fails to comply with the Rule for the same reasons Henness identified in his motion to strike, including that it contains no identification of the court in which the case occurred or the case number. (*See* ECF No. 1997, PageID 94146–48 (explaining in detail why Defendants' previous disclosures were non-compliant).) Without a case

number and forum, Henness is unable to obtain information regarding a case and prior testimony. Additionally, without the case number, it is not possible to identify the names and contact information for the attorneys involved. Attorney contact information is needed to enable parties to obtain deposition transcripts which are generally not filed with the court. Thus, the need for disclosure of case numbers is just as important today as it was when Dr. Buffington first appeared in this case. The other list Defendants disclosed, entitled "Prior Forensic Review and Testimony" (ECF No. 2020-2) remains over- and underinclusive, as Henness also previously explained in his motion, and thus likewise essentially worthless. (*See* ECF No. 1997, PageID 94147 at n.3.)

## II. Defendants' arguments are meritless.

Defendants' argument that their failure to disclose is substantially justified or harmless amounts to:

1) it would be too difficult for Dr. Buffington to put the required disclosure together because he "does not maintain separate records which specifically delineate the cases in which he actually testifies in from all of the cases for which he provides forensic review and consultation services" (ECF No. 2018, PageID 94993);

2) Dr. Buffington has provided the same non-compliant disclosures before, those previous non-compliant disclosures were not formally rejected by the courts, and so this Court should permit his non-compliance too (*id.* at PageID 94994–95);

4

    3) Defendants decided for the Plaintiffs (Henness and others) which cases would be relevant, and then identified only those (*id.* at PageID 94995–94996) ("His litigation involvement is therefore extensive . . . and therefore has little, if any, relevance the upcoming evidentiary hearing in this case. . . . [L]ethal injection cases . . . are the cases which would be relevant . . .")

These arguments are unsupportable. (And, it should be noted, also incorrect to the extent that Defendants believe the latest disclosures are now Rule 26-compliant.) Besides the cases already cited in the Henness motion (ECF No. 1997), every federal court that considered the question of whether the expert's failure to maintain adequate records to provide required disclosures held that failure to keep records of the names of cases in which an expert has testified at trial or deposition does not demonstrate substantial justification. *See, e.g., Paramount Media Grp., Inc. v. Vill. of Bellwood,* No. 13 C 3994, 2015 WL 5307483, at *6 (N.D. Ill. Sept. 10, 2015); *Wallace v. Hounshel,* No. 1:06–CV–01560–RLY–TAB, 2008 WL 2184907, at *3 (S.D. Ind. May 22, 2008) (rejecting the same argument and stating that "[i]gnoring the rule and allowing [defendants' expert] to testify would reinforce Defendants' failure to follow the rules and would lower the bar for other experts.") (*citing Norris v. Murphy*, No. Civ. A. 00–12599–RBC, 2003 WL 21488640, at *3 (D. Mass. June 26, 2003) ("An expert cannot deliberately put himself or herself in a position where it is impossible to comply with a rule and then claim that he or she cannot comply. Self-induced inability to comply with a rule is simply not justified."); *Bethel v.*

5

*U.S., ex rel. Veterans Admin. Med. Ctr. of Denver, Colorado*, 2007 WL 1732791, at *6 (D. Colo. June 13, 2007) ("[a] party may not simply retain an expert and then make whatever disclosures the expert will or is able to make notwithstanding the known requirements of Rule 26.") (quoting *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 681-82 (D. Kan. 1995); *Palmer v. Rhodes Machinery*, 187 F.R.D. 653 (N.D. Okla. 1999) ("The Court finds that the cost or difficulty of compiling the list is insufficient for the purpose of meeting the 'substantial justification' requirement.")

Defendants certainly were on notice long before the hearing on Henness's motion for injunctive relief that Dr. Buffington has trouble keeping accurate business records. (See detailed history in ECF No. 1997, PageID 94141–45.) Nonetheless, they chose to retain him again for this hearing without ensuring he had adequate time to compile the required disclosures. That is a self-inflicted injury, not an excuse that constitutes substantial justification.

As in *Wallace*, Defendants here insist that previous failure to follow the Rules should justify continuing excuse of failure to comply. Defendants' argument makes plain, as in *Wallace*, that if this Court were to let this continue, it would only reinforce and encourage further non-compliance with the Rules by the Defendants and lower the bar for experts.

Defendants' argument on relevancy is particularly troubling. First, that argument substitutes their own lenient judgment of their expert for the more critical perspective of Plaintiff's counsel. That is not how the adversarial system works. Second, as set forth more fully Henness's motion in limine

6

concerning Dr. Buffington, *every* time that Dr. Buffington testifies or submits expert disclosure or otherwise makes a statement about his qualifications is relevant to this case.  (*See generally* Plt.'s Mot. in Limine to Exclude Testimony of Daniel Buffington, ECF No. 2032.)  As an expert witness, his credibility and reputation for truthfulness are at issue in this case.  The first time Dr. Buffington testified before this Court, he was asked whether his curriculum vitae accurately describes his professional training and experience, and he answered that it does.  (ECF No. 941, PageID 31991).  The second time Buffington testified about *the same* curriculum vitae, after the Plaintiffs had a little more time to do more investigation, there were so many inaccuracies that the Plaintiff's counsel needed a red sharpie to keep track of all the corrections on the enlarged poster of his CV.

  The limited number of Dr. Buffington's depositions that Henness's counsel has been able to uncover provided invaluable insights as to Dr. Buffington's credibility.  For example, in a press release in 2005, he claimed that he "has developed two additional specialty consulting groups: Conexus Health, a medical education firm and Pharmacology Experts, which provided expert testimony on pharmacology issues including medical malpractice, toxicology, criminal and product liability." (ECF No. 2032-9, PageID 98993.)  When asked during a deposition in 2008 whether any part of his business provides litigation consulting, however, he answered "We—one of the main services we provide is the drug information service.  And we do get questions and inquires from attorneys and the court system and law

enforcement regarding clinical pharmacology issues." Buffington Dep. 8:1-4, *Philadelphia Life Ins. Co. v. Buckles*, No. 7-cv-1743, ECF No. 75-6, PageID 1358 (M.D. Fla. Dec. 19, 2008).  At that deposition, in a case which had nothing to do with midazolam or lethal injection, Dr. Buffington omitted that he is a professional expert and has a business dedicated to it.  Defendants apparently deemed that case not "relevant," however, because they did not disclose that case on their list of Dr. Buffington's Deposition and Trial Testimony List (ECF No. 2020-1).  Also in the same deposition, Dr. Buffington testified that his involvement as faculty at a university was in his capacity "as a practicing pharmacist."  *Id.*  Now, of course, he claims that he is a clinical pharmacologist.  These inconsistencies and evidence of Dr. Buffington's apparent penchant for stretching the truth are directly relevant to his testimony in Henness's case, including for Henness's preparation of cross-examination and impeachment of Dr. Buffington.

Defendants' counsel should not get to decide what is relevant to Henness's case, especially when it involves a witness whose qualifications to testify, credibility, and reputation for truthfulness are at issue.

In sum, Defendants' arguments that their failures to comply with Rule 26(a)(2)(B)(vi) is substantially justified or harmless are meritless.

### III.  Striking Dr. Buffington is the appropriate sanction under these circumstances.

Defendants spend the remainder of their opposition memorandum focusing on the wrong question regarding sanctions.  (*See* ECF No. 2018,

8

PageID 94997–99.)  They argue that Henness has suggested that total exclusion of Dr. Buffington is the "*only* appropriate sanction," but that the law clearly gives this Court discretion for a sanction other than exclusion.  (*Id.*)  Defendants fail to identify, however, what potential sanction might be more appropriate than excluding Dr. Buffington, and that silence rings loudly.  Furthermore, Henness recognizes that Defendants are correct in stating that this Court has discretion to fashion a sanction other than exclusion.  (*See* ECF No. 1997, PageID 94154.)  But Defendants are mistaken in their characterization of Henness's argument on the first point.

Henness does not argue that exclusion is the "*only*" sanction this Court can impose.  Rather, he argues that excluding Dr. Buffington's report and testimony is the "only *appropriate* sanction" based on all the circumstances he identified in his motion.  And those circumstances have not changed except to *further* prejudice Henness every day that passes without compliant disclosures.

Moreover, Defendants' response and their "supplemental" disclosures (ECF No. 2020) further reconfirm that exclusion is the only *appropriate* sanction here.  Indeed, Defendants have not gotten the message; they do not truly concede that any of their prior disclosures were non-compliant.  (*See, e.g.*, Defs.' Notice of Providing Supplemental Disclosures, ECF No. 2020, PageID 95502 (stating that Dr. Buffington's expert report was accompanied by a list of his testimony "in lethal injection cases," and then stating that the new lists were being provided "[p]ursuant to the Rule 26(e)(2) duty to supplement," not to cure initial non-compliance with Rule 26(a)(2)(B)(vi)).)  Besides the meritless

9

arguments made to excuse their compliance discussed above, Defendants also offered other similarly meritless arguments that this Court should not countenance, such as:

- what meager information was previously disclosed is good enough for Rule 26(a)(2) compliance (*see* ECF No. 2018, PageID 94991–92);
- Dr. Buffington has testified in this consolidated case before, and thus "from the disclosures provided and other plaintiffs' prior experience with Dr. Buffington in this case, Plaintiff Henness is surely well-prepared to conduct his cross-examination" (*id.* at PageID 94999);
- even though Henness asserts that he would have obtained every transcript of all testimony, the focus should be on "reasonableness" of preparation (*id.* at PageID 94996);
- Henness bears the burden to prove he has been harmed by Defendants' non-compliance, which inverts the applicable legal standard (*id.*); and
- Henness has not filed a motion to compel, nor has this Court issued an order compelling them to comply with the Rules and giving them additional time to do so (*id.* at PageID 94992; 94998).

Of course, Henness's counsel is certainly familiar with Dr. Buffington, but that cuts the other direction from what Defendants believe: that familiarity

10

is at the heart of why counsel believe a *thorough* investigation into Dr. Buffington's credentials, prior testimony, depositions, disclosures, reports, education, businesses, associations and associates and even taxes is necessary.  What Defendants have done here, however, is stymie those investigative efforts; that Henness's counsel has, nevertheless, managed to obtain *some* of that information does not excuse Defendants' non-compliance or otherwise render it harmless.  As discussed above, even though Dr. Buffington provided a CV with his expert disclosure for the January 2017 hearing, that CV turned out to contain inaccurate, incomplete, outdated, and misleading information.  Being put on notice that this expert's disclosures cannot be trusted raises the amount of due diligence and "reasonableness" of investigation that Henness's counsel must conduct in preparation for the hearing to comply with their professional obligations in a death penalty case.  Defendants' continued non-compliance must not receive this Court's blessing.

Other than those passing arguments, Defendants cite only the "very unique posture and circumstances of this litigation." (ECF No. 2018, PageID 94999.)  The unique circumstances of this case, however, weigh *against* this Court tacitly approving Defendants' non-compliance with the Rules by declining to impose the most appropriate sanction.

## CONCLUSION

**Six times** Defendants have had a chance to produce simple disclosures under Rule 26(a)(2)(B)(vi) that the Sixth Circuit has said are mandatory; each time they failed.  That failure is not justified, nor is it harmless.  In light of

11

Defendants' repeated failure to cure the defect and repeated decision to retain the same expert despite knowing that his record-keeping is deficient, the only appropriate sanction is to strike Dr. Buffington's expert report and exclude his testimony on Henness's motion for injunctive relief.  Anything less would give the Court's tacit approval to the Defendants' ongoing failure to comply with the Rules.  For all these reasons, and all the reasons in Henness's motion to strike (ECF No. 1997), this Court should grant the motion.

**Respectfully submitted this 22nd day of November, 2018.**

**Deborah L. Williams**
Federal Public Defender

by

*/s/ Allen L. Bohnert*
**Allen L. Bohnert (0081544)**
Trial Attorney for Plaintiff Henness

Office of the Federal Public Defender
for the Southern District of Ohio
Capital Habeas Unit
10 West Broad Street, Suite 1020
Columbus, Ohio 43215
614-469-2999
614-469-5999 (fax)
Allen_Bohnert@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2018, I electronically filed the foregoing **Plaintiff Warren K. Henness's Reply In Support of His Motion (ECF No. 1997) to Strike the Expert Report and Testimony of Defendants' Expert Witness Daniel E. Buffington (ECF No. 1985)** with the Clerk of the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to counsel for all parties.

*/s/ Allen L. Bohnert*
Trial Attorney for Plaintiff Henness