# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION : | Case No. 2:11-cv-1016 |
| - vs - : | Chief Judge Edmund A. Sargus, Jr. Magistrate Judge Michael R. Merz |
| This document relates to: Plaintiff Warren Henness : | |

## ORDER DENYING MOTION TO QUASH SUBPOENA OF DANIEL BUFFINGTON

This method-of-execution case, brought pursuant to 42 U.S.C. § 1983, is before the Court on Defendants' Motion to Quash Subpoena *Duces Tecum* served by Plaintiff Warren Henness upon Daniel Buffington, Pharm.D, an expert witness for Defendants (ECF No. 2009). Henness has filed a memorandum *contra* (ECF No. 2017), and on November 27, 2018, counsel for Defendants indicated that they would not file a reply memorandum.

Defendants argue that the subpoena *duces tecum* is an impermissible "end run" around the limitations regarding the disclosures that a retained expert must make to the opposing party (Motion, ECF No. 2009, Page ID 94896-97, citing Fed. R. Civ. P. 26(b)(4); *Hartford Fire Ins. Co. v. Pure Air on the Lake Ltd. P'Ship*, 154 F.R.D. 202, 208 (N.D. Ind. 1993); *Marsh v. Jackson*, 141 F.R.D. 431, 433 (W.D. Va. 1992). Additionally, they claim that the subpoena does not allow a reasonable amount of time to comply, and that the probative value of the documents sought is far outweighed by the expense and effort that Dr. Buffington would have to undertake to comply, rendering the subpoena unduly burdensome. *Id*., Page ID 94897-98, 94899-94901. Finally, they

argue that the subpoena should be quashed because it "requires disclosure of privileged or other protected matter," and "no exception or waiver applies" to the privilege. *Id*., Page ID 94898, quoting Fed. R. Civ. P. 45(d)(3)(A)(iii). Specifically, they claim that:

> Henness's requests regarding records of any direct patient care procedures would likely contain confidential patient information subject to HIPAA[1] or other applicable state law protections. Any such responsive records (which are unlikely to be within Dr. Buffington's immediate custody or control) would likely require extensive effort to locate and request, let alone to review and redact before they could be produced properly, if at all.

*Id*.

In response, Henness attaches correspondence from Dr. Buffington, showing that the latter has already begun to respond to the document requests contained within the subpoena (Memo. in Opp., ECF No. 2017, Page ID 94972-73; Buffington Resp., ECF No. 2017-1, Page ID 94981-88). Henness argues that Dr. Buffington's responses render the Motion to Quash moot and negate any argument that the subpoena is unduly burdensome. *Id*., Page ID 94972-73, 94977, citing *Scott v. Eglin Fed. Credit Union*, No. 3:16-CV-719-RV-GRJ, 2017 WL 1364600, at *1 (N.D. Fla. Apr. 13, 2017). Defendants expressly waived the opportunity to reply to that argument, and the Court is doubtful that the subpoena is unduly burdensome, given that Dr. Buffington is complying with the subpoena. More importantly, Defendants lack standing to move to quash the subpoena. Such a motion normally may be made only by the non-party upon whom the subpoena is propounded—even if the non-party, as in this case, is an expert retained by one of the parties—unless the party "has a personal right or privilege with respect to the subject matter requested in the subpoena." *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999), quoting *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995), *judgment rev'd on other grounds*, 180 F.3d 1154 (10th Cir. 1999). While Defendants express concerns about confidential

---

[1] Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 110 Stat. 1936.

medical information of Dr. Buffington's patients being disclosed, they do not argue that *they* ever had a doctor-patient relationship with Dr. Buffington, or that *their* confidential information would be disclosed. Nor could they reasonably so argue. In sum, as Henness states, any "purported confidentialities are not Defendants' to hold," (Memo. in Opp., ECF No. 2017, Page ID 94972), and in the absence of any cognizable right or privilege as to the subpoena's subject matter, Defendants' lack of standing is fatal to their Motion.

For the foregoing reasons, Defendants' Motion to Quash (ECF No. 2009) is DENIED.

November 27, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge