# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

IN RE: OHIO EXECUTION
PROTOCOL LITIGATION

      :   Case No. 2:11-cv-1016

   - vs -          Chief Judge Edmund A. Sargus, Jr.
          :   Magistrate Judge Michael R. Merz

This document relates to:
  Plaintiff Warren Henness      :

# DECISION AND ORDER

This case is before the Court on Plaintiff Warren Henness's Notice to Take the Deposition of the Ohio Department of Rehabilitation and Corrections ("ODRC") pursuant to Fed. R. Civ. P. 30(b)(6) (ECF No. 1959). Defendants have objected and alternatively moved for a protective order (ECF No. 1964). Henness has responded (ECF No. 1969).

The subjects included in the Notice are as follows:

> 1. Information regarding each factual and legal ground on which Defendants deny that Henness's alleged alternative execution method involving oral administration of 10 grams secobarbital in approximately 4 ounces of sweet liquid is available, feasible, and readily implemented, and significantly reduces a substantial risk of severe pain posed by the 3-drug midazolam execution protocol, and thus satisfies the second part of an inmate's two-part burden under *Glossip v. Gross*, 135 S. Ct. 2726 (2015). This would include matters such as, for example, the training and skill of Defendants as it relates to preparing and administering that alleged alternative method, Defendants' efforts and ability to obtain with ordinary transactional effort the drugs and all equipment necessary to carry out that alternative, and any limitations that Defendants purport to face in obtaining those items.

> 2. Information regarding each factual and legal ground on which Defendants deny that Henness's alleged alternative execution

1

method involving oral administration of 3.75 grams midazolam, 50 mg digoxin, 15 grams morphine sulfate, and 2 grams propranolol is available, feasible, and readily implemented, and significantly reduces a substantial risk of severe pain posed by the 3-drug midazolam execution protocol, and thus satisfies the second part of an inmate's two-part burden under *Glossip v. Gross*, 135 S. Ct. 2726 (2015). This would include matters such as, for example, the training and skill of Defendants as it relates to preparing and administering that alleged alternative method, Defendants' efforts and ability to obtain with ordinary transactional effort the drugs and all equipment necessary to carry out that alternative, the nature of the drugs Defendants have admitted are already in their possession or control, or which could be obtained with ordinary transactional effort, and any limitations that Defendants purport to face in obtaining the drugs and equipment necessary to carry out a four-drug alternative method.

3. Information regarding Defendants' efforts and ability to obtain any other drug that might be used to carry out a lethal injection execution, including, for example, but not limited to, diazepam.

(ECF No. 1959, PageID 87779-80).

Defendants glancingly note that ODRC is not a party to the case (ECF No. 1964, PageID 87795). Responding, Plaintiffs ask the Court, if necessary, to treat the Notice as if it were a subpoena under Fed. R. Civ. P. 45 (ECF No. 1969, PageID 87859, n.2). Since all the Defendants except Governor Kasich are managers or employees of ODRC, the difference is merely formal. ODRC is a governmental agency which is a proper target for discovery under Rule 30(b)(6) and the Court has previously allowed a Rule 30(b)(6) deposition of ODRC in this case (ECF No. 810). Defendants general objection to deposing ODRC under Rule 30(b)(6) is OVERRULED.

Defendants have designated Warden Ron Erdos as the witness to respond to this Rule 30(b)(6) Notice. They object that the scope of a Rule 30(b)(6) notice is improper when it would require "preparing a witness with attorney opinion work product." (ECF No. 1964, PageID 87794, citing *SEC v. SBM Certificates, Inc.*, No. DKC 2006-0866, 2007 U.S. Dist. LEXIS 12685 at *68-73 (D. Md. Feb. 23, 2007)). They note that in the first two noticed subject matters, Henness seeks

"each factual and legal ground on which Defendants deny that [one or the other of] Henness's alleged alternative execution methods . . . is available, feasible, and readily implemented, and significantly reduces a substantial risk of severe pain" posed by the three-drug method now in use. Because these "constitute the defenses prepared by counsel . . . [they] necessarily reveal counsel's mental impressions, conclusions, and legal strategies." *Id*., PageID 87795.

The Magistrate Judge accepts as correct Defendants' assertion that work product protection extends beyond work product embodied in documents to intangible work product. However, the Court does not accept the proposition that a deponent can avoid revealing the factual and legal bases of a position taken in a case because those bases rest in part on what the deponent has learned from his attorneys. Suppose, for example, an Ohio-based defendant in a breach of contract case filed in Idaho raises a lack of personal jurisdiction defense. The assertion of that defense, in a pleading signed by the lawyer, will be based on an attorney's analysis of the facts as the client has relayed them and the attorney's knowledge of the law of personal jurisdiction. For example, the client will tell the lawyer that he hasn't done business in Idaho and the lawyer will respond, "*International Shoe* and its progeny." The plaintiff must be permitted discovery to respond to the defense by asking what contacts the defendant has with Idaho. The defendant's answers would be the factual bases for the defense and may reflect the legal advice he has received; that is fair game for discovery. Of course, the deposing attorney may not go beyond that and ask, "what did your lawyer tell you about the significance of doing business in Idaho?" That would invade the attorney-client communication privilege. In between would be a question such as "what is the case or statutory law that supports your defense?" Because of attorney work product protection, the deponent would not have to answer that question.

To the extent it relies on a work product protection claim, Defendants' objection to the

deposition is OVERRULED. It may be that Defendants will have valid work product or attorney-client communication objections to particular questions put to Warden Erdos. To deal with those potential situations, the Magistrate Judge will preside at the deposition.

Defendants also object that they have already provided, in response to written discovery requests, the information which could be obtained in a Rule 30(b)(6) deposition (ECF No. 1964, PageID 87795-96). Henness responds that the discovery requests were not answered fully (ECF No. 1969, citing ECF No. 1945, PageID 75558-59 and 75562-65.) Examining those responses, the Court finds Defendants rely on *United States v. Quebe*, No. 3:15-cv-294, 2017 U.S. Dist. LEXIS 9005 (S.D. Ohio Jan. 23, 2017) (Ovington, Mag. J.). There, my colleague relied on the distinction between a contention interrogatory calling for application of law to fact, which is appropriate, and an interrogatory calling for an opinion on an issue of "pure law." *Id.* at *48.

Judge Ovington's distinction is correct. A court must distinguish between interrogatories which properly seek to identify the legal theory of a claim or defense or to narrow the focus of the case and improper interrogatories which relate to pure questions of law. Johnston and Johnston, Contention Interrogatories in Federal Court, 148 F.R.D. 441, 443 nn.15-16 (1993), *citing Kendrick v. Sullivan*, 125 F.R.D. 1 (D.D.C. 1989); *O'Brien v. International Brotherhood of Electrical Workers,* 443 F. Supp. 1182 (N.D. Ga. 1977). Interrogatories which ask for contentions and the factual bases supporting them are appropriate. *Starcher v. Correctional Medical Systems,* 144 F.3d 418, 421 n.2 (6th Cir. 1998), *citing Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997); *Vidimos, Inc., v. Laser Lab Ltd.*, 99 F.3d 217, 222 (7th Cir. 1997); see also, *Continental Illinois Nat. Bank & Trust v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991) ("An interrogatory may properly inquire into a party's contentions in the case and the factual basis therefor."); *Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136, 157 (D. Del. 1977) (same).

Examining the asserted application of *Quebe* to the interrogatories posed to Warden Erdos, however, this Court finds the answers sought are not to pure issues of law, but rather to the application of law to the facts of this case. Rather than employ the time-consuming process of a motion to compel, however, it is appropriate for Plaintiff's counsel to put these questions to the Warden in the 30(b)(6) deposition. As with any question that trods on work product protection, the Magistrate Judge will be able to rule contemporaneously as to the propriety of the question.

The Court agrees with Defendants that the scope of Subject Matter 3 may be overly broad in its quest for information about "any other drug that might be used to carry out a lethal injection execution." To the extent Defendants object to inquiry about any drug other than those put in issue by Henness's preliminary injunction motion, the objection is SUSTAINED.

The Rule 30(b)(6) deposition of ODRC will commence at 9:00 a.m. on Friday, November 30, 2018, at the Offices of the Ohio Attorney General at 150 East Gay Street, Columbus, Ohio. As has been customary with the Rule 30(b)(6) depositions previously conducted in this consolidated litigation, Plaintiff will be limited to four hours.

November 27, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge