# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: OHIO EXECUTION PROTOCOL LITIGATION**<br><br>**This document relates to: Plaintiff Henness** | Case No. 2:11-cv-1016<br><br>**CHIEF JUDGE EDMUND A. SARGUS, JR.**<br>Magistrate Judge Michael R. Merz<br><br><u>**DEATH PENALTY CASE**</u><br>**Execution scheduled for: February 13, 2019** |

**Plaintiff Warren K. Henness's Motion to Admit Prior Evidence**

## I. Introduction

In order to ensure that the attached designations of prior testimony and related exhibits are properly before the Court for its consideration in deciding Plaintiff Henness's Motion for Preliminary Injunction (ECF No. 1929), the Court instructed Plaintiff to file this Motion to Admit no later than November 28, 2018. Accordingly, Plaintiff Henness hereby moves this Honorable Court to admit the attached prior record evidence ("designations" or "proffered evidence") as substantive evidence in deciding Henness's Motion for Preliminary Injunction and any related matters.

The attached designations include prior sworn preliminary injunction hearing testimony, and the related previously admitted exhibits, provided in this consolidated case, *In re: Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016 (S.D. Ohio). The designations encompass testimony on some of the

same subject matter at issue for the December 2018 hearing.  Because the designations are almost entirely from the last three preliminary injunction hearings in this case (January 2017, September 2017, and October 2017), they also involved the same Defendants or their predecessors in office, represented by some of the same counsel who currently represent them during this phase of the proceedings.  All of the testimony was given live before this Court and subject to cross-examination, with the Court having the prior opportunity to assess each respective witness's credibility and demeanor.

> II. **Previous Hearing Testimony From This Case Is Admissible In Henness's Preliminary Injunction Proceeding Under the Federal Rules of Evidence and Federal Rule of Civil Procedure.**
>
> **A. Reasons for admitting the record evidence under the Federal Rules of Evidences 403, 611, 804 & 807.**

A court's broad discretion for receiving evidence in a matter before it is firmly rooted in the Federal Rules that govern those proceedings.  "The Federal Rules of Evidence grant substantial discretion to the Court with respect to the exclusion of needlessly repetitive testimony, whether written or oral." *United States v. American Tel. & Tel. Co.*, 83 F.R.D. 323, 340, 1979 U.S. Dist. LEXIS 11515, *52 (D.D.C. 1979).  This is especially true when no jury is involved in deciding the issue.  *See, e.g., Wright v. Southwest Bank*, 554 F2d 661, 663 (5th Cir.1977) ("A trial judge sitting without jury is entitled to great latitude concerning the admission or exclusion of evidence....").

Federal Rule of Evidence 611 explicitly gives a court tremendous discretion to control the mode and manner in which it receives evidence in a matter pending before it.  "The court should exercise reasonable control over

the mode and order of examining witnesses and presenting evidence so as to . . . avoid wasting time."). Fed. R. Evid. 611(a). Likewise, Rule 403 provides that evidence, though relevant, "may be excluded if its probative value is substantially outweighed by . . . considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

As Plaintiff believes, and as Defendants have also recognized, it would be an inefficient use of the Court's and Parties' limited time and resources to take identical testimony from every witness about issues on which the witness has already testified. *See* Defendants' Response To Plaintiff Henness's Motion For Clarification And Leave And Defendants' Motion For Leave To File Designation Of Prior Evidence, ECF No. 1986, PageID 93003) (noting that the process of designating testimony that has been used previously in this case "permit[s] the Court to consider identified evidence already in the record while avoiding the need to present duplicate testimony on the same issues that have already been extensively presented as a part of this case. If the parties were required to re-present every witness (both expert and lay) for each hearing, the cumulative effect would be unworkable….")

Additional, more precise exceptions to the Rule of Evidence explicitly permit the admission of certain testimony in Plaintiff's designations. For example, some witnesses who have previously testified are unavailable during the scheduled hearing and, thus, meet specific exceptions for the admission of their prior testimony under Federal Rule of Evidence 804. Specifically, Dr. Sergio Bergese will be traveling outside of the country and will not be available

3

to offer live testimony again during the upcoming hearing. Nor is Dr. Asish Sinha available. Most of the previously testifying lay witnesses are also unavailable to testify at the upcoming hearing because they are out of state and outside the reach of a subpoena from this Court. However, even if the testimony of witnesses who previously testified in this consolidated case do not meet all the requirements for admission under Rule 804, their testimony and related exhibits can still be properly admitted as substantive evidence as to Henness's motion for injunctive relief under Federal Rule of Evidence 807, the residual hearsay exception.

Although Plaintiff does not believe any of the proffered testimony can be properly deemed hearsay, to the extent the testimony is considered hearsay, the residual hearsay exception allows the admission of the statements "even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804." Fed. R. Evid. 807. To qualify under Rule 807, the testimony must have (1) equivalent circumstantial guarantees of trustworthiness, (2) be offered as evidence of a material fact, (3) be more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts, and (4) admitting it will best serve the purposes of these rules and the interests of justice. All of these criteria are meet here.

The proffered testimony was given live before this Court and subject to cross-examination, with the Court having the prior opportunity to assess each respective witness's demeanor. The testimony is offered as evidence of material facts that remain at issue in the upcoming hearing, such as the

4

appropriateness of midazolam as the first drug in a three-drug execution protocol.  Admitting the evidence serves the interest of justice and the purpose of the Rules, which are designed to support and facilitate effective resolution of legitimate disputes between the litigants before it.  To require Plaintiff Henness to re-present all the prior testimony that supports his case would be time prohibitive and a misallocation of this Court's resources under the unique circumstances presented by this consolidated action.

Because the designated testimony proffered by Plaintiff for the witnesses who will not be in attendance at the December 2018 preliminary injunction hearing[1] meet the criteria for admission, regardless of whether Rule 804 applies, their prior testimony and evidence should be admitted.

### B. Reasons for admitting the record evidence under the Federal Rule of Civil Procedure 32.

In addition to the Federal Rules of Evidence, the Federal Rules of Civil Procedure also allow for the admission of prior sworn testimony when circumstances warrant it.  "Rule 32(a) creates of its own force an exception to the hearsay rule," independent of the exceptions created by Rules 804 and 807 of the Federal Rules of Evidence.  8A Charles Alan Wright, Arthur R. Miller, et al., FEDERAL PRACTICE AND PROCEDURE § 2143 & n.3 (3d. ed. 2016).  Specifically, Federal Rules of Civil Procedure Rule 32(a)(8) provides that "[a] deposition lawfully taken and, if required, filed in any federal- or state-court action may be

---

[1]  For those witnesses who will be in attendance at the hearing and have previously testified, their prior testimony should also be admitted based on the reasons above concerning repetitive or duplicative testimony and the Court's broad discretion to manage the receiving of evidence.

used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action."

The fact that the proffered testimony at issue here was testimony taken during an earlier preliminary injunction hearing and not a deposition only strengthens Plaintiff's arguments in favor of admitting the testimony because it strengths the reliability of the underlying testimony.  While deposition testimony is sworn testimony, prior courtroom testimony presents even greater guarantees of trustworthiness than deposition testimony, given the incentives for thorough cross-examination during those proceedings.  Further, the testimony at issue here was all taken in front of this Court, and nearly all of the testimony was taken before the Magistrate Judge presiding over Plaintiff Henness's preliminary injunction hearing and deciding his related motion.  And the exceptional circumstances of an imminent execution make it appropriate for the Court to use the broad discretion granted under the Federal Rules to manage the matter pending before it.

### III.  Conclusion

The Court has the authority to admit prior evidence for its substantive consideration in deciding a matter at issue when that evidence bears certain indicia of reliability.  Because the Court previously received all the proffered testimony Plaintiff seeks to have admit in his case, concerns about the Court's ability to judge the witness's creditability are moot.  Similarly, the Defendants, through their counsel, had a previous opportunity to cross-examine the

witnesses.  Courts have held, in the context of other complex litigation, that "[t]here is surely no need for unduly extending the trial in a complex case such as this which will be protracted in any event by lengthy, formal testimony where other means of presentation of the evidence will be equally effective."  *See also United States v. American Tel. & Tel. Co.*, 83 F.R.D. 323, 340, 1979 U.S. Dist. LEXIS 11515, *52 (D.D.C. 1979).  Both parties agree that some designation and admission of prior record evidence is appropriate and necessary given the complex nature of these proceedings and the voluminous evidence that has been amassed over the course of the proceedings.

For all the foregoing reasons, and in the interests of justice, the Court should admit Plaintiff Henness's proffered prior case evidence into the substantive case record for consideration in deciding Henness's Motion for Preliminary Injunction.  The testimony and evidence in question is that identified in the accompanying designations (Ex. 1), in accordance with this Court's Order (ECF No. 2042).

**Respectfully submitted this 28th day of November, 2018.**

**Deborah L. Williams**
Federal Public Defender

by

7

*/s/ Allen L. Bohnert*
**Allen L. Bohnert (0081544)**
Trial Attorney for Plaintiff Henness

and

David C. Stebbins (0005839)
Assistant Federal Public Defender
Supervising Attorney
Co-Counsel for Plaintiff Henness

Lisa M. Lagos (0089299)
Assistant Federal Public Defender
Co-Counsel for Plaintiff Henness

Adam M. Rusnak (0086893)
Research & Writing Attorney
Co-Counsel for Plaintiff Henness

Office of the Federal Public Defender
for the Southern District of Ohio
Capital Habeas Unit
10 West Broad Street, Suite 1020
Columbus, Ohio 43215
614-469-2999
614-469-5999 (fax)
Allen_Bohnert@fd.org
David_Stebbins@fd.org
Lisa_Lagos@fd.org
Adam_Rusnak@fd.org

and

Randall R. Porter
Assistant State Public Defender
Office of the Ohio Public Defender
250 E. Broad Street - Suite 1400
Columbus, Ohio 43215-9308
Telephone: (614) 466-5394
Facsimile: (614) 644-0708
Email: Randall.Porter@opd.ohio.gov
Co-Counsel for Plaintiff Henness

and

James A. King (0040270)
Porter, Wright, Morris & Arthur LLP
41 South High Street
Columbus, Ohio 43215
614-227-2051
614-227-2100 (fax)
Email: jking@porterwright.com
Co-Counsel for Plaintiff Henness

**Counsel for Plaintiff Henness**

8

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2018, I electronically filed the foregoing **Plaintiff Warren K. Henness's Motion to Admit Prior Evidence** with the Clerk of the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to counsel for all parties.

*/s/ Allen L. Bohnert*
Trial Attorney for Plaintiff Henness
