IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION | : : : | Case No. 2:11-cv-1016 |
| | : | Chief Judge Edmund A. Sargus, Jr. |
| This document relates to: Plaintiff Warren Henness | : : | Magistrate Judge Michael R. Merz |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF
HENNESS'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY
OF DR. DANIEL BUFFINGTON [ECF NO. 2032]**

**I.     Introduction**

Plaintiff Warren Henness has sought a preliminary injunction of his execution, which is presently scheduled for February 13, 2019.  In his complaint for relief, Henness has alleged, among other things, that Defendants' use of midazolam to execute him, as the first drug in three-drug protocol, will violate his constitutional rights.  The Court has scheduled a hearing on Henness's motion.  Consistent with the scheduling order issued by the Court, on November 7, 2018, Defendants designated Dr. Daniel Buffington as an expert witness in Defendants' behalf.  [Defendants' Amended Identification of Hearing Witnesses, ECF No. 1975), PageID 88065].  Dr. Buffington has testified previously in this case as an expert witness for Defendants.  On November 21, 2018, consistent with the Court's scheduling order, Henness filed a motion *in limine* to exclude Dr. Buffington's testimony. [Buffington Motion in Limine, ECF No. 2032].

Defendants respectfully oppose Henness's motion.  Henness's arguments are patently meritless.  First, Dr. Buffington as a Doctor of Pharmacy is well-qualified to

render reliable expert opinions consistent with the standard required by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Fed. R. Civ. P. 702. Henness argues that Dr. Buffington lacks the necessary education, training and experience, and that his opinions are not reliable because he relies on the studies of others rather than his own research. But Henness's narrow view of *Daubert* and Rule 702 conflicts with longstanding Sixth Circuit precedent. And, in *Glossip v. Gross*, ___ U.S. ___, 135 S.Ct. 2726 (2015), the Supreme Court of the United States rejected similar arguments in finding that the opinions of Dr. Roswell Evans, also a Doctor of Pharmacy, were a reliable basis upon which to affirm the denial of the prisoner's claims. Second, Henness's remaining arguments amount to nothing more than improper and unfair attacks on Dr. Buffington's integrity wholly unrelated to the objective assessment of the scientific reliability of his expert opinions. As a matter of law Henness's scurrilous accusations cannot warrant exclusion of Dr. Buffington's testimony. Third, contrary to Henness's argument, the disclosures in Dr. Buffington's report, as supplemented by Defendants, substantially comply with Rule 26(a).

Accordingly, and as more fully explained below, Defendants respectfully submit that Henness's motion should be denied.

**II.     Dr. Buffington's training and experience as a Doctor of Pharmacy amply qualify him to render reliable expert opinions in this case.**

Federal Rule of Evidence 702 tasks the district court with determining whether an expert's "scientific, technical, or other specialized knowledge" will assist the trier of fact in doing its job, and whether the expert's testimony "is the product of reliable

2

principles and methods." *United States v. Mallory*, 902 F.3d 584, 592 (6th Cir. 2018), citing Fed. R. Evid. 702(a), (c). It has long been the rule in the Sixth Circuit that Rule 702 should be broadly interpreted on the basis of whether the use of expert testimony will assist the trier of fact. *Morales v. American Honda Motor Co.*, 151 F.3d 500, 516 (6th Cir. 1998), citing Davis v. Combustion Eng'g, Inc., 742 F.2d 916, 919 (6th Cir. 1984). It is equally well-established that a generally experienced expert's "unfamiliarity with some specific aspects of the subject at hand merely affect[s] the weight and credibility of [the] testimony, not its admissibility." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 294 (6th Cir. 2007) (internal quotation marks omitted). "[I]t is an abuse of discretion to exclude testimony simply because the trial court does not deem the proposed expert to be the best qualified or because the proposed expert does not have the specialization the court considers most appropriate." *Burgett v. Troy-Bilt LLC*, 579 Fed. Appx. 372, 380 (6th Cir. 2014), citing *Pineda v. Ford Motor Corp.*, 520 F.3d 237, 244 (3d Cir. 2008) (internal quotation marks omitted). "The qualification inquiry does not ask which expert would be the best; Rule 702 simply asks whether the expert proposed by the party is qualified 'by knowledge, skill, experience, training, *or* education.'" *Id.* (emphasis in original).

Henness essentially argues that Dr. Buffington's opinions are not reliable and should be excluded because he does not have a degree in pharmacology and because he relies on the studies of others rather than his own research. But Henness's narrow view of *Daubert* and Rule 702 conflicts with the longstanding Sixth Circuit precedent cited above. And, the Supreme Court of the United States rejected similar arguments. In

3

*Glossip*, 135 S.Ct. 2726, the Supreme Court of the United States considered a prisoner's challenge to a three-drug lethal injection protocol which utilized the drugs at issue here. In addition to that of an anesthesiologist, the prisoner presented the testimony of Dr. Larry Sasich, a doctor of pharmacy. *Id*. at 2735.  Dr. Roswell Evans, also a doctor of pharmacy, provided expert testimony for respondents.  *Id.*  The district court denied relief, and the Supreme Court ultimately held that the District Court did not commit clear error when it found that midazolam is highly likely to render a person unable to feel pain during an execution.  *Id*. at 2739.

The Supreme Court at the outset reviewed the district court's rejection of the prisoner's challenge under *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), to the testimony of Dr. Evans.  Notably, the Supreme Court reiterated the District Court's conclusion that Dr. Evans, the Dean of Auburn University's School of Pharmacy, "was well qualified to testify about midazolam's properties and that he offered reliable testimony." *Glossip* at 2736.  The Supreme Court then rejected the prisoner's renewed attacks on Dr. Evan's opinions.  It reasoned that "because a 500-milligram dose is never administered for a therapeutic purpose," the opinions of Dr. Evans as well as those of the prisoner's experts necessarily were based on "extrapolations and assumptions." *Id*. at 2741.  Dr. Buffington's training and experience are comparable to the training and experience of Dr. Evans.  *See* Curriculum Vitae of Dr. Lee Evans, available at www.auburn.edu/academic/pharmacy/director/pdy/lee-evans.pdf.  Both are doctors of Pharmacy (PharmD) and are licensed pharmacists; have

4

completed postgraduate training; have experience teaching pharmacology; and have served as scientific and health care expert consultants.

Henness further argues that because Dr. Buffington is not a medical doctor, Dr. Buffington cannot render reliable opinions concerning midazolam's relationship to pulmonary edema, and the alternate method of execution Henness proposes. But the core issue presented here – the suitability of midazolam and other drugs for the specific purpose of executions – falls squarely within Dr. Buffington's training and experience in pharmacy. In evaluating the suitability of a drug, pharmacists necessarily rely on a broad range of knowledge covering many fields. *See Turner v. Iglecia*, E.D.Va. No. 2:00-cv-917, 2005 U.S. Dist. LEXIS 41678 (Mar. 25, 2005), slip opinion at *19-22 (granting summary judgment for defendant based in part on expert opinion of Doctor of Pharmacy that "based on his personal knowledge - his review of [plaintiff's] medical records and his research and education -- there was incontrovertible evidence that [plaintiff] had a long history of medication non-adherence, and that [plaintiff] did not suffer any untoward effects, including lithium-induced thyroid dysfunction and platelet dysfunction from the lithium regimen prescribed by [defendant]." Accordingly, a Doctor of Pharmacy arguably is *better* qualified to render a reliable opinion on the suitability of a particular drug than an expert with specialized training that is limited to a single field.

In sum, Dr. Buffington's training and experience as a Doctor of Pharmacy amply qualify him to render reliable expert opinions in this case.

5

**III. Henness's other arguments as a matter of law cannot justify exclusion of Dr. Buffington's testimony.**

Henness devotes a large part of his motion *in limine* accusing Dr. Buffington of dishonest acts ranging from tax fraud to making false statements. Defendants respectfully submit that Henness' accusations are improper and should not be considered by this Court for any purpose. In any event, such attacks offer nothing to justify exclusion of Dr. Buffington's testimony and are more properly reserved for cross-examination. *See In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 530-32 (6th Cir. 2008), and the cases cited therein ("Contrary to Columbia's assertions, a determination that proffered expert testimony is reliable does not indicate, in any way, the correctness or truthfulness of such an opinion."). In short, Henness's other arguments as a matter of law cannot justify exclusion of Dr. Buffington's testimony.

**IV. The disclosures in Dr. Buffington's report as supplemented by Defendants substantially comply with Rule 26(a).**

Finally, Henness argues that Dr. Buffington's report fails to make the disclosures required by Rule 26(a) and that Dr. Buffington's testimony should therefore be excluded. Henness incorporates by reference his previous motion to strike the report. For the reasons stated by Defendants in their memorandum in opposition to the motion to strike, Defendants have proceeded in good faith in providing a list of the numerous cases in which Dr. Buffington has acted as a consultant, and a list of cases involving the litigation of procedures for conducting executions by lethal injection, in which Dr. Buffington has testified at trial or via deposition. [Response in Opposition, ECF No.

6

2018]. In addition, as Henness acknowledges, Defendants have provided updated, supplemental lists. [Notice, ECF No. 2020].

Accordingly, Defendants respectfully submit that the disclosures in Dr. Buffington's report as supplemented by Defendants substantially comply with Rule 26(a).

**V.  Conclusion**

For all the foregoing reasons, Henness's motion should be denied.

Respectfully submitted,

**MICHAEL DeWINE**
Ohio Attorney General

*s/ Charles L. Wille*
**CHARLES L. WILLE (0056444)\***
*\*Co- Trial Attorney*
*s/ Zoe A. Saadey*
**ZOE A. SAADEY (0089181)\***
*\*Co-Trial Attorney*
**THOMAS E. MADDEN (0077069)**
Assistant Attorneys General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
T: (614) 728-7055;  F: (614) 728-9327
Charles.Wille@ohioattorneygeneral.gov
Zoe.Saadey@ohioattorneygeneral.gov
Thomas.Madden@ohioattorneygeneral.gov
**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Defendants' Response in Opposition to Plaintiff Henness's Motion in Limine to Exclude Testimony of Dr. Daniel Buffington* was filed electronically this 28th day of November, 2018. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Charles L. Wille*
**CHARLES L. WILLE (0056444)**
Assistant Attorney General