# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

IN RE: OHIO EXECUTION : Case No. 2:11-cv-1016
PROTOCOL LITIGATION

                                                                 Chief Judge Edmund A. Sargus, Jr.
: Magistrate Judge Michael R. Merz

This document relates to:
    Plaintiff Warren Henness :

## DECISION AND ORDER GRANTING MOTION TO STRIKE
## EXPERT REPORT AND TESTIMONY OF DANIEL BUFFINGTON

This case is before the Court on Plaintiff Warren Henness's Motion to Strike the Expert Report and Testimony of Daniel Buffington, Pharm.D, an expert witness for Defendants (ECF No. 1997). Defendants have filed a memorandum *contra* (ECF No. 2018), and Henness has filed a reply in support (ECF No. 2037). Additionally, Henness filed a Motion *in Limine* to Exclude Testimony of Dr. Buffington (ECF No. 2032), and Defendants filed a memorandum *contra* (ECF No. 2054). For the reasons set forth below, Henness's Motion to Strike is GRANTED, and his Motion *in Limine* is DENIED AS MOOT.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This is a method-of-execution case brought pursuant to 42 U.S.C. § 1983. The case and its predecessor, *Cooey v. Kasich*, 2:04-cv-1156, has been pending since shortly after the Supreme

1

Court authorized challenges to methods of execution under § 1983. *Nelson v. Campbell,* 541 U.S. 637 (2004). To avoid the filing of separate cases and provide consistent case management, District Judge Gregory Frost opened the above consolidated case number in 2011 to enfold all the § 1983 method-of-execution challenges brought by Ohio death-row inmates.

However, none of the consolidated cases has ever been tried. Instead, the pattern has been for whichever Plaintiff is next scheduled for execution to file for preliminary injunctive relief shortly before the scheduled execution date and for the Court to hear those motions on an expedited basis with expedited appeals and petitions for certiorari. Those Plaintiffs who were unsuccessful in obtaining injunctive relief were then executed and their consolidated case became moot.

As part of that pattern, Dr. Buffington has testified as an expert for Defendants twice before. On December 21, 2016, he filed an expert report in anticipation of testifying at a preliminary hearing on the motions of inmates Gary Otte, Ronald Phillips, and Raymond Tibbetts (Buffington Report #1, ECF No. 852-2). However, that report did not contain a list of trial or deposition testimony he had given in the previous four years, as required by Fed. R. Civ. P. 26(a)(2)(B)(v). *Id.* James A. King, counsel for Phillips and Tibbetts, notified Jocelyn Lowe and Thomas Madden, counsel for Defendants, that no list had been included, and asked them to supplement. (Dec. 28, 2016, Email, ECF No. 1997-1, Page 94160). On December 29, 2016, Defendants filed a modified expert report, including a list, current as of November 11, 2016, entitled "Prior Forensic Review and Testimony, Dr. Daniel E. Buffington" (Report, ECF No. 870-1, Page ID 28232-43). While the list contained the case caption and "date accepted," a term never defined, that list did not contain case numbers or identify the court in which the case in which he provided testimony was pending. Nor did it delineate whether the testimony was given in a trial or deposition setting. *Id.*

That day, King emailed Lowe and Madden with his impression that the chart was non-compliant with Rule 26(a), and that the absence of case numbers made the list "nearly worthless." He threatened to seek sanctions under Rule 37 (Dec. 29, 2016, Email, ECF No. 1997-4, Page ID 94178). Lowe replied to King with a list of "the cases in which Dr. Buffington has provided or will provide deposition or hearing testimony. We believe that both this and the previous list comply with Rule 26." (Dec. 30, 2016, Email, ECF No. 1997-5, Page ID 94183). That second list, sub-titled "Lethal Injection Protocol (LIP) Pharmacology," contained six cases in which Buffington had testified or would testify between December 11, 2015, and January 3, 2017; and included the: case name; party which had retained Dr. Buffington; the attorney representing the retaining party; the city and state in which the testimony was given; the date on which the deposition or hearing was set to begin; and whether the testimony occurred in a deposition or hearing (ECF No. 1997-6, Page ID 94188). However, it did not list non-lethal injection cases in which he had testified, and, as with the previous lists, did not include case numbers or the courts in which the cases were pending. *Id*.

On January 6, 2017, Dr. Buffington testified in the Phillips, Otte, and Tibbetts hearing (Tr., ECF No. 925, Page ID 31383, *et seq.*). He stated that he had testified in many lethal injection cases, and that he provided services to anesthesiologists regarding the proper drugs to be administered for certain patients whose anesthesia administration is high-risk. *Id*., Page ID 31387-88. After discussing his educational and experiential background, Defendants moved "to offer Dr. Buffington as an expert in toxicology and pharmacology." *Id*., Page ID 31388. Upon Defendants' motion, King objected, for the first time, that "for the purposes of these proceedings, [Dr. Buffington] is not a pharmacologist." *Id*., Page ID 31392. The Court overruled the objection, "decid[ing] that plaintiff[s] ha[ve] waived the objection by failing to file a motion in limine by the

3

deadline set by the Court. The witness is found to be qualified as an expert." *Id*., Page ID 31393.

On October 19, 2017, in anticipation of his testimony in a preliminary injunction hearing regarding inmates Tibbetts[1] and Alva Campbell, Jr., Defendants filed an addendum to Buffington's previous report, which contained two lists: (1) "Prior LIP Testimony (Deposition or Trial)," which, for the six cases listed, contained only the case name and a "date accepted" between February 17, 2015 and July 14, 2017 (Addendum, ECF No. 1312-1, Page ID 47555) and (2) "Prior Forensic Review and Testimony," which listed several hundred cases between January 9, 2012, and September 27, 2017, and like the first list, contained only the case name and a "date accepted." *Id*., Page ID 47556-68.

On October 21, 2017, the Court overruled Campbell and Tibbetts's motion *in limine* to exclude Dr. Buffington "without prejudice to appropriate objection during the preliminary injunction hearing on the basis of the factors recognized in *Daubert*" (Notation Order, ECF No. 1336), and on October 27, 2017, Dr. Buffington again testified in this Court (Tr., ECF No. 1363). After he discussed his experience, Defendants moved to qualify Dr. Buffington as an expert in pharmacy. *Id*., Page ID 51422. Campbell objected to the extent that Dr. Buffington would testify regarding pharmacology, rather than pharmacy; the Court overruled the objection without prejudice. *Id*., Page ID 51422-23.

On November 7, 2018, Defendants identified Dr. Buffington as one of their expert witnesses to testify at the December 2018 hearing on Plaintiff Warren Henness's Motion for Preliminary Injunction[2] (Witness List, ECF No. 1974, Page ID 87973), and filed Dr. Buffington's expert report on November 9, 2018 (*Henness* Report, ECF No. 1985). Dr. Buffington's report

---

[1] Although Tibbetts lost on appeal, his execution had been postponed and he sought injunctive relief a second time. Ultimately, his sentenced was commuted to life imprisonment.
[2] Henness's Motion follows the litigation pattern outlined above: since at least August 8, 2018, he has been the next death row inmate scheduled to be executed by Ohio on February 13, 2019.

4

contained a list entitled "Prior LIP Testimony (Deposition or Trial)," which listed the case name and "date accepted" for seven lethal injection protocol cases in which he had testified—*i.e.*, the six cases listed in the previous addendum, plus his testimony in the Tibbetts and Campbell preliminary injunction hearing (ECF No. 1985-2, Page ID 91278). After reading the report and case list, Allen Bohnert, counsel for Henness, emailed Charles Wille and Zoe Saadey, counsel for Defendants, asking them to "confirm that those cases identified are the ONLY cases in which Mr. [*sic*] Buffington has testified in the last four years. If there are other cases beyond just lethal injection cases, please provide that list to us immediately." (Nov. 9, 2018 Email, ECF No. 1997-9, Page ID 94207) (emphasis in original). On November 13, 2018, Saadey informed Bohnert that she had followed up with Dr. Buffington in an attempt to answer his questions (Email, ECF No. 1997-11, Page ID 94212), but during a November 14, 2018, conference call among the parties and the Court, Saadey stated "that it would be too difficult and time-consuming to compile a compliant list for Dr. Buffington, because he does not maintain a list of cases in which he has provided testimony." (Motion, ECF No. 1997, Page ID 94145).

While the Court stated "that Henness could file a motion to compel production" of such a list, *id.*, Henness opted instead to file the Motion to Strike on November 16, 2018 (Motion, ECF No. 1997, Page ID 94138). On November 21, 2018, Defendants filed a memorandum in opposition (ECF No. 2018), and also filed: (1) "Buffington Deposition and Trial Testimony List, 2017-2018"; and (2) "Dr. Buffington Prior Forensic Review and Testimony List, 2013-2018" (Buffington Disclosures, ECF No. 2020, Page ID 95502). The first list identified approximately sixty-eight actions in which Dr. Buffington had provided either deposition or trial testimony from May 15, 2013, through October 17, 2018, and included the "date accepted," the case name, whether he testified in deposition or trial, and the date on which the testimony took place (ECF No. 2020-1,

Page ID 95504-06). The second list identified several hundred cases in which he had been involved between January 3, 2013, and November 7, 2018, but listed only the "date accepted" and the case name (ECF No. 2020-2, Page ID 95507-18). As with previous lists, there were no case numbers included; nor was there any indicia of the court in which the cases were undertaken.

**LEGAL STANDARDS**

Given the wide latitude that an expert witness has in testifying, the expert reports required under Fed. R. Civ. P. 26(a)(2)(B) are essential for the adverse party to prepare and conduct an effective cross-examination, and, consequently, for the Court to evaluate the witness's credibility.

The rule mandates that the report contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). The list described in subpart (v) must, above all else, "be useful" to the Court and the opposing party, and "[c]ourts have held that, . . . this listing *must include*, *at a minimum*, the courts in which the testimony occurred, the names of the parties and the case numbers, and must indicate whether the testimony was given at deposition or at trial." *Ater v.*

6

*Follrod*, No. 2:00-cv-934, 2004 U.S. Dist. LEXIS 31587, * 3 (S.D. Ohio Nov. 10, 2004) (Holschuh, J.) (emphasis added), citing *Coleman v. Dydula*, 190 F.R.D. 316, 318 (W.D.N.Y. 1999); *Nguyen v. IBP*, Inc., 162 F.R.D. 675, 682 (D. Kan. 1995). A list that fails to provide "case numbers and . . . the court in which the case was pending" is "essentially useless." *Id*. at *13.

Remedial measures for noncompliance with expert disclosure requirements, as with other discovery matters, is governed by Rule 37: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Further:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). The U.S. Court of Appeals for the Sixth Circuit "requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts ex rel. Johnson v. Galen of Va.*, 325 F.3d 776, 782 (6th Cir. 2003) (internal quotation marks omitted), quoting *Vance by & Through Hammons v. United States*, No. 98-5488, 1999 WL 455435, at *3, 182 F.3d 920 (TABLE) (6th Cir. 1999); citing *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). The burden of showing that the failure to disclose was substantially justified or harmless is on the party seeking to avoid sanction. *Id*.

# Analysis

### A. Motion to Strike is Proper

Defendants note that Henness did not follow the Court's invitation to file a motion to compel, and consequently, Defendants have had no chance to comply with whatever order the Court might issue. Thus, they argue, striking Dr. Buffington's expert report and excluding his "testimony at this point is . . . both an extreme and premature step." (Memo. in Opp., ECF No. 2018, Page ID 94992). Yet, the Court, in suggesting Henness could file a motion to compel, *id.*, Page ID 94991, did not intend to preclude him from seeking relief in other ways permitted by the Civil Rules. Moreover, Defendants do not cite any caselaw, and the Court is unaware of any, *requiring* a motion to compel to be filed before a motion for sanctions may properly be brought. While it is preferable in most cases to encourage, and perhaps order, further attempts to resolve discovery disputes before a motion for sanctions is filed, Henness's motion is proper in this instance in light of the very compressed timeframe for litigating the preliminary injunction motion. Moreover, given Buffington's repeated failure to provide a Rule 26-compliant list of prior testimony, discussed in greater detail below, it was reasonable for Henness to conclude that a motion to compel would not have been effective. Thus, the Motion to Strike is proper.

### B. Defendants have Repeatedly Failed to Comply with Rule 26(a)(2)(B)(v)

Prior expert testimony is vital information for the opposing party in preparing for and conducting an effective cross-examination of the expert, and for the Court, in turn, to assess the

witness's credibility.  Consequently, as discussed above, the Sixth Circuit requires strict compliance with Rule 26(a)(2)(B)(v).  Moreover, the list must provide enough information about the cases in which the expert testified so that the opposing party and Court can search for and obtain the expert report and testimony with ordinary effort.  A list that contains no case numbers and fails to identify *any* court in which Dr. Buffington actually gave testimony is "essentially useless."  *Ater*, 2004 U.S. Dist. LEXIS 31587, at *13.  To require Henness to choose between:  (a) guessing the venue in which testimony was given; or (b) forgoing review of prior testimony, would contravene the letter and spirit of Rule 26(a)(2)(B), and would be particularly inequitable in light of the compressed timeframe in which he is operating

None of the lists of Dr. Buffington's prior testimony—even the one provided by Defendants concurrent with their memorandum *contra* the instant Motion (ECF Nos. 2020-1, 2020-2)—comes close to providing the information required to make the list useful to Henness. Thus, Defendants have violated Rule 26(b)(2)(A)(v), and sanctions are required under Rule 37(c)(1) "unless the violation was harmless or is substantially justified."  *Roberts*, 325 F.3d at 782.

### C. Defendants have not shown that their Violations were Harmless or Substantially Justified

In order to assess whether a party's omitted or late disclosure is "substantially justified" or "harmless," the Fourth Circuit considers five factors, which we now also adopt:

"(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence."

*Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015), quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 397 (4th Cir. 2014); *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

Defendants argue that, by their contacting Dr. Buffington on or about November 13, 2018, regarding a list of cases, and their repeated explanations that "Dr. Buffington does not maintain separate records which specifically delineate the cases in which he actually testifies in from all of the cases for which he provides forensic review and consultation services[,]" they "have provided a reasonable explanation and substantial justification for why they believe they have substantially complied with Rule 26(a)(2)(b)." (Memo. in Opp., ECF No. 2018, Page ID 94993). The Court concludes Dr. Buffington's inadequate recordkeeping does not excuse non-compliance with Rule 26(a)(2)(B), and this unreasonable explanation weighs against a finding of harmlessness.

Defendants further claim that their previous list of specific cases in which Dr. Buffington has provided lethal injection protocol testimony "should satisfy the purpose of Fed. R. Civ. P. 26 by providing Plaintiff with the opportunity to cross-examine Dr. Buffington on the relevant matters at hand 'should the opinions he expresses here be inconsistent with views he has taken in other cases.'" (Memo. in Opp., ECF No. 2018, Page ID 94996, quoting Motion to Strike, ECF No. 1997, Page ID 94146). Yet, Defendants do not explain how, given the repeated failures to provide case numbers or the courts in which Dr. Buffington testified, Henness could have obtained Dr. Buffington's testimony with reasonable effort. Contrary to Defendants' representation, "familiarity with and knowledge of Dr. Buffington's credentials and relevant expert opinions," *id*., Page ID 94994, is not an adequate substitute for review of his actual testimony. Thus, Henness cannot conduct a meaningful cross-examination of Dr. Buffington on those matters, and Defendants have not shown that depriving Henness of that opportunity does not constitute a harm.

Defendants argue that they "proceeded in good faith with the disclosures, in large part due to past acceptance of the specific list. While Dr. Buffington's disclosure has been challenged previously in this consolidated litigation, he was ultimately permitted to testify after providing the

list of lethal injection-specific cases." (Memo. in Opp., ECF No. 2018, Page ID 94994). This is tantamount to arguing that because two violations of a rule have been tolerated, the Court must excuse a third violation of the same rule. The Court has never held that the lists provided—even the lethal injection protocol-specific list—were sufficient under Rule 26.[3]

Defendants also note that Dr. Buffington has testified as a witness for both the government and criminal defendants in numerous federal courts, "and to Defendants' knowledge, a substantially similar (depending on the applicable timeframe) comprehensive list of prior forensic review and testimony has not been found to be insufficient for Rule 26 purposes." *Id*., Page ID 94994-95. Yet, there is no evidence regarding the lists provided by Dr. Buffington in other cases, much less that the opposing party in those cases put the sufficiency of the lists at issue.

Finally, Defendants note several cases in which "Dr. Buffington has provided expert witness services for . . . Federal Public Defender's Offices[.]" *Id*., Page ID 94995 n.1. The significance of the footnote is unclear, as for most of the cases, they do not delineate whether he actually testified or was merely a consultant. Moreover, Defendants' provision of case numbers and identification of specific district courts for the eight cases listed, *id*., renders the omission of such information for the other four hundred thirty or so cases even more dubious.

In light of the above and the factors listed in *Howe*, the Court cannot conclude that Defendants' failure to comply with Rule 26(b)(2)(A)(v) was harmless or substantially justified.

**D. Striking Dr. Buffington's Report and Excluding his Testimony is the Proper Remedy**

Defendants note correctly that Rule 37(c)(1) does not mandate exclusion of evidence as the sanction for a Rule 26 violation, but vests broad discretion in a district court to fashion an

---

[3] Defendants' argument raises the still-unsettled question of the applicability of the law of the case doctrine in this consolidated litigation. However, the Court need not and will not address them in deciding the Motion to Strike.

appropriate remedy (Memo. in Opp., ECF No. 2018, Page ID 94997, citing *Howe*, 801 F.3d at 747; *Jordan v. City of Cleveland*, 464 F.3d 584, 600 (6th Cir. 2006)). For several reasons, "Defendants submit that this Court should take into consideration the very unique posture and circumstances of this litigation in its determination of what is appropriate here." *Id*., Page ID 94998. They note that no motion to compel has been filed, much less granted, and argue that "from the disclosures provided and other plaintiffs' prior experience with Dr. Buffington in this case, Plaintiff Henness is surely well-prepared to conduct his cross-examination." *Id*., Page ID 94999. This is a recapitulation of their argument above that failure to produce a Rule 26-compliant list was harmless or substantially justified. The Court rejected that argument, finding that failure to provide a Rule 26-compliant list meant that Henness could not adequately prepare for and conduct an effective cross-examination of Dr. Buffington. The argument is no more well-taken here.

Moreover, as Henness notes, "Defendants fail to identify . . . what potential sanction might be more appropriate than excluding Dr. Buffington," (Reply, ECF No. 2037, Page ID 102744), and while Rule 37(c)(1) does not mandate exclusion of evidence, its plain language contemplates a different sanction only "[i]n addition to or instead of" exclusion. For the reasons discussed above, striking Dr. Buffington's report and excluding his testimony are appropriate sanctions.

Given Dr. Buffington's very extensive expert witness experience and the very substantial income he has derived from it[4], he should by now be familiar with the expert witness requirements of Fed. R. Civ. P. 26 and should long since have accommodated his recordkeeping practices to be prepared to provide that information. This Court tolerance of continued non-compliance could

---

[4] In this case alone, he has reported: "My fee schedule for this matter is as follows: a. Preliminary Case Review and Oral Opinion: $2,400, flat fee; b. Case Review, Research, Reports, Pretrial Preparation, and Miscellaneous Services: $400 per hour; c. Deposition Appearance: $400 per hour; d. Courtroom Appearance: $3,200 per day." ECF No. 852-2, ¶ 15, Page ID 25832; and ECF No. 1312-1, ¶ 15, Page ID 47552). "My fee schedule for this matter is $400 per hour for forensic review and testimony." ECF No. 1985, Page ID 91027.

12

only reasonably be expected to encourage continued noncompliance.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), Justice Blackmun instructed federal trial judges on their gatekeeper responsibilities with respect to expert witnesses. Later courts have held the gatekeeper language of *Daubert* is applicable to all expert testimony, regardless of whether it is "scientific" or not. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999); *United States v. Jones*, 107 F.3d 1147, 1156 (6th Cir. 1997); *see also United States v. Thomas*, 74 F.3d 676, 681 (6th Cir. 1996), and *Berry v. Detroit*, 25 F.3d 1342, 1350 (6th Cir. 1994). Part of that gatekeeper role is to ensure that expert witnesses, particularly those who testify regularly, comply with the Federal Rules of Civil Procedure regarding experts.

**CONCLUSION**

For the foregoing reasons, Henness's Motion to Strike the Expert Report and Testimony of Defendants' Expert Witness Daniel E. Buffington (ECF No. 1997) is GRANTED. His Motion *in Limine* to Exclude the Testimony of Dr. Buffington (ECF No. 2032) is DENIED AS MOOT.

November 30, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge