# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION | : Case No. 2:11-cv-1016 |
| | : Chief Judge Edmund A. Sargus, Jr. |
| | Magistrate Judge Michael R. Merz |
| This document relates to: Plaintiff Warren Henness | : |

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

This method-of-execution case under 42 U.S.C. § 1983 is before the Court on Plaintiff Warren Henness's Motion for Protective Order (ECF No. 1965) which Defendants oppose (ECF No. 1992). Henness has filed a Reply in Support (ECF No. 2062).

Henness claims, as have prior Plaintiffs Phillips, Otte, Campbell, Tibbetts, and Van Hook, that execution by Ohio's current three-drug protocol of midazolam, a paralytic drug, and potassium chloride will subject him to cruel and unusual punishment in violation of his rights under the Eighth and Fourteenth Amendments (Henness's Am. Indiv. Supp. Complaint, ECF No. 1494.)

In *Glossip v. Gross,* 576 U.S. ___, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015), the Supreme Court reinforced the requirement it had imposed in *Baze v. Rees*, 553 U.S. 35 (2008): a § 1983 plaintiff cannot prevail on a method-of-execution claim without proposing a constitutional alternative that is "feasible, readily implemented, and in fact significantly reduce[s] a substantial risk of severe pain." 135 S. Ct. at 2737, quoting *Baze*, 553 U.S. at 52. In *In re Ohio Exec. Protocol Litig. (Phillips, Otte, & Tibbetts)*, 235 F. Supp. 3d 892 (S.D. Ohio, 2017), this Court found that

1

Plaintiffs had shown an appropriate alternative method in compounded pentobarbital. *Id.* at 953-54. The *en banc* Sixth Circuit vacated that holding, deciding this Court "was seriously mistaken as to what 'available' and 'readily implemented' mean." *Fears v. Morgan (In re Ohio Execution Protocol)*, 860 F.3d 881 at 890 (6th Cir. 2017). Instead, it held that to meet the *Glossip* standard of "available, feasible, and readily implemented," an alternative method of lethal injection execution must involve drugs that are available to the State "with ordinary transactional effort." *Id.* at 891.

To meet that standard, Henness has proposed an alternative method that "involves oral injection of secobarbital (ECF No. 1494, PageID 60202-05). He claims "he will present evidence to this Court demonstrating that . . .secobarbital is available for purchase on the open market with the same transactional effort by which Defendants currently purchase their execution drugs . . . (Motion, ECF No. 1965, PageID 87802-03). While conceding that the law requires him to "demonstrate to this Court that such sources exist," Henness argues that the law does not require him to facilitate his own execution by leading Defendants to information Defendants could easily identify on their own if they just tried." *Id.*

This argument substantially confuses the burdens on the parties. Defendants sought and obtained protection for the identity of their execution drug sources first on the basis of Ohio Revised Code § 2949.221, which requires them to keep their source(s) secret, and second because of the threat of harassment of the sources (and their consequent projected unwillingness to sell) if their identity became known. Defendants never had to prove the identity of their sources of midazolam, the paralytic, and potassium chloride as part of presentation of their case.

In contrast, Plaintiff concedes he must prove secobarbital is available by ordinary transactional effort, but proposes to do so by submitting the evidence *ex parte*. Henness does not

suggest how such an *ex parte* submission could be made in such a way that the Court could consider the evidence, but Defendants would have no means to challenge it.

It would raise very serious ethical questions for this Court to receive and consider *ex parte* evidence in support of the preliminary injunction motion. See Canon 3(A)(4), Code of Conduct for United States Judges.

The Court agrees with Plaintiff that public revelation that a potential source of secobarbital was willing to provide it to the State of Ohio for executions would raise the same concerns Defendants raised about possible harassment of their sources. But it appears to the Court that Plaintiff's interests in this regard can be protected without considering *ex parte* evidence. A model is to be found in the Court's preservation of the anonymity of execution team members who are designated in pleadings by an anonymous number and have been permitted to testify in court from behind a screen that protects their physiognomy from view by those in the well of the courtroom. Perhaps when Plaintiff presents a witness who will testify to a source of secobarbital, the Court would permit him or her to refer to the source by some pseudonymous name, also protecting from public disclosure other identifying details (e.g., street address) while having those details provided under seal.

Henness's Motion for Protective order is GRANTED to the extent that he may identify under seal in discovery the source or sources of Secobarbital he intends to prove at the hearing. Plaintiff's Motion is otherwise DENIED. Counsel shall consult on means to protect the anonymity of secobarbital sources during the hearing and advise the Court of their recommendations.

November 30, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge