# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

IN RE: OHIO EXECUTION : Case No. 2:11-cv-1016
PROTOCOL LITIGATION

                                                     Chief Judge Edmund A. Sargus, Jr.
: Magistrate Judge Michael R. Merz

This document relates to:
    Plaintiff Warren Henness :

## ORDER FOR PRESERVATION OF EVIDENCE

On Motion of Plaintiff Charles Lorraine and for good cause shown, it is hereby ORDERED that Defendants preserve and produce the following evidence to be generated by the execution of Plaintiff Warren Henness, presently scheduled for February 13, 2019:

**I. Photographs of the vials, boxes, and syringes.**

(1) Defendants shall adhere to this Court's prior discovery orders regarding the photographing of the medication vials, the boxes in which they were packaged, and the syringes used in the administration of the protocol drugs during the execution of Warren Keith Henness on February 13, 2019, or at such later date as that execution may occur. (*See* Orders ECF No. 392, 1107, 1874.) The vials, boxes and syringes in question shall include those that contained or were used for injecting the primary doses of any of the execution drugs, as well as any vials, boxes and syringes related to any back-up doses of execution drugs that were

1

prepared. These photographs shall capture all labels, text, expiration dates, NDOC numbers, and other information on the vials, boxes, and syringes, and this text must be legible in the photos. The vials of medications shall at all times remain segregated as ordered in Part II of this Order.

(2) Within 7 days of the execution, Defendants shall produce all non-privileged photographs of vials, boxes, tubing and syringes, to the Plaintiffs. (*see* Orders ECF No. 1177, 1874.).

(3) Within 7 days of the execution, Defendants shall produce to the Court for *in camera* inspection any unredacted photographs, the disclosure of which they believe in good faith would violate Ohio H.B. 663, now codified at Ohio Rev. Code §§ 2949.221 and 2949.222. (*See* Orders ECF Nos. 392, 1107, 1115, 1150, 1874.) The Court will then produce an *in camera* inspection report (*see, e.g.*, ECF No. 1179, 1900) confirming that (1) the Court has received the photographs and Defendants complied with the order to photograph vials, boxes, and syringes; (2) the photographs fully capture and legibly depict the information contained on the unaltered vials, boxes, and syringes; (3) none of the drugs used in Henness's execution had passed their expiration date as of the date of the execution.

II. Vials, Boxes, IV tubing, and Syringes.

(4) Defendants shall preserve without alteration the medication vials, the boxes in which they were packaged, the IV tubing, and the syringes and their contents used in the administration of the protocol drugs at Henness's execution. (*See* Orders, ECF Nos. 392, 1107, 1874.) The vials, boxes and syringes in question shall include those that contained or were used for injecting the primary doses of any of the execution drugs, as well as any vials, boxes and syringes related to any back-up doses of execution drugs that were prepared. Specifically, this physical evidence shall, after being properly photographed in accordance with Part I of this order, be preserved as follows:

   (a) Defendants shall segregate the vials used to draw midazolam doses: vials from which syringes "1" and "2" were drawn (01-COM-11, Section VI.F.4.d.i., p. 13) shall be kept separate from the vials that were used to prepare syringes "A" and "B." (01-COM-11, Section VI.F.4.d.ii., p. 13), and they shall be labeled in such a way as to identify which vials were drawn into which syringes;

   (b) If any other backup dose is drawn for any of the three execution drugs, those vials also shall be kept separate from the vials used to prepare the initial dose and labeled accordingly;

   (c) This separation of vials must be maintained for the duration that Defendants maintain possession of them, including while the Court confirms, after *in camera* review of the photographs, that the labels have been properly photographed. Defendants shall identify in their Notice of Compliance the person responsible for ensuring that the vails remain separate and labeled.

(5) To the extent that Mr. Theodore's modification of the execution medication vials before any preservation of them will be pursuant to this

3

Part II of this Court's Order, those modifications will not in themselves be a basis for future challenge by Plaintiff. (See Order ECF No. 1154.)

(6) If any party in this case desires laboratory testing involving any of the materials preserved from an execution, they shall inform the Court and the opposing party, so that the appropriate arrangements can be made.

(7) The costs of shipping and post-execution testing of these materials shall be borne by the party that initiates the testing. Should the other party desire its own testing, the execution materials to be tested shall be divided such that approximately half the materials (including half of each segregated group of medication vials) are allotted to each side. In that situation, the cost shall be split equally between Plaintiff and Defendants.

(8) The execution materials shall be retained and stored in a secure location within Defendants' Southern Ohio Correctional Facility, with materials from a given execution kept together and marked for identification by the name of the executed inmate.

December 3, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge