# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION | : | Case No. 2:11-cv-1016 |
| | : | Chief Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Michael R. Merz |
| This document relates to:<br>    Plaintiff Warren Henness | : | |

## DECISION AND ORDER REGARDING OTTE AUTOPSY RESULTS

This case is before the Court on Defendants' Motion for Reconsideration of this Court's September 29, 2017, Decision and Order denying Defendants' motion to compel production of the results of the autopsy of former Plaintiff Gary Otte, which was conducted by Russell Uptegrove, M.D., a non-testifying consulting expert retained by Plaintiffs (Motion, ECF No. 1968, Page ID 87851, citing Otte Order, ECF No. 1275). "In the alternative, Defendants move for an order compelling disclosure of related information, which Defendants submit is responsive to the Request for Production of Documents #12 in their recent discovery request." *Id.*[1]

In the Otte Order, the Court found that because: (a) Dr. Uptegrove was not testifying at the upcoming preliminary injunction hearing; and (b) Plaintiffs' testifying experts were not relying upon Dr. Uptegrove's work in formulating their opinions, the photographs taken by Dr. Uptegrove (at Plaintiffs' direction) during the autopsy were shielded from production under the work-product

---

[1] "Copies of any and all reports, notes, records, photographs, and/or video recordings concerning, or prepared in preparation for, during, or following, the autopsies of any inmates executed in Ohio or in another state using midazolam or another lethal injection drug (e.g., pentobarbital) from 2010 to the present." RFPD, ECF No. 1943-1, ¶ 12, Page ID 75548.

1

doctrine. "However, if any data gathered or opinions formed by Dr. Uptegrove has been furnished to any of the Plaintiffs' testifying expert witnesses or is in the future furnished to any such expert, it must be disclosed to Defendants." ECF No. 1275, Page ID 46677-78, citing *Innovative Sonic, Ltd. v. Research in Motion, Ltd.*, No. 3:11-CV-0706-K, 2013 U.S. Dist. LEXIS 28238, at *13–14 (N.D. Tex. Mar. 1, 2013).

It is undisputed that Dr. Uptegrove is not going to testify in the hearing on Plaintiff Warren K. Henness's preliminary injunction motion (*See* Henness Witness List, ECF No. 1951). Defendants note that one of Henness's testifying experts in the instant matter, Mark A. Edgar, M.D., opines that Otte likely suffered acute pulmonary edema during his execution (Motion, ECF No. 1968, Page ID 87853, citing Edgar Report, ECF No. 1949, ¶ 55, Page ID 76818-19). Defendants argue that because Henness's claim about the frequency of lethal injection inmates suffering pulmonary edema is based in large part on Dr. Edgar's review of autopsy records, Henness has "put directly at issue the subject of the information which Defendants seek[,]" and disclosure is warranted. *Id.*, Page ID 87852-53, citing Otte Order, ECF No. 1275, Page ID 46677; Fed. R. Civ. P. 26(b)(4)(D). Yet, in his report, Dr. Edgar does not reference Dr. Uptegrove's autopsy, relying instead on eyewitness accounts, his own autopsy of former Plaintiff Robert Van Hook, autopsy reports of other lethal injection inmates, his own expertise, and myriad other materials referenced in his report, in arriving at his conclusions, including his conclusion that Otte likely suffered pulmonary edema (Edgar Report, ECF No. 1949, ¶¶ 4, 55, Page ID 76791-93, 76818-19). Contrary to Defendants' argument, Henness has not put Dr. Uptegrove's autopsy at issue. Further, while the Court previously ruled that disclosure would be required if any data or information compiled by Dr. Uptegrove were furnished to Plaintiffs' experts (Otte Order, ECF No. 1275, Page ID 46677), there is no indication that any such furnishing has taken place since the

Court's Order. In sum, Defendants have not shown good cause for the Court to vacate or modify its previous Order, and it will not do so.

Defendants' motion in the alternative—for the production of any autopsy reports or supporting materials relating to lethal injections involving midazolam (Motion, ECF No. 1968, Page ID 87851)—is closely related. The Court has already held that the materials sought—to the extent they exist—are protected as work-product unless they were relied upon by or furnished to Plaintiffs' experts (Otte Order, ECF No. 1275, Page ID 46677-78). No autopsy report for Otte exists (*See, e.g.*, Edgar Report, ECF No. 1949, ¶ 55, Page ID 76818-19), and there is no evidence that any materials created by Dr. Uptegrove in the course of his autopsy of Otte was ever disclosed to, much less relied upon by, Dr. Edgar or any other of Henness's experts. Moreover, as discussed above, the Court rejects Defendants' contention that Henness has "put at issue" Dr. Uptegrove's autopsy of Otte, and thus, "exceptional circumstances" do not exist to compel the disclosure of the materials sought. Fed. R. Civ. P. 26(b)(4)(D)(ii). Accordingly, the alternative motion for production is no more well-taken than the Motion for Reconsideration.

For the foregoing reasons, Defendants' Motion for Reconsideration of Decision and Order Regarding Otte Autopsy Results or to Compel Discovery of Related Information (ECF No. 1968) is DENIED.

December 3, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge
