# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

IN RE: OHIO EXECUTION : Case No. 2:11-cv-1016
PROTOCOL LITIGATION

                                                                                                         Chief Judge Edmund A. Sargus, Jr.
: Magistrate Judge Michael R. Merz

This document relates to:
    Plaintiff Warren Henness :

## DECISION AND ORDER ON MOTION *IN LIMINE* REGARDING TESTIMONY OF SATYRA DEAVER

This case is before the Court on Defendants' Motion *in Limine* to Exclude or Limit the Testimony of Satyra Deaver, an employee of the Office of the Federal Public Defender for the Middle District of Tennessee scheduled to testify as a lay witness by Plaintiff Warren K. Henness at the evidentiary hearing in support of his motion for preliminary injunction (Motion, ECF No. 2023, citing Henness Witness List, ECF No. 1953, Page ID 82454).[1] The precis of Deaver's testimony indicates that "[s]he will, as necessary, authenticate records she collected from approximately thirty-two executions using midazolam. In addition, she will testify concerning a chart on an Excel spreadsheet she prepared concerning those executions." (Henness Witness List, ECF No. 1953, Page ID 82454). Defendants argue that Henness's "precis of anticipated testimony indicates that he will attempt to introduce hearsay statements or testimony from other non-

---

[1] Henness's witness list and Defendants' Motion refer to the witness as "Satyra Deavers," but Henness's memorandum *contra* refers to her as "Satyra Deaver," which is also how her name appears on the Federal Public Defender Website (https://tnm.fd.org/Pages/pageOffice.html, last accessed December 3, 2018).

1

testifying individuals through Ms. Deavers [*sic*], in violation of Evid. R. 802." (Motion, ECF No. 2023, Page ID 96794). Defendants also raise the concern that the underlying evidence, as summarized in the Excel spreadsheet, may not itself be admissible, as is required under the Rules. *Id*., Page ID 96796-97, citing Fed. R. Evid. 1006; *United States v. Modena*, 302 F.3d 626, 633 (6th Cir. 2002); *United States v. Bray*, 139 F.3d 1104, 1109-10 (6th Cir. 1998); *Martin v. Funtime, Inc.*, 963 F.2d 110, 116 (6th Cir. 1992).

The spreadsheet at issue has not been filed been filed as an exhibit because of technical difficulties with the Court's electronic filing system (*See* Notices of Henness Exhibits, ECF Nos. 2031-33, 2035-36). The spreadsheet and its underlying information are technically not yet before the Court, although digital copies have been furnished to the Court and parties. Therefore the Motion is premature. Nonetheless, the Court is mindful that: Deaver's testimony must comply with Rules 602 and 702; any evidence introduced will only be admitted upon a proper foundation's being laid; and the facts underlying any summary evidence must themselves be admissible under the Rules, including but not limited to Rules 611, 801 through 805, and 1006. In sum, the Court will, as Defendants request, "insist that Henness be prepared to 'show his work' if he tries to utilize this summary evidence." (Reply, ECF No. 2070, Page ID 103073-74).

Defendants' Motion *in Limine* to Exclude or Limit the Testimony of Satyra Deaver (ECF No. 2023) is DENIED WITHOUT PREJUDICE to raising the substance at the appropriate time during Deaver's testimony or the moving for admission of evidence.

December 4, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge
