# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

IN RE: OHIO EXECUTION : Case No. 2:11-cv-1016
PROTOCOL LITIGATION

                                                 Chief Judge Edmund A. Sargus, Jr.
: Magistrate Judge Michael R. Merz

This document relates to:
    Plaintiff Warren Henness : 

## DECISION AND ORDER ON MOTION *IN LIMINE* REGARDING TESTIMONY OF RICHARD THEODORE

This case is before the Court on Plaintiff Warren K. Henness's Motion *in Limine* to Exclude or Limit the Testimony of Richard Theodore, RPH, an employee of Defendant Ohio Department of Rehabilitation and Corrections ("ODRC") and himself a Defendant in the case. He is scheduled to testify as a lay witness at the evidentiary hearing on Henness's motion for preliminary injunction (Motion, ECF No. 2030). Henness identifies Theodore's anticipated testimony as concerning ODRC's "procedures for procurement, licensing, handling, transfer, transportation, delivery, storage, and maintenance of execution drugs. He will also testify regarding what efforts, if any, Ohio has or could make to procure and implement alternate drugs in Ohio's lethal injection procedure." (Henness Witness List, ECF No. 1953, Page ID 82462). Defendants anticipate that:

> Theodore will testify briefly as to his education and training as a pharmacist and his role as responsible pharmacist for [the Southern Ohio Correctional Facility]. He will testify regarding ODRC procedures for procurement, licensing, handling, transfer, transportation, delivery, storage and maintenance of drugs used in executions. He will testify about his professional knowledge and experience regarding the general practice of pharmacy or pharmacy care, including dispensing, mixing, and compounding drugs. Richard Theodore will testify regarding Plaintiff

1

> Henness's alleged alternative methods of execution. Specifically, he will testify about his understanding of the proposed alternative methods, specifically the proposed process for the dispensing, preparation, mixing and/or execution of the proposed execution drugs.

(Defendants' Witness List, ECF No. 1975, Page ID 88068). Henness notes that Theodore has been identified as a lay, rather than expert, witness, and has not submitted an expert report or made other disclosures required of experts under Federal Rule of Civil Procedure 26(a)(2)(B) (Motion, ECF No. 2030, Page ID 98588-89). Defendants, in their memorandum *contra* (ECF No. 2053), do not claim that Theodore is an expert witness; nor do they argue that he would be exempt from Rule 26's requirements for experts.

The Court will not allow Theodore the same latitude in testifying as accorded designated experts, and his testimony is subject to Fed. R. Evid. 602 and 701. In turn, Defendants' identification of Theodore as a lay witness and provision of a summary of expected testimony means that they have complied with all notice requirements, and Theodore's testimony will not be barred or limited on that basis.

Henness further argues that Defendants' precis of Theodore's anticipated testimony is overly broad, and may lead him to testify (inappropriately, Henness claims) as to "the ultimate question—whether Plaintiff Henness's alternative proposed methods of execution are available, feasible, and readily implemented." (Motion, ECF No. 2030, Page ID 98590, citing *Glossip v. Gross*, --- U.S. ----, 135 S.Ct. 2726, 2737 (2015)). Defendants argue that any testimony Theodore provides "as to the feasibility of Plaintiff's proposed alternatives will be rationally based on his own perception: his knowledge of the current ODRC procedures for dispensing, preparing, mixing, and using the current drug regimen." (Memo. in Opp., ECF No. 2053, Page ID 102874).

Defendants are correct that, so long as Theodore's testimony is based solely on his first-hand knowledge and observations as an ODRC pharmacist, his mere status as a licensed

professional does not bar him from testifying as an opinion witness. Further, even if his testimony incidentally embraces an ultimate issue, the testimony is not "automatically objectionable" on that ground. Fed. R. Evid. 704(a); *Black v. Ryder/P.I.E. Nationwide*, 930 F.2d 505, 510 (6th Cir. 1991). Thus, to the extent that Henness's Motion seeks to bar Theodore from testifying, the Motion is denied without prejudice to objection during the hearing if Henness reasonably believes that Theodore's testimony is impermissibly encroaching upon the purview of expert witnesses.

In his reply, Henness poses the following:

> [I]f Mr. Theodore were truly testifying solely as a lay or percipient witness, why would the Defendants need to show the Court that he is a pharmacist, or has knowledge of pharmacy care, or how, in general, drugs are dispensed, compounded, or mixed? If he were just a lay witness, he would simply need to describe events as revealed by his own perception as a witness.

(Reply, ECF No. 2069, Page ID 103062) (internal quotation marks omitted), citing Fed. R. Evid. 701(a)). Henness's concern is premature, especially in a preliminary injunction hearing to the Court as opposed to testimony y before a jury. If, during the hearing, Henness believes that Theodore is going beyond "his 'specialized knowledge,' . . . about how drugs are dispensed, compounded, and mixed," and has begun to "connect those matters by testifying to his opinions about proposals for 'dispensing, preparing, mixing' drugs *in this case*[,]" *id.*, Page ID 103063 (emphasis in original), then Henness may object at that time.

Henness argues that the "proposed opinion testimony about 'feasibility'—*i.e.*, one of the 'ultimate issues' before this Court—would flow directly from Mr. Theodore's knowledge and experience and training *as a pharmacist*." (Reply, ECF No. 2069, Page ID 103064) (emphasis in original). Such testimony, Henness argues, "presents the very situation that the Advisory Committee sought to avoid . . . [:] 'the simple expedient of proffering an expert in lay witness clothing.'" *Id.*, quoting Fed. R. Evid. 701 advisory committee's note to the 2000 amendment. Yet, Henness concedes that Theodore may provide proper lay witness testimony as to: "what occurs

3

within SOCF and ODRC," along with ODRC procedures for procurement, licensing, handling, transfer, transportation, delivery, storage and maintenance of drugs used in executions[,]" and "ODRC equipment and training of execution team members, if he has that knowledge[.]" *Id*., Page ID 103065 (internal quotation marks omitted), quoting Memo. in Opp., ECF No. 2053, Page ID 102874. Thus, testimony he provides about feasibility may flow from his experience as an ODRC and SOCF employee, rather than solely from his background as a pharmacist, which Henness does not dispute is permissible. Again, if, during the hearing, Henness is concerned that Theodore is going beyond "purely factual matters" into "'the connection between' the factual matters s/he perceived and his/her interpretation of those facts[,]" or "the essentially legal conclusion [of] whether any proposed alternative is available, feasible, practicable, or readily implemented[,]" *id*., Page ID 103066, quoting *United States v. Lang*, No. 15-5997, 717 F. App'x 523, 537 (6th Cir. 2017), then he may object on that ground, and the Court will rule at that time.

For the foregoing reasons, Henness's Motion *in Limine* to Exclude or Limit the Testimony of Richard Theodore (ECF No. 2030) is DENIED WITHOUT PREJUDICE to raising the substantive issues at the appropriate time during Theodore's testimony.

December 6, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

4