# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

IN RE: OHIO EXECUTION : Case No. 2:11-cv-1016
PROTOCOL LITIGATION

                                                              Chief Judge Edmund A. Sargus, Jr.
: Magistrate Judge Michael R. Merz

This document relates to:
    Plaintiff Warren Henness :

## DECISION AND ORDER DENYING DEFENDANTS' MOTION *IN LIMINE* REGARDING PLAINTIFF'S DESIGNATED EXPERT WITNESSES

      This case is before the Court on Defendants' Motion *In Limine* to Exclude Plaintiff's Expert Testimony (ECF No. 2027). Plaintiff opposes the Motion (ECF No. 2051) and Defendants have filed a Reply in Support (ECF No. 2071).

      The Motion became ripe Friday, November 30, 2018, with the preliminary injunction hearing in this case scheduled to begin only ten days later on December 11, 2018. Since the Motion became ripe, the Court has filed decisions on five other motions *in limine* and prepared for a First Amendment challenge to a subpoena by The Cincinnati Enquirer, which challenge was withdrawn only after the Court expended significant time in preparing to decide it (ECF Nos. 2047, 2058, 2060, 2074, 2075, 2077, 2078, 2079, 2087, 2095). These decisions have consumed a fair amount of court time and another day of work on the case was unexpectedly lost to the national day of mourning and state funeral of former President George Herbert Walker Bush on December 5, 2018. Accordingly, this Decision is more cursory than the Court would have wished, but necessary

1

to be filed today in light of logistics for the upcoming hearing.

Federal Rule of Evidence 702 sets forth the requirements for the admissibility of expert testimony as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Sixth Circuit explicated the application of Fed. R. Evid. 702 a case involving mitochondrial DNA analysis:

> The wording of the rule reflects the now-standard inquiry set out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). *Daubert* . . . set[s] forth a non-exclusive checklist of factors for trial courts to use in assessing the reliability of scientific expert testimony. These include 1) whether the expert's scientific technique or theory can be, or has been, tested; 2) whether the technique or theory has been subject to peer review and publication; 3) the known or potential rate of error of the technique or theory when applied; 4) the existence and maintenance of standards and controls; and 5) whether the technique or theory has been generally accepted in the scientific community. *Daubert*, 509 U.S. at 592-95; *Hardyman v. Norfolk & W. Ry.*, 243 F.3d 255, 260 (6th Cir. 2001). If the evidence is deemed to be reliable and relevant, the judge must then determine if the probative value of the evidence is outweighed by its prejudicial effect. *Daubert*, 509 U.S. at 595.

*United States v. Beverly,* 369 F.3d 516 (6th Cir. 2004)(Boggs, J.).

Defendants' Motion rests on the strictures on expert testimony adopted by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Under the Federal Rules of Evidence as interpreted in *Daubert*, "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* at 589. To qualify as scientific knowledge, an inference or assertion must be derived by the scientific method. *Id.* at

590. In a case involving scientific evidence, evidentiary reliability will be based on scientific validity. *Id.* at n. 9. Expert testimony based on scientific research done solely for litigation and neither subjected to peer review nor published in scientific journals and not accompanied by showing of methodology on which it is based should not be admitted under Fed. R. Evid. 702. *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 43 F.3d 1311 (9th Cir. 1995)(on remand from the Supreme Court); *accord, Johnson v. Manitowoc Boom Trucks, Inc.,* 484 F.3d 426 (6th Cir. 2007). The Court need not consider "opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997).

A trial judge has broad discretion in admitting or excluding expert evidence which is to be sustained unless manifestly erroneous. *United States v. Demjanjuk*, 367 F.3d 623 (6th Cir. 2004), *citing United States v. Jones*, 107 F.3d 1147, 1151 (6th Cir. 1997). This discretion is particularly broad in a bench trial. *Can-Am Eng'g Co. v. Henderson Glass, Inc.*, 814 F.2d 253, 255 (6th Cir. 1987).

The rationale of *Can-Am* applies *a fortiori* to a preliminary injunction hearing where the judge's evaluation of evidence is not for final judgment. Although findings of fact and conclusions of law are required by Fed. R. Civ. P. 52 in a preliminary injunction decision, they are not binding at trial on the merits or at future preliminary injunction proceedings. *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2014), *citing Univ. of Texas v. Camenisch,* 451 U.S. 390, 395 (1981).

District courts are not obliged to hold an actual hearing to make a *Daubert* determination. *Greenwell v. Boatwright*, 184 F.3d 490 (6th Cir. 1999). Whether to do so is committed to the trial court's discretion. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244 (6th Cir. 2001). This Court has always preferred to hold separate

*Daubert* hearings, particularly in jury cases, because it eliminates jury "down" time waiting on rulings in the middle of trial. However in this case it is simply not possible to put the process on hold while the *Daubert* inquiry is separately conducted, given the imminence of the hearing which in turn is driven by the imminence of the execution date, February 13, 2019.

Accordingly, the Court will DENY the Defendants' Motion in Limine on the understanding that Plaintiffs must satisfy the *Daubert* requirements during the preliminary injunction hearing before eliciting testimony from their designated experts. This is the course of action the Court followed in the preliminary injunction hearing for Plaintiffs Raymond Tibbetts and Alva Campbell as to the proposed testimony of Nurse Anesthetist Laura Depas (ECF No. 1332). The Court is particularly concerned, as are Defendants, about the extent to which the expert opinions to be offered were prepared solely for litigation.

Defendants' separate objection that further expert testimony on the risk of pain from the second and third drugs if midazolam is used as the initiatory drug would be cumulative will depend on the Court's ruling on Plaintiff's Motion to Admit Prior Evidence (See ECF Nos. 2049, 2085, 2091).

December 6, 2018.

s/ *Michael R. Merz*  
United States Magistrate Judge