IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

IN RE: OHIO EXECUTION : Case No. 2:11-cv-1016
PROTOCOL LITIGATION

                                                                     Chief Judge Edmund A. Sargus, Jr.
: Magistrate Judge Michael R. Merz

This document relates to:
    Plaintiff Warren Henness :

# DECISION AND ORDER DENYING MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF JOSEPH F. ANTOGNINI

This method-of-execution case, brought pursuant to 42 U.S.C. § 1983, is before the Court on Plaintiff Warren Henness's Motion *in Limine* to Exclude the Testimony of Joseph F. Antognini, M.D., M.B.A., an expert witness for Defendants. (ECF No. 2034.) Defendants have filed a memorandum *contra* (ECF No. 2055), and Henness has filed a reply in support (ECF No. 2072).

**DR. ANTOGNINI'S PREVIOUS APPEARANCES IN THESE PROCEEDINGS**

Dr. Antognini has testified as an expert for Defendants twice before in the instant litigation. On January 5, 2017, during an evidentiary hearing on the motions for preliminary injunction of inmates Gary Otte, Ron Phillips, and Raymond Tibbets, Dr. Antognini testified on matters relating to the execution drugs used by the State of Ohio, with a focus on the first drug midazolam, a sedative.

1

On October 19, 2017, prior to an evidentiary hearing on their motions for preliminary injunction, inmates Tibbets and Alva Campbell, Jr.,[1] moved *in limine* to preclude Dr. Antognini from offering any opinions germane to his specific field of research, which they described as "the effects of inhaled anesthetics on immobility in animals." (ECF No. 1314, PageID 47833.) That motion was denied on October 21, 2017, on the ground that "the appropriate time to apply [the relevant] limitations is when/if [Plaintiffs] make objections to particular testimony of [Dr. Antognini] during the hearing, rather than hypothetically before the hearing and based only on [his] expert report." *Id*., referencing ECF No. 1332, PageID 49217. Dr. Antognini subsequently testified in these proceedings on October 23, 2017.

**LEGAL STANDARD**

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; *and* (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702 (emphasis added). The District Court "must ensure that any and all scientific testimony or evidence is not only relevant, but reliable." *Daubert v. Merrell Dow Pharma., Inc.*, 509 U.S. 579, 589 (1993). "Although . . . *Daubert* dealt with scientific experts, its language relative to the 'gatekeeper' function of federal judges is applicable to all expert testimony offered under Rule 702." *Berry v. City of Detroit*, 25 F.3d 1342, 1350 (6th Cir. 1994). Among the factors a district court may consider is whether the theory or technique: has been tested; is subject to peer

---

[1] Ronald Phillips and Gary Otte were executed by the State of Ohio on July 26, 2017, and September 13, 2017, respectively.

review and/or publication; has a high "known or potential rate of error"; has "standards controlling [its] operation"; and is "generally accepted as reliable in the relevant scientific community." *Daubert*, 509 U.S. at 592-94 (internal quotation marks and citations omitted). Nonetheless, a district court's gatekeeping inquiry is a "flexible one," and "*Daubert* makes clear that the factors it mentions do *not* constitute a definitive checklist or test." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999), *quoting Daubert*, 509 U.S. at 593-94 (internal quotation marks omitted). In addition, "[a]lthough a witness may be qualified as an expert in one area of expertise, the expert may be precluded from offering opinions beyond that area of expertise or which are not founded on a reliable methodology." *Donathan v. Orthopaedic & Sports Medicine Clinic, PPLC*, Case No. 4:07-cv-18, 2009 WL 3584263 at *20 (E.D. Tennessee Oct. 26, 2009), *citing Kumho Tire*, 526 U.S. at 154-55; *Allison v McGhan Medical Corp.*, 184 F.3d 1300, 1317-19 (11th Cir 1999); *Weisgram v. Marley Company*, 169 F.3d 514, 518 (8th Cir. 1999); *Cummins v. Lyle Indus.*, 93 F.3d 362, 371 (7th Cir. 1996). "[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." *See* Fed.R.Evid. 702 advisory committee's notes (2000 amendment), *quoting United States v. 14.38 Acres of Land Situated in Leflore County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996).

In his motion in limine (ECF No. 2034), Henness contends Dr. Antognini's anticipated testimony will include an opinion on the analgesic properties of midazolam that he alone holds among his peers; that he will inappropriately offer definitions of legal terms of art; that he has testified inconsistently in other hearings and trials in Ohio and other States, including in prior proceedings in this consolidated case; that he will in other ways testify on matters outside the subject matter of his expertise, the focus of his research, and his written declaration filed on November 9, 2018 (ECF No. 1983); and that his expert opinions are unsupported by facts and data

3

as required by Fed.R.Evid. 702(b). These are all matters that, should they arise, would be better addressed during the upcoming hearing. It would be premature to determine the relevance, reliability, and validity of Dr. Antognini's testimony based on his declaration, without cross examination, and without the benefit of the testimony from the several other expert witnesses expected to testify at the hearing. In addition, any inconsistent testimony or statements Dr. Antognini has offered previously are best addressed on cross examination. (See Decision and Order on Motion in Limine Regarding Laura Depas, ECF No. 1332).

The Motion In Limine to Exclude Testimony of Dr. Joseph Antognini is accordingly DENIED.

December 6, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge
