**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

IN RE: OHIO EXECUTION : Case No. 2:11-cv-1016
PROTOCOL LITIGATION

                                                                         Chief Judge Edmund A. Sargus, Jr.
: Magistrate Judge Michael R. Merz

This document relates to:
    Plaintiff Warren Henness                  :

## DECISION AND ORDER ON PLAINTIFF'S AND DEFENDANTS' MOTIONS TO ADMIT PRIOR EVIDENCE

This case is before the Court on the Motions to Admit Prior Evidence of Plaintiff Warren K. Henness (ECF No. 2049) and Defendants (ECF No. 2050). The parties have filed memoranda *contra* (ECF Nos. 2084-85) and replies in support of their respective motions (ECF Nos. 2091-92).

Defendants do not object to the introduction of the exhibits identified in Henness's Motion. "But since Henness has not stated, and Defendants do not know, the purpose for which Henness intends to offer the exhibits at the scheduled hearing, Defendants specifically reserve the right to enter objections to admission of the previously admitted exhibits at the hearing." (Defts. Memo. in Opp., ECF No. 2085, Page ID 103249, citing Henness Designations, ECF No. 2049-1, Page ID 102820-40). The Court, finding the Defendants' approach prudent and appropriate, affirms their reserving their right to object to exhibits until they are re-introduced at the hearing.

Further, "Defendants do not oppose the reasons stated by Henness in support of his motion to present prior testimony. However, Defendants object to the limited scope of his designated

1

testimony. That is, Defendants request that the Court admit . . . additional parts of the testimony of the identified witnesses[.]" (Memo. in Opp., ECF No. 2085, Page ID 103247, citing ECF No. 2085-1, Page ID 103251-53 (identification of additional testimony); Fed. R. Evid. 106).

Henness asks the Court to exclude the "prior testimony that Defendants did not previously identify or designate by the controlling deadlines" set by the Court (Henness Reply, ECF No. 2091, Page ID 103324-25, citing Orders, ECF Nos. 1914, 1918, 1925). Yet, most of the testimonies identified by Defendants consists of different portions of the same testimonies that are listed by Henness in his Motion. Rule 106 is clear in this regard: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Henness does not appear to argue that it would be otherwise unfair for different portions of the same testimony to "be considered at the same time." Nor would it be reasonable for him to so argue. Rather, Henness claims that Defendants have waived their right to designate the testimony included in their memorandum *contra* his motion because Defendants, in *their* original motion, could have identified the witnesses that Henness identified in *his* Motion, but chose not to (Henness Reply, ECF No. 2091, Page ID 103327). Yet, Henness's argument is unsupported by caselaw and is contrary to the letter and spirit of both Rule of Evidence 106. These are not portions of prior testimony that Defendants offer in support of their case in chief, but rather necessary to put the testimony designated by Plaintiffs in context. Accordingly, Defendants' designations of prior testimony in their memorandum *contra*, ECF No. 2085-1, Page ID Page ID 103251-53, will be allowed as to all individuals identified by Henness in his Designations. ECF No. 2049-1.

In their Motion, Defendants identify prior testimony from several individuals whom they

had previously on their witness list for Henness's hearing (Defts. Designations, ECF No. 2050-1, citing Defts. Witness List, ECF No. 1975). However, they also listed previous testimony from two persons who were not on any witness list: (1) David Waisel, M.D., an expert witness for former plaintiff Dennis McGuire during his preliminary injunction hearing; and (2) Jamie Woods, a member of the execution team for former plaintiff Gary Otte, whom former plaintiffs Alva Campbell, Jr., and Raymond Tibbets called as an adverse witness during their preliminary injunction hearings. *Id*., Page ID 102848, 102849, citing Trs., ECF Nos. 432, 1363.

Plaintiff claims that the designation of Dr. Waisel and Woods, after not appearing on any witness list, amounts to unfair surprise and a flaunting of the Court's scheduling orders (Henness Reply, ECF No. 2091, Page ID 103325, 103326 n.1). Defendants' Motion to Admit was the first indication to Henness and the Court that they wished that Woods's prior testimony be considered. Yet, they offer no explanation at all as to why they are moving to admit his testimony, much less how it would aid the Court in adjudicating Henness's Motion for Preliminary Injunction. Thus, Defendants' Motion is denied as to the admission of Woods's testimony.

Defendants argue that Dr. Waisel's testimony is not being offered for the truth of the matter asserted, but rather "as evidence demonstrating a lack of scientific consensus on the question of the degree of sedation that can be produced by large doses of midazolam." (Defts. Reply, ECF No. 2092, Page ID 103334). Further, Defendants note that some previous plaintiffs have objected to Defendants' characterization of Dr. Waisel's testimony when they use it for cross-examination of Plaintiffs' experts, and claim that that testimony must be admitted so that, if Defendants use the testimony in such a manner again, the Court may properly consider whether Defendants have accurately characterized it. *Id*., Page ID 103334-35.

In addition to the late notice, Henness claims that Dr. Waisel's testimony is inapposite, as

"[i]t was given during former-Plaintiff McGuire's Preliminary Injunction Hearing in January 2014, in the context of a midazolam-hydromorphone two-drug protocol." (Henness Memo. in Opp., ECF No. 2084, Page ID 103240). Further, at the time of Dr. Waisel's testimony, the protocol called for only ten milligrams of midazolam to be administered, rather than the 500 mg required by the current protocol. Also, in January 2014, "Ohio had abandoned *any* use of the paralytic and potassium chloride, and . . . [t]he only issue before the Court in that McGuire hearing was the dosages of the two drugs involved[.]" *Id.*, Page ID 103242 (emphasis in original). Finally, at the time Dr. Waisel testified, only three executions using midazolam had been carried out, meaning that his testimony was not—and could not have been—informed by the numerous executions that have been carried out using the drug since then. Thus, Henness claims, Dr. Waisel's testimony about midazolam's sedative effect would not assist the Court in adjudicating his Motion. *Id.*, Page ID 103242-44.

The Court agrees. Dr. Waisel's five-year old testimony about a different drug protocol and a much different dosage of midazolam is of almost no probative value as to the lethal injection protocol at issue here, and its probative value is far outweighed by the lack of notice to Henness and the Court (*i.e.*, unfair prejudice) and its potential to confuse the issues. Thus, exclusion of Dr. Waisel's testimony is appropriate, Fed. R. Evid. 403, and Defendants' Motion is denied as it pertains to his testimony.

Henness objects to the introduction of prior testimony of Defendants' expert Daniel Buffington, Pharm.D., who testified at the preliminary injunction hearings of former plaintiffs Campbell, Otte, and Tibbets, but whose expert report was struck and who was barred from testifying in Henness's hearing (Trs., ECF Nos. 941, 1363; Decision & Order, ECF No. 2068). Henness argues that admitting Dr. Buffington's prior testimony would "run[] directly counter to

4

the Court's order striking Dr. Buffington's proposed testimony." (Henness Memo. in Opp., ECF No. 2084, Page ID 103237). Yet, the Court's Order applied only to the expert report Dr. Buffington had filed with respect to Henness and his prospective testimony; it did not—could not—operate to strike his previous testimony retroactively.

Henness also claims that "allowing Dr. Buffington's prior testimony to be designated . . . would prevent Plaintiff from any opportunity to conduct cross-examination." *Id*. Yet, Henness's attorneys cross-examined Dr. Buffington aggressively in previous hearings, Trs., ECF Nos. 941, 1363, and the Court agrees with Henness that admitting those cross-examinations is appropriate (Henness Memo. in Opp., ECF No. 2084, Page ID 103237 n.2). While Henness is concerned that he will not be able to "subject that previous testimony to cross-examination relevant to the new issues raised by Henness in his Motion for Preliminary Injunction[,]" *id*., Dr. Buffington's inability to opine on those new issues greatly influences the weight given to his prior testimony—a decision squarely within this Court's discretion.

Henness argues that Dr. Buffington is only "unavailable" due to his failure to make disclosures that are compliant with Rule of Civil Procedure 26, and thus, does not satisfy the "declarant unavailable" exception to the hearsay rule. *Id*., Page ID 103238, citing Fed. R. Evid. 804(a). Yet, Defendants have undertaken no action to cause Dr. Buffington to be unavailable; *i.e.*, their sin was one of omission, rather than commission, as would be necessary for Rule 804(a) not to apply. *See* Fed. R. Evid. 804 ("But this subdivision (a) does not apply if the statement's proponent procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying."). Further, Defendants have met the remaining requirements of Rule 804. Dr. Buffington "is absent from the trial or hearing[,]" Fed. R. Evid. 804(a)(5), and, because of the Court's Order, ECF No. 2068, Defendants have "not been able, by

5

process or other reasonable means, to procure the declarant's attendance or testimony[.]" Fed. R. Evid. 804(a)(5)(A).

Also, the testimony at issue meets the "former testimony" exception because it "is now offered against a party who had — or, in a civil case, whose predecessor in interest had — an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1)(B). The Sixth Circuit has held that "the fact of being a predecessor in interest is not limited to a legal relationship, but is also to be determined by the second aspect of the test under the rule: whether the defendant had an opportunity and similar motive to develop the testimony by cross-examination." *Dykes v. Raymark Indus., Inc.*, 801 F.2d 810, 816 (6th Cir. 1986), citing *Murphy v. Owens-Illinois, Inc.*, 779 F.2d 340, 343 (6th Cir. 1985); *Clay v. Johns-Manville Sales Corp.*, 722 F.2d 1289, 1295 (6th Cir. 1983). In the previous hearings, Henness's former co-plaintiffs, represented by nearly-identical counsel, vigorously cross-examined Dr. Buffington. Moreover, at least one of the issues about which he testified—whether midazolam can render an inmate insensate to pain—is identical to a relevant issue as to Henness's Motion for Preliminary Injunction. Thus, the previous plaintiffs would appear to be predecessors in interest to Henness, and Dr. Buffington's testimony is properly admissible under Rule of Evidence 804. Therefore Defendants' Motion is granted as it pertains to Dr. Buffington.

For the foregoing reasons, Henness's Motion to Admit (ECF No. 2049) is GRANTED as to the testimony offered, with Defendants reserving until the hearing their right to object to the re-admission of exhibits. Defendants' Additional Designations of Prior Record Evidence in response to Henness's Motion to Admit (ECF No. 2085-1, Page ID 103251-53) are admitted in their entireties. Defendants' Motion to Admit (ECF No. 2050) is DENIED as to the testimonies of Jamie Woods and Dr. Waisel and GRANTED as to the testimonies of all other witnesses

designated. Pursuant to Henness's request (Memo. in Opp., ECF No. 2084, Page ID 103237 n.2, the prior cross-examinations of Dr. Buffington (Trs., ECF Nos. 941, 1363) are admitted.

December 10, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge