UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re: **OHIO EXECUTION
PROTOCOL LITIGATION**

Case No. 2:11-cv-1016
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

## OPINION AND ORDER

This method-of-execution case, brought pursuant to 42 U.S.C. § 1983, is before the Court

on the Defendants' Objection (ECF No. 1450) and the Plaintiffs' Objection (ECF No. 1457) to

the Magistrate Judge's Report and Recommendation Granting in Part and Denying in Part the

Defendants' Motion to Dismiss ("Report") (ECF No. 1429), and the Defendants' Objection (ECF

No. 1767) and the Plaintiffs' Objection (ECF No. 1795) to the Magistrate Judge's Supplemental

Report and Recommendation Granting in Part and Denying in Part Defendants' Motion to

Dismiss ("Supplemental Report") (ECF No. 1620). For the reasons that follow, the Court

**OVERRULES** all of the Objections, **ADOPTS** the Magistrate Judges Report and Supplemental

Report, and **GRANTS IN PART AND DENIES IN PART** the Defendant's Motion to Dismiss.

(ECF No. 1379.)

I.

The Plaintiffs in this consolidated action are death row inmates in the Ohio prison system

who raise multiple constitutional challenges to the manner in which Ohio carries out executions.

On November 20, 2017, the following Defendants filed a Motion to Dismiss the Plaintiffs'

Fourth Amended Omnibus Complaint: Ohio Governor John Kasich; Director of the Ohio

Department of Rehabilitation and Correction ("ODRC") Gary C. Mohr; employees of the ODRC

Ronald Erdos, Donald Morgan, Stephen Gray, Edwin Voorhies, Richard Theodore, Charlotte

Jenkins, and John Coleman; and un-named and anonymous execution team members ("Moving Defendants"). (ECF No. 1379.) The Plaintiffs filed a Memorandum in Opposition on December 27, 2017 (ECF No. 1406), and on January 10, 2018, the Moving Defendants filed a Reply in Support (ECF No. 1408).

On February 22, 2018, the Magistrate Judge issued his Report, in which he recommended granting in part and denying in part the Moving Defendants' Motion to Dismiss. (ECF No. 1429.) On March 8, 2018, the Moving Defendants filed their Objection to the Report. (ECF No. 1450), to which the Plaintiffs filed a response on March 19, 2018 (ECF No. 1457). On April 2, 2018, the Plaintiffs filed their Objection to the Report (ECF No. 1459), to which the Moving the Moving Defendants filed a response on April 5, 2018 (ECF No. 1462). In light of these Objections, this Court recommitted the matter to the Magistrate Judge for reconsideration. (ECF No. 1452.)

On May 8, 2018, the Magistrate Judge issued a Supplemental Report, in which he recommended granting in part and denying in part the Moving Defendants' Motion to Dismiss. (ECF No. 1620.) On May 22, 2018, the Moving Defendants Objected to the Supplemental Report (ECF No. 1767.) On June 11, 2018, the Plaintiffs' Objected to the Supplemental Report (ECF No. 1795), to which the Moving Defendants responded on June 25, 2018 (ECF No. 1808). The Objections to the Report and the Supplemental Report are ripe for review.

## II.

In the Report and the Supplemental Report, the Magistrate Judge granted in part and denied in part the Moving Defendants' request for dismissal of the Plaintiffs' claims (1) under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction of the subject matter or based on sovereign immunity under the Eleventh Amendment, or (2) under Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim upon which relief can be granted or on the basis of the affirmative defense of qualified immunity.

## A.    Reports and Recommendations

"Any dispositive report and recommendation by a magistrate judge is subject to *de novo* review 'of those portions of the report or specified proposed findings or recommendations to which objection is made.' " *Render v. Warden, S. Ohio Correctional Facility*, 889 F. Supp. 2d 1014, 1019 (S.D. Ohio 2012) (citing *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986); 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3)). The *de novo* review of a magistrate judge's report and recommendation is nondeferential and requires the district court to "give fresh consideration to those issues to which specific objection has been made." *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (citation omitted).

## B.    Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) governs dismissal for lack of subject matter jurisdiction. Generally, Rule 12(b)(1) motions fall into two general categories: facial attacks and factual attacks. *Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). The parties agree that Moving Defendants mount a facial attack, which is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party. *Progressive Health and Rehab Corp. v. Strategy Anesthesia, LLC*, 271 F. Supp. 3d 941, 945 (S.D. Ohio 2017) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)).

## C.    Claims Upon Which Relief Can Be Granted

In evaluating a complaint to determine whether it states a claim upon which relief can be granted, the Court must construe it in favor of the plaintiff, accept the factual allegations

3

contained in it as true, and determine whether the factual allegations present any plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–5570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in *Twombly*). The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citation omitted).

## D.     Claims Under 42 U.S.C. § 1983

To state a claim under § 1983, the Plaintiffs must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)).

### III.

In the Moving Defendants' Motion to Dismiss, they request dismissal of eleven claims for relief filed by the Plaintiffs' in the Fourth Omnibus Complaint. The Court addresses each seriatim, utilizing the same titles for the claims as do the parties.

## A.     Second Cause of Action:  Fourteenth Amendment Due Process Violations

In their Second Cause of Action, the Plaintiffs assert that they possess life, liberty, and property interests that were created by the Ohio Execution Statute (Ohio Revised Code § 2949.22(A)) and the Ohio Execution Protocol (ODRC Policy 01-COM-11), and that these state-created rights are protected by the Fourteenth Amendment Due Process Clause. Specifically, the Plaintiffs argue that the Ohio Execution Statute creates interests in expecting and receiving a

quick and painless execution, and that the Ohio Execution Protocol creates interests in expecting and receiving a humane and dignified execution.

The Moving Defendants asserted that dismissal of this claim is required based on prior decisions in the instant litigation. Specifically, the Moving Defendants rely upon *Cooey (Biros) v. Strickland*, 589 F.3d 210, 234 (6th Cir. 2009), followed by *Cooey (Henderson) v. Strickland*, 2010 U.S. Dist. LEXIS 81841 (S.D. Ohio Aug. 12, 2010), as well as the rationale given in *In re: Ohio Execution Protocol Litig. (Tibbetts & Otte)*, 2017 U.S. Dist. LEXIS 107468 (S.D. Ohio July 12, 2017), and *In re: Ohio Execution Protocol Litig. (Campbell)*, 2017 WL 3479589 (S.D. Ohio Aug. 14, 2017). The Magistrate Judge agreed with the Moving Defendants and recommended dismissal of this claim for relief.

The Plaintiffs object to the Magistrate Judge's recommendation for two reasons. First, while the Plaintiffs concede *Cooey (Biros)* is binding precedent as to the Execution Statute, they object to preserve their right to appeal because they believe it was wrongly decided. As the Magistrate Judge correctly pointed out, however, this Court is bound by the precedent set by the Sixth Circuit in *Cooey (Biros)*, in which the appellate court stated that "[Ohio Revised Code] § 2949.22 creates no cause of action to enforce any right to a quick and painless death." *Cooey (Biros)*, 589 F.3d at 234. Therefore, the Court **OVERRULES** this Objection.

In the Plaintiffs' second argument, they contend that the *Cooey (Biros)* court did not expressly consider whether the Execution Protocol created enforceable due process rights, and Plaintiffs argue separately that it does. The Magistrate Judge recommended dismissal of this portion of the Second Cause of Action based on the rationale given in *Tibbetts & Otte* and *Campbell*. In *Tibbetts* and *Otte* the Court explained the rationale as to why the Execution Protocol did not create enforceable rights, addressing first the property interest, stating that

5

the notion of having a property interest in a humane and dignified execution is completely foreign to § 1983 jurisprudence. One can have a property interest in certain government benefits which is protected by procedural due process, but it is difficult to conceptualize an execution as something in which one could have a property interest.

*In re Ohio Execution Protocol Litig. (Tibbetts & Otte)*, 1027 U.S. Dist. LEXIS 107468, at *36–37. With regard to a liberty or life interest, the Court in *Tibbetts* and *Otte* stated:

A liberty or life interest is easier to conceptualize under these circumstances. The logic appears to be that, since the Execution Protocol creates a duty, there must be a correlative right. . . . [S]o far as the undersigned is aware, neither the Sixth Circuit nor the Supreme Court has used the right-duty correlation to infer generally the existence of a state-created right protected under § 1983 from the existence of a state-created duty. Indeed, the logic of recent Supreme Court decisions cuts in the opposite direction. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005).

*Id.* (parallel citations omitted). The Court also dismissed Plaintiff Alva Campbell's parallel claims under Ohio Revised Code § 2949.22(A) and the Execution Protocol "on the authority of *Cooey (Biros)* and *stare decisis*," noting that he had previously dismissed parallel claims of Plaintiffs Raymond Tibbetts and Gary Otte. *Campbell, supra*, at *5

The Plaintiffs criticize the soundness of the rationale utilized in *Tibbetts & Otte* and *Campbell*. They specifically argue that the Magistrate Judge reads *Castle Rock*, the case cited in *Tibbetts & Otte* and quoted above, "too broadly" (Objection to Report at 10, ECF No. 1459), and that he "erred by reading as a holding certain language in *Castle Rock* that is more accurately described as dicta" (Objection to Supp. Report at 7, ECF No. 1795). This Court, however, disagrees.

Initially, the Court notes that the Magistrate Judge did not base his decision related to Ohio's Execution Protocol exclusively on *Castle Rock*. Therefore, even if the Plaintiffs were to persuade the Court, which they have not, that the Magistrate Judge reads *Castle Rock* too broadly and conflates holding with dicta, it does not necessarily follow that his decision is erroneous.

6

That is, the Magistrate Judge analyzed the parties' arguments related to the Execution Protocol and the law applicable to this issue and found no precedent that utilizes the "right-duty correlation to infer generally the existence of a state-created right protected under § 1983 from the existence of a state-created duty," such as the state-created duty found in the Execution Protocol. (Report at 14, ECF No. 1429) (citing *In re Ohio Execution Protocol Litig. (Tibbetts & Otte)*, 1027 U.S. Dist. LEXIS 107468, at \*36–37 (S.D. Ohio July 12, 2017)). The Magistrate Judge then offers his observation that recent Supreme Court decisions cut in the opposite direction, citing to *Castle Rock* as *an example* only. Reviewing the law in this area, this Court too finds no binding precedent to support imposing the right-duty correlation to infer the existence of a state-created due process right from the existence of the duty created in Ohio's Execution Protocol.

Further, as the Magistrate Judge correctly noted, after the decision issued in *Campbell* and *Tibbets & Otte*, Messers. Campbell and Tibbetts appealed to the Sixth Circuit. The Supplemental Report provides:

> Although Campbell and Tibbetts appealed, they raised no argument about this Court's denial of their equal protection claims, and the Sixth Circuit affirmed this Court's decision. *In re: Ohio Execution Protocol Litig. (Campbell & Tibbetts)*, 881 F.3d 447 (6th Cir. 2018). The Report concluded: "[t]hus this Court's equal protection analysis in *Campbell & Tibbetts, supra,* has now become part of the law of this case without disturbance by the Sixth Circuit." ([Report and Recommendation], ECF No. 1429, PageID 55241.)

(Supp. Report at 11, ECF No. 1620.)

This Court agrees with the Magistrate Judge's conclusion that the Execution Protocol does not create enforceable Due Process rights based upon the rationale given in *Tibbetts & Otte* and *Campbell*. Thus, the Court **OVERRULES** the Plaintiffs' Objection based on this argument,

**ADOPTS** the Magistrate Judge's conclusions, and **GRANTS** the Moving Defendants' Motion to Dismiss as it relates to the Plaintiffs' Second Cause of Action.

### B.    Third Cause of Action:  Violations of the Right of Access

In their Third Cause of Action, the Plaintiffs contend that the limitations on their ability to consult with counsel and counsel's ability to communicate with the courts or other relevant authorities, particularly the Governor, during the course of an execution violates their constitutional right to access the courts and counsel.  The Moving Defendants request dismissal on the basis of a prior decision in this case, *Cooey v. Strickland*, 2011 U.S. Dist. LEXIS 8336 (S.D. Ohio Jan. 28, 2011).  In the Report, the Magistrate Judge found that the case upon which the Moving Defendants rely did not find that the Plaintiffs had failed to state a constitutional claim, but that

> the unwritten custom and practices surrounding the protocol again salvage a portion of Ohio's execution process.  The practice of providing counsel with access to a telephone through which counsel can contact a court or the governor proves dispositive of this last aspect of Plaintiffs' counsel/access claims. There is no basis on this record to conclude that the existing access is insufficient or that greater access . . . is constitutionally compelled.

*Id.* at *39.  The Magistrate Judge concluded:

> The record now is different from the record before Judge Frost in January 2011. During the preliminary injunction hearing in October 2017 the Court heard evidence about difficulties of access during the Otte execution.  ODRC made some changes in advance of the interrupted execution of Alva Campbell which have not yet been the subject of testimony.  On the basis of the current record, the Magistrate Judge cannot say that the Third Cause of Action fails to state a claim upon which relief can be granted. The Motion should be denied as to the Third Cause of Action.

(Report at 16, ECF No. 1429.)

The Moving Defendants object to the Magistrate Judge's recommendation to deny their request to dismiss this claim.  The Moving Defendants reassert their position that the "legal reasoning" the Court utilized in *Cooey v. Strickland*, 2011 U.S. Dist. LEXIS 8336 (S.D. Ohio

Jan. 28, 2011) requires dismissal of this claim. They contend that the "Plaintiffs have failed to state a claim upon which relief can be granted based on the existing precedent." (Defs' Obj. to Supp. Report at 3, ECF No. 1767.) This Court, however, disagrees.

The Magistrate Judge's interpretation of the precedent in this case is correct, and his conclusion based on application of that precedent to the facts before the Court is also without error. The Court, therefore, **OVERRULES** the Moving Defendants' Objections on this issue. **ADOPTS** the Report's and Supplemental Report's analysis and conclusion, and **DENIES** the Moving Defendants' Motion to Dismiss as it relates to the Plaintiffs' Third Cause of Action.

## C.    Fourth Cause of Action: Equal Protection Violations

In their Fourth Cause of Action, the Plaintiffs allege that they have been or will be treated differently from other similarly situated individuals in violation of the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. The Supreme Court has stated that this language "embodies the general rule that States must treat like cases alike but may treat unlike cases accordingly." *Vacco v. Quill*, 521 U.S. 793, 799 (1997). The States cannot make distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one person differently from others similarly situated without any rational basis for the difference. *Id.; Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). When disparate treatment burdens a fundamental right, strict scrutiny applies. *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1 (1973); *Bible Believers v. Wayne County,* 805 F.3d 228, 256 (6th Cir. 2015) (en banc); *Miller v. City of Cincinnati,* 622 F.3d 524, 538 (6th Cir. 2010).

The Plaintiffs' Equal Protection claim for relief comprises eighteen sub-claims, grouped into two categories (1) fundamental rights (Sub-claims A.1–A.10), and (2) disparate treatment (Sub-claims B.1–B.8).

### 1. Equal Protection – Burdening Fundamental Rights

The Plaintiffs' first ten Equal Protection sub-claims assert that the Moving Defendants impose a burden on their fundamental rights when they deviate from the Execution Protocol (Sub-claim A.1), deviate from Ohio's execution statute (Sub-claim A.2), deviate from the Ohio Constitution (Sub-claim A.3), fail to follow federal and Ohio laws related to drugs (Sub-claim A.4), deviate from Ohio's definition of death statute (Sub-claim A.5), deviate from federal and Ohio laws prohibiting experimentation on non-consenting humans (Sub-claim A.6), deny necessary medical and resuscitative care to inmates being executed (Sub-claim A.7); use midazolam (Sub-claim A.8), use compounded execution drugs (Sub-claim A.9), and removed required drug concentrations from the Execution Protocol (Sub-claim A.10).

The Magistrate Judge in the Report provides an accurate rendition of the fundamental rights at issue here, which this Court adopts herein:

> The fundamental rights protected from state-imposed burdening by the Equal Protection Clause are those rights from the Bill of Rights incorporated into the Fourteenth Amendment Due Process Clause as "inherent in the concept of liberty." Rotunda & Nowak, Treatise on Constitutional Law (4th ed.) § 18.39. Although not all of the Bill of Rights has been thus incorporated, the Eighth Amendment protection against cruel and unusual punishment has. *McDonald v. Chicago*, 561 U.S. 742 (2010), *citing Robinson v. California*, 370 U.S. 660 (1962). Thus the right to be free from cruel and unusual punishment is a fundamental right protected from state-imposed burdens that treat similarly situated persons differently without proper justification.

(Report at 20, ECF No. 1429.)

The Report and the Supplemental Report recommend dismissal all of the sub-claims in this section of the Plaintiffs' equal protection claim except Sub-claims A.1 and A.10. The

10

Plaintiffs object to the recommendation of dismissal of Sub-claims A.2–A.9. The Moving Defendants object to the recommendation that Sub-claims A.1 and A.10 survive their dismissal request.

With regard to the general claim of a violation of the Equal Protection Clause, the Moving Defendants argue that the Plaintiffs cannot show that they are similarly situated with all other Ohio capital inmates because they will be alleging, in individual supplemental complaints, that they have specific physical and mental characteristics that differ from other death row inmates. (Def.'s Mot. to Dismiss at 13, ECF No. 1379.) This the Moving Defendants maintain is fatal to the Equal Protection claims because the Plaintiffs cannot have it both ways. The Magistrate Judge disagreed. This Court agrees with the Magistrate Judge's reasoning and conclusion and adopts it herein:

> The Magistrate Judge disagrees. All Plaintiffs are subject to a sentence of death imposed by an Ohio court and all are subject to being executed under the execution Protocol. While this Court has not found any Equal Protection violations since 2012, it is at least imaginable that one might be threatened, e.g., this particular inmate gets only thirty seconds for his last statement or that inmate's lawyer gets no telephone access.

(Report at 21, ECF No. 1429.)

The Plaintiffs too made numerous general objections to the Magistrate Judge's analysis of the Equal Protection law and the law of this case. The Court has reviewed those general objections, and as they relate to a specific sub-claim reviewed them specifically. The Court finds that none of the objections suffices to provide a reason to overrule the Magistrate Judge's recommendations on the claims based on the Equal Protection Clause. Additionally, the Plaintiffs take issue with the Magistrate Judge's analysis of the law of this case. In the Report, the Magistrate Judge set out a lengthy, detailed analysis of the law of the case applicable to this

claim for relief. (Report at 21–30., ECF No. 1429.) Reviewing these decisions, this Court finds that the Report accurately assesses the law of the case in this area.

Based on the specifics addressed above, and this Court's *de novo* review of those portions of the Report and Supplemental Report specified proposed findings or recommendations to which objection was made, the Plaintiffs' and the Moving Defendants' Objections are **OVERRULED**. The Court **GRANTS** the Moving Defendants' Motion to Dismiss as it relates to Plaintiffs' Equal Protection Sub-claims A.2–A.9 and **DENIES** the Motion as it is directed to Plaintiffs' Equal Protection Sub-claims A.1 and A.10.

## 2. Equal Protection – "Class of One" Disparate Treatment

In the Plaintiffs' second group of Equal Protection sub-claims, they assert that the Moving Defendants have been or will single out arbitrarily and irrationally, and will deprive the class of one some of the protections provided by the Execution Protocol based on unequal application of the Protocol (Sub-claim B.1), unequal application of Ohio's execution statute (Sub-claim B.2), unequal application of federal and Ohio state laws related to drugs (Sub-claim B.4), unequal application of federal and Ohio's laws prohibiting experimentation on non-consenting humans (Sub-claim B.5), disparate denial of necessary medical and resuscitative care to inmates being executed (Sub-claim B.6), use of midazolam (Sub-claim B.7), and use removal of required drug concentrations from the Execution Protocol (Sub-claim B.8).

The Report and the Supplemental Report recommend dismissal all of the sub-claims in this section of the Plaintiffs' Equal Protection claim except Sub-claims B.1 and B.8. The Plaintiffs object to the recommendation of dismissal of Sub-claims B.2–B.7. The Moving Defendants object to the recommendation that Sub-claims B.1 and B.8 survive their dismissal request.

In the Report, the Magistrate Judge correctly set out the law underlying this type of Equal Protection claim.

> The Supreme Court has recognized that an equal protection claim can be brought on behalf of a class of one "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), *citing Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441 (1923); *Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty.*, 488 U.S. 336 (1989).

> The class-of-one doctrine does not apply to forms of state action that "by their nature involve discretionary decision making based on a vast array of subjective, individualized assessments." *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 603 (2008).

>> In such cases, the rule that people should be 'treated alike, under like circumstances and conditions' is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.

> *Id.*

> Judge Frost previously analyzed Plaintiffs class-of-one claims in this case:

>> Absent any pattern of generally exercising the discretion in a particular manner while treating one individual differently and detrimentally, there is no basis for Equal Protection scrutiny under the class-of-one theory. In other words, the existence of discretion, standing alone, cannot be an Equal Protection violation. At the very least, there must be some respect in which the discretion is being exercised so that the complaining individual is being treated less favorably than others generally are.

> *In re: Ohio Execution Protocol Litigation (Hartman)*, 2012 U.S. Dist. LEXIS 158199 (S.D. Ohio Nov. 5, 2012), *quoting Towery v. Brewer*, 672 F.3d 650 (9th Cir. 2012).

> In evaluating Equal Protection class-of-one claims, the courts apply rational basis review to disparate treatment situations, rather than strict scrutiny. *Johnson v. Bredesen*, 624 F.3d 742 (6th Cir. 2010).

(Report at 40–41, ECF No. 1429.)

The Magistrate Judge also concluded that "it is sufficient to show that the disparate treatment burdens a fundamental right, targets a suspect class, or has no rational basis. *Club Italia Soccer & Sports Org. v. Shelby*, 470 F.3d 286, 297 (6th Cir. 2006).

The Moving Defendants object that Plaintiffs have not in fact pleaded any actionable arbitrary classification. Plaintiffs have filed forty-five pages of objections in which they take issue not only with the Magistrate Judge's reasoning in recommending dismissal of certain Equal Protection sub-claims, but they also challenge what they consider to be incorrect statements of law by the Magistrate Judge in recommending against dismissal of Sub-claims B.1 and B.8.

The Court engaged in a *de novo* review of those portions of the Report's and Supplemental Report's specified proposed findings or recommendations to which objection was made. The Court finds that the Magistrate Judge appropriately applied this law to the facts of this case. The Court agrees with the Magistrate Judge's analysis and conclusions and **ADOPTS** them herein. Accordingly, the Court **OVERRULES** the Plaintiffs' and the Moving Defendants' Objections. The Court **GRANTS** the Moving Defendants' Motion to Dismiss as it relates to Plaintiffs' Equal Protection Sub-claims B.2–B.7 and **DENIES** the Motion as it is directed to Plaintiffs' Equal Protection Sub-claims B.1 and B.8.

## D. Fifth Cause of Action: Ninth Amendment Violations

The Plaintiffs allege, in their Fifth Cause of Action, that their executions will violate their "fundamental, unenumerated rights arising under the principles of liberty and/or natural law that are secured by the Ninth Amendment," including their right to privacy, personal dignity, bodily integrity, and not to be the subject of forced involuntary human experimentation. (ECF No. 1252, 4th Omnibus Am. Compl. ¶¶ 1497-98.) In *In re Ohio Execution Protocol Litig. (Tibbetts*

14

& *Otte*), the Magistrate Judge dismissed a parallel claim made by those two Plaintiffs. On the basis of the authority relied on there, the Magistrate Judge recommended that the Fifth Cause of Action be dismissed.

The Plaintiffs object that, in the cited decision, the Magistrate Judge "misstated the nature of Plaintiffs' claims." (Pls' Objections at 52, ECF No. 1459.) The Magistrate Judge had relied on circuit precedent, *Gibson v. Matthews*, 926 F.2d 532 (6th Cir. 1991), to which the Plaintiffs contend is not controlling because the circuit court was only deciding in that case whether certain rights were "clearly established" for purposes of qualified immunity. Instead, the Plaintiffs posit that they are relying on "other portions of our governing law" and "[t]he fact that certain unenumerated, but nevertheless enforceable, rights exist is not a controversial one. *See Griswold v. Connecticut*, 381 U.S. 479, 493 (1965) (Goldberg, J., concurring); *McDonald v. City of Chicago*, [561 U.S. 742, 863,]130 S. Ct. 3020, 3091 (2010) (Stevens, J., dissenting)." (Objections, ECF No. 1459, PageID 55491).

The Magistrate Judge, however, has correctly analyzed *Gibson* and determined that it is dispositive. As set out in the Supplemental Report,

> *Gibson* was brought under 42 U.S.C. § 1983 to obtain redress for the actions of various federal officials whom she claimed violated her Fifth, Eighth, and Ninth Amendment rights when they did not assist Gibson, a federal prisoner, in obtaining an abortion. The case was before the Sixth Circuit on appeal from summary judgment granted to the defendants. In affirming, the Sixth Circuit, per Judge Boggs, held "we agree with the district court that Gibson's complaint does not state a constitutional violation, and we also hold that the defendants are entitled to qualified immunity." 926 F.2d at 533. "We would uphold the district court even if qualified immunity was [sic] not available." *Id.* at 536. As to the Ninth Amendment claim, the court held
>
>> We agree with the district court that the ninth amendment does not confer substantive rights in addition to those conferred by other portions of our governing law. The ninth amendment "was added to the Bill of Rights to ensure that the maxim *expressio unius est exclusio alterius* would not be used at a later time to deny

fundamental rights merely because they were not specifically enumerated in the Constitution." *Charles v. Brown*, 495 F. Supp. 862, 863-64 (N.D. Ala. 1980). Accordingly, Gibson's ninth amendment claim holds no merit.

*Gibson*, 926 F.2d 537.

The Plaintiffs objection to the Supplemental Report is that the Magistrate Judge misunderstood the Plaintiffs' claim and has essentially engaged in irrelevant analysis refuting a claim they did not bring. This Court disagrees. Nothing in the Plaintiffs' Objection casts doubt on the correct analysis and conclusions that the Magistrate Judge has reached on this claim. Thus, the Court **ADOPTS** the Magistrate Judge's Report and Supplemental Report on this claim, **OVERRULES** the Plaintiffs' Objections, and **GRANTS** the Moving Defendants' Motion to Dismiss this claim.

E.    **Sixth Cause of Action:  First Amendment Freedom of Speech Violation**

In their Sixth Cause of Action, the Plaintiffs claim that the restrictions placed on their "last words" violate their rights under the First, Ninth, and Fourteenth Amendments (4th Omnibus Am. Compl., ECF No. 1252 ¶¶ 1506-19.) The Report recommended dismissal of this claim because "Plaintiffs do not claim they are threatened with anything like a plausibly unconstitutional limitation on their last words." (Report at 46, ECF No. 1429.)

Plaintiffs object that the Magistrate Judge "erroneously imposed a heightened standard." (Pls' Objection at 53, ECF No. 1459.) That is, "the Magistrate Judge made the same fundamental error here as in those previous opinions [*In re: Ohio Execution Protocol Litig. (Tibbetts & Otte)*, 2017 U.S. Dist. LEXIS 107468 (S.D. Ohio July 12, 2017); and *In re: Ohio Execution Protocol Litig. (Campbell)*, 2017 WL 3479589 (S.D. Ohio Aug. 14, 2017)]: he assessed the merits of the claim rather than its sufficiency to survive a motion to dismiss." (Pls' Objections at 53, 56, ECF No. 1459.) "Rather," Plaintiffs object, "at this stage the Magistrate

Judge was required to accept as true Plaintiffs' factual allegations, and assess only the legal sufficiency of the claim as pleaded." *Id.* at 56–57.

This Court agrees with the Moving Defendants. The distinction the Plaintiffs draw between facial and as-applied still does not disrupt the Magistrate Judge's sound legal analysis. Accepting as true the factual allegations contained within the Plaintiffs' Complaint, the Plaintiffs still fail to state a plausible claim for relief. Assessing those allegations within the legal framework of analyzing First Amendment claims, the Magistrate Judge correctly found that the protocol's regulation of an inmate's "last words" is reasonable in the prison context.

Accordingly, the Court **ADOPTS** the Magistrate Judge's analysis and conclusions related to the Plaintiffs' First Amendment Claim. The Court **OVERRULES** the Plaintiffs' Objections and **GRANTS** the Moving Defendants' Motion to Dismiss this claim.

F.     **Seventh Cause of Action: Fourteenth Amendment Due Process Violation**

In their Seventh Cause of Action, the Plaintiffs allege that they have a due process right to notice of the method of execution the Moving Defendants intend to employ as to each Plaintiff in turn, including identification of the source of any execution drugs. The Report recommended dismissing this "notice-of-method claim" because there is no constitutional right to a firm deadline on changes in method and the drug source claim on the basis of *Fears v. Kasich,* 845 F.3d 231 (6th Cir. 2016). (Report at 46–48, ECF No. 1429.) The Report recognized a right to timely notice of method, following *First Amendment Coal. Of Ariz., Inc. v. Ryan,* 188 F. Supp. 3d 940 (D. Ariz. 2016). The Protocol promises timely notice, but the Plaintiffs say this is illusory without a firm deadline. The Magistrate Judge pointed out that the Plaintiffs offer no constitutional authority for requiring a firm deadline, either in the execution context or any other.

The Plaintiffs object to the Magistrate Judge's analysis that, although the Plaintiffs have a right to notice of the intended method of execution, there is no right to a "firm deadline" for such notice. This argument is not well taken. The analyses of this issue by the Magistrate Judge in the Report and the Supplemental Report consists of an accurate assessment of the facts and a correct application of the law.

As to the drug source portion of this claim, the Plaintiffs assert it is not precluded by *Fears v. Kasich, supra.* This Court disagrees. The Magistrate Judge has provided ample support for dismissal, citing *Phillips v. Dewine*, 841 F.3d 405 (6th Cir. 2016) and *Fears v. Kasich*, 845 F.3d 231 (6th Cir. 2016). The Magistrate Judge's reasoning on this point is sound.

Accordingly, the Court **ADOPTS** the Magistrate Judge's analyses and conclusions on this claim, **OVERRULES** the Plaintiffs' Objections, and **GRANTS** the Moving Defendants' Motion to Dismiss this clause of action in its entirety.

## G.    Eighth Cause of Action: Fourteenth Amendment Due Process Violations for Experimenting on Non-Consenting Prisoners

The Plaintiffs allege, in their Eighth Cause of Action, that their executions pursuant to the Execution Protocol will constitute unconstitutional human experiments in violation of the substantive portion of the Due Process Clause of the Fourteenth Amendment. They assert that "[b]ecause of the lack of data, studies, physician expertise, and the variability of human response, every lethal injection that Defendants conduct is a human experiment." (4th Omnibus Am. Compl. at ¶ 1553, ECF No. 1252.).

The Report recommended dismissal of the Eighth Cause of Action "because the conduct of executions in the various ways permitted by 01-COM-11 does not constitute experiments on non-consenting human subject of the sort condemned by the laws cited by Plaintiffs or by the Due Process Clause of the Fourteenth Amendment." (Report at 50, ECF No. 1429.) The

Plaintiffs objected that the Magistrate Judge's recommendation as improperly limiting the analysis to "medical" experimentation, whereas they challenged the Execution Protocol for "pharmaceutical" experimentation as well. The Magistrate Judge, however, correctly explained that the same analysis applies. He concluded that the State of Ohio is not engaged in "experimentation" when it carries out the execution process. The Supplemental Report concluded that the Fourteenth Amendment no more constitutionalizes federal statutory processes than it does state procedural requirements.

Nothing in the Plaintiffs' objections to this conclusion or the ones offered in the Report convince the Court that the Magistrate Judge's analysis and conclusions are incorrect. Therefore, the Court **ADOPTS** the Magistrate Judge's analyses and conclusions, **OVERRULES** the Plaintiffs' Objections and **GRANTS** the Moving Defendants' Motion to Dismiss the Eighth Cause of Action.

## H. Ninth Cause of Action: Violations of the Privileges or Immunities Clause by Experimenting on Non-Consenting Prisoners

The Plaintiffs, in their Ninth Cause of Action, assert that the Privileges or Immunities Clause of the Fourteenth Amendment is violated when they are subjected to execution by the "experimental" use of drugs. The Report recommended dismissal of this claim because none of the treaties relied upon by the Plaintiffs purports to prevent an American State from executing an American citizen by using lethal drugs "experimentally" in the way alleged by the Plaintiffs. In other words, the Magistrate Judge explained, the Ninth Cause of Action represents another equivocal use of the word "experiment" that was rejected as to the First Cause of Action, Sub-claim A.6, and the Eighth Cause of Action.

The Plaintiffs objected, contending that because the Report depends on the Magistrate Judge's interpretation of the word "experiment" in various contexts, it violates the standard for

review of a complaint under Fed. R. Civ. P. 12(b)(6). They claim they "are entitled to define their claim at the pleading stage; the Magistrate Judge is not permitted to redefine the terms of the claim, especially to defeat an otherwise well-pleaded claim." (Objections at 69–70, ECF No. 1459.) This Court disagrees.

The Magistrate Judge correctly explained in the Supplemental Report, that what is involved here is not disbelief of any factual allegations, but interpretation of terms as they are used in the law. In the Plaintiffs' objections, they cite to no new arguments or legal authority that call into question the Magistrate Judge's analysis and conclusion related to this claim. Accordingly, the Court **ADOPTS** the Report's and Supplemental Report's analyses and conclusions, **OVERRULES** the Plaintiffs' Objections, and **GRANTS** the Moving Defendants' Motion to Dismiss the Plaintiffs' Ninth Cause of Action.

## I. Tenth Cause of Action: Violation of the Ex Post Facto Clause

In their Tenth Cause of Action, the Plaintiffs claim the present version of the Execution Protocol violates the Ex Post Facto Clause of the Constitution because elimination of the barbiturates formerly used and their replacement with midazolam, a paralytic, and potassium chloride increases the punishment for their crimes. After a thorough analysis of the case law on this issue, the Magistrate Judge concluded that the Execution Protocol does not increase the punishment for aggravated murder in Ohio as compared with its predecessor protocols. The Report recommended dismissing this cause of action because, based on the precedent cited, changing a method of execution does not violate the Ex Post Facto Clause or its Due Process analogue.

In its *de novo* review, the Court finds that the Magistrate Judge's conclusion and analysis are sound and the Court **ADOPTS** them herein. The Court **OVERRULES** the Plaintiffs'

Objections and **GRANTS** the Moving Defendants' Motion to Dismiss the Plaintiffs' claim regarding the Ex Post Facto Clause.

## J.      Fourteenth Cause of Action: Substantive Due Process Violation

In their Fourteenth Cause of Action, the Plaintiffs maintain that their executions under the Execution Protocol will violate their substantive right under the Fourteenth Amendment to be free from government actions that shock the conscience or are arbitrary and capricious, particularly government actions that violate federal or state drug law and human experimentation law.  The Report recommended dismissal on the basis that "[v]iolations of state and federal law do not *per se* rise to the level of Due Process violations." (Report at 55, ECF No. 1429) (citing *Campbell & Tibbetts, supra, citing Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.1993), abrogated on other grounds by *Thompson v Keohane*, 516 U.S. 99, 111 (1995) as recognized by *Slaughter v. Parker*, 450 F.3d 224 (6th Cir. 2006).

The Plaintiffs objections are based upon their disagreement with the Magistrate Judge's conclusion that they had not sufficiently pleaded conscience-shocking actions by the Defendants which rise to the level of a substantive due process violation and that the analysis improperly relied on certain legal authority.  These arguments are not well taken.

As the Magistrate Judge correctly explained, the Plaintiffs' claim that the adoption of midazolam as the initiatory drug and the breaking of federal and state laws in the process of executions shocks the conscience cannot stand under Sixth Circuit precedent.  That is, the Sixth Circuit held the use of midazolam as the Defendants use it did not violate the Eighth Amendment and it is difficult to see how the Fourteenth Amendment test could be more exacting.  Thus, the conduct asserted by the Plaintiffs is insufficient to state a plausible claim for violation of substantive due process requirements.

Based on the foregoing, the Court **ADOPTS** the Magistrate Judge's analysis and conclusions, **OVERRULES** the Plaintiffs' Objections, and **GRANTS** the Moving Defendants' Motion to Dismiss this claim.

## K. Thirtieth Cause of Action: Fourteenth Amendment Due Process Violation For Failure To Comply With Federal Investigational New Drug Application Regulations With Respect To The Method And Choice Of Drug To Be Used In Plaintiff's Execution

The Plaintiffs, in their Thirtieth Cause of Action, allege that the Moving Defendants violated the Plaintiffs' due process rights under the Fourteenth Amendment when the Defendants failed to comply with federal investigational new drug ("IND") application regulations in choosing drugs for use in executions. The Report recommended dismissing this claim on the basis of the analysis of parallel claims in *Tibbetts & Otte, supra*, and *Campbell, supra*. As to the Plaintiffs' objections, the Supplemental Report indicated that they had presented no evidence that the federal regulatory laws were passed for the purpose of regulating drugs used for executions.

The Plaintiffs objected, arguing that the Magistrate Judge's supplemental recommendation applied the wrong adjudication standard, took a too-narrow view of their claims, failed to address all of their prior arguments, and generally misapplied any applicable law to their claims. This Court disagrees. The Magistrate Judge appropriately applied the proper law to the facts in addressing this claim for relief. This Court **ADOPTS** his analysis and conclusion that there is no suggestion that any of these statutes or associated regulations are so deeply rooted in the traditions and mores of the American people as to be part of the concept of ordered liberty. Thus, as the Magistrate Judge correctly concluded that the Fourteenth Amendment Due Process Clause does not incorporate the statutes and regulations relied on in the Thirtieth Cause of Action and the claim should be dismissed. The Court therefore **OVERRULES** the Plaintiffs'

Objections, and **GRANTS** the Moving Defendants' Motion to Dismiss the Plaintiffs' Thirtieth Cause of Action.

L.     **Thirty-First Cause of Action: Equal Protection Violations Related To Defendants' Failures To Comply With The Investigational New Drugs Application Laws**

In their Thirty-First Cause of Action, the Plaintiffs allege their Equal Protection rights are violated when the Defendants treat them differently from persons who are protected by the IND Application Laws. The Report recommended dismissing this claim on the same basis as the Thirtieth Cause of Action. In the Supplemental Report, the Magistrate Judge also explained:

> With respect to other prisoners and with respect to Plaintiffs until their time for execution comes, the ODRC Defendants have whatever obligations accrue under the IND application laws to anyone who is responsible for arranging the medical care of someone else. But when the time for execution comes, the legal duty of the ODRC Defendants is to kill the Plaintiff in question. It is certainly not irrational, arbitrary, or capricious to discriminate between those for whom one has a duty of medical care and those for whom one has a duty to execute.

> The Fourth Amended Omnibus Complaint fails to state a claim for relief in the Thirty-First Cause of Action in another way: it does not allege that the ODRC Defendants have irrationally, arbitrarily, capriciously, or indeed at all, chosen to comply with the IND application laws for some of the Plaintiffs and not for others.

(Supp. Report at 46, ECF No. 1620.)

The Plaintiffs object that the Magistrate Judge's recommendation applied the wrong standard, took too narrow of a view of the law, and failed to address all of their prior arguments. This Court, however, disagrees. The Magistrate Judge's Report and Supplemental Report take an appropriate view of the law, apply the correct standard, and sufficiently addresses the Plaintiffs' arguments. The Court therefore, **ADOPTS** the Magistrate Judge's analysis and conclusions, **OVERRULES** the Plaintiffs' Objections, and **GRANTS** the Moving Defendants' Motion to Dismiss as it relates to the Plaintiffs' Thirty-First Cause of Action.

23

## IV.

Based on the foregoing, the Court:

1.    **OVERRULES** the Moving Defendants' Objections (ECF Nos. 1450, 1767);

2.    **OVERRULES** the Plaintiffs' Objections (ECF Nos. 1457, 1795)

3.    **ADOPTS** the Magistrate Judge's Report and Recommendation Granting in Part and Denying in Part the Moving Defendants' Motion to Dismiss (ECF No. 1429);

4.    **ADOPTS** the Magistrate Judge's Supplemental Report and Recommendation Granting in Part and Denying in Part the Moving Defendants' Motion to Dismiss (ECF No. 1620); and

5.    **GRANTS IN PART AND DENIES IN PART** the Moving Defendant's Motion to Dismiss (ECF No. 1379).

Specifically, the Court:

a.    **GRANTS** the Moving Defendants' Motion to Dismiss as it relates to the Plaintiffs' Second Cause of Action, Fourth Cause of Action – Sub-claims A.2, A.3, A.4, A.5, A.6, A.7, A.8, A.9, B.2, B.3, B.4, B.5, B.6, and B.7, Plaintiffs' Fifth, Sixth, Seventh, Eighth and Ninth Cause of Action, and their Thirtieth and Thirty-First Causes of Action; and

b.    **DENIES** the Moving Defendants' Motion to Dismiss as it relates to the Plaintiffs' Third Cause of Action and their Fourth Cause of Action – Sub-claims A.1, A.10, B.1, and B.8.

**IT IS SO ORDERED.**

| 12-11-2018 | |
| --- | --- |
| **DATE** | **EDMUND A. SARGUS, JR.**<br>**CHIEF UNITED STATES DISTRICT JUDGE** |