IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

: Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to Plaintiff
 Warren K. Henness

---

## ORDER DENYING ADMISSION OF JOINT EXHIBITS 17 THROUGH 25, 27, AND 29

---

On December 14, 2018, Plaintiff Warren K. Henness moved to admit Joint Exhibits ("JX") 7 through 35, the autopsy reports that were reviewed by expert witnesses in creating their expert reports or in preparation for testifying (Hrg. Tr., ECF No. 2120, Page ID 105033-105043). Defendants objected to the admission of JX 17 through 25, 27 and 29, on the grounds that: those specific reports are not certified copies of public records; they do not meet any other exception for self-authenticating documents; and there was no testimony or other evidence that would serve to authenticate them. *Id.*, Page ID 105033-105035, 105037-105041. Counsel for Henness represented that these reports had been admitted in the case of *Abdur'Rahman v. Parker*, Case No. 18-183-II (III) (Tenn. Chanc. Ct., 20th Jud. Dist., Davidson Cnty. Jun. 27, 2018), *id.*, Page ID 105034-105035, and the Court took the motion under advisement without ruling. *Id.*, Page ID 105035.

On December 17, 2018, Henness filed a Notice Regarding Admission of Florida & Warner Autopsy Reports (Notice, ECF No. 2107), and on December 19, 2018, Defendants filed a Memorandum in Opposition (ECF No. 2114). Henness did not file a reply memorandum. In his Notice, Henness noted that the *Abdur'Rahman* court concluded that the autopsy reports were "authenticated and trustworthy based in part on Florida law regarding the autopsies, and that the Florida autopsy reports[1] were received from the University of Florida as noted in the sworn declaration of Satyra Deaver . . . . Under that law, the University of Florida performs autopsies and provides a website by which the public can request autopsy reports as public records." (Notice, ECF No. 2107, Page ID 103567-103568, citing *Abdur'Rahman* Memo. & Order., ECF No. 2107-1, Page ID 103580-103582.[2]) "The court also found the Warner autopsy report[3] a public document based on Oklahoma law[.]" *Id*. Henness argues that the *Abdur'Rahman* Court's decision was well-reasoned and logically consistent, and because the reports admitted in the Tennessee state court are identical to the reports submitted to this Court, JX 17 through 25, 27, and 29 should be admitted on those bases. Also, Henness notes that the *Abdur'Rahman* court found the autopsy reports to be "trustworthy and authenticated" because "the defendants' expert in that case reviewed and relied on those reports in reaching his expert opinions in that case." *Id*., citing Memo & Order ECF No. 2107-1, Page ID 103582. Robert H. Davis, M.D., Ph.D., Defendants' expert "reviewed

---

[1] JX 17 through 25 and JX 27.

[2] While the Memorandum & Order references the autopsy reports at issue having been filed in the Tennessee state court, ECF No. 2107-1, Page ID 103578, there is no indicia that the exhibits submitted by the parties are themselves certified copies of those reports. Moreover, the copy of the Memorandum & Order attached by Henness to his Notice (ECF No. 2107-1) is not a certified public record. Nor are the memoranda or hearing transcript submitted in support of the Notice. (ECF Nos. 2107-2, 2107-3, 2107-4). Finally, in his Notice, Henness does not respond to the Court's "query whether [the reports] thereby become public record" (Hrg. Tr., ECF No. 2120, Page ID 105035), upon admission in the state court, much less explain why their admission in Tennessee would supersede Federal Rules of Evidence 803, 901, and 902, such that non-certified copies could be admitted without proper authentication.

[3] JX 29.

and used the Florida and Warner autopsy records in reaching his own expert conclusions in his report[,]" and Henness argues his use provides another reason to admit those records. *Id.*, Davis Report, ECF No. 1984, Page ID 90624; ECF No. 1984-1, *generally* Page ID 90799-90990.

The Court notes the substantial overlap in subject matter between *Abdur'Rahman* and this case, and that the experts in both cases used the same reports for largely the same purpose. Nonetheless, for two reasons, the *Abdur'Rahman* decision is inapposite. *First*, in *Abdur'Rahman*, the Deaver Declaration (ECF No. 2107-2, Page ID 103597-103601) constituted evidence from "a witness with knowledge that the evidence is in fact from a public office authorized to keep such a record." (Memo. & Order, ECF No. 2107-1, Page ID 103582, quoting *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 548 (D. Md. 2007); citing Fed. R. Evid. 901(b)(7)). In contrast, Henness has not offered an affidavit, testimony, or other evidence that would satisfy Rule of Evidence 901(b)(7), and it is undisputed that the autopsy reports at issue are not self-authenticating under Rule 902. Henness's inability to authenticate the autopsy reports means that they may not be considered as substantive evidence.

*Second*, *Abdur'Rahman* was a Tennessee state case governed by the Tennessee Rules of Evidence; thus, the state court finding the autopsy reports "trustworthy and . . . authenticated" based on defendants' experts use of them (Memo. & Order, ECF No. 2107-1, Page ID 103582) is not instructive as to how this Court should rule. As Defendants point out, Federal Rule of Evidence 703 "specifically contemplates that the bases of an expert opinion need not themselves be admissible for the opinion to be considered. So the reports are not admissible on this basis alone." (Memo. in Opp., ECF No. 2114, Page ID 104412-104413). Defendants argue that, if use of a document by an expert were sufficient independent grounds for admissibility, "any document could conceivably be admitted as stand-alone substantive evidence due to an expert simply having

reviewed or used it in a report.  This is not the standard." (Memo. in Opp., ECF No. 2114, Page ID 104413).  Indeed, adopting such a standard would risk obviating numerous Rules of Evidence, and Henness has presented no caselaw suggesting that mere reliance on such evidence by an expert may operate as an end-around to admission in the absence of proper authentication.

For the foregoing reasons, Henness's Motion to Admit Joint Exhibits 17 through 25, 27, and 29 is DENIED.

January 4, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge