**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

: Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to Plaintiff
 Warren K. Henness

---

**ORDER DENYING ADMISSION OF JOINT EXHIBIT 40**

---

On December 14, 2018, at the conclusion of testimony in connection with the Motion for Preliminary Injunction of Plaintiff Warren K. Henness, Defendants moved to admit Joint Exhibit ("JX") 40, "The Oral [Medical Aid in Dying ('MAiD')] Option in Canada – Part 2: Processes for Providing [MAiD drugs,]" not for the truth of the matters asserted therein, but so that the Court could consider it "in relation to the cross-examination of" Charles D. Blanke, M.D., an expert witness who testified in Henness's case-in-chief. (Hrg. Tr., ECF No. 2120, PageID 105051.) Henness objected to admission on several grounds, *id.* at PageID 105051-54, and the Court asked Defendants to file a separate Motion to Admit, *id.* at PageID 105056-57, which Defendants did on December 19, 2018. (ECF No. 2115.) Henness filed a memorandum *contra* on December 21, 2018 (ECF No. 2119), and Defendants filed no reply. Pursuant to Local Civil Rule 7.2(a)(2), the Motion to Admit is now ripe for decision.

1

Defendants claim that they asked Dr. Blanke about the contents of JX 40, "the conclusions within that report, and whether or not he had considered those conclusions in formulating his own opinion." (Motion, ECF No. 2115, PageID 104416.) They argue that the document is necessary for the Court to assess Dr. Blanke's credibility as to that portion of his testimony, *id.*, and note that "an excerpt from the Eight Edition of *Miller's Anesthesia* . . .was introduced by Plaintiff for the first time at the hearing, marked as Plaintiff's Exhibit [('PX')] 47, and was admitted for consideration by the Court in relation to the cross-examination testimony of Defendants' expert witness," Joseph F. Antognini, M.D. *Id*. at PageID 104415 (emphasis added). Finally, Defendants claim that because the Court, and not a jury, is assessing Dr. Blanke's credibility, the probative value of JX 40 is not substantially outweighed by fears of confusion. *Id*., citing Fed.R.Evid. 403.

Henness claims that JX 40 was only included as an exhibit at the time of filing, November 21, 2018, in anticipation of the testimony of Daniel E. Buffington, Pharm.D., Defendants' expert. (Memo. in Opp., ECF No. 2119, PageID 104801-02.) "After the Court precluded Dr. Buffington from testifying," Henness argued, "the exhibit served no further purpose, and Plaintiff did not introduce it or discuss it on initial direct examination with Dr. Blanke other than, on Plaintiff's own objection, to pose some questions to him about it during re-direct examination." *Id*. at PageID 104802. Further, he argues that Defendants' reliance upon the Court's admission of PX 47 is misplaced; those portions of *Miller's Anesthesia* were admitted only after Dr. Antognini stated that he had reviewed other portions of the eighth edition in formulating his report. Thus, he argues, the contents of PX 47 were independently admissible. *Id*. at Page ID 104808, citing Defendants' Exhibit List, ECF No. 2025, PageID 96809; Fed.R.Evid. 106. In contrast, Henness notes, neither Dr. Blanke nor Dr. Buffington stated that they actually reviewed the JX 40 materials in preparing their respective reports. Rather, they only reviewed and discussed "The Oral MAiD Option in

2

Canada – Part 1: Medication Protocols Review and Recommendations." *Id*. at PageID 104804-05, citing Buffington Report III, ECF No. 1985, PageID 91025 n.9; Blanke Rebuttal, ECF No. 2002, PageID 94374-75. While Dr. Blanke testified that he was familiar with the overall document "The Oral MAiD Option in Canada," Defendants referred to the document only as "the MAiD Canadian Report" and did not delineate the portion of that document contained in JX 40, *i.e.*, Part 2, much less present Dr. Blanke with the exhibit during cross-examination. *Id*.; *see also, e.g.*, Hrg. Tr., ECF No. 2117, PageID 104727-28 (counsel for Defendants asking Dr. Blanke if he was familiar with the document, and counsel for Henness noting that Dr. Blanke did not have the document in front of him).

While counsel for Defendants stated during the hearing that Dr. Blanke "actually commented on the report in one of his own reports[,]" Dr. Blanke's only reference to "The Oral MAiD Option in Canada" is in response to Dr. Buffington's citation of "a Canadian white paper." (Blanke Rebuttal, ECF No. 2002, PageID 94374-75.) Dr. Buffington expressly cites to "Part 1" in his expert report in discussing the median time from oral ingestion of secobarbital to death in Washington state. (Buffington Report, ECF No. 1985, PageID 91024-25.) There is no indication from Defendant's Motion, or the Court's own cursory review of JX 40, that that topic was ever discussed in Part 2, and Defendants do not argue that there is substantial overlap in subject matter between Parts 1 and 2. Thus, the Court agrees with Henness that Rule 106 does not apply, and the admission of PX 47 has no bearing on whether to admit JX 40.

In sum, Defendants are asking the Court to admit an unauthenticated document—one which Dr. Blanke was never presented on cross-examination—for the purpose of assessing Dr. Blanke's credibility. Further, the only other connection JX 40 has to the matter at hand is that a different portion of "The Oral MAiD Option in Canada" was cited by Dr. Buffington in his report

(and, subsequently, in Dr. Blanke's rebuttal report); yet, Dr. Buffington's report was struck by this Court. (Decision and Order, ECF No. 2068.) Thus, even if JX 40 could pass muster under Rules of Evidence 901 or 902, it has no probative value, and, consequently, fails to satisfy Rules 401 and 403.

For the foregoing reasons, Defendants' Motion to Admit Joint Exhibit 40 (ECF No. 2115) is DENIED.

January 11, 2019.

s/ *Michael R. Merz*  
United States Magistrate Judge