# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

:     Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to Plaintiff
        Warren K. Henness

---

## ORDER GRANTING MOTION TO RE-IMPLEMENT EXECUTION DAY PROCEDURES AND DENYING MOTION TO SET FORTH PROCEDURES AS A STANDING ORDER

---

On September 28, 2018, Plaintiff Warren K. Henness filed a Motion to Re-implement Execution Day Procedures, asking the Court to order the parties to follow the same "procedures to prepare for the possibility that attorneys" for Henness may "need[] to seek an emergency temporary restraining order ('TRO') during the course of his execution" that were used for the July 18, 2018, execution of former Plaintiff Robert Van Hook. (ECF No. 1927, PageID 74850.) Further, "in the interests of judicial economy, Henness respectfully suggests that this Court might formalize the procedures as a Standing Order. *Id.* at PageID 74855. Defendants filed a memorandum in opposition (ECF No. 1932), and Henness filed a reply in support. (ECF No. 1941.)

Henness notes that Defendants filed objections (ECF No. 1820) to the proposed order implementing a telephone conference line during the execution of Robert Van Hook, and that this Court overruled their objections, ordering procedures that were nearly identical to those used in connection with the attempted execution of former Plaintiff Alva Campbell, Jr. (Motion, ECF No. 1927, PageID 74850, citing Tr., ECF No. 1817, PageID 74181-83; Order, ECF No. 1837, PageID 74531-34.) However, the Court included the additional requirement "that all parties remain on 'mute' on the line unless or until Van Hook makes a motion[.]" (Order, ECF No. 1837, PageID 74534, quoting Objs., ECF No. 1820, PageID 74245 (alterations removed).) Henness asks for these same procedures—namely, that the:

> Magistrate Judge, a court reporter, Defendants' counsel, and Plaintiff Henness's counsel will be present on a telephone conference line beginning at approximately 10:00 a.m. on that day, continuing until there is notification that the execution has been carried out or that a reprieve has been issued by the Governor stopping the execution.

(Motion, ECF No. 1927, PageID 74850-51, citing Order, ECF No. 1837, PageID 74531-32.) Henness argues, as did Van Hook, that these procedures resolve the chief concern of Henness—the delay in the Court's ability to hear immediately the Motion for TRO of former Plaintiff Gary Otte, made after he purportedly experienced pain from the injection of 500 mg of midazolam, and the Court's "reluctance to proceed with the oral motion *ex parte*[.]" *Id*. at PageID 74851, citing Order, ECF No. 1238, PageID 45368. Henness further claims that these procedures "impos[e] the least intrusive burden on Defendants, and simultaneously safeguarding the inmate's right to challenge his execution as unconstitutional even while that execution was in progress." *Id*. at 74852.

In their memorandum *contra*, Defendants renew their objections from the Van Hook execution: "Defendants continue to object to the open phone line procedure because it imposes an

undue burden on Defendants by monopolizing Defendants' legal counsel and, at a minimum, Deputy Director/Planning Chief Donald Morgan." (Memo. in Opp., ECF No. 1932, PageID 75005.) Yet, the open phone line does not monopolize counsel, as there is no requirement that multiple Assistant Attorneys General be present on the phone call. Defendants argue that the complexity of this case and the execution procedures means that "it is not enough to have an attorney present on the phone line as a 'stand-in[.]'" *Id*. at PageID 75006. However, given that there are numerous attorneys who are currently representing Defendants, and indeed, no fewer than four were present at the hearing for Henness's Motion for Preliminary Injunction (ECF No. 1921), the Court is not persuaded that it would be necessary for a mere "stand-in" to represent Defendants. Further, while Defendants argue that the open phone line disrupts counsel's ability to communicate with the Attorney General and Governor's Offices and to advise their clients "during this important and sensitive process[,]" (Memo. in Opp., ECF No. 1932, PageID 75005), they do not cite an instance in which counsel was actually impaired in their abilities to do so with respect to the executions of Van Hook or Otte. Thus, the harm alleged as to Henness's impending execution is just as speculative as with Van Hook's execution.

Defendants renew their objection "that eliciting factual testimony from an Assistant Attorney General may pose ethical concerns." (Memo in Opp., ECF No. 1932, Page ID 75006, citing Ohio R. Prof. Conduct 3.7.) They are concerned about the prospect of an Assistant Attorney General being forced to testify at a hearing, where he or she would be subject to cross-examination. *Id*. at PageID 75006-07. Yet, any potential testimony given in the context of an emergency TRO hearing or during a preliminary injunction hearing would be heard solely by the Magistrate Judge, making "the risk of confusion . . . much less acute than if the attorney were performing a dual advocate-witness role in a jury trial[.]" (Order, ECF No. 1837, PageID 74532.) Thus, the risk is

no greater as to Henness than it was as to Van Hook, and Defendants' objection is, again, speculative and unpersuasive.

Defendants argue that there may have been "extenuating circumstances relating to Campbell's individual characteristics (i.e., ability to obtain venous access) that were not present for Plaintiff Van Hook and are not present for Plaintiff Henness." (Memo. in Opp., ECF No. 1932, PageID 75007.) The Court appreciates that any willingness by Defendants to have an open phone line with respect to a prior execution should not be interpreted as a waiver of their objection to such a procedure as to the execution of Van Hook, Henness, or any other Plaintiff in this case. Nonetheless, the Court's concern is the same for Henness as it was for Campbell and Van Hook—that, absent the procedures put in place for those executions, there simply would not be enough time to conduct a non-*ex parte* hearing if Henness moves for a TRO after the execution process begins. As to Defendants' argument that a TRO motion once the process has started would "create a situation ripe for error," *id*. (internal quotation omitted), the Court reiterates the relevant portion of its Order for Van Hook: Henness "has a right to challenge his execution as cruel and unusual, and he does not lose that right once the injection begins, even if . . . [he] will regret his decision." (ECF No. 1837, PageID 75433 (internal quotation marks and citations omitted).)

However, the Court is not willing to formalize these procedures with a standing order. As has been emphasized, this consolidated case is at the preliminary injunction phase, and it is not a class or collective action. As "findings of fact and conclusions of law made by a district court in granting a [TRO] are not binding at a trial on the merits[,]" *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2014), citing *Univ. of Texas v. Camenisch,* 451 U.S. 390, 395 (1981), the Court is loath to set forth uniform requirements for Plaintiffs going forward.

For the foregoing reasons, Henness's Motion (ECF No. 1927) is DENIED to the extent it seeks that this Court formalize procedures in a standing order, and is GRANTED in all other respects. Accordingly, on the day of execution, the Court ORDERS the following procedures:

The Magistrate Judge, a court reporter, Defendants' counsel, and Plaintiff Henness's counsel will be present on a telephone conference line beginning at approximately 10:00 a.m. on that day, continuing until there is notification that the execution has been carried out or that a reprieve has been issued by the Governor stopping the execution. All parties shall have their phones muted until and unless Henness's counsel moves for TRO, or until the execution is completed.

January 15, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge