# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

IN RE: OHIO EXECUTION : Case No. 2:11-cv-1016
PROTOCOL LITIGATION

                                                                          Chief Judge Edmund A. Sargus, Jr.
: Magistrate Judge Michael R. Merz

This document relates to:
    Plaintiff Warren Henness :

# DECISION AND ORDER ON MOTION FOR RECONSIDERATION

This method-of-execution case under 42 U.S.C. § 1983 is before the Court on Plaintiff Warren Henness's Motion for Reconsideration (ECF No. 2135) of the Court's Decision and Order on Motion for Stay of Execution and Preliminary Injunction ("Decision," ECF No. 2133; reported at *In re Ohio Execution Protocol Litig. (Henness),* 2019 U.S. Dist. LEXIS 8200, 2019 WL244488 (S.D. Ohio Jan. 14, 2019)). Defendants oppose the Motion (Memo. In Opp., ECF No. 2140), and Henness has filed a Reply in Support (ECF No. 2141)[1].

The Court's Decision and Order was immediately appealable upon filing. 28 U.S.C. § 1292(a)(1). Filing a notice of appeal divests the District Court of jurisdiction over a case and vests jurisdiction in the Circuit Court of Appeals until the district court receives the mandate of the court of appeals. *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir.

---

[1] The briefing schedule under S. D. Ohio Civ. R. 7.2 was accelerated because Henness is scheduled to be executed February 13, 2019, but has not yet appealed from this Court's denial of preliminary injunctive relief.

1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981). Because no notice of appeal has been filed, the Court retains jurisdiction to reconsider its prior Decision.

As Henness notes, the Court found he met the first prong of the standard for injunctive relief under *Glossip v. Gross,* 576 U.S. ___, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015), in that he had proven that "executing him by Ohio's current three-drug protocol would certainly or very likely cause him severe pain and needless suffering. . . ." (Decision, ECF No. 2133, PageID 105266). Nevertheless, the Court denied preliminary injunctive relief because Henness had not satisfied the second prong of *Glossip* because has not proved that the alternative methods he proposes are available, feasible, and can be readily implemented." *Id.*

The Court reached its conclusion on the second prong of *Glossip* on several bases. *Id.* at PageID 105263-65. The last of these was Plaintiff's failure to prove the ease with which a potential supplier to Ohio could obtain a Terminal Dangerous Drug Distributor license. The Court concluded that "there is no evidence that obtaining such a license would be properly characterized as 'ordinary transactional effort,[2]' whether conducted by the potential supplier or by ODRC on the supplier's behalf." *Id.* at PageID 105265.

Because the burden of proving that a proposed alternative method of execution was available, feasible and could be readily implemented was on Plaintiff Henness, he propounded contention interrogatories to Defendants on October 15, 2018, seeking to discover the legal theories and factual bases of any defense (ECF No. 1936). After jousting between the parties over whether this information would be obtained by answers to the interrogatories or in a Fed. R. Civ. P. 30(b)(6) deposition, the Court overruled Defendants' objection that the inquiry required them

---

[2] This is the standard adopted by the Sixth Circuit in *Fears v. Morgan (In re: Ohio Execution Protocol),* 860 F.3d 881 (6th Cir. Jun 28, 2017)(en banc).

to reveal attorney opinion work product (Decision and Order, ECF No. 2044, PageID 102768-69).

Henness argues that Defendants did not make their argument about the State's obtaining a TDDD license in either their initial responses to his inquiry nor their supplemental responses filed just prior to the preliminary injunction hearing (Motion, ECF No. 2135. PageID 105277-79). Although the Court denied Henness's motion to strike the supplemental discovery responses, it also held, Henness claims, that the TDDD licensure defense was proper only if it had been disclosed in the supplemental responses (Motion, ECF No. 2135, PageID 105280, citing Hrg. Tr., ECF No. 2117, at PageID 104555-56). Henness concludes by tendering evidence which he says he could have presented at the hearing to overcome the Defendants' TDDD licensure defense. *Id.* ast PageID 104282-87.

Defendants oppose the Motion by pointing out that Henness identified a source for the secobarbitol required for one of his proposed alternative methods only days before the preliminary injunction hearing and only then on the Court's order. Henness sought a protective order to excuse him from disclosing to Defendants the identity of his suggested source, proposing that he present that evidence to the Court *ex parte* (ECF No. 1965, filed November 1, 2018). In that Motion, he claimed he would present evidence at the hearing "demonstrating that . . . secobarbital is available for purchase on the open market with the same transactional effort by which Defendants currently purchase their execution drugs . . ." *Id.* at PageID 87802-03.

The Court rejected Henness's suggestion, holding it could not consider *ex parte* evidence and suggesting a method by which the evidence could be received and tested on cross-examination while maintaining the anonymity of the source (Decision, ECF No. 2074, PageID 103127). That Decision was filed December 3, 2018, and Henness revealed the identity of his proposed source or sources on December 5, 2018. Defendant Theodore, the ODRC's pharmacist, testified on

3

December 13, 2018, that the identified source(s) did not have the required licensure and that that information was based on publicly-available sources (Hrg. Tr. ECF No. 2117, PageID 104556-58).

Henness replies in support of his Motion that Defendants elide the crucial difference between proof at the preliminary injunction stage and proof on the merits at trial (ECF No. 2141, PageID 105749-51). He also asserts Defendants misstate the record on the licensure defense (ECF No. 2141, PageID 10551-58).

# Analysis

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.). *See also Louisville/Jefferson Cty. Metro Govt. v. Hotels.com L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). In these consolidated method-of-execution cases, the Court's available time to decide matters is made considerably more scarce by the imminence of executions at the time injunctive relief is sought.

Plaintiff Henness's positions on the current Motion reflect differing perspectives on

available time, depending on the argument being made. At various points during discovery leading up to the hearing, he argued for broad discovery to prevent "trial by ambush," behavior of which he accuses Defendants in the instant Motion (ECF No. 2135, PageID 105275). At the same time he sought to avoid disclosing his proposed source of secobarbitol and in fact only disclosed it less than a week before the hearing. On the other hand, he argues the standards for evaluating his preliminary examination proof should be more lax than after trial on the merits, citing *Six Clinics Holding Corp. v. Cafcomp Sys., Inc.*, 119 F.3d 393, 402 (6th Cir.1997), for the proposition that "it is ordinarily sufficient if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." (Reply Memo, ECF No. 21412, PageID 105750).

These counterpoised time perspectives ignore the realities of this litigation. As noted in the Decision, these consolidated cases have been pending for almost fifteen years (ECF No. 2133, PageID 105123-24). There has never been a trial. Instead, "[t]he pattern has been of hurried litigation of preliminary injunction motions, with executions when relief was denied either in this Court or on appeal, rendering moot the claims of those executed." *Id.* at PageID 105125. Because appellate courts seem to treat execution dates as sacrosanct, plaintiffs must prove their case on preliminary injunction. The notion that this or any District Court could stay an execution on the standard suggested in *Six Clinics, supra*, ignores controlling death penalty precedent. See, e.g., *Workman v. Bredesen*, 486 F.3d 896, 912-13 (6th Cir. 2007).

Because of the compressed scheduling, pre-hearing discovery cannot be as thorough or as considered as full pre-trial discovery. In this Court's experience, preliminary injunction hearings in other types of cases may take place shortly after a case is filed with little or no pre-hearing discovery. (See Fed. R. Civ. P. 65, setting a 28-day maximum for effectiveness of a temporary restraining order, after which a TRO automatically becomes appealable.)

Given these circumstances, it was not "fundamentally unfair"[3] to allow Richard Theodore to testify that Henness's proposed source of secobarbital was not licensed to sell that drug to the State of Ohio. The Court did not permit, nor did Defendants attempt to present, a general defense about the difficulties of obtaining a Terminal Dangerous Drug Distributor license. If they had, the Court would have excluded it or permitted Henness to offer the sort of evidence he now tenders on TDDD licensing generally. But the burden of proof was on Henness to prove that the source(s) he named would sell the required drug to Ohio. In his Motion for Protective Order, he promised to prove "secobarbital is available for purchase on the open market." That he did not do.

To the extent Henness seeks to have the record on preliminary injunction reopened to introduce the materials attached to his Motion for Reconsideration, that Motion is DENIED. While those materials appear to be relevant to a general TDDD licensure defense, there is simply no time to reopen the hearing and allow testimony to connect these materials with the issue.

The conclusion on which Henness seeks reconsideration reads:

> Finally, the Court has not been provided with proof of the ease or difficulty of obtaining a Terminal Dangerous Drug Distributor license. While the Court suspects that Ohio's difficulty in obtaining an import license from the DEA is not completely analogous, there is no evidence that obtaining such a license would be properly characterized as "ordinary transactional effort," whether conducted by the potential supplier or by ODRC on the supplier's behalf.

(Decision, ECF No. 2133, PageID 105265.) Having reconsidered that conclusion in light of Henness's Motion, the Court STRIKES it and REPLACES it with the following: "Finally, Henness has not proved that the source(s) he identified for secobarbital is/are presently licensed to sell that drug to the State of Ohio for use in executions or could become so with ordinary transactional effort."

---

[3] Henness's claim at ECF No. 2135, PageID 105275.

**Conclusion**

Having reconsidered its Decision and Order on Preliminary Injunction (ECF No. 2133), the Court MODIFIES that Decision as set forth above and otherwise denies the Motion for Reconsideration.

January 21, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge