# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
   PROTOCOL LITIGATION,        :        Case No. 2:11-cv-1016

                                              Chief Judge Edmund A. Sargus, Jr.
                                              Magistrate Judge Michael R. Merz

This Order relates to Plaintiff
       Cleveland Jackson                :

## SCHEDULING ORDER FOR STATUS CONFERENCE

This case is before the Court on Plaintiff Cleveland Jackson's Motion for Status Conference (ECF No. 2162) to which Defendants have responded (ECF No. 2164).

Given the imminence of Plaintiff Jackson's scheduled execution on May 29, 2019, the Court, on February 6, 2019, adopted a detailed schedule to hear any request for preliminary injunctive relief (ECF No. 2154). Shortly before that, on January 25, 2019, Governor DeWine had reprieved Warren Henness's execution from February 13, 2019, to September 12, 2019 (Warrant of Reprieve, ECF No. 2146-3, PageID 105826).

Then, on February 19, 2019, the Governor announced that there would be no more executions in Ohio until a new protocol had been adopted, legally challenged, and then found constitutional by the courts.[1]

---

[1] Andrew J. Tobias, Gov. Mike DeWine freezes all Ohio executions while new method developed, Cleveland Plain-Dealer (Feb. 19, 2019), https://www.cleveland.com/news/2019/02/gov-mike-dewine-freezes-all-ohio-executions-while-new-method-developed.html. .

1

The Court is deeply gratified by the Governor's expression of trust in this Court's judgment regarding the current protocol. The Court fully expects that the Governor will do whatever is needed legally to keep the public commitment he has made, the important first step being the reprieve of Warren Henness.

But carrying out that commitment will take time. In his public statement, the Governor declined to place a timetable on developing a new protocol. Defendants, the state officials charged with carrying out executions and, at least under current law[2], with adopting or modifying the protocol, report that they "have no timeframe for or details about any potential revision of the protocol to provide to the Court or Plaintiff at this time." (ECF No. 2164, PageID 106671).

Plaintiff Jackson's execution remains scheduled for May 29, 2019. Defendants note, "Jackson has not received a reprieve, and unless and until he does it is important that the parties litigate under the assumption that the execution will go forward as planned." (Resp. to Motion for Status Conf., ECF No. 2164, PageID 106671.) These words seem a bit disingenuous to the Court. Surely Defendants are not "planning" on carrying out an execution using a protocol the Governor has publicly disavowed. But the Defendants are under a legal obligation to carry out Jackson's execution as ordered by the Ohio courts on May 29, 2019, unless that execution is stayed or reprieved by competent legal authority.

Plaintiff Jackson and other plaintiffs whose executions are scheduled in the near future face a mirror dilemma. Should they cease pursuing injunctive relief on the grounds the State has abandoned the current protocol, they could well be faced with a variant of the short shrift

---

[2] A challenge to the adoption and modification of execution protocols by the Director of ODRC without further process under Ohio Revised Code Ch. 119 is presently pending in the Franklin County Court of Common Pleas and, the Court understands, is presently set for trial April 8, 2019. *O'Neal v. Ohio*, Case No. 18-cv-758.

2

previously given to their judicial estoppel claim. See *Fears v. Morgan*, 860 F.3d 881, 891-92 (6th Cir. 2017).

The Governor's announcement embodies excellent public policy. The burden is on the parties to this case and the Court to devise a means of carrying out that policy, of designing the future course of this consolidated case so as to maximize judicial economy (*e.g.*, by not litigating over matters that are practically moot), allowing Defendants to construct a revised protocol, and then adjudicating its constitutionality in a way that permits deliberate consideration, and not last-minute temporary restraining order proceedings.

Defendants are correct that, absent agreement on legal measures to restructure the litigation, it is only prudent to continue to prepare to litigate Plaintiff Jackson's preliminary injunction motion as presently scheduled. To begin discussions of how that probably wasted work can be avoided, the Court GRANTS in part Plaintiff Jackson's Motion. The case is scheduled for a telephone[3] status conference at 9:30 a.m. on Tuesday, February 26, 2019. Counsel shall participate by calling 888-684-8852. In accordance with past practice, the parties shall provide the Court with a joint proposed agenda not later than 9:00 a.m. on February 26, 2019.

February 22, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[3] While the Court would prefer an in-person conference and agrees that one will be needed in short order, the Court accepts Defendants' objection to meeting in person on such short notice (Resp. to Motion for Status Conf., ECF No. 2164, PageID 106670). An in-person conference should include the trial attorneys for each Plaintiff.