# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

:        Case No. 2:11-cv-1016

       Chief Judge Edmund A. Sargus, Jr.
       Magistrate Judge Michael R. Merz

This Order relates to All Plaintiffs

## ORDER FOR IN-PERSON STATUS CONFERENCE

       This consolidated case is hereby set for an in-person status conference at 10:00 A.M. on Thursday, March 7, 2019, in Courtroom 4 on the fifth floor of the Walter H. Rice Federal Building and United States Courthouse, 200 West Second Street, Dayton, Ohio 45402. All trial attorneys are required to attend unless excused on prior motion. Counsel are invited to review the provisions of S. D. Ohio Civ. R. 83.4 in that regard.

       Pending at the present time is Plaintiff Cleveland Jackson's Motion in Limine to Admit Prior Evidence and Testimony (ECF No. 2160). Defendants will respond to that Motion either in writing before the March 7 conference or orally at that conference.

       Plaintiffs seek clarification of the Decision and Order Granting in Part and Denying in Part Plaintiff's Motion for Protective Order (ECF No. 2074). Plaintiff shall forthwith attempt to reach agreement with Defendants about the steps they wish to take regarding the subject matter of that

Order. In the absence of agreement, Plaintiff shall forthwith seek relief from the Court. When a motion for that relief is filed, the Court will set a response date.

With the agreement of the Defendants, all deadlines set herein in the Scheduling Order regarding Plaintiff Cleveland Jackson's request for preliminary injunctive relief (ECF No. 2154) that expire between today and March 14, 2019, are VACATED and will be re-set as necessary.

As the Court has previously noted, Governor Mike DeWine has initiated the process of revising the Execution Protocol and expressed his intention that there be no more executions in Ohio until a new protocol has been adopted (ECF No. 2165, PageID 106673). Having strongly commended this policy initiative of the Governor, the Court wrote further:

> The burden is on the parties to this case and the Court to devise a means of carrying out that policy, of designing the future course of this consolidated case so as to maximize judicial economy (e.g., by not litigating over matters that are practically moot), allowing defendants to construct a revised protocol, and then adjudicating its constitutionality in a way that permits deliberate consideration, and not last-minute temporary restraining order proceedings.

*Id.* at PageID 106675.

In the absence of a proposal from the parties at the February 26, 2019, status conference, the Court proposed that the parties agree to a stay of executions until the ODRC has adopted a new protocol and the constitutionality of that protocol has been adjudicated here. This would empower Defendants to take whatever time is needed to revise the current protocol without consuming judicial resources, attorney time and party attention to any other matter in the litigation pending that outcome. Such an order need not include all plaintiffs, but could reasonably be limited to those executions now scheduled within whatever period of time ODRC estimates is needed for the revision process, with the possibility of expanding or contracting the number of covered plaintiffs

as events dictate.  The Court respectfully requests this proposal be presented by counsel to the parties in time for agreement to be reached at the March 7th conference.

## Additional Matter

On December 12, 2018, Chief Judge Sargus adopted the Magistrate Judge's recommended disposition of Defendants' Motion to Dismiss.  On December 18, 2018, the Magistrate Judge urged the parties "to consider moving for a partial judgment under Fed. R. Civ. P. 54 so that a decision of the Sixth Circuit on the many issues raised in Defendants' Motion to Dismiss can be obtained."  The Court set a deadline of December 28, 2018, for such a motion, but none was filed.  The topic of such a motion for partial final judgment fits well with the general topic of structuring the future of this litigation and will be a topic for discussion on March 7.  The Court is fully prepared to re-set that deadline.

February 26, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge