# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

:     Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to Cleveland Jackson

---

# CLARIFICATION OF THE RECORD REGARDING THIRD-PARTY SUBPOENA

---

This capital § 1983 litigation is before the Court on the Opposition of Interested Party Ohio State Board of Pharmacy to Motion for Leave to Conduct Discovery (ECF No. 2194). This filing opposes Plaintiff Cleveland Jackson's Motion for Leave to Take Rule 30(b)(6) Deposition of Third-Party Governmental Agency Ohio State Board of Pharmacy and for Discovery of Documents, Electronically Stored Information, or Tangible Things (ECF No. 2189).

This consolidated case came on for status conference by telephone on April 15, 2019. Although Attorney Henry Appel was identified during the call as the attorney who would be representing the Board of Pharmacy with respect to this case, he did not participate in the call. The Motion for Discovery was a listed topic for the conference. During the call, the Court asked if any of the existing parties opposed the Motion and was told that they did not. The Magistrate Judge accordingly granted the Motion orally. Because the transcript of the conference has not yet been filed, the Magistrate Judge has not yet reduced that order to writing, but does so now. It was agreed

during the conference that the proper procedure for hearing any objections the Board of Pharmacy might have would be to have Plaintiff Jackson serve a subpoena on the Board and file a return of service, whereupon the Court would set a date for the Board to file any objections in the form of a motion to quash or modify. Having confirmed that process with all the participating counsel, the Court believes it should proceed in that way.

Accordingly, the Motion for Discovery is GRANTED. Plaintiff Jackson shall as promptly as possible serve a subpoena on the Board of Pharmacy and file proof of service with the Court. When that is done, the Court will set a date for response from the Board of Pharmacy. To be clear, the Court will not adjudicate any objections the Board of Pharmacy has on the basis of its Opposition, but only on a motion to quash or modify.

April 17, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge