# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re:  OHIO EXECUTION
  PROTOCOL LITIGATION,

                            :      Case No. 2:11-cv-1016

                                 Chief Judge Edmund A. Sargus, Jr.
                                 Magistrate Judge Michael R. Merz

This Order relates to Cleveland Jackson

---

## OPINION AND SCHEDULING ORDER

This consolidated capital § 1983 litigation is before the Court on Plaintiff's Proposed Preliminary Injunction Litigation Schedule (ECF No. 2200), Defendants' Response (ECF No. 2202), and Jackson's Response (ECF No. 2205).

In August 2018, Plaintiff Warren Henness was the next Plaintiff in this consolidated case set to be executed with a scheduled date of February 13, 2019. On August 30, 2018, the Court set a schedule to complete litigation of his preliminary injunction motion in mid-December (ECF No. 1914). That schedule was met; the Court took evidence December 11-14, 2018, and filed a Decision a month later on January 14, 2019[1] (ECF No. 2133). Henness promptly appealed, and his case is pending before the Sixth Circuit as Case No. 19-3064. Because Henness has been reprieved to September 12, 2019, the Court of Appeals has seven months more to consider the

---

[1] The Magistrate Judge was able to file a Decision instead of a report and recommendations because Henness and Defendants had unanimously consented to plenary Magistrate Judge jurisdiction under 28 U.S.C. § 636(c) (ECF No. 1912), as had prior Plaintiffs Phillips, Otte, Tibbetts, Campbell, and Van Hook. This process eliminates the month-long delay provided in Fed.R.Civ.P. 72 for objections and responses.

appeal than this Court expected it to have when the schedule was set.  At present, briefing on the appeal is set to be complete by July 19, 2019.

Following that same pattern, on January 2, 2019, because Plaintiff Cleveland Jackson's execution was then set for May 29, 2019, the Magistrate Judge ordered the parties to propose a preliminary injunction litigation schedule (ECF No. 2128), and a schedule was entered February 6, 2019 (ECF No. 2154).

Then on February 19, 2019, Governor DeWine publicly announced that there would be no more executions in Ohio until a new protocol had been adopted.  The parties jointly agreed to vacate the Cleveland Jackson schedule and the Court did so (ECF No. 2167).

Unfortunately, the parties have been unable to agree on much since then.  On March 7, 2019, the Governor reprieved Cleveland Jackson to November 13, 2019 (ECF No. 2180)[2]. However, Defendants were unwilling to accept the Court's suggestion of a stay of these proceedings and any executions pending adoption of a new protocol (Mar. 7, 2019, Trans., ECF No. 2183, PageID 106724).  As of the April 30, 2019, status conference, the Plaintiff's counsel were lamenting "being forced to litigate his claims in a preliminary injunction context at all, rather than in a merits trial." (ECF No. 2200, PageID 106893).  For their part, Defendants' counsel pronounced themselves unwilling even to discuss a stay until after the Sixth Circuit decides Henness' appeal (Email from Charles Schneider to Allen Bohnert, Apr. 29, 2019).

In *Bucklew v. Precythe*, 139 S.Ct. 1112, (2019), Justice Gorsuch wrote:  "The proper role of courts is to ensure that method-of-execution challenges to lawfully issued sentences are resolved fairly and expeditiously." *Id.* at 1134.  Dissenting, Justice Sotomayor also wrote about the

---

[2] The Governor also reprieved Kareem Jackson to January 16, 2020; and Gregory Lott to March 12, 2020.

processing of these cases:  "The only sound approach is for courts to continue to afford each request for equitable relief a careful hearing on its own merits."  *Id.* at 1147.

Both opinions support the course this Court has taken with method-of-execution cases. They have all been consolidated on one judge's docket, allowing for consistency of management over time.  Our practice is consistent with Fed.R.Civ.P. 16, which has been repeatedly amended since its adoption to encourage more and more active case management by judges.  See particularly Fed.R.Civ.P. 16(a)(2) ("establishing early and continuing control so that the case will not be protracted . . .).

In theory, it is within the equitable power of the district courts either to stay executions to allow orderly consideration of issues or to dismiss late challenges that are viewed as manipulative. In practice, they have little discretion over the timing of challenged executions.  Bucklew himself filed the challenge that the Supreme Court ultimately heard only twelve days before his scheduled execution, but with the concurrence of the United States Court of Appeals for the Eighth Circuit and the Supreme Court, that execution was delayed more than five years.  In contrast, the case reports are full of instances where appellate courts have vacated stays out of deference to state-scheduled execution dates.  In practice, "death is different" from other equity cases and execution dates set by states cannot readily be adjusted by the lower courts.

Given the uncertainty of state policy, and our lack of practical discretion to modify execution dates, the Court believes it is improvident to delay scheduling this case.  Jackson has an execution date which this Court must treat as fixed until it is lawfully changed.   It is therefore ordered that the parties abide by the following schedule:

| Event | Deadline |
|---|---|
| Memorandum in opposition to Motion to Quash Subpoena of the Ohio State Board of Pharmacy | May 10, 2019 |
| Deposition of the Ohio State Board of Pharmacy | May 16, 2019 |
| Jackson Motion to Amend Individual Supplemental Complaint | May 24, 2019 |
| Defendants' response due | June 3, 2019 |
| Jackson's reply due | June 20, 2019 |
| Defendants' answer to amended individual supplemental complaint | To be set if amendment allowed |
| Jackson's Amended Motions for:  (a) Preliminary Injunction; (b) Stay of Execution; (c) Evidentiary Hearing; (d) Court order regarding execution day procedures | June 21, 2019 |
| Defendants' responses due | July 2, 2019 |
| Jackson's reply due | July 9, 2019 |
| Jackson's disclosure of lay and expert witnesses | July 2, 2019 |
| Defendants' disclosure of lay and expert witnesses | July 16, 2019 |
| Disclosure of rebuttal witnesses | July 23, 2019 |
| Motions by either party to conduct additional discovery | July 23, 2019 |
| Memoranda in opposition | July 26, 2019 |
| Motions by either party to admit prior testimony as evidence for consideration in Jackson's case | July 30, 2019 |
| Memoranda in opposition | August 2, 2019 |
| Motions in limine by either party | August 7, 2019 |
| Memoranda in opposition | August 13, 2019 |
| Reply memoranda | August 16, 2019 |
| Oral argument, if the Court deems necessary, on motions in limine | August 20, 2019 |

| | |
|---|---|
| Filing and exchange of exhibits for evidentiary hearing | September 6, 2019 |
| Filing and exchange of final witness lists | September 13, 2019 |
| Exhibit binders to be delivered to the Court | September 20, 2019, before noon |
| Hearing on Motion for Preliminary Injunction, if the Court grants a hearing. | September 24-25, 2019 |

Lay witnesses must be identified with a description of the substance of the testimony they are expected to provide. Disclosures of expert witnesses must include: (a) a curriculum vitae; (b) a report of their conclusions; and (c) a synopsis of expected testimony.

This order makes no provision for identifying witnesses or documents relating to the execution of Warren Henness, presently scheduled to occur September 12, 2019, or for any modification based on the decision of the Sixth Circuit in Henness's case. The parties are expected to bring any such evidence or modification of the law to the Court's attention as promptly as possible.

This Order creates a schedule for litigating Jackson's scheduled execution as if it were to go forward under the October 7, 2016, version of DRC Policy 01-COM-11. Although Defendants' counsel has advised that ODRC expects to announce a new protocol within "a few weeks" no other details were forthcoming. Will the new protocol be an alternative to the current version? Will it provide that the inmate can choose or will choice of which protocol to use be up to ODRC? Will the new protocol feature a non-injection method such that legislative approval will be needed? In short too many contingencies are possible to allow scheduling of any new protocol litigation at this time.

This Order may be modified only on motion and for good cause shown.

May 7, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge