# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

: Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to Plaintiffs James Galen Hanna,
Kareen Jackson, and Melvin Bonnell

## SCHEDULING ORDER

As of the date of this Order, the following relatively imminent executions of death row inmates whose 42 U.S.C. § 1983 challenges to the method of their execution have been consolidated under the above case number:

| | |
|---|---|
| Warren Henness | September 12, 2019 |
| Cleveland Jackson | November 13, 2019 |
| James Hanna | December 11, 2019 |
| Kareem Jackson | January 16, 2020 |
| Melvin Bonnell | February 12, 2020[1]. |

Since the undersigned assumed case management responsibilities for this matter, preliminary injunction motions have been litigated with respect to former Plaintiffs Ron Phillips, Raymond Tibbetts, Alva Campbell, Gary Otte, and Robert Van Hook. In each of those cases, the

---

[1] Execution Schedule at http://drc.ohio.gov as visited July 17, 2019.

1

Court adjudicated Plaintiffs' claims as they related to the version of the Execution Protocol, 01-COM-11, that became effective October 7, 2016.  In each of those cases, as is also true of Warren Henness and Cleveland Jackson, the parties unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c), and Chief Judge Sargus referred the cases on that basis so that appeals have been directly to the United States Court of Appeals for the Sixth Circuit, rather than on objections to a Report and Recommendations under 28 U.S.C. § 636(b).  Proceeding in this manner has allowed the parties to bring their appeals to the Sixth Circuit at least twenty-eight days earlier than if they had not consented.  Fed.R.Civ.P. 72(b).  This extra time has been particularly important, as the Sixth Circuit and United States Supreme Court have been loath to issue or affirm stays *pendente lite* for inmates with set execution dates who have also moved for injunctive relief.  *See Price v. Dunn*, No. 18-1249, 139 S.Ct. 1533 (Mem.) (2019) (Thomas, J., concurring in denial of certiorari).

At the present time, scheduling of preliminary injunction litigation as to future executions is complicated by a number of factors:

1. On January 14, 2019, the Court denied preliminary injunctive relief to Warren Henness (ECF No. 2133).  At the time, Henness's execution was scheduled for February 13, 2019.[2] Henness appealed, but no court has stayed his execution pending appeal. Instead, on January 25, 2019, Defendant Governor DeWine reprieved Henness to the date currently set, September 12, 2019 (ECF No. 2146-3).

2. On February 19, 2019, Governor DeWine "announced that there would be no more executions in Ohio until a new protocol had been adopted, legally challenged, and then found constitutional by the courts" (Scheduling Order, ECF No. 2165, quoting Andrew J. Tobias, *Gov.*

---

[2] Execution Schedule at http://drc.ohio.gov as visited August 7, 2018.

2

*Mike DeWine freezes all Ohio executions while new method developed*, CLEVELAND PLAINDEALER, Feb. 19, 2019[3]). As of February 22, 2019, however, Defendants had reported to the Court that they "have no timeframe for or details about any potential revision of the protocol to provide to the Court or Plaintiff at this time." (ECF No. 2165, quoting ECF No. 2164, PageID 106671). On March 7, 2019, the Governor reprieved Plaintiff Cleveland Jackson's execution from May 29, 2019, to the currently-set date of November 13, 2019, and Plaintiff Kareem Jackson's execution from July 10, 2019, to January 16, 2010 (ECF No. 2180-1, 2180-2). There have been no further relevant reprieves since that date.

3. As of the July 16, 2019, status conference, the Defendants' counsel had nothing to report on adoption of a revised protocol and was unwilling to disavow use of the present protocol which the Defendants have vigorously defended on appeal of the Henness decision (*Henness v. DeWine*, 6th Cir. Case No. 19-3064, Appellee Brief, ECF No. 33). Briefing of that appeal will not be complete until July 19, 2019, and both sides have requested oral argument (Appellant Brief, ECF No. 29; Appellee Brief, ECF No. 33). Thus, it is imprudent to project when there may be a decision from the Sixth Circuit, much less how that decision may impact the future of this litigation.

4. The Clerk has not yet received notice from the parties in the Hanna, Kareem Jackson, or Bonnell matters of a decision on whether or not to consent to plenary magistrate judge jurisdiction[4]. It is therefore only prudent to assume that the Magistrate Judge will hear any preliminary injunction motions in these three cases on a report and recommendations basis. This requires allowing more time for the objection process under Fed.R.Civ.P. 72(b).

---

[3] Although this quotation is from a media account rather than a written state document, Defendants have not questioned its accuracy

[4] The Defendants, through counsel, have criticized the Magistrate Judge for suggesting consent (6th Cir. Case No. 19-3064, ECF No. 22, PageID 4). That process has, however, been approved both by Congress (28 U.S.C. § 636 (c)(2)) and by the Supreme Court (Fed.R.Civ.P. 73(b)(2)).

Given these complicating factors, it is hereby ORDERED that Plaintiffs Hanna, Kareem Jackson, and Bonnell file any motion for preliminary injunctive relief not later than September 3, 2019.

July 17, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge
