# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: OHIO EXECUTION** | : | |
| **PROTOCOL LITIGATION** | : | Case No. 2:11-cv-1016 |
| | : | |
| | : | Chief Judge Edmund A. Sargus, Jr. |
| | : | |
| **This document relates to:** | : | Magistrate Judge Michael R. Merz |
| **Plaintiff Cleveland Jackson** | : | |

## STATE ACTOR DEFENDANTS' MOTION FOR A PROTECTIVE ORDER CONCERNING DOCUMENTS SUBMITTED ON JULY 19, 2019 FOR *IN CAMERA* INSPECTION

Consistent with the Court's order of July 17, 2019 (ECF No. 2273), State Actor Defendants move for a protective order to shield from disclosure documents withheld by Defendants on grounds of privilege and submitted to the Court for in camera inspection. A memorandum in support follows.

Respectfully submitted,

**DAVE YOST**
Ohio Attorney General

*s/ Charles L. Wille*
CHARLES L. WILLE (0056444)*
    *Trial Attorney*
Assistant Attorney General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
T: (614) 728-7055;  F: (614) 728-9327
Charles.Wille@ohioattorneygeneral.gov
COUNSEL FOR DEFENDANTS

**MEMORANDUM IN SUPPORT**

I. Introduction

On July 17, 2019, the Court ordered State Actor Defendants to submit for *in camera* inspection documents which Defendants have withheld from production in discovery based on grounds of privilege. The documents are identified in a privilege log (ECF No. 2234) filed by Defendants on June 25, 2019. Consistent with the Court's July 17, 2019 order, Defendants herein address the bases upon which they have withheld the documents from production. As the Court's *in camera* inspection will verify, the submitted documents consist of or are related to communications by or with Stephen Gray, Chief Legal Counsel for the Ohio Department of Rehabilitation and Correction (ODRC). The communications and documents are related to this litigation, and two such communications were prepared in consideration of possible changes to execution procedures, a quintessential example of an executive deliberative process.

In a "nutshell," Defendants respectfully submit that their claims of privilege are substantiated and justified by previous orders in this case. As more fully explained below, the Court has consistently found that communications by ODRC's general counsel and related documents constitute privileged attorney-client communications or attorney work product not subject to disclosure in discovery. And, the communications regarding ODRC's recent consideration of possible changes in execution procedures fall squarely within the privilege protecting the State's deliberative process. Accordingly, the Court should sustain Defendants' claims of privilege and protect the documents from disclosure.

**II.     Defendants' claims of privilege are substantiated and justified by previous decisions of the Court.**

In 2010, Defendants withheld numerous privileged e-mail communications between Gregory Trout, then Chief Counsel of ODRC, and other ODRC and executive officials. *See* Case No. 2:04-cv-1156, Privilege Log, ECF No, 774-1, PageId#: 16884. The withheld documents included e-mails between then ODRC Director Terry Collins, Mr. Trout and Kent Markus, counsel for Governor Strickland; as well as e-mails between Mr. Trout and other ODRC officials, including Edwin Voorhies. *Id.*, pages 1, 33, 42-45. *See also Id.*, Notice of Filing Under Seal of drafts of Defendants' execution protocol and drafts of an affidavit prepared by former Director Collins, ECF No. 794, PageId#: 17020. After *in camera* inspection of the documents, the Court sustained Defendants' claims of privilege. *Cooey v. Strickland*, 269 F.R.D. 643, 2010 U.S. Dist. LEXIS 92856 (S.D. Ohio 2010).

**The next year,** in 2011, the Court again sustained Defendants' claim of privilege in withholding "voluminous documents" some of which included the handwritten notes of Mr. Trout. The Court reasoned:

> Central to the Court's review has been "the fact that the [attorney-client] privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981). Also of importance to the Court's inquiry has been the work-product privilege or doctrine, which serves to protect from discovery documents prepared for anticipated litigation or trial. *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009).

Case No. 2:04-cv-1156, Order, ECF No. 1002, filed 09/19/11, PageId#: 27280.

Finally and most recently, the Court sustained Defendants' objection to producing the written statement of ODRC employee Larry Greene, which related to the execution of Inmate Gary Otte.  Defendants maintained that the statement was privileged on the ground that it was prepared at the direction of ODRC Chief Counsel Stephen Gray in connection with this litigation, and therefore was attorney work-product protected from production by Fed. R. Civ. P. 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495 (1947).  The Court agreed, after conducting an *in camera* inspection and finding the statement "to be what Mr. Gray represented."  Order, ECF No.  1292, PageId#: 47212-47213; see also Order, ECF No. 1325, PageId# 49090 (Court found other similar witness statements to be protected from disclosure as attorney work product).

In sum, Defendants' claims of privilege are substantiated and justified by the analysis and reasoning of previous decisions of the Court.

## II. Defendants have properly withheld documents under the deliberative process privilege.

The deliberative process privilege protects from discovery "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated."  *EEOC v. Burlington N. & Santa Fe Ry. Co.*, 615 F. Supp. 2d 717, 719 (W.D. Tenn. 2009), quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975).  The privilege protects internal communications of a governmental agency when they are deliberative in nature, but not when they are purely factual.  *Id.*, citing *Sears*, 421 U.S. at 149. The policy rationale behind this privilege is to promote effective governmental decision making by maintaining a free

and open exchange of ideas among government officials. *Id.*, at 717-720, citing *Missouri ex rel. Shorr v. United States Army Corps of Eng'rs*, 147 F.3d 708, 710 (8th Cir. 1998). The privilege "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." *Id.* at 720.

Defendants have withheld, under the deliberative process privilege, communications and documents setting forth information concerning possible revisions to Defendants' execution protocol. As such, the documents fall squarely within the privilege. Defendants believe that release of the communications would expose the executive branch's decision-making process in such a way as to discourage open and candid discussion within the executive branch and thereby undermine the government's ability to perform its functions. *See EEOC v. Texas Hydraulics, Inc.*, 246 F.R.D. 548, 551 (E.D. Tenn. 2007). Accordingly, Defendants respectfully submit that they have properly invoked the deliberative process privilege to withhold the identified documents.

**III. Conclusion**

For all the foregoing reasons, the Defendants request that this Court sustain Defendants' claims of privilege.

Respectfully submitted,

**DAVE YOST**
Ohio Attorney General

*s/ Charles L. Wille*
CHARLES L. WILLE (0056444)*
    *Trial Attorney*
Assistant Attorney General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
T: (614) 728-7055;  F: (614) 728-9327
Charles.Wille@ohioattorneygeneral.gov
COUNSEL FOR DEFENDANTS

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Motion for Protective Order* was filed electronically this 19th day of July, 2019.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Charles L. Wille*
CHARLES L. WILLE (0056444)
Assistant Attorney General