**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

In re: OHIO EXECUTION
PROTOCOL LITIGATION,

:     Case No. 2:11-cv-1016

       Chief Judge Edmund A. Sargus, Jr.
       Magistrate Judge Michael R. Merz

This Order relates to Plaintiff Warren Henness

---

## ORDER ON RECONSIDERATION

This case is before the Court on the State Actor Defendants' Motion for Reconsideration (ECF No. 2279) of the Court's Order of July 16, 2019, that Defendants' co-counsel Charles Schneider provide Governor DeWine, a Defendant in this case, with a copy of the Appellees Brief in *Henness v. Dewine,* (6th Cir. Case No. 19-3064), and certify to the Court that he had done so (ECF No. 2279).

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).

Defendants present none of these three factors in seeking reconsideration and in fact did not object when the Court raised the issue at the July 16, 2019, status conference[1]. Nonetheless, the Order was entered *sua sponte*, involves a simple matter, and puts little demand at all on "scarce judicial resources," so the Court will certainly reconsider it.

As an alternative to Mr. Schneider's presenting the Brief to Governor DeWine, Defendants offer the Affidavit of the Governor's Chief Legal Counsel Matthew J. Donahue as to his involvement with this case (ECF No. 2279-1). The Motion twice asserts that the Donahue Affidavit establishes that Governor DeWine has been furnished with a copy of the Appellee Brief, but Mr. Donahue's Affidavit does not say that. Instead Mr. Donahue speaks of several claimed privileges covering communications between the Governor's Legal Counsel's Office and the Attorney General's Office and particularly with the attorneys representing the Governor in this lawsuit. Mr. Donahue concludes:

> Both I and my staff have been given access to documents filed in Case NO. 19-3064. Section Chief Charles Schneider consistently and I believe fully communicates with myself and my staff on regular basis as to this matter. I am specifically personally satisfied with the communications and representation that Section Chief Schneider has provided and in general I am personally satisfied with the communications and representation that Ohio Attorney General's Office has provided in this matter.

(Donahue Affidavit, ECF No. 2279-1, ¶ 13, PageID 110865).

---

[1] When the subject was raised during the July 16, 2019, status conference,.Mr. Schneider said he would provide the Governor a copy without the need for an order (Transcript pending).

This Court has absolutely no intention of intruding on privileged communications between Mr. Donahue and Governor DeWine or between Mr. Donahue and personnel of the Criminal Justice Section of the Attorney General's Office, but the Order in question does not do that. It simply orders that the document be provided to the Governor and the fact of doing so be certified to the Court. The Order does not purport to order Governor DeWine to do anything and its does not seek disclosure of anything that might be said during the exchange.

The reason for the Order is this: After this Court entered its Decision and Order on Henness' Motion for Preliminary Injunction, Governor DeWine publicly announced that he had directed the development of a new execution protocol and that there would be no further executions in Ohio until a new protocol was in place.[2] While the cited source is hearsay, Mr. Schneider has repeatedly confirmed its accuracy on the record.

However, the Court perceives the position Defendants have taken on appeal in this case to be inconsistent with that announcement. Among other things, Defendants have vigorously defended the existing protocol and criticized the undersigned for suggesting a stay of this litigation until the Governor's directions are carried out, as if it were somehow the undersigned's personal agenda rather than that of the Governor (See Response in Opposition to Request to Extend Briefing Schedule and Appellee Brief 6th Cir. Case No. 19-3064, respectively ECF Nos. 22 and 37). The Court merely wishes to ensure that the Governor has had an opportunity to see for himself whether he perceives this inconsistency.

Given the above considerations, the Motion for Reconsideration is GRANTED and the Order to Provide Copy is MODIFIED as follows: Chief Legal Counsel Donahue is ORDERED to

---

[2] (Scheduling Order, ECF No. 2165, quoting Andrew J. Tobias, *Gov. Mike DeWine freezes all Ohio executions while new method developed*, CLEVELAND PLAINDEALER, Feb. 19, 2019)..

3

provide the Governor forthwith with either the Appellee Brief **or** the Response in Opposition to Request to Extend Briefing Schedule[3] **and** a copy of this Order and certify to the Court that he has done so.

Provided that is done, Mr. Schneider is discharged from further action to comply with the Order to Provide.

July 22, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[3] The latter document is much shorter but displays the apparent inconsistency with which the Court is concerned.