## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **IN RE: OHIO EXECUTION PROTOCOL LITIGATION**<br><br>**This document relates to: PLAINTIFF CLEVELAND JACKSON** | **Case No. 2:11-cv-1016**<br><br>**CHIEF JUDGE EDMUND A. SARGUS, JR. Magistrate Judge Michael R. Merz**<br><br>**DEATH PENALTY CASE:**<br><br>**Execution date scheduled for November 13, 2019** |

### Plaintiff Cleveland Jackson's Motion For Leave to
### Conduct Further Discovery

Plaintiff Cleveland Jackson respectfully seeks leave to conduct additional discovery regarding matters asserted in his Second Amended Individual Supplemental Complaint (ECF No. 2227, PageID 107587–958) that would be the subject of his amended motion for injunctive relief (ECF No. 2242).

As explained more fully below, Jackson seeks leave to depose, as necessary, the relevant lay and expert witnesses that Defendants disclose to the Court tomorrow, July 24, 2019.  Defendants' Opposition to Jackson's First Motion to Conduct Discovery (ECF No. 2282) makes clear that Defendants intend to seek discovery regarding Jackson's alleged alternatives, presumably from the expert witnesses he identified.  Although the Court's schedule provides that Defendants shall disclose their expert and lay witnesses tomorrow, Jackson must seek leave to conduct discovery today.  Accordingly, he files this request preemptively, to ensure that, like Defendants, he is

"afforded a reciprocal opportunity to conduct comparable additional discovery," (Defs.' Opp., ECF No. 2282, PageID 110871).[1]

As noted in Jackson's first Motion to Conduct Discovery (ECF No. 2266), Defendants' Answer (ECF No. 2232) to Jackson's Second Amended Individual Supplemental Complaint (ECF No. 2227) fails to genuinely narrow the issues in dispute. Defendants refused to admit even the most uncontroversial of propositions—such as, for example, the fact that a firing squad method of execution was used to execute Ronnie Lee Gardner of Utah in 2010. Instead, Defendants insisted repeatedly that "[b]ecause Defendants have never conducted an execution utilizing this proposed alternative, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and therefore deny them. Defendants otherwise deny the allegations set forth in this Sub-Section." (*See* Defs.' Answer, ECF No. 2232, PageID 107988–90). As also noted in Jackson's first Motion, additional informal efforts to obtain the necessary information were likewise rebuffed.

Accordingly, Jackson's First Motion sought leave to take discovery, pursuant to Fed. R. Civ. P. 30, 33, 34, and 36. He sought the following:

- to propound written discovery on Defendants, by way of and represented by Ron Erdos, Warden of the Southern Ohio Correctional Facility, including interrogatories, requests for admissions, and requests for production of documents (*see* Motion, ECF No. 2266, PageID 110681 & n.3; Ex. 1, ECF No. 2266-1);

---

[1] After the disclosure of the identities of Defendants' proposed witnesses, and in accordance with any Order from this Court, Jackson will supplement this Motion with more specific requests outlining the discovery he seeks and the topics on which he would take any deposition.

- to depose, under Rule 30(b)(6), a corporate representative of the Ohio Department of Rehabilitation and Correction ("ODRC") (*see id.* at PageID 110681);

- to depose Warden Erdos; Assistant Managing Director Edwin Voorhies; DRC Director Annette Chambers-Smith (*id.* at PageID 110681–82);

Defendants' Response did not substantively oppose these requests.  In fact, Defendants acknowledged that, if the Court finds that an evidentiary hearing is warranted for Jackson's Motion for Preliminary Injunction, Defendants "do not oppose Jackson's conduct [sic] of additional discovery, so long as Defendants are afforded a reciprocal opportunity to conduct comparable discovery."  (ECF No. 2282, PageID 110871.)

Referencing their opposition to Jackson's Motion for a Preliminary Injunction, Defendants instead offered a blanket rejection of Jackson's discovery requests on the basis that, "as a matter of law, Jackson cannot show that Defendants' execution procedures violate his rights under the Eighth Amendment."  (*Id.* at PageID 110870.)  Defendants' opposition is misguided: the Supreme Court's decision in *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019), expressly *declined* to impose a test of "intent" to inflict pain, *see id.* at 1125–26 (forbearing to so hold); and it explained that the question of "superadded" pain is one that can only be answered by reference to an alternative, *see id.* at 1126 ("To decide whether the State has cruelly 'superadded' pain to the punishment of death isn't something that can be accomplished by examining the State's proposed method in a vacuum, but only by 'compar[ing]' that method with a viable alternative." (citation omitted)).  (*See also* Jackson Reply in Support of Prelim. Inj. Mot., ECF No. 2276, PageID 110823–30.)

Even so, Defendants indicated their intent to seek further discovery of their own, specifically as to "Jackson's proposed alternative methods of execution," including the "types or kinds of alternatives he proposes," and "the specific procedures with which he proposes for carrying out each such alternative." (ECF No. 2282, PageID 110871.) Defendants will file their Motion to Conduct Discovery today. (*See id.*)

Jackson now also seeks leave to conduct such "reciprocal" discovery. Jackson notes that, in accordance with the Court's Scheduling Order, as modified, Defendants have not yet been required to disclose the expert and lay witnesses on which they intend to rely at any evidentiary hearing. (*See* ECF Nos. 2206 & 2235, as modified by oral order.) Nevertheless Jackson is also entitled to conduct parallel discovery, including possible depositions, of Defendants' lay and expert witnesses, with regard to the risk of pain posed to Jackson by Ohio's current Execution Protocol; Defendants' knowledge and understanding of that risk; the steps Defendants have taken to uncover and implement alternative methods of execution; whether Jackson's alleged alternatives would reduce the risks posed by the current protocol; whether such alternatives are available, feasible, and readily implemented, and whether the State has any justified, reasonable penological reason for refusing to use the alternative(s); the expert testimony on which Defendants intend to rely in arguing that Jackson's alleged alternatives are unavailable, infeasible, cannot be implemented, or don't reduce any risk compared to the current Protocol; and the lay witness testimony that might touch on the same. Like Henness

before him, Jackson seeks to know the full scope of Defendants' intended factual and legal contentions well in advance of a hearing on his injunctive relief motion, to avoid trial by ambush.

Jackson therefore seeks leave now, in compliance with this Court's deadline. The reasons supporting Jackson's request are substantially similar to this in his previously filed Motion. (*See* Motion, ECF No. 2266, PageID 110686–97.) Such discovery is undoubtedly relevant and squarely within the scope of Fed. R. Civ. P. 26(b)(1), as they provide information that goes to the heart of the legal inquiry outlined in *Bucklew*. *See, e.g.*, 139 S. Ct. at 1129. It would be limited to "nonprivileged matters." It would be proportional to the grave needs of this case, which is of the highest stakes both to Jackson and to the people of Ohio. Such information is accessible only to Defendants, but discovery could be conducted with little burden or expense. And there is little need for concern about Defendants' resources to respond. Further, none of the limitations imposed by Rule 26(b)(2)(C) would apply: the discovery would not be cumulative or duplicative; Jackson has had no other opportunity to obtain this discovery; and, as explained, it is within the scope of Rule 26(b)(1).

Because Cleveland Jackson's discovery requests are relevant to the issues that he has pleaded and must prove, and that this Court must resolve, under *Bucklew*, and for all the reasons articulated herein, and in his prior Motion (ECF No. 2266), this Court should grant Jackson leave to conduct further discovery. As noted above, Jackson will, as appropriate, supplement his discovery requests once Defendants disclose their witnesses.

Respectfully submitted,

**Deborah L. Williams**
Federal Public Defender

by

and

Randall R. Porter
Assistant State Public Defender
Office of the Ohio Public Defender
250 E. Broad Street - Suite 1400
Columbus, Ohio 43215-9308
Telephone: (614) 466-5394
Facsimile: (614) 644-0708
Email: Randall.Porter@opd.ohio.gov
Co-Counsel for Plaintiff Jackson

and

James A. King (0040270)
Porter, Wright, Morris & Arthur LLP
41 South High Street
Columbus, Ohio 43215
614-227-2051
614-227-2100 (fax)
Email: jking@porterwright.com
Co-Counsel for Plaintiff Jackson

**Counsel for Plaintiff Jackson**

*/s/ Allen L. Bohnert*
**Allen L. Bohnert (0081544)**
Trial Attorney for Plaintiff Jackson

and

David C. Stebbins (0005839)
Assistant Federal Public Defender
Supervising Attorney
Co-Counsel for Plaintiff Jackson

Lisa M. Lagos (0089299)
Paul R. Bottei (TN 17036)
Assistant Federal Public Defenders
Co-Counsel for Plaintiff Jackson

Adam M. Rusnak (0086893)
Research & Writing Attorney
Co-Counsel for Plaintiff Jackson

Office of the Federal Public Defender
for the Southern District of Ohio
Capital Habeas Unit
10 West Broad Street, Suite 1020
Columbus, Ohio 43215
614-469-2999
614-469-5999 (fax)
Allen_Bohnert@fd.org
David_Stebbins@fd.org
Lisa_Lagos@fd.org
Paul_Bottei@fd.org
Adam_Rusnak@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2019, I electronically filed the foregoing

**Plaintiff Cleveland Jackson's Motion For Leave to Conduct Further**

**Discovery** with the Clerk of the United States District Court for the Southern

District of Ohio using the CM/ECF system, which will send notification of such

filing to counsel in this case at the email addresses on file with the Court.


*/s/ Adam M. Rusnak*
Co-counsel for Plaintiff Jackson