# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION | : | Case No. 2:11-cv-1016 |
| | : | Chief Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Michael R. Merz |
| This document relates to:<br>    Plaintiff Cleveland Jackson | : | |

## DECISION AND ORDER DENYING MOTION TO QUASH OR MODIFY RULE 30(b)(6) SUBPOENA OF DEFENDANT OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS

This case is before the Court on Defendants' Motion to Quash or Modify the Fed.R.Civ.P. 30(b)(6) subpoena *ad testificandum* served upon Defendant Ohio Department of Rehabilitation and Corrections ("ODRC" or "DRC") ("Motion to Quash," ECF No. 2381). Jackson has filed a memorandum *contra* (ECF No. 2382, citing ODRC Subpoena, ECF No. 2370-1). For the reasons stated below, the Motion to Quash is DENIED.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 15, 2019, Jackson propounded discovery upon all Defendants through Defendant and Southern Ohio Correctional Facility ("SOCF") Warden Ron Erdos (Discovery Requests, ECF No. 2266-1). The parties agreed that all discovery requests would be submitted to "Erdos, who will provide answers that will be responsive as to all discovery recipients, and that any other State

1

Actor Defendants may provide additional individualized responses as applicable." *Id*. at PageID 110708 n.1. Pursuant to Fed.R.Civ.P. 34, Jackson made the following document requests

> **Demand For Production No. 1:**
>
> All documents, communications, and materials regarding or related to any actual or potential changes to ODRC's execution policies and procedures between January 1, 2016 and the present. This includes, but is not limited to, any documents, communications, and materials regarding or related to any effort to obtain any imported execution drugs or compounded execution drugs, and any correspondence or other documentation to or from any other agency, State or federal, regarding the possibility of obtaining or using imported execution drugs.
>
> **Demand for Production No. 2:**
>
> All documents, communications, and materials regarding or related to your responses to the Requests for Admissions and Interrogatories above. This includes, but is not limited to, all documents, communication [sic], and materials related to any of Plaintiff Jackson's alleged alternatives. This also includes any documents, communications, and materials related to the allegations and arguments asserted in the Brief of the States of Tennessee, Alabama, and Arkansas as Amicus Curiae in Support of State Appellees, *Henness v. DeWine*, 6th Cir. Case No. 19-3064, Doc. No. 35 (July 5, 2019).

*Id*. at PageID 110767.

In addition to discovery requests under Rules 33, 34, and 36, Jackson also listed two subject matters for an anticipated Rule 30(b)(6) deposition:

> Information regarding the "alternative execution manner or method" requirement under *Baze/Glossip/Bucklew*, as to Jackson's alleged first four alternative execution manners and methods in all respects. This includes, but is not limited to, matters related to the availability of his alleged alternatives, such as whether those alternatives are or should be with ordinary transactional effort accessible and readily implemented relatively easily and reasonably quickly. This also includes, but is not limited to, matters related to the comparative risks of severe pain and needless suffering posed by Ohio's current three-drug midazolam protocol and Jackson's alleged alternatives. This also includes, but is not limited to, DRC's knowledge about matters such as IV-injected overdoses of midazolam as used in

executions, the effects of those overdoses on the condemned inmates, and their intention to continue using the three-drug midazolam protocol rather than any other alternative.

Information regarding the factual bases for the arguments and allegations asserted in the Brief of the States of Tennessee, Alabama, and Arkansas as Amicus Curiae in Support of State Appellees, *Henness v. DeWine*, 6th Cir. Case No. 19-3064, Doc. No. 35 (July 5, 2019).

*Id*. at PageID 110768.

On August 6, the parties agreed that the Rule 30(b)(6) deposition of ODRC would take place the week of August 19, 2019 (Motion to Quash, ECF No. 2381, PageID 114842). On August 14, 2019, Defendants responded to Jackson's discovery requests, and Erdos signed the verification page on behalf of Defendants (ECF No. 2348, PageID 114453). On August 16, 2019, Defendants emailed counsel for Jackson, asking him to prepare and transmit a list of Rule 30(b)(6) deposition topics, "describ[ing] with reasonable particularity the matters for examination . . . by 4:00pm (sic) on Monday August 19, 2019." (ECF No. 2382-1, PageID 114858). At 4:23 p.m. on August 19, counsel for Jackson emailed counsel for Defendants with a copy of the subpoena *ad testificandum* it was serving on DRC (Subpoena, ECF No. 2370-1; Email, ECF No. 2382-2, PageID 114859-60). The subpoena listed the following topics for deposition: (1) "Defendants' purported answers provided in Defendant Erdos's Responses (ECF No. 2348) to Jackson's written discovery requests"; (2) "the effects of Ohio's current lethal injection protocol on the condemned inmate"; (3) the alternative methods alleged by Jackson, including their bases for claiming that the alternative methods of firing squad, shooting at the brainstem, secobarbital, and the four-drug combination are unavailable, not feasible or readily implemented, unlikely to significantly reduce the risk of severe pain and suffering vis-à-vis the current protocol, and any other reasons for which Defendants could not or would not implement those methods; and (4) "Matters related to the [ODRC's] identification of, and consideration and evaluation of, alternative methods of execution

3

other than the current three-drug protocol, . . . between January 1, 2016 and the present." (Subpoena, ECF No. 2370-1, PageID 114679-81). The subpoena also makes requests that four categories be produced at the deposition:

> 1. Records showing the number of firearms, of the type alleged in Plaintiff Jackson's alleged execution alternatives involving firing squad and shooting to the brain stem and any similar type firearms, in ODRC's possession, custody, or control.
>
> 2. Records showing the inventory of ammunition, of the type alleged in Plaintiff Jackson's alleged execution alternatives involving firing squad and shooting to the brain stem and any similar type of ammunition, in ODRC's possession, custody, or control.
>
> 3. Records identifying all employees of ODRC who are qualified with rifle training of the type similar to that reflected in Exhibit 6 or Exhibit 7 to the written discovery requests propounded on Defendant Erdos.
>
> 4. All documents, communications, and materials regarding or related to the identification of, and consideration and evaluation of, alternative methods of execution other than the current three-drug protocol, including matters related to the availability, feasibility, and/or implementation of any such methods, between January 1, 2016 and the present. This includes, but is not limited to, any documents, communications, and materials regarding or related to any effort to obtain any imported execution drugs or compounded execution drugs, and any correspondence or other documentation to or from any other agency, State or federal, regarding the possibility of obtaining or using imported execution drugs.

*Id*. at PageID 114681-82.

The subpoena commanded the appearance of the Rule 30(b)(6) designee on August 21, 2019, at 8:30 a.m. (Subpoena, ECF No. 2370-1, PageID 114676). During an August 20, 2019, status conference with the Court, counsel for Defendants identified Warden Erdos as the ODRC's Rule 30(b)(6) designee (Transcript pending). As the parties had previously agreed to depose Erdos under either Rule 30(b)(1) or 30(b)(6) on August 22, counsel for Jackson queried whether he needed to propound an amended subpoena upon ODRC; Defendants' counsel represented that that

would not be necessary. During the conference, Defendants' counsel did not indicate any objections to the subpoena.

**LEGAL STANDARDS**

The Federal Rules of Civil Procedure allow for broad, liberal discovery, including for depositions arising under Rule 30(b)(6):

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). However,

> [T]he court *must* limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed.R.Civ.P. 26(b)(2)(C) (emphasis added). District courts have broad discretion in determining the scope of discovery in a particular case. *Anwar v. Dow Chem Co.*, 876 F.3d 841, 854 (6th Cir. 2017). However, the Court

> [M]ust quash or modify a subpoena that:
>
> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden,

Fed.R.Civ.P. 45(d)(3)(A).

# ANALYSIS

### A. The subpoena was not untimely

Defendants argue that Jackson commanded a Rule 30(b)(6) designee to testify less than forty-eight hours after service of the subpoena, and claims that "[f]ederal courts have frequently found compliance time periods of a week or less to be unreasonable." (Motion to Quash, ECF No. 2381, PageID 114844 (citations omitted)). They also claim that "Plaintiff agreed to the deposition schedule on August 6, yet waited nearly two weeks—until August 19—two days before the scheduled deposition to identify subject matters for examination." *Id*. Given that Defendants' counsel "have expended considerable time and effort with Mr. Erdos preparing him for deposition on the subject matter of the [Jackson discovery] requests and his responses as the ODRC representative[,]" they claim "there simply is not reasonable time for ODRC to comply with the subpoena to identify and prepare Mr. Erdos and/or other ODRC representatives to testify about the other three subject matters identified in the subpoena." *Id*. Consequently, they ask that the subpoena be modified such that Erdos be required to testify only as to Topic One (Defendants' responses to discovery requests). *Id*. at PageID 114845.

Defendants have known for more than a month that Jackson intended to depose an ODRC

representative on the "'alternative execution manner or method' requirement under *Baze/Glossip/Bucklew*" as to the firing squad, shooting at the brainstem, the secobarbital method, and the four-drug method. "This also includes, but is not limited to, matters related to the comparative risks of severe pain and needless suffering posed by Ohio's current three-drug midazolam protocol and Jackson's alleged alternatives (Discovery Requests, ECF No. 2266-1, PageID 110768). The scope of that request necessarily entails the effects that the current three-drug protocol has on an inmate (Topic Two) and the relative availability, feasibility, and efficacy of the alternative methods, and how readily they can be implemented (Topic Three) (Subpoena, ECF No. 2370-1, PageID 114679-80). Additionally, the document requests concern Jackson's asserted alternative methods, and any changes to "ODRC's execution policies and procedures between January 1, 2016[,] and the present." (Discovery Requests, ECF No. 2266-1, PageID 110767). These requests necessarily bear on ODRC's evaluation of any actual or potential method of execution besides that currently set forth in 01-COM-11 (as amended October 7, 2016) (Topic Four). Most importantly, Erdos himself swore that he reviewed the discovery requests on behalf of ODRC no later than August 14 (Discovery Responses, ECF No. 2348, PageID 114453). To claim, as Defendants do, that they have been blindsided by the subpoena topics is disingenuous at best, and the Court declines to quash or modify the subpoena based on that argument.

**B. The subpoena is neither overly broad nor unduly burdensome**

Defendants claim that Topics Two, Three, and Four "are overly broad as stated" and fall short of the "painstaking specificity" required in a Rule 30(b)(6) deposition motice (Motion to Quash, ECF No. 2381, PageID 114845, quoting *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008)). Defendants make no supporting argument in the Motion to Quash, and

contrary to their claim, Topic Three is set out in painstaking detail over two pages (Subpoena, ECF No. 2370-1, PageID 114679-80), and Topic Four's express emphasis of attempts to procure lethal injection drugs, *id.* at PageID 114680-81), both narrows the focus of the Topic and is largely identical to the document requests made by Jackson on July 15 (Discovery Requests, ECF No. 2266-1, PageID 110767). Defendants, in responding to that request, did not specifically object that it was overly broad or unduly burdensome[1]; their specific response was, *in toto*: "All documents have been produced or identified in privilege log." (Discovery Responses, ECF No. 2348, PageID 114451). As to Topic Two, Jackson is correct that "the question of the effects of the drugs in Ohio's current three-drug protocol is not a new one in this litigation." (Memo. in Opp., ECF No. 2382, PageID 114855). It strains credulity that Defendants have not been preparing Erdos for precisely this topic.

"Defendants maintain that Plaintiff's subpoena and proposed deposition is unduly burdensome, in seeking information which Defendants do not have and cannot reasonably obtain." (Motion, ECF No. 2381, PageID 11486). The gravamen of Defendants' argument is that, because firing squad and shooting are not authorized methods of execution under Ohio law, they "have no information upon which to verify or concede the feasibility of the specific procedures proposed by Plaintiff. To acquire such information would require study and testing which Defendants have never done and have never been required to do." *Id.*

At the outset, the Court notes that this argument has no bearing on any of the deposition topics except for Topic Three as it relates to those firing squad and shooting methods. Moreover, those alternative methods were subject to interrogatories and requests for admission under Rules 33 and 36, and Jackson's document requests sought any documents relating to Defendants'

---

[1] Defendants did make a general objection to that effect (Discovery Responses, ECF No. 2348, PageID 114404), a practice which is inadequate under Rule 34(b)(2)(B-C).

answers to his interrogatories and requests (Discovery Requests, ECF No. 2266-1, PageID 110767). Again, Defendants did not specifically object to this document request, stating only that "Defendants have no responsive documents." (Discovery Responses, ECF No. 2348, PageID 114452). Defendants have also chosen not to name an expert as to the feasibility and efficacy of the firing squad and shooting methods, and have refused to enter in any stipulation regarding those methods (Memo. in Opp., ECF No. 2382, PageID 114855). Finally, in Defendants' answers to the requests for admission, they stated that they have not undertaken any efforts to ascertain the feasibility of either the firing squad or shooting method (See, e.g., Discovery Responses, ECF No. 2348, PageID 114408-10 ("Defendants state that a firing squad method is potentially theoretically feasible to implement, but have not researched the issue. . . . Defendants have not attempted to identify or obtain the personnel, resources, equipment and supplies necessary to successfully carrying out an execution using this method."). In sum, Defendants have left Jackson with no other avenue to obtain this discoverable information than the Rule 30(b)(6) deposition. In light of the above, it is axiomatic that the deposition and subpoena are not unduly burdensome.

### C. Defendants' objections as to requested documents are untimely, but protection of the information therein would be appropriate

"Defendants move to quash the subpoena for documents requested in categories nos. 1, 2 and 3, as that information is protected from disclosure. . . . All of these requests seek information that, if disclosed, would compromise the security and safety of ODRC prisons, its employees and offenders." (Motion, ECF No. 2381, PageID 114847). This is a repackaged "unduly burdensome" argument, and as discussed above, the documents requested in those categories were already subject to the document requests propounded upon Defendants (ECF No. 2266-1, PageID 110767).

Defendants raised no specific objections to the requests, stating that responsive documents: (a) did not exist; (b) were produced; or (c) were listed on a privilege log (Discovery Responses, ECF No. 2348, PageID 114451-52). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state *with specificity* the grounds for objecting to the request, including the reasons." Fed.R.Civ.P. 34(b)(2)(B). In other words, the plain language of the rule governing disclosure of documents suggests that general objections are insufficient, and Defendants do not cite caselaw to the contrary. Thus, Defendants are estopped from raising this "safety and security" argument now, and the Court refuses to quash that portion of the subpoena.

That said, Defendants' concerns as to ODRC safety and security do not appear on their face to be illegitimate. The Court encourages the parties to work together to produce a stipulated protective order or other stipulated protection that can balance ODRC's legitimate concerns and Jackson's legitimate entitlement to the requested documents.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Quash (ECF No. 2381) is DENIED. Defendants must comply in full with the subpoena, and the Rule 30(b)(6) deposition shall commence at 8:30 a.m. on August 22, 2019.

August 21, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge