# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| IN RE: OHIO EXECUTION<br>PROTOCOL LITIGATION | : | Case No. 2:11-cv-1016 |
| | : | Chief Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Michael R. Merz |
| This document relates to:<br>     Plaintiff Cleveland Jackson | : | |

# DECISION AND ORDER DENYING MOTION FOR PROTECTIVE ORDER

This case is before the Court on Plaintiff Cleveland Jackson's Motion for Protective Order Regarding Defendants' Notice of Deposition of Plaintiff Jackson (ECF No. 2377, citing Notice of Depo., ECF No. 2315). For the reasons stated below, the Motion is DENIED.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 22, 2017, Jackson and the other Plaintiffs in this case filed their Fourth Amended Omnibus Complaint, wherein they alleged that, for several reasons, the State of Ohio's three-drug execution protocol violates the Eighth Amendment to the United States Constitution, including because the protocol ensured or made very likely that all Plaintiffs would experience severe pain and suffering (FAOC, ECF No. 1252, PageID 45406, 45415-18). On June 13, 2019, Jackson filed a Second Amended Individual Supplemental Complaint, wherein he alleged that his

1

"history of obesity hypertension, high blood pressure and high cholesterol . . . increase the risk that he will experience a sure or very likely risk of serious harms of the type alleged throughout his Amended Complaint if subjected to execution via DRC Defendants' Execution Protocol." Moreover, he claimed that those conditions create "a sure or very likely risk that Plaintiff will be subjected to serious pain as Defendants attempt to achieve peripheral IV access on him during the execution process[.]" (SAISC, ECF No. 2227, PageID 107594-95, ¶¶ 1895-96).  He further claimed that his obstructive sleep apnea, "having been administered or using Remron, Celexa, Prozac, Benadryl, and Trazadone[,]" and history of "Brain Trauma, Post Traumatic Disorder, Anxiety, Depression, Anti-Social Disorder and Polysubstance Abuse" heighten his risks of both of experiencing severe pain and having "a paradoxical reaction to the execution drug(s)[.]" *Id*. at PageID 107595-96, ¶¶ 1897-1903.  He alleged that "Defendants' execution policy, including the written Execution Protocol, fails to account for any unique physical [and psychological/mental] characteristics of Plaintiff that may affect the efficacy of or the risks of harm caused by Defendants' Execution Protocol." *Id*. at PageID 107596-97, ¶¶ 1904-05.  Finally, he argued that "DRC Defendants have failed to properly prepare or train for any of the unique challenges Plaintiff's physical characteristics may present while carrying out an execution." *Id*. at PageID 107597, ¶ 1906.

On August 7, 2019, Defendants noticed the deposition of Jackson for August 23, 2019 (Notice, ECF No. 2315, PageID 112109).  The parties later agreed to move the date to August 28.

**LEGAL STANDARDS**

The Federal Rules of Civil Procedure allow for broad, liberal discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged

> matter that is relevant to any party's claim or defense and proportional to the needs of the case, . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). In addition to the above, any notice of deposition "must state the time and place of the deposition and, if known, the deponent's name and address." Fed.R.Civ.P. 30(b)(1).

> [T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed.R.Civ.P. 26(b)(2)(C). District courts have broad discretion in determining the scope of discovery in a particular case. *Anwar v. Dow Chem Co.*, 876 F.3d 841, 854 (6th Cir. 2017).

## Analysis

**A. A heavy presumption exists in favor of allowing the deposition of a party-movant**

It is axiomatic that when a party initiates a lawsuit, and especially when a party moves for injunctive relief, as Jackson has, the opposing party has the presumptive right to depose him. As discussed above, Jackson has placed his individual physical, emotional, and mental health characteristics directly at issue, seemingly making both facial (via the FAOC) and as-applied (via the SAISC) challenges to the State's protocol. Jackson does not argue that the Notice of

3

Deposition fails to comport with Rule 30(b)(1); nor, from this Court's review of the Notice, could he have reasonably done so. Thus, Jackson's Motion for Protective Order must overcome a heavy presumption in Defendants' favor.

### B. Jackson's argument regarding his burden of proof is irrelevant to the propriety of the deposition's taking place

In the written discovery propounded by Defendants, they ask Jackson to admit that he would not prefer to be executed by his proposed alternative methods firing squad, shooting at the brainstem, secobarbital ingestion, or ingestion of a four-drug cocktail (Discovery Requests, ECF No. 2345-2, PageID 114363, 114366-67, 114369-70, 114372-73, 114376). Jackson claims that Defendants' counsel has represented that they intend to pose similar queries during his deposition (Motion, ECF No. 2377, PageID 114698 n.1). He argues that this line of questioning is irrelevant, because to succeed on the second, "alternative methods" prong of *Glossip v. Gross*, 135 S.Ct. 2726, 2737 (2015), he must "plead and prove an alleged alternative execution method in order to establish a benchmark against which to measure the pain imposed by the current method of execution[,]" and claims that merely alleging an alternative is neither a statement of "how the inmate wishes to be executed, nor a concession that the alleged alternative is constitutional." (Motion, ECF No. 2377, PageID 114698, citing *Bucklew v. Precythe*, 139 S.Ct. 1112 (2019)). Rather, the alternatives, and the pain they would be expected to cause, function as a measuring stick against which the State's current protocol and its expected pain will be measured. *Id*. at PageID 114698-99, citing *Bucklew*, 139 S.Ct. at 1125-27.

The Court agrees that, in light of *Bucklew*, the mere identification of an alternative method does not imply a concession of constitutionality or indicate a preference to be executed in that

4

manner.[1]  The proper procedure if such questions are asked is for Jackson's counsel to object and, if Defendants do not cure the alleged defects in their questions, move *in limine* to prevent the introduction of the responses.[2]  However, Plaintiff's physical, mental, and emotional health characteristics may heavily influence whether a proposed alternative "in fact significantly reduces a substantial risk of severe pain" vis-à-vis the current protocol.  *Glossip*, 135 S.Ct. at 2737, quoting *Baze v. Rees*, 553 U.S. 35, 52 (2008).  In other words, Defendants are allowed to query whether Jackson's characteristics that allegedly create a heightened risk of severe pain from the State's protocol, in fact, create similarly heightened risks of severe pain using the alternative methods.  Moreover, as Defendants point out, Jackson expresses a willingness to consume orally the drugs for the secobarbital and four-drug methods, which would eliminate the need for a nasogastric or orogastric tube (Memo. in Opp., ECF No. 2387, PageID 114933, quoting SAISC, ECF No. 2227, PageID 107625, 107638, ¶¶ 2037, 2112).  This, Defendants argue, bears directly on the question of feasibility of the alternative methods, *id*., and while the Court will not opine on that matter of law at this juncture, such inquiries do appear relevant to Jackson's claims and Defendants' defenses, and such information is, consequently, discoverable.  Fed.R.Civ.P. 26(b)(1).

---

[1] In so doing, the Court notes that Defendants offer no caselaw or other support for their legal conclusions that "whether Jackson would concede that a proposed alternative . . . is constitutional is relevant[,]" and that "[i]f adopting one of Jackson's alternatives would do little more than shift the focus of litigation, that alternative is not available, feasible, or readily implemented[,]" (Memo. in Opp., ECF No. 2387, PageID 114933), and that, at this juncture, the Court finds Defendants' arguments unavailing.

[2] The Court's statement—here or elsewhere as it appears in this Order—should not be taken as an assurance that any motion *in limine* would be granted.  Rather, it is a reminder of the importance of contemporaneous objections during depositions, and a warning against asking frivolous or vexatious questions that are likely to be struck upon proper objection.

### C. The Court does not find the deposition to be unduly burdensome

Jackson goes to great lengths to remind the Court of its power under Rule 26(b)(2)(C) to prevent discovery that "is too broad and oppressive[,] . . . [or] will not resolve any factual disputes[,]" or "when the person sought to be deposed lacks any relevant knowledge." (Motion, ECF No. 2377, PageID 114700-01 (internal quotation marks and citations omitted). He notes that Plaintiff Warren Keith Henness was able to meet his burden on the first prong of *Glossip*—that he was "sure or very likely . . . to cause needless suffering," *Glossip*, 135 S.Ct. at 2737 (emphasis removed)—using only expert reports and testimony (Motion, ECF No. 2377, PageID 114702, citing *In re Ohio Execution Protocol Litig. (Henness)*, No. 2:11-cv-1016, 2019 WL 244488, at *62-65 (S.D. Ohio Jan. 14, 2019) (Merz, Mag. J)). Jackson argues that, because he "can offer no relevant testimony or information" on the efficacy, feasibility, availability, or ready implementation of the State's current protocol or any alleged alternative, his testimony would not be reasonably calculated to lead to the discovery of admissible evidence. *Id*. at PageID 114702, 114703. Jackson may be correct in this regard, but again, his proposed remedy—preventing a deposition entirely, *id*. at PageID 114704, citing Fed.R.Civ.P. 26(c)(1)(A)—is too severe. As stated above, there are relevant, appropriate areas of inquiry, and any inappropriate inquiries e.g., the "pharmacology and pharmacodynamics of midazolam," *id*. at PageID 114703, should be able to be resolved by objections and subsequent motion practice.

### D. The mere possibility of attorney-client communications being divulged is not grounds for barring or preemptively limiting a deposition

Defendants have identified Jackson as a presumably adverse witness, and state that he

6

"may testify as to matters concerning his understanding and approval of the proposed alternative methods of execution alleged and set forth in his [SAISC] . . . and his Amended Motion for Stay of Execution and Preliminary Injunction[.]" (Identification of Hearing Witnesses, ECF No. 2293, PageID 111803). Jackson argues that, because his understanding of the alternative methods has come from his counsel, Defendants are attempting to make him, via deposition "reveal the contents of discussions with counsel about the issues presented by this case. Quite obviously, all those discussions are protected by the attorney-client privilege, and are thus not discoverable under Rule 26 and Rule 30(c)(2)." (Motion, ECF No. 2377, PageID 114704). Without rehashing the well-established standard for what constitutes a privileged attorney-client communication, *United States v. Goldfarb*, 328 F.2d 280, 281 (6th Cir. 1964) (internal quotation marks and citation omitted), the Court notes that both Jackson and Defendants appear from their briefing to be well aware of the types of inquiries that would and would not elicit responses through which Jackson would inadvertently divulge privileged matters (Motion, ECF No. 2377, PageID 114705-07; Memo. in Opp., ECF No. 2387, PageID 114934-35 (citations omitted)). Moreover, unlike other deposition matters, Jackson's counsel may object on the grounds of attorney-client privilege and instruct him not to answer the question; if the parties cannot resolve any dispute informally, then they may move to compel or for a protective order, all prior to any privilege being breached. Fed.R.Civ.P. 30(c)(2). But the mere potential for inquiry into privileged areas is not good cause for this Court to issue a protective order prophylactically.

E. **The Court declines to require an alternative method of discovery**

In the alternative to barring his deposition, Jackson asks that Defendants be required to propound interrogatories upon Jackson covering their deposition topics (ECF No. 2377, PageID

7

114707, citing Fed.R.Civ.P. 26(c)(1)(C)). He argues that his lifelong verbal disabilities (receptive and expressive language) and intellectual challenges, *id.* at PageID 114708-09, citing Aff. of Daniel J. Reschly, Ph.D., ECF No. 2377-2, PageID 114748, ¶ 35, mean that "having him submit to a live deposition or testimony runs the risk of his not understanding questions and producing answers that are inaccurate. That risk is heightened as the difficulty of subject matter increases." *Id.* at PageID 114710, quoting Reschly Aff., ECF No. 2377-2, PageID 114748, ¶ 37. The use of interrogatories, he argues, is a reasonable accommodation of his disabilities, *id.*, citing Reschly Aff., ECF No. 2377-2, PageID 114748, ¶ 38, and "will also allow the Court time to deliberately: (a) review the particulars of specific proposed questions for relevance or privilege; (b) assess Jackson's objections to specific questions; and (c) rule about the appropriateness of any particular question(s)." *Id.* at PageID 114708.

Jackson is correct that district courts have the authority to order interrogatories in lieu of depositions as part of their significant discretion in managing discovery; yet, the cases he cites in support do not stand for any broader proposition than that (Motion, ECF No. 2377, PageID 114711, citing *Jenny Yoo Collection, Inc. v. Essense of Australia, Inc.*, Case No. 17-2666, 2019 U.S. Dist. LEXIS 127216, at *31 (D. Kan. July 31, 2019); *Timpson v. Haley*, Case No. 6:16-cv-1174, 2018 U.S. Dist. LEXIS 46099, at *10 (D.S.C. Mar. 21, 2018)).[3] It is axiomatic that depositions and interrogatories serve different functions in the discovery process; while both require the party to answer while under oath, Fed.R.Civ.P. 30, 33, a deposition allows for consulting with counsel only when a question is not pending. Consequently, Jackson's responses to questions in a deposition will be much closer to the type of testimony he would give if he is called as a witness at a preliminary injunction hearing—a matter that should be of significance for both Jackson and

---

[3] Indeed, given the Defendant in *Timpson* was then-Governor of South Carolina Nikki Haley, it is difficult to argue reasonably that the situation faced by the *Timpson* Court is analogous to the situation presented with respect to Jackson.

Defendants. Of course, if Jackson has already responded in writing to the subject of the deposition questions, then counsel may object to those questions and then move *in limine* to exclude any responses. Moreover, as Defendants point out, courts are loath to exclude witnesses based on mental incapacity (Memo. in Opp., ECF No. 2387, PageID 114935, citing *United States v. Phibbs*, 999 F.2d 1053, 1068-69 (6th Cir. 1993); *United States v. Ramirez*, 871 F.2d 582, 584 (6th Cir. 1989)). The trial court has the authority to exclude a witness from testifying for lack of personal knowledge or because he cannot understand the import of an oath or affirmation. *Ramirez*, 871 F.2d at 584 (citing Fed.R.Evid. 602, 603). Yet, Jackson has not argued that he should be excluded on those grounds, and it would be unorthodox, to say the least, to preclude a party from testifying at his own hearing. Moreover, as Jackson has proposed written interrogatories, the responses to which must be notarized and signed under the penalty of perjury, Fed.R.Civ.P. 33(b)(3,5), he cannot make a colorable argument for exclusion under Federal Rule of Evidence 603. If Jackson's counsel thinks that a question posed during the deposition is one for which Jackson lacks personal knowledge, then he may object under Federal Rule of Evidence 602 and allow Defendants' counsel to attempt to cure the defect; if that attempt is unsuccessful, then Jackson may subsequently move *in limine* to exclude that testimony.

Finally, given that the deposition will take place at the Chillicothe Correctional Institution, rendering communication with the Court "cumbersome at best, if not impossible[,]" Jackson "requests that the Court be present for the deposition, where Jackson would anticipate multiple ongoing objections." (Motion, ECF No. 2377, PageID 114712-13). Rule 30 does not contemplate real-time judicial rulings on objections as a default; rather, it contemplates the process repeatedly set forth above. Fed.R.Civ.P. 30(c)(2). If the parties need to make an oral Motion to Compel or Motion for Protective Order, then the Court may determine, as part of that ruling, whether the time

9

expended communicating with the Court counts toward the presumptive durational limit of seven hours.  Fed.R.Civ.P. 30(d)(1).  The Court, as always, encourages counsel for Jackson and Defendants to work together to resolve or any narrow any areas of contention or anticipated areas of ongoing objections prior to the deposition.

**CONCLUSION**

For the foregoing reasons, Jackson's Motion for Protective Order (ECF No. 2377) is DENIED.  The deposition of Cleveland Jackson shall take place on August 28, 2019, at the time agreed to by the parties, at the Chillicothe Correctional Institution.

August 23, 2019.

s/ *Michael R. Merz*  
United States Magistrate Judge