# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION : | Case No. 2:11-cv-1016 |
| : | Chief Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Michael R. Merz |
| This document relates to:<br>   Plaintiffs Cleveland Jackson, James<br>   Hanna, Kareem Jackson, and Melvin<br>   Bonnell<br>: | |

# DECISION AND ORDER GRANTING MOTION TO STRIKE EXPERT REPORT OF DANIEL BUFFINGTON AND DENYING AS MOOT MOTION IN LIMINE TO EXCLUDE TESTIMONY OF BUFFINGTON

This case is before the Court on Plaintiff Cleveland Jackson's Motion to Strike the Expert Report and Testimony of Daniel Buffington, Pharm.D, an expert witness for Defendants (ECF No. 2319). Defendants have filed a memorandum *contra* (ECF No. 2344), and Jackson has filed a reply in support (ECF No. 2352). Additionally, Jackson filed a Motion *in Limine* to Exclude Testimony of Buffington ("Motion to Exclude," ECF No. 2320), to which Defendants filed a memorandum *contra* after receiving leave to do so out-of-time (ECF No. 2357).[1] For the reasons set forth below, Jackson's Motion to Strike is GRANTED and the Motion to Exclude is DENIED AS MOOT.

---

[1] After the original time for Defendants to file a memorandum *contra* had expired, Jackson filed a reply memorandum, asking that the Motion to Exclude be granted as unopposed (ECF No. 2352)

1

Cleveland Jackson's instant Motions were filed before the Court ordered the preliminary injunction hearings for all the above Plaintiffs consolidated. This Decision applies to the hearings for all four Plaintiffs.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Much of the relevant factual background and procedural history with respect to Buffington's involvement with the captioned matter and its predecessor, *Cooey v. Kasich*, 2:04-cv-1156, is set forth in the Court's previous Decision and Order Granting Motion to Strike Expert Report and Testimony of Daniel Buffington related to the proffered testimony of Buffington in the Warren Henness case ("Buffington Order," ECF No. 2068, PageID 103048-53), which the Court incorporates by reference. Therein, the Court noted that Buffington had failed, on at least five occasions between December 21, 2016, and November 21, 2018, to comply with Fed.R.Civ.P. 26(a)(2)(B)(v), which requires him to provide "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition[.]" *Id*. at PageID 103053. The Court noted that:

> The list described in subpart (v) must, above all else, "be useful" to the Court and the opposing party, and "[c]ourts have held that, . . . this listing *must include*, *at a minimum*, the courts in which the testimony occurred, the names of the parties and the case numbers, and must indicate whether the testimony was given at deposition or at trial.

*Id*. at PageID 103053-54 (emphasis in original), quoting *Ater v. Follrod*, No. 2:00-cv-934, 2004 WL 6042439, * 1 (S.D. Ohio Nov. 10, 2004) (Holschuh, J.). Finding that the failure to comply was neither harmless nor substantially justified, *id*. at PageID 103056-58, the Court struck Buffington's expert report filed on behalf of Defendants, and barred him from testifying at the

evidentiary hearing on the Motion for Preliminary Injunction of Jackson's co-plaintiff Warren Keith Henness. *Id*. at PageID 103058-60.

On July 24, 2019, Defendants filed their witness list for the scheduled evidentiary hearing on Jackson's motion for preliminary injunction, and listed Buffington as an expert witness (ECF No. 2293, PageID 111795). That same day, Buffington filed his expert declaration and *curriculum vitae* ("Buffington Report," ECF No. 2292). At the end of the Report, Buffington included "Prior Forensic Review and Testimony 2015 to 2019," a list that included: the date in which he testified at a deposition or trial, the case name and number, court jurisdiction, state, county, and whether he testified on behalf of the plaintiff or defense. *Id*. at PageID 111445-47.

On August 7, 2019, Jackson[2] filed the Motion to Strike. Therein, he claims that Buffington's list, while appearing to comply with Rule 26(a)(2)(B)(v) and *Ater*, is incomplete (ECF No. 2319, PageID 112781-82). Noting that Rule 26(a)(2)(B)(v) requires the list to include *all other cases*,

> Jackson's counsel conducted a basic Westlaw search and discovered the following examples of cases involving Dr. Buffington's expert testimony that were not identified on his latest list:
>
> - *Covington v. State*, 228 So.3d 49 (Fla. 2017) (Ex. 2);
> - *Bratt v. Genovese*, No. 8:13-CV-3210-T-36AEP, 2018 WL 5111910 (M.D. Fla. Oct. 19, 2018) (Ex. 3);
> - *United States v. Williams*, No. 13-00236-01, 2017 WL 1856081 (W.D. Mo. 2017) (Ex. 4);
> - *Hall v. State*, 212 So.3d 1001 (Fla. 2017) (Ex. 5);
> - *State v. Bright*, 200 So.3d 710 (Fla. 2016) (Ex. 6).

*Id*. at PageID 112782 (emphasis in original). Arguing that "Defendants' failures to make the required disclosures under Rule 26(a)(2)(B)(v) are neither substantially justified, nor harmless[,]"

---

[2] The surname "Jackson" when used herein refers to Plaintiff Cleveland Jackson and not co-plaintiff Kareem Jackson.

Jackson asks that the Court strike the Buffington Report and bar him from testifying at the anticipated evidentiary hearing. *Id.* at PageID 112796-98.

**LEGAL STANDARDS**

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), Justice Blackmun instructed federal trial judges on their gatekeeper responsibilities with respect to expert witnesses. Later courts have held the gatekeeper language of *Daubert* is applicable to all expert testimony, regardless of whether it is "scientific" or not. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999); *United States v. Jones*, 107 F.3d 1147, 1156 (6th Cir. 1997); *Berry v. Detroit*, 25 F.3d 1342, 1350 (6th Cir. 1994).

Part of the gatekeeper role played by district courts is to ensure that expert witnesses, particularly those who testify regularly, comply with the Federal Rules of Civil Procedure regarding experts. Remedial measures for noncompliance with expert disclosure requirements, as with other discovery matters, are governed by Rule 37: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed.R.Civ.P. 37(a)(3)(A). Further:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed.R.Civ.P. 37(c)(1). The U.S. Court of Appeals for the Sixth Circuit "requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially

justified." *Roberts, ex rel. Johnson, v. Galen of Va.*, 325 F.3d 776, 782 (6th Cir. 2003) (internal quotation marks omitted), quoting *Vance by & through Hammons v. United States*, No. 98-5488, 1999 WL 455435, at *3, 182 F.3d 920 (TABLE) (6th Cir. 1999); citing *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). The burden of showing that the failure to disclose was substantially justified or harmless is on the party seeking to avoid sanction. *Id*.

> In order to assess whether a party's omitted or late disclosure is "substantially justified" or "harmless," the Fourth Circuit considers five factors, which we now also adopt:
>
> "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence."

*Howe v. City of Akron*, 801 F.3d 718, 747-748 (6th Cir. 2015), quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 397 (4th Cir. 2014); *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

# ANALYSIS

### A. Jackson's motion was proper

Defendants claim (Memo. in Opp., ECF No. 2342, PageID 114328-29) that Jackson, in filing the Motion to Strike, did not comply with the Local Rules, which mandate that a motion "relating to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences." S.D. Ohio Civ.R. 37.1. In the Motion to Strike, Jackson argues that:

> Buffington's refusal to make the proper Rule 26(a)(2)(B)(v) disclosures has already been raised with Defendants and this Court multiple times. He has not explicitly asked Defendants' counsel a sixth time to remediate the insufficient disclosure, but this Court should not require counsel for Plaintiffs in this case to continually plea[d] for Dr. Buffington and Defendants to do so. Nor should this Court require Plaintiffs' counsel to do Defendants' counsel's work for them. It is Defendants' counsel's job to ensure their own experts comply with the Rules. Plaintiffs' counsel should not be forced to shoulder an additional heavy burden every time Defendants choose to retain Dr. Buffington's expert services.

(ECF No. 2319, PageID 112771-72). The Court agrees with Jackson. While in most instances it is preferable to encourage attempts to resolve discovery disputes before a motion for sanctions is filed, this is not one of those instances. *Cf. Passa v. City of Columbus*, No. 2:03-cv-81, 2006 WL 1071866, at *2 (S.D. Ohio Apr. 21, 2006) (King, Mag. J.) (Intimating that compliance with Local Rule 37.1[3] may be excused if attempts at extrajudicial resolution would have been futile.). As discussed above, Defendants had failed on five previous occasions to comply with Rule 26(a)(2)(B)(v) with respect to Buffington. It is unreasonable to expect Jackson, upon discovering that Defendants had failed to comply for a sixth time and operating under a very tight timeline, to go through additional extrajudicial steps. Thus, the Motion to Strike is proper.

### B. Defendants' failure to comply with Rule 26(a)(2)(B)(v) is undisputed

"It is Defendants' responsibility to provide Plaintiff[] with a *complete* and *accurate* list of their experts' prior testimony." *Ater*, 2004 WL 6042439, at * 3 (emphasis added). One of the most important reasons for this affirmative disclosure requirement is to ensure that the opposing party, in preparing to depose or cross-examine that expert, does not need to worry that there is

---

[3] S. D. Ohio Civ. R. 37.1 has been repealed in light of adoption of Fed.R.Civ.P. 37(a)(1).

undisclosed testimony that may be helpful or harmful to that party's case. To require otherwise would create the absurd situation of requiring Jackson's to affirmatively prove a negative—that the list is *incomplete* or *inaccurate*. Yet, that is precisely what happened here. A Westlaw search by Jackson's counsel revealed five cases in which Buffington testified that were not included on his list. Defendants, in their memorandum *contra*, note that, in three of the five cases cited by Jackson, Buffington gave his testimony more than four years ago, and that in one case, he testified in August 2016 in a *Daubert* hearing, not at a deposition or trial (ECF No. 2342, PageID 114329, citing *Covington v. State*, 228 So.3d 49 (Fla. 2017); *Hall v. State*, 212 So.3d 1001 (Fla. 2017); *State v. Bright*, 200 So.3d 710 (Fla. 2016) *United States v. Williams*, No. 13-236-01/03-CR-W-DGK, 2017 WL 1856081 (W.D. Mo. Apr. 7, 2017).[4] Yet, Defendants concede that Buffington's testimony as an expert on the effects of alcohol in the case of *Bratt v. Genovese* was excluded from the initial list "of eighty-eight (88) depositions and fifty-two (52) trial testimonies[,]" and attempt to cure the defect by attaching as an exhibit an updated list that included his testimony in *Bratt*. *Id*. at PageID 114329-30, citing ECF No. 2342-1, PageID 114335; *Bratt*, 2018 WL 5111910.

The Court, in striking Buffington's previous report and precluding him from testifying in the Henness case explained that:

> Given Dr. Buffington's very extensive expert witness experience and the very substantial income he has derived from it, he should by now be familiar with the expert witness requirements of Fed.R.Civ.P. 26 and should long since have accommodated his recordkeeping practices to be prepared to provide that information. This Court [sic] tolerance of continued non-compliance could only reasonably be expected to encourage continued noncompliance.

(Buffington Order, ECF No. 2068, PageID 103059-60 (footnote omitted)). The Court's sanction,

---

[4] In his Reply, Jackson argues that testimony in a *Daubert* hearing constitutes trial testimony subject to disclosure (ECF No. 2352, PageID 114471-72 (citations omitted)). The Court will not address this argument, as its inclusion or exclusion has no bearing on whether the list was complete under Rule 26(a)(2)(B)(v).

in addition to being the appropriate remedy, should have served as a warning to the parties that they cannot expect to offer expert evidence and testimony in this case without first fulfilling the "absolute compliance" with Rule 26(a) required by the Sixth Circuit. *Roberts*, 325 F.3d at 782. Defendants, therefore, were surely on notice that any error or omission in a subsequent expert disclosure by Buffington would not be tolerated. Yet, all it took was a "basic Westlaw search" by Jackson's counsel to find that Buffington's Rule 26(a) disclosure was, for the sixth time, incomplete. Given the Court's previous order, and given their awareness of Buffington's previously inadequate recordkeeping, why would Buffington and Defendants' counsel not undertake affirmative steps to ensure that there were not missing cases? See *Ater*, 2004 WL 6042439, at * 3 ("If Defendants choose to retain expert witnesses who do not keep such lists readily available, [then] Defendants must be prepared to live with the consequences.").

Defendants' violation of Rule 26(b)(2)(A)(v) as to Buffington is undisputed and, in light of this Court's previous admonition (Buffington Order, ECF No. 2068), inexplicable. Accordingly, sanctions are required under Rule 37(c)(1) "unless the violation was harmless or is substantially justified." *Roberts*, 325 F.3d at 782.

## C. Defendants have not shown their Violation to be Harmless or Substantially Justified

Defendants argue that "[t]his minor omission (one testimony out of one hundred forty-one) is the very definition of harmlessness" and does not justify the "extreme measure" of striking Buffington's Report (Memo. in Opp., ECF No. 2342, PageID 114330), citing *Roberts*, 325 F.3d at 782). Defendants' citation to *Roberts* is accurate, but ignores Sixth Circuit's language in *the same sentence* that "Federal Rule of Civil Procedure 37(c)(1) requires *absolute compliance* with Rule 26(a)[.]" 325 F.3d at 782 (emphasis added). Moreover, Defendants' terming the omission of

8

Buffington's testimony in *Bratt* as "minor" or "an honest mistake[,]" (Memo. in Opp., ECF No. 2342, PageID 114330, quoting *Borg v. Chase Manhattan Bank USA, N.A.*, 247 F. App'x 627, 637 (6th Cir. 2007)), is myopic and ignorant of the broader context of this case. Were this an isolated oversight in the context of a case proceeding under a regular civil trial schedule, then striking and excluding a party's expert could be considered "extreme." But that is not the case here. The Court and parties are operating under the condensed schedule required by Jackson's having an execution date of November 13, 2019.[5] Defendants failed for a sixth time to comply with Rule 26(a)(2)(B)(V). Beyond the obvious statement that they omitted the case until Jackson notified them, Defendants have not explained why it was left off. While they have submitted what they represent is a complete and accurate list of Buffington's testimonies (ECF No. 2342-1), the only change Defendants made was to include the case that Jackson found for them. There is no indication of what other steps they undertook to ensure completeness, e.g., searching the dockets of courts in which Buffington has frequently testified, conducting their own search in Westlaw or LexisNexis, or even calling Buffington to make sure that there are no other cases out there. In sum, "Defendants have not promised" even now that "Dr. Buffington's list is complete and in strict compliance with Rule 26 as required by law." (Reply, ECF No. 2352, PageID 114475).

Rule 26(a)(2)(B)(v) imposes the affirmative duties of completeness and accuracy on Defendants as the parties tendering the expert. It does not require Jackson to scour the dockets of every trial court in the United States to affirmatively prove or disprove the incompleteness or inaccuracy of the list, which would appear to be the only way to cure the harm. Thus, contrary to Defendants' argument (Memo. in Opp., ECF No. 2342, PageID 114330-31), Jackson is unable to cure the harm of the omission, especially on this compressed schedule. The inadequate

---

[5] https://drc.ohio.gov/execution-schedule (last accessed Aug. 16, 2019). Defendants control this timing and have declined to lessen the time compression either by granting Jackson a reprieve or by agreeing to a stay *pendente lite.*

explanation for the omission and the inability to cure the surprise are two of the factors the Court must weigh in determining whether the omission was harmless or substantially justified, *Howe*, 801 F.3d at 748, and they both weigh heavily against such a finding.

Defendants argue that the omitted case is unimportant and does not affect the trial (two of the *Howe* factors), as it pertained to alcohol usage and its effects (Memo. in Opp., ECF No. 2342, PageID 114331, citing *Howe*, 801 F.3d at 747-48; *Bratt*, 2018 WL 5111910). Defendants' argument is unavailing for two reasons. *First*, they cannot reasonably rely on a literal reading of the requirement to provide a list of testimony "at trial or by deposition[,]" Fed.R.Civ.P. 26(a)(2)(B)(v) to argue that because Buffington's *Daubert* testimony was properly excluded from the list, and then avoid the Rule explicit requirement that they provide "a list of *all* other cases[,]" *id*. (emphasis added), regardless of whether that testimony is germane to the issues being litigated. *Second*, as Jackson points out, *Bratt* "involve[s] scientific testimony from Dr. Buffington, regarding his methods and opinions, which bear on how he arrived at his opinions for his proffered testimony for Mr. Jackson's proceedings. This litigation places his scientific methods directly at issue." (Reply, ECF No. 2352, PageID 114475). The consequent inability of Jackson's counsel to prepare adequately for cross-examination will significantly disrupt the hearing, and renders the incompleteness and inaccuracy of the list highly important. Both of these are factors the Court must consider in determining whether the omission was harmless or substantially justified, *Howe*, 801 F.3d at 748, and both weigh heavily against such a finding.

The remaining *Howe* factor—"the surprise to the party against whom the evidence would be offered[,]" 801 F.3d at 748, does not weigh in favor or against finding harmlessness or substantial justification. Jackson's counsel's conducting a basic Westlaw search suggests that he suspected from the outset that Buffington's list was not accurate; he does not claim to be surprised

that the list was incomplete. Nonetheless, the lack of surprise was caused by the continued inability of Defendants to furnish a Rule 26(a)(2)(B)(v)-compliant list, and that inability certainly does not militate *for* admission of his testimony and consideration of his Report.

In light of the above and the factors listed in *Howe*, the Court cannot conclude that Defendants' failure to comply with Rule 26(b)(2)(A)(v) was harmless or substantially justified.

**D. Striking Dr. Buffington's Report and Excluding his Testimony is the Proper Remedy**

Fed.R.Civ.P. 37(c)(1) vests broad discretion in a district court to impose the appropriate sanction for a Rule 26(a) violation, and does not require exclusion of evidence as the sanction. Nonetheless, Rule 37(c)(1) expressly sets forth exclusion as a remedy before continuing, "[i]n addition to or instead of this sanction, . . ." Fed.R.Civ.P. 37(c)(1). Striking Buffington's report and excluding his testimony was the proper sanction in November 2018 in the Henness case, and it is even more appropriate now.

The Court notes that Defendants, by submitting Buffington's expert report with an incomplete list of testimony, after this Court previously admonished Defendants for repeatedly failing to submit a complete list (Buffington Order, ECF No. 2268), have caused Jackson and this Court to expend scarce resources in filing and adjudicating, respectively, the Motion to Strike. This expenditure of resources could have been avoided by Defendants' counsel undertaking any of the steps discussed above to ensure that Buffington's list of prior testimony was complete, and not submitting the report unless they were reasonably certain that the list was complete. If, in future proceedings, Defendants tender an expert report from Buffington, and his Rule 26(a)(2)(B)(v) disclosure is again found to be incomplete, then the Court may order Defendants to

11

show cause why additional sanctions are not warranted.

**CONCLUSION**

For the foregoing reasons, Jackson's Motion to Strike the Expert Report and Testimony of Defendants' Expert Witness Daniel E. Buffington (ECF No. 2319) is GRANTED. His Motion *in Limine* to Exclude the Testimony of Dr. Buffington (ECF No. 2320) is DENIED AS MOOT. Buffington's Expert Report (ECF No. 2292) is stricken, and Buffington may not testify at the scheduled evidentiary hearing on Jackson's motion for preliminary injunction.

August 27, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge