IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: OHIO EXECUTION PROTOCOL LITIGATION**<br><br>**This document relates to: Plaintiff Cleveland Jackson** | Case No. 2:11-cv-1016<br><br>**CHIEF JUDGE EDMUND A. SARGUS, JR.**<br>**Magistrate Judge Michael R. Merz**<br><br>**DEATH PENALTY CASE**<br><br>**Execution scheduled for:**<br>**November 13, 2019** |

**Plaintiff Cleveland Jackson's Notice of Intent to File**
**Supplemental Motion for Preliminary Injunction**
**Regarding the Use of Expired Execution Drugs**

Plaintiff Cleveland Jackson hereby gives notice that he intends to file a second, supplemental motion for preliminary injunction, in light of events which have taken place in the last few days.[1] At last week's depositions, Defendants have now asserted, for the first time in approximately six years or more, that they may, in fact, use expired drugs for executions. That assertion stands in direct contravention to longstanding, sworn promises to the contrary made by current and former State officials, Defendants in this case, to this Court and to Plaintiffs in this consolidated litigation. These troubling statements, from multiple Defendants, compel Jackson to take steps to protect

---

[1] Because Jackson does not yet have final, signed transcripts of the recent depositions in this case, he does not yet have the ability to file any supplemental motion for preliminary injunctive relief.

1

his interests and prevent his suffering an unconstitutional, and likely severely painful, execution at the hands of Defendants and the State of Ohio.

Simply put, Ohio has no execution drugs that are not expired: no midazolam, no paralytic, no potassium chloride.  At the same time, Defendant Governor Mike DeWine has repeatedly explained that Ohio cannot get new execution drugs, and has recently added to that his concern that, even if Ohio could obtain such drugs, he would be reluctant to use them, given the risk that it could lead all Ohioans being denied access to these drugs for legitimate, therapeutic purposes.

Yet, several senior officials with in the Ohio Department of Rehabilitation and Correction ("ODRC")—Defendants in this lawsuit—have now repeatedly insisted that using expired drugs is not only within the State's authority, but would be acceptable to them, in contravention of state laws and regulations, and in direct contradiction of sworn promises made by prior ODRC officials.

Since as early as February of this year, Gov. DeWine has insisted that he will not use Ohio's current, midazolam three-drug protocol to conduct any executions.  At that time, he declared that "Ohio is not going to execute someone under my watch when a federal judge has found it to be cruel and unusual punishment."[2]  And as the Governor reiterated on July 31, 2019, he

---

[2] Jessie Balmert, Gov. Mike DeWine: Ohio won't execute prisoners until method gets court's OK, CINCINNATI ENQUIRER, Feb. 19, 2019, *available at* https://www.cincinnati.com/story/news/politics/2019/02/19/gov-mike-dewine-ohio-wont-execute-prisoners-until-method-gets-courts-ok/2919172002/ (last accessed Aug. 27, 2019).

2

"did not intend and would not have an execution carried out with that protocol in the State of Ohio [and] [t]hat position has not changed."[3] What's more, the Governor further explained that Ohio has struggled to secure a supply of drugs to use for lethal injection executions,[4] while stating that some drug companies had threatened to stop supplying Ohio with drugs for any purpose if they suspected that their drugs were used in executions, potentially—it was believed—preventing the State from utilizing whatever drugs it might already have on hand for executions.[5]

Despite these facts, attorneys for Defendants continue to represent to this Court and to the Sixth Circuit Court of Appeals that an execution employing the current midazolam three-drug protocol can—and, as far as Plaintiff Jackson is aware, will—go forward.  (*See, e.g.,* State Appellees' Response to Warren Henness's Notice Regarding Mootness and Lack of Ripeness, *Henness v. DeWine*, No. 19-3064, Doc. 42 (6th Cir. Aug. 9, 2019).)

---

[3] See Jason Aubry, Gov. DeWine reiterates his position on executions, announces next steps, WDTN.COM, Aug. 2, 2019, *available at* https://www.wdtn.com/news/ohio/gov-dewine-reiterates-his-position-on-executions-announces-next-steps/ (last accessed Aug. 27, 2019).

[4] Marty Schladen, DeWine again delays Columbus man's execution after admitting state can't get lethal injection drugs, THE COLUMBUS DISPATCH, Jul. 31, 2019, *available at* https://www.dispatch.com/news/20190731/dewine-again-delays-columbus-mans-execution-after-admitting-state-cant-get-lethal-injection-drugs (last accessed Aug. 27, 2019).

[5] Marty Schladen, State still fighting for execution method that Gov. DeWine said he wouldn't use, THE COLUMBUS DISPATCH, Aug. 22, 2019, *available at* https://www.dispatch.com/news/20190822/state-still-fighting-for-execution-method-that-gov-dewine-said-he-wouldnt-use (last accessed Aug. 27, 2019).

And, according to ODRC's new leadership, such executions may proceed using the State's stock of expired drugs.  At recent depositions taken by Plaintiff Cleveland Jackson, senior ODRC officials admitted that they would be willing to proceed with an execution using the midazolam three-drug protocol, and making use of the expired drugs that the agency has in its possession.  Defendant ODRC Director Annette Chambers-Smith testified under oath that, if certain testing was done, she would authorize an execution using expired drugs, and that she was "not ruling out" a discussion with the Governor about going forward with such an execution.  (Rough Transcript, pp. 24–25.)  When asked about her knowledge of former Director Gary Mohr's promise never to use expired drugs in an execution, she stated that she "would need to review" such statements before committing to following them.  (*Id.* at p. 25–26.)  Similarly, Defendant Warden Ron Erdos, appearing on behalf of ODRC as a Rule 30(b)(6) representative, testified that the department is "permitted to use expired execution drugs," if those drugs are tested for potency.  (Rough Transcript, p. 106.)  He emphasized that "[i]t's possible" that ODRC would make use of such expired drugs, and was unequivocal that any promises made by Director Mohr to the contrary do *not* still stand, and that such promises "can be changed depending on who's in charge."  (*Id.* at pp. 106–08.)

These representations from Defendants, now, stand in stark contrast to sworn promises from prior officials that Ohio would do no such thing.  *See, e.g., Cooey (Brooks) v. Kasich*, No. 2:04-CV-1156, 2011 WL 5326141, at *8–9 (S.D. Ohio Nov. 4, 2011) ("[Former Director Gary] Mohr also testified that the

4

use of expired drugs is 'unconscionable' to him and would fly in the face of every policy behind the protocol," and as such "the Court accept[ed] Mohr's testimony that Ohio will not use expired drugs even if the written protocol does not explicitly preclude such action."); *Cooey (Smith) v. Kasich*, 801 F. Supp. 2d 623, 641 (S.D. Ohio 2011) ("[Deputy Director Edwin Voorhies] also testified that Ohio had also rejected the option of compounding drugs or using expired drugs that had been given an extended expiration date.").

In light of Defendants' apparent reversal, their present refusal to forswear the use of expired execution drugs, their assertion that even sworn representations to the courts can be changed, and their repeated affirmations that it is within their authority and ability to order that an execution go forward utilizing such drugs, Plaintiff Jackson must seek relief from this Court. Jackson's current Complaint includes allegations that Jackson will suffer unconstitutional pain caused by, among other things, "contamination, concentration, pH levels, sterility, adulteration, misbranding, expiration/beyond use date, improper storage or handling . . . of the drugs to be administered to cause his death under the Execution Protocol." (Jackson Second Am. Individ. Supp. Compl., ECF No. 2227, ¶ 2329, PageID 107682.) The Fourth Amended Omnibus Complaint, which together with his Individual Supplemental Complaint comprises the entirety of Jackson's controlling Complaint in this case, further details the risks posed by the use of expired drugs. (*See, e.g.*, 4th Am. Omnibus Compl., ECF No. 1252, ¶¶ 893, 910, 938, 1538–39, PageID 45638, 45644, 45653, 45788–89.)

5

Indeed, the Fourth Amended Omnibus Complaint seems to have prophesied this very risk, although Jackson could not have predicted that Defendants would countermand the promises made by Former Director Mohr as they have now done.  In Paragraph 910 of the Omnibus Complaint, Jackson alleged that

> In light of Defendants' history of changing their positions on execution drugs that may be used for an execution, along with their previous refusal or failure to destroy or otherwise divest themselves of the expired execution drugs in their possession, and their simultaneous insistence that they will not and have not illegally obtained execution drugs when the available evidence suggests intentions otherwise, there is a substantial risk that Defendants, finding it difficult or impossible to carry out an execution using only non-imported, legally obtained and legally dispensed, distributed and administered execution drugs that are not expired and not past their use-by date, will resort to using drugs that are illegally obtained, dispensed, distributed or administered or expired or past their use-by date, despite previous sworn testimony and assurances to this Court.

(*Id.*, ¶ 910, PageID 45644.)

Jackson must now take action to prevent this foretold tragedy from becoming a reality.  He will file a Supplemental Motion for Preliminary Injunction at the earliest possible time, once he has in hand signed and final copies of all of the recent depositions of ODRC officials, and as soon as the current litigation schedule permits.  He will seek injunctive relief under the Eighth Amendment, the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment, and relevant state and federal law, along with

6

other equitable principles, to prevent the harm posed to him by the use of expired drugs in his execution, with which he is now threatened.

The use of expired drugs, in an execution context just as much as in a therapeutic one, is unacceptable and illegal. *See, e.g.*, 21 C.F.R. § 205.50 ("Prescription drugs that are outdated, damaged, deteriorated, misbranded, or adulterated shall be quarantined and physically separated from other prescription drugs until they are destroyed or returned to their supplier."); Ohio Admin. Code § 4729-9-01(B)(3) (delineating expired drugs as "adulterated" drugs); *id.* at § 4729:5-3-06 (noting that adulterated drugs must be separately stored "to prevent their use"). Although it is Defendants' mandate to carry out Mr. Jackson's death sentence, they are not so empowered to seek his death by any and all means at hand, nor to violate state and federal laws—to say nothing of their own past promises—simply to speed Mr. Jackson's demise, at whatever cost. This Court should not tolerate Defendants' willingness to consider such conduct, nor any efforts to carry it out.

**Respectfully submitted this 27th day of August, 2019.**

**Deborah L. Williams**
Federal Public Defender

by

*/s/ Allen L. Bohnert*
**Allen L. Bohnert (0081544)**
Trial Attorney for Plaintiff Jackson

and

David C. Stebbins (0005839)
Assistant Federal Public Defender
Supervising Attorney
Co-Counsel for Plaintiff Jackson

Lisa M. Lagos (0089299)
Paul R. Bottei (TN 17036)
Adam M. Rusnak (0086893)
Assistant Federal Public Defenders
Co-Counsel for Plaintiff Jackson

Office of the Federal Public Defender
for the Southern District of Ohio
Capital Habeas Unit
10 West Broad Street, Suite 1020
Columbus, Ohio 43215
614-469-2999
614-469-5999 (fax)
Allen_Bohnert@fd.org
David_Stebbins@fd.org
Lisa_Lagos@fd.org
Paul_Bottei@fd.org
Adam_Rusnak@fd.org

and

Richard Cline (0001854)
Chief Counsel
Death Penalty Department

Randall L. Porter (0005835)
Assistant State Public Defender

Office of the Ohio Public Defender
250 E. Broad Street - Suite 1400
Columbus, Ohio 43215-9308
Telephone: (614) 466-5394
Facsimile: (614) 644-0708
Richard.Cline@opd.ohio.gov
Randall.Porter@opd.ohio.gov
Co-Counsel for Plaintiff Jackson

and

James A. King (0040270)
Porter, Wright, Morris & Arthur LLP
41 South High Street
Columbus, Ohio 43215
614-227-2051
614-227-2100 (fax)
Email: jking@porterwright.com
Co-Counsel for Plaintiff Jackson

**Counsel for Plaintiff Jackson**

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 27, 2019, I electronically filed the foregoing **Plaintiff Jackson's Notice of Intent to File Supplemental Motion for Preliminary Injunction Regarding the Use of Expired Execution Drugs** with the Clerk of the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to the email addresses of opposing counsel that are on file with the Court.

             */s/ Adam M. Rusnak*
             Co-Counsel for Plaintiff Jackson