IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
PROTOCOL LITIGATION,

: Case No. 2:11-cv-1016

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Decision and Opinion relates to
Plaintiffs Cleveland Jackson, James Hanna, and
Melvin Bonnell :

# DECISION ON PLAINTIFF CLEVELAND JACKSON'S MOTION FOR RECONSIDERATION AND SUPPLEMENTAL MEMORANDUM ON OBJECTIONS BY PLAINTIFFS HANNA AND BONNELL

This case is before the Court on the Objections of Plaintiff Melvin Bonnell (ECF No. 2403) to, and Appeal of Plaintiff James Hanna (ECF No. 2405) from, the Scheduling Order of August 20, 2019 (ECF No. 2378) as well as the Motion for Reconsideration of that Order by Plaintiff Cleveland Jackson (ECF No. 2400).

In contrast to the case of Cleveland Jackson, there is not unanimous consent to plenary Magistrate Judge jurisdiction in the Hanna and Bonnell cases. The Scheduling Order is therefore appealable to Chief Judge Sargus by those two Plaintiffs. The Objections and Appeal relate to a Magistrate Judge decision of a non-dispositive pretrial Matter – scheduling – and therefore have the same legal effect and are subject to the same standard of review: clearly erroneous for matters

1

of fact and contrary to law for legal conclusions. Chief Judge Sargus has recommitted the Hanna and Bonnell matters for reconsideration by the Magistrate Judge in light of the Objections/Appeal (ECF No. 2409).

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L Ed.2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.). Given the mixed nature of this Supplemental Memorandum and in order to avoid if possible any appealable error, the Magistrate Judge will review the prior Scheduling Order *de novo* for any error of fact or law asserted by any of these Plaintiffs.

**Scheduling History of the Cleveland Jackson Case**

Plaintiff Cleveland Jackson is scheduled to be executed by the State of Ohio on November 13, 2019.[1] He is to be followed at roughly one-month intervals by Plaintiffs James Hanna on December 11, 2019; Kareem Jackson on January 16, 2020; and Melvin Bonnell on February 12, 2020.

This Court denied preliminary injunctive relief to Plaintiff Warren Hennes on January 14, 2019 (ECF No. 2133), reported at *In re Ohio Execution Protocol Litig. (Henness),* 2019 U.S. Dist. LEXIS 8200, 2019 WL244488 (S.D. Ohio Jan. 14, 2019). As of two weeks later, Cleveland Jackson's execution was scheduled for May 29, 2019, and the Magistrate Judge *sua sponte* set a

---

[1] https://drc.ohio.gov/executionschedule. Visited August 27, 2019.

schedule with thirteen separate and detailed deadlines to prepare for a preliminary injunction hearing on April 11, 2019 (ECF No. 2154)(i.e., approximately sixty days to complete all steps through the hearing, then forty-five days for this Court to issue a decision, the Sixth Circuit to review that decision, and the Supreme Court to decide on certiorari).

However, on February 19, 2019, Governor DeWine, having instructed the ODRC to prepare a new execution protocol in light of the *Henness* decision, announced that there would be no more executions in Ohio until a new protocol had been adopted, legally challenged, and then found to be constitutional by the courts (ECF No. 2165, citing Andrew J. Tobias, Gov. Mike DeWine freezes all Ohio executions while new method developed, Cleveland Plain-Dealer (Feb. 19, 2019).[2])

On March 7, 2019, the Court conducted an in-person scheduling conference at which Defendants announced the reprieve of Cleveland Jackson's execution to November 13, 2019, but declined to accept the Court's suggestion that this consolidated case be stayed pending promulgation of the new protocol (ECF No. 2182). The parties were instructed to propose a new schedule for Cleveland Jackson. *Id.*

As of May 7, 2019, there was no new protocol and the Defendants had suggested in the *Henness* appeal that the existing protocol might be used to execute Henness. The Magistrate Judge accordingly entered a new detailed Scheduling Order setting, as requested by Plaintiff Cleveland Jackson, a two-day preliminary injunction hearing for September 24-25, 2019, the schedule that has been followed since May (ECF No. 2206)(i.e. about 130 days for all steps).

The parties' disclosures of lay and expert witnesses began on July 10, 2019 (ECF No. 2257). Because there was still no agreement for a stay *pendente lite* or reprieves for Hanna,

---

[2] https://www.cleveland.com/news/2019/02/gov-mike-dewine-freezes-all-ohio-executions-while-new-method-developed.html.

3

Kareem Jackson, or Bonnell, the Court on August 16, 2019, directed those Plaintiffs to file proposed schedule for litigating their own motions for preliminary injunction[3] by 5:00 p.m. on August 19, 2019, in anticipation of the status conference set for the next day (ECF No. 2363). Both Hanna and Bonnell objected,[4] citing the differences in their physical and mental characteristics from Cleveland Jackson and the compressed time frame in which they would be required to prepare (ECF Nos. 2372, 2373).

The Magistrate Judge overruled those objections, noting that neither Plaintiff had yet filed a motion for preliminary injunction, but that their currently scheduled execution dates had been set September 1, 2017 (ECF No. 2378). In the same Order the Court expanded the time allocated for the hearing from two to eight days. *Id.* at PageID 114804.

Cleveland Jackson, Hanna, and Bonnell all object.

**Cleveland Jackson's Motion for Reconsideration**

Jackson claims that consolidating his preliminary injunction hearing with those of Hanna and Bonnell "effects a manifest error of law" because of the way it prejudices Jackson (ECF No. 2400, PageID 115747). He asserts the consolidation is prejudicial to his ability to "present the injunctive relief case that has been developed at significant cost over the last several months." *Id.* He notes that he alone requested five court days to present that case, not expecting to share that time with Hanna or Bonnell.[5] *Id.* at PageID 115748.

---

[3] Which the Court had previously ordered be filed by September 3, 2019.
[4] Plaintiff Kareem Jackson's counsel notified the Court that he would not be seeking injunctive relief on any Eighth Amendment claim.
[5] The Magistrate Judge had written that Plaintiffs (plural) had requested five days. (ECF No. 2378, PageID 114804 n.6.) However, it was only Cleveland Jackson who requested five days. Hanna, represented by the same trial attorney as Cleveland Jackson, makes this point even more forcefully.

4

**Bonnell's Objections**

Bonnell claims the consolidation of the hearings was an abuse of discretion (ECF No. 2403, PageID 115755).

First, he says, he has not been involved in the preparation of Cleveland Jackson's case, including the depositions recently taken by Jackson's counsel. *Id.*

Second he notes that his "individual characteristics and medical issues are significant and unique. . . and will require "additional experts and witnesses to be presented." *Id.* Counsel assert they "were operating under a reasonable belief that they would be litigating his individual characteristics in December 2019 or early January 2010." *Id.* at PageID 115756. Bonnell asserts his trial attorney "is not available for the entire pendency of the September 24, 2019 hearing." *Id.* at PageID 115757. As an alternative to vacating the Scheduling Order altogether, Bonnell suggests that

> this Court overrule the Magistrate Judge's Scheduling Order, in part, leaving the three Plaintiffs consolidated as to prongs one and two of *Glossip*, but ruling that Plaintiff Bonnell should be able to litigate his specific individual characteristics as well as any supplemental information garnered after the conclusion of the September 24, 2019 hearing at a later hearing, date to be set.

(ECF No. 2403, PageID 115758.)

**Hanna's Appeal**

Hanna begins by asserting that the "cornerstone" of the appealed Scheduling Order is the clearly erroneous finding that Plaintiffs Cleveland Jackson, James Hanna, and Melvin Bonnell

together requested five days for the presentation of their case for preliminary injunction when in fact that request was made only by Cleveland Jackson. Nevertheless, Hanna eschews any objection to consolidating the issues he and Cleveland Jackson have in common, to wit, the general claims that the current protocol is unconstitutional under *Glossip v. Gross*, 576 U.S. ___, 135 S. Ct. 2726. In addition, however,

> Hanna intends to seek injunctive relief on a claim that the midazolam used in the lethal injection protocol will induce a paradoxical reaction in him not only because he is allergic to epinephrine, but because he suffers brain damage (in the frontal lobe and elsewhere), he has suffered an excruciating history of trauma including sexual and physical abuse, and he suffers from post-traumatic stress disorder, major depression and personality disorders resulting from the terrible traumas he has endured since childhood.

(ECF No. 2405, PageID 115860.) Hanna then quotes at length the recitation of these particular medical claims from his Third Amended Individual Supplemental Complaint (ECF No. 2396, PageID 115223-24). To prove these claims, Hanna says he will need. "significant in-court time, preceded by the work of various experts who would ultimately testify about such issues." (ECF No. 2405, PageID 115862.) Hanna says he will need two days to present those issues, noting that Bonnell also wants two days for his individualized issues. *Id.* at PageID 115865. He proposed two trial days, October 28-29, 2019, "with related filings, discovery, and disclosures to take place in accordance with a schedule that would be determined by working backward from that date." (ECF No. 2372, PageID 114686).

# Analysis

"Hide the ball" is an appropriate label for the apparent litigation strategy of both sides in this case.

In January of this year Governor DeWine took to heart the findings in *Henness* that Ohio's current execution protocol violates the Eighth Amendment and stated publicly that no one would be executed in Ohio using that protocol. Taking a cue from the Governor's actions, the Magistrate Judge suggested that these proceedings be stayed for however long it took ODRC to promulgate a new protocol. Crying foul, Defendants told the Sixth Circuit that such a suggestion was outside the proper scope of a federal judge's role and said they might well use the same protocol if the Magistrate Judge's denial of injunctive relief were affirmed (*Henness v. DeWine*, 6th Cir. Case No. 19-3064, Doc. No. 22).

Thus began a long series of status conferences in which Defendants had no progress to report on a new protocol and refused to foreswear the old protocol on the record. Despite desiring an appellate decision in *Henness* before the Cleveland Jackson injunction motion is decided, Defendants have refused to reprieve Jackson's execution until after that decision is handed down. Defendants have thus left Plaintiffs and the Court with no alternative but to continue vigorously litigating the Jackson case as if the old protocol will be used for his November 13, 2019, execution.

Plaintiffs are just as apt at hiding the ball. James Hanna's and Melvin Bonnell's executions were reprieved to their current dates two years ago in September 2017. They have both been Plaintiffs in this case since it was consolidated almost eight years ago in November 2011. Surely counsel providing zealous representation should have known of individual medical and psychological issues that their cases presented shortly after accepting representation. Yet

significant portions of claims relating to their individualized characteristics were not pleaded until very recently. For example, Hanna's claim of childhood sexual abuse was not made before he filed his Amended Third Individual Supplemental Complaint on August 23, 2019, although he is seventy years old.[6]

Not only are these claims recently made, but Hanna's and Bonnell's counsel have apparently not yet retained experts to testify on these claims. Hanna asks the Court to believe that, although he hasn't done it yet and couldn't possibly get it done by September 24, he can be prepared on those claims by October 28. None of the actual process needed to prepare has been disclosed to the Court or Defendants. As has been true repeatedly in this case, including when it was being managed by Judge Frost, both sides say, "We can't tell you now, but we will able to tell you sometime in the indefinite future when you will have very little time to decide the matter before the scheduled execution." Hanna's proposal would have left his preliminary injunction motion ripe for decision by this Court exactly forty-three days before his scheduled execution.

When the Federal Rules of Civil Procedure were adopted in 1938, liberal discovery provisions were incorporated to prevent "trial by ambush." See *Erskine v. Con. Rail Corp.*, 814 F.2d 266, 272 (6th Cir. 1987). Discovery has been further liberalized in the years since to the point that now most federal civil litigation is settled after discovery rather than being tried.

This case is quite different. Even now the Court does not know what issues it must adjudicate in the Jackson case. As recently as last week, ODRC revealed in deposition that all of the protocol drugs in its possession at the Southern Ohio Correctional facility have expired. That should not have been an issue because ODRC had previously and publicly taken the position that

---

[6] Defendants did not object to amendment on the basis of undue delay, but because they asserted Hanna's claims were precluded as a matter of law by *Bucklew v. Precythe,* 139 S.Ct. 1112 (2019), and *West v. Parker,* 2019 U.S. App. LEXIS 23460 (6th Cir. 2019).

it would never use expired drugs to execute (or attempt to execute) an inmate  As recently as the status conference on August 26, 2019, that position was reiterated by Charles Schneider, Criminal Section Chief for the Ohio Attorney General, but immediately contradicted by Defendant Stephen Gray, legal counsel for ODRC (Transcript pending).  This exchange has forced Plaintiff Cleveland Jackson to give Notice of his intent to move for an injunction regarding the use of expired drugs (ECF No. 2411).

Hanna, Bonnell, and Kareem Jackson have given no reason why they cannot litigate their common claims regarding the constitutionality of the present protocol in tandem with Cleveland Jackson.  Because they have made no objection to the Scheduling Order in that regard, it is CONFIRMED.

However, no Plaintiff in this case has a quantified due process right to as many court days as he believes are necessary to present a preliminary injunction motion.  In other words, the fact that Cleveland Jackson requested two days months ago and now wants five is not constitutionally compelling.  In fact, the Magistrate Judge is advised that during the time he managed the case prior to the Dennis McGuire execution (January 2014), Judge Frost frequently limited the parties to half a day on preliminary injunction motions.  In any event, Jackson has presented no authority for the proposition that he is constitutionally entitled to as much time as he believes is necessary.  Jackson is allotted five days for all of his claims.

With respect to the Hanna and Bonnell claims that they need two days apiece to present their individualized claims, the Scheduling Order is premature to the extent it ordered those claims heard at the same time as the Cleveland Jackson claims.  To that extent it is VACATED.  Whether any time at all will be allocated to litigating those claims depends on those Plaintiffs' filing far more supportive information than they have yet given the Court.  When they file their motions for

preliminary injunction on or before September 3, 2019, they shall each identify to the Court in detail what efforts they have made to date to prepare to litigate those claims (i.e., what potential expert witnesses have been contacted, how long they will need to prepare, etc.). The Magistrate Judge will then decide whether and when those claims will be heard or whether instead they are untimely made.

August 29, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge