IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
PROTOCOL LITIGATION,

:     Case No. 2:11-cv-1016

    Chief Judge Edmund A. Sargus, Jr.
    Magistrate Judge Michael R. Merz

This Decision and Opinion relates to
Plaintiffs Cleveland Jackson, James Hanna,
Kareem Jackson, and Melvin Bonnell     :

## ORDER REGARDING VIDEO TESTIMONY

This consolidated § 1983 method-of-execution case is currently scheduled for preliminary injunction hearings for Plaintiffs Cleveland Jackson, James Hanna, Kareem Jackson (if any), and Melvin Bonnell (collectively with Defendants, "the Parties") commencing September 24, 2019, and continuing on regular court days through October 3, 2019. (ECF No. 2378, PageID 114804).

Plaintiff Cleveland Jackson, as part of his anticipated hearing witness list, identified Charles David Blanke, M.D. as an expert witness for the upcoming hearing. (ECF No. 2256, PageID 108247; *see also* Expert Report, ECF No. 2259, PageID 109118; Supplemental and Rebuttal Expert Declaration, ECF No. 2330, PageID 113212). Similarly, Defendants have identified Joseph F. Antognini, M.D. as an anticipated expert witness at the hearing. (ECF No. 2293, PageID 111795; *see also* Declaration, ECF No. 2291, PageID 111258).

1

The Parties have advised the Court "that both Dr. Blanke and Dr. Antognini have unavoidable scheduling conflicts[1] with the upcoming preliminary injunction hearing, in that both will be out of the country at the applicable time." (Joint [Proposed] Scheduling Order, ECF No. 2419, PageID 116418). Additionally, Cleveland Jackson intends to present testimony from members of the press who witnessed recent executions in Alabama and Tennessee. (*See* ECF No. 2256, PageID 108252-54.) The Parties wish to impose as light of a burden as possible on those lay witnesses, remain within the geographical limitations in Federal Rule of Civil Procedure 45(c)(1)(A), avoid any scheduling conflicts with their testimony, and streamline the presentation of evidence. In light of those conflicts and considerations, and memorializing matters agreed upon during the impromptu telephone status conference of August 28, 2019, and in discussions between the Parties' counsel thereafter, the Court, finding good cause has been shown, hereby ORDERS the following:

1. The Court will hear testimony from Dr. Blanke on Wednesday, September 11, 2019, in Courtroom No. 4 in the Walter H. Rice Federal Building and United States Courthouse, 200 West Second Street, Dayton, Ohio 45402, starting at 11:30 a.m. EDT.

2. Under Fed.R.Civ.P. 43(a), the parties do not raise a dispute regarding taking Dr. Blanke's testimony by live video link, and the Court finds that there is good cause and compelling circumstances for the Court to permit Dr. Blanke's testimony in open court by contemporaneous transmission from a different location.

---

[1] The nature of these conflicts has not been disclosed to the Court. Since the Parties have accepted the witnesses' explanations, the Court is reluctant to overrule them.

3. Dr. Blanke is thus to report to the Mark O. Hatfield United States Courthouse, 1000 S.W. Third Ave., Portland, Oregon 97204, for remote testimony to begin at 8:30 a.m. PDT.

4. Additionally, the parties agree to take Dr. Antognini's testimony—subject to the Court's ruling on Jackson's Motion in Limine—out of regular order and on Friday, September 27, 2019.

5. Under Fed.R.Civ.P. 43(a), to the extent that Dr. Antognini is permitted to testify on September 27, 2019, the Parties do not raise a dispute regarding taking Dr. Antognini's testimony by live video link, and the Court finds that there is good cause and compelling circumstances for the Court to permit Dr. Antognini's testimony in open court by contemporaneous transmission from a different location.

6. Because the preliminary injunction hearings for James Hanna, Kareem Jackson (if any), and Melvin Bonnell have been consolidated with the hearing for Cleveland Jackson, counsel for these Plaintiffs are invited to attend and examine the witnesses with the expectation Dr. Blanke will be proffered as an expert for these Plaintiffs, and these Plaintiffs may wish to cross-examine Dr. Antognini.

7. Finally, and again under Fed.R.Civ.P. 43(a), as well as Rule 45(c)(1), if Plaintiffs present lay media witnesses who are outside the reach of a Rule 45 subpoena to appear in person before this Court, including Melissa Brown, Ivana Hrynkiw, Chas Sisk, Adam Tamburin, and Travis Loller (C. Jackson Witness List, ECF No. 2256, PageID 108252-54), the Parties do not raise a dispute regarding taking such testimony by live video link from a location within the geographical

limits of Rule 45(c)(1), and the Court finds that there is good cause and compelling circumstances for the Court to permit these lay media witnesses to testify in open court by contemporaneous transmission from a different location.

8.      The Parties proposing to submit witnesses by live video link bear the risk of equipment failure. The Court will do its best to facilitate reception of this testimony, but will not commit to rescheduling any of these witnesses if the transmission fails or is interrupted. The Court will not extend the time allotted to the Parties to conduct the preliminary injunction hearing on account of any equipment failure or technical difficulties.

August 30, 2019.

s/ **Michael R. Merz**  
United States Magistrate Judge