# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION : | Case No. 2:11-cv-1016 |
| : | Chief Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Michael R. Merz |
| This document relates to:<br> Plaintiff Cleveland Jackson, James Hanna,<br> Kareem Jackson, and Melvin Bonnell : | |

## SCHEDULING ORDER RE NEW PRELIMINARY INJUNCTION MOTIONS

This consolidated method of execution case is before the Court on Plaintiff James Hanna's Motion for Preliminary injunction (ECF No. 2435), Plaintiff Cleveland Jackson's Supplemental Motion for Preliminary Injunction relating to expired execution drugs was filed September 3, 2019 (ECF No. 2437), and Plaintiff Melvin Bonnell's Motion for Preliminary Injunction (ECF No. 2438). Upon Motion (ECF No. 2439) and good cause shown, Plaintiff Kareem Jackson was granted leave to file a motion for preliminary injunction no later than September 10, 2019 (Notation Order, ECF No. 2440).

Given the imminence of a hearing on those Motions (September 24, 2019), Defendants must file any memoranda in opposition to Cleveland Jackson, Hanna, and Bonnell's Motions not later than 5:00 p.m. on September 13, 2019, and Plaintiffs must file any reply memorandum not later than forty-eight hours after the memorandum in opposition is filed (72 hours if the memorandum in opposition is filed on a Friday), the provisions of S. D. Ohio Civ. R. 7.2 to the contrary notwithstanding. Defendants must file any memorandum in opposition to Kareem

1

Jackson's motion not later than ninety-six hours after the motion is filed, and Kareem Jackson must file any reply in support not later than forty-eight hours after the memorandum in opposition is filed—again, the provisions of S. D. Ohio Civ. R. 7.2 to the contrary notwithstanding.

In lieu of motion practice on the expired drugs issue and in light of the sworn testimony of Defendant Annette Chambers-Smith that expired drugs will not be used in executing Cleveland Jackson, James Hanna, Kareem Jackson, or Melvin Bonnell without "some sort of testing as far as potency goes . . . [,]" (Depo. Tr., ECF No. 2431-1, PageID 116601), the sworn testimony of Defendant DRC Employee No. 1 that he "absolutely would not use expired drugs to execute anyone"[1], and the public statement of Governor DeWine's press secretary to the same effect[2], Defendants are invited to moot this issue by stipulating that expired drugs will not be used in any of these four executions.

September 5, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[1] Depo. Tr. ECF No. 2446-1, PageID 117733.
[2] Marty Schladen, *Will Ohio really use drugs that have expired for execution?* COLUMBUS DISPATCH (Aug. 29, 2019), https://www.dispatch.com/news/20190829/will-ohio-really-use-drugs-that-have-expired-for-executions. The accuracy of Schladen's reporting this statement was confirmed by Defendants' co-counsel Charles Schneider in the September 3, 2019, status conference (Transcript pending).