IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: OHIO EXECUTION PROTOCOL LITIGATION** | : : : : : | Case No. 2:11-cv-1016 |
| | | Chief Judge Edmund A. Sargus, Jr. |
| **This document relates to: Plaintiff James Hanna** | : : | Magistrate Judge Michael R. Merz |

**STATE ACTOR DEFENDANTS' MEMORANDUM IN OPPOSITION TO HANNA'S MOTION FOR A STAY OF EXECUTION, PRELIMINARY INJUNCTION, AND EVIDENTIARY HEARING ON HIS INDIVIDUAL CHARACTERISTICS [ECF NO. 2435]**

I. Introduction

Plaintiff James Hanna moves for a preliminary injunction and stay of his execution [ECF No. 2435]. Presently before the Court is a like motion filed by Plaintiff Cleveland Jackson. An evidentiary hearing on Jackson's motion is scheduled to convene on September 24, 2019. Hanna argues that at the scheduled hearing he will show a substantial likelihood that he will ultimately prove his claim that Defendants' use of midazolam to execute him will violate his rights under the Eighth and Fourteenth Amendments. Hanna further moves that the Court grant him leave to conduct "expedited discovery as needed" and order an evidentiary hearing on his motion "of sufficient duration to accommodate numerous expert and lay witnesses." [*Id*. at PageID 117006-117008].

Defendants respectfully oppose Hanna's motion because his justifications for a hearing are based on claims that do not support relief as a matter of law.  First, Hanna cannot show that he is sure or very likely to suffer constitutionally prohibited pain.  The "gist" of the Eighth Amendment challenges at issue now is that Defendants' use of midazolam as the first drug in a "three-drug protocol" is unconstitutional because it cannot render a condemned inmate insensate to pain caused by the second and third drugs;  and that midazolam itself will cause the inmate to suffer acute pulmonary edema and resultant pain.  [*Id.* at PageID 117009].  But the Sixth Circuit has repeatedly sustained the constitutionality of midazolam's use, and just this week rejected identical constitutional challenges.   Second, Hanna as a matter of law cannot meet the so-called "second prong" of his Eighth Amendment claim, namely, his burden to show there is a feasible and readily implemented alternative method of execution which will reduce the substantial risk of constitutionally prohibited pain and which the state lacks a legitimate' reason for declining to adopt.   Third, Hanna's "individual physical characteristics" claim on its face is highly unlikely to succeed because Hanna offers no scientific or medical evidence to support his claim.  His speculation that he might find some evidence does not warrant a hearing.

In sum, Hanna cannot meet the standard for preliminary injunctive relief as a matter of law.  Accordingly, and for the reasons more fully explained below, the Court should deny Hanna's motion.

**II.     As a matter of law, Hanna cannot show that he is sure or very likely to suffer constitutionally prohibited pain.**

The relevant question here is whether "an inmate who receives a 500-milligram dose of midazolam is 'sure or very likely' to be conscious enough to experience serious pain from" the execution.  *Fears v. Morgan (In re Ohio Execution Protocol)*, 860 F.3d 881, 886 (6th Cir. 2017) (en banc) (quoting *Glossip v. Gross*, 135 S. Ct. 2726, 2737 (2015)). Every appellate court to consider this question—including the Supreme Court of the United States and the Sixth Circuit-- has held that the answer is no. *See, e.g., Glossip v. Gross*, *supra*, 135 S. Ct. at 2731;  *West v. Parker*, 2019 U.S. App. LEXIS 23460, slip opinion at *18 (rejecting prisoner's claim that state violated his constitutional rights by compelling him to choose between lethal injection and electrocution "[b]ecause we have concluded that neither of these methods of execution violate the Constitution") (internal quotation marks and ellipsis omitted);  *Fears v. Morgan (In re Ohio Execution Protocol)*, 860 F.3d at 885–90;  *Price v. Comm'r, Ala. Dep't of Corr.*, 920 F.3d 1317, 1329–31 (11th Cir. 2019) (per curiam); *Miller v. Parker*, 910 F.3d 259, 261–62 (6th Cir. 2018); *McGehee v. Hutchinson*, 854 F.3d 488, 492 (8th Cir. 2017) (en banc) (per curiam); *Williams v. Kelley*, 854 F.3d 998, 1001 (8th Cir. 2017) (per curiam).

In *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019), Justice Gorsuch clarified that "what unites the punishments the Eighth Amendment was understood to forbid, and distinguishes them from those it was understood to allow, is that the former were long disused (unusual) forms of punishment that intensified the sentence of death with a (cruel) superaddition of terror, pain, or disgrace."  Thus, while hanging could and often

did result in significant pain—including the pain of suffocation, which could take several minutes—"its use was virtually never questioned," presumably because "hanging wasn't intended to be painful and the risk of pain involved was considered unfortunate but inevitable." *Bucklew*, 139 S. Ct. at 1124 (internal quotation marks and citations omitted).

The "gist" of Hanna's and the remaining Plaintiffs' Eighth Amendment challenges is that Defendants' use of midazolam as the first drug in a "three-drug protocol" is unconstitutional because it cannot render a condemned inmate insensate to pain caused by the second and third drugs; and that midazolam itself will cause the inmate to suffer acute pulmonary edema and resultant pain. But just two days ago the Sixth Circuit rejected these same challenges, essentially foreclosing relief as a matter of law:

> As an initial matter, neither pulmonary edema nor the symptoms associated with it qualify as the type of serious pain prohibited by the Eighth Amendment. Consider: midazolam may cause Henness to suffocate. But the Eighth Amendment only prohibits forms of punishment that seek to intensify an inmate's death by "superadd[ing]" feelings of "terror, pain, or disgrace." *Bucklew v. Precythe*, 139 S. Ct. 1112, 1124 (2019) (citations and internal quotation marks omitted). Consistent with this understanding, the Supreme Court recently reasoned that the fact that an inmate sentenced to death by hanging might slowly suffocate to death is not constitutionally problematic. Id. Because suffocation does not qualify as "severe pain and needless suffering," it follows that Ohio's use of midazolam-which could cause pulmonary edema, i.e., suffocation-is not constitutionally inappropriate. The district court therefore clearly erred in concluding to the contrary.
>
> Further, the district court erred in finding that Henness met his burden of proving that midazolam is incapable of suppressing his consciousness enough to prevent him from experiencing—at a

4

> constitutionally problematic level—the pain caused by the combination of the paralytic agent and potassium chloride…

*In re Ohio Execution Protocol Litig.*, No. 19-3064, 2019 U.S. App. LEXIS 27365 (6th Cir. Sep. 11, 2019).

In short, as a matter of law, Hanna cannot show that he is sure or very likely to suffer constitutionally prohibited superadded pain.

**III.     As a matter of law, Hanna cannot meet the so-called "second prong" of his Eighth Amendment claim.**

The "second prong" of the *Glossip* test requires an inmate to do two things: first, to identify an alternative method of execution that is available, feasible, can be readily implemented, and that will significantly reduce the substantial risk of severe pain associated with the state's existing method; and second, to prove that the state lacks a legitimate' reason for declining to switch from its current method of execution" to the proposed alternative. *In re Ohio Execution Protocol Litig.*, *supra*, slip opinion at page 5, citing *Fears v. Morgan (In re Ohio Execution Protocol,* 860 F.3d at 890 (quoting *Glossip v. Gross*, 135 S. Ct. at 2737) and *Bucklew v. Precythe,* 139 S. Ct. at 1128-30.

Hanna as a matter of law cannot make these showings. The methods of involuntary oral ingestion of drugs which Hanna proposes have never been used to carry out a sentence of death.  Choosing not to be the first to experiment with a new method of execution is a legitimate reason to reject it *as a matter of law*. "As the Supreme Court recently explained, a state may decline to utilize an alternative method of execution-even if it is otherwise feasible and capable of being readily implemented-so long as the state has a legitimate reason for doing so, and 'choosing not to be the first

5

[state] to experiment with a new method of execution is a legitimate reason to reject it.'" *In re Ohio Execution Protocol Litig.*, *supra*, slip opinion at page 6, quoting *Bucklew*, 139 S. Ct. at 1128-30 (internal quotation marks omitted).  Moreover, as found by the Sixth Circuit, the record demonstrates that death by secobarbital is not "feasible" because secobarbital can, in some instances, take days to cause death.  *Id.*

Hanna's shooting alternatives fare no better because the state has a legitimate interest in minimizing the physical violence imposed upon condemned inmates, irrespective of the pain that the method of execution may or may not cause; and avoiding the mutilation and distortion of the body, which will surely result if he is executed by shooting him.  *See Glass v. Louisiana*, 471 U.S. 1080, 1085 (Brennan, J., dissenting) ("Civilized standards … require a minimization of physical violence during execution irrespective of the pain that such violence might inflict on the condemned," while "basic notions  of human dignity command that the State minimize mutilation" and "distortion of the condemned prisoner's body.") (internal citations and quotation marks omitted).  Hanna's failure to satisfy *Glossip's* first prong necessarily means as a matter of law that he cannot demonstrate a likelihood of success on the second prong. *In re Ohio Execution Protocol Litig.*, *supra*, slip opinion at page 5, citing *Fears*, 860 F.3d at 890 and *Bucklew*, 139 S. Ct. at 1128-30.

In sum, as a matter of law, Hanna cannot meet the so-called "second prong" of his Eighth Amendment claim.

6

**IV.    Hanna's "individual physical characteristics" claim on its face is implausible and does not merit a hearing.**

Hanna alleges that he has "individual physical characteristics" which will cause him to suffer "a paradoxical reaction to midazolam which will amplify the severe pain he will be sure or very likely to experience when subjected to Ohio's lethal injection protocol." [Motion, ECF No. 2435, PageID 117017]. However, the Sixth Circuit has found that the use of midazolam does *not* present the risk of constitutionally prohibited pain.

And, at best, Hanna merely offers the possibility that he will suffer a paradoxical reaction to midazolam. While he provides two expert declarations with his motion, neither expert renders any opinions as to the probability, or indeed even the possibility, that he will suffer a "paradoxical reaction" to the midazolam. Dr. Fradken provides a long recitation of the abuse Hanna suffered as a child, but does not even mention the theory that Hanna will have difficulty with the execution drugs. For his part, Dr. Scharre only opines that brain imaging would give more information about whether Hanna suffered brain damage in the past; he likewise does not render any opinions with regard to whether midazolam would fail to sedate Hanna during the execution.

Hanna offers no evidence that a "paradoxical reaction" is sure or very likely to occur when he receives midazolam, or that it is sure or likely that he will thereby suffer the "superadded pain" prohibited by the Eighth Amendment. In short, Hanna's "individual physical characteristics" claim on its face is implausible and does not merit a hearing.

**V.     Conclusion**

For all the foregoing reasons, Hanna cannot meet the standard for preliminary injunctive relief as a matter of law and the Defendants request that this Court deny his motion.

Respectfully submitted,

s/ *Charles L. Wille*
**CHARLES L. WILLE (0056444)***
   **Lead Trial Attorney*
**CHARLES A. SCHNEIDER (0005821)**
**THOMAS E. MADDEN (0077069)**
Assistant Attorneys General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
T: (614) 728-7055; F: (614) 728-9327
Charles.Wille@ohioattorneygeneral.gov
Charles.Schneider@ohioattorneygeneral.gov
Thomas.Madden@ohioattorneygeneral.gov


**BRIAN M. KNEAFSEY, JR. (0061441)**
**ANNE BERRY STRAIT (0012256)**
Assistant Attorneys General
Ohio Attorney General Court of Claims
150 East Gay Street, 18th Floor
Columbus, OH 43215
Brian.Kneafsey@OhioAttorneyGeneral.gov
Anne.Strait@OhioAttorneyGeneral.gov

**KATHERINE E. MULLIN (0084122)**
**CHRISTOPHER D. SCHROEDER (0089855)**
Special Assistant Attorneys General
Cuyahoga County Prosecutor's Office
1200 Ontario Street, 8th Floor
Cleveland, OH 44113
kemullin@prosecutor.cuyahogacounty.us
cschroeder@prosecutor.cuyahogacounty.us

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing *State Actor Defendants' Memorandum in Opposition to Hanna's Motion for a Stay of Execution, Preliminary Injunction, and Evidentiary Hearing on his Individual Characteristics* was filed electronically this 13th day of September, 2019.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/ Charles L. Wille*
**CHARLES L. WILLE (0056444)**
Assistant Attorney General

9