# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION | : : : : : : | Case No. 2:11-cv-1016<br><br>Chief Judge Edmund A. Sargus, Jr.<br><br>Magistrate Judge Michael R. Merz |
| This document relates to:<br>Plaintiff Melvin Bonnell | | |

**STATE ACTOR DEFENDANTS' MEMORANDUM IN OPPOSITION TO BONNELL'S MOTION FOR A STAY OF EXECUTION, A PRELIMINARY INJUNCTION, AND AN EVIDENTIARY HEARING ON HIS INDIVIDUAL CHARACTERISTICS [ECF NO. 2438]**

## I. Introduction

Plaintiff Melvin Bonnell moves for a preliminary injunction and stay of his execution [ECF No. 2438]. Presently before the Court is a like motion filed by Plaintiff Cleveland Jackson. An evidentiary hearing on Jackson's motion is scheduled to convene on September 23, 2019. Bonnell argues that at the scheduled hearing he will show a substantial likelihood that he will ultimately prove his claim that Defendants' use of midazolam to execute him will violate his rights under the Eighth and Fourteenth Amendments. [*Id*. at PageID 117309-117310]. Bonnell further moves that the Court permit him to present additional evidence during a "supplementary hearing." According to Bonnell, at such a hearing, he will present evidence that due to his alleged "individual physical characteristics" he will suffer "severe pain and needless suffering" during his execution. [*Id*. at PageID 117390-117394].

Defendants respectfully oppose Bonnell's motion because his justifications for a supplementary hearing are based on claims that do not support relief as a matter of law. First, Bonnell cannot show that he is sure or very likely to suffer constitutionally prohibited pain. The "gist" of the Eighth Amendment challenges at issue now is the allegation that the injection of midazolam will cause acute pulmonary edema which will lead to substantial pain [*Id.* at PageID 117315]. But even if true, the Sixth Circuit has held as a matter of law that this is not the type of superadded pain prohibited by the Eighth Amendment. Second, Bonnell as a matter of law cannot meet the so-called "second prong" of his Eighth Amendment claim, namely, his burden to show there is a feasible and readily implemented alternative method of execution which will reduce the substantial risk of constitutionally prohibited pain and which the state lacks a legitimate' reason for declining to adopt. Third, Bonnell's "individual physical characteristics" claim on its face is highly unlikely to succeed because Bonnell offers no scientific or medical evidence to support his claim. His speculation that he might find some evidence does not warrant a hearing.

In sum, Bonnell cannot meet the standard for preliminary injunctive relief as a matter of law. Accordingly, and for the reasons more fully explained below, the Court should deny Bonnell's motion.

**II.    As a matter of law, Bonnell cannot show that he is sure or very likely to suffer constitutionally prohibited pain.**

The relevant question here is whether "an inmate who receives a 500-milligram dose of midazolam is 'sure or very likely' to be conscious enough to experience serious

2

pain from" the execution. *Fears v. Morgan (In re Ohio Execution Protocol)*, 860 F.3d 881, 886 (6th Cir. 2017) (en banc) (quoting *Glossip v. Gross*, 135 S. Ct. 2726, 2737 (2015)). Every appellate court to consider this question—including the Supreme Court of the United States and the Sixth Circuit-- has held that the answer is no. *See, e.g., Glossip v. Gross*, *supra*, 135 S. Ct. at 2731; *West v. Parker*, 2019 U.S. App. LEXIS 23460, slip opinion at *18 (rejecting prisoner's claim that state violated his constitutional rights by compelling him to choose between lethal injection and electrocution "[b]ecause we have concluded that neither of these methods of execution violate the Constitution") (internal quotation marks and ellipsis omitted); *Fears v. Morgan (In re Ohio Execution Protocol)*, 860 F.3d at 885–90; *Price v. Comm'r, Ala. Dep't of Corr.*, 920 F.3d 1317, 1329–31 (11th Cir. 2019) (per curiam); *Miller v. Parker*, 910 F.3d 259, 261–62 (6th Cir. 2018); *McGehee v. Hutchinson*, 854 F.3d 488, 492 (8th Cir. 2017) (en banc) (per curiam); *Williams v. Kelley*, 854 F.3d 998, 1001 (8th Cir. 2017) (per curiam).

In *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019), Justice Gorsuch clarified that "what unites the punishments the Eighth Amendment was understood to forbid, and distinguishes them from those it was understood to allow, is that the former were long disused (unusual) forms of punishment that intensified the sentence of death with a (cruel) superaddition of terror, pain, or disgrace." Thus, while hanging could and often did result in significant pain—including the pain of suffocation, which could take several minutes—"its use was virtually never questioned," presumably because "hanging wasn't intended to be painful and the risk of pain involved was considered

3

unfortunate but inevitable." *Bucklew*, 139 S. Ct. at 1124 (internal quotation marks and citations omitted).

The "gist" of Bonnell's and the remaining Plaintiffs' Eighth Amendment challenges is the allegation that the injection of midazolam will cause acute pulmonary edema which will lead to substantial pain. [Motion, ECF No. 2438, PageID 117315]. But even if true, the Sixth Circuit has held as a matter of law that this is not the type of superadded pain prohibited by the Eighth Amendment:

> As an initial matter, neither pulmonary edema nor the symptoms associated with it qualify as the type of serious pain prohibited by the Eighth Amendment. Consider: midazolam may cause Henness to suffocate. But the Eighth Amendment only prohibits forms of punishment that seek to intensify an inmate's death by "superadd[ing]" feelings of "terror, pain, or disgrace." *Bucklew v. Precythe*, 139 S. Ct. 1112, 1124 (2019) (citations and internal quotation marks omitted). Consistent with this understanding, the Supreme Court recently reasoned that the fact that an inmate sentenced to death by hanging might slowly suffocate to death is not constitutionally problematic. Id. Because suffocation does not qualify as "severe pain and needless suffering," it follows that Ohio's use of midazolam-which could cause pulmonary edema, i.e., suffocation-is not constitutionally inappropriate. The district court therefore clearly erred in concluding to the contrary.

*In re Ohio Execution Protocol Litig.*, No. 19-3064, 2019 U.S. App. LEXIS 27365 (6th Cir. Sep. 11, 2019).

In short, as a matter of law, Jackson cannot show that he is sure or very likely to suffer constitutionally prohibited superadded pain.

### III. As a matter of law, Bonnell cannot meet the so-called "second prong" of his Eighth Amendment claim.

The "second prong" of the *Glossip* test requires an inmate to do two things: first, to identify an alternative method of execution that is available, feasible, can be readily

4

implemented, and that will significantly reduce the substantial risk of severe pain associated with the state's existing method; and second, to prove that the state "lacks a legitimate reason for declining to switch from its current method of execution" to the proposed alternative. *In re Ohio Execution Protocol Litig.*, *supra*, slip opinion at page 5, citing *Fears v. Morgan (In re Ohio Execution Protocol,* 860 F.3d at 890 (quoting *Glossip v. Gross*, 135 S. Ct. at 2737) and *Bucklew v. Precythe,* 139 S. Ct. at 1128-30.

Bonnell as a matter of law cannot make these showings. The involuntary oral ingestion of secobarbital which Bonnell proposes has never been used to carry out a sentence of death. "Choosing not to be the first to experiment with a new method of execution is a legitimate reason to reject it *as a matter of law.* "As the Supreme Court recently explained, a state may decline to utilize an alternative method of execution- even if it is otherwise feasible and capable of being readily implemented-so long as the state has a legitimate reason for doing so, and 'choosing not to be the first [state] to experiment with a new method of execution is a legitimate reason to reject it.'" *In re Ohio Execution Protocol Litig.*, *supra*, slip opinion at page 6, quoting *Bucklew*, 139 S. Ct. at 1128-30 (internal quotation marks omitted). Moreover, as found by the Sixth Circuit, the record demonstrates that death by secobarbital is not "feasible" because secobarbital can, in some instances, take days to cause death. *Id.*

Bonnell's shooting alternatives fare no better because the state has a legitimate interest in minimizing the physical violence imposed upon condemned inmates, irrespective of the pain that the method of execution may or may not cause; and avoiding the mutilation and distortion of the body, which will surely result if he is

executed by shooting him. *See Glass v. Louisiana*, 471 U.S. 1080, 1085 (Brennan, J., dissenting) ("Civilized standards … require a minimization of physical violence during execution irrespective of the pain that such violence might inflict on the condemned," while "basic notions of human dignity command that the State minimize mutilation" and "distortion of the condemned prisoner's body.") (internal citations and quotation marks omitted). His failure to satisfy *Glossip's* first prong necessarily means as a matter of law that he cannot demonstrate a likelihood of success on the second prong. *In re Ohio Execution Protocol Litig.*, *supra*, slip opinion at page 5, citing *Fears*, 860 F.3d at 890 and *Bucklew*, 139 S. Ct. at 1128-30.

In sum, as a matter of law, Bonnell cannot meet the so-called "second prong" of his Eighth Amendment claim.

## IV. Bonnell's "individual physical characteristics" claim on its face is implausible and does not merit a hearing.

Bonnell alleges that he has "individual physical characteristics," including a litany of medical problems or conditions, which he says may cause him to suffer severe pain and needless suffering if he is executed by Defendants' three-drug protocol. However, Bonnell's litany of medical problems does not lend any support to his claim.

First, Bonnell claims that he has "frequent migraines and chronic headaches." So do a lot of people, but Bonnell cites no support for his theory that midazolam would cause him superadded pain because of his migraines. Next, Bonnell alleges that he has had multiple hospitalizations requiring IV treatment and anesthetics, but he fails to explain how or why this would negatively affect his ability to be administered

6

midazolam by IV injection. Indeed, the opposite appears to be the case; he has successfully had IVs inserted and he has successfully been anesthetized. Indeed, given the widespread use of midazolam to induce anesthesia, there is a good chance that he has been administered midazolam in the past. Further, Bonnell's allergies to codeine and penicillin are irrelevant inasmuch as the Ohio protocol does not include any opiates or antibiotics. His history of back and hand injuries and eye problems are likewise irrelevant.

Bonnell also claims that his closed head injury in 1987 and subsequent seizure disorder might cause him to have a paradoxical reaction to midazolam. However, the CT scan he quotes makes it apparent that the head injury only caused a small hematoma with only mild mass effect and a minimal midline shift. Further, his statements about taking anti-seizure medications are all in the past tense, so he apparently no longer takes these medications.

Bonnell does not cite any expert opinion or other potential evidence to support his theory that these problems or conditions in conjunction with the execution drugs would be sure or very likely to cause a constitutionally prohibited risk. In his own words, at this juncture he only has "reason to believe" that his conditions might increase the risk he will experience pain and suffering or that the medications he takes could reduce the efficacy of the execution drugs or potentially cause a paradoxical reaction," but never specifies what reason leads him to these beliefs. [Motion, ECF No. 2438, PageID 117391-117394]. As such, Bonnell's "individual physical characteristics"

7

claim on its face is purely speculative, highly *unlikely* to succeed, and does not merit a hearing.

V.  **Conclusion**

For all the foregoing reasons, Bonnell cannot as a matter of law meet the standard for preliminary injunctive relief.

Respectfully submitted,

**DAVE YOST**
Ohio Attorney General

s/ *Charles L. Wille*
**CHARLES L. WILLE (0056444)***
 *Lead Trial Attorney*
**CHARLES A. SCHNEIDER (0005821)**
**THOMAS E. MADDEN (0077069)**
Assistant Attorneys General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
T: (614) 728-7055; F: (614) 728-9327
Charles.Wille@ohioattorneygeneral.gov
Charles.Schneider@ohioattorneygeneral.gov
Thomas.Madden@ohioattorneygeneral.gov

**BRIAN M. KNEAFSEY, JR. (0061441)**
**ANNE BERRY STRAIT (0012256)**
Assistant Attorneys General
Ohio Attorney General Court of Claims
150 East Gay Street, 18th Floor
Columbus, OH 43215
Brian.Kneafsey@OhioAttorneyGeneral.gov
Anne.Strait@OhioAttorneyGeneral.gov

KATHERINE E. MULLIN (0084122)
CHRISTOPHER D. SCHROEDER (0089855)
Special Assistant Attorneys General
Cuyahoga County Prosecutor's Office
1200 Ontario Street, 8th Floor
Cleveland, OH 44113
kemullin@prosecutor.cuyahogacounty.us
cschroeder@prosecutor.cuyahogacounty.us

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing *Defendants' Memorandum in Opposition* was filed electronically this 13th day of September, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Charles L. Wille*
**CHARLES L. WILLE (0056444)**
Assistant Attorney General