# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: OHIO EXECUTION PROTOCOL LITIGATION**<br><br>**This document relates to:**<br><br>**Plaintiff James Galen Hanna** | Case No. 2:11-cv-1016<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Michael R. Merz<br><br>**DEATH PENALTY CASE**<br><br>**Execution Scheduled For December 11, 2019** |

**Plaintiff James Hanna's Response to Show Cause Order Regarding Evidentiary Hearing (ECF No. 2478)**

Plaintiff Cleveland Jackson has this day filed a comprehensive response (ECF No. 2490), to this Court's show cause order, explaining that this Court should proceed to conduct the previously scheduled evidentiary hearing in light of the nonfinal panel decision in *In re Ohio Execution Protocol Litig. (Henness)*, No. 19-3064, ___ F.3d ___, 2019 U.S. App. LEXIS 27365 (6th Cir. Sep. 11, 2019). This Court should conduct a hearing on Hanna's preliminary injunction motion as well as a hearing for Plaintiff Cleveland Jackson, because: (1) a hearing is warranted on the common issues he has with Plaintiff Cleveland Jackson, for all the reasons stated by Jackson in his response; and (2) a hearing is warranted on Hanna's paradoxical reaction claim, because *Henness* has no impact on that claim.

**I.      This Court Has Reason To Conduct An Evidentiary Hearing On James Hanna's And Cleveland Jackson's Common Issues, For All The Reasons Stated In Jackson's Response.**

Plaintiff James Hanna's motion for preliminary injunction presents many identical issues to those currently before the Court for Jackson, and for which this Court had earlier ordered a hearing. (*See* Hanna's Third Amended Individual Supplemental Complaint, ECF No. 2396, ¶¶1913-2168, PageID 115229-77). Becausethese particular issues presented by Hanna and Jackson are identical, Hanna respectfully incorporates and adopts Jackson's response in full, as providing cause for an evidentiary hearing as to their common claims. (*See,* ECF No. 2490.)

As Jackson has explained in that adopted response, this Court should hold a hearing on Hanna's and Jackson's claims that the midazolam protocol violates the Eighth Amendment because it creates a substantial risk of severe pain that will be experienced by the individual subjected to the protocol, and there are available, feasible, alternative methods of execution that significantly reduce that risk of pain.

As explained in Jackson's response, this Court should proceed with its scheduled hearing on these issues that Jackson and Hanna have in common because: (1) *Henness* is not final (Jackson Show Cause Response, Section I); (2) Even so, Jackson and Hanna can meet the first prong of *Glossip* first stated in *Henness*, because the evidence they will present includes additional evidence not presented by Henness from Drs. Greenblatt, Exline, and Edgar (Jackson Show Cause Response, Section IIA); (3) It is proper to hold a hearing where that

2

evidence has already been disclosed (*Id.*, Section IIB); (4) Because this Court should exclude Dr. Antognini's testimony under *Daubert*, Jackson's and Hanna's record will differ from Henness's record, providing them stronger grounds for relief than Henness (Jackson Show Cause Response, Section IIC); (5) On the second *Glossip* prong, Jackson and Hanna present different alternatives from those presented by Henness, and the Sixth Circuit's decision has not addressed such alternatives, i.e., firing squad, shooting, and the four-drug D-DMA method (*Id.*, Section III); and (6) Jackson and Hanna are entitled to build their record for further review, especially in light of the shortcomings of the *Henness* opinion. *Id.*, Section IV.

For these reasons, all fully incorporated and adopted herein by Hanna, this Court has cause to conduct the scheduled evidentiary hearing on the common Eighth Amendment issues presented by Jackson and Hanna.

## II. *Henness* Does Not Affect This Court's Adjudication Of Hanna's Paradoxical Reaction Claims, Which Were Neither Raised Nor Addressed By *Henness*

As Hanna has noted in his motion for preliminary injunction (ECF No. 2435, PageID 117007, 117017-25), he presents issues which are different from those presented by Jackson (or Henness), and for which this Court should grant an evidentiary hearing. Specifically, unlike Jackson (or Henness), Hanna has asserted a separate claim that the use of the midazolam-based three-drug protocol violates the Eighth Amendment, because, given his individual characteristics, Hanna will have a paradoxical reaction to the midazolam, which will heighten his sensation of pain, creating even greater pain and suffering with

3

a protocol that already causes extreme, unconstitutional pain and suffering. (*See* Third Amended Individual Supplemental Complaint, ECF No. 2396, ¶¶1899-1901, PageID 115223-24.)

In *(Henness)*, the panel did not address any "paradoxical reaction" claims such as Hanna's because they were not at issue in *Henness*. It addressed the constitutionality of the protocol as administered to an average person who had not alleged any special vulnerability to heightened arousal and sensation from midazolam. Hanna has numerous risk factors identified in the scientific examination of midazolam and benzodiazepines that make him vulnerable to heightened sensation during the execution process. The scientific literature identifies all of these as risk factors for a paradoxical reaction: advanced age (70), post-traumatic stress disorder, major depression, cognitive disorder, brain damage, and a history of alcohol abuse. (*See* Motion for Preliminary Injunction, ECF No. 2435, PageID 117018-21) (explaining scientific basis of paradoxical reaction to benzodiazepines, risk factors, and showing that Hanna has a large constellation of those risk factors).

The Sixth Circuit panel, therefore, has not adjudicated (and has not foreclosed) either Hanna's claim, or the type of claim raised by Hanna in ¶¶1899-1901 of his Third Amended Complaint. *Henness* thus does not affect Hanna's entitlement to a hearing, and to preliminary injunctive relief on ¶¶1899-1901 of his complaint.

That conclusion is evident when one examines the evidence that Hanna proposes to present at a preliminary injunction hearing, none of which was

4

presented by Henness, and none of which is to be presented by Jackson. Hanna has set forth for this Court an outline of the evidence that he would expect to present at a hearing on these issues, and all of that evidence is particular to him and has never been the subject of any prior proceedings.

Hanna's evidentiary presentation would include the following unique, factual matters that have yet to be considered by this Court or the Sixth Circuit:

(1) Testimony from psychologist Dr. Howard Fradkin, Ph.D., about the horrendous and complex trauma endured by Hanna over his lifetime and Hanna's resulting mental illness, including post-traumatic stress disorder, major depression, and borderline personality disorder – all of which are risk factors for a paradoxical reaction to midazolam whereby Hanna's arousal and sensation of the pain would be heightened. (*See* Motion for Preliminary Injunction, ECF No 2435, PageID 117023; Report of Dr. Howard Fradkin, Ph.D., ECF No. 2435-1, PageID 117034-91 (detailing Hanna's history of complex trauma and resulting mental illnesses that would be presented as proof on Hanna's paradoxical reaction claim);

(2) Testimony from neurologist Dr. Douglas Scharre, M.D., about the scope and nature of Hanna's brain damage through neuroimaging, where brain damage is also a risk factor for a paradoxical reaction to midazolam or other benzodiazepines. (Motion for Preliminary Injunction, ECF No 2435, PageID 117022-23; Declaration of Douglas Scharre, M.D., ECF No. 2435-4, PageID 117121-23 (discussing Hanna's history indicating brain injury, and need for neuroimaging to fully evaluate the nature and extent of his brain damage);

(3) Testimony from pharmacologist Craig Stevens, Ph.D., explaining the pharmacological bases for paradoxical reactions as well as the science and research establishing the risk factors for paradoxical reactions. (Motion for Preliminary Injunction, ECF No 2435, PageID 117023).

(4) Testimony from anesthesiologist David Lubarsky, M.D., who would explain how Hanna's unique characteristics make him especially vulnerable to, and/or likely to have, a paradoxical reaction, were he administered midazolam as contemplated by the execution protocol. (*Id.*, PageID 117023-24).

5

Evidence of James Hanna's history of trauma, evidence of James Hanna's brain damage, evidence of the nature and science of the paradoxical reaction, and evidence of Hanna's specific likelihood of suffering that reaction was never at issue in *Henness*. As such, *Henness* does not affect James Hanna's entitlement to an evidentiary hearing and to preliminary injunctive relief on ¶¶1899-1901 of his complaint. This Court, therefore, should proceed with a preliminary injunction hearing on ¶¶1899-1901 of Hanna's Third Amended Individual Supplemental Complaint, for all the reasons Hanna has stated in his motion. And, as Hanna has noted in his motion, he will require sufficient time to prepare and present such evidence following the commencement of the next federal fiscal year.

## CONCLUSION

In sum, therefore, and for all the reasons stated by Jackson in his response (ECF No. 2490) to this Court's show cause order (incorporated in full here), this Court should still hold its planned hearing on Hanna's claim that the Ohio execution protocol violates the Eighth Amendment because it unconstitutionally inflicts severe pain upon a sensate individual, and there are available alternatives that significantly reduce the risk of severe pain: firing squad, shooting, and the four-drug D-DMA alternative. *See* Third Amended Individual Supplemental Complaint, ECF No. 2396, ¶¶1913-2168, PageID 115229-77).

Likewise, because *Henness* never addressed a paradoxical reaction claim and certainly did not consider evidence of Hanna's unique physiological characteristics that would lead to a paradoxical reaction, this Court should

6

conclude that *Henness* has no impact on ¶¶1899-1901 of Hanna's Third Individual Supplemental Complaint. This Court should conduct a hearing on those issues in James Hanna's case, as he has requested in his motion for preliminary injunction.

**Respectfully submitted this 16th day of September, 2019.**

        **Deborah L. Williams**

        **Federal Public Defender**
        Southern District of Ohio

        By

        */s/ Allen L. Bohnert*
        **Allen L. Bohnert (0081544)**
        Trial Attorney for Plaintiff Hanna

        Paul R. Bottei
        Co-Counsel for Plaintiff Hanna

        Assistant Federal Public Defenders
        Office of the Federal Public Defender
        for the Southern District of Ohio
        Capital Habeas Unit
        10 West Broad Street, Suite 1020
        Columbus, Ohio 43215
        Telephone: 614.469.2999
        Fax: 614.469.5999
        Allen_Bohnert@fd.org
        Paul_Bottei@fd.org

        David L. Doughten
        4403 St. Clair Avenue
        Cleveland, Ohio 44103
        (216) 361-1112
        Co-Counsel for Plaintiff Hanna

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2019, I electronically filed the foregoing **Plaintiff Hanna's Response to Show Cause Order Regarding Evidentiary Hearing** with the Clerk of the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to the email addresses of opposing counsel that are on file with the Court.

                                                                    */s/ Allen L. Bohnert*
                                                                    Trial Attorney for Plaintiff Hanna