# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: OHIO EXECUTION PROTOCOL LITIGATION**<br><br>**This document relates to:**<br>**Plaintiffs Cleveland Jackson,**<br>**James Hanna,**<br>**Kareem Jackson,**<br>**Melvin Bonnell** | Case No. 2:11-cv-1016<br><br>**CHIEF JUDGE EDMUND A. SARGUS, JR.**<br>Magistrate Judge Michael R. Merz<br><br>**DEATH PENALTY CASE**<br><br>First Execution scheduled for:<br>November 13, 2019 |

**Motion For Admission Of Defendant Governor Mike DeWine's**
**Statements As Admissions Of A Party-Opponent**
**Under Fed. R. Evid. 801(D)(2)**

Plaintiffs move for admission of the out-of-court statements made by the lead Defendant Governor Mike DeWine. These statements are relevant to the significant issues in this case, mainly whether the State of Ohio will utilize the current execution protocol. These statements are admissible under Fed. R. Evid. 801(d)(2).

1

## Memorandum in Support

Plaintiffs move for admission of statements made by the lead Defendant Governor Mike DeWine. Since this Court issued its Decision and Order on January 15, 2019 denying Plaintiff Henness's Motion for Preliminary Injunction and Stay of Execution (ECF No. 2132), news outlets have reported multiple statements made by Governor DeWine about this litigation, in particular his comments on the January 15 Decision and Order, and his opinion about how the State of Ohio would or would not proceed with executions. These statements are relevant to the significant issues in this case presently being litigated on behalf of Plaintiffs Cleveland Jackson, James Hanna, Kareem Jackson, and Melvin Bonnell, mainly whether the State of Ohio will utilize the current execution protocol in the upcoming executions of these four plaintiffs. These statements are admissible under Fed. R. Evid. 801(d)(2).

**I.    Law.**

"Rule 801(2)(d) excludes from the rule against hearsay those statements that are 'offered against an opposing party' and that were either made 'by the party,' made 'by a person whom the party authorized to make a statement on the subject,' or made 'by the party's agent[.]'" *Gjokaj v. United States Steel Corp.,* 700 F. App'x 494, 502 (6th Cir. 2019).

The admissibility of statements of a party-opponent is grounded not in the presumed trustworthiness of the statements, but on "a kind of estoppel or waiver theory, that a party should be entitled to rely on his opponent's statements." *United States v. DiDomenico,* 78 F.3d 294, 303 (7th Cir. 1996). As

2

noted in the advisory committee notes to Rule 801(d)(2)(A), admissions by a party-opponent are excluded from the category of hearsay "on the theory that their admissibility in evidence is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule." Evid. 801 Advisory Committee's Note. "For a statement to be an admission under Rule 801(d)(2), the statement must be made by a party, or by a party's agent or servant within the scope of the agency or employment." *Vazquez v. Lopez-Rosario*, 134 F.3d 28, 34 (1st Cir. 1998).

## II.     Analysis.

Governor DeWine has made multiple statements since this court's Decision and Order of January 15, 2019, where this Court found that the midazolam three-drug execution protocol was certain or very likely to cause the inmate being executed severe pain and needless suffering. All of Governor DeWine's statements were made in his official capacity as the Chief Executive of the State of Ohio, and all statements were in direct relation to this litigation. In addition, Governor DeWine's official spokesperson made statements on the subject matter of Ohio's lethal injection process. Those statements are also admissible. *Gjokaj,* 700 F. App'x at 502.

After this Court's January 15, 2019 Decision and Order, Governor DeWine granted a Reprieve to Plaintiff Warren Henness on January 25, 2019. In conjunction with that Reprieve, Governor DeWine issued a statement explaining that even though the Decision and Order of January 15, 2019 would be appealed, he directed the Ohio Department of Rehabilitation and Correction

3

("ODRC") "to assess Ohio's current options for execution drugs and examine possible alternative drugs." (Exhibit 1: Governor DeWine Delays Execution of Warren Henness in Response to Federal Court Order).[1]

Following this initial news release, Governor DeWine made numerous statements over the following weeks and months that were reported or quoted in the press. In those reports, Governor DeWine repeatedly announced he would not authorize executions to go forward with the current three-drug protocol using midazolam:

> Gov. Mike DeWine said Tuesday that there will be no more executions in Ohio until a new method of carrying them out can be developed and deemed constitutional by the courts.
>
> "As long as the status quo remains, where we don't have a protocol that has been found to be OK, we certainly cannot have any executions in Ohio," DeWine told reporters at an Associated Press forum in Columbus. "That would not be right, at least in my opinion."

(Exhibit 2: 2/19/2019, Gov. Mike DeWine freezes all Ohio executions while new method developed, Cleveland.com.)

> DeWine said he doesn't want another execution until a federal judge's concerns with Ohio's method are addressed. In January, he directed the state Department of Rehabilitation and Correction to come up with a new protocol, after U.S. Magistrate Judge Michael Mertz [sic] said the "current three-drug protocol will certainly or very likely cause ... severe pain and needless suffering."
>
> DeWine's office said the reprieves were granted "because it is highly unlikely that the state's new execution protocol, which is still in the process of being developed by DRC, would have time to be litigated by scheduled execution dates."

---

[1] https://governor.ohio.gov/wps/portal/gov/governor/media/news-and-media/012519.

4

(Exhibit 3: 3/7/2019, DeWine delays three more executions due to lethal drug concerns, Columbus Dispatch.)

> DeWine told reporters Monday that he hasn't thought about whether Ohio should stop using injections for executions. He added, however, that he "felt we had no choice" but to delay the state's upcoming executions because the state's prisons agency wouldn't be able to develop a new execution protocol – and go through inevitable legal challenges to it – by the time of their original execution dates.

(Exhibit 4: 3/11/2019, Legislative leader says he's willing to discuss changing Ohio's execution method, Cleveland.com.)

> "Ohio's not going to execute someone under my watch when a federal judge has found it to be cruel and unusual punishment," Mr. DeWine said in January.

(Exhibit 5: 3/20/2019, Ohio attorney general chastises judge over death penalty, Toledo Blade.)

> DeWine recently ordered the Ohio Department of Rehabilitation and Correction to find a new method for executing death row inmates. Until that happens, all executions are on hold.
>
> A federal magistrate called Ohio's three-drug death penalty protocol "cruel and unusual punishment" banned by the U.S. Constitution. That carried weight with the governor.
>
> "Having that opinion in front of me, I felt that Ohio shouldn't be carrying out an execution while we know those facts," DeWine told The Enquirer.

(Exhibit 6: 4/17/2019, As Ohio struggles to find a painless way to kill death row inmates, is this the end of death penalty? Cincinnati Enquirer.)

> In February, DeWine said Ohio "certainly could have no executions" during the search for new drugs and the court challenges that would follow adopting a new system. DeWine said Wednesday his position hasn't changed.

(Exhibit 7: 8/1/2019, Ohio Still Having Difficulty Finding Execution Drugs, WOSU.)

> DeWine said earlier this year that no executions would go forward until the state had a method for executions that would be okayed by a federal court. He asked the prisons department to come up with a new method to replace the three drugs it uses now, which are nearly impossible to find.
>
> \*\*\*
>
> However, speaking after a meeting at the Ohio Expo Commission, he said there's a problem.
>
> "We see no protocol that we could put forward that would be allowed under Ohio law," he said.
>
> DeWine said he fears retribution from companies that sell the state drugs for Medicaid and other programs – some of which say they don't want their drugs used in executions.

(Exhibit 8: 8/19/2019, DeWine's dismissal of fentanyl executions maintains execution gridlock, WOSU.)

> Asked Thursday about the apparent contradiction, DeWine press secretary Dan Tierney said the governor's position "has not changed." He added, "Even if the court rules that Ohio's current protocol is constitutional, there are other problems" the state has to deal with. For example, if Ohio uses drugs it already has, manufacturers and distributors such as Hikma and AmeriSource Bergen might stop supplying medicines used at state-operated veterans homes.
>
> \*\*\*
>
> However, DeWine told reporters at an Associated Press forum in February, "Ohio is not going to execute someone under my watch when a federal judge has found it to be cruel and unusual punishment."

(Exhibit 9: 8/23/2019, Ohio fighting for execution method that Gov. DeWine said he wouldn't use, Akron Beacon-Journal.)

6

These statements are not hearsay under Fed. R. 801(d)(2) and are admissible against the party who made them. Governor DeWine is the lead Defendant in this litigation. The statements were made by him and/or his spokesperson. The statements are relevant as they demonstrate Governor DeWine, as the lead Defendant, intends that (1) no executions will go forward using the current three-drug protocol using midazolam, (2) a new protocol is being developed, and (3) Defendants know and recognize that the current three-drug midazolam protocol will cause severe torturous pain if used. These admissions support the arguments advanced by the Plaintiffs in this litigation. *See Bondie v. Bic Corp.*, 947 F.2d 1531, 1534 (1991); *Hiner v. Ashland Broadcasting Corp., et al,* Case No. 2:01-cv-919, 2006 WL 8442644, at *2-3 (S.D. Ohio Oct. 16, 2006).

Counsel for Defendants have asserted during hearings before this Court that press accounts of Governor DeWine's various statements are not relevant because the media cannot be trusted to report his statements accurately. But the admissibility of the Governor's statements does not depend on indicators of their trustworthiness:

> Trustworthiness is not a separate requirement for admission under Rule 801(d)(2)(A). *United States v. Pinalto,* 771 F.2d 457, 459 (10th Cir. 1985). The admissibility of statements of a party-opponent is grounded not in the presumed trustworthiness of the statements, but on "a kind of estoppel or waiver theory, that a party should be entitled to rely on his opponent's statements." *United States v. DiDomenico,* 78 F.3d 294, 303 (7th Cir.1996).

*Jewell v. CSX Transp., Inc.,* 135 F.3d 361, 365 (6th Cir. 1998). Further, "[a]dmissions of a party-opponent under Rule 801(d)(2) are accorded generous

7

treatment in determinations of admissibility." *Nowell v. City of Cincinnati*, Case No. 1:03-cv-859, 2006 WL 2619846, at *6 (S.D. Ohio Sept. 12, 2006).

What's more, the press reports are consistent and repeated. There are even recordings of Governor DeWine making these statements. For example, a digital copy of the video of Governor DeWine's statements on July 31, 2019 has already been filed on the docket in this case. (*See* Jackson's Notice of Manual Filing, ECF No. 2325, PageID 113170.) The Court should also admit, as a statement of a party-opponent, that digital copy as well.[2]

Under Fed. R. Evid. 1007, the press accounts are sufficient as the best evidence of the statements by the Governor concerning this litigation. If Defendants doubt the accuracy of any of the news reports identified by this Motion, their proper remedy, as this Court previously noted in the context of this very issue, is to offer into evidence the *entirety* of the statement, including any allegedly missing portions, under Fed. R. Evid. 106. As the Court explained, "Fed. R. Evid. 106 is a rule of inclusion, not of exclusion. If Plaintiffs were to offer only a portion of the Governor's comments on the occasion in question, then Fed. R. Evid. 106 appears to be authority for admitting the whole statement. The question is premature, however, because no portion of the statement has yet been offered in evidence." (Order Denying Defs.' Motion in Limine, ECF No. 2324, PageID 113168.) Plaintiffs make that offer now, and

---

[2] Exhibit 10: https://www.wtrf.com/top-video/governor-dewine-reiterates-his-position-on-executions-announces-next-steps/.

8

ask the Court to admit the video-recorded statement by the Governor, as well as all the other statements recorded by the news media identified above.

### III. Conclusion.

Plaintiffs therefore move that Exhibits 1–10, statements made by Governor DeWine or on his behalf, be admitted as statements by a party-opponent. The statements are highly relevant to the litigation and demonstrate the lead Defendant's admission that the current execution protocol is not appropriate for future use in Ohio and that other execution methods need to be developed by the State of Ohio.

**Respectfully submitted this 18th day of September, 2019.**

**/s/ Allen L. Bohnert**
**Allen L. Bohnert (0081544)**
Trial Attorney for Plaintiff Jackson

and

David C. Stebbins (0005839)
Assistant Federal Public Defender
Supervising Attorney
Co-Counsel for Plaintiff Jackson

Lisa M. Lagos (0089299)
Paul R. Bottei (TN 17036)
Adam M. Rusnak (0086893)
Assistant Federal Public Defenders
Co-Counsel for Plaintiff Jackson

Theodore C. Tanski (PA 314189)
Research & Writing Attorney
Co-Counsel for Plaintiff Jackson

Office of the Federal Public Defender
for the Southern District of Ohio
Capital Habeas Unit
10 West Broad Street, Suite 1020
Columbus, Ohio 43215
614-469-2999
614-469-5999 (fax)
Allen_Bohnert@fd.org
David_Stebbins@fd.org
Lisa_Lagos@fd.org
Paul_Bottei@fd.org
Adam_Rusnak@fd.org
TC_Tanksi@fd.org

**Deborah L. Williams**
Federal Public Defender
Southern District of Ohio

by

and

Richard Cline (0001854)
Chief Counsel
Death Penalty Department

Randall L. Porter (0005835)
Assistant State Public Defender

Office of the Ohio Public Defender
250 E. Broad Street - Suite 1400
Columbus, Ohio 43215-9308
Telephone: (614) 466-5394
Facsimile: (614) 644-0708
Richard.Cline@opd.ohio.gov
Randall.Porter@opd.ohio.gov
Co-Counsel for Plaintiff Jackson

and

James A. King (0040270)
Porter, Wright, Morris & Arthur LLP
41 South High Street
Columbus, Ohio 43215
614-227-2051
614-227-2100 (fax)
Email: jking@porterwright.com
Co-Counsel for Plaintiff Jackson

**Counsel for Plaintiff Jackson**

By

**/s/ *Allen L. Bohnert***
**Allen L. Bohnert (0081544)**
Trial Attorney for Plaintiff Hanna

Paul R. Bottei (TN 17036)
Co-Counsel for Plaintiff Hanna

Assistant Federal Public Defenders

Office of the Federal Public Defender
for the Southern District of Ohio
Capital Habeas Unit
10 West Broad Street, Suite 1020
Columbus, Ohio 43215
Telephone: 614.469.2999
Fax: 614.469.5999
Allen_Bohnert@fd.org
Paul_Bottei@fd.org

David L. Doughten
4403 St. Clair Avenue
Cleveland, Ohio 44103
(216) 361-1112

**Counsel for Plaintiff Hanna**


**Office of the Ohio Public Defender**

**/s/ *Kimberly S. Rigby***
**Kimberly S. Rigby [0078245]**
Supervising Attorney
Death Penalty Dept.
Kimberly.Rigby@opd.ohio.gov
Trial Attorney for Plaintiff Bonnell

**/s/ *Erika M. LaHote***
Erika M. LaHote [0092256]
Assistant State Public Defender
Erika.Lahote@opd.ohio.gov

250 East Broad St., Suite 1400
Columbus, Ohio 43215
614-466-5394/614-644-0708 (Fax)

**Counsel for Plaintiff Bonnell**
and

Stephen Newman
Federal Public Defender
Northern District of Ohio

**/s/ *Alan C. Rossman***
ALAN C. ROSSMAN
Assistant Federal Public Defender
Director, Capital Habeas Unit
Alan_rossman@fd.org

**/s/ *Vicki Werneke***
VICKI RUTH ADAMS WERNEKE
Assistant Federal Public Defender
Capital Habeas Unit
Vicki_werneke@fd.org

1660 W. 2nd Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856
(216) 522-1951 (fax)

**Counsel for Plaintiff K. Jackson**

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2019, I electronically filed the foregoing **Motion For Admission Of Defendant Governor Mike DeWine's Statements As Admissions Of A Party-Opponent Under Fed. R. Evid. 801(D)(2)** with the Clerk of the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to the email addresses of opposing counsel that are on file with the Court.

*/s/ Allen L. Bohnert*
**Allen L. Bohnert**
Trial Attorney for Plaintiff Cleveland Jackson and Plaintiff Hanna, and Court-Appointed Plaintiffs' Liaison Counsel