**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: OHIO EXECUTION PROTOCOL LITIGATION**<br><br>**This document relates to:**<br>**Plaintiff Cleveland Jackson** | **Case No. 2:11-cv-1016**<br><br>**JUDGE EDMUND A. SARGUS, JR.**<br>**Magistrate Judge Michael R. Merz**<br><br>**DEATH PENALTY CASE**<br><br>**Execution scheduled for:**<br>**November 13, 2019** |

**Plaintiff Cleveland Jackson's Motion to Admit Deposition Testimony in**
**Support of His Motion for Preliminary Injunction**

This consolidated method of execution case is before the Court on

Plaintiff Cleveland Jackson's Amended Motion for a Stay of Execution, a

Preliminary Injunction, and an Evidentiary Hearing.  (ECF No. 2242.)  The case

is set for evidentiary hearing on the motion—along with three other Plaintiffs—

on September 24 – October 3, 2019.[1] (ECF No. 2378, PageID 114804.)

Plaintiff Jackson, under Rule 32 of the Federal Rules of Civil Procedure,

now moves this Court to admit the designated depositions as substantive

evidence in deciding Jackson's Motion for Preliminary Injunction and any

---

[1] The hearing actually started on September 11, 2019, with the taking of testimony out of order and by video transmission of Jackson's expert.  During the testimony, the Court and parties learned of the decision of *In re Ohio Execution Protocol Litig.* (*Henness*), No. 19-3064, ___ F.3d ___ , 2019 U.S. App. LEXIS 27365 (6th Cir. Sept. 11, 2019).  This Court subsequently issued an Order to Show Cause why the evidentiary hearing should continue (ECF No. 2478).  The parties have briefed the issue and the question currently rests with the Court.  (*See* Plaintiff Cleveland Jackson's Response to Show Cause Order Regarding Evidentiary Hearing, ECF No. 2490; State's Response, ECF No. 2498.)

related matters.  Similar testimony was already designated and subsequently admitted as to Jackson's motion.  (*See e.g.*, Decision and Order on Motion to Admit Prior Evidence and Testimony, ECF No. 2191, PageID 106838–39 (admitting designated prior testimony that included hearing and deposition testimony, identified in ECF No. 2160-1.)  This motion seeks to add sworn testimony obtained since those previous designations were made.

This Court has the authority to take and receive evidence as the circumstances dictate, and given the limited time, it is both appropriate and necessary for the Court to admit this evidence for substantive consideration in Jackson's preliminary injunction proceedings.  A court's broad discretion for receiving evidence in a matter before it is well-established—particularly when no jury is involved.  *See e.g., Weight v. Southwest Bank*, 554 F.2d 661, 663 (5th Cir. 1977) ("A trial judge sitting without jury is entitled to great latitude concerning the admission or exclusion of evidence . . . .").  Further, to any extent the testimony is considered hearsay, admissions by a party opponent are admissible under Fed. R. Ev. 801 (d)(2) because the testimony was provided by an opposing party.  Statements of an opposing party are admissible for their truth.

In addition to the Federal Rules of Evidence, the Federal Rules of Civil Procedure also allow for the admission of prior sworn testimony when circumstances warrant it.  "Rule 32(a) creates of its own force an exception to the hearsay rule," independent of the exceptions created by Rules 804 and 807 of the Federal Rules of Evidence.  8A Charles Alan Wright, Arthur R. Miller, et

al., FEDERAL PRACTICE AND PROCEDURE § 2143 & n.3 (3d. ed. 2016).

Under that Rule, similar depositions have been admitted as substantive

evidence in prior hearings in this consolidated litigation.  (*See e.g.*, Decision

and Order on Motion to Admit Prior Evidence and Testimony, ECF No. 2191,

PageID 106838–39 (admitting designated prior testimony that included hearing

and deposition testimony, identified in ECF No. 2160-1; *see also* Plaintiffs

Phillips, Tibbetts, and Otte's Notice of Designation of Prior Hearing and

Deposition Testimony, ECF No. 863, PageID 27901 et seq., testimony which

this Court subsequently admitted, *see, e.g.*, ECF No. 966).

The same reasoning and justification applies to admit the testimony

designated below.  This is "a hearing or trial," and as such, "all or part of a

deposition may be used against a party" under certain conditions, each of

which are satisfied here.  Fed. R. Civ. P. 32(a)(1).  The Defendants were present

or represented at the depositions.  Fed. R. Civ. P. 32(a)(1)(A).  The deposition

statements are admissible as party opponent admissions under the Federal

Rules of Evidence, as noted above, or otherwise admissible under the Rules of

Evidence.  Fed. R. Civ. P. 32(a)(1)(B).  And their use is allowed under Rule

23(a)(2) (for impeachment purposes), and Rule 23(a)(3) ("An adverse party may

use *for any purpose the deposition of a party* or anyone who, when deposed,

was the party's officer, director, managing agent, or *designee under Rule

30(b)(6). . . .*") (emphases added)).  Additionally, under Rule 32(c), this Court

can and should find, in the present, compressed time circumstances, good

cause to consider the deposition testimony as presented in transcript form for impeachment and for substantive evidence purposes.

The deposition testimony cited in this Motion were all conducted on August 21 and 22, 2019, in preparation for the upcoming hearing.  The testimony is offered as evidence of material facts that remain in dispute in this litigation, such as the availability and feasibility of Plaintiff Jackson's proposed methods of execution.  Admitting the evidence serves the interest of justice and the purpose of the Rules, which are designed to support and facilitate effective resolution of legitimate disputes between the litigants before it.

The referenced deposition transcripts are filed on the public docket under this Court's standing order. (ECF No. 2431, PageID 116575.) Defendants also filed them again, as Defendants' Exhibits for the impending hearing; by agreement between counsel for the parties, those exhibits are also available for use as Plaintiffs' exhibits without refiling or renumbering the same transcripts (*see* Plaintiffs' Exhibit List, ECF No. 2466, PageID 127011).  The transcripts are referenced herein by the appropriate ECF Number and PageID references as filed as exhibits for Jackson's impending hearing.  This Court should admit as substantive evidence the following sworn deposition testimony:

| Witness Name or Number | Deposition Date | ECF No. | PageID Range | Hearing Exhibit Number |
|---|---|---|---|---|
| Annette Chambers-Smith | Aug. 21, 2019 | 2461-35 | 121918-122036 | DX 33 |
| Stuart Hudson | Aug. 21, 2019 | 2461-36 | 122037–86 | DX 34 |
| Edwin Voorhies | Aug. 21, 2019 | 2461-37 | 122087-212 | DX 35 |
| Ronald T. Erdos (30(b)(6)) | Aug. 22, 2019 | 2461-38 | 122213-360 | DX 36 |
| Team Member No. 17 | Aug. 22, 2019 | 2461-39 | 122361-90 | DX 37 |
| Team Member No. 31 | Aug. 22, 2019 | 2461-40 | 122391-434 | DX 38 |
| Team Member No. 32 | Aug. 22, 2019 | 2461-41 | 122435-463 | DX 39 |

For all the reasons discussed herein, this Court should admit, as substantive evidence for purposes of deciding Cleveland Jackson's motion for injunctive relief, the prior sworn testimony identified above.

In accordance with the Local Rules, the undersigned counsel inquired with Defendants' counsel at the conclusion of court proceedings on Wednesday, September 11, 2019, as to whether Defendants would oppose this

matter.  Counsel was unable to give a response at that time.  Jackson notes, however, that Defendants themselves have sought admission of prior deposition testimony for this Court's consideration on Jackson's injunctive relief motion.  (*See* ECF No. 2301.)

**Respectfully submitted this 18th day of September, 2019.**

**Deborah L. Williams**
Federal Public Defender

by

and

Richard Cline (0001854)
Chief Counsel
Death Penalty Department

*/s/ Allen L. Bohnert*
**Allen L. Bohnert (0081544)**
Trial Attorney for Plaintiff Jackson

and

David C. Stebbins (0005839)
Assistant Federal Public Defender
Supervising Attorney
Co-Counsel for Plaintiff Jackson

Lisa M. Lagos (0089299)
Paul R. Bottei (TN 17036)
Adam M. Rusnak (0086893)
Assistant Federal Public Defenders
Co-Counsel for Plaintiff Jackson

Theodore C. Tanski (PA 314189)
Research & Writing Attorney
Co-Counsel for Plaintiff Jackson

Office of the Federal Public Defender
for the Southern District of Ohio
Capital Habeas Unit
10 West Broad Street, Suite 1020
Columbus, Ohio 43215
614-469-2999
614-469-5999 (fax)
Allen_Bohnert@fd.org
David_Stebbins@fd.org
Lisa_Lagos@fd.org
Paul_Bottei@fd.org
Adam_Rusnak@fd.org
TC_Tanksi@fd.org

Randall L. Porter (0005835)
Assistant State Public Defender

Office of the Ohio Public Defender
250 E. Broad Street - Suite 1400
Columbus, Ohio 43215-9308
Telephone: (614) 466-5394
Facsimile: (614) 644-0708
Richard.Cline@opd.ohio.gov
Randall.Porter@opd.ohio.gov
Co-Counsel for Plaintiff Jackson

and

James A. King (0040270)
Porter, Wright, Morris & Arthur LLP
41 South High Street
Columbus, Ohio 43215
614-227-2051
614-227-2100 (fax)
Email: jking@porterwright.com
Co-Counsel for Plaintiff Jackson

**Counsel for Plaintiff Jackson**

7

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2019, I electronically filed the foregoing **Plaintiff Cleveland Jackson's Motion to Admit Deposition Testimony in Support of His Motion for Preliminary Injunction** with the Clerk of the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to the email addresses of opposing counsel that are on file with the Court.

*/s/ Allen L. Bohnert*
**Allen L. Bohnert (0081544)**
Trial Attorney for Plaintiff Jackson