# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

IN RE: OHIO EXECUTION PROTOCOL LITIGATION

: Case No. 2:11-cv-1016

: District Judge Edmund A. Sargus, Jr.
: Magistrate Judge Michael R. Merz

This document relates to:
  Plaintiffs Cleveland Jackson, James Hanna,
  Kareem Jackson, and Melvin Bonnell :

## DECISION AND ORDER VACATING EVIDENTIARY HEARING

This consolidated § 1983 method of execution case was set for evidentiary hearing from September 24, 2019, through October 3, 2019, on the Motions for Preliminary Injunction of Plaintiffs Cleveland Jackson (ECF Nos. 2242, 2437), James Hanna (ECF No. 2435), Kareem Jackson (ECF No. 2470), and Melvin Bonnell (ECF No. 2438).[1]

On September 11, 2019, the United States Court of Appeals for the Sixth Circuit issued *In re: Ohio Execution Protocol Litig. (Henness)*, No. 19-3064, ___ F.3d ____, 2019 U.S. App. LEXIS 27365 (6th Cir. Sept. 11, 2019), affirming this Court's denial of Plaintiff Warren Henness's motion for preliminary injunction. *Id*. at *2; 2019 U.S. Dist. LEXIS 8200 (S.D. Ohio Jan. 14, 2019) (Merz, Mag. J.). However, the appellate court also found that this Court had clearly erred

---

[1] Cleveland Jackson's hearing was set first for these dates because his is the next scheduled Ohio execution (11/13/2019). The consolidation of preliminary injunction hearings happened at a point in time when there was no decision in the *Henness* case and this Court did not know when to expect one. Defendants were unwilling to agree to a stay pending that decision, and the scheduled execution dates of James Hanna (12/11/2019), Kareem Jackson (01/16/2020), and Melvin Bonnell (02/12/2020) were sufficiently close that providing separate hearings (and writing separate opinions) in all four cases appeared impracticable.

1

in finding that Henness had "met his 'heavy burden to show that' the State's chosen method of execution will cause serious pain that the inmate 'is sure or very likely to be conscious enough to experience.'" *Id*. at *3-4, quoting *Campbell v. Kasich*, 881 F.3d 447, 450 (6th Cir. 2018), *cert. denied sub nom. Tibbetts v. Kasich*, 139 S.Ct. 216 (2018).

> As an initial matter, neither pulmonary edema nor the symptoms associated with it qualify as the type of serious pain prohibited by the Eighth Amendment. Consider: midazolam may cause Henness to suffocate. But the Eighth Amendment only prohibits forms of punishment that seek to intensify an inmate's death by "superadd[ing]" feelings of "terror, pain, or disgrace." . . . Consistent with this understanding, the Supreme Court recently reasoned that the fact that an inmate sentenced to death by hanging might slowly suffocate to death is not constitutionally problematic. *Id.* Because suffocation does not qualify as "severe pain and needless suffering," it follows that Ohio's use of midazolam—which could cause pulmonary edema, i.e., suffocation—is not constitutionally inappropriate. The district court therefore clearly erred in concluding to the contrary.
>
> Further, the district court erred in finding that Henness met his burden of proving that midazolam is incapable of suppressing his consciousness enough to prevent him from experiencing—at a constitutionally problematic level—the pain caused by the combination of the paralytic agent and potassium chloride. . . . [T]he relevant inquiry is whether an inmate injected with 500 milligrams of midazolam would subjectively experience unconstitutionally severe pain—an inquiry that Henness has failed to prove should be answered in his favor. . . . Without evidence showing that a person deeply sedated by a 500 milligram dose of midazolam is still "sure or very likely" to experience an unconstitutionally high level of pain, Henness has not met his burden on this prong, and the district court clearly erred in concluding otherwise.
>
> * * *
>
> Henness's failure to satisfy *Glossip*'s first prong necessarily means that he cannot demonstrate a likelihood of success on the second prong. . . . In other words, because Henness has not shown that Ohio's existing method of execution causes severe pain (discussed above), it is impossible for him to show that the existence of an alternative method of execution would "significantly reduce [the] substantial risk of severe pain" caused by the existing method.

2

*Id*. at *4-8, quoting *Bucklew v. Precythe*, 139 S.Ct. 1112, 1124, 1128-30 (2019); *Fears v. Morgan*, 860 F.3d 881, 890 (6th Cir.) (*en banc*), *cert. denied*, 137 S.Ct. 2238 (2017); citing *Glossip v. Gross*, 135 S.Ct. 2726, 2737 (2015); *Fears*, 860 F.3d at 886, 888.

In light of this decision, the Court ordered the parties to show why the evidentiary hearing should not be vacated, given the expected focus of the evidence on midazolam and on Glossip's second prong (ECF No. 2478). Plaintiffs Cleveland Jackson (ECF No. 2490), James Hanna (ECF No. 2491), and Melvin Bonnell (ECF No. 2489) responded to the Order; Kareem Jackson did not. Hanna (ECF No. 2491, PageID 127695) and Bonnell (ECF No. 2489, PageID 127464) incorporate and adopt Cleveland Jackson's response as it pertains to common issues. Therefore, the Court's analysis of Cleveland Jackson's response also applies to Hanna and Bonnell except where otherwise expressly stated.

**Cleveland Jackson**

Cleveland Jackson raises four primary arguments as to why the evidentiary hearing should proceed: (1) the *Henness* decision is not final, as no mandate has issued from the Sixth Circuit; (2) he can still meet the first prong of *Glossip* even in light of *Henness*; (3) *Henness* does not preclude him from offering evidence in attempting to meet the second prong of *Glossip*; and (4) *Henness* was wrongly decided and contravened Supreme Court precedent (C. Jackson Response, ECF No. 2490, PageID 127568-70). None of these arguments is persuasive.

**The *Henness* Decision Is Not Final**

As Cleveland Jackson concedes, the reason the mandate has not yet issued in *Henness* is because "[t]he time to file a petition for rehearing and rehearing *en banc* has not expired and will not expire until September 25." *Id*. at PageID 127571 (citing Fed.R.App.P. 41). Yet, the fact that a mandate has not yet issued, as Defendants put it, "is not a reasonable basis for the Court to proceed as if the decision did[ not] exist." (Reply, ECF No. 2498, PageID 127771). If positions were reversed and the Sixth Circuit had ordered his execution enjoined, Henness would surely not have argued the decision was not binding until the mandate issued, even though this Court could not issue an injunction until that date.

Cleveland Jackson's authority for his position is not in point. In *Mason v. Mitchell*, 729 F.3d 545 (6th Cir. 2013), Judge Moore makes the point that a federal appellate judgment becomes final when the mandate issues. *Id.* at 551. But the court makes no suggestion that a published decision of the Court of Appeals has no *stare decisis* effect prior to issuance of the mandate. *Youghiogheny & Ohio Coal Co. v. Milliken,* 200 F.3d 942 (6th Cir. 1999), is to the same effect as *Mason*. This Court -- the court that entered judgment in the *Henness* case at the trial level -- fully understands it has no jurisdiction in that case until the mandate issues.[2] But that is a different issue

---

[2] Warren Henness is also part of this consolidated § 1983 method of execution case. But cases consolidated under Fed. R. Civ. P. 42(a) retain their separate identity. *Patton v. Aeroject Ordnance Co*., 765 F.2d 604 (6th Cir. 1985); 9 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2382. "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co*., 289 U.S. 479 (1933); *Lewis v. ACB Business Servs., Inc.,* 135 F.3d 389 (6th Cir. 1998). This Court is therefore not precluded from acting in the Cleveland Jackson, James Hanna, Kareem Jackson or Melvin Bonnell matters by the absence of a mandate in *Henness*. The parties implicitly recognize this and no one has argued to the contrary.

from the *stare decisis* effect of the published opinion in *Henness*.³

Cleveland Jackson also cites the undersigned's opinion in *Campbell v. Jenkins*, 2016 U.S. Dist. LEXIS 194460 (S.D. Ohio Apr. 27, 2016). The question at issue in that case at the time that decision was filed was whether to rely on a decision of the Sixth Circuit in a case in which the Attorney General's motion for clarification was still pending before the circuit court. As citing counsel know full well, this Court's caution was appropriate, given what the Sixth Circuit eventually did on the motion for clarify.

It is certainly possible that *Henness* will be reversed, modified, or further explained by the Sixth Circuit *en banc* or the Supreme Court, but those are the only two institutions with power or authority to do so, but until or unless they do so, we are bound by *Henness* as published.

**Cleveland Jackson Can Meet the First Prong of *Glossip***

Cleveland Jackson argues that, even if *Henness* is binding precedent, he can meet its "newly-articulated test" for the first prong of *Glossip*. To that point, he quotes significant portions of his experts' proffered reports which, he argues, contain evidence sufficient to meet the first and second prongs of *Glossip* (Response, ECF No. 2490 PageID 127579-127657, 127667-75). These expert reports are all declarations compliant with 28 U.S.C. § 1746 and the legal equivalent of sworn affidavits. A District Court may decide a preliminary injunction motion on the basis of affidavits and other documentary evidence, without holding an evidentiary hearing: *In re Eagle-Picher Indus., Inc.*, 973 F.3d 855, 858-59 (6th Cir. 1992) (emphasis added), quoting *Sec. and Exch.*

---

³ The Court pretermits any discussion at this point of the law-of-the-case doctrine impact of *Henness* in these four consolidated cases. But see discussion of this point in *In re Ohio Execution Protocol Litig. (Henness),* 2019 U.S. Dist. LEXIS 8200, *29-35, 2019 WL244488 (S.D. Ohio Jan. 14, 2019)

*Comm'n v. G. Weeks Sec., Inc.*, 678 F.2d 649, 651 (6th Cir. 1982); citing *Fed. Sav. and Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987); Wright, Miller, & Kane, Federal Practice and Procedure, Civil 3d, § 2949.

As Cleveland Jackson's Response makes clear and as was expected from prior preliminary injunction hearings in this consolidated case, the factual questions to be decided on the motion for preliminary injunction are largely questions of weighing the opinions of experts on the use of midazolam as the initiatory drug in Ohio's execution protocol. The Court scheduled the production of expert reports so that there would be ample time for the parties to respond to one another's experts. Those reports are very detailed and, from past experience, the expert testimony would very likely be repetitious of the reports.

An oft-cited reasons for deciding matters on the basis of live testimony is the ability of the fact finder to evaluate the credibility of witnesses. Many of Cleveland Jackson's experts have testified before this Court in previous hearings on the first prong of *Glossip*, and the Court had ample opportunity to evaluate their credibility insofar as that evaluation might be based on demeanor. *See, e.g., In re Ohio Execution Protocol Litig. (Henness)*, 2019 U.S. Dist. LEXIS 8200. More importantly, the credibility of these experts is very largely based on their curricula vitae, all of which have been supplied. Additionally, Doctors Antognini and Edgar were each subjected to a day-long in-court *Daubert* hearing September 9-10, 2019, allowing an additional opportunity to assess their demeanor, particularly their candor.

In addition to the execution eyewitness accounts made a part of the record in the *Henness* hearing, Cleveland Jackson seeks to present additional eyewitness reports from lethal injection executions in 2019 that used midazolam (Response, ECF No. 2490, PageID 127659-61). Having reviewed summaries of their expected testimony, the Court finds they are not are not substantially

different from the eyewitness accounts of prior midazolam-initiated executions so that their testimony would be cumulative. Finally, their accounts have been furnished to experts and form the basis of expert opinions.

### *Henness* Does Not Preclude a Hearing on Cleveland Jackson's Proposed Alternative Methods of Execution

Cleveland Jackson's third argument for not vacating the evidentiary hearing is that he has evidence on his proposed alternative methods of execution which has never been heard by this Court in prior preliminary injunction hearings.

As to Cleveland Jackson's third argument, the Court is bound by the Sixth Circuit's holding that an inmate's "failure to satisfy *Glossip*'s first prong necessarily means that he cannot demonstrate a likelihood of success on the second prong." *Henness*, 2019 U.S. App. LEXIS 27365 at *8. Thus, taking oral testimony on the Cleveland Jackson's proposed alternatives would "result[] in inefficient management of judicial resources and impose[] unnecessary expense." *Eagle-Picher*, 953 F.3d at 859. Moreover, the Court has evidence in the form of deposition testimony and expert reports which it can consider if it finds for Cleveland Jackson on the first *Glossip* prong.

### *Henness* Was Wrongly Decided

During a telephone status conference on September 17, 2019, counsel for Cleveland Jackson expounded on his fourth argument—that *Henness* contravened *Bucklew* and *Glossip*, and that this Court is bound by those two Supreme Court decisions (Transcript Pending). The latter

7

point is true, but ignores the reality that the Court is bound by the Sixth Circuit's *interpretation* of *Bucklew* and *Glossip*—specifically, the interpretation set forth in *Henness*. As the Sixth Circuit reminded this Court in *Fears*, Supreme Court precedent may be binding on lower courts in ways broader than a narrowly-construed holding. 860 F.3d at 886. The place to argue that *Henness* contravenes established Sixth Circuit or Supreme Court precedent is in seeking an *en banc* review or a writ of certiorari. This Court declines to hear live testimony offered only on the premise that *Henness* may be reversed.

**James Hanna**

Hanna's alternative argument in support of an evidentiary hearing is premised solely on his claim that he "will have a paradoxical reaction to the midazolam, which will heighten his sensation of pain, creating even greater pain and suffering with a protocol that already causes extreme, unconstitutional pain and suffering." (Response, ECF No. 2491, PageID 127696-97, citing Third Amended Indiv. Supp. Compl., ECF NO. 2396, PageID 115223-24, ¶¶ 1899-1901). He lists four experts whom he intends to offer as witnesses at an evidentiary hearing, each of whom he identified in his Motion for Preliminary Injunction: Howard Fradkin, Ph.D.; David Lubarsky, M.D.; Douglas Scharre, M.D.; and Craig Stevens Ph.D. *Id*. at PageID 127698 (citing Motion for Preliminary Injunction, ECF No. 2435, PageID 117022-24; Fradkin Report, ECF No. 2435-1, PageID 117034-91[4]; Scharre Decl., ECF No. 2435-4, PageID 117121-23).

However, Hanna has intended to bring a paradoxical reaction claim since filing his *Second Amended Individual Supplemental Complaint* on April 12, 2018 (ECF No. 1501, PageID 61322-

---

[4] The Court notes that Dr. Fradkin's Report is undated, and thus, does not qualify as acceptable evidence under 28 U.S.C. § 1746.

23, ¶¶ 1899-1901).  Yet, there is no indication that he attempted to develop any evidence prior to August 3, 2019 (Scharre Decl., ECF No. 2435-4, PageID 117123).  Indeed, Drs. Lubarsky and Stevens have not yet filed reports as to the paradoxical reaction issue, and Hanna intimates that they cannot testify before October 1, 2019 (Motion for Preliminary Injunction, ECF No. 2435, PageID 117023-24).  Absent neuroimaging, Hanna has not stated that Dr. Scharre would testify about any paradoxical reaction that Hanna would likely experience.  Finally, while Dr. Fradkin has conducted interviews of Hanna (Fradkin Report, ECF No. 2435-1, PageID 117041, ¶ 79), Hanna does not claim that Dr. Fradkin can offer any evidence in support of Hanna's underlying claim that midazolam will cause a paradoxical reaction due to the drug's pharmacology and Hanna's neurological issues; nor could he reasonably do so.  As none of Hanna's proposed evidence would be properly before the Court, the Court finds that Hanna has not shown good cause to hold an evidentiary hering.

**Melvin Bonnell**

"In the alternative, Bonnell requests that if this Court sees fit to vacate Cleveland Jackson's hearing at this time, Plaintiff Bonnell would request that his Motion for Preliminary Injunction, a Stay of Execution, and an Evidentiary Hearing be denied without prejudice[.]"  (Response, ECF No. 2489, PageID 127475).  Bonnell argues that, because his execution date is not until February 12, 2020, he should "allowed to litigate, in his own hearing, these same, or similar, issues at a later date." *Id*.

Absent an intervening change of law, there is not good cause for Bonnell to have a hearing on any issues that he has in common with Cleveland Jackson, for the reasons set forth above.

9

However, he also claims that "this Court should still hold a separate evidentiary hearing on whether Bonnell can prove that, due to his subjective individual characteristics, the level of pain that he would experience would be 'unconstitutionally severe,' pursuant to the recent decision in *Henness*." (Motion, ECF No. 2489, PageID 127476). Given that there is almost five months' time until Bonnell's execution, the Court does not find, as Defendants assert, that Bonnell's "'individual characteristics' claim is dilatory[,]" (Reply, ECF No. 2499, PageID 127779), such that the Court would be precluded from considering those subjective characteristics in a renewed motion. Thus, the Court vacates the hearing as to Bonnell and intends to deny his Motion for Preliminary Injunction[5] without prejudice to refiling as to any claim arising out of his subjective individual characteristics. However, any such motion must be filed not later than December 1, 2019, and be mindful of the heavy burden Bonnell must meet on prong one of *Glossip* post-*Henness*.

**Kareem Jackson**

As stated above, Kareem Jackson did not respond to the Court's Order. Accordingly, the Court vacates the hearing as to Kareem Jackson

**CONCLUSION**

For the foregoing reasons, the evidentiary hearing scheduled September 24, 2019, for Plaintiffs Cleveland Jackson, James Hanna, Kareem Jackson, and Melvin Bonnell is VACATED. The Court will convene on September 24, 2019, at 9:30 a.m. to hear motions to admit into evidence

---

[5] Dismissal awaits certification from Defendants that Ohio's existing supply of execution drugs has been destroyed (See Defendants' Motion for Permission to Remove and Destroy (ECF No. 2487) and Notation Order granting (ECF No. 2488).

10

exhibits the parties intended to introduce at the hearing and to hear oral arguments on the motions for preliminary injunction of Cleveland Jackson and James Hanna.

The Hanna and Bonnell cases are referred to the undersigned under 28 U.S.C. § 636(b) rather than under § 636(c) as is the case with Cleveland Jackson.  Thus Hanna and Bonnell have the right to appeal this Order to Judge Sargus; any such appeal must be filed no later than 5:00 p.m. on Thursday, September 19, 2019; any response thereto must be filed no later than 5:00 p.m. on Friday, September 20, 2019.  Hanna and Bonnell are reminded that Magistrate Judge orders on non-dispositive pre-trial matters remain effective unless stayed or reversed.

September 19, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge