# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| IN RE:  OHIO EXECUTION PROTOCOL LITIGATION | :   Case No. 2:11-cv-1016 |
| | : |
| | :   District Judge Edmund A. Sargus, Jr. |
| | :   Magistrate Judge Michael R. Merz |
| This document relates to All Plaintiffs | : |

# ORDER

This consolidated § 1983 method of execution case came on for a telephone conference on September 17, 2019[1].

Among the matters discussed were the future process in this case in light of the Sixth Circuit's decision in *In re:  Ohio Execution Protocol Litig. (Henness)*, No. 19-3064, ___ F.3d ____, 2019 U.S. App. LEXIS 27365 (6th Cir. Sept. 11, 2019), and the impending destruction on agreed order of all remaining execution drugs in the possession of the Department of Rehabilitation and Corrections (Unopposed Motion, ECF No. 2487; Notation Order, ECF No. 2488).

Participating in the conference were, *inter alia,* David Stebbins and Allen Bohnert of the Capital Habeas Unit of the Office of the Federal Public Defender for the Southern District of Ohio; Randall Porter of the Death Penalty Department of the Ohio Public Defender's Office; Charles Schneider, Chief of the Criminal Section of the Office of Ohio Attorney General; and Charles Wille, Trial Attorney for the State Defendants[2].

---

[1] Transcription of the conference is pending.

[2] Defendant Stephen Gray, legal counsel to the Ohio Department of Rehabilitation and Corrections, although a usual

1

The State Defendants agreed to use their best efforts to complete destruction of the expired execution drugs by September 20, 2019. When the destruction is complete[3], the person responsible for destroying the drugs shall file a declaration under 28 U.S.C. § 1746 to that effect. Once that certificate is filed, the Court will dismiss without prejudice and without objection by any party all pending requests for injunctive relief related to the possible use of expired drugs, including but not necessarily limited to Supplemental Motion of Cleveland Jackson, ECF No. 2437, and Motion of Kareem Jackson, ECF No. 2470.

Mr. Schneider reported, as he has since the March 7, 2019, conference, that there is no progress on adoption of a new execution protocol.

The Court noted that, in the absence of any execution drugs fitting within a promulgated protocol, the State is unable to carry out any executions, as lethal injection is the only method currently authorized by statute. Ohio Rev. Code § 2949.22. Mr. Schneider acknowledged the State's obligation to "notify all parties thirty days out from a scheduled execution that we do or do not have the drugs." (Transcript pending.) This duty is embodied in the protocol which also requires a further notice at fourteen days before a scheduled execution, including what drugs will be used. *Id.*

Mr. Bohnert then called the parties' attention to the Joint Status Notice Regarding Discovery filed at ECF No. 817 in Case No. 2:04-cv-1156, which has been consolidated with this case[4]. Attached to the Joint Status Notice is an Agreed Response to discovery, executed under oath by Defendant Ernie L. Moore, predecessor in office to Defendant Annette Chambers-Smith,

---

participant in these conferences, was not present. Jocelyn Lowe was present as legal counsel for ODRC.

[3] Mr. Schneider represented that the destruction would be carried out by DRC Employee No. 1.

[4] After the conference, Mr. Bohnert re-filed the Joint Status Notice at ECF No. 2501-1, PageID 127791-99.

providing for at least thirty days' notice of any change in the protocol, 01-COM-11, and that, concurrent with such notice, "ODRC will seek a reprieve from the Governor related to that condemned inmate's execution, provided that the execution is scheduled to take place less than thirty days from the effective date of the change in policy." (ECF No. 2501-1, PageID 127799).

By the Court's calculation, shared with the parties, the thirtieth day before Cleveland Jackson's presently scheduled execution is October 14, 2019.  Unless the State Defendants notify the Court and Plaintiff Cleveland Jackson by that date of (1) the adoption of a new protocol and possession of drugs with which to implement the new protocol or (2) the possession of drugs with which to implement the current version of the protocol, there will be no need for further litigation of any request for preliminary injunctive relief by Cleveland Jackson with respect to his currently scheduled date of execution.  The ODRC will have the option at that point of asking the Governor for a reprieve of the November 13, 2019, date or allowing the extant warrant for execution to expire.  Parallel calculations would apply to all Plaintiffs in the case.

September 19, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

3