# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

IN RE: OHIO EXECUTION  :    Case No. 2:11-cv-1016
PROTOCOL LITIGATION

                       District Judge Edmund A. Sargus, Jr.[1]
:    Magistrate Judge Michael R. Merz

This document relates to:
Plaintiffs Cleveland Jackson, James Hanna,  :
Kareem Jackson, and Melvin Bonnell

## DECISION AND ORDER ON ADMISSION OF STATEMENTS OF GOVERNOR DEWINE

       This consolidated method of execution case under 42 U.S.C. § 1983 is before the Court on Motion of Plaintiffs Cleveland Jackson, James Hanna, Kareem Jackson, and Melvin Bonnell to admit in evidence out-of-court statements made by Governor Mike DeWine respecting Ohio's current execution protocol (ECF No. 2502). Defendants are opposed (ECF No. 2519).

       Plaintiffs argue that the Governor's statements, though made out of court, are excepted from the hearsay rule by Fed.R.Evid. 801(d)(2). Plaintiffs seek admission of statements made by Governor DeWine or by his official spokesperson since this Court's decision in the Warren Henness case, *In re Ohio Execution Protocol Litig. (Henness),* 2019 U.S. Dist. LEXIS 8200, 2019 WL244488 (S.D. Ohio Jan. 14, 2019), aff'd on other grounds, No. 19-3064, ___ F. 3d ___, , 2019 U.S. App. LEXIS 27365 (6th Cir. Sept. 11, 2019).

---

[1] The parties' papers continue to refer to District Judge Sargus as "Chief Judge." After distinguished tenure in that office, he was succeeded as Chief Judge by The Honorable Algenon L. Marbley on Setpember 12, 2019. The case of course remains assigned to Judge Sargus, but the caption is amended as shown.

1

Defendants concede that the Governor's statements themselves may be excepted from hearsay exclusion by Fed.R.Evid. 801(d)(2), but argue that media reports of what the Governor said are "rank hearsay" (Response, ECF No. 2519, PageID 128879, quoting *Am. Home Assur. Co. v. Greater Omaha Packing Co.*, 819 F.3d 417, 429, (8th Cir. 2016); *Crews v. Monarch Fire Protection Dist.*, 771 F.3d 1085, 1092 (8th Cir. 2014); *Nooner v. Norris*, 594 F.3d 592, 603 (8th Cir. 2010)). Defendants also argue that, like any other evidence, admissions of a part opponent can be admitted only after a proper foundation is laid under Fed.R.Evid. 602. *Id*. at PageID 128880, quoting *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541-42, (10th Cir. 1995)).

Seeking to exclude the video clip featuring Governor DeWine (ECF No. 2502-10, PageID 127867), and relying on Fed.R.Evid. 106, Defendants argue that "[t]he 'rule of completeness' allows a party to correct a misleading impression created by the introduction of part of a written or recorded statement." (Response, ECF No. 2519, PageID 128880, citing *United States v. Adams,* 722 F.3d 788, 826 (6th Cir. 2013); *United States v. Holden,* 557 F.3d 698, 705 (6th Cir. 2009). However, instead of offering the balance of the statement -- the portion allegedly needed to make the excerpt not misleading -- Defendants assert that because:

> [O]therwise inadmissible evidence is necessary to correct a misleading impression, the misleading evidence should be excluded. *United States v. LeFevour*, 798 F.2d 977, 981 (7th Cir. 1986) ("Rule 106 was not intended to override every privilege and other exclusionary rule of evidence in the legal armamentarium, so there must be cases where if an excerpt is misleading the only cure is to exclude it rather than to put in other excerpts.").

(Response, ECF No. 2519, PageID 128880-81). Finally, Defendants argue the news clip itself is hearsay, has not been authenticated, and violates the best evidence rule. *Id.* at PageID 128881, quoting Fed.R.Evid. 901(a).

2

# Analysis

Governor DeWine is sued in this case in his official capacity as have been his predecessors in office, at least back to former Governor Robert A. Taft, III and including former Governors Theodore Strickland and John R. Kasich, Jr.. So far as the undersigned is aware, the State of Ohio has never questioned the propriety of including the Governor as a party-defendant in his official capacity.

Fed.R.Evid. 801(d)(2) provides that a statement is not hearsay if offered against an opposing party and (A) was made by the party in an individual or representative capacity or (B) is one that the party manifested that it adopted or believed to be true or (C) was made by a person whom the party authorized to make a statement on the subject. Defendants have not questioned the relevance of the Governor's statements to the subject matter of the litigation. Thus, to the extent the statements are authentically those of the Governor. Plaintiffs are enabled to offer them by Fed.R.Evid. 801(d)(2).

As Defendants counsel know full well, the Court has been careful to verify the authenticity and accuracy of statements on the execution protocol attributed to the Governor by the press. Any court must be cautious in relying on media reports of statements by parties to a case. Each time it has become aware of a statement by Governor DeWine regarding the subject matter of this litigation, this Court has exercised that caution by asking Defendants' counsel, during the regular telephonic status conferences since January 15, 2019, about the accuracy of media reports of the Governor's statements. The Court has posed that question to counsel not because of any inherent doubt of press accuracy, but because the Court had to verify the accuracy of those statements in

planning and managing this litigation.  On each and every occasion when the question has been asked, Defendants' counsel have confirmed the accuracy of the reports.  Even when Defendants questioned the propriety of the Governor's making policy announcements in this way and criticized the Court for relying on the Governor's statements (*See generally* Appellee Brief, *Hennes v. DeWine*, 6th Cir. Case No. 19-3064, ECF No. 33), they did not question the accuracy of reports of the Governor's statements.  Defendants have waived any authenticity objection by their prior conduct of verifying the accuracy of statements.

The recording itself is not hearsay.  Hearsay is an out-of-court statement offered in court to prove the truth of its content.  Fed.R.Evid. 801(c).  Recording devices do not make statements.  Instead they record, more or less accurately, audible and visible occurrences, which may or may not be statements as defined in Fed.R.Evid. 801(a).  The usual foundation for admission of a recording is to ask someone who was present (not necessarily the operator of the recording device) whether the recording is a true and accurate recording of what happened.  E.g., the usual foundation for a photograph is to ask a person who was present whether it is a true and accurate depiction of the scene in the photograph.

Defendants previously filed a Motion *in Limine* to exclude the Governor's comments (ECF No. 2313 PageID 112094, citing *United States v. LeFevour,* 798 F.2d 977, 981 (7th Cir. 1986)), arguing that.

> Ohio's execution procedures, while a matter of great public interest, are also the subject of this litigation. Accordingly, the Governor's public comments are necessarily limited by privileges applicable in on-going litigation, which legitimately shield attorney-client communications and statements in conjunction with the deliberate [sic] processes of the government.

*Id*. at PageID 112095.  The Court denied the Motion as premature because the Governor's comments had not yet been offered in evidence and noted:

> This argument is too opaque for the Court to assess. Defendants have not said what parts of the Governor's comments may create a misleading impression. Nor have they provided, for *in camera* inspection or otherwise, what privileges [sic] communications would be necessary to correct that impression. The Motion to Exclude is therefore denied without prejudice to its renewal if accompanied by materials for *in camera* inspection which Defendants deem necessary for completeness but privileged.

(Decision and Order Denying First Motion *in Limine,* ECF No. 2324, PageID 113169.)

The present argument is even more opaque, relying upon unexplained and unenumerated "privileges," whereas the prior motion at least mentioned the possibility of attorney-client communications and deliberative process (ECF No. 2313, PageID 112094-95). Moreover, Defendants have not provided for the Court's evaluation and of the allegedly privileged material relied on, either as an attachment or separately for in camera inspection.

Privileges cannot be permitted to be self-enforcing in a court of law. A party claiming a privilege has the burden of establishing its entitlement to the privilege, including producing sufficient information from which the Court can determine whether the privilege applies. *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 2000); *Urseth v. City of Dayton*, 110 F.R.D. 245, 252 (S.D. Ohio 1986) (Rice, J.); *Lebold-Heraeus Tech., Inc. v. Midwest Indus., Inc.*, 118 F.R.D. 609, 616 (E.D. Wisc. 1987); *FTC v. Lukens Steel Co.*, 444 F. Supp. 803, 806-07 (D.D.C. 1977); *Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136, 144 (D. Del. 1977); *Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146, 1159-60 (D.S.C. 1974). "[E]xceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth." *United States v. Nixon*, 418 U.S. 683, 710 (1974) (Burger, C.J.).

The Governor's comments sought to be admitted are, in the tendered exhibits, embedded in press reports, which are themselves clearly hearsay. In the course of conducting the scheduling conferences since January 15, 2019, the Magistrate Judge made no effort to obtain concessions of

5

accuracy of the press comments by the media members who recorded and reported the Governor's statements. Obviously, the Court will not consider press comments in deciding the pending motions for preliminary injunction; only the Governor's comments embedded in those reports are admissions of a party opponent.

With that caveat, Defendants' objections are OVERRULED and Plaintiffs' Motion to Admit is GRANTED.

September 23, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge