# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| IN RE: OHIO EXECUTION<br>PROTOCOL LITIGATION | : | Case No. 2:11-cv-1016 |
| | | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Michael R. Merz |
| This document relates to:<br>  Plaintiffs Cleveland Jackson,<br>  James Hanna, and Melvin Bonnell | : | |

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ADMIT EYEWITNESS TESTIMONY

This consolidated method of execution case is before the Court on Plaintiffs' Motion to Admit Eyewitness Testimony Regarding the Executions of Donnie Johnson, Domineque Ray, Michael Samra, and Christopher Price (ECF No. 2520). Defendants oppose the Motion (Response, ECF No. 2532).

Plaintiffs acknowledge that the Magistrate Judge recently decided that live testimony would not be presented at the preliminary injunction hearing commencing September 24, 2019 (ECF No. 2507). Plaintiffs Hanna and Bonnell, for whom the reference of their cases has been made pursuant to 28 U.S.C. § 636(b) instead of 636(c), appealed that decision to District Judge Sargus. In the instant Motion, as the Magistrate Judge reads it, they are not seeking reconsideration of that decision as to the eyewitnesses, but rather "move for the admission of the media witness statements." (ECF No. 2520, PageID 128885).

The Court excluded live testimony from these media witnesses because it would not be "substantially different from the eyewitness accounts of prior midazolam-initiated executions" and

1

would therefore be cumulative (Order, ECF No. 2507, PageID 127897-98). Testimony of this type was presented live during the preliminary injunction hearings for former Plaintiffs Gary Otte, Ronald Phillips, and Raymond Tibbetts in January 2017 and Plaintiff Warren Henness in December 2018. These statements are also part of the record in the case as material reviewed Plaintiffs' experts. *See, e.g.*, Report of Matthew C. Exline, M.D., ECF No. 2260, PageID 109223-24. However, Plaintiffs assert they are admissible for the truth of the content of the statements under exceptions to the hearsay rule, particularly the exception for present sense impressions in Fed. R. Evid. 803(1) and the residual hearsay exception in Fed. R. Evid. 807(a) (Motion, ECF No. 2520, PageID 128887)..

Plaintiffs assert the statements are relevant because they provide "affirming evidence of the severe pain and needless suffering that is inevitable when states use midazolam as the first drug in a three-drug execution protocol." (ECF No. 2520, PageID 128886-87.)

**Tennessee's Execution of Donnie Johnson**

Plaintiffs moved to admit the consisting of press reports by Kim Chaney, Travis Loller, Chas Sisk, and Adam Tamburin *et al* and the statements of Loller, Sisk, and Tamburin at the official press conference after the execution (Exline Report, ECF No. 2462-11, PageID 124145-73, 124192-124218). The newspaper articles are excludable as hearsay, Fed.R.Evid. 801; it is also often not clear in reviewing the articles whether the reporters are reporting their own sense impression or those of others. In contrast, at the press conference the reporters are reporting their own sense impressions and the accuracy of the transcription is certified by court reporter Julienna Hennebert, *id*. at PageID 124218, a registered professional reporter who has taken depositions in

this case. It must also be emphasized that these reporters are chosen by the state to be present in lieu of the general public to be able to report to the public what happens during executions. Their selection does not per se make them unbiased, but they are not identified with one "side" or the other in the execution context.

The witnesses' observations do not lead directly to inferences that the Court can draw[1]. Rather, they are most useful when offered as observations to expert medical witnesses who can interpret the observations and provide opinions based on them. Therefore, the Defendants' point that they are of marginal relevance are direct evidence is well taken. On the other hand, this is not a jury proceeding and the content of the comments is not prejudicial. For whatever weight they may have, the Court will admit the statements made during the press conference after the John son execution (ECF No. 2462-11, PageID 124192-218).

### Alabama Executions of Domineque Rey, Michael Samsa, and Christopher Price

All of the statements sought to be admitted on the Alabama executions are newspaper articles (Exline Report, ECF No. 2462-11, PageID 124116-44, 124174-90) and thus suffer from the same hearsay difficulty as the first set of Tennessee reports. Although the reporters in question were also chosen by the State of Alabama to witness these executions and report on them to the public, that alone does not overcome the hearsay objection. They were properly supplied to Plaintiffs' experts and relied on by them, and they are properly in the record from that perspective, but they also provide no substantive evidence from which the Court can directly draw relevant inferences.

---

[1] Imagine the contrast with a reporter being present at an execution carried out by guillotine where the inference of death could be drawn from lay observations.

**Conclusion**

Accordingly, the Motion to Admit is GRANTED in part and DENIED in part as set forth above.

September 23, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge