# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

:        Case No. 2:11-cv-1016

       District Judge Edmund A. Sargus, Jr.
       Magistrate Judge Michael R. Merz

This Order relates to All Plaintiffs     :

## ORDER TO PROVIDE NOTICE

On September 19, 2019, the Court issued an Order memorializing the results of a telephone status conference on September 17, 2019 (ECF No. 2509). The Order noted that: (1) the State did not have in its possession any unexpired execution drugs usable under the current Protocol (01-COM-11), (2) the Court had ordered, on Defendants' Motion, the destruction of all the expired drugs in Defendants' possession, and (3) no progress had been made on adoption of a new execution protocol. *Id.* at PageID 127906-07 (citations omitted). Defendants' co-counsel Charles Schneider then "acknowledged the State's obligation to 'notify all parties thirty days out from a scheduled execution that we do or do not have the drugs.'" (Transcript pending.) This duty is embodied in the protocol which also requires a further notice at fourteen days before a scheduled execution, including what drugs will be used. *Id.*

During the preliminary injunction hearing on September 24, 2019, Mr. Schneider advised that his acknowledgment was incorrect, that instead the Ohio Department of Rehabilitation and

1

Corrections ("ODRC") was only obliged to give approximately fourteen days' notice to the prisoner of the Warden's determination of what execution drugs will be used or whether there is an insufficient quantity of such drugs to be used. Review of 01-COM-11 confirms the accuracy of this correction (ECF No. 711-1, PageID 21458-59). This correction renders the September 19, 2019, Order moot and it is hereby VACATED.

Fourteen days is far too little time to appropriately adjudicate a preliminary injunction motion in this case, given that this Court's decision will be reviewed by the United States Court of Appeals for the Sixth Circuit and the United States Supreme Court. The Supreme Court has expressed concern about last-minute method-of-execution challenges by death row inmates. *Bucklew v. Precythe*, 139 S.Ct. 1112, 1134 (2019). However, control of the timing of such challenges is not in the hands of inmates' counsel if execution protocols themselves are amended at the last minute.

While thirty days is also not much time, the State has previously agreed that it would provide at least that much notice of adopting a new protocol (Sworn Response to Discovery in Case No. 2:04-cv-1156 by Defendant Ernie L. Moore, ECF No. 817-1, PageID 17565, refiled in the consolidated case at ECF No. 2501-1, PageID 127799). The Court takes this as an admission by Defendants that thirty days is a not unreasonable amount of time to give notice of any protocol amendments. The Court also notes that the current protocol requires a number of rehearsals beginning thirty days before a scheduled execution (01-COM-11, ECF No. 711-1, PageID 21455). Finally, the Court notes that some provisions of the current protocol, particularly the five "core elements," are the product of this litigation under Judge Frost and subject to extant orders that he issued.

To provide time to litigate any future method-of-execution challenges, it is hereby ORDERED:

1. Immediately upon its adoption, Defendants shall file any amended execution protocol.

2. If any execution is scheduled within thirty days of adoption of an amended protocol, Defendants shall, contemporaneously with adoption, seek a reprieve of such execution from the Governor.

3. Not later than thirty days prior to any scheduled execution, Defendant Annette Chambers-Smith or her successor in office shall notify the Court of the drugs to be used in such execution and whether the ODRC has a sufficient supply of those drugs on hand to carry out such execution. If the ODRC does not have a sufficient supply on hand thirty days prior to any such scheduled execution, it shall seek a reprieve of such execution from the Governor.

This Order is entered pursuant to the Court's inherent power to manage pending litigation. The Court's authority to require adequate notice is not dependent on the terms of the current or any future execution protocol.

September 27, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge