# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

: Case No. 2:11-cv-1016

District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to All Plaintiffs :

## ORDER FOR CLARIFICATION

On September 16, 2019, the Court issued a notation order (ECF No. 2552) striking Plaintiff Hanna's Motion for leave to file Replies and a Supplemental Appeal for leave to comply with S. D. Ohio Civ. R. 7.3 (ECF No. 2551). When Plaintiff Hanna re-filed the Motion, he represented that Defendants' counsel had recently represented that "they cannot or will not consent to any motions at this point." (ECF No. 2553, PageID 129613).

S. D. Ohio Civ. R. 7.3 is the Court's "civility" rule, intended to enforce in part in part the Court's Introductory Statement on Civil which prefaces the Local Rules. In the absence of compliance with S. D. Ohio Civ. R. 7.3, the Court does not know whether a motion will be opposed and must call the opposing attorney to find out, a waste of scarce judicial resources. That is why the Court is particularly rigid in enforcing S. D. Ohio Civ. R. 7.3.

If Plaintiffs' counsel's representation is accurate, it would represent a serious breakdown in professionalism in this case. The Court recognizes that very important interests are involved

and deep commitments to positions, but a blanket policy of refusing to consider consenting to motions would make this case, already difficult, well nigh impossible to manage. It seems unlikely that such a blanket policy is in place, given the usual cooperation among capital case counsel. For example, after ECF No. 2553 was filed, counsel for the parties in the capital habeas case of Raglin v. Mitchell, 1:00-cv-767, both of whom are trial attorneys in this case, filed a joint motion for a ninety-day extension of time to object which was granted within fifteen minutes of filing.

Of course no party is under any compulsion to agree with a motion from the other side. That's why we call ours an adversarial system of justice. But blanket opposition is not conducive to effective case management.

Accordingly, Defendants are ORDERED to file forthwith a statement as to whether or not they have adopted a policy of refusing to consent to any motion from Plaintiffs. A simple "no" would be adequate and would be much appreciated by the Court.

September 26, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge