IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION | : : : | CASE NO. 2:11-CV-1016 |
| This document relates to: Plaintiffs Cleveland Jackson, James Hanna, and Melvin Bonnell | : : : | District Judge Edmund A. Sargus, Jr. Magistrate Judge Michael R. Merz |

**DEFENDANTS' RENEWED MOTION TO STAY
UNITED STATES MAGISTRATE JUDGE'S ORDER DENYING
THE REQUEST TO MAINTAIN THE ANONYMITY OF DRC EMPLOYEE NO. 1**

Defendants move the Court to stay the Magistrate Judge's Decision and Order (ECF No. 2566) denying the request to maintain the anonymity of DRC Employee No. 1, pending Defendants' filing of objections to the Decision and appealing that order to the Sixth Circuit. The stay is warranted because:

1. Failure to stay the order would deny DRC Employee No. 1 any effective right to object to and appeal the order; and,

2. Neither Plaintiffs nor the public will suffer harm or damage from the requested stay.

Pursuant to S.D. Ohio Civ. Rule 7.3, defense counsel has contacted counsel for the above-named three Plaintiffs to seek their consent to this Motion and proposed stay. Counsel for Plaintiffs oppose a stay of this order.

Respectfully submitted,

*/s/ Charles A. Schneider*
Charles A. Schneider (0005821)*
    *Trial Attorney*
Section Chief, Criminal Justice
Office of Ohio Attorney General Dave Yost
150 East Gay Street, 16th Floor
Columbus, OH 43215
614-499-3267 P / 866-523-8127 F

/s/ Mark Landes
Mark Landes (0027227)
Donald C. Brey (0021965)
Benjamin D. Humphrey (0093423)
**Isaac Wiles Burkholder & Teetor, LLC**
Two Miranova Place, Suite 700
Columbus, OH 43215
614-221-2121 P / 614-365-9516 F

***Attorneys for Defendants***
*Anonymous Execution Team Members #1-50*
*Charles Bradley, Annette Chambers-Smith,*
*John Coleman, Mike DeWine, Ronald Erdos,*
*Stephen Gray, Christopher LaRose, Donald*
*Morgan, Timothy Shoop, Richard Theodore, Edwin*
*Voorhies*

## **MEMORANDUM IN SUPPORT**

Pursuant to the Court's Order filed September 27, 2019 (ECF No. 2566) and Fed. R. App. P. 8, Defendants respectfully request a stay of the Court's Order so that objections may be filed concerning Plaintiffs Hanna and Bonnell and an appeal may be filed with the United States Court of Appeals for the Sixth Circuit regarding that ruling as applicable to Plaintiff Jackson.[1]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants," *Landis v. North American Company*, 299 U.S. 248, 254-55 (1936), and that the entry of such an order ordinarily rests with the sound discretion of the District Court." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

---

[1] The appeal regarding Plaintiff Cleveland Jackson will be before the United States Court of Appeals for the Sixth Circuit because that case included consent to a magistrate judge's authority pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. The objections regarding Plaintiffs Hanna and Bonnell will be before District Judge Sargus to make a de novo determination of those portions of the Order to which the objection is made pursuant to 28 U.S.C. § 636(b).

"The party seeking a stay of proceedings has the burden of establishing both the 'pressing need for delay' and 'that neither the other party nor the public will suffer harm from entry of the order.'" *Webber v. J-W Wireline Co.*, No. 2:15-cv-02084, 2015 U.S. Dist. LEXIS 142504, *3-4 (S.D. Ohio Oct. 20, 2015) (quoting *Ohio Envtl. Council*, 565 F.2d at 396). *See also Landis*, 299 U.S. at 255 (stating that the movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else"). While "[t]here is no precise test in this Circuit for when a stay is appropriate . . . district courts often consider the following factors: the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-447, 2005 U.S. Dist. LEXIS 25358, at *7 (S.D. Ohio Oct. 21, 2005) (internal citations omitted).

**1.** **FAILURE TO STAY THE ORDER WOULD DENY DRC EMPLOYEE NO. 1 ANY EFFECTIVE RIGHT TO OBJECT TO AND APPEAL THE ORDER.**

As noted in Defendants' Motion to Seal ECF No. 2293, (ECF No. 2578), absent a stay, Defendants would be denied any meaningful opportunity to seek review of the Court's Order. Once DRC Employee No. 1's identity is revealed, it cannot be undone.

DRC Employee No. 1's identity has been protected for eight years of litigation. DRC Employee No. 1 has the right to seek a review of whether those protections should remain intact and cannot meaningfully do so absent a brief stay pending the filing of objections to the Court's Decision and appeal to the Sixth Circuit. DRC Employee No. 1 detailed the harm that would result if the anonymity ceased in ECF No. 2457-1, thereby further evidencing the need for a stay. The Court's previous Order (ECF No. 629) found that anonymity was operationally required for the State to obtain drugs to carry out its mission under the law. Naming DRC Employee No. 1 would destroy that anonymity, leading to the same harm that the Court previously protected against.

Therefore, it is in the interests of the State and the Court to allow further review of the Court's Order.

**2. NEITHER PLAINTIFFS NOR THE PUBLIC WILL SUFFER HARM OR DAMAGE FROM THE REQUESTED STAY.**

DRC Employee No. 1's anonymity has been preserved for eight years. Granting a brief stay will not cause the Plaintiffs or the public to suffer harm or damage.

At the preliminary injunction hearing on September 24, 2019, Plaintiffs made three arguments why DRC Employee No. 1 should no longer remain anonymous. (ECF No. 2566, PageID 129674): (a) that DRC Employee No. 1's role is well known; (b) that Judge Frost's Protective Order (ECF No. 629) did not apply to DRC Employee No. 1; and (c) that H.B. 663 did not protect DRC Employee No. 1. None of these arguments claimed that Plaintiffs would suffer hardship or harm from maintaining DRC Employee No. 1's anonymity or from this Court granting a stay to determine these protections. Indeed, harm and hardship are lacking when Plaintiffs have engaged in discovery from and regarding DRC Employee No. 1 and such information has been submitted to the Court in support of their respective motions for preliminary injunctive relief.

Granting a brief stay of the order would not cause harm or hardship to the public while the appropriateness of stripping DRC Employee No. 1 of his or her anonymity is being reviewed. The stay would not hinder the public's ability to assess the merits of judicial decisions, and there is no legitimate public interest in denying a party the right to judicial review of an order that – once implemented – cannot be reversed. Not granting the requested stay would irreversibly strip DRC Employee No. 1 of any meaningful opportunity to have the Decision appealed. This stay would also promote judicial economy by allowing the efficient use and conservation of the Court's resources while the parties litigate this pressing issue.

WHEREFORE, Defendants respectfully request that this Court stay the Court's Order (ECF No. 2566) during the pendency of the forthcoming objections to the Magistrate Judge's Decision and appeal to the Sixth Circuit.

Respectfully submitted,

*/s/ Charles A. Schneider*
Charles A. Schneider (0005821)*
**Trial Attorney*
Section Chief, Criminal Justice
Office of Ohio Attorney General Dave Yost
150 East Gay Street, 16th Floor
Columbus, OH 43215
614-499-3267 P / 866-523-8127 F


*/s/ Mark Landes*
Mark Landes (0027227)
Donald C. Brey (0021965)
Benjamin D. Humphrey (0093423)
**Isaac Wiles Burkholder & Teetor, LLC**
Two Miranova Place, Suite 700
Columbus, OH 43215
614-221-2121 P / 614-365-9516 F

***Attorneys for Defendants***
*Anonymous Execution Team Members #1-50*
*Charles Bradley, Annette Chambers-Smith,*
*John Coleman, Mike DeWine, Ronald Erdos,*
*Stephen Gray, Christopher LaRose, Donald*
*Morgan, Timothy Shoop, Richard Theodore, Edwin*
*Voorhies*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Charles A. Schneider*
Charles A. Schneider (0005821)*
**Trial Attorney for Defendants*
