# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

IN RE: OHIO EXECUTION : Case No. 2:11-cv-1016
PROTOCOL LITIGATION
 :
  District Judge Edmund A. Sargus, Jr.
 : Magistrate Judge Michael R. Merz

This document relates to All Plaintiffs
 :

## ORDER REGARDING PENDING MOTION TO STAY AND MODIFYING THE DECISION AND ORDER

This consolidated § 1983 method of execution case is before the Court on Defendants' Motion to Stay (ECF No. 2583) the effectiveness of the Decision and Order Regarding the Continued Anonymity[1] of DRC Employee No. 1 (ECF No. 2566). Plaintiffs oppose the Motion (Response, ECF No. 2587). Before Defendants file a reply memorandum, the Court believes it useful to simplify the litigation situation.

The caption of the Decision and Order sought to be stayed pending appeal reads that it relates to Plaintiffs Cleveland Jackson, James Hanna, and Melvin Bonnell. However, the effect of the Order will be to remove the anonymity of DRC Employee No. 1 for the case as a whole, i.e., for all the consolidated cases. Because the Order will have that effect for all Plaintiffs, it should have noted that it related to all. The Magistrate Judge's imprecision is reflected in the Motion to Stay where

---

[1] This label is a misnomer, applied in the haste of dealing with all of the recent filings in this case. DRC Employee No. 1 is not anonymous and has never been granted permission to proceed pseudonymously in this case. The phrase "continued anonymity" relates to the issue on replacing this Defendant's name with the description "DRC Employee No. 1" in recent deposition transcripts.

1

Defendants say they intend to appeal to the United States Court of Appeals for the Sixth Circuit as to Cleveland Jackson and to District Judge Sargus as to Hanna and Bonnell (ECF No. 2583, PageID 129868 n.1). This would result in potentially competing appeals, which is not conducive to judicial economy.

Furthermore, Plaintiffs have raised the pertinent question of whether the Sixth Circuit would take jurisdiction of an interlocutory appeal on this matter (Memo. in Opp., ECF No. 2587, PageID 129928). Because this is not a final order and no party has sought a certification under 28 U.S.C. § 1292(b),[2] any appeal to the circuit court would have to rely on *Cohen v. Beneficial Indus.l Loan Corp.*, 337 U.S. 541 (1949). To come within *Cohen*, an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal. *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978). The Supreme Court has held that disclosure orders adverse to a claim of attorney-client privilege are not immediately appealable under the collateral order doctrine. *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009). On the other hand, the Sixth Circuit has held that orders sealing court records are immediately appealable under the collateral order doctrine. *Rudd Equip. Co., Inc., v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 592-93 (6th Cir. 2016).

To avoid a threshold jurisdictional issue in the circuit court but provide Defendants with review of the Magistrate Judge's Decision by an Article III judge, the Decision is MODIFIED such that it does not apply to the two Plaintiffs with respect to whom there has been unanimous consent, Warren Henness and Cleveland Jackson. Defendants[3] therefore have a right to appeal the Decision to District Judge Sargus. Any such appeal is due to be filed by October 11, 2019, per

---

[2] Nor would the Court likely grant such a certification because the issue is not outcome determinative, however important it may be to Defendants.
[3] All parties have a right to appeal, but the Court infers from Plaintiffs' opposition to the motion to stay that they do not intend to appeal.

2

Fed.R.Civ.P. 72(a).[4]

In addition to clarifying the route of appeal, the Magistrate Judge believes he should indicate his disagreement with the following statement from Plaintiff's Memorandum in Opposition to the Motion for Stay: "A stay of the unsealing of this deposition pending appeal will mean that the material remains unavailable for the Court to cite and rely upon as it renders its decision on Plaintiff Hanna's critical Motion." (Memo in Opp., ECF No. 2587, PageID 129927.) The Court is not aware of any authority which would preclude it from relying on sealed material in rendering a decision.

October 7, 2019.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

---

[4] One or more of the parties may regard the Decision as dispositive and therefore covered by Fed.R.Civ.P. 72(b). The deadline for appeal is the same.