# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION | : | Case No. 2:11-cv-1016 |
| | : | |
| | | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Michael R. Merz |
| This document relates to Plaintiffs James Hanna and Melvin Bonnell | : | |

# SUPPLEMENTAL OPINION ON PLAINTIFF BONNELL AND HANNA'S APPEALS FROM ORDER VACATING EVIDENTIARY HEARING AND MODIFICATION OF THAT ORDER

This consolidated § 1983 method-of-execution action is before the Court on Objections by Plaintiffs James Hanna (ECF No. 2515) and Melvin Bonnell (ECF No. 2514) to the Magistrate Judge's Decision and Order Vacating Evidentiary Hearing (ECF No. 2507). Also before the Court are Defendants' Responses (ECF Nos. 2523 and 2524), and the Reply and Supplemental Memorandum of Hanna (ECF Nos. 2557 and 2558). District Judge Sargus has recommitted the matter for reconsideration in light of the objections (ECF No. 2555).

## Overview

The litigation history regarding Bonnell and Hanna's Motions for Preliminary Injunction is important. On January 14, 2019, the Court denied preliminary injunctive relief for Warren K. Henness who was then the next Plaintiff scheduled to be executed (ECF No. 2133). On January

25, 2019, Governor Mike DeWine reprieved Henness's execution until September 12, 2019 (Reprieve of Warren Henness, ECF No. 2146-3, PageID 105826), at which time Plaintiff Cleveland Jackson's became the next scheduled execution, then set for May 29, 2019. On February 6, 2019, slightly less than six months before that scheduled execution date, Jackson had not yet filed a motion for preliminary injunction, and the Court ordered that he do so by February 14, 2019 (Scheduling Order, ECF No. 2154). The same Order scheduled events through an evidentiary hearing to be held on April 9, 2019.

In response to this Court's decision in the Henness case, Governor DeWine ordered the Department of Rehabilitation and Corrections to prepare a new lethal injection protocol. On March 7, 2019, in conjunction with that order, the Governor reprieved Cleveland Jackson's execution to November 13, 2019; Kareem Jackson's to January 16, 2020; and Gregory Lott's to March 12, 2020 (Warrants of Reprieve, ECF No. 2180). James Hanna's date of December 11, 2019, and Melvin Bonnell's of February 12, 2020, had been set on September 1, 2017 (Warrants of Reprieve, ECF No. 1193-1). Thus, the order of executions that prevailed from March 7, 2019, until September 30, 2019, was in place: Cleveland Jackson, James Hanna, Kareem Jackson, Melvin Bonnell, Gregory Lott, and John Stumpff.[1] Given those reprieves and the promise that a new protocol was in the offing, the Court vacated the dates set for Cleveland Jackson on February 6 and then set a new complete schedule on May 7, 2019 (Opinion and Scheduling Order, ECF No. 2206). At this point, Hanna was approximately seven months from execution and had not yet filed a motion for preliminary injunction.

---

[1] Excluding Warren Henness because he had already had a preliminary injunction hearing. Also excluding Angelo Fears, whose execution had been set for October 17, 2019, but who was resentenced to life imprisonment on May 22, 2019 (Unopposed Motion to Dismiss, ECF No. 2238, PageID 108020).

Despite Defendants' counsel's representation on March 7, 2019, that a new protocol would likely be issued within thirty days (Tr., ECF No. 2183, PageID 106724), as the year wore on, it began to appear less and less likely that the State would adopt a new execution protocol any time soon. On July 17, 2019, the Court noted the "relative imminence" of execution dates for Henness, Hanna, Bonnell, and the two Jackson plaintiffs. The Magistrate Judge noted that, unlike the cases of former Plaintiffs Phillips, Otte, Tibbetts, Campbell, and Van Hook, and Plaintiffs Henness and Cleveland Jackson, there was no unanimous consent for plenary Magistrate Judge jurisdiction for any of the other plaintiffs. Consequently, any preliminary injunction motions would have to be handled on a report and recommendation basis, adding time to the schedule to allow for objections. Fed.R.Civ.P. 72(b). The Magistrate Judge therefore ordered Bonnell, Hanna, and Kareem Jackson to file any motion for preliminary injunction by September 3, 2019, which in Hanna's case would only be 99 days before his scheduled execution (ECF No. 2275).

From then until September 11, 2019, the Court proceeded on the basis that the preliminary injunction hearing set for eight days beginning September 24, 2019, would be for Hanna, Bonnell, Cleveland Jackson, and Kareem Jackson. Throughout that period, the Magistrate Judge expected that the protocol in suit was the version of 01-COM-11 adopted on October 7, 2016; whether or not a new protocol would be adopted before Cleveland Jackson's preliminary injunction hearing was unknown to the Court and Plaintiffs and Defendants' counsel continued to advise throughout the period that they had no knowledge about when a new protocol might be adopted.

On September 11, 2019, the United States Court of Appeals for the Sixth Circuit decided the Henness appeal. *In re: Ohio Execution Protocol Litig. (Henness)*, No. 19-3064, ___ F.3d ____, 2019 U.S. App. LEXIS 27365 (6th Cir. Sept. 11, 2019). In light of that decision, the

Magistrate Judge ordered the parties to show cause why the evidentiary hearing should not be vacated (Order to Show Cause, ECF No. 2478) and, after considering the Responses of Bonnell, Hanna, and Cleveland Jackson (ECF Nos. 2489-2491), vacated the presentation of live testimony at the hearing (Order Vacating Evidentiary Hearing, ECF No. 2507, filed September 19, 2019). Bonnell and Hanna filed their respective Appeals the same day (ECF Nos. 2514 and 2515).[2]

As a non-dispositive pre-trial order, the Order remained effective in the absence of a stay. S.D. Ohio Civ.R. 72.3. Neither Bonnell nor Hanna sought a stay either from the Magistrate Judge or District Judge Sargus. On September 24, 2019, the Court heard oral argument on Plaintiffs' Motions for Preliminary Injunction and admitted, over Defendants' general objection, all exhibits proffered by Bonnell, Hanna, and Cleveland Jackson (Minute Entry, ECF No. 2559). Thus the hearing went forward on the basis set forth in the Order.

During argument, counsel for Bonnell indicated his intent to voluntarily withdraw his preliminary injunction motion as it pertained to his individual characteristics without prejudice to refiling on or before December 1, 2019. The Court construed counsel's statement as an oral motion and orally granted it (Trans. Pending). After argument, Hanna filed a supplemental memorandum in support of his appeal to address issues raised for the first time at argument (ECF No. 2558).

---

[2] The parties unanimously consented to the Magistrate Judge's plenary jurisdiction as to Plaintiff Cleveland Jackson; thus, the hearing as to Cleveland Jackson is vacated. Kareem Jackson never responded to the Show Cause order that the Magistrate Judge issued before vacating the evidentiary hearing; thus, the Order remains unchanged as to Kareem Jackson.

**Standard of Review**

When a party appeals a Magistrate Judge's non-dispositive order, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a). Likewise, 28 U.S.C. § 636(b)(1)(A) provides: "A judge of the court may reconsider any pretrial matter … where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The "clearly erroneous" standard applies to factual findings and the "contrary to law" standard applies to legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.). "A finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). "A magistrate judge's decision is 'contrary to law' when the magistrate judge has 'misinterpreted or misapplied applicable law.'" *Hood v. Midwest Savings Bank*, Case No. 2:97-cv-218, 2001 U.S. Dist. LEXIS 24512, at *2 (S.D. Ohio Mar. 22, 2001) (Holschuh, J.), *aff'd* 95 F. App'x 768 (6th Cir. 2004), quoting *Pharm. Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000).

**James Hanna**

Hanna argues that "even under *Henness*, he can satisfy the required showing to warrant injunctive relief." (Hanna Appeal, ECF No. 2515, PageID 128382). Hanna continues: "Live testimony, including from some of the world's foremost experts in their fields, should be taken to add to the sworn declarations and other paper evidence already in the record in support of their

5

motions." *Id.* Hanna raises four distinct objections to the denial of live testimony, some with

several sub-points.

> First Objection: Plaintiff Hanna will present evidence at an evidentiary hearing that
> will directly answer the questions *Henness* found unanswered. (Hanna Appeal,
> ECF No. 2515, PageID 128384-97).

In support of this objection, Hanna quotes at length from his experts' reports on the issue

of whether an inmate injected with 500 milligrams of midazolam would still be likely to experience

severe pain. Yet, the detailed expert reports, from which Hanna quotes at length, have been

admitted in evidence (Minute Entry, ECF No. 2559), and nowhere within the objection does Hanna

explain what live testimony would have added[3]. Moreover, as stated in the Order, past expert

testimony on prior preliminary injunction motions in this consolidated case has often been

repetitive of the expert reports, and undersigned has had ample opportunity to assess the credibility

and demeanor of most of the plaintiffs' experts when have appeared live during those hearings.

(ECF No. 2507, PageID 127897-98). Hanna's Appeal does not address that point. As Hanna has

not explained how he is prejudiced, the objection is not well-taken.

> Second Objection: The Magistrate Judge's order vacating an evidentiary hearing
> should be reviewed *de novo* because it is clearly erroneous and contrary to law.
> (ECF No. 2515, PageID 12897-904).

One argument that Hanna offers in support of his objection urging *de novo* review is that

"[a]n evidentiary hearing is needed on a preliminary injunction motion if 'material facts are [] in

dispute.'" (Hanna Appeal, ECF No. 2515, PageID 128398, quoting *Certified Restoration Dry*

---

[3] Although this opinion is being rendered after the hearing was concluded, if a compelling case of live testimony
were made, the hearing could be reconvened.

*Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 553 (6th Cir. 2007)). But *Certified Restoration* proceeds to quote the *Weeks* case that the Magistrate Judge cited in the Order vacating the hearing. (ECF No. 2507, PageID 127896-97, citing *S.E.C. v. G. Weeks Sec., Inc.*, 678 F.2d 649, 651 (6th Cir. 1982)). Specifically, *Certified Restoration* termed *Weeks* "the leading case on the subject," and relied on it for the proposition that "where resolution of questions surrounding whether to issue injunctive relief turns on legal rather than factual determinations, the taking o[f] oral testimony is not a prerequisite to a fair hearing." *Certified Restoration*, 511 F.3d at 553, quoting *Weeks*, 678 F.2d at 651. The evidence set forth in Cleveland Jackson's Response (ECF No. 2490, PageID 127579-636), which Hanna and Bonnell incorporated by reference (Bonnell Response, ECF No. 2489, PageID 127464; Hanna Response, ECF No. 2491, PageID 127695), is not substantively different than that offered by Plaintiff Warren Henness in support of his motion for preliminary injunction. The Sixth Circuit considered that evidence and concluded, contrary to this Court, that Henness had not satisfied the first prong of *Glossip v. Gross*, 135 S.Ct. 2726 (2015). *Henness*, 2019 U.S. App. LEXIS 27365, at *4-7. Accordingly, the material dispute for Hanna is one of law—whether *Henness* was correctly decided—rather than of fact, and the decision not to hold a hearing with live testimony comports with *Certified Restoration*.

Hanna also asserts in urging *de novo* review that if the Magistrate Judge read *Henness* as precluding any further challenge to Ohio's midazolam execution protocol, then that was an error of law. (Hanna Appeal, ECF No. 2515, PageID 128398-400). To that point, Hanna additionally asserts that if the Magistrate Judge concluded that the records for Hanna and Cleveland Jackson would be identical to the record established by Henness, then that is also clearly erroneous. *Id.* at PageID 128400-01. Yet, nowhere did the Magistrate Judge state that *Henness* precluded any

further attack on Ohio's midazolam execution protocol, or that the reason no hearing is necessary is because the record that Hanna would create would be identical to that of Henness.

Hanna further asserts that *Henness* actually weighs in favor of holding an evidentiary hearing with live testimony because the decision in *Henness* was rooted in a determination that there was insufficient evidence to support the Magistrate Judge's factual findings, and because the allegations offered by Hanna, as well as Cleveland Jackson and Bonnell, go well beyond the record Henness created (Hanna Appeal, ECF No. 2515, PageID 128401-02). Hanna also argues that the Magistrate Judge's decision to vacate the hearing was in error "because of the reasons further articulated in the responses to the Magistrate Judge's Show Cause Order." *Id*. at PageID 128402. Yet, the Magistrate Judge admitted and is carefully considering the reports, declarations, affidavits, and other paper evidence offered by Plaintiffs. Hanna's second objection is also not well taken.


> Third Objection:  This Court should reinstate the long-planned evidentiary hearing
> because it is crucial to permit Hanna to develop a complete record on his subject
> claims, particularly when the decision in *Henness* was so wrongly decided and thus
> vulnerable to further appellate review.  (ECF No. 2515, PageID 128404-07).

The Magistrate Judge construes Hanna's arguments about *Henness's* being wrongly decided and not being final as an effort to preserve those arguments for appeal. The Magistrate Judge rejects as unsupported and untenable any argument that *Henness* is not binding just because it is not final[4]. Further, as discussed above, the Magistrate Judge's decision did not foreclose any development of the record except for preventing live testimony by experts whose reports were all

---

[4]That is, *Henness* is not final in that there is still the possibility of a rehearing en banc or the grant of certiorari by the Supreme Court.  Moreover, the mandate has not yet issued in Henness to return jurisdiction of that case to this Court.  But *Henness* is a published opinion of the Sixth Circuit binding on this Court, other district courts in the Sixth Circuit, and other panels of the Sixth Circuit unless it is vacated or reversed.

admitted.

As for Hanna's arguments for why *Henness* was wrongly decided, those arguments are properly addressed in the first instance to the Sixth Circuit and/or to the Supreme Court. To that point, the Magistrate Judge is of the view that it would be a profound waste of time and resources to conduct an eight-day live hearing before legal issues so significant as to be viewed as threshold issues are resolved by the Sixth Circuit and/or Supreme Court. It seems disingenuous to argue that the sought-after hearing can on the one hand be "long-planned" and on the other be precisely attuned to precedent only eight days old when the objections were filed.

> Fourth Objection: Hanna appeals the Magistrate Judge's conclusions regarding his individualized paradoxical reaction claim because his counsel cannot be reasonably described as less than diligent for not asserting the injunctive relief claim earlier. (ECF No. 2515, PageID 128407-23).

Hanna has complied with the Magistrate Judge's scheduling orders, but he still has not adequately explained why he waited fifteen months to begin developing expert evidence on his paradoxical reaction claim. Hanna has known about his paradoxical reaction claim since at least April 12, 2018 (Second Am. Indiv. Supp. Compl., ECF No. 1501, PageID 61322-23, ¶¶ 1899-1901). Since September 1, 2017, Hanna has known that he has a December 11, 2019, execution date (Warrant of Reprieve of James Hanna, ECF No. 1193-1, PageID 44498), while Cleveland Jackson, until September 30, 2019, had a November 13, 2019 execution date (Warrants of Reprieve of Cleveland Jackson, ECF Nos. 2180-1, 2571-1). At the time the Magistrate Judge issued his Order, Hanna was on the same timeline as Cleveland Jackson, given that the Magistrate Judge needs to issue a report and recommendations on his motion for preliminary injunction after

it is ripe[5]. Thus, contrary to Hanna's argument (Hanna Appeal, ECF No. 2515, PageID 128415), and notwithstanding any uncertainty surrounding whether Ohio will in fact seek to execute Hanna using the October 7, 2016, protocol, Hanna's execution is certainly now imminent for purposes of litigating his motion for preliminary injunction. Further, Hanna and Cleveland Jackson have the same counsel, and despite Hanna's emphasis that his counsel has been focused on Cleveland Jackson as the "next man up[,]" (Hanna Supp. Appeal, ECF No. 2558, PageID 129635-36), that focus does not excuse any failure to ensure that evidence had been developed in support of Hanna's paradoxical reaction claim.

The Magistrate Judge is not unsympathetic to the time and funding constraints encumbering Hanna's legal team, and is acutely aware both that litigating this case one preliminary injunction at a time has undoubtedly strained the litigants and Court and that the need to do so has come from Defendants' intransigence—specifically, their persistent refusal to agree to a stay *pendente lite* and/or a stay pending the implementation of a new execution protocol—or from their decision to schedule twenty-nine executions between December 11, 2019, and March 14, 2024 (Hanna Supp. Appeal, ECF No. 2558, PageID 129636). Yet, as for any argument that Hanna's claims for injunctive relief are timely under "longstanding custom and practice in this case," (Hanna Appeal, ECF No. 2515, PageID 124817), that this case has been litigated in a pants-on-fire manner in the past is not a good argument that it should continue to be litigated that way going forward.

Out of an abundance of caution and in keeping with the Magistrate Judge's willingness to

---

[5] A motion for preliminary injunctive relief is expressly made a dispositive matter by 28 U.S.C. § 636(b)(1)(A) requiring a report and recommendations. Fed.R.Civ.P. 72(b) provides, unless modified by court order, a roughly one month period for objections and responses to a Magistrate Judge report, adding at least thirty days to the time before a decision on such a motion is ripe for appeal to the circuit court.

accept and consider expert reports, declarations, affidavits, and other filed evidence, Hanna will have until 5:00 p.m. on October 15, 2019, to file any compliant reports, declarations, and supporting affidavits as identified in his September 3, 2019 Motion for Stay of Execution, Preliminary Injunction, and Evidentiary Hearing. (ECF No. 2435). That includes filing a corrected expert report from Howard Fradkin, Ph.D., which, contrary to Hanna's assertion (Hanna Appeal, ECF No. 2515, PageID 128411, n.3), does *not* comport with 28 U.S.C. § 1746. The date reflected on Dr. Fradkin's Declaration reads "August __j__, 2019" (ECF No. 2435-1, PageID 117085). That date appears to be the letter "j," and that does not comply with § 1746.

Finally, Hanna argues that "in the controlling scheduling order, the Magistrate Judge did not require Hanna to present expert reports with his motion for preliminary injunction. Indeed, that has never been the requirement in any of the many injunctive relief proceedings in this consolidated litigation." (Hanna Appeal, ECF No. 2515, PageID 128413). Yet, "paradoxical reaction" is a novel claim, which Defendants could not fairly be ordered to defend armed with nothing more than the *precis* of expected testimony. For these reasons, Hanna's objection is not persuasive.

> First Supplemental Objection: [T]here is an inherent contradiction in denying Hanna *any review at all* of his paradoxical reaction injunction (sic) relief claim based on the notion that review of such issues is of such great importance that more than three months for review is desirable (ECF No. 2558, PageID 129636-37 (emphasis in original)).

As discussed above, the Order does not foreclose any review of Hanna's paradoxical reaction claim. Indeed, this Opinion expressly authorizes Hanna to submit evidence, including expert reports, on that paradoxical reaction claim, including but not limited to reports from Dr.

Fradkin, David A. Lubarsky, M.D., and Craig W. Stevens, Ph.D (*See* Hanna Appeal, ECF No. 2515, PageID 128413 (stating his intent to secure reports from Drs. Lubarsky and Stevens after October 1, 2019)).

> Second Supplemental Objection: Hanna was not on notice that the rules for seeking injunctive relief in this case would be changed for the first time for his case, and that he would be faulted for not having presciently filed earlier his motion for injunctive relief on the paradoxical reaction claim. . . . That disparate treatment significantly burdens his right to review of alleged violations of his Eighth Amendment right against cruel and unusual punishment, and arbitrarily treats him differently as a class of one (ECF No. 2558, PageID 129637-38).

Without conceding the correctness of Hanna's argument that the Magistrate Judge changed "the rules for seeking injunctive relief," Hanna's objection is still unavailing. As discussed above, other than his counsel's being occupied with Cleveland Jackson's injunctive relief motion, Hanna does not explain why he waited fifteen months from the first time the paradoxical reaction claim was raised to develop evidence in support. Further, the Court *will* consider evidence submitted in support of that claim, so long as it is submitted on or before October 15, 2019. Thus, Hanna is being provided a meaningful opportunity to be heard on his individual claim, which is what due process requires. *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). Due process does not, as Hanna would seem to urge, require the Court to allow him to file his Motion for Preliminary Injunction "*just days or weeks* before a scheduled execution date" (Hanna Appeal, ECF No. 2515, PageID 128417 (emphasis in original)), simply because former plaintiffs in this case have done so. Notably, Hanna does not cite any caselaw for the proposition that requiring him to file at a time farther out from his execution date than some former plaintiffs somehow violates due process or can form the basis for a viable "class of one" Equal Protection claim.

Finally, Hanna concedes that he was required to file his motion for preliminary injunction ninety-nine days before his scheduled execution date (Supp. Appeal, ECF No. 2558, PageID 129639). Yet, the Magistrate Judge required Plaintiff Henness to file a motion for preliminary injunction no later than September 28, 2018 (Scheduling Order, ECF No. 1914, PageID 74799)— 138 days before his then-scheduled execution date of February 13, 2019 (Reprieve of Warren Henness, ECF No. 1193-1, PageID 44496). Thus, even if a class of one claim were viable in theory, it is not a viable claim for Hanna.

Hanna overstates his case by claiming that the Magistrate Judge has "changed the rules for seeking injunctive relief." There is no prior ruling in this case that preliminary injunction motions are timely if they are brought at some specific time before a scheduled execution. The Magistrate Judge has explained at some length application of the law of the case doctrine to this consolidated case, concluding:

> Like cases should be decided alike, and Henness's case is very like those of former Plaintiffs Phillips, Otte, Tibbetts, and Campbell. Therefore, prior rulings in this consolidated case, including those made by Judge Frost, will be treated as very persuasive precedent, but not binding under the law of the case doctrine. Prior rulings in the case, just like precedent from other courts, will be analyzed and applied based on the context in which they were made and therefore applied with appropriate nuance, and not like proof-texts.

(ECF No. 2133, PageID 105134-35.) But again there is no prior ruling, at least none cited in the instant motion papers, that a certain amount of time prior to execution counts as "imminent." To show irreparable harm, a "[p]laintiff must show that, absent an injunction, he will suffer 'actual and imminent harm rather than harm that is speculative or unsubstantiated.'" *Pettus-Brown v. Phelps*, No. 2:18-cv-82, 2018 U.S. DIst. LEXIS 193703, at *10 (S.D. Ohio Nov. 14, 2018) (Jolson, Mag. J.), quoting *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). But Wright & Miller

tie "imminence" to the question whether the harm will be suffered before a trial can be held.  11A

CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND

PROCEDURE, CIVIL  § 2948.1 (3d ed. 1998).

The context in which Hanna is now being forced to litigate his preliminary injunction

motion is unique:  there has never before in this case been a situation where the State projected a

new protocol to be imminent but then did not perform in accordance with that expectation, but also

declined to agree to a stay pending adoption of the projected new protocol.  Nonetheless, Hanna

is not being treated disparately in any "class of one" sense.


> Third Supplemental Objection:  The Magistrate Judge also stated in court that
> Hanna has always known the protocol that would be used and therefore should have
> litigated the issues sooner.  Not so.  The midazolam protocol that is the subject of
> his amended complaint has been repudiated by the Governor, and a new protocol
> has been drafted at the Governor's order. . . .  It is unfair to fault Hanna for not
> prematurely spending thousands of taxpayer dollars on litigating a protocol that
> apparently will never be used (ECF No. 2558, PageID 129638).


As Hanna and Henness also have the same counsel, Hanna has been on notice since at least

March 18, 2019, that the State was reserving its right to use the October 7, 2016, protocol "*even if*

*the State develops an alternative protocol rather than an additional one*[.]"  (State Appellees'

Response to Motion to Extend Briefing Schedule, *Henness v. DeWine*, 6th Cir. No. 19-3064, ECF

No. 22, Page 2 (emphasis in original)).  Moreover, while Charles Schneider, Defendants' trial

attorney, represented during a March 7, 2019, in-person conference that he anticipated a new

protocol's being announced "within approximately 30 days" (Tr., ECF No. 2183, PageID 106724),

at numerous subsequent telephonic status conferences, Mr. Schneider repeatedly stated that he had

no information about a new protocol, and that the parties had no choice but to litigate preliminary

injection motions under the existing protocol.

> <u>Fourth Supplemental Objection</u>:    Moreover, the evidence admitted by the Magistrate Judge at the September 24, 2019 hearing demonstrates, *inter alia*, that his alleged alternative of a firing squad—because it causes nearly instantaneous lack of sensation and death, unlike the midazolam protocol which causes severe pain and suffering over the course of many minutes—is "a feasible and readily implemented alternative method of execution the State refused to adopt without a legitimate reason, even though it would significantly reduce a substantial risk of severe pain."  (ECF No. 2558, PageID 129640, quoting *Bucklew v. Precythe*, 139 S. Ct. 1112, 1129 (2019)).

Despite the Sixth Circuit's reviewing and affirming this Court's determination that Henness had not met the second prong of *Glossip*, *Henness*, 2019 U.S. App. LEXIS 27365 at *8-9, the appellate court appears to view the second prong of *Glossip* as relevant *only if* a plaintiff can satisfy the first prong:  "[B]ecause Henness has not shown that Ohio's existing method of execution causes severe pain (discussed above), it is impossible for him to show that the existence of an alternative method of execution would 'significantly reduce . . . substantial risk of severe pain' caused by the existing method."  *Id*. at *7-8, quoting *Bucklew*, 139 S.Ct. at 1129.  Thus, the Court need not consider this objection until and unless it finds that Hanna has met his "burden to show" that the existing protocol presents "a substantial risk of severe pain[,]" *Glossip*, 135 S.Ct. at 2740, in light of the decisions in *Bucklew* and *Henness*.

As Hanna's objections are unavailing, premature, or otherwise not well-taken, the Order Vacating Evidentiary Hearing should not be modified with respect to him, except for the proviso that expert reports and other documentary evidence may be submitted in support of his paradoxical reaction claim on or before October 15, 2019.

**Melvin Bonnell**

Bonnell objects "to the vacation of the September 24, 2019 – October 3, 2019, preliminary injunction hearing as to the issues that Plaintiff Bonnell holds in common with Plaintiffs Cleveland Jackson and Hanna." (Bonnell Appeal, ECF No. 2514, PageID 128367). In support of a single objection to the Magistrate Judge's Decision and Order vacating the evidentiary hearing, *id*., citing ECF No. 2507, Bonnell raises two arguments, the second of which contains multiple sub-parts.

*First*, Bonnell urges this Court to conduct *de novo* review because the Magistrate Judge's decision to foreclose an evidentiary hearing is "the functional equivalent of a dismissal of the action, and thus is dispositive." (Bonnell Appeal, ECF No. 2514, PageID 128368). To the extent that this objection is not mooted by the Recommittal Order (ECF No. 2555), it distorts the import of the order vacating evidentiary hearing. Contrary to Bonnell's argument, "the Magistrate Judge's decision to foreclose any evidentiary hearing" did not preclude Bonnell "from adducing evidence to meet" what Bonnell characterizes as *Henness*'s "newly articulated standard[.]" (Bonnell Appeal, ECF No. 2514, PageID 128368). The Magistrate Judge admitted the thorough documentary evidence offered by Plaintiffs over the global objection of Defendants (Notation Order, ECF No. 2568). To that end, Bonnell's reliance on the excerpts from the Plaintiffs' experts' reports on the issue of whether an inmate administered 500 milligrams of midazolam will nonetheless experience unconstitutionally severe pain (Bonnell Appeal, ECF No. 2514, PageID 128368-74) suffers from the same deficiency as Hanna's Appeal. That is, Bonnell does not explain, and it is not otherwise clear to the Court, what live testimony would have added to the numerous and thorough expert reports that have been filed and will be considered.

Bonnell also argues that the Magistrate Judge erred in relying on *Henness* to vacate a

hearing as to *Glossip*'s second prong, to wit: a showing of a readily available alternative method of execution that would significantly reduce a substantial risk of severe pain vis-à-vis the existing protocol (Bonnell Appeal, ECF No. 2514, PageID 128374-79). Relying on *Hutto v. Davis*, Bonnell asserts that because there are multiple points where *Henness* is in direct conflict with the Supreme Court's decisions in *Bucklew* and *Glossip*, it is the Supreme Court's word that is final. *Id.* at PageID 128374, quoting *Hutto*, 454 U.S. 370, 375 (1982) (*per curiam*). Again, any arguments by Bonnell that *Henness* misconstrued or misapplied *Glossip* or *Bucklew* are properly addressed to the Sixth Circuit en banc and/or Supreme Court. To that point, the undersigned also reiterates his rejection of any argument that *Henness* is not binding just because it is not yet "final." After all, Bonnell cannot really be arguing that had *Henness* reversed this Court's denial of a preliminary injunction, Bonnell would have acquiesced to a request by Defendants to allow executions with the midazolam-based protocol to proceed as planned because *Henness* was wrongly decided or was not final.

Bonnell accurately asserts "that the *Baze-Glossip* test's second prong has two subparts: (1) a prisoner must 'carry his burden of showing a readily *available* alternative'; and (2) he must 'show that [the alternative] would significantly reduce a substantial risk of severe pain' that the prisoner alleges the current protocol poses." (Bonnell Appeal, ECF No. 2514, PageID 128375 (emphasis in original), quoting *Bucklew*, 139 S.Ct. at 1130). Further, Bonnell is correct that the evidence regarding the firing squad alternative has never been presented to the Court in any preliminary injunction proceeding, and thus, is "new." *Id.* at PageID 128378-79. Yet, contrary to Bonnell's argument, *id.* at PageID 128377-79, Bonnell is not necessarily entitled to present evidence on that second prong. Bonnell, Cleveland Jackson, and Hanna have argued at length that, following

17

*Bucklew*, the first prong of *Glossip* (substantial risk of severe, unnecessary pain) must always be assessed in comparison with available alternatives (*i.e.*, the second prong of *Glossip*). Again, the Magistrate Judge returns to the Sixth Circuit's statement that:

> [H]enness's failure to satisfy *Glossip*'s first prong necessarily means that he cannot demonstrate a substantial likelihood of success on the second prong, . . . In other words, because Henness has not shown that Ohio's existing method of execution causes severe pain (discussed above), it is impossible for him to show that the existence of an alternative method of execution would "significantly reduce [the] substantial risk of severe pain" caused by the existing method.

*Henness*, 2019 U.S. App. LEXIS 27365, at *7-8, citing *Bucklew*, 139 S.Ct. at 1128-30 (internal citations omitted); *Fears v. Morgan*, 860 F.3d 881, 890 (6th Cir. 2017) (*per curiam*). As *Henness* is binding authority, any argument that *Henness* misconstrued or misapplied *Bucklew* is properly presented in the first instance to the Sixth Circuit and/or the Supreme Court. Bonnell suggests that this particular holding in *Henness* is dicta (Hanna Appeal, ECF No. 2514, PageID 128378 n.1). But the statement set forth above does not read like dicta to this Court.

Notwithstanding the foregoing, as noted throughout this decision, the Magistrate Judge did not foreclose the presentation of evidence, just the presentation at this time of live testimony in the absence of any substantive explanation of what live testimony would add to the documentary evidence of record. The evidence that the Magistrate Judge will consider includes evidence about the firing squad as a pleaded alternative via Dr. Williams's report and the Fed.R.Civ.P. 30(b)(6) deposition of the Utah Department of Corrections. Defendants offered very little evidence in opposition, which further undercuts any need for live testimony.

Finally, Bonnell does not object to the Magistrate Judge's recommendation that Bonnell's motion, as it pertained to his individual claims, be denied without prejudice to his refiling it no later than December 1, 2019—no doubt because it was Bonnell who suggested that action

(Response, ECF No. 2489, PageID 127475).


**Conclusion**

For the foregoing reasons, the Magistrate Judge's Order Vacating Evidentiary Hearing (ECF No. 2507) is modified to allow Hanna to submit evidence in support of his paradoxical reaction claim no later than October 15, 2019.  In all other respects, Hanna and Bonnell's objections should be overruled


October 7, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge