# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

IN RE: OHIO EXECUTION : Case No. 2:11-cv-1016
PROTOCOL LITIGATION

                                                    District Judge Edmund A. Sargus, Jr.
: Magistrate Judge Michael R. Merz

This document relates to:
  Plaintiff James Hanna. :

## SUPPLEMENTAL OPINION ON MOTION TO TRANSPORT

This § 1983 case is before the Court on Plaintiff James Hanna's Motion to Transport and for Order Authorizing Neuroimaging (Transport Motion, ECF No. 2436). On September 18, 2019, the Magistrate Judge denied the Motion on the grounds that the Court lacked jurisdiction to authorize transport and that Hanna had unduly delayed in moving to obtain the neuroimaging (Transport Order, ECF No. 2504). On October 2, 2019, Hanna appealed (Appeal, ECF No. 2580), and Judge Sargus has recommitted the matter in light of the objections raised in the Appeal (Recommittal Order, ECF No. 2586).

**Jurisdiction**

In the Transport Order, the Court rejected Hanna's argument that Fed.R.Civ.P. 35 provided the Court with any authority to order a physical examination upon the movant (ECF No. 2504, PageID 127871). Hanna does not object to that portion of the order.

Hanna argues that the logic underpinning the Magistrate Judge's decision regarding

1

jurisdiction in *Elmore v. Shoop* should apply to the court's analysis here (Appeal, ECF No. 2580, PageID 129852-53, citing No. 1:07-cv-776, 2019 U.S. Dist. LEXIS 36422 (S.D. Ohio Mar. 7, 2019) (Merz, Mag. J.)). In *Elmore*, the Magistrate Judge concluded that the Court had jurisdiction under the All Writs Act to order the respondent Warden to transport petitioner for neuroimaging by Douglas Scharre, M.D., in support of claims in his petition for writ of habeas corpus. Specifically, the Magistrate Judge concluded that "[u]se of the writ *ad testificandum* as requested would be ancillary to the Court's undoubted jurisdiction to adjudicate the underlying petition." 2019 U.S. Dist. LEXIS 36422, at *3-4, citing 28 U.S.C. §§ 1651, 2241. Hanna notes that the Court's jurisdiction over his section 1983 claim is undisputed, and argues that, consequently, the All Writs Act vests in this Court jurisdiction "to issue any ancillary writ necessary or appropriate to allow Hanna to litigate his claims to a fair resolution." (Appeal, ECF No. 2580, PageID 129852).

It is well-settled that "the burden of proof in establishing . . . jurisdiction is on the party asserting jurisdiction." *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 451 (6th Cir. 1988), *abrogated on other grounds as recognized in Am. Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 540 n.8 (6th Cir. 2007), citing *Rogers v. Stratton Indus., Inc.*, 798 F.3d 913, 915 (6th Cir. 1986). As courts of limited jurisdiction, "federal courts must be reluctant to infer that Congress has expanded their jurisdiction. *Baze v. Parker*, 632 F.3d 338, 341 (6th Cir. 2011), citing *Welch v. Texas Dep't of Highways and Pub. Transp.*, 483 U.S. 468, 474, (1987). Hanna's burden is further underscored by his invocation of the All Writs Act, which has been repeatedly narrowed since at least 1985—a conclusion set forth in the Transport Order (ECF No. 2504, PageID 127872 (citations omitted)) to which Hanna does not specifically object.

Yet, Hanna has not cited a single case in which a court has issued a writ pursuant to the All

Writs Act for the development of evidence supporting a plaintiff's section 1983 claim. Rather, he argues that "the Magistrate Judge instead invoked *Wilson v. Hill*, No. 2:08-cv-552, 2011 U.S. Dist. Lexis 45717 (S.D. Ohio Apr. 27, 2011) [(King, Mag. J.)], which, in turn, invoked *Ivey v. Harney*, 47 F.3d 181 (7th Cir. 1995) – both of which are inapposite here." (Appeal, ECF No. 2580, PageID 129853). Specifically, he notes that "'[t]he custodian is a stranger to Ivey's suit against the three employees of LaSalle County[,]'" and argues that "[t]hat is a critical distinction. Hanna is not asking for any third party to do anything. He is asking party Defendants to transport him." *Id*., quoting *Ivey*, 47 F.3d at 183. He further claims that the *Ivey* court held that "issuing a transport order under § 1651 was not otherwise 'agreeable to the usages and principles of law' precisely because '[n]othing in the common law supports an order directing a third party to provide free services that facilitate litigation,' which is what Ivey was requesting." *Id*. at PageID 129854, quoting *Ivey*, 47 F.3d at 185 and 28 U.S.C. § 1651(a); citing *United States v. Hayman*, 342 U.S. 205, 221 n.35 (1952). Hanna is correct that *Ivey* emphasized the Department of Corrections' status as Ivey's third-party custodian. Yet, the first reference to its third-party status was addressing the propriety of the department's undertaking an interlocutory appeal "even though the litigation between the parties continues[,]" *Ivey*, 47 F.3d at 183, a situation which is not applicable here. Moreover, Hanna has pointed to nothingin the common law that would support ordering the Ohio Department of Rehabilitation and Corrections ("ODRC"), even as a party, to provide the relief sought by Hanna. As the party asserting jurisdiction, it is Hanna's burden to do so.

Hanna argues that *Wilson* is inapposite for two reasons. *First*, in *Wilson* and unlike here, the ODRC was a non-party seeking to quash a Fed.R.Civ.P. 45 subpoena *duces tecum* (Appeal, ECF No. 2580, PageID 129854-55, citing 2011 U.S. Dist. LEXIS 45717, at *2-3). The Magistrate Judge has already addressed why that argument is unpersuasive—specifically, because there is no

3

language in *Wilson* suggesting that its reasoning was limited to non-parties or the Rule 45 context (Transport Order, ECF No. 2504, PageID 127872)—and beyond the above conclusory statement, Hanna offers no reason why *Wilson* is not applicable here. *Second*, he notes that the ODRC asserted undue burden in *Wilson* because "Wilson had 'already been examined by medical staff at the Ohio State University Hospital in connection with his alleged injuries.'" (Appeal, ECF No. 2580, PageID 129855, quoting 2011 U.S. Dist. LEXIS 45717, at *3). Hanna terms ODRC's assertion in *Wilson*:

> [Q]uite telling and actually proves that granting Hanna's motion is warranted: On its facts, *Wilson* proves that it was fully appropriate for ODRC to have taken Wilson to Ohio State for evaluation in the first instance – even though ODRC was not required to take Wilson to a second appointment with a second doctor. That is all that Hanna is requesting, and his request should therefore be granted – just as Wilson was evaluated at Ohio State.

*Id.* Of course, the propriety of ODRC's first transportation of Wilson was not before the court, which did not rely on a "no second examination" justification in quashing the subpoena. Rather, the court concluded that the transport requested by Wilson "would unduly burden ODRC and would create an unnecessary and substantial security risk." *Wilson*, 2011 U.S. Dist. LEXIS 45717, at *5. The same "substantial security risk" is inherent in any transportation of Hanna[1].

Finally, Hanna notes that in neither *Wilson* nor *Ivey* did the courts find that they lacked jurisdiction to order transport (Appeal, ECF No. 2580, PageID 129855). Yet, neither court concluded that it *had* jurisdiction to order transport in furtherance of a § 1983 claim. *Cf. Lamb v. Wilson*, No. 2:14-cv-218, 2015 U.S. Dist. LEXIS 83102, at *4, 5 (W.D. Mich. Jun. 26, 2015), citing *Ivey*, 47 F.3d at 185-86:

> Plaintiff contends that the All Writs Act, 28 U.S.C. § 1651(a), allows the Court to create a remedy ordering Defendants to transport

---

[1] Hanna was sentenced to death for the murder of a cellmate while he was incarcerated.

> plaintiff off site to conduct an MRI and/or CT scan. However,
> Plaintiff cites no authority for the proposition that the Court retains
> the authority to order Defendants or nonparties to pay the cost of a
> medical examination for a plaintiff prisoner and to transport him off
> site for such purpose. . . . The All Writs Act therefore cannot afford
> Plaintiff the relief he seeks.

In light of the Supreme Court and Sixth Circuit's warnings against implicit expansions of jurisdiction, the Magistrate Judge cannot reasonably conclude that such an expansion is warranted here. Consequently, Hanna's appeal is unavailing as it pertains to the Court's jurisdiction under the All Writs Act to order transport.

**Undue Delay**

Hanna's objections as to the Magistrate Judge's conclusions regarding undue delay (Appeal, ECF No. 2580, PageID 129856-59) are similar to the objections raised by Hanna in his September 19, 2019, Appeal from the Order Vacating the Evidentiary Hearing (ECF No. 2515, PageID 128407-23, citing Order, ECF No. 2507). On Recommittal Order (ECF No. 2555), the Magistrate Judge considered those objections and found them to be not well-taken (Supp. Opinion, ECF No. 2589, PageID 129943-49). Hanna's objections are just as unavailing in the instant Appeal as they were on September 19, and the Magistrate Judge incorporates by reference here his reasoning in the Supplemental Opinion. Thus, even if the Court were to have jurisdiction under the All Writs Act, the Transport Motion should be denied on the grounds of undue delay as well.

**Conclusion**

Based on the foregoing analysis, the Hanna's Appeal is not well-taken, and the Magistrate Judge's Order Denying Motion to Transport (ECF No. 2504) should remain in effect.

October 10, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge