# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION | : | Case No. 2:11-cv-1016 |
| | : | |
| | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Michael R. Merz |
| This document relates to all Plaintiffs. | : | |

## ORDER DENYING MOTION TO STAY, DENYING MOTION FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE, AND SETTING FILING DEADLINES FOR FUTURE MOTIONS FOR PRELIMINARY INJUNCTION

This consolidated § 1983 method of execution case is before the Court on Plaintiff Cleveland Jackson's Amended Motion for a Stay of Execution, a Preliminary Injunction, and an Evidentiary Hearing ("PI Motion," ECF No. 2242, filed June 28, 2019). On September 30, 2019, after the PI Motion was fully briefed, Defendant Governor Mike DeWine reprieved Cleveland Jackson, delaying his scheduled execution date from November 13, 2019, until January 13, 2021 (Warrant of Reprieve, ECF No. 2571-1). On October 10, 2019, Cleveland Jackson filed a Motion to Stay and Abey Consideration and Adjudication of the PI Motion ("Motion to Stay," ECF No. 2593). Therein, he argues that, because he is not scheduled to be executed for fifteen months, he "no longer faces the imminent execution date upon which his current injunctive relief litigation scheduled [sic] was predicated." *Id*. at PageID 129977. A stay, he claims, will allow him "to develop and produce supplemental evidence in support of that motion[,]" *id*. at PageID 129974, in light of the decision in *In re: Ohio Execution Protocol Litig. (Henness v. DeWine)*. 937 F.3d 759

1

(6th Cir. 2019).

The Court agrees that an execution date fifteen months away is not the "'actual and imminent' harm" that is required to demonstrate the "irreparable harm" necessary to obtain a preliminary injunction. *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). Thus, the Motion to Stay is DENIED, and the PI Motion is DENIED WITHOUT PREJUDICE to refiling no later than July 13, 2020. At that time, Cleveland Jackson may submit any new evidence developed in the interim.

The Magistrate Judge consolidated the injunctive relief proceedings of Cleveland Jackson with those of Plaintiffs Melvin Bonnell, James Hanna, and Kareem Jackson (Scheduling Order, ECF No. 2378). On September 24, 2019, the Magistrate Judge heard oral argument on their preliminary injunction motions and admitted evidence on issues common to Bonnell, Hanna, and Cleveland Jackson (Notation Orders, ECF Nos. 2543-47). At oral argument, Bonnell was granted leave to file an amended motion for preliminary injunction as to his individual characteristics *only* no later than December 1, 2019 (Transcript pending). In an October 7, 2019, Supplemental Opinion, the Magistrate Judge gave Hanna until October 15, 2019, to submit evidence in support of his individual "paradoxical reaction" claim (ECF No. 2589). The denial without prejudice of Cleveland Jackson's PI Motion does not affect Hanna and Bonnell's preliminary injunction motions as they pertain to the adjudication of issues that were also raised in Cleveland Jackson's PI Motion, and the evidence admitted in support thereof.

Kareem Jackson's Motion for Preliminary Injunction (ECF No. 2470) does not raise an Eighth Amendment claim; rather, it pertains only to any potential use of expired execution drugs. Upon Declaration by Defendant Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Corrections ("ODRC"), that ODRC had destroyed all the expired execution

drugs that were in its possession at the Southern Ohio Correctional Facility (ECF No. 2560-1), the Magistrate Judge issued a Report and Recommendations recommending that Kareem Jackson's motion be denied as moot (ECF No. 2564). The denial of Cleveland Jackson's PI Motion does not affect that recommendation.

The Court is mindful that "actual and imminent" is not a precise standard and necessarily varies based on the potential harm. Yet, the Court is also mindful of the dangers posed by preliminary injunction motions filed shortly before execution dates. Specifically, the "tight timelines" may make it difficult for the Court to engage in detailed analysis and offer findings and conclusions commensurate with the gravity of the issue. *Fears v. Morgan*, 860 F.3d 881, 886 (6th Cir. 2017) (en banc). Even Hanna conceded that "the Magistrate Judge's preference for *additional* time to litigate weighty matters of life and death" is "perhaps a suitable change in the governing practices in this case going forward[.]" (Supp. Appeal, ECF No. 2558, PageID 129636 (emphasis in original)). In light of these concerns and the State of Ohio's current execution schedule[1], the Court ORDERS the following deadlines:

- Gregory Lott (current execution date of March 12, 2020) and John David Stumpf (April 16, 2020) must file any motion for preliminary injunction no later than December 1, 2019.

- Romell Broom (June 17, 2020) and every Plaintiff who has or will have an execution date scheduled thereafter must file a motion for preliminary injunction no later than six months prior to his scheduled execution date.

---

[1] https://drc.ohio.gov/execution-schedule (last accessed Oct. 11, 2019).

The Court may grant leave to file an amended motion or motion out-of-time upon a timely showing of good cause.

October 15, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge