# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION | : | Case No. 2:11-cv-1016 |
| | : | Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Michael R. Merz |
| This document relates to:<br>Plaintiffs James Hanna and Melvin Bonnell. | : | |

## SUPPLEMENTAL OPINION ON THE MOTION TO ADMIT EYEWITNESS TESTIMONY

This § 1983 case is before the Court on Plaintiffs Melvin Bonnell, James Hanna, and Cleveland Jackson's Motion to Admit Eyewitness Testimony (ECF No. 2520). Therein, Plaintiffs sought to admit statements made by eyewitnesses to the executions of Christopher Price, Domineque Ray, and Michael Samra in Alabama, and Donnie Johnson in Tennessee. *Id*. at PageID 128888-96. The Magistrate Judge issued a Decision and Order admitting certain statements from the Johnson execution, but excluding others and excluding all statements from the Alabama executions (ECF No. 2542). As Cleveland Jackson and Defendants had consented to plenary Magistrate Judge jurisdiction for all matters related to his Motion for Preliminary Injunction (ECF No. 2242), the Order, as it pertains to Cleveland Jackson, is not appealable prior to final judgment. 28 U.S.C. § 636(c). On October 8, 2019, Bonnell and Hanna, as to whom there is not unanimous consent, appealed the Order to District Judge Edmund A. Sargus, Jr. (ECF No. 2590), and on October 9, 2019, Judge Sargus recommitted the matter to the Magistrate Judge for reconsideration in light of the objections (Recommittal Order, ECF No. 2591).

**Original Decision and Order**

In their Motion, Plaintiffs asserted that the eyewitness statements, although made public indirectly (either via stenographer or a reporter), are admissible for the truth of the matters asserted "under exceptions to the hearsay rule, particularly the exception for present sense impressions in Fed. R. Evid. 803(1) and the residual hearsay exception in Fed. R. Evid. 807(a)." (Order, ECF No. 2542, PageID 129582, citing Motion, ECF No. 2520, PageID 128887.) As to the Donnie Johnson execution, the Magistrate Judge distinguished between the press reports and newspaper articles, in which the authors purported to relay statements from eyewitnesses, and the statements made by reporters who were themselves eyewitnesses to the executions:

> The newspaper articles are excludable as hearsay, Fed.R.Evid. 801; it is also often not clear in reviewing the articles whether the reporters are reporting their own sense impression or those of others. In contrast, at the press conference the reporters are reporting their own sense impressions and the accuracy of the transcription is certified by court reporter Julienna [sic] Hennebert, a registered professional reporter who has taken depositions in this case. It must also be emphasized that these reporters are chosen by the state to be present in lieu of the general public to be able to report to the public what happens during executions. Their selection does not *per se* make them unbiased, but they are not identified with one "side" or the other in the execution context.

*Id*. at PageID 129582-83, citing Exline Report, ECF No. 2462-11, PageID 124218. The Court excluded as inadmissible hearsay the news reports form the Alabama executions, despite those reporters having been chosen by the State to witness those executions, for the same reasons as the news reports of the Donnie Johnson execution. *Id*. at PageID 129583.

**Analysis**

Plaintiffs "object to the Magistrate Judge's order insofar as it denied admission of eyewitness observations from the Alabama executions of Domineque Ray, Michael Samra, and Christopher Price." (Appeal, ECF No. 2590, PageID 129955). Notably, they do not appeal from the Magistrate Judge's decisions to: (1) exclude the news reports containing the statements of eyewitnesses to the Tennessee execution of Donnie Johnson; and (2) admit the eyewitness statements contained within the certified transcript of the post-execution press conference. How did the Magistrate Judge err in excluding the statements in the Alabama news reports, even as he properly excluded the statements in the Tennessee reports? Plaintiffs do not attempt to explain the seeming discrepancy, and their Appeal should be denied for that reason alone.

Even taking their arguments about the Alabama statements at face value, however, Plaintiffs fare no better. Plaintiffs concede that the reporters' observations are hearsay under Rule 801, but argue that they "are nevertheless admissible under Fed. R. Evid. 803(1) as 'present sense impressions,' or under Fed. R. Evid. 807, the residual hearsay exception under the Federal Rules of Evidence." (Appeal, ECF No. 2590, PageID 129955, citing Motion, ECF No. 2520, PageID 128894-96.) They claim that, because the statements were recorded very shortly after witnessing the execution—in some cases less than fifteen minutes after—they were sufficiently contemporaneous as to have been made "immediately after the declarant perceived it[,]" and that "coupled with the substantial circumstantial evidence corroborating the statements' accuracy, . . . the trial court [would] act[] properly in admitting these statements." *Id*. at PageID 129955-56 (internal quotation marks omitted), quoting Fed.R.Evid. 803(1); *United States v. Blakey*, 607 F.2d 779, 786 (7th Cir. 1979), *overruled in part on other grounds by Idaho v. Wright*, 497 U.S. 805,

3

822 (1990).

Further, Plaintiffs argue that the statements meet all the requirements of Rule 807. They claim that the reporters' status as official observers to the executions gives their statements sufficient indicia of trustworthiness (Appeal, ECF No. 2590, PageID 129956, citing Fed.R.Evid. 807(a)(1)). They also argue that the statements provide facts that are not available elsewhere, and thus, are the most probative evidence as to the pain the inmates experienced in the execution. *Id*. at PageID 129956-57, citing Fed.R.Evid. 807(a)(3). Specifically, Alabama, unlike Ohio, "requires a 5-minute wait period after injection of the midazolam, and thus the physical actions taken by Alabama prisoners . . . are not hidden by extremely rapid administration of the paralytic's chemical curtain[.]" *Id*., citing Fed.R.Evid. 807(a)(2). Taken together, they argue, "admission of these reliable, accurate statements will 'best serve the purposes of these rules and the interests of justice.'" *Id*. at PageID 129957, quoting Fed.R.Evid. 807(a)(4).

While Plaintiffs quote a forty-year old, out-of-circuit case for the proposition that there is "substantial corroborating circumstances" indicating the trustworthiness of the statements, they do not state what those circumstances are. They certainly do not articulate any type of independent verification akin to the seal of a court reporter. Moreover, Matthew C. Exline, M.D., Plaintiffs' pain expert, reviewed and considered these statements in preparation of his expert report (ECF No. 2462-11). The Magistrate Judge cannot conclude that those statements, given by non-medical professionals, are better evidence on the pain experienced by the Alabama inmates than any conclusions Dr. Exline drew from the statements. Thus, they are not admissible under Rule 803 or 807, and Plaintiffs' Appeal is unavailing.

Plaintiffs also object to the Magistrate Judge's conclusion that "direct observations of pain reactions by eyewitnesses to the Alabama executions do not constitute 'substantive evidence from

4

which the Court can directly draw relevant inferences.'" (Appeal, ECF No. 2590, PageID 129958, quoting Order, ECF No. 2542, PageID 129583.) In support, they note that "[t]his Court and other courts have consistently relied upon eyewitnesses' direct observations of executions to assess whether a plaintiff faces a sure or very likely risk of severe pain and needless suffering caused by a midazolam-based execution protocol." *Id.*, citing *Arthur v. Dunn*, 695 F. App'x 418, 427-28 (11th Cir. 2017); *Wilson v. Dunn*, No. 2:16-cv-364-WKW, 2017 U.S. Dist. LEXIS 192364, at *6-9 (M.D. Ala. Nov. 21, 2017); *In re Ohio Execution Protocol*, 235 F. Supp. 3d 892, 906 (S.D. Ohio 2017) (Merz, Mag. J.), *vacated by Fears v. Morgan*, 860 F.3d 881 (6th Cir. 2017); *In re Ohio Execution Protocol Litigation* (*Henness*), 2019 U.S. Dist. LEXIS 8200, at *45-50 (S.D. Ohio Jan. 14, 2019) (Merz, Mag. J.), *aff'd on other grounds*, *Henness v. DeWine*, 937 F.3d 759 (6th Cir. 2019). As discussed above, Dr. Exline's inferences from those statements, to the extent that they are reflected in his expert report, are more reliable bases from which this Court may derive findings of fact as to the pain experienced by inmates from the three-drug protocol. Indeed, the Court's discussion in *Henness* of Dr. Exline's expert reports and testimony, 2019 U.S. Dist. LEXIS 8200, at *70-94, was much more extensive than its discussion of eyewitness testimony. *Id.* at *45-50.

Similarly, Plaintiffs reference the dispute from earlier in this consolidated litigation as to whether former Plaintiff Gary Otte produced tears, and whether those tears, if any, were indicia of pain he experienced from the State's execution protocol (Appeal, ECF No. 2590, PageID 129959-60, citing *In re Ohio Execution Protocol Litig. (Tibbetts & Campbell)*, 881 F.3d 447, 451 n.2, 452 (6th Cir. 2018)). Yet, Plaintiffs concede it is "the *medical* significance of Otte's lachrymation—not 'crying' as Defendants put it—is key evidence to demonstrate whether the inmate is sure or very likely to experience severe pain and suffering." *Id.* at PageID 129960 (emphasis added). Plaintiffs do not claim that any of the eyewitnesses is a doctor or otherwise a medical expert, much

less an expert in the field of critical care (such as Dr. Exline). For these reasons, the Magistrate Judge's conclusion that the eyewitness statements are not substantive evidence was not clearly erroneous.

**Conclusion**

Based on the foregoing analysis, Plaintiffs' Appeals are not well-taken and should be overruled

October 29, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge