**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION | : : : | Case No. 2:11-cv-1016 |
| | | Judge Edmund A. Sargus, Jr. |
| This document relates to: | : | |
| Plaintiff Cleveland Jackson | : | Magistrate Judge Michael R. Merz |

**DEFENDANTS' MOTION TO COMPEL DISCOVERY**

Defendants respectfully move this Court, in accordance with Rule 37 of the Federal Rules of Civil Procedure, for an order compelling the disclosure of the documents requested in Defendants' Request for Production of Documents Propounded on Plaintiff Cleveland Jackson which was served on Plaintiff on August 13, 2019. [ECF No. 2345-2]. Specifically, Defendants sought "[a]ll documents, communications, and materials regarding or related to Dr. Daniel Buffington that Plaintiff has received in response to any subpoenas issued in connection with this litigation." [*Id.* at PageID 114355]. Plaintiff's response to the document requests was due August 27, 2019, but he has never provided a formal written response, nor has he provided a single responsive document.[1] Since late September, Defendants have sought these documents from Plaintiff by engaging his counsel, but to date Plaintiff has refused to comply with his discovery obligations and provide the requested documents to Defendants.

---

[1] Plaintiff served responses to Defendants' Requests for Admission on August 27, 2019 (which had been served on August 13, 2019) [see ECF No. 2410)], but did not serve any response to the accompanying Defendants Request for documents, which were also served on August 13th and responses due August 27th.

Accordingly, Defendants move for an order compelling Plaintiff to comply with his discovery obligations and promptly produce the requested documents.

Because this is not a motion to which Plaintiff might reasonably be expected to give his consent under Local Rule 7.3, counsel for Plaintiff has not been consulted beyond the interactions described below.

## MEMORANDUM IN SUPPORT

**I.     Statement of Facts**

Following Plaintiff Jackson's filing of his amended motion for preliminary injunctive relief [ECF No. 2242], on July 23, 2019, the Defendants filed their Motion for Leave to Conduct Additional Expedited Discovery [ECF No. 2287] seeking, among other things, to be allowed to serve expedited discovery, including requests for documents, concerning "the bases, if any, upon which Jackson intended to challenge the qualifications, competency and integrity of any of Defendants' expert witnesses." [*Id.* at PageID 110902].   The Court granted that motion by Decision and Order filed July 25, 2019. [ECF No. 2297, PageID 111898].

On August 13, 2019, Defendants served the Request for Production of Documents seeking the Dr. Buffington related subpoena documents. [Notice of Propounding Expedited Discovery Requests, ECF No. 2345; Request for Production of Documents, ECF No. 2345-2, PageID 114354-56].   That same day Defendants also served Requests for Admission Upon Plaintiff.  [See ECF No. 2345-2, PageID 114357-77].   Both discovery

requests required a response within 14 days[2] from service, i.e., by August 27, 2019. On August 27, 2019, Plaintiff served his Responses to Defendants' Requests for Admissions. [ECF No. 2410]. He did not, however, serve any response to the Request for Production of Documents. In fact, to date, he has never served a response nor produced a single document.

On September 27, 2019, Defendants' counsel contacted Plaintiff's counsel by email asking for the status of the response to the document request. (See September 27, 2019 email, attached as Exhibit 1). Later that day, counsel replied by email indicating Plaintiff's belief that the requested documents were no longer relevant in light of the Court's decision not to allow Dr. Buffington to testify at the upcoming preliminary injunction hearing. [ECF No. 2408]. (See September 27, 2019 email from Adam Rusnak to Kristen M. DeVenny and Charles A. Schneider, attached as Exhibit 2). Defendants' counsel, Mr. Schneider and Mr. Wille, subsequently spoke with Plaintiff's counsel, Mr. Rusnak, by telephone on September 30, 2019. (See October 1, 2019 email from Mr. Rusnak to Mr. Schneider and Mr. Wille confirming that phone call (para. 1 of email, attached as Exhibit 3)).

The next day, October 1, 2019, Mr. Rusnak sent an email to Defendants' counsel stating that Plaintiff "will not be producing the documents you have requested, and we object to this request as seeking irrelevant information, beyond the scope of discovery

---

[2] Consistent with this Court's prior discovery order [ECF No. 2297] and Plaintiff's own discovery requests which sought responses within 14 days, Defendants requested the same 14-day response period.

3

authorized by the Court…" (Exhibit 3 at para 2). Plaintiff argued that the Dr. Buffington related documents sought by Defendants "cannot have any relevance to Mr. Jackson's litigation…because Mr. Buffington has been excluded from this litigation." (Exhibit 3 at para. 6). In addition, even if Plaintiff "might be required to produce materials he intends to use to impeach any testimony from Mr. Buffington," the Court's Order [ECF No. 2241, PageID 117410] states "that the impeachment material need not be produced until 6pm on the day it is used." (Exhibit 3 at para. 5).

Given Defendants' repeated requests and Plaintiff's persistent refusal to produce the requested documents, the Defendants believe that all extrajudicial means to resolve this discovery matter have been exhausted. (See Certification below, at end of Motion).

**II.     Argument**

As explained below, in the ensuing eleven weeks since the document request was first served, Plaintiff has never formally responded to the document request, and has therefore waived any objections he might have had to that request. Federal Rule of Civil Procedure 34(b)(2)(C). Second, Plaintiff's position—that he need not produce the requested documents because they are not relevant and they would only be used for impeachment—is contrary to controlling law. *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 697 (6th Cir. 2001).

    **A.     Plaintiff has waived his objections to the document request.**

It is uncontroverted that Plaintiff's response to the document request was due on August 27, 2019. Despite serving his response to other discovery (Defendants' Requests for Admission) on August 27th, Plaintiff ignored the document request and never

4

responded.  Defendants recognize that the parties were extremely busy preparing for the *Daubert* hearing and the scheduled evidentiary hearing in September. But Plaintiff had a discovery obligation to produce documents and he did not.  If time was an issue, he could have sought an extension of time. But again, he did not.  Only after Defendants raised the issue of his non-production on September 27, 2019 did Plaintiff's counsel respond by email with his position that the documents were not relevant.  Plaintiff never formally responded to the document request.  In his October 1, 2019 email, Plaintiff's counsel stated his objections for the first time.

Federal Civil Rule 34(b)(2)(A) and (B) require that the party to whom the request is directed provide a written response to each item requested within the specified time period.  Rule 34(B)(2)(C) requires that "an objection must state whether any responsive materials are being withheld on the basis of that objection."  While Rule 34 does not expressly state that an objection is waived if it is not formally raised, the Advisory Committee notes to Rule 34 state that "the procedure provided for in Rule 34 is essentially the same as that in Rule 33" which expressly states that any objection not raised is waived.  Hence, various district courts have held that the failure to timely object to a document request waives that objection. See, e.g. *Essex Ins. Co. v. Neely*, 236 F.R.D. 287, 289 (N.D. W.Va. 2006); *Pulsecard v. Discover Card Services, Inc.*, 168 F.R.D. 295, 303 (D. Kan. 1996).

Therefore, by failing to timely serve a proper response to the document request and specifically objecting to the request as being not relevant, Plaintiff has waived his objections. This Court should find his objections waived and compel him to produce the

5

documents.

### B. The requested documents are relevant and discoverable.

Even if the Court were to find Plaintiff has not waived his relevance objection, the requested information is plainly relevant and discoverable in this litigation. The Federal Rules of Civil Procedure allow litigating parties to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). Additionally, the information requested "need not be admissible in evidence to be discoverable." *Id*. The rules are broad, and litigants are required to comply with all properly propounded document requests. Fed. R. Civ. P. 34. *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 697 (6th Cir. 2001).

Consistent with this rule, Defendants requested production of documents relating to an expert witness, Dr. Buffington, who has previously testified and has been involved in this case since December 2016.[3] While it is true that the Magistrate Judge granted Plaintiff's Motion to Strike Dr. Buffington's report and ruled that he would not be allowed to "testify at the scheduled evidentiary hearing on Jackson's motion for preliminary injunction," [ECF No. 2408, PageID 115897], that ruling does not mean that Dr. Buffington's involvement in this litigation has been terminated. To the contrary,

---

[3] Dr. Buffington's first expert report was filed in this case in December 2016 in the Phillips, Tibbetts and Otte preliminary injunction proceedings. [ECF No. 852]. He testified in open court on January 6, 2017. [See Transcript, ECF No. 941, PageID 31987-32049]. A second expert report was filed on October 19, 2017 [ECF No. 1312] in the Campbell and Tibbetts proceedings, and Dr. Buffington testified in court again on October 27, 2019. [See Transcript, ECF No. 1363, PageID 51409-51477]. The third expert report authored by Dr. Buffington was filed in the Henness preliminary injunction proceedings on November 9, 2018. [ECF No. 1985].

Plaintiff Jackson's preliminary injunction has now been denied *without* prejudice. [ECF No. 2596, PageID 129997]. And the Court set new filing deadlines for all of the Plaintiffs, including Mr. Jackson. [ECF No. 2596, PageID 129998].

Given his past filings, there is little doubt that another motion for preliminary injunction for Plaintiff Jackson will be forthcoming on or about his deadline of July 13, 2020. Although previously stricken, Dr. Buffington's past reports could be filed again, or a new report addressing new scientific evidence and opinions (that have been proffered since he submitted his report) could be filed with respect to Plaintiff's claims when he files a renewed motion. Even if the requested information was deemed irrelevant for purposes of Plaintiff's preliminary injunction hearing scheduled to begin September 24, 2019, the requested information may still be relevant to any future preliminary injunction motions filed by Plaintiff and/or hearings. In addition, the requested information is plainly relevant to evidence Defendants need to defend the numerous claims alleged in Plaintiff's underlying individual complaint, which remains pending.

The Magistrate Judge's order striking Dr. Buffington's report and excluding him from testifying in relation to Plaintiff's preliminary injunction motion did not completely prohibit Dr. Buffington from testifying again in this litigation, nor did the order address any of the claims made regarding his credibility. Rather, the Court expressly recognized that Defendants might tender an expert report from him "in future proceedings," while it cautioned Defendants before submitting any such future report or testimony. [See Order, ECF No. 2408, Page ID 115896-97]. Because Dr. Buffington may still serve as an

7

expert witness in future proceedings with Plaintiff, the requested documents remain relevant.

Relevancy, of course, is broadly construed for pretrial discovery purposes. Thus, at least as a general proposition, "a request for discovery should be considered relevant if there is 'any possibility' the information sought may be relevant to the claim or defense of any party." *Sheldon v. Vermonty,* 204 F.R.D. 679, 689 (D. Kan. 2001) (citations omitted). "A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Id.*

"The burden of showing that the requested discovery is not relevant to the issues in the case is on the party resisting discovery." *Zucker v. Sable*, 72 F.R.D. 1, 3 (S.D.N.Y. 1975), *See e.g., Luey v. Sterling Drug, Inc.,* 240 F. Supp. 632 (W.D. Mich. 1965).  When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.  *Hammond v. Lowe's Home Ctrs., Inc.,* 216 F.R.D. 666, 670 (D. Kan. 2003) (citations omitted).

The court's order striking Dr. Buffington's report and excluding his testimony applied only to Plaintiff's then-pending motion for preliminary injunction; that motion has now been denied without prejudice to re-filing in July 2020.  And Plaintiff's individual complaint remains pending.  Defendants are likely to use Dr. Buffington as an expert witness in future proceedings concerning Plaintiff's claims.

8

For the reasons stated above, Plaintiff's refusal to provide discovery documents is not warranted.  Dr. Buffington's testimony, and all documents relating to such testimony are relevant to this case, and the subject of the information which Defendants seek through discovery plainly remains at issue in this case.  The factual information requested is known or within the exclusive knowledge of Plaintiff.  Therefore, the Court should order Plaintiff to produce the requested discovery.

C. **Plaintiff cannot withhold the requested discovery on the grounds that he intends to use the documents for future impeachment purposes.**

Plaintiff's position that, at best, he would only have to produce the requested documents as impeachment material, and only subject to the Court's order for filing such materials, is mistaken and contrary to controlling law.  The Sixth Circuit has firmly and clearly stated that one party cannot unilaterally decide what evidence is useful only for impeachment and withhold that evidence from discovery:

> We take this occasion to emphasize what Rule 26(b) makes perfectly clear: the recipient of a properly propounded document request must produce all responsive, non-privileged documents without regard to the recipient's view of how that information might be used at trial. **A party may not, under any circumstances, hold back materials responsive to a proper discovery request because it prefers to use the evidence as surprise impeachment evidence at trial.**

*Varga v. Rockwell Int'l Corp.,* 242 F.3d 693, 697 (6th Cir. 2001) (emphasis added). Regardless of whatever orders the Court may issue about the filing of impeachment materials after their use in court hearings, in this instance, Plaintiff may not withhold such documents, on a unilateral claim that they are impeachment materials, when those documents have been properly requested by Defendants pursuant to Civil Rule 34.

9

**III.     Conclusion**

Therefore, the Defendants request that the Court issue an order pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure compelling Plaintiff to produce the documents requested in [ECF No. 2345-2, PageID 114355], to wit: "All documents, communications, and materials regarding related to Dr. Daniel Buffington that Plaintiff has received in response to any subpoenas issued in connection with this litigation."

Respectfully submitted,

**DAVE YOST**

Ohio Attorney General
s/ *Charles A. Schneider*
**CHARLES A. SCHNEIDER (0005821)***
*\*Lead Trial Attorney*
**CHARLES L. WILLE (0056444)**
**THOMAS E. MADDEN (0077069)**
**MARGARET S. MOORE (0096813)**
Assistant Attorneys General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
T: (614) 728-7055; F: (614) 728-9327
Charles.Wille@ohioattorneygeneral.gov
Charles.Schneider@ohioattorneygeneral.gov
Thomas.Madden@ohioattorneygeneral.gov
Margaret.Moore@ohioattorneygeneral.gov

**ANNE BERRY STRAIT (0012256)**
**BRIAN M. KNEAFSEY, JR. (0061441)**
Assistant Attorneys General
Ohio Attorney General Court of Claims
150 East Gay Street, 18th Floor
Columbus, OH 43215
Anne.Strait@OhioAttorneyGeneral.gov
Brian.Kneafsey@OhioAttorneyGeneral.gov

        **KATHERINE E. MULLIN (0084122)**
        **CHRISTOPHER D. SCHROEDER (0089855)**
        Special Assistant Attorneys General
        Cuyahoga County Prosecutor's Office
        1200 Ontario Street, 8th Floor
        Cleveland, OH 44113
        kemullin@prosecutor.cuyahogacounty.us
        cschroeder@prosecutor.cuyahogacounty.us

        **COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF EFFORTS TO SEEK EXTRAJUDICIAL RESOLUTION

In accordance with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1, Defendants certify they have, in good faith, attempted to reach an extrajudicial resolution of the current discovery dispute. As Exhibits 1, 2 and 3 to the Motion to Compel demonstrate, Defendants requested that Plaintiff comply with his discovery obligations and produce responsive materials, but Plaintiff refused.

        s/ *Charles A. Schneider*
        **CHARLES A. SCHNEIDER (0005821)***
            **Lead Trial Attorney*
        Assistant Attorney General
        Criminal Justice Section, Capital Crimes Unit
        150 East Gay Street, 16th Floor
        Columbus, Ohio 43215
        T: (614) 728-7055; F: (614) 728-9327
        Charles.Schneider@ohioattorneygeneral.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of *State Actor Defendants' Motion to Compel* was filed electronically this 1st day of November 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Charles A. Schneider*
**CHARLES A. SCHNEIDER (0005821)**
Assistant Attorney General