# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

IN RE: OHIO EXECUTION : Case No. 2:11-cv-1016
PROTOCOL LITIGATION

                                                                  District Judge Edmund A. Sargus, Jr.
: Magistrate Judge Michael R. Merz

This document relates to:
    Plaintiff Warren Henness :

## DECISION AND ORDER DENYING MOTION TO STAY AND DEADLINE FOR HENNESS TO FILE A NEW MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

This consolidated capital § 1983 case is before the Court on Plaintiff Warren Henness's Motion to Stay and hold in Abeyance Any Deadline for Henness to File a New Motion for Preliminary Injunctive Relief (ECF No. 2634). Plaintiff has requested expedited consideration of the Motion and indicates Defendants intend to oppose it.

Henness and Defendants have unanimously consented to plenary Magistrate Judge jurisdiction under 28 U.S.C. § 636(c) and the case was referred on that basis. In January 2019 the Magistrate Judge, after hearing, denied Henness's first motion for preliminary injunction, concluding he had successfully established his entitlement to relief on the first prong of the analysis required by *Glossip v. Gross*, 135 S.Ct. 2726 (2015), but failed on the second prong, proof of an available alternative method of execution (ECF No. 2133, reported at *In re Ohio Execution Protocol Litig. (Henness),* 2019 U.S. Dist. LEXIS 8200, 2019 WL244488 (S.D. Ohio Jan. 14, 2019). The Sixth Circuit has affirmed that judgment. *In re: Ohio Execution Protocol Litig. (Henness v. DeWine)*, 937 F.3d 759 (6th Cir. Sept. 11, 2019). However, it has not yet issued its

1

mandate and the case remains pending on motion for rehearing and rehearing *en banc*. In the meantime Governor DeWine has reprieved Henness's execution to May 14, 2020 (ECF No. 2304).

After this Court decided Henness's first preliminary injunction motion but before the Sixth Circuit decided the appeal, the Supreme Court decided *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019). That case confirms that an alternative method which satisfies the second prong of *Glossip* need not be a method satisfying the executing State's statutory prescriptions for executions.

Henness intends to file a new motion for preliminary injunction relying at least in part on *Bucklew*. The Court agrees with Henness that neither Fed.R.Civ.P. 65 nor the relevant case law prevents him from doing so. The Court also agrees that Henness's case is not covered by the recent scheduling order setting filing dates for other Plaintiffs.

Henness suggests that setting a deadline be postponed because the Court's jurisdiction to decide a new motion for preliminary injunction is in doubt until the appellate mandate issues and further appellate review on appeal may change the status of his case. The Court disagrees.

Efficient management of this consolidated case requires setting deadlines for preliminary injunction motions far enough before a scheduled execution to permit deliberate consideration. For all persons whose executions are set after June 17, 2020, the Court has mandated filing at least six months before the execution; the same logic applies to Henness. If the Court has learned any lesson from managing this consolidated case for the past three years, it is that waiting on other government entities to act is a vain gesture, at least when one has no control over those entities and no way of predicting when they will act.

Accordingly, the Motion to Stay is DENIED. Plaintiff Henness must file any renewed motion for preliminary injunction not later than December 1, 2019. This date is slightly less than

2

six months before his currently scheduled execution date in order to give counsel adequate notice of the deadline.

November 8, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge