# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION | : | Case No. 2:11-cv-1016 |
| | : | |
| | : | District Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Michael R. Merz |
| This document relates to Plaintiff James Hanna. | : | |

## SUBSTITUTED REPORT AND RECOMMENDATIONS ON JAMES HANNA'S MOTION FOR PRELIMINARY INJUNCTION

This consolidated § 1983 method of execution case is before the Court on the Defendants' Objections (ECF No. 2632) to the Magistrate Judge's Report and Recommendations on Hanna's Motion for Preliminary Injunction (the "Report," ECF No. 2614). Plaintiff Hanna obtained an extension of time to object and to respond to Defendants' Objections (ECF Nos. 2625-28). District Judge Sargus has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 2638).

The Report was filed October 24, 2019. At that time, Hanna's execution was scheduled for December 11, 2019 (Hanna Reprieve I, ECF No. 1193-1, PageID 44498). Because of the imminence of that date and the need to allow time for objections and then appellate review by the United States Court of Appeals for the Sixth Circuit, the Magistrate Judge consolidated Hanna's preliminary injunction hearing with that of Cleveland Jackson on September 24, 2019 (Scheduling Order, ECF No. 2378), an action strongly contested by Hanna and Plaintiff Melvin Bonnell (Objections, ECF Nos. 2403, 2405).

1

A week after the Report was filed, Governor DeWine reprieved Hanna's execution to July 16, 2020 (Hanna Reprieve II, ECF No. 2621-1). While the reprieve does not make the substance of Hanna's preliminary injunction moot, it does make the impending harm less imminent. *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006) (citations omitted). Importantly, the reprieve makes it possible for the Court to litigate Hanna's request for injunctive relief in a more deliberate way and consistent with the general schedule recently adopted for all future executions of Plaintiffs in this case (Order, ECF No. 2596). Denying the motion without prejudice to its timely renewal obviates Defendants' Objection to the Magistrate Judge's Supplemental Opinion that they did not have an opportunity to respond appropriately to Hanna's paradoxical reaction claim; none of the evidence on that claim was heard in open court (ECF No. 2605). Furthermore, it allows for the possibility that the Sixth Circuit might grant *en banc* rehearing in *In re: Ohio Execution Protocol Litig. (Henness)*, 937 F.3d 759 (6th Cir. 2019), and clarify its decision in the ways Plaintiffs hope it will.[1]

Accordingly, it is hereby recommended on reconsideration that Plaintiff Hanna's Motion for Preliminary Injunction be DENIED but without prejudice to its renewal not later than January 16, 2020.

No party should read this recommendation as in any way a retraction or modification of

---

[1] Henness's motion for rehearing *en banc* remains pending before the Sixth Circuit, which recently ordered Defendants to respond (Case No. 19-3064, ECF No. 57).

the Magistrate Judge's views on the correct reading of *Henness* or *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019).

November 20, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).