# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION : | Case No. 2:11-cv-1016 |
| : | |
| : | District Judge Edmund A. Sargus, Jr. |
| : | Magistrate Judge Michael R. Merz |
| This document relates to Plaintiff Cleveland Jackson | |
| : | |

# DECISION AND ORDER GRANTING MOTION TO COMPEL

This consolidated method-of-execution case under 42 U.S.C. § 1983 is before the Court on Defendants' Motion to Compel Discovery (ECF No. 2629), Plaintiff's Response (ECF No. 2656) and Defendants' Reply (ECF No. 2670).

Defendants served a Request for the Production of Documents on August 13, 2019, which requested production of "[a]ll documents, communications, and materials regarding or related to Dr. Daniel Buffington that Plaintiff has received in response to any subpoenas issued in connection with this litigation." (ECF No. 2345-2, PageID 114355.)

Defendants report that Plaintiff has not produced any responsive documents nor provided a formal written response to the Request (Motion, ECF No. 2629, PageID 131323.) Upon inquiry on September 27, 2019, Plaintiff's counsel responded "that the requested documents were no longer relevant in light of the Court's decision not to allow Dr. Buffington to testify at the upcoming preliminary injunction hearing." *Id.* at PageID 131325, citing A. Rusnak email, ECF No. 2629-2.

1

Defendants argue that Plaintiff's failure to respond formally constitutes a waiver of any objection per Fed.R.Civ.P. 34(b)(2)(C) and that "Plaintiff's position – that he need not produce the requested documents because they are not relevant and they would only be used for impeachment – is contrary to controlling law."  (Motion, ECF No. 2629, PageID 131326, citing *Varga v. Rockwell Int'l Corp.,* 242 F.3d 693, 697 (6th Cir. 2001)).

Plaintiff opposes the Motion on the grounds he reasonably believed a response was not necessary because Dr. Buffington had been excluded from testifying (Response, ECF No. 2656, PageID 131719-22).  Plaintiff also disputes the relevance of the requested documents and rests on the Court's prior order that documents intended to be used for impeachment only need only be filed by 6:00 p.m. on the day of the hearing in which they are used.  *Id*. at PageID 131724, citing Order, ECF No. 2441, PageID 117410.

## Analysis

Fed.R.Civ.P. 34(b)(2)(A) provides in mandatory terms that a "party to whom the request [for production] is directed must respond in writing within 30 days after being served . . ."  The response is required to "state with specificity the grounds for objecting to the request, including the reasons." Fed.R.Civ.P. 34(b)(2)(B).  While Rule 34 does not specify a consequence for failure to comply with the requirement for a written response, Defendants refer the Court to the Advisory Committee notes to Rule 34 which state "the procedure provided in Rule 34 is essentially the same as that in Rule 33, as amended . . ." (Fed.R.Civ.P. 34(b) advisory committee's note to 1970 Amendment).  Rule 33(b)(4) provides in relevant part that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed.R.Civ.P. 33(b)(4)

2

In *Essex Ins. Co. v. Neely*, 236 F.R.D. 287 (D. W.Va. 2006), cited by Defendants (Motion, ECF No. 2629, ECF No. 131327), Magistrate Judge James E. Seibert relied on a proposition of law from the other case cited by Defendants, *Pulsecard v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 303 (D. Kan. 1996), to wit, that a failure to timely object to a document request waives any objection. His logic was the same as Defendants: the 1970 Advisory Committee note suggests the two rules are "essentially the same." *Essex*, 236 F.R.D. at 291. Magistrate Judge Seibert also relied on a Local Rule which expressly stated that sanction. In *Pulsecard*, Magistrate Judge Rushfelt applied the same logic.[1] 168 F.R.D. at 303.

While no Sixth Circuit authority is cited for incorporation of the Rule 33(b)(4) waiver provision into Rule 34(b)(2)(C), doing so is consistent with the usual rule that failure to make an objection in a timely manner forfeits[2] the objection and the Court agrees with Defendants that it should be done.

However, the incorporated rule also has a good cause exception. In this case, Plaintiff has shown good cause for not having responded in the time required by the Rule: a good faith belief that materials related to Dr. Buffington were no longer relevant, given his exclusion from the September 24, 2019, hearing, combined with the time pressure under which the Court and parties were operating at the time (A. Rusnak email, ECF No. 2629-2). Therefore the Court concludes

---

[1] In *Pulsecard* the addition of Fed.R.Civ.P. 33(b)(4) is attributed to Congress. 168 F.R.D. at 303. Under the Rules Enabling Act, 28 U.S.C. § 2072, amendments to the Rules of Civil Procedure are adopted by the Supreme Court, subject to Congressional veto.

[2] In another context in this case, the Magistrate Judge has insisted on the distinction between forfeiting a position by not timely asserting it and deliberate abandonment of a position by voluntary waiver. In *Wood v. Milyard*, 566 U.S. 463 (2012), the Supreme Court held that courts of appeals also have authority to consider a timeliness defense in habeas corpus cases *sua sponte,* but only if the defense has been forfeited, not if it is waived. "We note here the distinction between defenses that are 'waived' and those that are 'forfeited.' A waived claim or defense is one that a party has knowingly and intelligently relinquished; a forfeited plea is one that a party has merely failed to preserve." 566 U.S. at 470 n.4, citing *Kontrick v. Ryan*, 540 U.S. 443, 458, n. 13 (2004); *United States v. Olano,* 507 U.S. 725, 733 (1993).

3

that, although the forfeiture provision of Fed.R.Civ.P. 33(b)(4) should generally apply to failure to object to document requests, in this instance Plaintiff has shown good cause not to have responded and his relevance objection will not be deemed forfeited.

However, Plaintiff's relevance objection is not well taken. Although Dr. Buffington was excluded from the September 24 hearing, Defendants have evinced an intention to offer him as an expert in further proceedings in this consolidated case, including on any renewed motion for injunctive relief from Plaintiff Cleveland Jackson (Motion, ECF No. 2629, PageID 131329-30).

Plaintiff's "impeachment only" objection is also not well taken. The Order on which Plaintiff's rely was an order directed to the timing of the filing of hearing exhibits for the September 24 hearing (ECF No. 2441). It did not purport to speak to discovery issues at all. Had the Order purported to excuse either party from producing impeachment materials in discovery, it would have been squarely in conflict with *Varga*, which holds that the supposed rule that a party may withhold from discovery documents which have impeachment value only is "patently wrong" and "nonsense." 242 F.3d at 697. The Magistrate Judge disavows any suggestion that his Order on the schedule to file hearing exhibits protects the documents at issue here from discovery.

Accordingly. Plaintiff's relevance and impeachment objections are overruled and Defendants' Motion to Compel is GRANTED. Plaintiff's counsel shall deliver the requested document to Defendants' counsel not later than December 13, 2019, and certify to the Court its compliance with this Order.

December 6, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

4