# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

IN RE: OHIO EXECUTION
PROTOCOL LITIGATION

: 

Case No. 2:11-cv-1016
Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This document relates to:
Plaintiffs James Hanna and
Melvin Bonnell.

:

## OPINION AND ORDER

This consolidated § 1983 case raising multiple constitutional challenges to the manner in which Ohio carries out executions is before the Court on the following:

▶ The Magistrate Judge's Order Vacating Evidentiary Hearing of September 19, 2019 (ECF No. 2507);

▶ Plaintiff Melvin Bonnell's Objections (ECF No. 2514);

▶ Plaintiff James Hanna's Objections (ECF No. 2515);

▶ Defendants' Responses (ECF Nos. 2523, 2524);

▶ Recommittal Order (ECF No. 2555);

▶ Hanna's Reply (ECF No. 2557);

▶ Hanna's Supplemental Reply (ECF No. 2558);

▶ The Magistrate Judge's Supplemental Opinion of October 7, 2019 (ECF No. 2589);

▶ Bonnell's Supplemental Objections (ECF No. 2604);

▶ Defendants' Objections (ECF No. 2605);

▶ Hanna's Supplemental Objections (ECF No. 2608); and

▶ Hanna's Response to Defendants' Objections (ECF No. 2641.)

For the reasons that follow, the Court **OVERRULES** all of the Objections.

## I.

On September 11, 2019, the Magistrate Judge *sua sponte* ordered Defendants and Plaintiffs Cleveland Jackson, Kareem Jackson, Bonnell, and Hanna to show cause why the evidentiary hearing scheduled to begin on September 24, 2019, should not include Kareem Jackson, Bonnell, and Hanna in light of the decision by the United States Court for the Sixth Circuit in *In re: Ohio Execution Protocol Litig. (Henness)* ("*Henness II*"), 937 F.3d 759 (6th Cir. 2019), *overruling in part In re: Ohio Execution Protocol Litig. (Henness)* ("*Henness I*"), 2019 U.S. Dist. LEXIS 8200, at *223-31 (S.D. Ohio Jan. 14, 2019). (ECF No. 2478.)[1] Bonnell (ECF No. 2489) and Hanna (ECF No. 2491) responded on September 16, 2019. On September 19, 2019, the Magistrate Judge issued a Decision and Order Vacating Evidentiary Hearing (ECF No. 2507), in which he ordered that there would be no evidentiary hearing as to the common issues among Bonnell, Hanna, and Cleveland Jackson. The Magistrate Judge also ordered that Hanna, who, at the time, had an execution date of December 11, 2019, could not present evidence in support of his individual "paradoxical reaction" claim. He further ordered that Bonnell, whose execution is scheduled February 12, 2020, could file a motion for preliminary injunction as to his individual claims no later than December 1, 2019[2]. Bonnell and Hanna filed Objections on September 19, 2019 (ECF Nos. 2514-15), Defendants responded the following day (ECF Nos. 2523-24), and Hanna filed a Reply (ECF No. 2557) and Supplemental Reply (ECF No. 2558) on September 26, 2019.

---

[1] The Amended Motion for Preliminary Injunction of Cleveland Jackson (ECF No. 2242) was denied without prejudice. (Order, ECF No. 2596.) The Supplemental Motion for Preliminary Injunction of Cleveland Jackson (ECF No. 2347) and the Motion (ECF No. 2470) for Preliminary Injunction of Kareem Jackson were denied as moot. (ECF Nos. 2563-64, 2611.)

[2] Translated to December 2, 2019, by operation of Fed.R.Civ.P. 6.

In light of these filings, the Court recommitted the matter to the Magistrate Judge for reconsideration. (ECF No. 2555.)

On October 7, 2019, the Magistrate Judge issued a Supplemental Opinion (ECF No. 2589), which left the original Order unchanged except to allow Hanna to submit evidence in support of his paradoxical reaction claim no later than October 15, 2019. Bonnell (ECF No. 2604), Defendants (ECF No. 2605), and Hanna (ECF No. 2608) objected on October 21, 2019. Hanna responded to Defendants' Objections on November 12, 2019. (ECF No. 2641.) The Objections to the Order and Supplemental Opinion are ripe for review.

## II.

The Magistrate Judge's Order and Supplemental Opinion pertain to nondispositive pretrial matters. 28 U.S.C. § 636(b)(1)(A). "A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." Fed.R.Civ.P. 72(a). "A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while h[is] legal conclusions will be reviewed under the more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.), citing *Fogel v. Chestnutt*, 668 F.2d 100, 116 (2d Cir. 1981); *Jernryd v. Nillson*, 117 F.R.D. 416, 417 (N.D. Ill. 1987).

III.

A. Hanna and Bonnell's Objections

1. Common Issues

Bonnell and Hanna argue that, to the extent that the Sixth Circuit decision in *Henness v. DeWine* conflicts with the Supreme Court precedent of *Bucklew v. Precythe*, 139 S.Ct. 1112 (2019), *Glossip v. Gross*, 135 S.Ct. 2726 (2015), and *Baze v. Rees*, 553 U.S. 35 (2008), this Court has the obligation to ignore the holdings in *Henness II* and follow the holdings in the Supreme Court cases. This argument directly contravenes other binding precedent. *Henness II* was the first published decision by the Sixth Circuit to interpret Ohio's lethal injection protocol in light of *Bucklew*. *Henness II* is not in direct conflict with *Bucklew*. Under the principle of vertical stare decisis, that interpretation is binding upon this Court until and unless an *en banc* panel of the Sixth Circuit overrules it. *See Bormuth v. Cnty. of Jackson*, 870 F.3d 494, 520 (6th Cir. 2017) (Rogers, J., concurring) ("The general rule of . . . vertical stare decisis is that holdings . . . of a higher court (to which the parties can appeal), not overruled or superseded by later such holdings, constitute binding precedent.") This Objection is **OVERRULED**.

Bonnell and Hanna assert that the Magistrate Judge clearly erred in his conclusion that their dispute, at least as to common issues, is not one of fact, for which an evidentiary hearing would be appropriate, but one of law—specifically, that *Henness II* was wrongly decided. This assertion ignores the history of this consolidated litigation. This Court had examined the evidence put forth by Plaintiff Warren Henness and concluded that an intravenous infusion of 500 milligrams of midazolam: (a) was sure or very likely to cause pulmonary edema, and that the pain and terror resulting from pulmonary edema were akin to that felt during "waterboarding"; and (b) would not block *any* of the pain from the second and third drugs in Ohio's lethal injection protocol. *Henness*

4

*I*, 2019 U.S. Dist. LEXIS 8200, at *223-31. Yet, the Sixth Circuit, presented with that same evidence, concluded that Henness had not presented "evidence showing that a person deeply sedated by a 500 milligram dose of midazolam is still 'sure or very likely' to experience an unconstitutionally high level of pain[.]" *Henness II*, 937 F.3d at 763, quoting *Glossip*, 135 S.Ct. at 2737.

Bonnell and Hanna assert that their new evidence, if allowed by the Court, would show that midazolam cannot sufficiently sedate an inmate, such that he would not experience an unconstitutionally high level of pain. This assertion, as it pertains to the Order and Supplemental Opinion, is flawed. Bonnell and Hanna submitted evidence in support of that argument (Sept. 24, 2019 Trans., ECF No. 2610), which the Magistrate Judge considered it in light of *Henness II* with respect to Hanna's Motion for Preliminary Injunction. (*See* Hanna Report I, ECF No. 2614.) Thus, Bonnell and Hanna are left with the argument that "live testimony is crucial to provide the most robust presentation of the evidence, particularly when *Henness* changed matters linguistically." (Hanna Supp. Objections, ECF No. 2608, PageID 130633, citing *Henness II*, 937 F.3d at 762-63.) Specifically, they claim that the *Henness* decision relied on "magic words" about "whether the 'level of pain the inmate subjectively experiences is constitutionally excessive[,]"an argument raised for the first time not in this Court, but in Defendants' appellee brief to the Sixth Circuit. *Id.* at PageID 130631, quoting *Henness II*, 937 F.3d at 762; citing *Henness v. DeWine*, 937 F.3d 759 (6th Cir. 2019). They assert that, because their expert reports were filed before *Henness II* was decided, live testimony by those experts is essential to Bonnell and Hanna meeting *Henness II* by showing that they would "subjectively experience" a constitutionally excessive amount of pain from Ohio's lethal injection protocol.

Bonnell and Hanna's argument, however, ignores the findings and conclusions of this

5

Court that the Sixth Circuit actually rejected. The appellate panel did not reject, at least for the purposes of its decision, this Court's findings that pulmonary edema was likely to result from the intravenous injection of 500 mg of midazolam, and that the pulmonary edema "was painful, both physically and emotionally, inducing a sense of drowning and the attendant panic and terror, much as would occur with the torture tactic known as waterboarding." *Henness I*, 2019 U.S. Dist. LEXIS 8200, at *226-27. Yet, the appellate panel held that "[b]ecause suffocation does not qualify as 'severe pain and needless suffering,' it follows that Ohio's use of midazolam—which could cause pulmonary edema, i.e., suffocation—is not constitutionally inappropriate. The district court therefore *clearly erred in concluding to the contrary.*" *Henness II*, 937 F.3d at 762 (emphasis added). In other words, the Sixth Circuit assumed that an inmate will subjectively experience pain and terror akin to an individual being waterboarded—an issue of fact—but concluded that that pain is not constitutionally excessive—an issue of law.

In light of that conclusion, Bonnell and Hanna's Objections based on their arguments regarding the Magistrate Judge's interpretation of *Henness II*, and their purported need for live testimony regarding midazolam-induced pulmonary edema, are **OVERRULED**.

Similarly, this Court concluded that "[b]ecause midazolam has no analgesic properties, it cannot prevent the pain incident to the second and third drugs from reaching the brain of the condemned inmate, based on the GABA receptor mechanism [Henness's experts] all identified and which is unrebutted." *Henness I*, 2019 U.S. Dist. LEXIS 8200, at *224-25, citing *Fears v. Morgan*, 860 F.3d 881, 886 (6th Cir. 2017) (*en banc*). Moreover, this Court accepted and adopted Henness's argument that it is a "scientific truth that being unconscious does not prevent a person from experiencing pain in the absence of a true analgesic agent." *Id.* at *228 (citation omitted). The Sixth Circuit, however, held that "the district court erred in finding that Henness met his

burden of proving that midazolam is incapable of suppressing his consciousness enough to prevent him from experiencing—at a constitutionally problematic level—the pain caused by the combination of the paralytic agent and potassium chloride." *Henness II*, 937 F.3d at 762. The phrase "at a constitutionally problematic level" reinforces the Court's conclusion that the dispute between Bonnell and Hanna on the one hand and the Defendants on the other is one of law.

Bonnell and Hanna argue that their experts, if permitted to testify, will present evidence to show that midazolam cannot suppress an individual's consciousness enough to prevent him from experiencing an unconstitutionally high level of pain that will occur from the second and third drugs in the protocol—*i.e.*, their testimony will prove what Henness could not. They claim that:

> The Magistrate Judge seemingly believes those reports are not substantively different than the reports before the circuit in *Henness*. Hanna must be afforded the opportunity to have his experts explain, in person and in a way that was not previously understood to be necessary, precisely why and how the current record evidence satisfies the new *Henness* standard, above and beyond the testimony and evidence that was previously in the record

(Hanna Supp. Objections, ECF No. 2608, PageID 130634.) Yet, this Court already found that midazolam's ability to suppress consciousness does *nothing* to block *any* pain from the second and third drugs. For example, David J. Greenblatt, M.D., an expert for Bonnell and Hanna, was queried at Henness's preliminary injunction hearing as to whether midazolam could, at any dosage, block the pain from the paralytic and potassium chloride. He responded:

> No, it doesn't, because once you choose midazolam, *you lose*. The drug does not have the characteristics of the chemical, either midazolam or any drug of that class, that it can produce the protection that's desired. So it just does not work and it cannot work.

(Henness Tr., ECF No. 2113, PageID 104217 (emphasis added).) This Court found Dr. Greenblatt highly credible, and his expert reports and testimony formed much of the basis for the Court's findings and conclusions that midazolam could not alter an inmate's experience (subjective or objective) of the full range of severe pain from the second and third drugs. *Henness I*, 2019 U.S.

Dist. LEXIS 8200, at * 94-112, 223-31. Yet, the Sixth Circuit found that this Court had clearly erred in finding that that severe pain was "constitutionally problematic." In light of the above, the Court cannot conclude that even more testimony as to midazolam's inefficacy, and the pain from midazolam-induced pulmonary edema, is necessary or appropriate as to the first prong of *Glossip*.

Notwithstanding their arguments that "live testimony always flushes [*sic*] out additional information and/or facts that there were not previously contemplated by the paper report/affidavit" (Bonnell Supp. Objections, ECF No. 2604, PageID 130595), and that live testimony is the only way that they can satisfy their evidentiary burdens (Hanna Supp. Objections, ECF No. 2608, PageID 130626), Bonnell and Hanna have failed to explain how their experts' testimonies could enable them to meet the *Henness* standard. Nor could they reasonably do so. Despite their efforts to frame their argument as a factual dispute, their core contention is that the Sixth Circuit decided *Henness II* incorrectly—a question of law that does not require an evidentiary hearing. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 553 (6th Cir. 2007), quoting *S.E.C. v. G. Weeks Sec., Inc.*, 678 F.2d 649, 651 (6th Cir. 1982)). Accordingly, all Objections as to an evidentiary hearing on the first prong of *Glossip* are **OVERRULED**.

Bonnell and Hanna also argue that the Court erred in not allowing them to present live testimony as to their proposed alternative methods of execution, *i.e.*, the second prong of *Glossip*. They claim that live testimony is particularly necessary because several of the proposed alternatives—namely, the firing squad or a shot to the brainstem—have never been before the Court in this consolidated litigation. (Hanna Supp. Objections, ECF No. 2608, PageID 130628.) Further, they argue that the Magistrate Judge erred when he concluded, in light of the Sixth Circuit decision in *Henness*, that a trial court should consider whether an inmate has met the second prong of *Glossip* only *after* determining that an inmate has met the first prong. (Bonnell Supp.

8

Objections, ECF No. 2604, PageID 130595.) Rather, they claim, "the comparative showing requirement in *Bucklew* still controls this litigation; and therefore, Plaintiffs are entitled to the opportunity to demonstrate this comparative analysis at a hearing before this Court." *Id.*, citing *Bucklew*, 139 S.Ct. at 1126; *Hutto v. Davis*, 454 U.S. 370, 375 (1982).

Bonnell and Hanna's arguments are unavailing, as they have not explained how they are prejudiced by the inability to present live testimony. Hanna concedes that the Magistrate Judge admitted voluminous, largely unopposed, evidence regarding the shooting alternatives. (Hanna Supp. Objections, ECF No. 2608, PageID 130626, citing Supp. Opinion, ECF No. 2589, PageID 129952.) Neither Bonnell nor Hanna argues that their alternatives of ingestion of secobarbital or a four-drug cocktail are fundamentally different than what was presented to the Court via the testimony of Charles David Blanke, M.D., in the evidentiary hearing for Henness. (Hrg. Tr., ECF No. 2117, PageID 104604-758.) Moreover, the Sixth Circuit's statement, despite its brevity, was a forceful rejection of Plaintiffs' arguments that evidence supporting the second prong of *Glossip* must always be considered:

> Henness's failure to satisfy *Glossip*'s first prong necessarily means that he cannot demonstrate a likelihood of success on the second prong. In other words, because Henness has not shown that Ohio's existing method of execution causes severe pain (discussed above), it is impossible for him to show that the existence of an alternative method of execution would "significantly reduce [the] substantial risk of severe pain" caused by the existing method.

*Henness II*, 937 F.3d at 763, quoting *Bucklew*, 139 S.Ct. at 1128-30.

Bonnell argues that the above statement is dicta and that the Magistrate Judge has erred in treating it as a holding. (Bonnell Objections, ECF No. 2514, PageID 128378 n.1.) However, this Court agrees with the Magistrate Judge that the error would be to treat the Sixth Circuit's unambiguous separation of the two *Glossip* prongs, and statement that the second prong is irrelevant if an inmate cannot satisfy the first, as mere suggestion. Again, Bonnell and Hanna's

9

Objections underscore that their dispute is a legal, rather than factual, one. Any decision that the Sixth Circuit's interpretation of *Glossip* and *Bucklew* in *Henness II* was incorrect may be made only by the *en banc* appellate court or the Supreme Court. Accordingly, all Objections as to the Magistrate Judge's decision not to hold an evidentiary hearing on the second prong of *Glossip* are **OVERRULED**.

2. **Hanna Issues**

In his Objections, Hanna states that he understands the Magistrate Judge's Supplemental Opinion as allowing him to present evidence in support of his individual "paradoxical reaction" claim, and objects only if that was not the Magistrate Judge's intent. (Hanna Supp. Objections, ECF No. 2608, PageID 130617-21, quoting *Nelson v. Campbell*, 541 U.S. 637, 650 (2004); citing Supp. Opinion, ECF No. 2589, PageID 129953). As "Hanna is being provided a meaningful opportunity to be heard on his individual claim[,]" *id.* at PageID 130619, quoting Supp. Opinion, ECF No. 2589, PageID 129946, his alternative objection is **OVERRULED** as moot.

"Hanna also objects to appeals from any adverse decision that might preclude presenting evidence obtained from neuroimaging that has yet to be conducted. Hanna must still be permitted to present that evidence once he obtains it, even though it will be after the October 15, 2019 deadline set in the Opinion." (Hanna Supp. Objections, ECF No. 2608, PageID 130625.) This Objection is unavailing for two reasons. *First*, while Hanna's intent in obtaining the neuroimaging is "to prove that he suffers brain damage that will lead to the paradoxical reaction[,]" (Motion to Transport, ECF No. 2436, PageID 117183), the Magistrate Judge, in his initial Report and Recommendations denying Hanna's Motion for Preliminary Injunction, "assum[ed] that, indeed, Hanna is likely to suffer a paradoxical reaction." (Hanna Report I, ECF No. 2614, PageID

10

131136.) Thus, any failure to develop and present neuroimaging evidence did not prejudice Hanna. *Second*, in the Substituted Report and Recommendations ("Hanna Report II"), for which Objections are due December 5, 2019, the Magistrate Judge recommends denying Hanna's Motion without prejudice to renewal not later than January 16, 2020. (Hanna Report II, ECF No. 2655, PageID 131715.) As Defendants have agreed to transport Hanna for neuroimaging (Unopposed Motion for Extension, ECF No. 2645, PageID 131664), Hanna will be able to develop and present neuroimaging evidence with respect to his paradoxical reaction claim in the event that the Substituted Report is adopted. Accordingly, Hanna's individual Objections are **OVERRULED**.

### 3. Bonnell Issues

In the Supplemental Opinion, the Magistrate Judge noted that "Bonnell does not object to the Magistrate Judge's recommendation that Bonnell's motion, as it pertained to his individual claims, be denied without prejudice to his refiling it no later than December 1, 2019—no doubt because it was Bonnell who suggested that action[.]" (ECF No. 2589, PageID 129952, citing Bonnell Response, ECF No. 2489, PageID 127475.) Bonnell makes no specific Objections as to presentation of evidence on his individual claims.

### B. Defendants' Objections

Defendants argue that the Magistrate Judge clearly erred in the portion of the Supplemental Opinion in which he allowed Hanna to submit evidence in support of his paradoxical reaction claim; they further assert that the Magistrate Judge was correct in his initial Order to bar as dilatory

11

presentation of evidence on the claim. (Defendants' Objections, ECF No. 2605, PageID 130598, citing Order, ECF No. 2507; Supp. Order, ECF No. 2589.) Defendants raise two arguments in support of the Objection. *First*, they argue that, while the Court has been operating on the premise that the paradoxical reaction claim was raised for the first time in Hanna's *Second* Amended Individual Supplemental Complaint ("SAISC") in April 2018, Hanna actually raised the claim in his *First* Amended Individual Supplemental Complaint ("FAISC") in October 2015. *Id.* at PageID 130599, citing FAISC, ECF No. 617, PageID 18881, ¶ 1303; SAISC, ECF No. 1501, PageID 61322-23, ¶¶ 1899-1901. On September 11, 2019, Defendants represented that Hanna's "'brain damage Eighth Amendment claim' was presented in his Second Amended Individual [sic] Complaint, filed in April of 2018." (Memo. in Opp. to Motion to Transport, ECF No. 2477, PageID 127413.) The Magistrate Judge, based on the undisputed understanding that Hanna had waited more than fifteen months after raising the paradoxical reaction claim in April 2018 to collect any evidence in support thereof, initially concluded that Hanna had been dilatory. (Decision and Order, ECF No. 2507, PageID 127899-900, citing SAISC, ECF No. 1501, PageID 61322-23, ¶¶ 1899-901; Scharre Decl., ECF No. 2435-4, PageID 117123.) Yet, Hanna did not, in his reply in support of the Motion to Transport, state that he had actually raised the claim in his FAISC in 2015. If the Substituted Report is adopted and Hanna files a renewed motion for preliminary injunction, then Hanna must explain why his counsel did not disclose the date on which Hanna actually raised the paradoxical reaction claim prior to November 12, 2019. (*See* Hanna Response to Defendants' Objections, ECF No. 2641, PageID 131600 (Not disputing Defendants' "assert[ion] that Hanna raised his paradoxical reaction claim four years ago[.]").)

*Second*, Defendants claim that

> [T]he 'paradoxical reaction' issue is *not* one that can simply be considered on the basis of expert reports and declarations – there are significant issues

>both with the basis and the substance of the opinions set forth in Mr. Hanna's expert reports. . . . Defendants will be severely prejudiced if these issues cannot be addressed through cross-examination.

*Id.* (emphasis in original). Yet the Magistrate Judge previously concluded, without live testimony, that Hanna could not satisfy prong one of *Glossip*, because even a likely paradoxical reaction would not demonstrate "that the protocol will make him 'sure or very likely to cause serious illness and needless suffering[.]'" (Hanna Report I, ECF No. 2614, PageID 131136, quoting *Glossip*, 135 S.Ct. at 2737; *Baze*, 553 U.S. at 50.) Thus, contrary to their argument, Defendants have not been prejudiced by the submission and consideration of any such evidence. Moreover, if the Substituted Report is adopted and Hanna's Motion for Preliminary Injunction is dismissed without prejudice, then Defendants may renew their opposition to consideration of the paradoxical reaction claim upon Hanna filing a renewed motion. Accordingly, Defendants' Objections are **OVERRULED WITHOUT PREJUDICE**.

**Conclusion**

Based on the foregoing analysis, the parties' Objections are overruled, and the Magistrate Judge's Order Vacating Evidentiary Hearing (ECF No. 2507) and Supplemental Opinion (ECF No. 2589) remain in effect.

December 10, 2019.

Edmund A. Sargus, Jr.
United States District Judge

13