# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
PROTOCOL LITIGATION,

:       Case No. 2:11-cv-1016

District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to Plaintiff James Frazier

## ORDER DIRECTING THE OHIO STATE UNIVERSITY WEXNER MEDICAL CENTER TO PRODUCE PLAINTIFF JAMES FRAZIER'S COMPLETE MEDICAL RECORDS

This case is before the Court on non-Party The Ohio State University Wexner Medical Center's ("OSUWMC") Motion to Quash the Subpoena *Duces Tecum* propounded by Plaintiff James Frazier on November 12, 2019 (ECF No. 2659). OSUWMC argued that the medical records sought by Frazier's counsel via subpoena are protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936, and that OSUWMC has received neither an order from this Court nor the "satisfactory assurance" of Frazier himself such that disclosure is allowed under the applicable regulations (Motion, ECF No. 2659, PageID 131758-60, citing 45 C.F.R. § 164.512(e)(1)(i-ii)). However, after this Court ordered Frazier's counsel and counsel for OSUWMC to confer to potentially narrow the scope of disagreement, agreement was reached. Specifically, "there is agreement that a court order is the appropriate vehicle to satisfy the specific concerns of counsel for OSUWMC and counsel for Mr. Frazier." (Memo. in Opp., ECF No. 2671, PageID 132656, 132658).

In accordance with this Court's Supplemental Order, (ECF No. 2672), Frazier's counsel and counsel for OSUWMC submitted a proposed order for this Court's consideration, and counsel for OSUWMC timely filed his Declaration of Compliance with Protective Order (*see* ECF No. 1830, PageID

74386-87). The Court now ORDERS the production of all of Plaintiff James Frazier medical records by OSUWMC to Plaintiff Frazier's counsel.

**<u>Scope and Procedure for Production of Medical Records</u>**

On or before the close of business on January 6, 2020, OSWMC shall produce a complete, certified copy of all records and images in their possession regarding James P. Frazier, born January 29, 1941,[1] to his trial attorney, Lisa Lagos. If the records and images were created digitally, they shall be produced in their native digital format.

These records shall include, but are not limited to emergency department records; discharge information; history and physical exam(s); consult; progress notes; nursing note; therapy notes; plan of care; operative/procedure reports; laboratory reports; pathology reports; radiology reports; x-rays/imaging, including all imaging that may have been conducted at any time before or after the 11/17/2017 imaging describe below; all communications between OSUMWC and corrections staff concerning Mr. Frazier's medical condition before he was transferred to OSUWMC, during his treatment at OSUWMC, and after his release from OSUWMC.

These records shall also include all records and images identified in the subpoena served upon OSUWMC by counsel for Frazier (ECF No. 2642-1):

- All reports, records, and images in their native digital format, including, but not limited to, the MRI images of Mr. Frazier's brain that were captured on or about 11/17/2017, and the CT scan of his head that was taken on or about 11/14/2017. These images are to be produced in the format in which they were captured and the format necessary to review them without loss of integrity of the images. These file formats may include, but are not limited to, all major file formats currently used in medical imaging: Analyze, Neuroimaging Informatics Technology Initiative (Nifti), Minc, and Digital Imaging and Communications in Medicine, otherwise known as the standard DICOM format.

- All notes, chart notes, diagnosis, rule-out diagnosis, prognosis, referrals, communications to OSU staff regarding Mr. Frazier, and communications from OSU

---

[1] James P. Frazier, Inmate Profile, Ohio Dept. of Rehabilitation & Correction, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A497904

staff regarding Mr. Frazier. Communications include but are not limited to, electronic email, call logs, and internal communications systems employed by OSU. OSU staff includes but is not limited to, employees, medical residents, students, interns, and independent contractors. All of Mr. Frazier's records from H. Wayne Slone, M.D.; Gretchen G. Cordero, M.D. All of Mr. Frazier's records from any person involved in taking his MRI on or about 11/17/2017, and the CT scan of his head taken on or about 11/14/2017.

- **OSU Clinic:** All of James Frazier's records from any of the OSU hosted clinics at the Ohio Department of Correction and Rehabilitation Franklin Medical Center located at 1990 Harmon Avenue Columbus, Ohio 43223.

The above documents and images shall be produced by delivering the files on an electronic storage device (DVD, flash drive, etc.) to Frazier's trial attorney on or before January 6, 2020.

**Protective Order Compliance**

In compliance with the Protective Order governing the disclosure of medical and mental health records in this litigation, all such records produced must be marked as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" pursuant to the July 6, 2018, Protective Order (ECF No. 1830). Any such records shall only be filed under seal after proper authorization from this Court has been obtained, in keeping with practice in this consolidated litigation.

Counsel for Plaintiff Frazier has indicated that she anticipates litigation on the question of Mr. Frazier's competency to be executed separate and apart from this litigation. Because the medical and mental health information contained in these records is inextricably intertwined with the question of competency, the Protective Order does not apply to counsel's use of these records in any competency to be executed litigation separate from this § 1983 litigation, or in executive clemency proceedings.

Similarly, in this ligation, pleadings which require specific allegation of fact, such as an Amended Complaint or Motion for Preliminary Injunction, are also exempted from the Protective Order provisions restricting public disclosure of information marked CONFIDENTIAL.

December 30, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge