# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

:        Case No. 2:11-cv-1016

District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Report relates to Warren Henness

## ORDER DENYING MOTION WITHOUT PREJUDICE

This consolidated capital § 1983 case is before the Court on Plaintiff Warren Keith Henness's renewed Motion for Stay and Preliminary Injunction (ECF No. 2636). Henness is scheduled to be executed on May 14, 2020.[1] In accordance with this Court's Order (ECF No. 2636), Henness and Plaintiff Melvin Bonnell[2] filed the pending Motion for Stay and Preliminary Injunction on December 2, 2019 (ECF No. 2669). Although a motion for preliminary injunction is "dispositive" within the meaning of 28 U.S.C. § 636(b). Henness and the Defendants have

---

[1] https://drc.ohio.gov/execution-schedule (last accessed Jan. 2, 2020).

[2] After the Motion was filed, Governor R. Michael DeWine issued a Warrant of Reprieve, delaying the execution of Bonnell from February 20, 2020, until March 18, 2021 (ECF No. 2692-1). Unlike with Henness (Order of Reference, ECF No. 1912), the parties did not consent to plenary Magistrate Judge jurisdiction under 28 U.S.C. § 636(c) as to Bonnell's Motions for Preliminary Injunction (ECF Nos. 2664, 2669). Consequently, the Magistrate Judge has issued Reports and Recommendations recommending that Bonnell's Motions be denied without prejudice to their renewals not later than September 18, 2020 (ECF Nos. 2697, 270_).

unanimously consented to plenary Magistrate Judge jurisdiction under 28 U.S.C. § 636(c) and Henness's case has been referred to the Magistrate Judge on that basis (ECF No. 1912).

Henness appealed this Court's denial of his previous Motion for Preliminary Injunction (Order, ECF No. 2133, citing Motion, ECF No. 1929), and while the United States Court of Appeals for the Sixth Circuit affirmed this Court's denial of that Motion, *In re: Ohio Execution Protocol Litig. (Henness)*, ___ F.3d ____, 2019 WL 6873693 (Dec. 17, 2019), Henness intends to petition for rehearing and rehearing *en banc* of that latter decision (6th Cir. Case No. 19-3064, ECF No. 60). In any event, the Sixth Circuit has not issued a mandate.

"Issuance of the mandate formally marks the end of appellate jurisdiction. Jurisdiction returns to the tribunal to which the mandate is directed, for such proceedings as may be appropriate[.]" *Johnson v. Bechtel Assoc. Prof'l Corp., D.C.*, 801 F.2d 412, 415 (D.C. Cir. 1986). The burden of demonstrating subject matter jurisdiction rests with the party asserting jurisdiction, *Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008) (internal quotation marks and citation omitted), and Henness concedes that "this Court apparently cannot yet address this second motion for injunctive relief[.]" (Motion, ECF No. 2669, PageID 132522). Nonetheless, he asks this Court to inform the Sixth Circuit "that this Court 'would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.'" *Id.*, quoting Fed.R.Civ.P. 62.1(a)(3); citing Fed.R.Civ.P. 62.1(b); Fed.R.App.P. 12.1(a)). Such a course of action is imprudent in light of Henness's forthcoming petitions for rehearing and rehearing *en banc*, in which he seeks to change binding precedent. Henness even states that "[s]hould the Sixth Circuit grant rehearing, it may be prudent for this Court to await a Sixth Circuit ruling [up]on rehearing[.]" *Id.* n.3. In light of the procedural posture of Henness's appeal, the Court's best course of action is to deny the motion without prejudice. Fed.R.Civ.P. 62.1(a)(2).

The Court, as discussed above, ordered Henness to file the instant Motion by December 2, 2019 (Order, ECF No. 2636), prior to the Sixth Circuit's issuing the amended decision for which Henness seeks rehearing and rehearing *en banc*. Therein, the Court noted that "[f]or all persons whose executions are set after June 17, 2020, the Court has mandated filing at least six months before the execution; the same logic applies to Henness." *Id*. at 131559. By filing on the ordered date, Henness has satisfied his obligation to put Defendants on notice of the gravamen of his Motion, and Defendants will not be prejudiced upon its renewal once jurisdiction is returned to this Court.

Accordingly, as to Henness, the Motion for Preliminary Injunction (ECF No. 2669) is DENIED WITHOUT PREJUDICE to renewal within ten days of the issuance of the mandate by the Sixth Circuit or, in the event Henness receives further reprieves from the Governor, six months prior to his scheduled execution date, whichever occurs later.

January 10, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge