# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
PROTOCOL LITIGATION,

:       Case No. 2:11-cv-1016

District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

This Order relates to Plaintiff
Romell Broom

---

# DECISION AND ORDER EXCEPTING PLAINTIFF BROOM FROM THE SCHEDULE FOR FILING AN AMENDED INDIVIDUAL SUPPLEMENTAL COMPLAINT

---

This consolidated capital § 1983 case is before the Court on Plaintiff Romell Broom's Motion for an Exception to the requirement imposed in the Decision and Order of Nov. 20, 2019, that

> **[A]ny** Plaintiff (other than Lott and Stumpf) who wishes to amend to add a new or different alternative method of execution may file an amended individual supplemental complaint for that purpose not later than February 1, 2020. Any such amendments will be considered timely in light of the decision date of *Bucklew [v. Precythe*, 139 S. Ct. 1112 (2019)].

(ECF No. 2653, PageID 131710 (emphasis in original)). The same Order provides:

> For proposed amendments to raise any other matter besides changes in the method of execution or made possible by *Henness*, a plaintiff

1

> must move for leave to amend not later than the date on which he moves for preliminary injunctive relief and attach the proposed amended individual supplemental complaint.

*Id.* at PageID 131710-11.

Broom's execution is presently scheduled for June 17, 2020.[1] Therefore his motion for preliminary injunction and motion to amend for any other purpose than pleading a new or different alternative method of execution was due to be filed by December 20, 2019, 180 days before June 17, 2020. (See Order . . . Setting Filing Deadlines for Future Motions for Preliminary Injunction, ECF No. 2596, and Order Clarifying Filing Deadline, ECF No. 2716). Broom did not file a motion for preliminary injunction by that date; nor did he file a motion to amend to attempt to raise "any other matter besides changes in the method of execution or made possible by *Henness*[.]" (Order, ECF No. 2653, PageID 131710-11).

After Ohio failed in its attempt to execute him on September 15, 2009, Broom sought relief from a second attempt in the Ohio courts, an effort which eventually proved unsuccessful when the Supreme Court of Ohio denied relief. *State v. Broom,* 146 Ohio St. 3d 60, 2016-Ohio-1028. Broom reports that he then sought federal habeas corpus relief to prevent a second attempt. Judge Christopher Boyko of the Northern District of Ohio denied relief (Motion, ECF No. 2722, PageID 13085), citing *Broom v. Jenkins,* No. 10 CV 2058, 2019 WL 1299846 (N.D. Ohio Mar. 21, 2019)). Broom reports that he has appealed to the Sixth Circuit

> [C]laiming that a second effort to execute him violates: (a) the Eighth Amendment ban on cruel and unusual punishment because Ohio's first attempt to execute him was prolonged and painful, and (b) the Double Jeopardy Clause of the Fifth Amendment because Ohio is precluded from multiple attempts at executing him.

---

[1] https://drc.ohio.gov/execution-schedule (last accessed Jan. 24, 2020).

*Id*. at PageID 135086, citing *Broom v. Shoop*, 6th Cir. Case No. 19-3356, ECF No. 21). Consequently, Broom argues, filing an amended supplemental individual complaint now would contravene his position in the pending Sixth Circuit case. *Id.*

Because Defendants do not object to the Motion, the requested relief is GRANTED: Broom may file his amended individual supplemental complaint not later than fourteen days after the Sixth Circuit issues its decision in *Broom v. Shoop,* No. 19-3356. However, this Order should not be interpreted as meaning the Magistrate Judge accepts the rationale for the Motion. It seems to the undersigned that Broom should be able to plead in the alternative.

Moreover, this Decision should not be read in any way as endorsing the theory held by many if not all members of the capital plaintiffs' bar that it is appropriate to litigate method-of-execution claims simultaneously in habeas corpus and § 1983. The Sixth Circuit rejected that claim in *In re Campbell*, 874 F.3d 454 (6th Cir. 2017), *cert. den. sub nom. Campbell v. Jenkins,* 199 L. Ed. 2d 350 (2017). A later panel of the Sixth Circuit recognized that *Campbell* was binding precedent. *In re: Kenneth W. Smith*, No. 17-40902018 U.S. App. LEXIS 8083 (6th Cir. Mar. 29, 2018). The same panel has vacated that decision and ordered briefing in light of *Bucklew*. *In re: Smith*, 2019 U.S. App. LEXIS 22307 (6th Cir. Jul 25, 2019), and the case remains pending for decision at this date.

The Magistrate Judge remains persuaded that *Campbell* was correctly decided. Broom's currently pending habeas case was able to proceed in habeas rather than in this litigation because of Judge Gregory L. Frost's 2010 decision that Broom's Eighth Amendment claim was properly addressed in habeas corpus. *Broom v. Strickland,* No. 2:09-cv-823, 2010 U.S. Dist. LEXIS 88811 (S.D. Ohio Aug. 27, 2010). Yet, that decision was well before *Glossip v. Gross,* 576 U.S. \_\_\_, 135 S. Ct. 2726 (2015), and in *Henderson v. Warden*, , Judge Frost held that Sixth Circuit precedent

allowing method-of-execution claims in habeas did not survive *Glossip*. 136 F. Supp. 3d 847, 851 (S.D. Ohio 2015). This Court awaits the Sixth Circuit's decision in *Smith* and will follow it obediently. But until the circuit court overrules *Campbell*, this Court continues to believe it is the governing law and correctly decided. Any citation of this Decision as endorsing a view contrary to *Campbell* would be unprofessional.

January 24, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge
