IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

IN RE: OHIO EXECUTION :
PROTOCOL LITIGATION           Case No. 2:11-cv-1016
                              Judge Edmund A. Sargus, Jr.
                              Magistrate Judge Michael R. Merz

This document relates to:
 Plaintiffs James Hanna and :
 Melvin Bonnell.

## OPINION AND ORDER

This consolidated § 1983 case raising multiple constitutional challenges to the manner in which Ohio carries out executions is before the Court on the following:

▶ Plaintiff Cleveland Jackson's Motion *in Limine* to Exclude and/or Limit Testimony of Dr. Joseph Antognini (ECF No. 2318);

▶ The Magistrate Judge's Decision and Order Denying Motions *In Limine* to Exclude and/or Limit the Testimony of Dr. Joseph Antognini [and] Expert Reports and Testimony of Dr. Mark Edgar[1] (ECF No. 2513);

▶ Plaintiff James Hanna's Objections (ECF No. 2525);

▶ Plaintiff Melvin Bonnell's Objections (ECF No. 2528);

▶ Defendants' Response (ECF Nos. 2536);

▶ Recommittal Order (ECF No. 2555);

▶ Hanna's Reply (ECF No. 2556);

▶ The Magistrate Judge's Supplemental Opinion of October 15, 2019 (ECF No. 2597); and

▶ Bonnell and Hanna's Supplemental Objections (ECF No. 2618.)

---

[1] Defendants had filed a Motion *in Limine* to Exclude the Testimony of Plaintiff's (*sic*) Expert Mark A. Edgar M.D. (ECF No. 2314.) Defendants filed no objections to the Magistrate Judge's denial of their Motion.

For the reasons that follow, the Court **OVERRULES** all of the Objections.

**I.**

Cleveland Jackson filed the Motion *In Limine* on August 7, 2019. (ECF No. 2318.) After that Motion was filed, the Magistrate Judge consolidated the injunctive relief hearings of Melvin Bonnell, James Hanna, Cleveland Jackson, and Kareem Jackson (Scheduling Order, ECF No. 2378) and ordered a hearing under Fed.R.Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) as to Dr. Antognini. (ECF No. 2385.) During a status conference on August 26, 2019, the Magistrate Judge stated that the *Daubert* hearing would cover Bonnell, Hanna, and Cleveland Jackson (Tr., ECF No. 2423, PageID 116536-37.[2]) The Magistrate Judge heard live testimony from Dr. Antognini on September 9, 2019. (Hrg. Tr., ECF No. 2534.)

On September 19, 2019, the Magistrate Judge issued a Decision and Order Denying the Motion *in Limine*. (ECF No. 2513.) Bonnell (ECF No. 2528) and Hanna (ECF No. 2525) objected the following day[3], Defendants responded (ECF No. 2536) on September 23, 2019, and Hanna filed a Reply on September 26. (ECF No. 2556.) In light of these filings, the Court recommitted the matter to the Magistrate Judge for reconsideration. (ECF No. 2555.) On October 15, 2019, the Magistrate Judge issued a Supplemental Opinion (ECF No. 2597) leaving the Order in effect. Bonnell and Hanna jointly filed Supplemental Objections (ECF No. 2618), and Defendants did not respond. The Objections to the Order and Supplemental Opinion are ripe for review.

---

[2] Kareem Jackson, in his Motion for Preliminary Injunction (ECF No. 2470), did not raise a method-of-execution claim; rather, he sought that the State be enjoined from executing him using expired drugs, meaning that Dr. Antognini's opinions were immaterial to the adjudication of Kareem Jackson's Motion.

[3] As Cleveland Jackson and Defendants had consented to plenary Magistrate Judge jurisdiction for all matters related to his Motion for Preliminary Injunction (ECF No. 2242), the Antognini Order, as it pertains to Cleveland Jackson, is not appealable prior to final judgment. In their Response, Defendants argued that it was improper for Bonnell and Hanna to object, as only Cleveland Jackson filed the initial Motion *in Limine*. (ECF No. 2536, PageID 129544-45.) The Magistrate Judge rejected this argument (Supplemental Opinion, ECF No. 2597, PageID 130001), and Defendants did not further argue that Bonnell and Hanna's Objections are improper.

## II.

The Magistrate Judge's Order and Supplemental Opinion pertain to nondispositive pretrial matters. 28 U.S.C. § 636(b)(1)(A). "A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." Fed.R.Civ.P. 72(a). "A judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while h[is] legal conclusions will be reviewed under the more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.), citing *Fogel v. Chestnutt*, 668 F.2d 100, 116 (2d Cir. 1981); *Jernryd v. Nillson*, 117 F.R.D. 416, 417 (N.D. Ill. 1987).

## III.

Bonnell and Hanna note that, in the original Report and Recommendations recommending denial of Hanna's Motion for Preliminary Injunction ("Hanna Report I"), the Magistrate Judge did not even mention, much less credit or rely upon, Dr. Antognini's expert report or his previous testimony in this consolidated litigation. (Supp. Objections, ECF No. 2618, PageID 131159, citing Hanna Report I, ECF No. 2614, PageID 131131.) They do not object to the Magistrate Judge's apparent discounting of Dr. Antognini's opinion, or to his characterization of Dr. Antognini's opinions as "outliers" and "outside the scientific consensus[.]" Nor do they object to "the Magistrate Judge's rejection of Defendants' arguments that disputed the materiality of Hanna's

3

evidence." *Id.* at PageID 131168, citing Supp. Opinion, ECF No. 2597, PageID 130005-07 n.2. Nevertheless, they object so as to preserve their rights on appeal if the Court ultimately denies their preliminary injunction motions. *Id.* at PageID 131159-60.

Bonnell and Hanna argue that if, as the Magistrate Judge has concluded, they can still "demonstrate that Ohio's three-drug execution protocol is sure or very likely to cause unconstitutionally high pain and suffering," even in light of the Amended Order and Amended Judgment in *Henness v. DeWine*, No. 19-3064, ___ F.3d___, 2019 WL 6873693 (6th Cir. Dec. 17, 2019) ("*Henness II*")[4], then their burden "should not be complicated by the distraction of Dr. Antognini's junk science opinions." (Supp. Objections, ECF No. 2618, PageID 131162, citing Supp. Opinion, ECF No. 2597, PageID 130002.) There is no indication that this Court or any other has been "distracted" by Dr. Antognini's opinions, as it has consistently given little or no weight to his reports or testimony in this consolidated litigation. *See, e.g., In re: Ohio Execution Protocol Litig. (Henness)* ("*Henness I*"), 2019 U.S. Dist. LEXIS 8200, at *224 (S.D. Ohio. Jan. 14, 2019) (Merz, Mag. J.) (characterizing Dr. Antognini's opinion as "an outlier in the field of anesthesiology"). Moreover, as pointed out by Hanna, the United States Court of Appeals for the Sixth Circuit did not base its decision in *Henness II* upon any portion of Dr. Antognini's reports or testimony. Rather, on appeal, "the Ohio State Solicitor argued for the first time that the sedative properties of midazolam will somehow reduce the level of pain experienced by the inmate's 'altered consciousness' to some degree above insensateness but below the full scope of the pain[,]" and the Sixth Circuit panel accepted that argument. (Hanna Supp. Objections to Supp. Opinion on Order Vacating Evidentiary Hearing, ECF No. 2608, PageID 130630.) The above Objection is

---

[4] This Amended Order and Judgment superseded the panel's September 11, 2019, decision, *Henness v. DeWine*, 937 F.3d 759 (6th Cir. 2019), but left the holdings in that previous opinion unchanged. Magistrate Judge Merz indicated during a December 19, 2019, status conference that there was nothing in the Amended Order and Judgment that would cause him to revisit his analysis contained in the Order and Supplemental Opinion.

4

at best speculative and is thus **OVERRULED**.

Bonnell and Hanna further claim that the Magistrate Judge clearly erred in his "conclusion that protection against the severe pain very likely to be caused by Ohio's three-drug execution protocol is now 'immaterial with respect to the first prong of *Glossip*[*v. Gross*, 135 S.Ct. 2726 (2015)]'" in light of *Henness II*. (Supp. Objections, ECF No. 2618, PageID 131162, quoting Supp. Opinion, ECF No. 2597, PageID 130003.) Rather, as argued at length in the Joint Motion for Preliminary Injunction, filed recently by Bonnell and Plaintiff Warren Keith Henness, *Henness II* adhered to the longstanding Supreme Court and Sixth Circuit precedent, that "severe pain" is the test for unconstitutional pain under the Eighth Amendment. (ECF No. 2669, PageID 132523-44 (citations omitted)). The Court agrees that "severe pain" is still the test and does not read the Supplemental Opinion by the Magistrate Judge as concluding otherwise. Rather, the Magistrate Judge concluded, correctly, that *protection* against severe pain—an objective standard achieved through analgesia or a state of general anesthesia—is immaterial in light of the Sixth Circuit holding that "[t]he relevant inquiry is whether an inmate injected with 500 milligrams of midazolam would *subjectively* experience unconstitutionally severe pain." *Henness II*, 2019 WL 6873693, at *2 (emphasis added). This Objection is **OVERRULED**.

Bonnell and Hanna next argue that "[i]f, as the Magistrate Judge concluded, analgesia is immaterial with respect to the first prong of *Glossip*, then Dr. Antognini's opinion evidence that midazolam at high doses caused analgesia sufficient to protect the condemned inmate from severe pain is irrelevant and should be excluded on that basis too." (Supp. Objections, ECF No. 2618, PageID 131163-64 (internal quotation marks omitted), citing Fed.R.Evid. 401, Fed.R.Evid. 702, *Daubert.*, 509 U.S. at 589.) As discussed above, this Court has repeatedly rejected Dr. Antognini's opinion that midazolam can induce analgesia, and the Sixth Circuit acknowledged but did not

5

overrule this Court's finding that "midazolam has no analgesic properties[.]" *Henness II*, 2019 WL 6873693, at *2. Accordingly, the Objection is **OVERRULED** without prejudice to renewal if a court adopts or credits Dr. Antognini's above opinion.

In his original Objections, Hanna claimed that, while he has proffered evidence that the movements of inmates during executions are indicia of severe pain, "Dr. Antognini completely ignores this critical evidence—as he conceded he has, in his *Daubert* testimony[.]" (Supp. Objections, ECF No. 2597, PageID 130004, quoting Hanna Objections, ECF No. 2525, PageID 128935-36.) Consequently, Hanna argued, "his opinion is unreliable and should be excluded." *Id.*, quoting Hanna Objections, ECF No. 2525, PageID 128936. The Magistrate Judge noted that, despite the transcript being docketed on September 23, 2019, the day before Hanna filed his Reply, Hanna did not provide a specific citation, in the Reply or anywhere else, to where Dr. Antognini made that concession. *Id.* Plaintiffs claim that the Magistrate Judge clearly erred in his criticism, noting that while the transcript was docketed on that date, non-Court staff cannot access it "unless they have either purchased the transcript, or gone to the clerk's office to view the transcript at the terminal there. That transcript is embargoed from release on the docket itself until December 23, 2019." (Supp. Objections, ECF No. 2618, PageID 131164, citing Docket Text for Hrg. Tr., ECF No. 2534.) Yet, Plaintiffs' admission that they could have purchased the transcript or asked their counsel go to the Clerk's Office to obtain the page number(s) on which Dr. Antognini made the alleged concession, either before filing his Reply or before filing his Supplemental Objections— more than one month after the transcript's docketing and two weeks after the Magistrate Judge made his criticism— bely their argument that he "cannot reasonably access [it] at this time." *Id.* Absent any indication of where Dr. Antognini made that concession, this Objection, and the accompanying Objection that Dr. Antognini's alleged concession renders his methodology

unreliable, *id.* at PageID 131165-66, are **OVERRULED**.

Bonnell and Hanna take issue with the Magistrate Judge's finding that, despite Plaintiffs' heavy reliance on the statement in at least five different editions of *Miller's Anesthesia* that "[b]enzodiazepines lack analgesic properties and must be used with other anesthetic drugs to provide sufficient analgesia[,]" there was no citation to an external source (*e.g.*, a peer reviewed article) for that proposition, and "[t]he lack of external verification" for the statement undercuts Plaintiffs' argument that any opinion differing from the statement at issue in *Miller's Anesthesia* is necessarily 'junk science.'" (Supp. Opinion, ECF No. 2597, PageID 130005, quoting Hrg. Tr., ECF No. 2534, PageID 129083; citing Hrg. Tr., ECF No. 2534, PageID 129063-84). "To the contrary[,]" Bonnell and Hanna object, the fact that five editions of the preeminent textbook in the field, "edited over that time by several different eminent scholars in the field, saw no need to provide 'external verification' of the point demonstrates that it is so well-established and accepted as a matter of general scientific consensus that no further support is needed." (Supp. Objections, ECF No. 2618, PageID 131166.) In other words, Bonnell and Hanna claim, the science surrounding the statement is so well-settled as to be axiomatic, akin to the statements that the earth is round and revolves around the sun. *Id.*

Contrary to Bonnell and Hanna's Objection, the lack of external verification of that above particular fact was not the sole reason that the Magistrate Judge chose not to treat any deviation from *Miller's Anesthesia* as *per se* "junk science." Rather, the Magistrate Judge took note of Dr. Antognini's testimony that "while Dr. Antognini testified that the book 'is preeminent in the field' of anesthesiology, he also reiterated his prior testimony that 'it didn't undergo really strict peer review like a journal article would.'" (Supp. Opinion, ECF No. 2597, PageID 130005, quoting Hrg. Tr., ECF No. 2534, PageID 129063, 129084. More importantly, the Magistrate Judge did not

7

use the lack of external verification as a basis to *credit* Dr. Antognini's opinions. Rather, he simply concluded that "the Court need not exclude Dr. Antognini's opinions *in toto*. Rather, the extent to which those opinions are outside the scientific consensus is properly considered in the weight to be assigned to those opinions." *Id.* "Historically, the Magistrate Judge has accorded little weight" to Dr. Antognini's opinions, *id.* n.2 (citation omitted), and, as Bonnell and Hanna concede, the Magistrate Judge does not appear to have accorded his opinions *any* weight with respect to Hanna's initial Motion for Preliminary Injunction. As the Magistrate Judge's conclusion was well-reasoned and did not prejudice Bonnell and Hanna, their Objection is **OVERRULED**.

Finally, Bonnell and Hanna Object that the Magistrate Judge clearly erred in "the portion of the Supplemental Opinion that suggests a *Daubert* challenge is unnecessary when the trial judge, not a jury, is the finder of fact and, therefore, denied the MIL against Dr. Antognini because the Magistrate Judge was the fact-finder here." (Supp. Opinion, ECF No. 2618, PageID 131167, citing Supp. Opinion, ECF No. 2597, PageID 130006-07.) They argue that the Magistrate Judge's decision "contravenes the law, which states that a *Daubert* challenge still has a place in [these] circumstances[,]" because *Daubert* and Federal Rule of Evidence 702 mandate that the Court exercise its gatekeeper function regardless of the factfinder. *Id.*, citing *Kansas City So. Ry. Co. v. Sny Island Levee Drainage Dist.*, 831 F.3d 892, 900 (7th Cir. 2016); *Attorney Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 779 (10th Cir. 2009); *Seaboard Lumber Co. v. United States*, 308 F.3d 1283, 1302 (Fed. Cir. 2002). Moreover, they note that "[d]uring the hearing on motions for injunctive relief filed by former Plaintiffs Phillips, Tibbetts, and Otte, the Magistrate Judge found that Plaintiffs had waived any objection to presentation of an expert witness's testimony 'by failing to file a motion in limine by the deadline set by the Court.'" *Id.* at PageID 131168, quoting Hrg. Tr., ECF No. 941, PageID 31997. They claim that the Magistrate Judge's posture has put them

and future Plaintiffs in the absurd position of being forced to move *in limine* to exclude Defendants' experts, "at risk of forfeiting the ability to ever object to their qualification or testimony as witnesses[,]" yet constantly having those motions denied "because there is a judicial fact-finder and not a jury[.]" *Id.*

Any notion that parties are simply going through the motions in challenging experts is belied by the Magistrate Judge's decision not only to hold the *Daubert* hearing but to write a detailed Order and Supplemental Opinion explaining his reasoning. Moreover, in the Supplemental Opinion, the Magistrate Judge correctly noted that "[a] major purpose of *Daubert* and its progeny and of the amendments to the Fed. R. Evid. 702 and 703 was to prevent juries from leaping to the conclusion that because a witness has been labeled an expert, his or her opinion should be accepted as determining the outcome of a case." (ECF No. 2597, PageID 130006.) Bonnell and Hanna do not challenge that statement. Moreover, Bonnell and Hanna have not been prejudiced by the Magistrate Judge's consideration of Dr. Antognini's opinion, as Bonnell's Motions for Preliminary Injunction (ECF Nos. 2664, 2669) remain pending, and the Magistrate Judge gave no weight to Dr. Antognini's opinions in his initial Report and Recommendations regarding Hanna's Motion for Preliminary Injunction. (Hanna Report I, ECF No. 2614.) For these reasons, this Obejction is **OVERRULED**.

**Conclusion**

Based on the foregoing analysis, Bonnell and Hanna's Objections are overruled, and the Magistrate Judge's Order Denying the Motion *in Limine* to Exclude Dr. Antognini (ECF No. 2513) and Supplemental Opinion (ECF No. 2597) remain in effect.

Jan 27-2020
December ___, 2019.

س/ [signature]
United States District Judge