# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

IN RE:  OHIO EXECUTION : Case No. 2:11-cv-1016
PROTOCOL LITIGATION
 :
   District Judge Edmund A. Sargus, Jr.
 : Magistrate Judge Michael R. Merz

This document relates to All Plaintiffs
 :

# DECISION AND ORDER

This consolidated § 1983 challenge to Ohio's method(s) of execution is before the Court on Defendants' Motion for Disposal of Used Execution Materials (ECF No. 2846).  Plaintiffs oppose the Motion (ECF No. 2945) and Defendants have filed a reply in support (ECF No. 2958).

The Motion lists the items preserved.  The relevant prior preservation orders and related executed Plaintiffs are ECF No. 392 (Dennis McGuire), ECF No. 1232 (Gary Otte), and ECF No. 1874 (Robert Van Hook).  The first of these preservation orders was entered by District Judge Frost during his management of the case; the latter two by the undersigned.

Regarding the McGuire execution materials, Judge Frost held "the movants have made a sufficient showing regarding the relevance of the medication vials, the boxes in which they were packaged, and the syringes used. Plaintiffs' reference to unspecified other paraphernalia is overbroad." (ECF No. 392, PageID 11736).  The motion for preservation was made orally during a telephone conference and the Order was entered the same day, two days before McGuire's execution.  The Order contains no expiration date.

1

Regarding the Phillips' execution materials, the Magistrate Judge ordered that

> Defendants shall adhere to this Court's prior discovery orders regarding the photographing of the medication vials, the boxes in which they were packaged, and the syringes used in the administration of the protocol drugs during the execution of Ronald Phillips on July 26, 2017, or at such later date as that execution may occur.

(ECF No. 1107, PageID 42815).

Regarding the Otte execution materials, former Plaintiffs Otte, Tibbetts, and Campbell sought "a very broad expansion of the scope of evidence to be collected immediately after the execution of Garry Otte, now scheduled for September 13, 2017, compared with evidence collected immediately after the execution of Ronald Phillips on July 26, 2017." (ECF No. 1232, PageID 45332). The Magistrate Judge ordered the scope of collection and preservation of materials used in executing Otte to be only as broad as that ordered for the Phillips execution. *Id.* at PageID 45337.

Regarding the Van Hook execution, the Magistrate Judge entered a preservation order *sua sponte* on July 18, 2018, the date of execution, ordering "Defendants shall preserve without alteration the medication vials, the boxes in which they were packaged, the intravenous tubing, and the syringes used in the administration of the protocol drugs at the Van Hook execution." (ECF No. 1874, PageID 74624).

Defendants report that they have preserved the materials ordered to be preserved except that the Phillips' execution materials were disposed of after testing on agreement of all parties.

> The storage of these groups of materials occupies limited, valuable space [at the Southern Ohio Correctional Facility]. Plaintiffs have had ample opportunity to examine and test these materials. They have completed testing of the McGuire materials and have not requested the items again in the more than six years since that execution. They have completed testing of the Otte materials

2

> allocated for that purpose by Court order, and the Defendants do not intend to have the remaining materials tested. And the Van Hook materials have been available for over 18 months, yet none of the Plaintiffs have requested the items be sent out for testing.

(ECF No. 2846, PageID 152520).

Plaintiffs deny none of these assertions, but assert that the items are "irreplaceable evidence" and that the State of Ohio must have some other space in which to store them if the space at SOCF is too valuable to continue to be used in this way.

As authority for not granting Defendants' Motion, Plaintiffs rely on *Stevens v. Stieve*, No. 1:13-cv-918, 2019 U.S. Dist. LEXIS 168666, at *13 (W.D. Mich. June 18, 2019). In that case Magistrate Judge Green denied a motion to extend a discovery deadline long after it has passed and where plaintiff had not taken the already-permitted discovery. Although the undersigned agrees completely with the holding, *Stevens* provides no guidance at all on the motion *sub judice*. It concerns the potential gathering of additional evidence, rather than preservation of evidence already gathered.

In the leading constitutional case on the preservation of evidence, *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988), the Supreme Court found no due process violation in the destruction of relevant and potentially exonerating physical evidence where there was no showing that police acted in bad faith. *Youngblood* is, of course, not controlling, but it is instructive. Here the materials in question have been preserved for a long time with either testing completed or never requested. Plaintiffs' claim that these materials constitute relevant evidence raises the question: relevant to what issue? While these materials are unique and in that sense irreplaceable, so are all other physical objects. Without some arguable relevance to some issue in this case – an argument Plaintiffs have not made – there is no utility to their preservation.

Accordingly, Defendants' Motion for Disposal of Used Execution Materials (ECF No.

3

2846) is GRANTED.

June 8, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge