**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

IN RE: OHIO EXECUTION PROTOCOL LITIGATION : Case No. 2:11-cv-1016

: District Judge Edmund A. Sargus, Jr.
: Magistrate Judge Michael R. Merz

This document relates to Plaintiff Raymond Twyford. :

---

# REPORT AND RECOMMENDATIONS: DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED TO THE EXTENT IT CHALLENGES CLAIMS ALREADY DISMISSED FROM THE FOURTH AMENDED OMNIBUS COMPLAINT

---

This consolidated § 1983 method of execution case is before the Court on the Defendants' Motion to Dismiss (ECF No. 2864) the Second Amended Individual Supplemental Complaint of Plaintiff Raymond Twyford ("ISC" ECF No. 2751). After the filing of a memorandum *contra* (ECF No. 3061) and a reply in support (ECF No. 3132), this Court heard oral argument on August 20, 2020 (Minute Entry, ECF No. 3170; transcript pending). For the reasons set forth below, Defendants' Motion should be GRANTED to the extent it challenges claims already dismissed from the Fourth Amended Omnibus Complaint ("4AOC").

Defendants' briefing confessedly "focuses on Plaintiff's claims concerning the three-drug method of execution and his allegations that this protocol produces constitutionally-prohibited pain," but nonetheless moves that Twyford's "Individual Supplemental Complaint be dismissed in its entirety." (ECF No. 2864, PageID 152675, n.1). As promised, the Motion then discusses

how, in Defendants' view, prior decisions of the Sixth Circuit preclude what were referred to in oral argument as Plaintiff's "*Baze/Glossip*"[1] claims. Defendants' Motion did not expressly discuss any of the other claims in Twyford's ISC.

In his Memorandum in Opposition, Twyford notes the narrowness of Defendants' argument, despite their request for dismissal of the ISC "in its entirety." Because a defendant moving for dismissal under Fed.R.Civ.P. 12(b)(6) bears the burden of persuasion, the defendant must at least present some argument in favor of the motion (Twyford MIO, ECF No. 3061, PageID 155112, quoting *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006)). Defendants should be "confined to the grounds raised in their motion and [supporting memorandum]." *Id.* at PageID 155113 (brackets in original), quoting *Osborne v. Pickaway Cty. Ohio*, No. 2:19-cv-3628, 2020 U.S. Dist. LEXIS 46254, at *22 n.4 (S.D. Ohio Mar. 17, 2020) (Sargus, J.). Perfunctory arguments, such as those made only in Defendants' footnote 1, are forfeited. *Id.*, citing *In re Anheuser-Busch Beer Labeling Mktg.*, 644 F. App'x 515, 529 (6th Cir. 2016), citing *Moorer v. Baptist Mem'l Health Care Sys.*, 398 F.3d 469, 487 (6th Cir. 2005); *Noble v. Chrysler Motors Corp.*, 32 F.3d 997, 1002 (6th Cir. 1994)).

In their Reply Memorandum, Defendants assert that their Motion is adequate under Fed.R.Civ.P. 7 to ground dismissal of the ISC in its entirety (ECF No. 3147, PageID 155895-96, citing *Reynolds v. Dayton*, 533 F. Supp. 136, 143 (S.D. Ohio 1982) (Rice, J.); *Bumpus v. Uniroyal Tire Co., Division of Uniroyal, Inc.*, 392 F. Supp. 1405, 1406 (E.D .Pa. 1975)).

[1] Referring to *Baze v. Rees*, 553 U.S. 35 (2008), and *Glossip v. Gross*, 576 U.S. 863 (2015).

## Analysis

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party "has the burden of showing that the opposing party has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007), citing *Carver v. Bunch,* 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh,* 487 F.3d at 476).

Nevertheless, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions "must be supported by well-pleaded factual allegations ... [that] plausibly give rise to an entitlement of relief." *Id.* at 679. "Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

This consolidated action under 42 U.S.C. § 1983 and its predecessors in this Court have been pending since shortly after the Supreme Court authorized bringing method-of-execution claims in 42 U.S.C. § 1983 actions in *Nelson v. Campbell*, 541 U.S. 637 (2004). On September 22, 2017, the Plaintiffs filed the 4AOC, pleading forty-seven causes of action (ECF No. 1252). Defendants filed a Motion to Dismiss the 4AOC *in toto* on November 20, 2017 (ECF No. 1379), and during the pendency of that motion, its scope was narrowed such that only the Second through Tenth, Fourteenth, Thirtieth, and Thirty-First Causes of Action were under consideration (Report and Recommendations, ECF No. 1429, PageID 55221-22, 55265-70 (explaining that various causes of action were not subject to the Motion or were to be repleaded elsewhere)). Then-Chief Judge Sargus subsequently adopted the undersigned's Reports and Recommendations[2], granting in part and denying in part Defendants' Motion (ECF No. 2104, reported at *In re Ohio Execution Protocol Litig.*, 2018 U.S. Dist. LEXIS 209769 (S.D. Ohio Dec. 12, 2018)). In doing so, he dismissed the following claims:

- Second Cause of Action: Fourteenth Amendment Due Process violations;
- Fourth Cause of Action: Fourteenth Amendment Equal Protection violations through burdening of fundamental rights—Sub-claims:
  - **A.2:** Deviations from Ohio's execution statute;
  - **A.3:** Deviations from Ohio Constitution;
  - **A.4:** Failure to follow federal and Ohio laws related to imported drugs, unapproved drugs, misbranded drugs, adulterated drugs, controlled substances, and compounded drugs, including compounding sterile injectable controlled substances to be used as execution drugs;
  - **A.5:** Deviations from Ohio's definition-of-death law;
  - **A.6:** Deviations from Ohio and federal law prohibiting non-consensual human experimentation;

[2] Those Reports and Recommendations did not pertain to the claims of Plaintiffs Alva Campbell, Jr., Raymond Tibbets, or Robert Van Hook, for whom there was unanimous consent to plenary Magistrate Judge jurisdiction (Report and Recommendations, ECF No. 1429, PageID 55213 (citations omitted)). During the pendency of Defendants' Motion, Campbell died in prison, Van Hook was executed, and then-Governor John R. Kasich, Jr., commuted Tibbets's sentence to life without parole.

- **A.7:** Use of an Execution Protocol and policies by which Defendants deny necessary medical and resuscitative care and permit a lingering death;
- **A.8:** Use of midazolam and the unavoidable variation inherent in midazolam's efficacy on individual people;
- **A.9:** Use of compounded execution drugs and the unavoidable variation inherent in compounded drugs;

- Fourth Cause of Action—Fourteenth Amendment Equal Protection violations through "Class of One" disparate treatment
  - **B.2:** Unequal application of Ohio's execution statute to Plaintiff as a class of one;
  - **B.3:** Unequal application to Plaintiff, as a class of one, of federal and Ohio state laws related to imported drugs, unapproved drugs, misbranded drugs, adulterated drugs, controlled substances, or compounded drugs, including compounding sterile injectable controlled substances to be used as execution drugs;
  - **B.4:** Unequal application of Ohio's definition-of-death law to Plaintiff as a class of one;
  - **B.5:** Unequal application of federal and Ohio state laws prohibiting non-consenting human experimentation to Plaintiff as a class of one;
  - **B.6:** Disparate denial of necessary medical care and permitting a lingering death;
  - **B.7:** Use of midazolam and the unavoidable variation inherent in midazolam's efficacy on individuals, which treats Plaintiff unequally as a class of one;
- Fifth Cause of Action—Violations of Fundamental Rights Arising Under The Principles Of Liberty and/or Natural Law Which Are Protected By The Ninth Amendment;
- Sixth Cause of Action—First Amendment Free Speech Clause Violations;
- Seventh Cause of Action—Fourteenth Amendment Due Process Violation for Failure to Identify Drug Source Defendants;
- Eighth Cause of Action—Fourteenth Amendment Due Process Clause Violations For Experimenting On Non-Consenting Prisoners ;
- Ninth Cause of Action—Fourteenth Amendment Privileges or Immunities Clause Violations For Experimenting on Non-Consenting Prisoners;
- Tenth Cause of Action—*Ex Post Facto* Violation;
- Fourteenth Cause of Action—Fourteenth Amendment Due Process Violation through Arbitrary and Capricious Government Action that Shocks the Conscience;
- Thirtieth Cause of Action—Fourteenth Amendment Due Process Violation for Failure to Comply with Federal Investigational New Drug Application Regulations

with Respect to the Method and Choice of Drug to be Used in Plaintiff's Execution; and

- Thirty-First Cause of Action—Equal Protection Violations Related To Defendants' Failures To Comply With The [Investigational New Drug] Application Laws.

2018 U.S. Dist. LEXIS 209769 at *46-49, 52-53; 4AOC, ECF No. 1252, PageID 45412-14, 45416-17.

Despite this dismissal, the ISC contains claims which are covered by the dismissal order. Twyford's Twelfth Cause of Action —Eighth Amendment violation by Deliberately Indifferent and/or Reckless Denial of Resuscitative Health Care after the Execution is to be Completed (Twyford ISC, ECF No. 2751, PageID 138766-71)—is virtually identical to sub-claim A.7 in the Fourth Cause of Action in the 4AOC. Without further explanation, Twyford's ISC also incorporates by reference from the 4AOC the Second through Tenth, Fourteenth, Thirtieth, and Thirty-First Causes of Action (among others). *Id.* at PageID 138765-66, 138775, 138830.

When Judge Sargus entered the dismissal, the Magistrate Judge offered the parties an opportunity to seek circuit review and thus obtain some finality on these claims:

> Although the Order determines with finality which claims made in the Fourth Amended Omnibus Complaint can proceed, it is not appealable without entry of judgment with an express determination by the Court that there is no just reason for delay. Fed. R. Civ. P. 54(b). Although this consolidated case and its predecessors have been pending for fourteen years, there has never been a trial and no trial date is presently set. Thus there is no likelihood of a final judgment on all claims in the near future.
>
> Given that status of the case, the Magistrate Judge urges the parties to consider moving for a partial judgment under Fed. R. Civ. P. 54 so that a decision of the Sixth Circuit on the many issues raised in Defendants' Motion to Dismiss can be obtained.

(Scheduling Order, ECF No. 2109, PageID 103627-28). None of the parties accepted this invitation, so there has as yet been no circuit review of this Court's analysis of the listed claims in

the 4AOC. Twyford (and the other Plaintiffs) therefore cannot be faulted for repeating these claims in his ISC to preserve them for eventual appeal.

Nevertheless, the viability of the listed claims under Fed.R.Civ.P. 12(b)(6), applying what the Magistrate Judge continues to believe is the correct standard for Rule 12(b)(6) motions, has already been decided by this Court. Failure of the Defendants to specify these claims in the Motion to Dismiss does not deprive this Court of authority to stand on its prior decision and imposes no unfairness on Twyford, who had adequate opportunity to litigate the viability of these claims under Fed.R.Civ.P. 12(b)(6) in the 2017-18 proceedings. The Magistrate Judge elects to decide the Motion to Dismiss as to those claims on the basis of the law of the case.

Under the law of the case doctrine, findings made at one point in litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994), citing *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B J. MOORE & T. CURRIER, MOORE'S FEDERAL PRACTICE ¶0.404 (2nd ed. 1980); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005), citing *Moored*, 38 F.3d at 1421. "If it is important for courts to treat like matters alike in different cases, it is indispensable that they 'treat the same litigants in the same case the same way throughout the same dispute.'" *United States v. Charles*, 843 F.3d 1142, 1145 (6th Cir. 2016) (Sutton, J.), *quoting* BRYAN A. GARNER, ET AL. THE LAW OF JUDICIAL PRECEDENT 441 (2016).

In deciding the motion for preliminary injunction of Warren Henness, the Court analyzed how law of the case doctrine should apply here. It noted that the Sixth Circuit had approved a

slightly different standard for law of the case in consolidated cases and stated the approach it would follow:

> Based on these discussions in the circuit court, this Court concludes it is not *bound* by the law of the case doctrine to decide issues in Warren Henness's § 1983 case as it decided the same issues in the Phillips, Otte, Tibbetts, and Campbell cases. On the other hand, applying general principles of precedent, Henness's § 1983 case is very similar to those prior cases, about as similar as any five such cases could be: all are being decided by the same Court, all are parties to the same or very similar omnibus complaints, all attack the same method of execution and seek to enjoin the same state officials, all have been litigated by the same institutional litigators within two years of one another, subject to review by the same appellate court. Very few distinguishing facts among the Plaintiffs are relevant to their § 1983 cases.
>
> Although the Court is not bound by law of the case doctrine to decide issues the same way, it would destroy the economy of consolidation as well as raise serious equal justice considerations to decide the issues differently. Like cases should be decided alike, and Henness's case is very like those of former Plaintiffs Phillips, Otte, Tibbetts, and Campbell. Therefore, prior rulings in this consolidated case, including those made by Judge Frost, will be treated as very persuasive precedent, but not binding under the law of the case doctrine. Prior rulings in the case, just like precedent from other courts, will be analyzed and applied based on the context in which they were made and therefore applied with appropriate nuance, and not like proof-texts.

*In re Ohio Execution Protocol Litig. (Henness)* ("*Henness I*"), 2019 U.S. Dist. LEXIS 8200, at * 33-34 (S.D. Ohio, Jan. 14, 2019) (Merz, Mag. J) (emphasis in original), citing *GMAC Mortg., LLC v. McKeever*, 651 F. App'x 332, 338-39 (6th Cir. 2016), *rev'd on other grounds at In re: Ohio Execution Protocol Litig. (Henness v. DeWine)*, 937 F.3d 759 (6th Cir. 2019), *substituted decision at Henness v. DeWine*, 946 F.3d 287 (6th Cir. 2019) ("*Henness II*"), *petition for cert. filed*, Case No. 20-3243 (Aug. 3, 2020, copy at ECF No. 3159). This portion of the *Henness I* decision received no criticism from the United States Court of Appeals for the Sixth Circuit in *Henness II*,

and will continue to be followed here. Although application of the law of the case doctrine in prisoner cases has been much disputed, the Sixth Circuit has just now applied it to deny a Certificate of Appealability ("COA") on a claim in a capital case because it had previously denied a COA on the same claim. *Cunningham v. Shoop,* Nos. 11-3005, 20-3429, 2020 U.S. App. LEXIS 26947, at *4 (6th Cir. Aug. 24, 2020), citing *Dillingham v. Jenkins*, No. 17-3813, 2017 WL 5438882, at *1 (6th Cir. Nov. 8, 2017).

The relationship between claims made by Twyford in the 4AOC which have been dismissed under Fed.R.Civ.P. 12(b)(6) and parallel claims made in the ISC is even closer than the parallels between Warren Henness's claims and those made by former Plaintiffs Ron Phillips, Gary Otte, Tibbetts, and Campbell. On the basis of the prior decision, it is respectfully recommended that Twyford's Second through Tenth, Twelfth, Fourteenth, Thirtieth and Thirty-First Causes of Action be dismissed.

September 10, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations no later than October 2, 2020. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #