# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION | : | Case No. 2:11-cv-1016 |
| | | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Michael R. Merz |
| This document relates to: All Plaintiffs. | : | |

## ORDER DENYING MOTION TO MODIFY ORDER STAYING PROCEEDINGS

This consolidated § 1983 method of execution case is before the Court on Plaintiffs'
Motion for Modification of the Order Staying Proceedings (ECF No. 3371, referring to the Agreed
Order to Partially Stay Proceedings, ECF No. 2992). Plaintiffs note the Supreme Court of Ohio's
acceptance of jurisdiction in the case of *O'Neal v. State*, in which Plaintiffs James Derrick O'Neal
and Cleveland Jackson claim that the promulgation of the State of Ohio's current execution
protocol, 01-COM-11, violated Ohio Revised Code § 111.15. *Id.* at PageID 161087, citing 160
Ohio St. 3d 1418, 2020-Ohio-4811. Plaintiffs argue that there exist substantial similarities
between this case and *O'Neal*, and that a successful outcome in *O'Neal* will present their
constitutional challenges "in a different posture." Plaintiffs claim that the Agreed Order should be
modified to stay all proceedings until *O'Neal* is resolved, up to and including completion of
certiorari proceedings in the United States Supreme Court. *Id.* at PageID 161093-94, citing
*Mckesson v. Doe*, ___ U.S. ____, ___ S.Ct. ____, 208 L.Ed.2d 158, 161 (2020) (*per curiam*);
Reply, ECF No. 3461, PageID 162669, quoting *Allegheny Cnty. v. Frank Mashuda Co.*, 360 U.S.

185, 189 (1959).

In support, Plaintiffs note that the stay in these proceedings will terminate automatically when Defendants' Motions to Dismiss are fully adjudicated by District Judge Edmund A. Sargus, Jr. (Motion, ECF No. 3371, PageID 161090, citing Reports and Recommendations, ECF Nos. 3263, 3270, 3350). Yet, Plaintiffs argue, the Supreme Court of Ohio accepting jurisdiction raises a substantial possibility that 01-COM-11—the execution protocol at issue in this litigation—will be invalidated as improperly adopted. *Id*. at PageID 161091. Plaintiffs claim that this issue of state law has substantial bearing on this case and its issues of federal law—if 01-COM-11 is invalidated, that invalidation will moot the pending Motions to Dismiss and cause a significant number of cases and executions to be stayed. *Id*. at PageID 161091-92, citing *Mckesson v. Doe*, 208 L.Ed.2d at 161-62; *Baze v. Rees*, 551 U.S. 1192 (2007) (granting certiorari), *amended* at 552 U.S. 945 (2007), and the stays that were granted in the wake of the granting of certiorari. If the stay is not modified in this case, Plaintiffs argue, the parties and Court would be forced to expend considerable energy on the Motions to Dismiss, Reports and Recommendations, and other matters in the case, even though there is a strong likelihood that the Supreme Court of Ohio will render it unnecessary by invalidating 01-COM-11. *Id*. at PageID 161093-94. Thus, Plaintiffs claim, the stay should be modified to remove resolution of the Motions to Dismiss as an act that could terminate the stay. *Id*. at PageID 161094, citing Order, ECF No. 2992, PageID 153638, ¶¶ 1, 2(c).

In addition to the conservation of resources argument set forth above, Plaintiffs argue principles of comity and the *Colorado River* abstention doctrine also weigh in favor of expanding the stay, at least so long as *O'Neal* is pending (Motion, ECF No. 3371, PageID 161096-97, citing *Colo. R. Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Romine v. Compuserve Inc.*, 160 F.3d 337, 339 (6th Cir. 1998); *United States, ex rel. Scott, v. Humana, Inc.*,

No. 3:18-CV-61-GNS-CHL, 2020 U.S. Dist. LEXIS 169050, at *4 (W.D. Ky. Sep. 15, 2020)).

Plaintiffs note that the Sixth Circuit requires a determination that the state and federal actions are

actually parallel before *Colorado River* abstention may be applied. *Id*. at PageID 161097, citing

*Romine*, 160 F.3d at 339; *Crawly v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984);

*Healthcare Co. v. Upward Mobility, Inc.*, 784 F. App'x 390, 393-94 (6th Cir. 2019). They argue

that this case and *O'Neal* are substantially similar for *Colorado River* purposes because they are

both challenging 01-COM-11, and because the state court resolution of *O'Neal*, if in favor of

O'Neal and Jackson, would moot the motions to dismiss:

> [T]he federal challenges in this case are predicated on the assumption that the existing execution protocol, DRC Policy 01-COM-11, was lawfully adopted following all applicable provisions of Ohio law. The *O'Neal* litigation will decide whether the predicated assumption is correct. If the Supreme Court of Ohio holds that the protocol was validly adopted, that changes nothing in this federal litigation. Conversely, if the Supreme Court of Ohio finds that 01-COM-11 was not lawfully adopted under Ohio law, that decision will almost certainly have an impact on the challenges to 01-COM-11 litigated in this federal case, presumably including the motions to dismiss.

*Id*. at PageID 161098-99; *see also* Reply, ECF No. 3461, PageID 162669-70 (collecting cases) (A

stay "to await *O'Neal* is appropriate, given unresolved questions of state law that may affect this

Court's resolution of Plaintiffs' complaints").

In their Reply, Plaintiffs discount Defendants' argument that a stay would prejudice them

by preventing the State from carrying out lawful death sentences (ECF No. 3461, PageID 162666-

67, citing Memo. in Opp., ECF No. 3452, PageID 162602-03). They note that in recent weeks,

Defendant Governor R. Michael DeWine has stated that lethal injection, the only method of

execution permissible under Ohio law, is no longer an option, and that executions are unlikely to

be carried out in 2021. *Id*. at PageID 162667-68 (citations omitted). Further, Plaintiffs emphasize

that "the Southern Ohio Correctional Facility (SOCF), where executions occur, has withdrawn its Ohio pharmacy license and no longer has a license allowing it to secure drugs for an execution." *Id*. at PageID 162675, citing SOCF License, ECF No. 3461-4, PageID 162692.  As no executions are likely to occur in the near future, Defendants will not be prejudiced by the Court's exercising its inherent power to stay proceedings.  *Id*. at PageID 162668, citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936); Memo. in Opp., ECF No. 3452, PageID 162602-03.

## Analysis

A review of Plaintiffs' claims in *O'Neal* and this case demonstrates that the cases are, at most, tangentially related, and certainly not parallel for *Colorado River* purposes.  In *O'Neal*, Plaintiffs claim that 01-COM-11 is an administrative "rule" as that term is defined under Ohio law, and that because it was not promulgated according to Ohio's formal rulemaking procedures, it is invalid, and Ohio may not execute inmates pursuant to the protocol.  In the Fourth Amended Omnibus Complaint ("4AOC," ECF No.1252) and numerous Individual Supplemental Complaints, Plaintiffs allege that 01-COM-11 is invalid because it violates their *federal constitutional* rights.

While both the instant case and *O'Neal* address 01-COM-11, they do so for distinct reasons with almost no overlap or bearing on the other.  Plaintiffs concede as much by stating that:  "If the Supreme Court of Ohio holds that the protocol was validly adopted, *that changes nothing in this federal litigation*."  (Motion, ECF No. 3371, PageID 161098 (emphasis added)).  Yet, if the Supreme Court of Ohio were to hold that 01-COM-11 was invalidly enacted, the relief accorded O'Neal and Jackson would presumably be for the State to promulgate a new execution protocol pursuant to the formal rulemaking procedures of Ohio Revised Code § 111.15.  Once properly

adopted, the State could begin executing inmates pursuant to that new protocol. Indeed, there would seem to be nothing to stop the State from promulgating an identical protocol, as the decision would state nothing as to the substance, much less the federal constitutionality, of 01-COM-11. While Plaintiffs note that the SOCF does not have a valid pharmacy license (Reply, ECF No. 3461, PageID 162675), they do not argue that it would be difficult to obtain a new license.

Plaintiffs argue that a favorable decision for O'Neal and Jackson could moot the motions to dismiss, and that "conclusion in *O'Neal* that Ohio has no valid protocol would raise significant questions about this Court's adjudication of Plaintiffs' complaints, which assume the existence of a valid protocol." (Reply, ECF No. 3461, PageID 162672). However, they do not explain why those motions would be moot or what significant questions would be raised. The argument misapprehends the gravamen of those motions, which is that any challenge to the current three-drug protocol is foreclosed as a matter of federal constitutional law in light of *Henness v. DeWine*, 946 F.3d 287 (6th Cir. 2019). Again, a favorable decision in *O'Neal* would seemingly do nothing to stop the State from properly promulgating the exact same three-drug protocol promulgated; if the State did so, then the instant litigation would continue exactly as it has since the Fourth Amended Omnibus Complaint was filed in September 2017 (ECF No. 1252). Thus, contrary to Plaintiffs' argument, it is not the case that "hundreds of filings and judicial rulings may be unnecessary should the Supreme Court of Ohio rule in Mr. O'Neal's favor." (Reply, ECF No. 3461, PageID 162674).[1]

In sum, *O'Neal* and the instant litigation are not parallel or substantially similar, and any decision in the former case would have only minor implications for the latter. In light of those

---

[1] If the State were to enact a new protocol, then such enactment would likely moot the motions to dismiss and precipitate new omnibus and individual supplemental complaints. Yet, that sequence of events could happen of the State's volition at any time, independently of any decision in *O'Neal*.

conclusions and the Court's "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them[,]" *Colo. R.*, 424 U.S. at 817, Plaintiffs' Motion to modify the stay pending resolution of *O'Neal* must be denied.[2]

Plaintiffs also move that the Order Staying Proceedings be modified so that the resolution of the pending Motions to Dismiss will not automatically terminate the Agreed Order (Motion, ECF No. 3371, PageID 161089, 161105, citing Order, ECF No. 2992, PageID 153638, ¶ 2(c)). They claim that doing so would "permit the parties and the Court to discuss the best path forward and reach a joint scheduling arrangement following the final resolution of *O'Neal*." *Id*. at PageID 161094. For the reasons stated above, the instant litigation and *O'Neal* are not sufficiently similar such that the resolution of *O'Neal* would provide the parties and Court any guidance as to how to proceed, and this portion of Plaintiffs' Motion must be denied as well.

For the foregoing reasons, Plaintiffs' Motion to Modify the Order Staying Proceedings (ECF No. 3371), is DENIED. The Notation Order Partially Staying Proceedings pending the resolution of the instant Motion to Modify (ECF No. 3460) is VACATED. The Order Staying Proceedings (ECF No. 2992) remains in full effect and unchanged except as expressly modified by orders of this Court.

December 21, 2020.

s/ *Michael R. Merz*
United States Magistrate Judges

---

[2] Because Plaintiffs have failed to meet the threshold "parallel case" requirement set forth in *Romine*, the Court need not address whether the eight factors in the second prong of *Romine* weigh in favor of exercising *Colorado River* abstention (Motion, ECF No. 3371, PageID 161099-161104, quoting *Healthcare Co.*, 784 F. App'x at 395; *Romine*, 160 F.3d at 340-41).