**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

IN RE: OHIO EXECUTION            :
PROTOCOL LITIGATION                          **Case No. 2:11-cv-1016**

                                             **District Judge Edmund A. Sargus, Jr.
                                             Magistrate Judge Michael R. Merz**

This document relates to the
 Plaintiffs Listed in the Body.

# OPINION AND ORDER

This consolidated § 1983 case raising multiple constitutional challenges to the manner in

which Ohio carries out executions is before the Court on the following:

► The Defendants' Motions to Dismiss the Individual Supplemental Complaints,
the Magistrate Judge's Reports and Recommendations as to those Motions, and the
Objections of:

> Dawud Spaulding (Report, ECF No. 3171; Motion, ECF No. 2899;
> Objections, ECF No. 3275);
> Cedric Carter (ECF No. 3178; ECF No. 2898; ECF No. 3283);
> Clifford Donta Williams (ECF No. 3179; ECF No. 2847; ECF No. 3278);
> Anthony Belton (ECF No. 3180; ECF No. 2908; ECF No. 3286);
> August Cassano (ECF No. 3181; ECF No. 2919; ECF No. 3333);
> Richard Bays (ECF No. 3182; ECF No. 2918; ECF No. 3336);
> Melvin Bonnell (ECF No 3183; ECF No. 2850; ECF No. 3288);
> David Braden (ECF No. 3184; ECF No. 2851; ECF No. 3352);
> James Conway (ECF No. 3185; ECF No. 2925; ECF No. 3287);
> Archie Dixon (ECF No. 3186; ECF No. 2881; ECF No. 3282);
> John Drummond (ECF No. 3187; ECF No. 2924; ECF No. 3311);
> Denny Obermiller (ECF No. 3188; ECF No. 2874; ECF No. 3342);
> Davel Chinn (ECF No. 3189; ECF No. 2920; ECF No. 3337);
> Douglas Coley (ECF No. 3190; ECF No. 2872; ECF No. 3280);
> Danny Hill (ECF No. 3191; ECF No. 2909; ECF No. 3331);
> Stanley Adams (ECF No. 3192; ECF No. 2923; ECF No. 3274);
> Jeronique Cunningham (ECF No. 3193; ECF No. 2880; ECF No. 3281);
> Antonio Franklin (ECF No. 3194; ECF No. 2884; ECF No. 3309);
> Stanley Fitzpatrick (ECF No. 3195; ECF No. 2916; ECF No. 3319);
> James Frazier (ECF No. 3196; ECF No. 2197; ECF No. 3320);

Tyrone Ballew (ECF No. 3197; ECF No. 2878; ECF No. 3278);
Quisi Bryan (ECF No. 3198; ECF No. 2866; ECF No. 3276);
Larry Gapen (ECF No. 3199; ECF No. 2903; ECF No. 3322);
Delano Hale (ECF No. 3200; ECF No. 2915; ECF No. 3321);
Percy Hutton (ECF No. 3201; ECF No. 2861; ECF No. 3332);
Timothy Hoffner (ECF No. 3202; ECF No. 2910; ECF No. 3305);
Gary L. Hughbanks, Jr. (ECF No. 3203; ECF No. 2895; ECF No. 3289);
Steven Cepec (ECF No. 3204; ECF No. 2873; ECF No. 3307);
Jeffrey Wogenstahl (ECF No. 3205; ECF No. 2856; ECF No. 3303);
Willie Wilks (ECF No. 3206; ECF No. 2896; ECF No. 3310);
Timothy Dunlap (ECF No. 3207; ECF No. 2894; ECF No. 3326);
Phillip Elmore (ECF No. 3208; ECF No. 2892; ECF No. 3277);
Gregory Esparza (ECF No. 3209; ECF No. 2868; ECF No. 3318);
Clarence Fry, Jr. (ECF No. 3210; ECF No. 2905; ECF No. 3292);
Lamont Hunter (ECF No. 3211; ECF No. 2922; ECF No. 3224);
Kareem Jackson (ECF No. 3212; ECF No. 2913; ECF No. 3338);
Donald Ketterer (ECF No. 3213; ECF No. 2889; ECF No. 3295);
Juan Kinley (ECF No. 3214; ECF No. 2912; ECF No. 3297);
Kenneth Smith (ECF No. 3215; ECF No. 2914; ECF No. 3325);
Lawrence Landrum (ECF No. 3216; ECF No. 2890; ECF No. 3299);
Edward Lang (ECF No. 3217; ECF No. 2882; ECF No. 3284);
Carl Lindsey (ECF No. 3218, ECF No. 2885; ECF No. 3328);
Charles Lorraine (ECF No. 3219; ECF No. 2870; ECF No. 3315);
José Loza (ECF No. 3220, ECF No. 2883; ECF No. 3313);
Ralph Lynch (ECF No. 3221; ECF No. 2854; ECF No. 3353);
James Mammone (ECF No. 3222; ECF No. 2862; ECF No. 3339);
Calvin McKelton (ECF No. 3223; ECF No. 2911; ECF No. 3316);
Jonathan Monroe (ECF No. 3224; ECF No. 2865; ECF No. 3341);
Caron Montgomery (ECF No. 3225; ECF No. 2855; ECF No. 3294);
Samuel Moreland (ECF No. 3226; ECF No. 2900; ECF No. 3327);
Nathaniel Jackson (ECF No. 3227; ECF No. 2901; ECF No. 3293);
James Derrick O'Neal (ECF No. 3228; ECF No. 2886; ECF No. 3312);
Gregory Osie (ECF No. 3229; ECF No. 2857; ECF No. 3301);
Kerry Perez (ECF No. 3230; ECF No. 2871; ECF No. 3308);
Roland Davis (ECF No. 3231; ECF No. 2904; ECF No. 3329);
Robert Williams (ECF No. 3232; ECF No. 2863; ECF No. 3345);
Walter Raglin (ECF No. 3233; ECF No. 2904; ECF No. 3324);
Jason Robb (ECF No. 3234; ECF No. 2907; ECF No. 3334);
Sean Carter (ECF No. 3235; ECF No. 2851; ECF No. 3285);
William Sapp (ECF No. 3236; ECF No. 2891; ECF No. 3304);
Kevin Scudder (ECF No. 3237; ECF No. 2887; ECF No. 3314);
Bobby Sheppard (ECF No. 3238; ECF No. 2926; ECF No. 3323);
Duane Short (ECF No. 3239; ECF No. 2859; ECF No .3296);
George Skatzes (ECF No. 3240; ECF No. 2877; ECF No. 3346);
David Sneed (ECF No. 3241; ECF No. 2860; ECF No. 3344);
Anthony Sowell (ECF No. 3242; ECF No. 2879; ECF No. 3291);

James Tench (ECF No. 3243; ECF No. 2858; ECF No. 3298);
Ashford Thompson (ECF No. 3244; ECF No. 2849; ECF No. 3302);
James Trimble (ECF No. 3245; ECF No. 2853; ECF No. 3354);
Michael Turner (ECF No. 3246; ECF No. 2906; ECF No. 3330);
Raymond Twyford (ECF No. 3247; ECF No. 2864; ECF No. 3347);
Von Clark Davis (ECF No. 3248; ECF No. 2829; ECF No. 3317);
Warren Waddy (ECF No. 3249; ECF No. 2875; ECF No. 3348);
Michael Webb (ECF No. 3250; ECF No. 2848; ECF No. 3300);
James Were (ECF No. 3251; ECF No. 2897; ECF No. 3306);
Hersie Wesson (ECF No. 3252; ECF No. 2869; ECF No. 3349);
Andre Williams (ECF No. 3253; ECF No. 2867; ECF No. 3340); and
Andre Jackson (ECF No. 3254; ECF No. 2876; ECF No. 3290).

## I.

Between January 29 and February 3, 2020, Plaintiffs filed Individual Supplemental Complaints ("ISCs"), each raising as many as forty-seven claims[1] and incorporating by reference allegations in the Fourth Amended Omnibus Complaint ("4AOC") (ECF No. 1252). On February 28, 2020, Defendants moved to dismiss all the ISCs, arguing that facial challenges to Ohio's present execution protocol were foreclosed as matters of law in light of *Henness v. DeWine*, 946 F.3d 287 (6th Cir. 2019) ("*Henness II*"), *cert. denied*, 141 S.Ct. 7 (2020), and that Plaintiffs failed to allege legally viable and factually plausible as-applied challenges based on their individual characteristics (*See, e.g.*, Spaulding Motion, ECF No. 2899.[2]) Magistrate Judge Michael R. Merz held oral arguments on the Motions on August 20, 2020 (Hrg. Tr., ECF No. 3259) and then filed the above Reports, which recommended dismissal of the Second through Tenth, Twelfth, Fourteenth, Thirtieth and Thirty-First Causes of Action (*See, e.g.*, Spaulding Report, ECF No.

---

[1] While not all Plaintiffs raised all forty-seven causes of action, the gravamen of each cause of action was assigned the same ordinal in each ISC. *E.g.*, "a three-drug protocol violates the Eighth Amendment because it not does not comport with prevailing standards of decency" is the Forty-Fifth Cause of Action in all the ISCs; to ensure uniformity, Spaulding, declining to raise a judicial estoppel claim, stated "Plaintiff does not allege a Forty-Third Cause of Action." (Spaulding ISC, ECF No. 2796, PageID 146503.)

[2] Defendants' Motions were identical in substance as to all Plaintiffs; in many instances, the only differences were the names and docket numbers. Their reply memoranda (ECF Nos. 3078-3156) were identical in substance as to the scope of the Reports and Plaintiffs' Objections.

3171.[3])  The Magistrate Judge reasoned that those claims were duplicative of claims in the 4AOC that had already been dismissed.  *Id.* at PageID 156087, 156090, citing *In re Ohio Execution Protocol Litig.*, 2018 U.S. Dist. LEXIS 209769 (S.D. Ohio Dec. 18, 2018) (Sargus, C.J.).  Pursuant to the law of the case doctrine, the conclusions and findings made by the Court previously in dismissing the claims previously were binding at this subsequent stage of the litigation.  *Id.* at PageID 156088, citing *Arizona v. California*, 460 U.S. 605, 618 (1983); *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994), *superseded by statute on other grounds as discussed in United States v. Wendlandt*, 714 F.3d 388, 395 (6th Cir. 1995).  Thus, the Magistrate Judge reasoned, this Court's previous dismissals of those claims precluded Plaintiffs from raising them as though they were new claims in the ISCs.  Even if "the Court is not bound by law of the case doctrine to decide issues the same way, it would destroy the economy of consolidation as well as raise serious equal justice considerations to decide the issues differently."  *Id.* at PageID 156089, quoting *In re Ohio Execution Protocol Litig.* ("*Henness I*"), 2019 U.S. Dist. LEXIS 8200 at * 33-34 (S.D. Ohio, Jan. 14, 2019) (Merz, Mag. J), citing *GMAC Mortg., LLC v. McKeever*, 651 F. App'x 332, 338-39 (6th Cir. 2016), *rev'd on other grounds at In re: Ohio Execution Protocol Litig. (Henness v. DeWine)*, 937 F.3d 759 (6th Cir. 2019), substituted decision at *Henness II*, 946 F.3d 287.  Thus, the Magistrate Judge recommended dismissing the above claims, but did not opine on the other claims or otherwise on the merits of Defendants' Motions.

Between October 2 and October 6, 2020, Plaintiffs filed the above-listed Objections. Defendants did not object to the Reports, but filed Responses to Defendants' Objections on January

---

[3] The Reports and Recommendations were substantively identical; thus, citations to the decision and reasoning in the Spaulding Report is applicable to all other Plaintiffs.

29, 2021 (ECF Nos. 3550-3626.)[4]

## II.

"A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed.R.Civ.P. 72(b)(1). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed.R.Civ.P. 72(b)(2). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3).

## III.

Plaintiffs' Objections are divided into four main categories.

### A. Certain Claims should not be Dismissed

Plaintiffs argue that the Magistrate Judge clearly erred in his recommended dismissal of the Third and Twelfth Causes of Action and sub-claims A.1, A.10, B.1, and B.8 of the Fourth Cause of Action, as those claims were not subject to this Court's prior dismissal order (Spaulding Objections, ECF No. 3275, PageID 157112-13, citing *In re Ohio Execution Protocol Litig.*, 2018 U.S. Dist. LEXIS 209769 at *53; Spaulding Report 1, ECF No. 3171, PageID 156085-87.)

---

[4] As with their memoranda *contra* and Defendants' Motions and Replies, Plaintiffs' Objections and Defendants' Responses were almost identical in substance. Thus, the Court's references to Spaulding's Objections apply to the Objections of all Plaintiffs except where otherwise noted.

Defendants did not respond substantively to this objection (Spaulding Response, ECF No. 3612, PageID 161433-34.)  The Court agrees with Plaintiffs that the Third Cause of Action and sub-claims A.1, A.10, B.1, and B.8 of the Fourth were not within the scope of the Court's 2018 Order, and should not be dismissed.  However, the Magistrate Judge did not recommend dismissal of the Twelfth Cause of Action based on its having been expressly been dismissed.  Rather, he concluded that the gravamen of the claim was "virtually identical to sub-claim A.7 in the Fourth Cause of Action in the 4AOC[,]" and thus, was covered by the 2018 dismissal order (Spaulding Report, ECF No. 3171, PageID 156087.)  Plaintiffs object that the claims, while perhaps factually similar, are legally distinct; the Twelfth Cause of Action is an Eighth Amendment claim, while sub-claim A.7 arises under the Fourteenth Amendment (Spaulding Objections, ECF No. 3275, PageID 157114 n.4.)  Again, Defendants did not respond substantively to this objection, and the Court agrees with Plaintiffs that the legal distinction is enough for the Twelfth Cause of Action to survive at the Motion to Dismiss stage.  Accordingly, the Court sustains the above Objections and rejects the Reports and Recommendations to the extent they recommended dismissal of those claims.

## B.  Notice and Opportunity to be Heard

Plaintiffs argue that:  the Reports far exceeded the scope of Defendants' Motions; Plaintiffs were not reasonably on notice from those Motions that the Court might consider and adjudicate all the issues contained in the Report; and that they were prejudiced by not being given the opportunity to brief and argue those issues prior to their adjudication, including but not limited to the applicability of the law of the case doctrine (Spaulding Objections, ECF No. 3275, PageID 157101-02.)  They claim that they were "taken by surprise" by the Report, and that the lack of notice and opportunity to be heard prior to the recommended dismissal of the Second, Fourth[5]

---

[5] Unless otherwise specified, "Fourth Cause of Action" refers to the sub-claims that were dismissed by the Court in 2018.

through Tenth, Fourteenth, Thirtieth and Thirty-First Cause of Action violated their rights to Due Process. *Id*. at PageID 157103-04, citing *Day v. McDonough*, 547 U.S. 198, 210 (2006); *Burns v. United States*, 501 U.S. 129, 138 (1991), *superseded by statute on other grounds as stated in United States v. Cousins*, 469 F.3d 572, 579 (6th Cir. 2006); *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). They also argue that the Magistrate Judge abused his discretion by injecting issues outside the pleadings and motion papers, "and then ruled based upon that issue." *Id*. at PageID 157104, citing *United States v. Sineneng-Smith*, 590 U.S. ___, 140 S. Ct. 1575 (2020). This denial of due process mean that the claims should not be dismissed. *Id*. at PageID 157105.

The Magistrate Judge discussed law of the case extensively in the Reports, but he did not rely exclusively on law of the case in dismissing those claims. He referenced his prior scheduling order in which he invited the parties to move for an entry under Fed.R.Civ.P. 54(b) to appeal the 2018 Order. "None of the parties accepted this invitation, so there has as yet been no circuit review of this Court's analysis of the listed claims in the 4AOC. Spaulding (and the other Plaintiffs) therefore cannot be faulted for repeating these claims in his ISC to preserve them for eventual appeal." (Spaulding Report, ECF No. 3171, PageID 156087-88, quoting Scheduling Order, ECF No. ECF No. 2109, PageID 103627-28.)

From the above, the Court concludes that the Magistrate Judge read the claims as being raised in the ISCs only to guard against waiver for purposes of appeal, and that the Magistrate Judge noted that those claims were still dismissed to keep the record organized. This reading is reasonable, as Plaintiffs' Second through Eleventh, Fourteenth through Nineteenth, Thirtieth, and Thirty-First Causes of Action simply state that that "Cause of Action is alleged in the Fourth Amended Omnibus Complaint." (Spaulding ISC, ECF No. 2796, PageID 146389-90.) They alleged no new particular facts with respect to those claims; nor did they argue at any point prior

7

to the Objections that those claims should be revisited by the Court.  In sum, Plaintiffs have nothing but the claims set forth in the 4AOC, for which they had ample notice and opportunity to be heard by this Court.[6]  The Magistrate Judge's recommended dismissals certainly did not constitute a deprivation of due process, and the Court overrules this objection.

### C.  Applicability of Law of the Case Doctrine

Plaintiffs argue that, because the 2018 Dismissal Order is a non-final, interlocutory order, and "an interlocutory order cannot create the law of the case[,]" the law of the case doctrine cannot apply to dismiss the recommended claims (Spaulding Objections, ECF No. 3275, PageID 157107-08, quoting *Guy v. Lexington-Fayette Urban Cty. Gov't*, 488 F. App'x 9, 17 (6th Cir. 2012); citing Fed.R.Civ.P. 54(b); *In re Life Investors Ins. Co. of Am.*, 589 F.3d 319, 326 n.6 (6th Cir. 2009); *Filebark v. U.S. Dep't of Trans.*, 555 F.3d 1009, 1013 (D.C. Cir. 2009).)  This position, Plaintiffs claim, is supported by the other Circuits and common sense—because an interlocutory decision could be modified at any point prior to the entry of judgment, they should not be used to bind the parties prior to entry.  *Id*. at PageID 157108-10, citing *Latin Am. Music Co. v. Media Power Grp., Inc.*, 705 F.3d 34, 40 (1st Cir. 2013); *Gage v. Gen. Motors Corp.*, 796 F.2d 345, 349 (10th Cir. 1986); *O'Connor v. Chicago Bd. of Educ.*, 790 F. App'x 801, 803 (7th Cir. 2019), *rehearing denied at* No. 18-2188, 2019 U.S. App. LEXIS 33466 (7th Cir. Nov. 7, 2019).  Consequently, Plaintiffs argue, the Magistrate Judge's "*sua sponte* invocation of 'law of the case,'" and recommendation of dismissal based on that doctrine, were "clear error and contrary to law."  *Id*. at PageID 157111.

While it is indisputably true that this Court "may always reconsider and revise its

---

[6] Plaintiffs incorporate the objections lodged before this Court as to the Initial and Supplemental Reports and Recommendations that preceded the 2018 Dismissal Order (Spaulding Objections, ECF No. 3275, PageID 157129, citing Reports, ECF Nos. 1429, 1620; Spaulding Objections, ECF Nos. 1459, 1795.)  The Court has considered those previous objections and does not find them any more persuasive now than they were when they were initially raised. Accordingly, the Court again overrules those Objections.

interlocutory orders while it retains jurisdiction over the case[,]"*In re Life Investors*, 589 F.3d at 326 n.6 (citations omitted), the facts and circumstances in this case are readily distinguishable from the Sixth Circuit cases cited by Plaintiffs. *In re Life Investors* was a mandamus action seeking "relief from the district court's orders and general case management approach[,]" and the issue was whether the district court intended to treat a *vacated and mooted* summary judgment order as law of the case. *Id.* at 321, 325. *Guy* dealt with the scope of the Sixth Circuit's remand order as to the applicability of statute of limitations. 488 F. App'x at 17. In this case, the Court has made adjudications on the merits of Plaintiffs' claims—adjudications that Plaintiffs had never sought to revisit in the nearly two years between the 2018 Dismissal Order and the filing of the instant Objections. It has never been treated by this Court as anything but a "final decision" on those claims, even if final judgment has not been entered.[7] In light of the above, the Magistrate Judge's invocation of the law of the case doctrine was not erroneous, and the Court overrules Plaintiffs' objections to reliance on that doctrine.

### D. Substantive Due Process Claims

Plaintiffs argue that, even if the law of the case doctrine applies generally, it cannot apply to their substantive due process "shock the conscience" claims, including the Second, Eighth, and Fourteenth Causes of Action. Moreover, they claim, the Sixth Circuit's intervening decision in *Guertin v. Michigan* makes these claims plausible (Spaulding Objections, ECF No. 3275, PageID 157114, citing 912 F.3d 907 (6th Cir. 2019), *on rehearing*, 924 F.3d 309 (6th Cir. 2019).) Plaintiffs note that in *Guertin*, also known as the "Flint(, Michigan) Water" case, the Sixth Circuit held that intentional injury and deliberate indifference can support plausible "shock the conscience" claims,

---

[7] Indeed, given that no party has even moved for summary judgment in the sixteen years this case and its predecessor, *Cooey v. Kasich*, 2:04-cv-1156, have been pending before this Court, the 2018 Dismissal Order may be as close to a final judgment as this Court will enter.

although mere negligence would not. *Id.* at PageID 157117-19, quoting *Guertin*, 924 F.3d at 309-10 (Gibbons, J., concurring), 311, 314 (Sutton, J., concurring); *Guertin*, 912 F.3d at 918, 923-24, 925-26; citing *Rochin v. California*, 342 U.S. 165 (1952); *Guertin*, 912 F.3d at 918-24; *In re Cincinnati Rad. Litig.*, 874 F. Supp. 796 (S.D. Ohio 1995).

Plaintiffs argue that, in light of *Guertin*, their Second, Eighth, and Fourteenth Causes of Action meet the plausibility threshold to survive a motion to dismiss (Spaulding Objections, ECF No. 3275, PageID 157119, quoting *Guertin*, 924 F.3d at 311 (Sutton, J., concurring); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). They claim that, as to the Fourteenth Cause, they allege:

> [B]ehavior that shocks the conscience, including (for example): Defendants use the midazolam protocol knowing full well that it does not block pain, but instead causes the experience of severe pain and horrific suffering akin to waterboarding torture or being drowned or suffocated to death; Defendants have been on notice of the severe pain and suffering inflicted by their actions; and they have had sufficient time to consider the consequences of their actions, yet they have been deliberately indifferent to those risks, and instead engage in conscience-shocking, arbitrary, and capricious behavior.

*Id.* at PageID 157122, citing 4AOC, ECF No. 1252, PageID 45807-10, ¶¶ 1623-33.

As to the Second Cause, Plaintiffs claim that Defendants have deviated from the protocol by using midazolam in executions, even after "rejecting it and announcing they would not use it again[.]" (Spaulding Objections, ECF No. 3275, PageID 157122, citing 4AOC, ECF No. 1252, PageID 45726, ¶¶ 1288-89.) This reinstatement of midazolam constituted deliberate indifference towards Plaintiffs' "statutorily created liberty, life, or property interest in expecting and receiving a 'painless, humane, and dignified death' protected by the Fourteenth Amendment in the way they have created and administered their protocol, including through their use of drugs." *Id.*, citing 4AOC, ECF No. 1252, PageID 45726, ¶ 1290. Finally, Plaintiffs argue, their Eighth Cause alleges intentional human experimentation by the Defendants by subjecting them to an untested execution

10

protocol with drugs they know are likely to cause severe pain.  *Id*. at PageID 157123-24, quoting *Guertin*, 924 F.3d at 314 (Sutton, J., concurring); citing 4AOC, ECF No. 1252, PageID 45789-95, ¶¶ 1541-69.  In light of *Guertin*, Plaintiffs argue that their claims are sufficient to meet the *Iqbal/Twombly* standard.  *Id*. at PageID 157124.

Plaintiffs note that law of the case "is not an inexorable command" in the Sixth Circuit, and claim that *Guertin* constitutes an intervening change of law within the Circuit.  They argue that even if the doctrine were to apply generally, it should not apply to the Second, Eighth, and Fourteenth Causes; indeed, Plaintiffs argue, the Court should reconsider its 2018 dismissal order in light of *Guertin* "to correct a clear error or prevent a manifest injustice.".  (Spaulding Objections, ECF No. 3275, PageID 157124-25, quoting *Moore v. Mitchell*, 848 F.3d 774, 776 (6th Cir. 2018); *Entertainment Prods., Inc. v. Shelby Cty.*, 721 F.3d 729, 742 (6th Cir. 2013); *Hanover Ins. Co. v. Am. Engineering Co.*, 105 F.3d 306, 312 (6th Cir. 1997).)  Not only is *Guertin* superseding authority not available at the time of the 2018 order, Plaintiffs claim, but it also renders the 2018 order "'clearly erroneous and would work a manifest injustice' and would not survive as 'law of the case.'"  *Id*. at PageID 157126, quoting *Moore*, 848 F.3d at 776.  Finally, Plaintiffs argue that they have sufficiently alleged that Defendants' continued use of midazolam, despite the overwhelming new evidence that doing so has caused the severe pain of pulmonary edema in multiple inmates, constitutes deliberate indifference that shocks the conscience, making their claims plausible.  *Id*. at PageID 157127-28, citing *Guertin*, 912 F.3d at 923-25, 929; *Entertainment Prods.*, 721 F.3d at 742.

The Court concludes that this argument is improperly before it.  While Plaintiffs cite well-established Sixth Circuit law on when the law of the case is inapplicable, that standard is derived not from the standard for Objections to Reports and Recommendations under Rule 72(b), but for

Motions to Alter or Amend Judgment under Rule 59(e), Motions for Reconsideration, or Motions for Relief from a Final Judgment under Rule 60(b).  *See, e.g.*, *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1993) (citations omitted) ("Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."); *see also Moore*, 848 F.3d at 776 (applying this standard in the Rule 60(b) context); *Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (brackets in original) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare,* 89 F. App'x 949, 959 (6th Cir.2004)) ("courts will find justification for reconsidering interlocutory orders whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.").  Plaintiffs provide no citation to caselaw, and the Court is unaware of any, suggesting that objections to a Report and Recommendations are the proper venue for this Court to consider newly raised legal arguments.  If Plaintiffs wish this Court to reconsider its dismissal of the Second, Eighth, and Fourteenth Causes of Action in light of *Guertin*, then they may file such motions and raise the arguments therein.[8]  But there is no indication that they are valid grounds for objections, and the Court overrules them.

## IV.

For the foregoing reasons, the Reports and Recommendations are REJECTED as to the recommended dismissal of the Third and Twelfth Causes of Action and sub-claims of A.1, A.10, B.1, and B.8 of the Fourth Cause of Action.  It is ADOPTED in all other respects.  Plaintiffs' Second, Fifth through Tenth, Fourteenth, Thirtieth, and Thirty-First Causes of Action *in toto*, and

---

[8] Plaintiffs can also explain why they waited more than a year after *Guertin* was filed to raise such arguments (the opinion on rehearing in *Guertin* was issued on May 16, 2019).

Fourth Cause of Action except for the above-listed sub-claims, are DISMISSED.

**IT IS SO ORDERED.**


<u>**3/3/2021**</u>                                    <u>**s/Edmund A. Sargus, Jr.**</u>
**Date**                                              **Edmund A. Sargus, Jr.**
                                                      **United States District Judge**