**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

IN RE: OHIO EXECUTION           :
PROTOCOL LITIGATION                 Case No. 2:11-cv-1016

                                            **District Judge Edmund A. Sargus, Jr.
                                            Magistrate Judge Michael R. Merz**

**This document relates to:
  The Listed Plaintiffs.**

---

# OPINION AND ORDER

---

This consolidated § 1983 case raising multiple constitutional challenges to the manner in which Ohio carries out executions is before the Court on the following:

► The Defendants' Motions to Dismiss the Individual Supplemental Complaints, the Magistrate Judge's Reports and Recommendations as to those Motions, and the Objections of:

    Andre Jackson (ECF No. 3263; ECF No. 2876; ECF No. 3356);
    Timothy Hoffner (ECF No. 3270; ECF No. 2910; ECF No. 3359);
    James Derrick O'Neal (ECF No. 3350; ECF No. 2886; ECF No. 3361);
    Andre Williams (ECF No. 3372; ECF No. 2867; ECF No. 3542);
    Stanley Adams (ECF No. 3373; ECF No. 2923; ECF No. 3470);
    Tyrone Ballew (ECF No. 3374; ECF No. 2878; ECF No. 3471);
    Richard Bays (ECF No. 3375; ECF No. 2918; ECF No. 3472);
    Anthony Belton (ECF No. 3376; ECF No. 2908; ECF No. 3473);
    Douglas Coley (ECF No. 3377; ECF No. 2872; ECF No. 3482);
    Davel Chinn (ECF No. 3378; ECF No. 2920; ECF No. 3481);
    Steven Cepec (ECF No. 3379; ECF No. 2873; ECF No. 3480);
    August Cassano (ECF No. 3380; ECF No. 2919; ECF No. 3479);
    Clifford Donta Williams (ECF No. 3381; ECF No. 2847; ECF No. 3543);
    Melvin Bonnell (ECF No 3382; ECF No. 2850; ECF No. 3474);
    David Braden (ECF No. 3383; ECF No. 2851; ECF No. 3475);
    Quisi Bryan (ECF No. 3384; ECF No. 2866; ECF No. 3476);
    Cedric Carter (ECF No. 3385; ECF No. 2898; ECF No. 3477);
    James Conway (ECF No. 3386; ECF No. 2925; ECF No. 3483);
    James Frazier (ECF No. 3387; ECF No. 2197; ECF No. 3493);
    Gregory Esparza (ECF No. 3388; ECF No. 2868; ECF No. 3491);

Stanley Fitzpatrick (ECF No. 3389; ECF No. 2916; ECF No. 3492);
Phillip Elmore (ECF No. 3390; ECF No. 2892; ECF No. 3490);
Timothy Dunlap (ECF No. 3391; ECF No. 2894; ECF No. 3489);
Archie Dixon (ECF No. 3392; ECF No. 2881; ECF No. 3487);
John Drummond (ECF No. 3393; ECF No. 2924; ECF No. 3488);
Jeronique Cunningham (ECF No. 3394; ECF No. 2880; ECF No. 3484);
Danny Hill (ECF No. 3395; ECF No. 2909; ECF No. 3497);
Antonio Franklin (ECF No. 3396; ECF No. 2884; ECF No. 3493);
Kenneth Smith (ECF No. 3397; ECF No. 2914; ECF No. 3527);
Kareem Jackson (ECF No. 3398; ECF No. 2913; ECF No. 3501);
Donald Ketterer (ECF No. 3399; ECF No. 2889; ECF No. 3503);
Percy Hutton (ECF No. 3400; ECF No. 2861; ECF No. 3500);
Lamont Hunter (ECF No. 3401; ECF No. 2922; ECF No. 3499);
Gary L. Hughbanks, Jr. (ECF No. 3402; ECF No. 2895; ECF No. 3498);
Delano Hale (ECF No. 3403; ECF No. 2915; ECF No. 3496);
Clarence Fry, Jr. (ECF No. 3404; ECF No. 2905; ECF No. 3494);
Juan Kinley (ECF No. 3405; ECF No. 2912; ECF No. 3504);
Larry Gapen (ECF No. 3406; ECF No. 2903; ECF No. 3495);
Ralph Lynch (ECF No. 3407; ECF No. 2854; ECF No. 3511);
James Mammone (ECF No. 3408; ECF No. 2862; ECF No. 3512);
José Loza (ECF No. 3409, ECF No. 2883; ECF No. 3510);
Charles Lorraine (ECF No. 3410; ECF No. 2870; ECF No. 3508);
Gregory Lott (ECF No. 3411, ECF No. 2706, ECF No. 3509);
Edward Lang (ECF No. 3412; ECF No. 2882; ECF No. 3506);
Carl Lindsey (ECF No. 3413, ECF No. 2885; ECF No. 3507);
Lawrence Landrum (ECF No. 3414; ECF No. 2890; ECF No. 3505);
Calvin McKelton (ECF No. 3415; ECF No. 2911; ECF No. 3513);
Robert Williams (ECF No. 3416; ECF No. 2863; ECF No. 3544);
Kerry Perez (ECF No. 3417; ECF No. 2871; ECF No. 3519);
Roland Davis (ECF No. 3418; ECF No. 2904; ECF No. 3485);
Jeffrey Wogenstahl (ECF No. 3419; ECF No. 2856; ECF No. 3545);
Willie Wilks (ECF No. 3420; ECF No. 2896; ECF No. 3541);
Hersie Wesson (ECF No. 3421; ECF No. 2869; ECF No. 3540);
James Were (ECF No. 3422; ECF No. 2897; ECF No. 3539);
Michael Webb (ECF No. 3423; ECF No. 2848; ECF No. 3538);
Warren Waddy (ECF No. 3424; ECF No. 2875; ECF No. 3537);
Von Clark Davis (ECF No. 3425; ECF No. 2829; ECF No. 3486);
Raymond Twyford (ECF No. 3426; ECF No. 2864; ECF No. 3536);
Michael Turner (ECF No. 3427; ECF No. 2906; ECF No. 3535);
Jonathan Monroe (ECF No. 3428; ECF No. 2865; ECF No. 3514);
Caron Montgomery (ECF No. 3429; ECF No. 2855; ECF No. 3515)
Samuel Moreland (ECF No. 3430; ECF No. 2900; ECF No. 3516);
Nathaniel Jackson (ECF No. 3431; ECF No. 2901; ECF No. 3502);
Denny Obermiller (ECF No. 3432; ECF No. 2874; ECF No. 3517);
Gregory Osie (ECF No. 3433; ECF No. 2857; ECF No. 3518);

    Jason Robb (ECF No. 3434; ECF No. 2907; ECF No. 3521);
Walter Raglin (ECF No. 3435, ECF No. 2902, ECF No. 3520)
Sean Carter (ECF No. 3436; ECF No. 2851; ECF No. 3478);
William Sapp (ECF No. 3437; ECF No. 2891; ECF No. 3522);
Kevin Scudder (ECF No. 3438; ECF No. 2887; ECF No. 3523);
Bobby Sheppard (ECF No. 3439; ECF No. 2926; ECF No. 3524);
Duane Short (ECF No. 3440; ECF No. 2859; ECF No. 3525);
George Skatzes (ECF No. 3441; ECF No. 2877; ECF No. 3526);
David Sneed (ECF No. 3442; ECF No. 2860; ECF No. 3528);
Anthony Sowell (ECF No. 3443; ECF No. 2879; ECF No. 3529);
Ashford Thompson (ECF No. 3444; ECF No. 2849; ECF No. 3533);
James Trimble (ECF No. 3445; ECF No. 2853; ECF No. 3534);
Dawud Spaulding (ECF No. 3446; ECF No. 2899; ECF No. 3530);
James Tench (ECF No. 3447; ECF No. 2858; ECF No. 3532); and
John David Stumpf (ECF No. 3448, ECF No. 2705; ECF No. 3531).

## I.[1]

"A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . The magistrate judge must enter a recommended disposition[.]" Fed.R.Civ.P. 72(b)(1). "[A] party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3).

---

[1] The Court set forth the relevant procedural history in its Order Adopting in Part the Law of the Case Reports and Recommendations (ECF No. 3713, PageID 165820), and incorporates that discussion by reference herein.

3

## II.

Defendants' Objections to the Magistrate Judge's Reports and Recommendations[2] are divided into three main categories. The first two apply to all named Plaintiffs; the third applies only to Plaintiffs Franklin, O'Neal, and Scudder.

### A. Plaintiffs' claims are legally permissible and factually plausible

#### 1. Defendants' arguments

Defendants claim that the Magistrate Judge did not conduct a proper analysis under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). They argue that "in adjudicating Defendants' motions to dismiss, the Court may and should assess the plausibility of the prisoners' claims in the context of this litigation, including the appellate decisions of the Sixth Circuit rendered in the course of reviewing the Court's grant or denial of preliminary injunctive relief." (Hoffner Objections[3], ECF No. 3359, PageID 161049.) Defendants claim that Sixth Circuit decisions in *Fears v. Morgan*, 860 F.3d 881 (6th Cir. 2017) (*en banc*), *Campbell v. Kasich*, 881 F.3d 447 (6th Cir. 2018), *Miller v. Parker*, 909 F.3d 827, 830 (6th Cir. 2018) (a case challenging Tennessee's identical three-drug protocol), and *Henness II* conclusively established that Ohio's three-drug protocol is constitutional, making any challenge to the protocol implausible. *Id*. at PageID 161051-53. Thus, the Magistrate Judge's conclusion that *Henness II* was not dispositive, because it left open the door that someone, somewhere could make an Eighth

---

[2] Citations to the decision and reasoning in the Hoffner Report (ECF No. 3270) are applicable to the Reports for all other Plaintiffs. Plaintiffs Hoffner, Lott, and McKelton raised additional arguments as to the implications of the United States Court of Appeals for the Sixth Circuit's decision in *Henness v. DeWine*, 947 F.3d 287 (6th Cir. 2019), *cert. denied* 141 S.Ct. 7 (Mem.) (2020) ("*Henness II*"), which the Magistrate Judge addressed but declined to rule upon in their Reports, since the issue was not relevant to the recommended dispositions (*see, e.g.*, Hoffner Report, ECF No. 3270, PageID 157017). Defendants did not object to those portions of the Reports, and the Court adopts the Magistrate Judge's analyses.

[3] Defendants' Objections (ECF Nos. 3356, 3361, 3550-3626) were substantively identical to the Hoffner Objections (ECF No. 3359).

Amendment claim based on the three-drug protocol, and because Defendants did not limit the motion to dismiss to pulmonary edema from use of midazolam, was legally and factually erroneous.  *Id.* at PageID 161050, quoting *Henness*, 141 S.Ct. at 8-9 (Sotomayor, J., statement respecting denial of certiorari) ("The Sixth Circuit thus appears to have created a categorical rule that a method of execution passes constitutional muster so long as it poses no greater risk of pain than the slow suffocation of a hanging gone wrong."); citing Hoffner Report, ECF No. 3270, PageID 157015-16.

Additionally, Defendants claim that the Magistrate Judge erred in his analysis of *Barr v. Lee*, 140 S.Ct. 2590 (2020), and *Roane v. Barr* (*In re Fed. Bureau of Prisons' Execution Protocol Cases*), No. 19-mc-145 (TSC), 2020 U.S. Dist. LEXIS 153354 (D.D.C. Aug. 14, 2020), *rev'd in part and remanded at* 980 F.3d 123 (D.C. Cir. 2020) (*per curiam*) (Hoffner Objections, ECF No. 3359, PageID 161049-50.)  In *Lee* and *Roane*, the Supreme Court rejected, and the district court dismissed, respectively, challenges to the federal government's execution protocol.  *Lee*, 140 S.Ct. at 2591-92; *Roane*, 2020 U.S. Dist. LEXIS 153354, at *13-14.  The Magistrate Judge found that those cases were inapplicable because they concerned the use of a single dose of pentobarbital, a barbiturate, rather than a three-drug protocol with midazolam, a benzodiazepine (Hoffner Report, ECF No. 3270, PageID 157018-19.)  Defendants argue that, just as the *Roane* court dismissed as implausible the federal plaintiffs' claims in light of the Supreme Court's categorical rejection of challenges to the pentobarbital protocol, this Court should find any challenge to Defendants' protocol legally impossible and factually implausible (Hoffner Objections, ECF No. 3359, PageID 161049-50.)

Defendants further argue that the Magistrate Judge erred in differentiating *Lee* and *Roane* from the instant case because the former pertained to a pentobarbital protocol.  They argue that the

5

use of a barbiturate has not been at issue in this case since 2010, when this Court and Sixth Circuit upheld a previous version of the protocol that used a single dose of thiopental sodium (Hoffner Objections, ECF No. 3359, PageID 161050-51, citing *Cooey (Biros) v. Strickland*, 589 F.3d 210, 223 (6th Cir. 2009); *Cooey v. Strickland*, No. 2:04-cv-1156, 2010 U.S. Dist. LEXIS 81841 (S.D. Ohio Aug. 12, 2010) (Sargus, J.).)  Defendants also claim that the Magistrate Judge's differentiation misses the point of their argument.  It matters not whether the method is by barbiturate or benzodiazepine; what matters is that the method has been affirmatively upheld, which forecloses any challenge as a matter of law.

### 2. Analysis

Initially, the Court notes that the use of pentobarbital is still at issue in this case because, as the Magistrate Judge pointed out, it is still part of the protocol (Hoffner Report, ECF No. 3270, PageID 157019 n.8).  Moreover, Defendants cite no caselaw, and the Court is unaware of any, in which a court has held that the permissibility of thiopental sodium forecloses as a matter of law challenges to the use of pentobarbital.  More importantly, Defendants point to no language in *Fears*, *Campbell*, or *Henness II* in which the Sixth Circuit affirmatively held that the three-drug protocol comports with the Eighth Amendment, because there is no such language.  Rather, those cases only held that Plaintiffs had failed to demonstrate that the protocol was sure or very likely to cause pain so severe that it would be considered cruel and unusual punishment.  *Henness II*, 946 F.3d at 290-91, citing *Fears*, 860 F.3d at 886-90; *Campbell*, 881 F.3d at 452-53.  In *Miller*, the Sixth Circuit did state that as to the three-drug protocol and electrocution, "this court has concluded that neither of these methods violates the Constitution. We recently rejected a challenge to a similar Ohio lethal-injection protocol that, like the current Tennessee protocol, utilizes a large dose of the sedative midazolam as the first drug to render the prisoner unconscious." 909 F.3d at 830, citing

6

*Campbell*, 881 F.3d at 449-53; *Fears*, 860 F.3d at 887-90. Yet, in both *Fears* and *Campbell*, the Sixth Circuit expressly held that the pain from the second and third drugs in the protocol was severe, but that plaintiffs had failed to show that the 500 milligram dose of midazolam would not render them sufficiently unconscious to shield them from that severe pain. *Campbell*, 881 F.3d at 450-51, quoting *Fears*, 860 F.3d at 886. Thus, *Miller* is properly read as holding that the three-drug protocol does not violate the Constitution, based on the evidence that has been presented by inmates thus far. *Henness II* reached the same conclusion.

As the Magistrate Judge noted, *King v. Parker* was the first case to examine a Rule 12(b)(6) or 12(c) challenge to a midazolam-based protocol with the knowledge of all four aforementioned cases (Hoffner Report, ECF No. 3270, PageID 157002-04, citing 467 F. Supp. 3d 569 (M.D. Tenn. 2020)). The *King* court rejected Defendants' argument that *Henness II* affirmatively established the constitutionality of Tennessee's protocol. Rather, the Court noted that the question of:

> [W]hether midazolam protects against the serious pain of the second and third drugs . . . has never been answered as a matter of law. Defendants offer no reason to believe that *Henness* did so when *Glossip* and *Fears* did not. Accordingly, *Henness* does not dictate judgment as a matter of law in this case.

*King*, 467 F. Supp. 3d at 574 (internal quotation marks and citation omitted). The *King* court concluded that the plaintiff's allegations that midazolam has no analgesic properties are essentially allegations:

> [T]hat all the pain associated with the administration of the last two drugs of the protocol—or at least enough of it to be constitutionally unacceptable—will be experienced despite the administration of midazolam. Whether his evidence will prove the truth of that allegation remains to be seen, but his allegations are sufficient to entitle him to try.

*Id*.

Similarly, Plaintiffs allege that "the overdose of midazolam, far from sedating or

7

anesthetizing him, will send him into a state of hyperalgesia, making the pain from the second and third drugs *worse* than if he received no midazolam at all." (Hoffner Report, ECF No. 3270, PageID 157016-17 (emphasis in original), citing Hoffner Third Am. Indiv. Supp. Complt., ECF No. 2811, PageID 148820, ¶¶ 2793-94.) Taking these allegations as true, as the Court must at the Motion to Dismiss stage, they could add up to a plausible claim for relief under the Eighth Amendment. Even under *Iqbal* and *Twombly*, this is enough to proceed. Accordingly, the Court overrules Defendants' objection that these claims have been foreclosed as matters of law.

### B. Plaintiffs have plausibly stated that they are sure or very likely to suffer severe pain

Defendants correctly note that "[i]n recommending denial of Defendants' motion, the Magistrate Judge primarily relied on Hoffner's allegation that due to his individual conditions the midazolam would not sedate or anesthetize him but would increase his sensitivity to pain." (Objections, ECF No. 3359, PageID 161054, citing Hoffner Report, ECF No. 3270, PageID 157016-17.) The Magistrate Judge also noted Hoffner's allegations that his individual characteristics "will cause the protocol drugs to 'act synergistically'—*i.e.*, that the effects of the three drugs combined on his body is greater than the sum of the effect of each drug on his body if administered separately and independently." (Hoffner Report, ECF No. 3270, PageID 152017, citing Hoffner Third Am. Indiv. Supp. Complt., ECF No. 2811, PageID 148819, ¶ 2792.) Defendants object that the Magistrate Judge's analysis was incomplete and erroneous:

> In assessing the plausibility of Hoffner's claims, the Magistrate Judge apparently did not "factor in" the consciousness check which for years has been a required safeguard in Defendants' execution protocol. . . . Accordingly, it is highly *implausible* that Hoffner's individual conditions would result in a failure of the midazolam to produce its desired effects which would cause constitutionally prohibited pain.

(Hoffner Objections, ECF No. 3359, PageID 161054-55 (emphasis in original), quoting *Glossip v. Gross*, 576 U.S. 863, 886 (2015); *Fears*, 860 F.3d at 885; citing *Baze v. Rees*, 553 U.S. 35 (2008).)

8

As Plaintiffs note, Defendants never made this argument in their Motion or Reply (Hoffner Response, ECF No. 3257, PageID 164305[4]), and it is axiomatic that matters raised for the first time on objections need not be considered by the District Judge. Nonetheless, even if this argument were properly before the Court, it would fail. It is well-established that courts may consider matters of public record, like 01-COM-11, without converting a motion to dismiss to one for summary judgment. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds in Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002). As part of 01-COM-11, the Court may consider the consciousness check as part of the protocol. Yet, it is not the *existence* of the check that is at issue, but its *efficacy*. Whether the protocol, including the consciousness check, is sufficient to ensure that an inmate is not hypersensitive to the severe pain of the second and third drugs in the protocol is a question of fact; at this stage, the Court must accept as true Plaintiffs' allegation that the protocol is insufficient in this regard. Defendants' objection is overruled.

### C. Franklin, O'Neal, and Scudder's claims are plausible

Defendants argue that the Magistrate Judge applied a standard of possibility, rather than plausibility, to their Motions with respect to claims brought by Franklin, O'Neal, and Scudder that being rendered mentally incapacitated during the execution—and thus, unable to comprehend what is happening to them—deprives them of human dignity in violation of the Eighth Amendment (O'Neal Objections, ECF No. 3361, PageID 161066, quoting *Iqbal,* 556 U.S. at 679; Fed.R.Civ.P. 8(a)(2)); *see also* O'Neal Memo. in Opp., ECF No. 3030, PageID 155407-08, citing *Madison v. Alabama*, 586 U.S. ___, 139 S. Ct. 718, 723 (2019); *Ford v. Wainwright*, 477 U.S. 399, 410 (1986); O'Neal Indiv. Supp. Compl., ECF No. 2779, PageID 143751, 143761, 143797, 143847,

---

[4] Hoffner's response (ECF No. 3627) is substantively identical to the responses of his fellow Plaintiffs (ECF Nos. 3629-3706).

9

143860, 143865-143869, 143969-143970).[5] Defendants state that "O'Neal's claim defies common sense, particularly in light of the decades of litigation in which prisoners have argued repeatedly that the Eighth Amendment *requires* that Defendants' lethal injection protocol render them unconscious and insensate to pain." *Id*. (emphasis in original).

Defendants again overstate Plaintiffs' burden at the motion to dismiss stage. As the Magistrate Judge correctly noted, "*Madison* suggests that the Supreme Court is not, as of yet, taking a hyper-narrow view of mental incompetency." (O'Neal Report, ECF No. 3350, PageID 160875, citing *Madison*, 139 S.Ct. at 722.) An Eighth Amendment claim that "drug-induced unconsciousness and amnesia could render an inmate mentally incapacitated[,]" and, under *Ford* and its progeny, bar him from being executed *id*., is not foreclosed as a matter of law. Nor is it factually insufficient. Defendants do not dispute that the protocol's use of midazolam is designed to render an inmate unconscious, and the Court must accept as true at this stage Plaintiffs' allegations that an unconscious person cannot appreciate what is happening to him during the execution process. As the Magistrate Judge correctly concluded:

> Defendants will have ample opportunity to present evidence that the protocol is designed to protect the dignity of inmates, and in fact, does so. But that is an argument at the summary judgment or trial stage; at the pleading stage, the question is plausibility, and O'Neal has at least alleged sufficient facts to make a plausible claim.

*Id*., citing Hrg. Tr., ECF No. 3259, PageID 156956. Accordingly, Defendants' Objections as to Franklin, O'Neal, and Scudder's claims are overruled, and those claims may proceed.

### III.

For the foregoing reasons, the Reports and Recommendations are ADOPTED, and the

---

[5] Citations to O'Neal's Individual Supplemental Complaint (ECF No. 2779), the decision and reasoning in the O'Neal Report (ECF No. 3350), and the O'Neal Objections (ECF No. 3361) are applicable to the corresponding documents for Franklin and Scudder.

10

Motions to Dismiss are DENIED except as to causes of action previously dismissed.  To wit, Plaintiffs' First, Third, Eleventh through Thirteenth, Fifteenth through Twenty-Ninth, and Thirty-Second through Forty-Seventh Causes of Action and Sub-Claims A.1, A.10, B.1, and B.8 of the Fourth Cause of Action in the respective Individual Supplemental Complaints may proceed to discovery.

    **IT IS SO ORDERED.**


**3/5/2021**                                              **s/Edmund A. Sargus, Jr.**
**DATE**                                                    **EDMUND A. SARGUS, JR.**
                                                              **United States District Judge**