# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION | : | Case No. 2:11-cv-1016 |
| | : | District Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Michael R. Merz |
| This document relates to:<br> All Plaintiffs. | : | |

# OPINION AND ORDER

This consolidated § 1983 method of execution case is before the Court on Plaintiffs' Motion for Reconsideration of the Court's Opinion and Order Insofar as it Dismissed Plaintiffs' Second, Eighth and Fourteenth Causes of Action (Motion, ECF No. 3739, citing Opinion and Order, ECF No. 2104). Defendants filed a memorandum *contra* (ECF No. 3746), and Plaintiffs filed a reply (ECF No. 3752). For the reasons set forth below, Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART.

I.   Factual Background and Procedural History

Plaintiffs raised Claims Two, Eight, and Fourteen in the Fourth Amended Omnibus Complaint ("4AOC," ECF No. 1252). In Claim Two, Plaintiffs allege "that in violation of the Fourteenth Amendment, including substantive due process, death under Ohio's execution protocol will be neither quick nor painless[.]" (Motion, ECF No. 3739, PageID 165936, citing 4AOC, ECF No. 1252, PageID 45722-28, ¶¶ 1271-94). In Claim Eight, Plaintiffs raise "Fourteenth Amendment due process claims arising from Defendants' violation of bodily integrity, improper

1

human experimentation on non-consenting inmates without informed consent, use of unapproved drugs, and subjecting Plaintiffs to a humiliating and degrading spectacle." *Id*. at PageID 165937, citing 4AOC, ECF No. 1252, PageID 45789-95, ¶¶ 1541-69.  In Claim Fourteen, Plaintiffs allege that "Defendants are engaging in behavior that shocks the conscience, including the intentional violation of state and federal laws[.]" *Id*., citing 4AOC, ECF No. 1252, PageID 45805-10, ¶¶ 1610-33.

Defendants moved to dismiss the 4AOC (Motion, ECF No. 1379), and on December 12, 2018, the Court granted that motion in part, including as to Claims Two, Eight, and Fourteen (Opinion and Order, ECF No. 2104, PageID 103510).  The Court concluded that Claim Two was foreclosed by binding precedent from the United States Court of Appeals for the Sixth Circuit (Memo. in Opp., ECF No. 3746, PageID 165972, citing *In re Ohio Execution Protocol Litig. (Campbell & Tibbets)*, 881 F.3d 447 (6th Cir. 2018); *Cooey (Biros) v. Strickland*, 589 F.3d 210, 234 (6th Cir. 2009); Order, ECF No. 2104, PageID 103490-103491, 103493).  The Court dismissed Claims Eight and Fourteen by concluding, as matters of law, that Plaintiffs were not subject to human experimentation and that the use of midazolam did not "shock the conscience," respectively (Order, ECF No. 2104, PageID 103504-05, 103507).

A majority of Plaintiffs subsequently filed Individual Supplemental Complaints ("ISC"), which included the claims from the 4AOC (*See, e.g.*, Second Amended ISC of Clifford Donta Williams, ECF No. 2732).  On September 10, 2020, the Magistrate Judge issued Reports and Recommendations recommending that claims already dismissed in the 4AOC again be dismissed under the law of the case doctrine (*See, e.g.*, Report as to Clifford Donta Williams, ECF No. 3179). Plaintiffs objected that they were unaware that law of the case would apply, and that had they known, they would have argued that the doctrine should not apply to Claims Two, Eight, and

Fourteen based on subsequently developed evidence and the recent Sixth Circuit opinions in *Guertin v. Michigan*, 912 F.3d 907 (6th Cir. 2019) ("*Guertin I*"), *reh'g denied*, 924 F.3d 309 (6th Cir. 2019) ("*Guertin II*").  (Motion, ECF No. 3739, PageID 165942, citing Objections of Dawud Spaulding, ECF No. 3275, PageID 157101-12, 157114-29).  The District Judge, without opining on the merits, concluded that that argument was not the proper subject of objections, and directed Plaintiffs to file a motion for reconsideration if they wanted the Court to consider the argument (Order, ECF No. 3713, PageID 165825-26, 165829).

## II.     Legal Standard

"District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004).  "[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment." *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979).  "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

## III.    Analysis

Plaintiffs argue that the *Guertin* cases, which were not decided at the time the dismissal Order was entered, constitute an intervening change of law that warrants reconsideration of the substantive due process claims (Motion, ECF No. 3739, PageID 165946).  They claim that these

3

cases recognized that the Fourteenth Amendment encompassed the right to bodily integrity, and recognized that an invasion of bodily privacy can shock the conscience (Motion, ECF No. 3739, PageID 165947-48, citing *Rochin v. California*, 342 U.S. 165 (1952); *Guertin I*, 912 F.3d at 918-23, 933-34; *In re Cincinnati Rad. Litig.*, 874 F. Supp. 796 (S.D. Ohio 1995) (Beckwith, J.)). Moreover, the Sixth Circuit held for the first time that harm inflicted with deliberate indifference can shock the conscience for Fourteenth Amendment purposes. *Id*. at PageID 165948, citing *Guertin I*, 912 F.3d at 927-29.

This intervening change of law is sufficient to warrant reconsideration, Plaintiffs argue, because it makes Claims Two, Eight, and Fourteen newly plausible (Motion, ECF No. 3739, PageID 165950-51). Specifically, Claim Fourteen alleges that Defendants are or should reasonably be aware of the severe pain and suffering resulting from using midazolam in executions, yet they intend to do so anyway. *Id*. at PageID 165951, citing 4AOC, ECF No. 1252, PageID 45807-10, ¶¶ 1623-33. In dismissing Claim Fourteen, the Court did not consider Defendants' clear knowledge of the likely harm. In light of *Guertin*, Plaintiffs argue, the deliberate indifference allegations render Claim Fourteen plausible. *Id*. at PageID 165952, citing Order, ECF No. 2104, PageID 103507. Moreover, since the decision was made to deny those claims, Plaintiffs have presented myriad additional evidence of the likely harm from using midazolam, putting Defendants on even greater notice and further supporting Plaintiffs' deliberate indifference argument. *Id*. n.1. As to Claim Two, Plaintiffs claim that the facts alleged add up to a plausible claim based on Defendants' deviation from the protocol "intentionally or otherwise" and ignoring the "grave risks" of severe pain from midazolam. *Id*. at PageID 165953 n.2, , citing *Guertin II*, 924 F.3d at 314 (Sutton, J., concurring); 4AOC, ECF No. 1252, PageID 45725-27, ¶¶ 1288-92. Plaintiffs argue that Claim Eight closely mirrors the claims in *Guertin*—that involuntary ingestion

4

of foreign substances (lead for the *Guertin* plaintiffs, the execution drug cocktail for Plaintiffs here) is tantamount to human experimentation, a violation of bodily integrity.  *Id*. at PageID 165954, citing 4AOC, PageID 45789-95, ¶¶ 1541-69.  "Where such allegations in *Guertin* could not be dismissed, Plaintiffs' Eighth Cause of Action should not be dismissed either."  *Id*.  Finally, Plaintiffs argue that the fact that the case is otherwise stayed and the minimal burden on Defendants (an answer to the 4AOC including a response to Claims Two, Eight, and Fourteen) weigh in favor of granting the Motion.  *Id*. at PageID 165955-56.

Defendants raise two arguments in their memorandum *contra*, which are mostly unpersuasive.  *First*, they note that *Guertin I* and *II* were decided more than a year prior to Plaintiffs bringing the cases to the Court's attention (Memo. in Opp., ECF No. 3746, PageID 165971). Defendants appear to be arguing that Plaintiffs unduly delayed in bringing the Motion, and that delay is reason to deny.  It is beyond dispute that this case is unique; the captioned case and its predecessors have been pending in this Court for seventeen years.  Moreover, the case has run concurrently with litigation of the *habeas corpus* petitions of many of the Plaintiffs.  The nearly seventeen-month gap between *Guertin II's* being decided and Plaintiffs bringing the cases to the Court's attention is not egregious.  Finally, and most important, delay in moving to amend may not alone be the reason for denial without finding prejudice to the other party or that the delay was intended to harass the opposing party.  Defendants do not argue that they are prejudiced by the delay; nor is there any indication that Plaintiffs' delay was for the purpose of harassment. *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987).

*Second*, Defendants argue that "it seems obvious that a case involving the unknowing exposure to lead-contaminated drinking water as a result of official malfeasance would have nothing to say about the procedures a state uses to conduct a court-ordered execution." (Memo.

5

in Opp., ECF No. 3746, PageID 165973-74). Defendants misapprehend the import of *Guertin I* and *II*; any *factual* similarities or differences between those cases and the instant case is secondary to the *legal* significance of those cases. Plaintiffs claim, and Defendants do not dispute, that for the first time, deliberate indifference may be used as the basis for a "shocks the conscience" due process claim. This holding—especially given the *en banc* consideration of the issue—is almost the textbook definition of an intervening change in law.

The Court's analysis does not end there, however; it still must examine each claim independently in light of the holdings in the *Guertin* cases. In Claim Two, Plaintiffs argue "that in violation of the Fourteenth Amendment, including substantive due process, death under Ohio's execution protocol will be neither quick nor painless, (as guaranteed by Ohio Rev. Code § 2108.40)[.]" (Motion, ECF No. 3739, PageID 165936). However, as the Court previously ruled, *Cooey (Biros)* poses an insurmountable hurdle to such a claim, holding that Ohio law "creates no cause of action to enforce any right to a quick and painless death." (Order, ECF No. 2104, PageID 103491 (internal quotation marks omitted), quoting *Cooey (Biros)*, 589 F.3d at 234). The Court is just as bound by this precedent now as it was in December 2018, regardless of whether Defendants are acting with recklessness or deliberate indifference.

Plaintiffs argue that *Biros* "did not address or apply the 'shock[s] the conscience' standards provided by *Guertin*. Moreover, *Biros* involved a motion for stay, and thus did not ultimately decide the merits of any of Biros' claims." (Reply, ECF No. 3752, PageID 166004, citing *Univ. of Texas v. Camenish*, 451 U.S. 390, 395 (1981); *Cooey (Biros)*, 589 F.3d at 234). Plaintiffs' emphasis on the procedural posture of *Biros* ignores that the Court is bound by the holdings of the case, regardless of whether the merits were decided. The holding is that there is no cognizable right of action under the Fourteenth Amendment. *Cooey (Biros)*, 589 F.3d at 234. Plaintiffs do

not explain how *Guertin* creates an enforceable right in this circumstance, and their failure to do so is fatal with respect to Claim Two.

As to Claim Eight, the Court previously held "that the State of Ohio is not engaged in 'experimentation' when it carries out the execution process." (Order, ECF No. 2104, PageID 103505). Plaintiffs argue that Claim Eight "is itself embraced by the holding in *Guertin* and likewise states a plausible cause of action." (Motion, ECF No. 3739, PageID 165954). They claim that "[i]n *Guertin*, the plaintiffs alleged violations of bodily integrity through the administration of toxic substances, done knowingly or with deliberate indifference, and without their consent. . . . Where such allegations in *Guertin* could not be dismissed, Plaintiffs' Eighth Cause of Action should not be dismissed either." *Id*., quoting *Guertin I*, 912 F.3d at 920-21. Here, Defendants' argument as to the factual differences between *Guertin* and the case at bar is well-taken. It strikes the Court as unlikely that the State's forcing individuals to ingest lead, either intentionally or with deliberate indifference, would not support a Fourteenth Amendment claim, at least at the motion to dismiss stage. However, this Court is faced with binding precedent that the use of midazolam in executions is not barred by the Eighth Amendment. *In re Ohio Execution Protocol (Henness v. DeWine)*, 946 F.3d 287, 290 (6th Cir. 2019), *cert. denied*, 141 S.Ct. 7 (2020). Plaintiffs present no authority or support for the facially implausible proposition that a constitutionally permissible drug use could somehow form the basis of a "conscience-shocking experimentation" due process claim, be it under a human experimentation or invasion of bodily integrity theory (Reply, ECF No. 3752, PageID 166005-06, citing *Rochin*, 342 U.S. 165; *In re Cincinnati Radiation Litig.*, 874 F. Supp. 796). The Motion must be denied as to Claim Eight.

Finally, as to Claim Fourteen, this Court previously held, given that "the Sixth Circuit held the use of midazolam as the Defendants use it did not violate the Eighth Amendment, . . . it is

7

difficult to see how the Fourteenth Amendment test could be more exacting." (Order, ECF No. 2104, PageID 103507). Nonetheless, *Guertin* instructs that conscience-shocking behavior is on a spectrum, with "recklessness or gross negligence" being somewhere in the middle. *Guertin I*, 912 F.3d at 923 (internal quotation marks and citation omitted). Indeed, the Sixth Circuit states that:

> [W]hen, for example, a prison official has 'time to make unhurried judgments, [with] the chance for repeated reflection, largely uncomplicated by the pulls of competing obligations[,]' [i]t is in these kinds of situations where we would expect plaintiffs asserting substantive due process claims based on deliberate indifference to be most successful.

*Id*. at 923-24, quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 853 (1997). Here, Defendants have had plenty of time for reflection and to make unhurried judgments, and chose anyway to use midazolam as the initiatory drug in the execution cocktail. In light of *Guertin*'s making deliberate indifference a permissible basis for a substantive due process claim, the Court concludes that Claim Fourteen is sufficiently plausible to proceed to discovery.

### IV.  Conclusion

For the foregoing reasons, Plaintiffs' Motion for Reconsideration (ECF No. 3739) is GRANTED as to Claim Fourteen and DENIED as to Claims Two and Eight. Within twenty-one days of this Order, Defendants shall file a single supplemental responsive pleading as to Claim Fourteen.

September 17, 2021.

s/Edmund A. Sargus, Jr.
Edmund A. Sargus, Jr.
United States District Judge
