# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

IN RE:  OHIO EXECUTION
PROTOCOL LITIGATION

This document relates to:
  Kareem Jackson.

:  Case No. 2:11-cv-1016

:  District Judge Edmund A. Sargus, Jr.
:  Magistrate Judge Michael R. Merz

:

## REPORT AND RECOMMENDATIONS ON ORDER TO SHOW CAUSE

This consolidated § 1983 method of execution case is before the Court on a *sua sponte* Show Cause Order issued to Plaintiff Kareem Jackson. (ECF No. 3791). Jackson is an inmate in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC") with a scheduled execution date of December 10, 2025. (ECF No. 3786-2). On February 3, 2020, Jackson filed a Third Amended Individual Supplemental Complaint ("TAISC") (ECF No. 2816), incorporating the allegations in the Fourth Amended Omnibus Complaint (ECF No. 1252) and allegations specific to Jackson. Jackson's TAISC does not plead an alternative execution method to ODRC's current execution protocol, ODRC Policy 01-COM-11 (eff. October 7, 2016) (the "Execution Protocol").

Defendants moved to dismiss Jackson's TAISC for failure to state a claim on March 2, 2020. (ECF No. 2913). Defendants' motion, however, did not ask the Court to dismiss Jackson's claims based on United States Supreme Court precedent requiring Eighth Amendment "method of execution" claims to identify an alternative method of execution. *See Baze v. Rees*, 553 U.S. 35

(2008); *Glossip v. Gross*, 576 U.S. 863 (2015); *Bucklew v. Precythe*, 139 S.Ct. 1112 (2019).

On March 4, 2021, the Court adopted, in part, the undersigned's Report and Recommendation on Defendants' motion to dismiss Jackson's TAISC and dismissed Causes of Action Two, Five through Ten,[1] Thirty, and Thirty-One, *in toto*, and Cause of Action Four, except sub-claims A.1, A.10, B.1, and B.8. (ECF No. 3713).

Even though these claims survived the Defendants' Motion to Dismiss, the undersigned questioned whether Jackson's Petition remained viable given his failure to name an alternative execution method. Accordingly, the undersigned entered an Order was on July 14, 2022, directing Jackson to show cause as to why he should not be dismissed as a plaintiff from this matter. (ECF No. 3791). Jackson was alternatively directed to explain why specific claims should not be dismissed. Jackson filed a response to the Order on November 18, 2022. (ECF No. 3821). Defendants were invited to file a response (ECF No. 3791). but have not done so.

Jackson makes several arguments as to why his claims should not be dismissed. First, he argues that his lack of medical training renders him incompetent to assist his attorneys in identifying an alternative means of execution. (ECF No. 3821, PageID 166692). Next, Jackson argues that the following Causes of Action should not be dismissed because they assert violations independent of the Eighth Amendment: Three, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, and Thirty-Two. (*Id*). Lastly, Jackson argues that the following Eighth Amendment Causes of Action should not be dismissed because they do not rely on the concept of "superadded pain:" One, Twelve, Thirteen, Twenty-Five, Twenty-Eight, Twenty-Nine, and Thirty-Three through Forty-Two. (*Id*).

For the following reasons, it is recommended that the following Causes of Action be

---

[1] The Court originally dismissed Cause of Action Fourteen, only to reinstate it upon reconsideration. (ECF No. 3754).

dismissed for failure to identify an alternative execution method: One, Thirteen, Fourteen, Twenty, Twenty-One, Twenty-Two, Twenty-Three, Twenty-Five, Twenty-Six, Twenty-Seven, Twenty-Nine, Thirty-Three, Thirty-Five, Thirty-Six, Thirty-Seven, Thirty-Eight, Thirty-Nine, Forty, Forty-One, Forty-Two, and Forty-Five.[2]

# Analysis

### A. The *Baze-Glossip-Bucklew* Trilogy

The standards governing this case were articulated by the Supreme Court in its lethal injection trilogy: *Baze v. Rees*, 553 U.S. 35 (2008); *Glossip v. Gross*, 576 U.S. 863 (2015); and *Bucklew v. Precythe*, 139 S.Ct. 1112 (2019).

In *Bucklew,* the Supreme Court summarized its decisions in *Baze* and *Glossip*, holding,

> …where the question in dispute is whether the State's chosen method of execution cruelly superadds pain to the death sentence, a prisoner must show a feasible and readily implemented alternative method of execution that would significantly reduce a substantial risk of severe pain and that the State has refused to adopt without a legitimate penological reason.

*Bucklew*, 139 S.Ct. at 1125 (2019), citing *Glossip*, 576 U.S. at 868-880. Thus, an inmate who challenges the state's method of execution must first show that the state's method presents "a substantial risk of severe pain." *Bucklew*, 139 S.Ct. at 1125. A method of execution that presents a "substantial risk" is one that "*is sure or very likely* to cause serious illness and needless suffering." *Glossip*, 576 U.S. at 877, citing *Baze*, 533 U.S. at 50 (emphasis in original).

Next, the inmate must show that "the risk [of infliction of severe pain] is substantial when compared to the known and available alternatives." *Glossip*, 576 U.S. at 878 (internal quotation

---

[2]     The recommendations for dismissal of Causes of Action in this report are limited to the issue of whether Jackson is required under *Baze, Glossip*, and *Bucklew* to identify an alternative method of execution. The Court expresses no opinion at this time on whether the claims that this report recommends not be dismissed are viable or would withstand a challenge for reasons other than failure to identify an alternative method of execution.

omitted). The alternative method of execution the inmate is obliged to propose must be "feasible and readily implemented," and it must be one that "the State has refused to adopt without a legitimate penological reason." *Bucklew*, 139 S.Ct. at 1125. To be considered at all, the inmate's proposal must be "sufficiently detailed to permit a finding that the State could carry it out relatively easily and reasonably quickly." *Bucklew*, 139 S.Ct. at 1129 (internal quotation omitted). The proposed alternative need not be one "presently authorized by" state law. *Bucklew*, 139 S.Ct. at 1128. Thus, the inmate "may point to a well-established protocol in another State as a potentially viable option." *Id.* But it is not enough to argue for "a slightly or marginally safer alternative." *Glossip*, 576 U.S. at 877 (*quoting Baze*, 553 U.S. at 51). The "difference [in risk] must be clear and considerable." *Bucklew,* 139 S.Ct. at 1130.

Especially germane to the matter at hand, *Bucklew* reiterated *Glossip's* holding that the requirement to identify an alternative method applied to all Eighth Amendment method-of-execution challenges alleging cruel pain, including both facial and "as applied." 139 S.Ct. at 1126-1127. Furthermore, in *Bucklew* the Supreme Court explained its reasoning for the alternative method of execution pleading requirement:

> Distinguishing between constitutionally permissible and impermissible degrees of pain, *Baze* and *Glossip* explained, is a *necessarily* comparative exercise. To decide whether the State has cruelly "superadded" pain to the punishment of death isn't something that can be accomplished by examining the State's proposed method in a vacuum, but only by "compar[ing]" that method with a viable alternative.

139 S.Ct. at 1126.

## B. Jackson Must Identify an Alternative Method Regardless of His Medical Training

In his first argument against dismissal, Jackson contends that the requirement to plead an alternative method is inapplicable to him. Jackson sets forth his reasoning in his TAISC:

> Notwithstanding any allegation of an alternative execution method or manner pleaded in this Individual Supplemental Complaint, Plaintiff asserts he is unable to constitutionally allege an alternative method or manner of execution because he is

4

insufficiently competent to be able to knowingly and willingly instruct DRC Defendants how to kill him, and/or he is insufficiently competent to assist his attorney to identify an alternative method or manner of execution because he has insufficient medical training and knowledge to be able to identify such an alternative[3]…

(ECF No. 2816, PageID 149389).

The logical consequence of Jackson's argument would be application of the standards set forth in *Baze, Glossip*, and *Bucklew* only to those condemned inmates with medical training. Jackson's argument, while original, leads to a result that is inconsistent with the clear intent of the United States Supreme Court. *See Glossip*, 576 U.S. at 867, *citing Baze,* 553 U.S. at 61 ("[t]he prisoners failed to identify a known and available alternative method of execution that entails a lesser risk of pain, a requirement of all Eighth Amendment method-of-execution claims; *see also Bucklew*, 139 S.Ct. at 1126 ("*Glossip* expressly held that identifying an available alternative is 'a requirement of *all* Eighth Amendment method-of-execution claims' alleging cruel pain") (emphasis in original). There is no basis to conclude that the Supreme Court intended to exempt non-medically trained inmates from these requirements.

It bears mentioning that Jackson had no trouble assisting his counsel in formulating complex and detailed medical arguments throughout his various causes of action. (*See* ECF No. 2816, PageID 149451-149459; 149470-149516). Jackson has been able to articulate the physiological effects of execution drugs, the proper doses for certain execution drugs based on his physical characteristics, the physiological effects of certain execution drugs at specified doses, and the alleged pain he will suffer during the execution due to the Execution Protocol's use of a specific

---

[3]    Jackson originally pled that he was also unable to name an alternative method of execution because of an intellectual disability. (ECF No. 2816, PageID 149389). Jackson's response to the Order to Show Cause dropped this contention (ECF No. 3821, PageID 166692, fn. 1).

drug, combination of drugs, or dosage. The face of Jackson's Complaint demonstrates his competency to assist counsel in formulating complex medical arguments.

For the following Causes of Action, Jackson made no argument against dismissal other than his incompetence to name an alternative: Twenty, Twenty-One, Twenty-Two, Twenty-Three, Twenty-Six, Twenty-Seven, and Forty-Five. Because Jackson's competency argument is without merit, these Causes of Action should be dismissed.

### C.  Claims Independent of the Eighth Amendment

In his response to the Show Cause Order, Jackson argues that Causes of Action Three, Four (A.1), Four (A.10), Four (B.1), Four (B.8), Fourteen, and Thirty-Two should not be dismissed because these "assert violations independent of the Eighth Amendment." (ECF No. 3821, PageID 166692). Jackson provides no further explanation of his reasoning beyond this blanket statement. (*Id.*) Upon review of the allegations contained in the Fourth Amended Omnibus Complaint (ECF No. 1252), Jackson's TAISC (ECF No. 2816), and the relevant case law, it is recommended, for the reasons following reasons, that Cause of Action Fourteen be dismissed.

#### (i)    Cause of Action Three: Access to Courts

In Cause of Action Three, Jackson alleges that his First, Sixth, Eighth, and Fourteenth Amendment rights are infringed upon by the Execution Protocol. (ECF No. 1252, PageID 45728-45735). Specifically, Jackson contends that the protocol prevents him from communicating with his counsel during the execution and prevents his counsel from directly communicating with the courts and government officials in the event the execution "begins to go awry." (*Id.* at PageID 45730). Jackson complains that his counsel will only have access to a telephone located near the

entrance door to the Death House which would only connect to someone sitting in the waiting room area at Southern Ohio Correctional Facility. The person sitting in the waiting room would then be allowed to use an outside telephone line. (*Id.* at Page ID 45730-31). Jackson alleges the Execution Protocol provides for an unnecessary time delay that burdens his rights. Jackson points to the previous execution of Gary Otte, during which Otte's counsel were allegedly prevented from contacting the Southern District of Ohio when it appeared that Otte had not been rendered insensate by the first injection. (*Id.* at PageID 45731-32).

Cause of Action Three is based on access to the courts during the execution process. Prisoners have a constitutional right to have meaningful access to the courts pursuant to the First and Fourteenth Amendments of the United States Constitution. *See Lewis v. Casey,* 518 U.S. 343, 347 (1996); *Bounds v. Smith,* 430 U.S. 817 (1977) (holding that "inmate access [must be] adequate, effective and meaningful"); *Thaddeus–X v. Blatter,* 175 F.3d 378 (6th Cir.1999).[4]

Cause of Action Three is not an Eighth Amendment claim reliant on an allegation of "cruel pain." The *Baze-Glossip-Bucklew* goal of evaluating an Eighth Amendment violation by comparing alternative methods of execution simply does not apply to a First Amendment access to courts claim. Jackson is not required to plead an alternative execution method for Cause of Action Three and it should not be dismissed.

### (ii)    Causes of Action Four: Equal Protection

In Cause of Action Four (A.1) and Four (A.10), Jackson alleges that his Equal Protection rights will be violated because deviations from the protocol and removal of safeguards from the protocol burden his Eighth Amendment rights. (ECF No. 1252, PageID 45740-45747; 45762-

---

[4]    The Court has previously ordered Defendants to provide telephone access to Plaintiffs' counsel during executions that differs from the current protocol. *See* ECF No. 1837; 2134.

45765). In Cause of Action Four (B.1), and Four (B.8), Jackson alleges that his Equal Protection rights will be violated as a "class of one" because the Defendants' actions in deviating from the protocol and removing drug concentrations from the protocol are irrational and arbitrary. (*Id.* at 45765-45771; 45777-45778).

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. The States cannot make distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one person differently from others similarly situated without any rational basis for the difference. *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 17 (1973); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564. (2000) (per curiam). When the disparate treatment burdens a fundamental right, strict scrutiny applies. *San Antonio Indep. Sch. Dist.*, 411 U.S. at 16; *Bible Believers v. Wayne County*, 805 F.3d 228, 256 (6th Cir. 2015) (en banc). Eighth Amendment and Equal Protection analyses are analytically distinct. *In re Ohio Execution Protocol Litig.*, No. 2:11-cv-1016, 2018 WL 1033486, at *14. "Equal protection claims challenge state action that increases the risk of an Eighth Amendment violation by removing a protection against one." *Id.* at *12. Intentional state action in connection with an execution which burdens an inmate's fundamental Eighth Amendment right by increasing the risk that he will suffer severe pain and needless suffering is actionable under the Equal Protection Clause, but not every "deviation" from the Execution Protocol increases that risk. *Id.* at *14.

To succeed on the "burden of fundamental rights" theory, a plaintiff must prove (1) intentional state policy in connection with an execution, (2) that treats one death row inmate disparately from another, and (3) burdens an inmate's fundamental Eighth Amendment right by increasing the risk that he will suffer severe pain and needless suffering. *Id.* When a plaintiff does

8

not allege that a government's actions burden a fundamental right or target a suspect class, he proceeds on a "class of one" theory and must prove that the government's actions lack any rational basis. *Radavansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). Under rational basis scrutiny government action amounts to a constitutional violation only if it is "so unrelated to the achievement of any legitimate purposes that the court can only conclude that the government's actions were irrational." *Warren v. City of Athens, Ohio,* 411 F.3d 697, 710 (6th Cir. 2005).

Recent opinions addressing death row inmate Equal Protection claims based on disparate treatment or core deviations from the execution protocol have analyzed those claims based on the above-mentioned framework without discussion of an alternative method of execution. *See Price v. Dunn*, 385 F.Supp.3d 1215 (S.D. Ala.); *Price v. Comm'r, Dep't of Corr.,* 920 F.3d 1317 (11th Cir. 2019) (failure to show disparate treatment in election of execution method); *McGehee v. Hutchinson*, 463 F.Supp.3d 870 (E.D. Ark. 2020) (assuming without deciding that an Equal Protection claim is distinct from an Eighth Amendment method of execution claim when analyzing core deviation from protocol); *Wilson v. Dunn*, No. 2:16-CV-364-WKW, 2017 WL 5619427 (M.D. Ala. Nov. 21, 2017) (plausibly stated Equal Protection claim for core deviation from protocol).

 Claims asserting a burden on the Eighth Amendment under the Equal Protection Clause and a "class of one claim" claim under the Equal Protection Clause are analytically distinct from a pure Eighth Amendment claim challenging the method of execution based on "cruel pain." This distinction has been recognized in recent opinions analyzing these claims under a traditional equal protection analysis without comparison to an alternative method of execution. Thus, Jackson's Equal Protection claims in Causes of Action Four (A.1), Four (A.10), Four (B.1), and Four (B.8) can be analyzed without the identification of an alternative means of execution, and therefore

9

should not be dismissed.[5]

### (iii)    Cause of Action Fourteen: Substantive Due Process

In Cause of action Fourteen, Jackson alleges that he has a substantive due process right to freedom from government action that "shocks the conscience." (ECF No. 1252, PageID 45805-45810).    Jackson alleges that the Defendants' use of pentobarbital, thiopental sodium, or midazolam in the Execution Protocol creates a serious risk of harm to him because he will suffer severe and torturous pain. (*Id.* at PageID 45808). Jackson also alleges that the Defendants' decision to ignore the significant risk of harm, of which they are aware because it occurred during the execution of Dennis McGuire, constitutes deliberate indifference. (*Id.* at 45808-45809).

The undersigned originally recommended dismissal of Cause of Action Fourteen because the Plaintiffs (including Jackson) failed to state a violation that rose to the level of a due process violation. (ECF No. 1429, Page ID 55266). All Plaintiffs (including Jackson) filed a Motion for Reconsideration after the Court adopted the recommendation to dismiss Cause of Action Fourteen. (ECF No. 3739). The Plaintiffs argued that intervening Sixth Circuit case law, *Guertin v. Michigan*, 912 F.3d 907 (6th Cir. 2019), held that allegations of deliberate indifference may support a "shock the conscience," substantive due process claim. The Court agreed and vacated its prior order dismissing Cause of Action Fourteen:

> …*Guertin* instructs that conscience-shocking behavior is on a spectrum, with "recklessness or gross negligence" being somewhere in the middle. Indeed, the Sixth Circuit states that: [W]hen, for example, a prison official has 'time to make unhurried judgments, [with] the chance for repeated reflection, largely uncomplicated by the pulls of competing obligations [,]'[i]t is in these kinds of situations where we would expect plaintiffs asserting substantive

---

[5]    Jackson is reminded that the Court previously imposed a requirement that he will need to amend or supplement his individual complaint if he is threatened with particular deviations from the Execution Protocol at the time his execution becomes imminent. *See* ECF No. 1429, PageID 55254.

> due process claims based on deliberate indifference to be most successful. Here, Defendants have had plenty of time for reflection and to make unhurried judgments and chose anyway to use midazolam as the initiatory drug in the execution cocktail. In light of *Guertin's* making deliberate indifference a permissible basis for a substantive due process claim, the Court concludes that Claim Fourteen is sufficiently plausible to proceed to discovery.

(ECF No. 3754, PageID 166028-166029).

While it is plausible for the Defendants' behavior to rise to level of shocking the conscience in connection with an execution, the Court has not addressed whether Jackson's Fourteenth Amendment substantive due process claim must allege an alternative execution method to state a claim. The Supreme Court decisions in *Baze, Glossip,* and *Bucklew* did not squarely address such a claim. The question that must be resolved is whether Cause of Action Fourteen falls within the scope of the claims intended to be bound by the holdings of *Baze, Glossip,* and *Bucklew*. The answer is found in *Bucklew's* explanation for the reasoning behind requiring method-of-execution plaintiffs to plead an alternative method.

Jackson alleges in Cause of Action Fourteen that egregious or deliberately indifferent government behavior in connection with his execution will result in the infliction of severe pain. Regardless of its label, this type of claim *necessarily* requires a comparison of available alternatives to determine whether the government action is unconstitutional. *Bucklew*, 39 S. Ct. at 1126. Determining whether the Defendants' decisions "shocks the conscience" requires an examination of the circumstances surrounding those decisions. Those circumstances include the availability of alternative methods and whether a legitimate penological reason exists for the Defendants' decisions to choose one method over another. Accordingly, Cause of Action Fourteen should be dismissed for failure to identify an alternative method of execution.

11

### iv. Cause of Action Thirty-Two: RLUIPA

Jackson contends in Cause of Action Thirty-Two that the Execution Protocol violates the Religious Land Use and Institutionalized Persons Act (RLUIPA). (ECF No. 2816, PageID 149459-149462). He alleges that his last words may include prayer, statements of atonement recounting details of his actions, or a request for forgiveness from the victim's family. (*Id.* at PageID 149460). Jackson contends that the Execution Protocol infringes on his sincerely held religious beliefs without a compelling reason because it gives the warden discretion to end his last words. Jackson is concerned that the warden will exercise that discretion if the warden subjectively considers the words offensive according to witnesses' differing religious beliefs. (*Id.* at PageID 149460-149461).

RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution"—including state prisoners—"even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a). The Supreme Court recently upheld a RLUIPA challenge in *Ramirez v. Collier*, 142 S. Ct. 1264, 1277 (2022). The Supreme Court found that Ramirez's request for his pastor to lay hands on him during his execution involved a traditional form of religious exercise and the State of Texas failed to meet its burden of showing that its policy furthered a compelling governmental interest through the least restrictive means. *Id.* at 1278-1280.

The comparison of available alternative methods of execution is unnecessary to determine the merits of Jackson's RLUIPA claim. Because Jackson is asserting a RLUIPA challenge to

execution protocols burdening his sincerely held religious beliefs in Cause of Action Thirty-Two, the *Baze-Glossip-Bucklew* process for determining an Eighth Amendment violation does not apply and he is not required to identify an alternative method of execution.

### D. Eighth Amendment Claims

In his response to the Show Cause Order, Jackson argues that Causes of Action One, Twelve, Thirteen, Twenty-Five, Twenty-Eight, Twenty-Nine, and Thirty-Three through Forty-Two should not be dismissed because, while these claims are based on the Eighth Amendment, they do not rely on "the concept of superadded pain." (ECF No. 3821, PageID 166692). Jackson provides no authority or further elaboration. *Id.* Upon review of the allegations contained in the Fourth Amended Omnibus Complaint (ECF No. 1252) and Jackson's TAISC (ECF No. 2816), the undersigned finds that the following Causes of Action require pleading an alternative method of execution pursuant to *Baze-Glossip-Bucklew* and should be dismissed because they do not: One, Thirteen, Twenty-Five, Twenty-Nine, Thirty-Three, and Thirty-Five through Forty-Two.

### (i)  Cause of Action One: Incorporation of Eighth Amendment Violations

In the Fourth Amended Omnibus Complaint, Cause of Action One states: … "Claims alleging violations of the Eighth Amendment as incorporated against the states by the Fourteenth Amendment will be alleged in the Plaintiffs' Amended Individual Supplemental Complaints to be filed in this case in accordance with the court's scheduling order." (ECF No. 1252, PageID 45721-45722). When Jackson filed his TAISC, he alleged in Cause of Action One:

> The First Cause of Action was previously moved from the Third Amended Omnibus Complaint to be, as applicable, re-alleged in parts or in whole in the various Plaintiffs' Amended Individual Supplemental Complaints. Claims alleging violations of the Eighth Amendment as incorporated against the states by the Fourteenth Amendment are now included below in Plaintiff's Amended Individual Supplemental Complaint.

(ECF No. 2816 PageID 149393). Thus, it appears that Cause of Action One does not assert any

allegations separate and apart from the other allegations in the TAISC. Accordingly, Cause of Action One should be dismissed to the extent it duplicates the other claims recommended for dismissal herein for failure to identify an alternative method of execution.

### (ii)    Cause of Action Twelve: Deliberate Indifference to Resuscitative Care

Jackson alleges in Cause of Action Twelve that Defendants lack adequate means to determine whether the execution has achieved death by acceptable medical standards. (ECF No. 2816, Page ID 149395-149396). Jackson alleges that there is a substantial risk that he will not be clinically dead after the execution has been completed and that Defendants' lack of preparation and lack of a policy for a potential emergency resuscitation amount to deliberate indifference to his medical needs. (*Id.* at 149395-149400).

Cause of Action Twelve is not a method execution claim. The *Baze-Glossip-Bucklew* standard for comparing execution methods will not answer the question of whether Jackson has a constitutional right to resuscitative care after a failed execution.[6] Accordingly, Jackson is not required to plead an alternative method of execution for Cause of Action Twelve and it should not be dismissed.

### (iii)    Causes of Action Thirteen and Twenty-Nine: Deliberate Indifference

In Causes of Action Thirteen and Twenty-Nine, Jackson alleges that the Defendants are deliberately indifferent to the cruel pain he will suffer during his execution through the way they procure and administer the execution drugs and the use of experimental practices and policies known to result in botched executions. (ECF No. 2816, PageID 149400-149403; 149451-149459). Specifically, Jackson contends that he will endure torturous pain and/or mental suffering and

---

[6]    In *Moore v. Rees*, the Eastern District of Kentucky commented that an untimely claim for deliberate indifference for failure to provide resuscitative care was not addressed by the *Baze* decision and, therefore the claim could "conceivably survive the Supreme Court's decision in *Baze*." 138 F. Supp. 3d 860, 870 (E.D. Ky. 2015).

agony, suffocate, suffer a painful heart attack, and experience a physically painful and horrifying death. (ECF No. 2816, PageID 149401-149402; 149455).

Deliberate indifference is a theory of recovery under the Eighth Amendment. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A deliberate indifference claim under the Eighth Amendment has an objective and a subjective component. *Id*. at 937-38. To meet the objective component, the plaintiff must show that the medical need is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To meet the subjective component, the plaintiff must show that "an official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id*. at 837. An express intention to inflict unnecessary pain is not required. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The plaintiff must demonstrate that the official was aware of facts from which an inference of substantial risk of serious harm to inmate health or safety could be drawn and that the official actually drew the inference. *Farmer*, 511 U.S. at 837.

Supreme Court method of execution cases do not directly address the deliberate indifference theory of recovery. However, the Supreme Court was unequivocal when it stated in *Bucklew*:

> [W]here (as here) the question in dispute is whether the State's chosen method of execution cruelly superadds pain to the death sentence, a prisoner must show a feasible and readily implemented alternative method of execution that would significantly reduce a substantial risk of severe pain and that the State has refused to adopt without a legitimate penological reason. See *Glossip*, 576 U.S., at – —— – ——, 135 S.Ct., 2732–2738; *Baze*, 553 U.S. at 52, 128 S.Ct. 1520. *Glossip* left no doubt that this standard governs "***all Eighth Amendment method-of-execution claims.***" 576 U.S., at ——, 135 S.Ct., at 2731.

139 S. Ct. at 1125 (emphasis added). Thus, regardless of the legal theory of recovery, if a plaintiff asserts that he is entitled to relief under the Eighth Amendment because the defendant is inflicting

cruel pain through its method of execution, he must plead an alternative method of execution.[7]

After pointing out that all Eighth Amendment method of execution claims must plead an alternative method, the Supreme Court also noted out that historical Eighth Amendment analysis has always involved a comparison of available alternatives and has not been an exercise in classification of claims. *See id.* at 1126-1127 (rejecting plaintiff's argument that an "as applied" challenge to a method-of execution challenge should be treated differently than a "facial" challenge).

Accordingly, all of Jackson's Eighth Amendment claims reliant on cruel pain, whether pled as "method of execution" or "deliberate indifference," must identify an alternative method of execution. Jackson failed to plead an alternative method of execution in connection with Causes of Action Thirteen and Twenty-Nine and it is recommended that these claims be dismissed.

**(iv)    Cause of Action Twenty-Five: Spectacle Execution**

Jackson alleges in Cause of Action Twenty-Five that his execution will be cruel and unusual because the Execution Protocol will subject him to a serious risk of harm in the form of an "undignified, spectacle execution…." (ECF No. 2816, PageID 149426). He asserts that the use of compounded drugs and large doses of midazolam will cause pulmonary edema, resulting in suffocation as he reacts to burning pain. (*Id.* at PageID 149427). Jackson contends that he will be exposed to a drug administered in a dose that will not render him insensate to pain, manifesting the undignified spectacle of the struggle to breathe. (*Id.* at PageID 149428).

---

[7]    Recently, the United States District Court for the District of Columbia, in *In the Matter of Fed. Bureau of Prisons' Execution Protocol Cases*, No. 19-MC-145 (*TSC*), 2020 WL 5594118, at *7 (D.D.C. Sept. 20, 2020), rev'd in part on other grounds and remanded *sub nom*, *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 980 F.3d 123 (D.C. Cir. 2020), concluded that the standard for an Eighth Amendment deliberate indifference claim would be at least as stringent as the standard for a claim based on cruel and unusual punishment. In *Zink v. Lombardi*, the Eighth Circuit Court of Appeals disposed of a deliberate indifference claim on the plaintiff's failure to meet the first prong of the *Baze-Glossip* test (unnecessary infliction of pain), suggesting it would have required compliance with the second prong (a known and available alternative method). 783 F.3d 1089, 1107 (8th Cir. 2015).

As an initial matter, the Court notes that Jackson does not have standing to assert any harm that may be caused to the witnesses of his execution by the alleged "spectacle" resulting from use of the Execution Protocol. *See Raines v. Byrd*, 521 U.S. 811, 818 (1997) (*"*To meet the standing requirements of Article III, "[a] plaintiff must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."). Thus, Jackson may only assert is his own personal injury from the alleged spectacle, which as pled in Cause of Action Twenty-Five amounts to mental pain and suffering.

The United States Supreme Court did not distinguish between physical and mental pain and suffering in *Baze, Glossip,* and *Bucklew*. As discussed above, the reason the Supreme Court requires method-of-execution plaintiffs to plead an alternative method of execution is because "[t]he Eighth Amendment does not come into play unless the risk of pain associated with the State's method is 'substantial when compared to a known and available alternative.'" *Bucklew*, 139 S. Ct. at 1125. The Magistrate Judge sees no reason why a claim asserting only mental pain would be exempted from the requirement to plead an alternative method of execution when the Supreme Court has made no such distinction. Jackson's unsupported response to the Court's Show Cause Order fails to convince the Court of any other conclusion. Cause of Action Twenty-Five should be dismissed for failure to plead an alternative method of execution.

### (v)    Cause of Action Twenty-Eight: Failure to Exclude Intellectually Disabled Inmates

In Cause of Action Twenty-Eight, Jackson alleges that the Execution Protocol is unconstitutional on its face because it fails to prohibit executions of the intellectually disabled. (ECF No. 2816, PageID 149449-149451). In *Atkins v. Virginia*, 536 U.S. 304 (2002), the Supreme Court held that the execution of the intellectually disabled is a violation of the Eighth Amendment concluding that executing the intellectually disabled does not comply with "evolving standards of

decency" or advance the deterrent or retributive purpose of the death penalty. *Id.* at 321.

The Show Cause Order was limited to the question of whether Jackson's claims should be dismissed, in whole or in part, for failure to identify an alternative execution method. (ECF No. 3791). Cause of Action Twenty-Eight may suffer from other pleading deficiencies,[8] and the Court questions the ultimate viability of this claim,[9] but it does not appear to be the type of claim that can be resolved by the *Baze-Glossip-Bucklew* framework. In other words, the merits of Cause of Action Twenty-Eight may be resolved on other grounds, but not through the comparison of an available alternative method of execution. Accordingly, it is recommended that Cause of Action Twenty-Eight not be dismissed for failure to choose an alternative method of execution.

### (vi) Causes of Action Thirty-Three and Thirty-Four: "As Applied" Method of Execution Challenge

In Cause of Action Thirty-Three, Jackson alleges that his individual characteristics will increase the risk he will experience serious harm if subjected to the Execution Protocol. (ECF No. 2816, PageID 149462-149470). Jackson contends that he suffers from a severe anxiety disorder, panic attacks, shakiness, depression, insomnia, and has a history of polysubstance abuse and head trauma. (*Id.* at PageID 149464). Jackson alleges that these conditions increase the "already-substantial likelihood that [he] will suffer greater mental and physical pain and suffering. (*Id.* at PageID 149464-69).

Cause of Action Thirty-Four, couched as an Equal Protection claim, contends Jackson's

---

[8]        It appears that Jackson is attempting to invalidate all Ohio executions through Cause of Action Twenty-Eight because the Execution Protocol does not screen for intellectual disabilities. An inmate must proceed in habeas when the relief he seeks would necessarily imply the invalidity of his conviction or sentence. *See Nance v. Ward*, 142 S. Ct. 2214 (2022).

[9]        While Jackson has couched Cause of Action Twenty-Eight as a facial challenge to the protocol, the protocol would only be unconstitutional if applied to the intellectually disabled. Under a facial challenge,   Jackson would be required to prove that the protocol is invalid under any set of circumstances. *See United States v. Salerno*, 481 U.S. 739, 745 (1987).

unique characteristics require drug doses different from the Execution Protocol and his execution will be "lingering, torturous and horrifying." (*Id.* at PageID 149470-149472). In an apparent contradiction, Jackson goes on to plead that any deviations from the protocol will amount to disparate treatment that burdens his right to be free from cruel and unusual punishment.  (*Id.* at PageID 149473).

The hallmark of an Equal Protection claim is disparate treatment, yet Jackson alleges in Cause of Action Thirty-Four that being treated the *same* under the Execution Protocol will lead to an unconstitutional execution. Indeed, alleging that the government should treat you differently because you are different does not amount to an equal protection claim. Jackson labels Cause of Action Thirty-Four as an equal protection claim, but the actual allegations amount to an "as applied" Eighth Amendment challenge to the Execution Protocol. *See Bucklew*, 139 S.Ct. 1112 (2019).  In any event, Jackson was provided with an opportunity to brief the court on why this claim should not be dismissed. He failed to provide any explanation as to why the allegations in Cause of Action Thirty-Four are not an Eighth Amendment method of execution challenge or any authority for why this claim should not be subjected to the requirements of *Baze-Glossip-Bucklew*.

Jackson fails to identify an alternative execution method in Causes of Action Thirty-Three and Thirty-Four even though *Bucklew* explicitly requires one for this type of "as applied" claim. In *Bucklew,* the plaintiff alleged that Missouri's execution protocol was unconstitutional as it applied to him because he suffered from cavernous hemangioma. *Bucklew,* 139 S.Ct. at 1120. Bucklew argued that his condition would prevent adequate perfusion of the execution drug. Bucklew was unsuccessful at convincing the Supreme Court that his "as-applied" challenge to Missouri's protocol did not require identification of an alternative execution method. As noted above, the Supreme Court reiterated that all Eighth Amendment claims alleging cruel pain,

whether "method-of-execution" or "as applied," require the identification of an alternative execution method. *Id.* at 1126. Thus, Jackson's argument that Causes of Action Thirty-Three and Thirty-Four do not require identification of an alternative method of execution is directly foreclosed by Supreme Court precedent. Jackson's failure to plead an alternative method is fatal to these claims and they should be dismissed.

**(vii)    Causes of Action Thirty-Five through Forty-Two: Reliant on Severe Pain**

Causes of Action Thirty-Five, Thirty-Six, and Forty-One allege that the use of midazolam in the protocol will cause severe, objectively intolerable physical pain, torturous mental anguish, and suffering. (ECF No. 2816, PageID 149474-149479; 149479-149484). Causes of Action Thirty-Nine and Forty allege that the use of the 3-drug protocol, whether midazolam is part of the protocol or not, will cause a risk of severe pain and suffering, including "searing, torturous, physical pain, and horrific mental suffering, and anguish." (*Id.* at PageID 149498-149511). Causes of Action Thirty-Seven and Thirty-Eight allege that Ohio has resurrected a previously abandoned execution protocol which causes "searing pain and agony" and "torturous pain and suffering." (*Id.* at PageID 149484-149497). Cause of Action Forty-Two alleges that the removal of required drug concentrations from the Execution Protocol will likely cause Jackson to experience severe physical pain and suffering and mental anguish. (*Id.* at PageID 149512-516).

Because these claims allege that the Execution Protocol causes severe pain and suffering prohibited by the Eighth Amendment, *Baze-Glossip-Bucklew* directly require identification of an alternative method of execution. Jackson failed to identify an alternative method of execution for Claims Thirty-Five Through Forty-Two and therefore these claims should be dismissed.

**Conclusion**

For the foregoing reasons, the Magistrate Judge respectfully recommends that Causes of Action One, Thirteen, Fourteen, Twenty, Twenty-One, Twenty-Two, Twenty-Three, Twenty-Five, Twenty-Six, Twenty-Seven, Twenty-Nine, Thirty-Three, Thirty-Five, Thirty-Six, Thirty-Seven, Thirty-Eight, Thirty-Nine, Forty, Forty-One, and Forty-Five be dismissed for failure to comply with the requirements of *Baze, Glossip* and *Bucklew*.[10]

February 3, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

---

[10] A separate order will be issued directing all plaintiffs who re-named the drug source defendants in their third amended individual supplemental complaints to show cause as to why those defendants should not be dismissed for failure to serve (Causes of Action Fifteen through Nineteen).