# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| IN RE:  OHIO EXECUTION PROTOCOL LITIGATION | : | Case No. 2:11-cv-1016 |
| | : | District Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Michael R. Merz |
| This document relates to: | | |
| All Plaintiffs. | : | |

# ORDER

This § 1983 case is before the Court on Defendants' Response in opposition to the Plaintiffs request the Court impose conditions on dismissal of the Drug Source Defendants.

On March 9, 2023, the Court issued an Order to Plaintiffs to show cause why the Drug Source Defendants should not be dismissed because certain Plaintiffs had reasserted claims in their individual complaints against previously dismissed "Drug Source Defendants"[1] and the docket reflects no attempts by the Plaintiffs to name or effectuate service of process on these defendants. ECF No. 3866.

The Plaintiffs responded to the Show Cause Order asserting that the statute of limitations has not commenced against the Drug Source Defendants because Plaintiffs cannot identify them. ECF No. 3867. Plaintiffs' response expresses a general concern that they are reliant upon information from the Defendants to avoid running afoul of the statute of limitations.  The Plaintiffs

---

[1] "UNKNOWN PHARMACIES #1-100, UNKNOWN PHARMACISTS #1-100, UNKNOWN DRUG SUPPLIERS #1-25; and JOHN DOES #1-25," (collectively "Drug Source Defendants").

request that the Court issue an order requiring the Defendants to (a) "file a formal notice informing Plaintiffs and the Court that no Drug Source Defendants currently exist; and (b) immediately inform Plaintiffs if and when any such Drug Source Defendants come into existence, similar to the way Defendants have been ordered to identify to Plaintiffs any successor Responsible Pharmacist/Policy Advisor." The Defendants have objected to the Plaintiffs' request. ECF No. 3869.

The Court finds the Plaintiffs' request, while understandable, is legally unwarranted. As noted by Plaintiffs in their Response, there is an outstanding order requiring the Plaintiffs to identify any successor Responsible Pharmacist/Policy Advisor. ECF No. 3738. Furthermore, the parties have an ongoing and continuous duty per Fed.R.Civ.P. 26(e)(1) to supplement their discovery disclosures and responses. The parties to this case have litigated it vigorously but in a spirit of cooperation and transparency. *See* ECF Nos. 2561, 2954, 2986. This has enabled the parties and the Court to present the Sixth Circuit and the Supreme Court with a clean and complete record. This level of professionalism is attributable to The Honorable Gregory Frost and to counsel, many of whom have had responsibility in the case long before it was referred to the undersigned. The Court expects the same level of professionalism to continue.

Because Plaintiffs' Response to the Show Cause Order was ambiguous about their position on the dismissal of the Drug Source Defendants without prejudice absent an Order compelling the Defendants to respond as requested, it is hereby ORDERED that the Plaintiffs file notice with the Court not later than April 24, 2023, stating whether they object to the dismissal of the Drug Source Defendants without prejudice. If Plaintiffs object to the dismissal, the grounds must be specifically stated. If Plaintiffs file an objection, Defendants may file a response within seven days.

IT IS SO ORDERED.

April 17, 2023.

s/ *Michael R. Merz*<br>
United States Magistrate Judge