# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| IN RE:  OHIO EXECUTION PROTOCOL LITIGATION | : | Case No. 2:11-cv-1016 |
| | | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Michael R. Merz |
| This document relates to: | | |
| Plaintiff Kareem Jackson | : | |

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This consolidated § 1983 method of execution case is before the Court on Petitioner's Objections (ECF No. 3875) to the Report and Recommendations of Magistrate Judge Michael R. Merz recommending that Causes of Action One, Thirteen, Fourteen, Twenty, Twenty-One, Twenty-Two, Twenty-Three, Twenty-Five, Twenty-Six, Twenty-Seven, Twenty-Nine, Thirty-Three, Thirty-Five, Thirty-Six, Thirty-Seven, Thirty-Eight, Thirty-Nine, Forty, Forty-One, Forty-Two, and Forty-Five be dismissed for failure to identify an alternative method of execution (the "Report," ECF No. 3855).  Plaintiff Kareem Jackson has objected to the Report (ECF No. 3875), the State Actor Defendants have responded to those Objections (ECF No. 3882), and District Judge Sargus has recommitted the matter for reconsideration by the Magistrate Judge (ECF No. 3883).

### I. Objection to the Diction in the Report and Recommendation

As an initial matter, the Magistrate Judge will address the section of Jackson's Objection which characterizes the Report and Recommendation as requiring him, "to affirmatively choose,

request, endorse, invite, or propose the alleged alternative, or concede the constitutional validity of the alleged alternative, or otherwise affirmatively request or desire to be executed using the alleged alternative." ECF No. 3875 at PageID 168470. The Report and Recommendation requires nothing more than that which has been imposed by the United States Supreme Court for method of execution claims. Jackson appears to be raising an issue that is not before the Court, namely the meaning and breadth of language used by the Supreme Court in *Nance v. Ward*, 142 S. Ct. 2214 (2022):

> [The plaintiff] must, we have said, present a "proposal" that is "sufficiently detailed" to show that an alternative method is both "feasible" and "readily implemented." In other words, he must make the case that the State really can put him to death, though in a different way than it plans. The substance of the claim, now more than ever, thus points toward § 1983. The prisoner is not challenging the death sentence itself; he is taking the validity of that sentence as a given. And he is providing the State with a veritable blueprint for carrying the death sentence out. If the inmate obtains his requested relief, it is because he has persuaded a court that the State could readily use his proposal to execute him. The court's order therefore does not, as required for habeas, "*necessarily* prevent" the State from carrying out its execution. Rather, the order gives the State a pathway forward.

*Id.* at 2222–2223.

Jackson's arguments about the meaning and intent of this language are out of place in his Objection. ECF No. 3875 at PageID 168469-168470. The issue the Court directed Jackson to address in response to the Order to Show Cause was whether his claims are subject to dismissal for failure to name an alternative method of execution per the *Baze-Glossip-Bucklew* framework. The role of the pleading requirement is not an issue before the Court at this time and Jackson's Objections to the Magistrate Judge's diction are superfluous.

## II. Cause of Action Fourteen

Jackson objects to the recommendation that Cause of Action Fourteen be dismissed on the grounds that it contradicts a previous Court Order, entered on September 17, 2021, ECF No. 3754. Jackson is incorrect. The Report acknowledges the Court's previous Order, which reinstated Cause of Action Fourteen based on Sixth Circuit precedent finding that allegations of deliberate indifference may support a substantive due process, "shock the conscience," claim. *Id.* at PageID 168106. However, as noted in the Report, the Court's previous Order did not address whether *Baze-Glossip-Bucklew* would apply to Fourteenth Amendment substantive due process claims. Thus, the Report does not contradict the Court's September 17, 2021, Order.

The Report explained why Jackson is required to plead an alternative execution method, relying on the reasoning employed by the Supreme Court in *Bucklew v. Precythe,* 587 U.S. ___, 139 S.Ct. 1112 (2019). Jackson's Objection argues that Cause of Action Fourteen should be treated differently because it alleges that the defendants are deliberately indifferent to the *risks* of inflicting severe pain and suffering. ECF No. 3875 PageID 168449. Jackson cites no authority for his argument.

Indeed, this Court's September 17, 2021, Order supports the recommendation that Jackson's specific "shock the conscience" method of execution claim requires a comparison to an alternative method:

> W]hen, for example, a prison official has 'time to make unhurried judgments,[with] the chance for repeated reflection, largely uncomplicated by the pulls of competing obligations [,]'[i]t is in these kinds of situations where we would expect plaintiffs asserting substantive due process claims based on deliberate indifference to be most successful. **Here, Defendants have had plenty of time for reflection and to make unhurried judgments and chose anyway to use midazolam as the initiatory drug in the execution cocktail.** In light of Guertin's making deliberate indifference a permissible basis for a substantive due process claim, the Court concludes that Claim Fourteen is sufficiently plausible to proceed to discovery.

3

ECF No. 3754 at Page ID 166028-166029. In other words, the conscience shocking behavior that was sufficient to sustain a substantive due process claim was the defendants' deliberative choice to use midazolam *over something else*.

The Supreme Court dedicates an extensive portion of the *Bucklew* opinion to discussing the history of the death penalty and the meaning of "cruel and unusual," seeking to determine "when a State has crossed the line?" *Bucklew*, 587 U.S. ___, 139 S. Ct. at 1123–1125. In answering the question, the Supreme Court set forth the requirement that "a prisoner must show a feasible and readily implemented alternative method of execution that would significantly reduce a substantial risk of severe pain and that the State has refused to adopt without a legitimate penological reason." *Id.* at 1125. It stands to reason, as explained in the Report, that when asking the question of whether the State has crossed the line into "shock the conscience" behavior by using a particular drug cocktail, the Supreme Court would also require a prisoner to show there was an available alternative method.

When it comes to substantive due process analysis in general, the Supreme Court has required this type of close examination of the circumstances of government decisions to determine conscience shocking behavior. "Deliberate indifference that shocks in one environment may not be so patently egregious in another, and our concern with preserving the constitutional proportions of substantive due process demands an exact analysis of circumstances before any abuse of power is condemned as conscience shocking." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998). Here, those circumstances would include available alternative(s) in order to judge whether the choices made by the Defendants amounted to an abuse of power.

4

### III. Causes of Action Thirteen and Twenty-Nine

Jackson's Objection asks the Court to narrow *Baze-Glossip-Bucklew* to an extent that is inconsistent with and unsupported by precedent. Specifically, Jackson contends that the requirement to plead an alternative method of execution applies *only* to allegations of Eighth Amendment violations based on "cruel" or "superadded" pain. Jackson argues that a distinction should be drawn for allegations of deliberate indifference because they involve "the state of mind of the state actors, not []the resultant effect or whether that effect is 'cruel' or 'superadded' in comparison to an alleged alternative." ECF No. 3875 at PageID 168461.

The Report explained that deliberate indifference is a theory of recovery under the Eighth Amendment and the Supreme Court has specifically required an alternative method to be pled for Eighth Amendment claims raised in method of execution cases. ECF No. 3855 at PageID 168111-168112. Jackson provides no authority to support his position that a deliberate indifference claim should be exempt from pleading an alternative method of execution. Indeed, a close reading of *Baze v. Rees*, 553 U.S. 35 (2008) and *Bucklew v. Precythe,* 587 U.S. ___, 139 S.Ct 1112 (2019) forecloses his argument.

As explained in the Report, *Farmer v. Brennan*, 511 U.S. 825 (1994), is the seminal United States Supreme Court opinion on Eighth Amendment, deliberate indifference claims. *Farmer* requires a successful deliberate indifference claim to prove an objective component (a substantial risk of serious harm to inmate health and safety) and a subjective component (an official knew of and disregarded the substantial risk). *Id.* at 834, 837.

In *Baze*, 553 U.S. 35, the Supreme Court explicitly adopted *Farmer's* objective component, "substantial risk of harm," to prove an Eighth Amendment method of execution claim:

> [P]etitioners' proposed "unnecessary risk" standard is rejected in favor of *Farmer*'s "substantial risk of serious harm" test. To

5

> effectively address such a substantial risk, a proffered alternative procedure must be feasible, readily implemented, and in fact significantly reduce a substantial risk of severe pain. A State's refusal to adopt such an alternative in the face of these documented advantages, without a legitimate penological justification for its current execution method, can be viewed as "cruel and unusual."

*Id.* Two members of the plurality in *Baze*, Justices Thomas and Scalia contended that an inmate must show that the State *intended* its method to inflict such pain. *See Glossip v. Gross*, 576 U.S. 863 (2015) (Thomas, J., concurring); *Bucklew v. Precythe*, 587 U.S. ___, 139 S. Ct. 1112 (2019) (citing, *Baze*, 553 U.S. at 94–107, (Thomas, J., concurring in judgment)). Nine years later in *Bucklew*, the Supreme Court declined to revisit whether intent to inflict pain was a necessary element of an Eighth Amendment claim, because "the State was entitled to summary judgment in this case **even under the more forgiving *Baze-Glossip* test**." *Id.* (emphasis added).

Jackson's argument that his Eighth Amendment deliberate indifference allegations are not subject to the *Baze-Glossip-Bucklew* pleading requirement are not supported by precedent. According to *Bucklew*, a different test has not been delineated for allegations that the state intended to inflict pain. *Bucklew* suggests that any such test would be *at least* as stringent as *Baze-Glossip-Bucklew*.

Jackson also argues that the Report "does not reach those parts of the Thirteenth and Twenty-Ninth Causes of Action that allege a risk of harm other than pain." ECF No. 3875 at PageID 168455. Jackson contends that the Defendants will be deliberately indifferent to medical needs that may arise during the execution, such as "suffocat[ion], painful heart attack, torturous physical pain and/or mental suffering and agony." *Id.* Jackson fails to identify any authority for his argument that articulating such a claim as deliberate indifference under the Eighth Amendment instead of cruel and unusual punishment means he can escape established precedent on method of execution claims.

6

### IV. Cause of Action Twenty-Five

Jackson argues that the Supreme Court has never required an alternative execution method to be pleaded for the specific type of pain alleged in Cause of Action Twenty-Five. However, as explained in the Report, the reasoning embodied in *Baze-Glossip-Bucklew* extends to all types of pain, however characterized, including the type of pain that flows from humiliation, disgrace, indignity, or spectacle. In *Bucklew*, the Supreme Court noted that the traditional definition of "cruel" included methods that intensified the death sentence by "superadding" terror, pain, or **disgrace**. *Bucklew*, 587 U.S. \_\_\_, 139 S. Ct. at 1112, 1123 (emphasis added).

The Supreme Court recounted the history of execution, listing various methods, like dragging the prisoner to the place of execution, disemboweling, quartering, public dissection, and burning alive. *Id.*

> Methods of execution like these readily qualified as "cruel and unusual," as a reader at the time of the Eighth Amendment's adoption would have understood those words. They were undoubtedly "cruel," a term often defined to mean "[p]leased with hurting others; inhuman; hard-hearted; void of pity; wanting compassion; savage; barbarous; unrelenting," [] or "[d]isposed to give pain to others, in body or mind; willing or pleased to torment, vex or afflict; inhuman; destitute of pity, compassion or kindness" …
>
> What does all this tell us about how the Eighth Amendment applies to methods of execution? For one thing, it tells us that the Eighth Amendment does not guarantee a prisoner a painless death—something that, of course, isn't guaranteed to many people, including most victims of capital crimes. Instead, what unites the punishments the Eighth Amendment was understood to forbid, and distinguishes them from those it was understood to allow, is that the former were long disused (unusual) forms of punishment that intensified the sentence of death with a (cruel) "'superadd[ition]'" of "'terror, pain, or disgrace.'"

*Id.* at 1123–1124.

The Supreme Court's analysis of the type of pain encompassed in "cruel and unusual" execution claims explicitly includes "terror, pain, or disgrace." Jackson's allegation that he will not be afforded a penalty "in accord with the dignity of man," (ECF No. 3875 at PageID 168464), fits squarely within the type of allegation that *Baze-Glossip-Bucklew* is intended to cover. Jackson's objection does not provide any authority or justifiable reason to alter the conclusion in the Report.

## CONCLUSION

It is therefore again respectfully recommended, in addition to the Causes of Action addressed in ECF No. 3883 and not included Jackson's Objection, that Causes of Action Thirteen, Fourteen, Twenty-Five, and Twenty-Nine be dismissed for failure to comply with the requirements of *Baze, Glossip* and *Bucklew.*

October 10, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>United States Magistrate Judge