IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| IN RE:  OHIO EXECUTION PROTOCOL LITIGATION | : | Case No. 2:11-cv-1016 |
| | : | District Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Michael R. Merz |
| This document relates to:<br> Kareem Jackson. | : | |

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON ORDER TO SHOW CAUSE

Judge Sargus has recommitted the matter for further consideration (ECF No. 3909) in light of Plaintiff, Kareem Jackson's Objections (ECF No. 3910) to the Supplemental Report and Recommendations (ECF No. 3904). Having considered the matter further, the undersigned remains unpersuaded that the prior Report (ECF No. 3883) is in error.  Accordingly, it is again respectfully recommended that Causes of Action Thirteen, Fourteen, Twenty-Five, and Twenty-Nine be dismissed.

The crux of Petitioner's argument is that the *Baze-Glossip-Bucklew* precedent does not require him to plead an alternative method of execution because he has pled Claim Fourteen as a Fourteenth Amendment substantive due process claim, Claims Thirteen and Twenty-Nine as deliberate indifference claims under the Eighth Amendment, and Claim Twenty-Five as non-physical pain under the Eighth Amendment. To be sure, the *Baze-Glossip-Bucklew* cases made it to the Supreme Court in a posture where the plaintiff asserted a "cruel and unusual punishment" Eighth Amendment claim. However, through this line of cases, the Supreme Court has clearly and

unambiguously required "method of execution" plaintiffs to plead an alternative method of execution. *Baze v. Rees*, 553 U.S. 35 (2008); *Glossip v. Gross*, 576 U.S. 863 (2015); *Bucklew v. Precythe*, 587 U.S. 119 (2019).

Petitioner's Objections to the Supplemental Report and Recommendations (ECF No. 3883) offer no new legal arguments why the *reasoning* of these United States Supreme Court cases should be ignored simply because he is seeking relief from his execution in a cause of action based on something other than the "cruel and unusual" clause of Eighth Amendment. Indeed, the Supreme Court has sent a very strong message with the *Baze-Glossip-Bucklew* line of cases that it intends for method-of-execution plaintiffs to plead an alternative method. This message cuts strongly against the exceptions Petitioner seeks this Court to carve out.

It is therefore again respectfully recommended, in addition to the Causes of Action addressed in ECF No. 3883 and not included in Jackson's Objection, that Causes of Action Thirteen, Fourteen, Twenty-Five, and Twenty-Nine be dismissed for failure to comply with the requirements of *Baze, Glossip* and *Bucklew*.

April 25, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *United States v. Walters*, 638 F.2d 947, 949-50 (6th

Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

s/ *Michael R. Merz*
United States Magistrate Judge